UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, On Behalf of Herself and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.<br><br>                      Defendants. | Case No. 04 cv 10294 (DPW) |

THIS DOCUMENT RELATES TO CASE NOS.:
04 cv 10307; 04 cv 10308; 04 cv 10309;
04 cv 10310; 04 cv 10329; 04 cv 10333;
04 cv 10345; 04 cv 10346; 04 cv 10359;
04 cv 10362; 04 cv 10363; 04 cv 10364;
04 cv 10382; 04 cv 10383; 04 cv 10384;
04 cv 10454; 04 cv 10576; 04 cv 10597;
04 cv 10612; 04 cv 10623; 04 cv 10714;
04 cv 10314 (MLW); 04 cv 11315 (MLW)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
CHRIS E. PATERICK FOR CONSOLIDATION, APPOINTMENT OF LEAD
PLAINTIFF AND FOR APPROVAL OF SELECTION OF CLASS COUNSEL**

**PRELIMINARY STATEMENT**

Movant Chris E. Paterick ("Paterick") respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. 42(a) and § 78u-4(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act (the "PSLRA"), for an order (a) consolidating the above-captioned securities fraud class actions and any subsequently filed related actions; (b) appointing Paterick as Lead Plaintiff in this action; and (c) approving Movant's selection of Wolf Popper LLP as Lead Class Counsel and Shapiro Haber & Urmy, LLP as Liaison Class Counsel in the consolidated action.

As set forth in the Certification[1] of Paterick, and as demonstrated in the analysis of his stock trading, attached as Exhibit 2 to the Finkel Decl., Paterick incurred a loss of approximately $30,440.00 on transactions in Sonus securities during the Class Period (defined below), has the largest financial interest in the relief sought by the Class, and should be appointed lead plaintiff.

**INTRODUCTION**

Movant is aware of at least twenty-four (24) related securities fraud class actions pending in this Court (the "Actions"), the first of which was filed on February 12, 2004 on behalf of Deborah Chin (the "Chin Action"), brought on behalf of all persons or entities who purchased or otherwise acquired the securities of Sonus Networks, Inc. ("Sonus" or the "Company") from

---

[1] The certification of Paterick is annexed as Exhibit 1 to the Declaration of Robert C. Finkel in Support of the Motion for Consolidation, Appointment of Paterick as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (the "Finkel Decl.").

June 5, 2003 through February 11, 2004 (the "Class Period").[2]

Plaintiffs allege that during the Class Period defendants made materially false and misleading statements that artificially inflated the price of Sonus common stock in violation of Sections 10(b) and 20(a) of the Exchange Act, as well as the rules and regulations promulgated thereunder by the Securities and Exchange Commission ("SEC").

In class actions filed under the foregoing provisions of the federal securities laws, the PSLRA requires that a person or group of persons seeking to serve as Lead Plaintiff must satisfy certain procedural prerequisites and must also constitute the "most adequate representative" of the prospective class. As set forth below, Paterick amply satisfies all of the criteria for selection as Lead Plaintiff, including the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Paterick should be appointed Lead Plaintiff.

Movant also respectfully requests that the Court approve the selection of counsel in accordance with the PSLRA. Paterick has chosen Wolf Popper LLP to serve as Lead Counsel for the Class and Shapiro Haber & Umry LLP to serve as Liaison Counsel for the Class. Both firms have extensive experience in securities class action litigation and are well-qualified to represent the interests of all Class members. See Finkel Decl., Exhs. 3 and 4.

## STATEMENT OF FACTS

Plaintiffs allege in the Actions that during the Class Period defendants made material misrepresentations and non-disclosures of material fact to the investing public concerning Sonus' financial results and performance by improperly recognizing revenue in contravention of

---

[2] Although the class periods and defendants in these similar actions do not precisely coincide, any such minor differences will be resolved through the filing of a consolidated amended complaint.

Doc#: 141312 Ver#:1 3094:877

generally accepted accounting principles and the Company's revenue recognition policy. The complaints allege that defendants knew that by making these misleading statements, they would artificially inflate the value of the Company's securities and were motivated to maintain this artificial inflation in order to raise additional cash proceeds for the Company.

The true facts were first revealed after the close of the securities market on February 11, 2004 when Sonus shocked financial market participants by announcing that it had discovered improper revenue recognition practices which could affect, at least, its 2003 financial statements. In reaction to the foregoing disclosure, on February 12, 2004, Sonus' shares fell to $5.02 per share, a decline of 24.9% or $1.67 per share from their February 11, 2004 closing price.

The extent of the Company's misconduct was further revealed on March 29, 2004 when Sonus announced a delay in the filing of its amended annual report for the fiscal year ended December 31, 2003 and that it expected to restate its financial results from 2002 and the first three quarters of 2003 and was considering expanding its ongoing accounting review to prior periods. On April 6, 2003, the Company announced that, in fact, it would further expand its review to include additional prior periods.

Sonus was motivated to make materially false and misleading statements during the Class Period, among other things, to raise $131 million by selling to the public 17 million shares of common stock at a price per share of $7.75. Company insiders were similarly motivated to sell over 250,000 shares of their own Sonus stock during the Class Period for total consideration of approximately $2,000,000.

/ / / /

/ / / /

## ARGUMENT

**1. THE TWENTY-FOUR RELATED ACTIONS PENDING IN THIS COURT SHOULD BE CONSOLIDATED PURSUANT TO FED. R. CIV. P. 42(a)**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. Section 21(D)(a)(3)(B) of the PSLRA contemplates the consolidation of multiple actions "asserting substantially the same claim or claims."

Consolidation for all the claims filed under the federal securities laws is particularly appropriate here. All of the Actions are based on substantially similar factual allegations and make substantially similar legal claims. As a result, consolidation will serve to avoid duplicative discovery, motion practice and other proceedings.

**II. PATERICK SHOULD BE APPOINTED LEAD PLAINTIFF**

**A. Paterick Is The "Most Adequate Plaintiff"**

The PSLRA requires the appointment of a Lead Plaintiff who the court determines is most capable of adequately representing the interests of class members. PSLRA § 21D(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B). Under the PSLRA, such person is referred to as the "most adequate plaintiff." Id.

The statute dictates that courts must presume that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

PSLRA § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant is entitled to this

presumption and is demonstrably the most adequate plaintiff.

### 1. Paterick Has Filed A Timely Motion for Appointment of Lead Plaintiff

Plaintiffs who commence securities class actions must publish a notice to the class, within twenty days of filing the action, informing class members of the pendency of the action and their right to file a motion for appointment as Lead Plaintiff. See PSLRA § 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after that publication of notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff. Id.

On February 12, 2004, the initial notice of the pendency of the Chin Action, was distributed through the PR Newswire. A copy of the PR Newswire notice is attached as Exhibit 5 to the Finkel Decl. Movant's motion, which is being submitted to this Court by April 12, 2004, is timely because it is being made within sixty days after publication of the initial notice of the first filed action in this case. The Paterick motion is supported by a Certification attesting to his willingness to serve as Lead Plaintiff in the Actions, his willingness to provide testimony at deposition and trial, and by listing his transactions in Sonus common stock during the Class Period.

### 2. Paterick Has The Largest Financial Interest

The second prong of the test for the "most adequate plaintiff" requires the proposed Lead Plaintiff to demonstrate that he or she has the largest financial interest in the relief sought by the Class. In determining which movant has the largest financial interest the Court should examine "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses

suffered by the plaintiffs." In re Cendant Corp. Sec. Litig., 264 F.3d 201, 262 (3rd Cir. 2001). Pursuant to the foregoing criteria, Paterick believes that he has the largest financial interest in the relief sought by the Class.

Paterick acquired 7000 shares of Sonus common stock during the Class Period, and has sustained a loss of approximately $30,440.00 in connection therewith. A chart quantifying Paterick's loss is attached as Exhibit 2 to the Finkel Decl.

### 3. Movant Satisfies Rule 23

In addition to the aforementioned requirements, PSLRA § 21D(a)(3)(B)(iii)(I)(cc) dictates that the proposed Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." For purposes of a motion for appointment of lead plaintiff, a movant need only make a preliminary showing that he or she satisfies Rule 23. See Greebel v. FTP Software, Inc., 939 F. Supp. 57, 64 (D. Mass. 1996) (requiring only a prima facie showing of the satisfaction of Rule 23).

Of the prerequisites to class certification set forth in Rule 23, only the typicality and adequacy prongs are implicated in any consideration of the "most adequate plaintiff." This is clear from Section 21D(a)(3)(B)(iii)(II), which provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that this individual or group:

> (aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Accord In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a. Paterick Fulfills The Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied when each class member's claims

arise from the same course of events and each class member makes similar arguments to prove the defendants' liability.  In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed, 506 U.S. 1088 (1993).

Paterick seeks to represent a Class of persons who traded in Sonus securities during the Class Period and were damaged thereby.  Movant satisfies the typicality requirements because he: (i) invested in Sonus stock during the Class Period at prices that were artificially inflated as a result of the materially false and misleading statements caused to be issued by the defendants; and (ii) suffered damages thereby.  Thus typicality is satisfied since the claims asserted by Movant arise "from the same event or course of conduct that give rise to claims of other class members and the claims are based on the same legal theory."  Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

### b.    Movants Fulfill The Adequacy Requirement

Section 21D of the PSLRA directs the Court to limit its inquiry under the adequacy prong to the existence of any conflicts between the interests of the proposed representative and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the class, "subject to the approval of the court."  See § 21D(a)(3)(B)(v) of the Exchange Act.

Here, the interests of Paterick are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between his interests and the interests of the Class.  Paterick shares virtually identical questions of law and fact with the members of the Class, and his claims are typical of the claims of other Class members as he is the victim of the same fraud as all other Class members.  To further his own interests, Paterick will necessarily have to advance the interests of the Class.  Moreover, Paterick has already demonstrated his

interest in pursuing the actions on behalf of the Class by signing a certification attesting to his willingness to assume the responsibilities of class representative and by retaining counsel experienced in complex class litigation. These facts amply demonstrate that Paterick will adequately represent the interests of Class members.

### III.  THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. See Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless "necessary to protect the interest of the plaintiff class." See Statement of Managers -- The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995). The proposed Lead Plaintiff has selected Wolf Popper LLP to serve as Lead Counsel and Shapiro Haber & Urmy, LLP to serve as Liaison Counsel. Wolf Popper LLP and Shapiro Haber have been highly successful in prosecuting securities fraud class action litigation, as outlined in their firms' resumes annexed as Exhibits 3 and 4 to the Finkel Decl.

Wolf Popper and Shapiro Haber have successfully prosecuted a great number of securities class actions in this Court. See In re Indigo N.V. Securities Litigation, 96-MD-1111 WGY, In re Picturetel Securities Litigation, 97-12135-DPW, Chalverus v. Pegasystems, 97-12570-WGY, In re Websecure Securities Litigation, 97-10662-GAO. The Court may be assured that by granting this motion, the members of the Class will receive the highest caliber legal representation available.

## CONCLUSION

For all of the foregoing reasons, Movant Paterick respectfully requests that his motion for consolidation and appointment as Lead Plaintiff be granted and his counsel be approved as Lead and Liaison Counsel for the Class.

Dated   April 12, 2004

Respectfully submitted,

**SHAPIRO HABER & URMY, LLP**

**/s/Theodore M. Hess-Mahan**
Thomas G. Shapiro (BBO #454680)
Theodore M. Hess-Mahan (BBO #557109)
75 State Street
Boston, MA 021109
(617) 439-3939

Proposed Liaison Counsel for the Class

**WOLF POPPER LLP**
Marion P. Rosner
Michael A. Schwartz
Renee L. Karalian
845 Third Avenue
New York, New York 10022
Tel.:   (212) 759-4600
Fax:   (212) 486-2093
Proposed Lead Counsel for the Class