**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEBORAH CHIN, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, )<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10294 (DPW) |
| MICHELLE TREBITSCH, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, )<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10307 (DPW) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**THE FARHAT PLAINTIFF GROUP TO CONSOLIDATE ACTIONS,**
**TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD**
**PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| INFORMATION DYNAMICS LLC, on behalf of itself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, and STEPHEN J. NILL, )<br>)<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10308 (DPW) |
| PETER KALTMAN, on behalf of himself and all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., RUBIN GRUBER, HASSAN AHMED, and STEPHEN NILL, )<br>)<br>)<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10309 (DPW) |
| SAMANTHA DEN, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, )<br>)<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10310 (DPW) |

[Captions continued on next page]

| | |
|---|---|
| RICHARD CURTIS, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>        v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:04-CV-10314 (MLW)<br>)<br>)<br>)<br>)<br>)<br>) |
| RONALD KASSOVER, on behalf of the Ronald Kassover IRA and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>        v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:04-CV-10329 (DPW)<br>)<br>)<br>)<br>)<br>)<br>) |
| STEVE L. BAKER, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>        v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:04-CV-10333 (DPW)<br>)<br>)<br>)<br>)<br>) |

[Captions continued on next page]

| | |
|---|---|
| MICHAEL KAFFEE, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, )<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10345 (DPW) |
| HAIMING HU, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, )<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10346 (DPW) |
| CHARLES STARBUCK, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, )<br>)<br>Defendants. ) | Civil Action No. 1:04-CV-10362 (DPW) |

[Captions continued on next page]

| | |
|---|---|
| SANUEL HO, individually and on behalf of all others similarly situated,              )<br>)<br>)<br>Plaintiff,    )<br>)<br>v.                                                       )<br>)<br>SONUS NETWORKS, INC., HASSAN    )<br>AHMED, and STEPHEN NILL,           )<br>)<br>Defendants.    ) | Civil Action No.  1:04-CV-10363 (DPW) |
| JEFFREY C. RODRIGUES, individually and on behalf of all others similarly situated,            )<br>)<br>)<br>)<br>Plaintiff,    )<br>)<br>v.                                                       )<br>)<br>SONUS NETWORKS, INC., HASSAN M.  )<br>AHMED, and STEPHEN J. NILL,        )<br>)<br>Defendants.    ) | Civil Action No.  1:04-CV-10364 (DPW) |
| ROBERT CONTE and MARK RESPLER, )<br>individually and on behalf of all others    )<br>similarly situated,          )<br>)<br>Plaintiff,    )<br>)<br>v.                                                       )<br>)<br>SONUS NETWORKS, INC., HASSAN    )<br>AHMED, and STEPHEN NILL,           )<br>)<br>Defendants.    ) | Civil Action No.  1:04-CV-10382 (DPW) |

[Captions continued on next page]

| | | |
|---|---|---|
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING PLAN, on behalf of itself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:04-CV-10383 (DPW) |
| v. | ) ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) | |
| BRIAN CLARK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10454 (DPW) |
| SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) ) ) ) | |
| Defendants. | ) | |
| SHEILA BROWNWELL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10597 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

| | |
|---|---|
| SAVERIO PUGLIESE, on behalf of himself and all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SONUS NETWORKS, INC., HASSAN M. )<br>AHMED, and STEPHEN J. NILL,  )<br>)<br>Defendants.  ) | Civil Action No.  1:04-CV-10612 (DPW) |
| DAVID V. NOCITO, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SONUS NETWORKS, INC., HASSAN M. )<br>AHMED, and STEPHEN J. NILL,  )<br>)<br>Defendants.  ) | Civil Action No.  1:04-CV-10623 (DPW) |
| JONATHAN A. ZALAUF, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SONUS NETWORKS, INC., HASSAN AHMED, Ph.D., and STEPHEN NILL,  )<br>)<br>Defendants.  ) | Civil Action No.  1:04-CV-10714 (DPW) |

**PRELIMINARY STATEMENT**

Sonus Networks, Inc. investors Nakid M. Farhat, Kenneth W. McGaha, John Haggins and Patrick Fung (collectively, the "Farhat Plaintiff Group" or "Movants") have losses totaling approximately $731,006 as a result of their investments in Sonus Networks, Inc. ("Sonus" or the "Company"). Accordingly, Movants are believed to have suffered the largest financial loss of any other movant and, as such, have the largest financial interest in the outcome of this litigation. As the most adequate plaintiffs, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movants hereby move for their appointment as lead plaintiffs of a proposed class of persons or entities who purchased or acquired the securities of Sonus between May 12, 2003 and March 26, 2004, inclusive[1] (the "Class Period").

**INTRODUCTION**

The above-captioned actions (collectively, the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

Movants, with losses of approximately $731,006, in connection with their purchases of Sonus securities during the Class Period, are suitable and adequate to serve as lead plaintiffs.[2] Furthermore, Movants have submitted their certifications demonstrating their desire to serve as

---

[1] See Check Decl. at Exhibit C.

[2] The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

lead plaintiffs in this action and their understanding of the attendant duties and obligations of serving as such. See Check Decl. at Exhibit A. Additionally, Movants have submitted a joint declaration stating that as a group Movants have implemented procedures to provide for the efficient prosecution of this action. See Check Decl. at Exhibit E. Movants' losses represent the largest known financial losses of any Class member(s) seeking to be appointed as lead plaintiff. See Check Decl. at Exhibit D.[3] Movants are not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that sustained greater financial losses. In addition, Movants satisfy each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, are qualified for appointment as lead plaintiffs in these actions. Thus, as demonstrated herein, Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs.

Movants respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Farhat Plaintiff Group to serve as lead plaintiffs pursuant to the Exchange Act; (3) approving the Farhat Plaintiff Group's selection of Schiffrin & Barroway, LLP and Goodkind Labaton Rudoff & Sucharow, LLP to serve as lead counsel for the Class; and (4) approving the Farhat Plaintiff Group's selection of Shapiro Haber & Urmy, LLP to serve as liaison counsel for the Class.

---

[3] The Farhat Plaintiff Group's sworn certifications documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Darren J. Check In Support Of Motion Of The Farhat Plaintiff Group To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel and Liaison Counsel (the "Check Decl.").

**PROCEDURAL BACKGROUND**

The first of the Related Actions was commenced in this jurisdiction on or about February 12, 2004. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 12, 2004, the first notice that a class action had been initiated against defendants was published on a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than April 12, 2004. See Check Decl. at Exhibit B.

Movants are class members (see Check Decl. at Exhibit A) and are filing this motion within the 60 day period following publication of the February 12, 2004 notice pursuant to Section 21D of the PSLRA.

**STATEMENT OF FACTS**[4]

Sonus Networks, Inc. is a Delaware corporation with its principal executive offices located in Westford, Massachusetts. Sonus is a provider of packet voice infrastructure solutions for wireline and wireless service providers.

Throughout the Class Period, defendants failed to disclose that Sonus had improperly and untimely recognized revenue on certain of the Company's customer transactions. In doing so, Sounus violated the Generall Accepted Accounting Priciples ("GAAP") and its own internal policies regarding the timing of revenue recognition. As a result, Sonus' revenues, net income and earnings per share were materially false and misleading.

On January 20, 2004, Sonus announced it would postpone the release of its fourth quarter and full year 2003 financial results pending the completion of its 2003 audit. Subsequently, on

---

[4] These facts were derived from the allegations contained in the class action styled as *Chin v. Sonus Networks, Inc, et al.,* Civil Action No. 1:04-CV-10294 (DPW).

February 11, 2004, after the close of the markets, Sonus announced it had identified certain issues, practices and actions of certain employees relating to both the timing of revenue recognized from certain customer transactions and to certain financial accounts, which may affect the Company's 2003 financial statements and possibly financial statements for prior periods. Sonus, further stated it was reassessing the proper periods in which revenue should be recognized for the transactions in question. The next morning, in reaction to the aforementioned news, Sonus' stock fell as much as 24.9% to as low as $5.02 per share.

## ARGUMENT

**I.	THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Sonus securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Sonus securities who purchased in reliance of the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

**II.	THE FARHAT PLAINTIFF GROUP SHOULD
BE APPOINTED LEAD PLAINTIFFS**

**A.	The Farhat Plaintiff Group Has Satisfied
The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C.

§ 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice, on *PR Newswire,* on February 12, 2004. See Check Decl. at Exhibit B.[5] This notice indicated that applications for appointment as lead plaintiff were to be made no later than April 12, 2004.

Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

> B.  The Farhat Plaintiff Group
>     Constitutes The "Most Adequate Plaintiff"

According to the PSLRA, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa)  has either filed the complaint or made a motion in response to

---

[5]   *PR Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See generally In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6,1997).

> a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).  See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist. LEXIS 11866, at *7.

In applying this presumption, Movants are demonstrably the most adequate plaintiffs. They have timely filed their motion to be appointed lead plaintiff along with their certifications attesting to their transactions in Sonus securities during the Class Period.  See Check Decl. at Exhibit A.  In addition, the Movants, with losses totaling approximately $731,006 as a result of their Class Period purchases of Sonus securities, have the largest known financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff. See Check Decl. at Exhibit D.  Indeed, the losses sustained by Movants are believed to be representative of the largest financial interest in this action.  Moreover, Movants have selected and retained competent and experienced counsel to represent themselves and the Class.  See Check Decl. at Exhibits F, G and H.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and respectfully submits that their application for appointment as lead plaintiffs and their selection of lead counsel and liaison counsel should be approved by the Court.

> **1.      The Farhat Plaintiff Group Has Made
> A Motion For Their Appointment As Lead Plaintiffs**

Pursuant to the provisions of the PSLRA and within the requisite time frame after

publication of the notice, Movants timely move this Court to be appointed lead plaintiffs on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2. The Farhat Plaintiff Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class and accordingly, are presumed to be the "most adequate plaintiff."

### 3. The Farhat Plaintiff Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist.

LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866, at *20.  As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

### a. The Farhat Plaintiff Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985).  However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality.  Instead, Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111, *13-14 (N.D. Ill. October 28, 1996).

Movants seek to represent a class of purchasers of Sonus securities which have identical, non-competing and non-conflicting interests.  Movants satisfy the typicality requirement because, just like all other class members, they: (1) purchased or acquired Sonus securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby.  Thus, Movants'

claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.[6]

### b. The Farhat Plaintiff Group Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movants to: (1) whether there are any conflicts between the interests of the Movants and the members of the Class; (2) whether the Movants are adequate representatives of the Class; (3) whether the interests of the Movants are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. As detailed above, Movants share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, Movants already have taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed certifications detailing their Class Period transactions and expressing their willingness to serve as lead plaintiffs; they have moved this Court to be appointed as lead plaintiffs in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25. Furthermore, Movants have the largest known financial interest so that their "financial stake in the litigation provides an adequate

---

[6] The members of the Farhat Plaintiff Group have claims that are typical of those of other class members. Nakid M. Farhat, a music store owner; Kenneth W. McGaha, a retired police officer; Patrick Fung, a real estate property manager; and John Haggins, a semi-retired entrepreneur, each conduct their own research and manage their own investments. Among them, they have many years of experience investing in the market and are dedicated to the joint prosecution of this action.

incentive for the [Movants] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416.  Thus, Movants, in addition to having the largest financial interest, also prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and therefore, satisfy all elements of the Exchange Act's prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### III. THE COURT SHOULD APPROVE THE FARHAT PLAINTIFF GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the Class.  In that regard, Movants have selected and retained Schiffrin & Barroway, LLP and Goodkind Labaton Rudoff & Sucharow, LLP to serve as lead counsel for the Class and Shapiro Haber & Urmy, LLP to serve as liaison counsel for the Class.  These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Check Decl. at Exhibits F, G and H.

Because there is nothing to suggest that the Movants or their counsel will not fairly and adequately represent the Class, or that the Movants are subject to unique defenses -- which is the only evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint the Farhat Plaintiff Group as lead plaintiffs and approve their selection of Schiffrin & Barroway, LLP and Goodkind Labaton Rudoff & Sucharow, LLP as lead counsel for the Class and Shapiro Haber & Urmy, LLP as liaison counsel for the Class.

**CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Farhat Plaintiff Group as lead plaintiffs; (c) approve Schiffrin & Barroway, LLP and Goodkind Labaton Rudoff & Sucharow, LLP as lead counsel for the Class; and (d) approve Shapiro Haber & Urmy, LLP as liaison counsel for the Class.

Dated: April 12, 2004

Respectfully submitted,

**SHAPIRO HABER & URMY, LLP**

**/s/Theodore M. Hess-Mahan**
Theodore Hess-Mahan BBO #557109
75 State Street
Boston, MA 02109
Telephone:   (617) 439-3939
Facsimile:   (617) 439-0134

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:   (610) 667-7706
Facsimile:   (610) 667-7056

**GOODKIND LABATON RUDOFF
 & SUCHAROW, LLP**
Jonathan M. Plasse
Christopher J. Keller
100 Park Avenue
New York, NY 10017
Telephone:   (212) 907-0700
Facsimile:    (212) 818-0477

**Proposed Lead Counsel**