# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH CHIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10294 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) | |
| MICHELLE TREBITSCH, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10307 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

**DECLARATION OF DARREN J. CHECK IN SUPPORT OF MOTION OF
THE FARHAT PLAINTIFF GROUP TO CONSOLIDATE ACTIONS,
TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF
LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| INFORMATION DYNAMICS LLC, on behalf of itself and all others similarly situated,        )<br>)<br>)<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>SONUS NETWORKS, INC., PAUL R. )<br>JONES, EDWARD N. HARRIS, J. )<br>MICHAEL O'HARA, HASSAN M. )<br>AHMED, and STEPHEN J. NILL, )<br>)<br>Defendants.   ) | Civil Action No. 1:04-CV-10308 (DPW) |

INFORMATION DYNAMICS LLC, on
behalf of itself and all others similarly
situated,

              Plaintiff,

          v.

SONUS NETWORKS, INC., PAUL R.
JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M.
AHMED, and STEPHEN J. NILL,

              Defendants.

Civil Action No. 1:04-CV-10308 (DPW)

_____

PETER KALTMAN, on behalf of himself
and all others similarly situated,

              Plaintiff,

          v.

SONUS NETWORKS, INC., RUBIN
GRUBER, HASSAN AHMED, and
STEPHEN NILL,

              Defendants.

Civil Action No. 1:04-CV-10309 (DPW)

_____

SAMANTHA DEN, individually and on
behalf of all others similarly situated,

              Plaintiff,

          v.

SONUS NETWORKS, INC., HASSAN M.
AHMED, and STEPHEN J. NILL,

              Defendants.

Civil Action No. 1:04-CV-10310 (DPW)

[Captions continued on next page]

RICHARD CURTIS, individually and on
behalf of all others similarly situated,    )
    )
    )
            Plaintiff,    )
    )
        v.    )    Civil Action No.  1:04-CV-10314 (MLW)
    )
SONUS NETWORKS, INC., HASSAN M.  )
AHMED, and STEPHEN J. NILL,    )
    )
            Defendants.    )

RONALD KASSOVER, on behalf of the    )
Ronald Kassover IRA and on behalf of all    )
others similarly situated,    )
    )
            Plaintiff,    )
    )    Civil Action No.  1:04-CV-10329 (DPW)
        v.    )
    )
SONUS NETWORKS, INC., HASSAN M.  )
AHMED, and STEPHEN J. NILL,    )
    )
            Defendants.    )

STEVE L. BAKER, individually and on    )
behalf of all others similarly situated,    )
    )
            Plaintiff,    )
    )
        v.    )    Civil Action No.  1:04-CV-10333 (DPW)
    )
SONUS NETWORKS, INC., HASSAN    )
AHMED, and STEPHEN NILL,    )
    )
            Defendants.    )

[Captions continued on next page]

| | |
|---|---|
| MICHAEL KAFFEE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>Defendants. | Civil Action No. 1:04-CV-10345 (DPW) |
| HAIMING HU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>Defendants. | Civil Action No. 1:04-CV-10346 (DPW) |
| CHARLES STARBUCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>Defendants. | Civil Action No. 1:04-CV-10362 (DPW) |

[Captions continued on next page]

SANUEL HO, individually and on behalf ) 
of all others similarly situated, )

                                       Plaintiff, )

                      v. )       Civil Action No.  1:04-CV-10363 (DPW)

SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )

                           Defendants. )

---

JEFFREY C. RODRIGUES, individually )
and on behalf of all others similarly )
situated, )

                                        Plaintiff, )

                     )       Civil Action No.  1:04-CV-10364 (DPW)
                      v. )

SONUS NETWORKS, INC., HASSAN M. )
AHMED, and STEPHEN J. NILL, )

                           Defendants. )

---

ROBERT CONTE and MARK RESPLER, )
individually and on behalf of all others )
similarly situated, )

                                        Plaintiff, )

                     )       Civil Action No.  1:04-CV-10382 (DPW)
                      v. )

SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )

                           Defendants. )

[Captions continued on next page]

| | | |
|---|---|---|
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING PLAN, on behalf of itself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:04-CV-10383 (DPW) |
| v. | ) ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) | |
| BRIAN CLARK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10454 (DPW) |
| SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) ) ) | |
| Defendants. | ) | |
| SHEILA BROWNWELL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10597 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

SAVERIO PUGLIESE, on behalf of            )
himself and all others similarly situated,  )
                                          )
              Plaintiff,                   )
                                          )
       v.                                 )      Civil Action No.  1:04-CV-10612 (DPW)
                                          )
SONUS NETWORKS, INC., HASSAN M.  )
AHMED, and STEPHEN J. NILL,          )
                                          )
              Defendants.               )

DAVID V. NOCITO, individually and on  )
behalf of all others similarly situated,  )
                                          )
              Plaintiff,                   )
                                          )
       v.                                 )      Civil Action No.  1:04-CV-10623 (DPW)
                                          )
SONUS NETWORKS, INC., HASSAN M.  )
AHMED, and STEPHEN J. NILL,          )
                                          )
              Defendants.               )

JONATHAN A. ZALAUF, individually     )
and on behalf of all others similarly     )
situated,                                 )
                                          )
              Plaintiff,                   )
                                          )      Civil Action No.  1:04-CV-10714 (DPW)
       v.                                 )
                                          )
SONUS NETWORKS, INC., HASSAN       )
AHMED, Ph.D., and STEPHEN NILL,      )
                                          )
              Defendants.               )

Darren J. Check, declares under penalty of perjury this day of March, 2004:

1.      I am an attorney at the law firm of Schiffrin & Barroway, LLP.  I submit this declaration in support of the motion of Nakid M. Farhat, Kenneth W. McGaha, John Haggins and Patrick Fung (collectively, the "Farhat Plaintiff Group") to consolidate actions, for the appointment of lead plaintiffs and for approval of lead plaintiffs' selection of lead counsel and liaison counsel.

2.      Attached hereto as Exhibit A are true and correct copies of the signed certifications of class members the Farhat Plaintiff Group pursuant to the requirements of the Private Securities Litigation Reform Act of 1995.  15 U.S.C. § 78u-4(a)(2).

3.      Attached hereto as Exhibit B is a true and correct copy of the notice to class members concerning the first-filed of the above-captioned actions that was published on February 12, 2004 on *PR Newswire*, advising the public of the pendency of a class action filed on behalf of shareholders of Sonus Networks, Inc. ("Sonus").

4.      Attached hereto as Exhibit C is a true and correct copy of the notice to class members that was published on April 2, 2004 on *PR Newswire*, advising the public of the pendency of a class action filed on behalf of shareholders of Sonus for the class period of May 12, 2003 through March 26, 2004.

5.      Attached hereto as Exhibit D is a true and correct copy of a chart of the Farhat Plaintiff Group's transactions in Sonus securities and approximate losses.

6.      Attached hereto as Exhibit E is a of the Joint Declaration In Support of the Farhat Plaintiff Group's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs and For Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel.

7.      Attached hereto as Exhibit F is a true and correct copy of the firm biography for

Schiffrin & Barroway, LLP, one of the law firm seeking the Court's approval as lead counsel.

      8.     Attached hereto as Exhibit G is a true and correct copy of the firm biography for Goodkind Labaton Rudoff & Sucharow, LLP, one of the law firms seeking the Court's approval as lead counsel.

      8.     Attached hereto as Exhibit H is a true and correct copy of the firm biography for Shapiro Haber & Urmy, LLP, the law firm seeking the Court's approval as liaison counsel.

     I hereby declare under penalty of perjury that the foregoing is true and correct.

                                 DARREN J. CHECK

# EXHIBIT A

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, (print name) _NAKID·M·FARHAT_ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the Complaint and authorizes its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transaction(s) in the Sonus Networks, Inc. (Nasdaq: SONS) security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 20,000 | Buy | 01/27/2004 | 9.03 |
| 15,000 | Buy | 01/28/2004 | 8.94 |
| 9,000 | Buy | 02/3/2004 | 8.12 |
| 20,000 | Buy | 2/10/2004 | 7.60 |

[1]List additional transactions on a separate sheet of paper, if necessary.

5.    Plaintiff has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring a suit to recover for investment losses.

6.    During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party of a class in the following actions filed under the federal securities laws (if none, so indicate):_____;

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _23_ day of _Feb_, 2004.

_____
Signature

_Nakid·M. Farhat_
Print Name

| No. of shares | Buy//sell | Date | Price per share |
|---|---|---|---|
| 40,000.00 | Sell | 2/10/2004 | 7.50 |
| 14,000.00 | Buy | 2/11/2004 | 7.10 |
| 30,000.00 | Buy | 2/11/2004 | 6.5 |
| 20,000.00 | Sold | 2/12/2004 | 5.11 |
| 20,000.00 | Sold | 2/12/2004 | 5.05 |
| 2000.00 | Sold | 2/12/2004 | 5.30 |
| 16,000.00 | Sold | 2/12/2004 | 5.25 |
| 8000.00 | Sold | 2/12/2004 | 5.27 |

## CERTIFICATION OF NAMED PLAINTIFF
### PURSUANT TO FEDERAL SECURITIES LAWS

I, (print name) KENNETH WAYNE McGAHA ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the Complaint and authorizes its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transaction(s) in the **Sonus Networks, Inc. (Nasdaq: SONS)** security that is the subject of this action  during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| SEE ATTACHED |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

[1]List additional transactions on a separate sheet of paper, if necessary.

5.    Plaintiff has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring a suit to recover for investment losses.

6.    During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class  in the following actions filed under the federal securities laws (if none, so indicate):  _____0_____ .

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  8  day of  APRIL _____ , 200 4

_____
Signature

KENNETH W. McGAHA
Print Name

**JOANNE HICKMAN**
NOTARY PUBLIC of NEW JERSEY
My Commission Expires Aug. 13, 2007

| Date | Purchase or Sale | Number of Securities | Type of Securities | Price of Securities |
|------|------------------|----------------------|--------------------|--------------------|
| 10/15/2003 | Purchase | 200 | Com Stk | 8.8300 |
| 10/15/2003 | Purchase | 57 | Com Stk | 8.7700 |
| 10/15/2003 | Purchase | 500 | Com Stk | 8.7700 |
| 10/30/2003 | Purchase | 400 | Com Stk | 8.5799 |
| 10/30/2003 | Purchase | 500 | Com Stk | 8.5500 |
| 10/30/2003 | Purchase | 700 | Com Stk | 8.5500 |
| 10/30/2003 | Purchase | 1,569 | Com Stk | 8.5500 |
| 11/12/2003 | Sale | 22 | Com Stk | 8.1541 |
| 11/12/2003 | Sale | 900 | Com Stk | 8.6996 |
| 11/12/2003 | Sale | 1,304 | Com Stk | 8.6996 |
| 11/12/2003 | Sale | 1,700 | Com Stk | 8.6996 |
| 11/25/2003 | Purchase | 200 | Com Stk | 8.8600 |
| 11/25/2003 | Purchase | 500 | Com Stk | 8.8000 |
| 11/25/2003 | Purchase | 89 | Com Stk | 8.8000 |
| 11/25/2003 | Purchase | 100 | Com Stk | 8.8000 |
| 11/25/2003 | Purchase | 700 | Com Stk | 8.8000 |
| 11/25/2003 | Purchase | 600 | Com Stk | 8.8000 |
| 11/25/2003 | Purchase | 300 | Com Stk | 8.8000 |
| 11/25/2003 | Purchase | 18,800 | Com Stk | 8.8000 |
| 11/25/2003 | Purchase | 1,711 | Com Stk | 8.8000 |
| 11/28/2003 | Purchase | 9,300 | Com Stk | 8.9713 |
| 11/28/2003 | Purchase | 700 | Com Stk | 8.9700 |
| 11/28/2003 | Purchase | 887 | Com Stk | 8.9700 |
| 12/3/2003 | Purchase | 100 | Com Stk | 8.9000 |
| 12/3/2003 | Purchase | 650 | Com Stk | 8.7800 |
| 12/3/2003 | Purchase | 100 | Com Stk | 8.7800 |
| 12/3/2003 | Purchase | 800 | Com Stk | 8.7800 |
| 12/3/2003 | Purchase | 100 | Com Stk | 8.7800 |
| 12/11/2003 | Sale | 40 | Com Stk | 7.6195 |
| 12/11/2003 | Sale | 100 | Com Stk | 7.4896 |
| 12/11/2003 | Sale | 100 | Com Stk | 7.6196 |
| 12/11/2003 | Sale | 300 | Com Stk | 7.6196 |
| 12/11/2003 | Sale | 500 | Com Stk | 7.4096 |
| 12/11/2003 | Sale | 1,530 | Com Stk | 7.6196 |
| 12/11/2003 | Sale | 1,530 | Com Stk | 7.6196 |
| 12/11/2003 | Sale | 5,900 | Com Stk | 7.6196 |
| 12/11/2003 | Sale | 100 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 100 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 100 | Com Stk | 7.7496 |

| 12/11/2003 | Sale | 100 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 100 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 200 | Com Stk | 7.6896 |
| 12/11/2003 | Sale | 300 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 400 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 500 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 1,800 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 5,000 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 6,300 | Com Stk | 7.7496 |
| 12/11/2003 | Sale | 37 | Com Stk | 7.8595 |
| 12/11/2003 | Sale | 10,600 | Com Stk | 7.8585 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.1220 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.1100 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.1100 |
| 12/12/2003 | Purchase | 100 | Com Stk | 8.1100 |
| 12/12/2003 | Purchase | 5,000 | Com Stk | 8.1100 |
| 12/12/2003 | Purchase | 6,900 | Com Stk | 8.1100 |
| 12/12/2003 | Purchase | 100 | Com Stk | 8.1600 |
| 12/12/2003 | Purchase | 100 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 100 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 2,431 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 1,000 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 269 | Com Stk | 8.0500 |
| 12/12/2003 | Purchase | 5,000 | Com Stk | 8.0924 |
| 12/12/2003 | Purchase | 1,500 | Com Stk | 8.0900 |
| 12/12/2003 | Purchase | 5,000 | Com Stk | 8.0900 |
| 12/12/2003 | Purchase | 5,000 | Com Stk | 8.0900 |
| 12/12/2003 | Purchase | 3,500 | Com Stk | 8.0900 |
| 12/12/2003 | Purchase | 135 | Com Stk | 8.1389 |
| 12/12/2003 | Purchase | 1,866 | Com Stk | 8.0500 |
| 12/31/2003 | Sale | 80 | Com Stk | 7.9196 |
| 12/31/2003 | Sale | 120 | Com Stk | 7.9196 |
| 12/31/2003 | Sale | 1,900 | Com Stk | 7.9133 |
| 12/31/2003 | Sale | 2,900 | Com Stk | 7.9196 |
| 12/31/2003 | Sale | 5,000 | Com Stk | 7.9196 |

| Date | Transaction | Quantity | Security | Price |
|---|---|---|---|---|
| 1/7/2004 | Purchase | 2,850 | Com Stk | 7.6700 |
| 1/7/2004 | Purchase | 4,650 | Com Stk | 7.6500 |
| 1/7/2004 | Purchase | 3,700 | Com Stk | 7.6700 |
| 1/7/2004 | Purchase | 300 | Com Stk | 7.6700 |
| 1/7/2004 | Purchase | 100 | Com Stk | 7.6600 |
| 1/16/2004 | Sale | 100 | Com Stk | 9.1400 |
| 1/23/2004 | Purchase | 276 | Com Stk | 8.7600 |
| 1/23/2004 | Purchase | 1,724 | Com Stk | 8.7700 |
| 3/3/2004 | Purchase | 500 | Com Stk | 5.8700 |
| 3/3/2004 | Purchase | 7,000 | Com Stk | 5.8600 |
| 3/23/2004 | Purchase | 114 | Com Stk | 5.1300 |

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, (print name) **JOHN HAGGINS** ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transaction(s) in the Sonus Networks, Inc. (Nasdaq: SONS) security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 50,000 | BUY | 02/05/04 | $7.63 |
| | | | |
| | | | |
| | | | |

[1]List additional transactions on a separate sheet of paper, if necessary.

5. Plaintiff has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring a suit to recover for investment losses.

6. During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class in the following actions filed under the federal securities laws (if none, so indicate): **NONE**

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this **24** day of **FEBRUARY**, 2004.

Signature

**JOHN HAGGINS**
Print Name

## CERTIFICATION

I, Patrick Fung, hereby certify as follows:

1.    I am fully authorized to enter into and execute this Certification. I have reviewed a complaint prepared against Sonus Networks Inc. ("Sonus") alleging violations of the federal securities laws;

2.    I did not purchase securities of Sonus at the direction of counsel or in order to participate in any private action under the federal securities laws;

3.    I am willing to serve as a lead plaintiff in this matter, including providing testimony at deposition and trial, if necessary;

4.    I have transactions in the securities of Sonus as reflected in Exhibit A hereto;

5.    I have not sought to serve as a lead plaintiff in any class action under the federal securities laws during the last three years, except for the following:

6.    Beyond my pro rata share of any recovery, I will not accept payment for serving as a lead plaintiff on behalf of the class, except the reimbursement of such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Dated: 2/19/2004

Patrick Fung

**Exhibit A**

**Sonus Networks (SONS)**
**Transaction Data for Patrick Fung**

| Transaction | Date | Amount | Price per share |
|---|---|---|---|
| Buy | 01/20/04 | 19,700.000 | $9.34 |
| Buy | 01/20/04 | 300.000 | $9.34 |
| Buy | 01/26/04 | 2,900.000 | $9.07 |
| Buy | 01/26/04 | 500.000 | $9.07 |
| Buy | 01/26/04 | 200.000 | $9.07 |
| Buy | 01/26/04 | 1,400.000 | $9.07 |
| Buy | 01/27/04 | 2,600.000 | $9.10 |
| Buy | 01/27/04 | 100.000 | $9.08 |
| Buy | 01/27/04 | 900.000 | $9.08 |
| Buy | 01/27/04 | 900.000 | $9.08 |
| Buy | 01/27/04 | 300.000 | $9.08 |
| Buy | 01/27/04 | 100.000 | $9.08 |
| Buy | 01/27/04 | 1,000.000 | $9.08 |
| Buy | 01/27/04 | 100.000 | $9.08 |
| Sell | 02/05/04 | -3,700.000 | $7.60 |
| Sell | 02/05/04 | -200.000 | $7.60 |
| Sell | 02/05/04 | -1,300.000 | $7.61 |
| Sell | 02/05/04 | -1,947.000 | $7.68 |
| Sell | 02/05/04 | -100.000 | $7.68 |
| Sell | 02/05/04 | -400.000 | $7.68 |
| Sell | 02/05/04 | -53.000 | $7.68 |
| Sell | 02/05/04 | -100.000 | $7.68 |
| Sell | 02/05/04 | -100.000 | $7.68 |
| Sell | 02/05/04 | -100.000 | $7.68 |
| Sell | 02/05/04 | -100.000 | $7.68 |
| Sell | 02/05/04 | -900.000 | $7.68 |
| Sell | 02/05/04 | -500.000 | $7.68 |
| Sell | 02/05/04 | -200.000 | $7.68 |
| Sell | 02/05/04 | -500.000 | $7.68 |
| Sell | 02/12/04 | -18,700.000 | $5.17 |
| Sell | 02/12/04 | -1,000.000 | $5.17 |
| Sell | 02/12/04 | -100.000 | $5.16 |
| Sell | 02/12/04 | -500.000 | $5.17 |
| Sell | 02/12/04 | -500.000 | $5.18 |

# EXHIBIT B

PRN          Cauley Geller Announces Class Action Lawsuit Against Sonus
             Feb 12 2004  13:47

                        Networks, Inc. On
                        Behalf of Investors

     NEW YORK, Feb. 12 /PRNewswire/ -- The Law Firm of Cauley Geller Bowman &
Rudman, LLP announced today that a class action lawsuit has been filed in the
United States District Court for the District of Massachusetts on behalf of
purchasers of Sonus Networks, Inc. (Nasdaq: SONS) ("Sonus" or the "Company")
publicly traded securities during the period between June 3, 2003 and
February 11, 2004, inclusive (the "Class Period").  A copy of the complaint
filed in this action is available from the Court, or can be viewed on the
firm's website at
http://www.cauleygeller.com/show_case.asp?ccode=244&pcode=10&pp=4 .
     The complaint charges Sonus Networks, Inc., Hassan Ahmed and Stephen Nill
with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of
1934, and Rule 10b-5 promulgated thereunder.  More specifically, the complaint
alleges that, throughout the Class Period, defendants issued numerous
statements to the market concerning the Company's financial results, which
failed to disclose and/or misrepresented the following adverse facts, among
others: (a) that defendants had improperly and untimely recognized revenue on
certain of the Company's customer transactions; (b) that defendants violated
Generally Accepted Accounting Principles and the Company's own internal
policies regarding the timing of revenue recognition; and (c) as a result of
the foregoing, the Company's revenues, net income and earnings per share
published during the Class Period were materially false and misleading.
     On February 11, 2004, after the close of regular trading, Sonus shocked
the market when it announced that the Company had identified certain issues,
practices and actions of certain employees relating to both the timing of
revenue recognized from certain customer transactions and to certain other
financial statement accounts, which may affect the Company's 2003 financial
statements and possibly financial statements for prior periods.  Prior to
disclosing these adverse facts, Sonus completed a $126.14 million public
offering, and Sonus insiders sold approximately $2 million of their
personally-held shares to the unsuspecting public.
     The next morning, when the market opened for trading, shares of the
Company's stock fell as low as $5.02 per share, a decline of $1.67 per share,
or 24.9%, on extremely high trading volume.
     If you bought Sonus publicly traded securities between June 3, 2003 and
February 11, 2004, inclusive, and you wish to serve as lead plaintiff, you
must move the Court no later than April 12, 2004.  If you are a member of this
class, you can join this class action online at
http://www.cauleygeller.com/template8.asp?pcode=6&pp=1 .  Any member of the
purported class may move the Court to serve as lead plaintiff through Cauley
Geller or other counsel of their choice, or may choose to do nothing and
remain an absent class member.
     Cauley Geller is a national law firm that represents investors and
consumers in class action and corporate governance litigation.  It is one of
the country's premiere firms in the area of securities fraud, with in-house

Copyright (c) 2004

PRN          Cauley Geller Announces Class Action Lawsuit Against Sonus
             Feb 12 2004  13:47

finance and forensic accounting specialists and extensive trial experience.
Since its founding, Cauley Geller has recovered in excess of two billion
dollars on behalf of aggrieved shareholders.  The firm maintains offices in
Boca Raton, Little Rock and New York.
     If you have any questions about how you may be able to recover for your
losses, or if you would like to consider serving as one of the lead plaintiffs
in this lawsuit, you are encouraged to call or e-mail the Firm or visit the
Firm's website at www.cauleygeller.com .

     Contact:

     CAULEY GELLER BOWMAN & RUDMAN, LLP

     Samuel H. Rudman, Esq. or David A. Rosenfeld, Esq.

     Client Relations Department:
     Chandra West, Jackie Addison or Heather Gann
     P.O. Box 25438
     Little Rock, AR 72221-5438
     Toll Free: 1-888-551-9944
     Fax: 1-501-312-8505
     E-mail: info@cauleygeller.com

SOURCE  Cauley Geller Bowman & Rudman, LLP
     -0-                     02/12/2004
     /CONTACT:  Samuel H. Rudman, Esq. or David A. Rosenfeld, Esq., both of
Cauley Geller Bowman & Rudman, LLP, +1-631-367-7100/
     /Web site:  www.cauleygeller.com
         http://www.cauleygeller.com/show_case.asp?ccode=244&pcode=10&pp=4
              http://www.cauleygeller.com/template8.asp?pcode=6&pp=1 /
     (SONS)

CO:  Cauley Geller Bowman & Rudman, LLP; Sonus Networks, Inc.
ST:  Arkansas, New York, Massachusetts
IN:  CPR
SU:  LAW
-0- Feb/12/2004 18:47 GMT

Copyright (c) 2004

# EXHIBIT C

PRN        Spector, Roseman & Kodroff, P.C. Announces The Filing of a Class
           Apr 2 2004   19:00

                         Action Suit
                         Against Sonus Networks, Inc.

    PHILADELPHIA, April 2 /PRNewswire/ -- The law firm of Spector, Roseman &
Kodroff, P.C. announces that a securities class action lawsuit was commenced
in the United States District Court for the District of Massachusetts, on
behalf of purchasers of the common stock of Sonus Networks, Inc. ("Sonus" or
the "Company") (Nasdaq: SONSE) between May 12, 2003 through March 26, 2004,
inclusive (the "Class Period").
    The Complaint alleges that the defendants violated the federal securities
laws by issuing materially false and misleading statements contained in press
releases and filings with the Securities and Exchange Commission during the
Class Period. Named as defendants are the Company, its chief executive
officer, Hassan Ahmed, and its chief financial officer, Stephen J. Nill.
According to the complaint, the defendants improperly recognized revenue and
violating Generally Accepted Accounting Principles (GAAP) governing the timing
of revenue recognition which misrepresented the true financial condition of
the Company. Defendants' misrepresentations caused the Company's stock to
trade at artificially high prices during the Class Period.
    On February 11, 2004, Sonus disclosed that a year-end audit had found that
"certain issues, practices and actions of certain employees relating to both
the timing of revenue recognized from certain customer transactions and to
certain other financial statement accounts" could affect the Company's results
for 2003 and prior periods. Prior to disclosing these adverse facts, Sonus
completed a $126 million public offering, and Company insiders sold
approximately $2 million of their personally held shares to the unsuspecting
public. On February 12, 2004, Sonus' stock price dropped approximately 19%
from the previous day's close. On March 29, 2004, Sonus announced that it
would delay the filing of its amended annual report for fiscal year 2003,
which could result in a delisting of its stock from NASDAQ. Sonus further
reported that it expects to restate its financial results for fiscal year 2002
and is considering expanding its ongoing accounting review to include
additional prior periods. In response to this news, Sonus stock fell an
additional 14% from $4.56 on March 26, 2004 to close at $3.92 on March 29,
2004.
    If you purchased Sonus securities during the Class Period, you may, no
later than April 12, 2004, move to be appointed as a Lead Plaintiff in this
class action. A Lead Plaintiff is a representative, chosen by the Court, that
acts on behalf of other class members in directing the litigation. The Private
Securities Litigation Reform Act of 1995 directs Courts to assume that the
class member(s) with the "largest financial interest" in the outcome of the
case will best serve the class in this capacity. Courts have discretion in
determining which class member(s) have the "largest financial interest," and
have appointed Lead Plaintiffs with substantial losses in both absolute terms
and as a percentage of their net worth.
    If you have sustained substantial losses in Sonus securities during the
Class Period, please contact Spector, Roseman & Kodroff, P.C. at

Copyright (c) 2004

PRN        Spector, Roseman & Kodroff, P.C. Announces The Filing of a Class
           Apr 2 2004  19:00


classaction@srk-law.com for a more thorough explanation of the Lead Plaintiff
selection process.  If you have relatively small losses, your ability to
participate in any recovery will be protected by the Lead Plaintiff(s), and
you need take no affirmative steps at this time.
    If you wish to join this action, please visit
http://www.srk-law.com/dbjoinaclassaction.asp.  If you wish to discuss this
action or have any questions concerning this notice or your rights or
interests, please contact plaintiff's counsel Robert M. Roseman toll-free at
888-844-5862 or via e-mail at classaction@srk-law.com. For more detailed
information about the firm please visit its website at http://www.srk-law.com.


    Spector, Roseman & Kodroff, P.C., located in Philadelphia, Pennsylvania,
concentrates its practice in complex litigation including actions dealing with
securities laws, antitrust, contract and commercial claims.  The firm is
active in major litigation pending in federal and state courts throughout the
United States.  The firm's reputation for excellence has been recognized on
repeated occasions by courts which have appointed the firm as lead counsel in
numerous major class actions involving violations of the federal securities
laws and the federal antitrust laws, and consumer fraud.  As a result of the
efforts of the firm, and its members, hundreds of millions of dollars have
been recovered on behalf of thousands of defrauded shareholders and companies.


    CONTACT: Robert M. Roseman - (888) 844-5862

SOURCE  Spector, Roseman & Kodroff, P.C.
    -0-                        04/02/2004
    /CONTACT:  Robert M. Roseman, Spector, Roseman & Kodroff, P.C.,
+1-888-844-5862/
    /Web site:  http://www.srk-law.com/dbjoinaclassaction.asp
               http://www.srk-law.com /

    (SONSE)

CO:  Spector, Roseman & Kodroff, P.C.; Sonus Networks, Inc.
ST:  Pennsylvania, Massachusetts
IN:  CPR TLS NET
SU:  LAW
-0- Apr/03/2004  0:00 GMT

Copyright (c) 2004

# EXHIBIT D

**SONUS NETWORKS, INC. ESTIMATED LOSSES - EXHIBIT "D"**  CLASS PERIOD: 05/12/03 - 03/26/04

| PLAINTIFF | PURCHASE TRANSACTIONS | | | | SALES TRANSACTIONS | | | | SHARES HELD AS OF 03/26/04 | ESTIMATED VALUE (1) | ESTIMATED LOSSES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | DATE | SHARES | SHARE PRICE | PURCHASE AMOUNT | DATE | SHARES | SHARE PRICE | SALES AMOUNT | | | |
| Nakid M. Farhat | 1/27/2004 | 20,000 | 9.0300 | 180,600.00 | 2/10/2004 | 40,000 | 7.5000 | 300,000.00 | | | 119,400.00 |
| | 1/28/2004 | 15,000 | 8.9400 | 134,100.00 | 2/12/2004 | 20,000 | 5.1100 | 102,200.00 | | | (31,900.00) |
| | 2/3/2004 | 9,000 | 8.1200 | 73,080.00 | 2/12/2004 | 20,000 | 5.0500 | 101,000.00 | | | 27,920.00 |
| | 2/10/2004 | 20,000 | 7.6000 | 152,000.00 | 2/12/2004 | 2,000 | 5.3000 | 10,600.00 | | | (141,400.00) |
| | 2/11/2004 | 14,000 | 7.1000 | 99,400.00 | 2/12/2004 | 16,000 | 5.2500 | 84,000.00 | | | (15,400.00) |
| | 2/11/2004 | 30,000 | 6.5000 | 195,000.00 | 2/12/2004 | 8,000 | 5.2700 | 42,160.00 | | | (152,840.00) |
| | | 108,000 | | | | 106,000 | | | 2,000 | 3.96 | 7,920.00 |
| | | | | | | | | | | | (186,300.00) |
| | | | | | | | | | | | |
| Kenneth Wayne McGaha | 10/15/2003 | 200 | 8.8300 | 1,766.00 | 11/12/2003 | 22 | 8.1541 | 179.39 | | | (1,586.61) |
| | 10/15/2003 | 57 | 8.7700 | 499.89 | 11/12/2003 | 900 | 8.6996 | 7,829.63 | | | 7,329.74 |
| | 10/15/2003 | 500 | 8.7700 | 4,385.00 | 11/12/2003 | 1,304 | 8.6996 | 11,344.26 | | | 6,959.26 |
| | 10/30/2003 | 400 | 8.5799 | 3,431.96 | 11/12/2003 | 1,700 | 8.6996 | 14,789.30 | | | 11,357.34 |
| | 10/30/2003 | 500 | 8.5500 | 4,275.00 | 12/11/2003 | 40 | 7.6195 | 304.78 | | | (3,970.22) |
| | 10/30/2003 | 700 | 8.5500 | 5,985.00 | 12/11/2003 | 100 | 7.4896 | 748.96 | | | (5,236.04) |
| | 10/30/2003 | 1,569 | 8.5500 | 13,414.95 | 12/11/2003 | 100 | 7.6196 | 761.96 | | | (12,652.99) |
| | 11/25/2003 | 200 | 8.8600 | 1,772.00 | 12/11/2003 | 300 | 7.6196 | 2,285.89 | | | 513.89 |
| | 11/25/2003 | 500 | 8.8000 | 4,400.00 | 12/11/2003 | 500 | 7.4096 | 3,704.82 | | | (695.18) |
| | 11/25/2003 | 89 | 8.8000 | 783.20 | 12/11/2003 | 1,530 | 7.6196 | 11,658.05 | | | 10,874.85 |
| | 11/25/2003 | 100 | 8.8000 | 880.00 | 12/11/2003 | 1,530 | 7.6196 | 11,658.05 | | | 10,778.05 |
| | 11/25/2003 | 700 | 8.8000 | 6,160.00 | 12/11/2003 | 5,900 | 7.6196 | 44,955.89 | | | 38,795.89 |
| | 11/25/2003 | 600 | 8.8000 | 5,280.00 | 12/11/2003 | 100 | 7.7496 | 774.96 | | | (4,505.04) |
| | 11/25/2003 | 300 | 8.8000 | 2,640.00 | 12/11/2003 | 100 | 7.7496 | 774.96 | | | (1,865.04) |
| | 11/25/2003 | 18,800 | 8.8000 | 165,440.00 | 12/11/2003 | 100 | 7.7496 | 774.96 | | | (164,665.04) |
| | 11/25/2003 | 1,711 | 8.8000 | 15,056.80 | 12/11/2003 | 100 | 7.7496 | 774.96 | | | (14,281.84) |
| | 11/28/2003 | 9,300 | 8.9713 | 83,433.00 | 12/11/2003 | 100 | 7.7496 | 774.96 | | | (82,658.04) |
| | 11/28/2003 | 700 | 8.9700 | 6,279.00 | 12/11/2003 | 100 | 7.7496 | 774.96 | | | (4,741.08) |
| | 11/28/2003 | 887 | 8.9700 | 7,956.39 | 12/11/2003 | 200 | 7.6896 | 1,537.92 | | | (5,631.50) |
| | 12/3/2003 | 100 | 8.9000 | 890.00 | 12/11/2003 | 300 | 7.7496 | 2,324.89 | | | 2,209.85 |
| | 12/3/2003 | 650 | 8.7800 | 5,707.00 | 12/11/2003 | 400 | 7.7496 | 3,099.85 | | | (1,832.19) |
| | 12/3/2003 | 100 | 8.7800 | 878.00 | 12/11/2003 | 500 | 7.7496 | 3,874.81 | | | 13,071.34 |
| | 12/3/2003 | 800 | 8.7800 | 7,024.00 | 12/11/2003 | 1,800 | 7.7496 | 13,949.34 | | | 31,724.18 |
| | 12/5/2003 | 100 | 8.7800 | 878.00 | 12/11/2003 | 5,000 | 7.7496 | 38,748.18 | | | 47,944.71 |
| | 12/12/2003 | 1,000 | 8.1220 | 8,122.00 | 12/11/2003 | 6,300 | 7.7496 | 48,822.71 | | | (7,831.20) |
| | | | | | 12/11/2003 | 37 | 7.8595 | 290.80 | | | |

| | Date | Qty | Price | Amount | Date | Qty | Price | Amount | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/12/2003 | 1,000 | 8.1100 | 8,110.00 | 12/11/2003 | 10,600 | 7.8585 | 83,300.10 | | | 75,190.10 |
| | 12/12/2003 | 1,000 | 8.1100 | 8,110.00 | 12/31/2003 | 80 | 7.9196 | 633.57 | | | (7,476.43) |
| | 12/12/2003 | 100 | 8.1100 | 811.00 | 12/31/2003 | 120 | 7.9196 | 950.35 | | | 139.35 |
| | 12/12/2003 | 5,000 | 8.1100 | 40,550.00 | 12/31/2003 | 1,900 | 7.9133 | 15,035.29 | | | (25,514.71) |
| | 12/12/2003 | 6,900 | 8.1100 | 55,959.00 | 12/31/2003 | 2,900 | 7.9196 | 22,966.92 | | | (32,992.08) |
| | 12/12/2003 | 100 | 8.1600 | 816.00 | 12/31/2003 | 5,000 | 7.9196 | 39,598.14 | | | 38,782.14 |
| | 12/12/2003 | 100 | 8.0500 | 805.00 | 1/16/2004 | 100 | 9.1400 | 914.00 | | | 109.00 |
| | 12/12/2003 | 100 | 8.0500 | 805.00 | | | | | | | (805.00) |
| | 12/12/2003 | 1,000 | 8.0500 | 8,050.00 | | | | | | | (8,050.00) |
| | 12/12/2003 | 2,431 | 8.0500 | 19,569.55 | | | | | | | (19,569.55) |
| | 12/12/2003 | 1,000 | 8.0500 | 8,050.00 | | | | | | | (8,050.00) |
| | 12/12/2003 | 1,000 | 8.0500 | 8,050.00 | | | | | | | (8,050.00) |
| | 12/12/2003 | 1,000 | 8.0500 | 8,050.00 | | | | | | | (8,050.00) |
| | 12/12/2003 | 1,000 | 8.0500 | 8,050.00 | | | | | | | (8,050.00) |
| | 12/12/2003 | 1,000 | 8.0500 | 8,050.00 | | | | | | | (8,050.00) |
| | 12/12/2003 | 1,000 | 8.0500 | 8,050.00 | | | | | | | (8,050.00) |
| | 12/12/2003 | 269 | 8.0500 | 2,165.45 | | | | | | | (2,165.45) |
| | 12/12/2003 | 5,000 | 8.0924 | 40,462.00 | | | | | | | (40,462.00) |
| | 12/12/2003 | 1,500 | 8.0900 | 12,135.00 | | | | | | | (12,135.00) |
| | 12/12/2003 | 5,000 | 8.0900 | 40,450.00 | | | | | | | (40,450.00) |
| | 12/12/2003 | 5,000 | 8.0900 | 40,450.00 | | | | | | | (40,450.00) |
| | 12/12/2003 | 3,500 | 8.0900 | 28,315.00 | | | | | | | (28,315.00) |
| | 12/12/2003 | 135 | 8.1389 | 1,098.75 | | | | | | | (1,098.75) |
| | 12/12/2003 | 1,866 | 8.0500 | 15,021.30 | | | | | | | (15,021.30) |
| | 1/7/2004 | 2,850 | 7.6700 | 21,859.50 | | | | | | | (21,859.50) |
| | 1/7/2004 | 4,650 | 7.6500 | 35,572.50 | | | | | | | (35,572.50) |
| | 1/7/2004 | 3,700 | 7.6700 | 28,379.00 | | | | | | | (28,379.00) |
| | 1/7/2004 | 300 | 7.6700 | 2,301.00 | | | | | | | (2,301.00) |
| | 1/7/2004 | 100 | 7.6600 | 766.00 | | | | | | | (766.00) |
| | 1/23/2004 | 276 | 8.7600 | 2,417.76 | | | | | | | (2,417.76) |
| | 1/23/2004 | 1,724 | 8.7700 | 15,119.48 | | | | | | | (15,119.48) |
| | 3/3/2004 | 500 | 5.8700 | 2,935.00 | | | | | | | (2,935.00) |
| | 3/3/2004 | 7,000 | 5.8600 | 41,020.00 | | | | | | | (41,020.00) |
| | 3/23/2004 | 114 | 5.1300 | 584.82 | | | | | | | (584.82) |
| | | 107,778 | | 381,500.00 | | 49,663 | | | | 58,115 | 230,135.40 |
| | | | | | | | | | | 3.96 | (259,997.25) |
| John Haggins | 2/5/2004 | 50,000 | 7.6300 | 381,500.00 | | 0 | | | | 50,000 | (381,500.00) |
| | | 50,000 | | | | | | | | 50,000 | 198,000.00 |
| | | | | | | | | | | 3.96 | (183,500.00) |

| Name | Date | Shares | Price | Amount | Date | Shares | Price | Amount | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Patrick Fung | 1/20/2004 | 19,700 | 9.3400 | 183,998.00 | 2/5/2004 | 3,700 | 7.6000 | 28,120.00 | | | (155,878.00) |
| | 1/20/2004 | 300 | 9.3400 | 2,802.00 | 2/5/2004 | 200 | 7.6000 | 1,520.00 | | | (1,282.00) |
| | 1/26/2004 | 2,900 | 9.0700 | 26,303.00 | 2/5/2004 | 1,300 | 7.6100 | 9,893.00 | | | (16,410.00) |
| | 1/26/2004 | 500 | 9.0700 | 4,535.00 | 2/5/2004 | 1,947 | 7.6800 | 14,952.96 | | | 10,417.96 |
| | 1/26/2004 | 200 | 9.0700 | 1,814.00 | 2/5/2004 | 100 | 7.6800 | 768.00 | | | (1,046.00) |
| | 1/26/2004 | 1,400 | 9.0700 | 12,698.00 | 2/5/2004 | 400 | 7.6800 | 3,072.00 | | | (9,626.00) |
| | 1/27/2004 | 2,600 | 9.1000 | 23,660.00 | 2/5/2004 | 53 | 7.6800 | 407.04 | | | (23,252.96) |
| | 1/27/2004 | 100 | 9.0800 | 908.00 | 2/5/2004 | 100 | 7.6800 | 768.00 | | | (140.00) |
| | 1/27/2004 | 900 | 9.0800 | 8,172.00 | 2/5/2004 | 100 | 7.6800 | 768.00 | | | (7,404.00) |
| | 1/27/2004 | 900 | 9.0800 | 8,172.00 | 2/5/2004 | 100 | 7.6800 | 768.00 | | | (7,404.00) |
| | 1/27/2004 | 300 | 9.0800 | 2,724.00 | 2/5/2004 | 100 | 7.6800 | 768.00 | | | (1,956.00) |
| | 1/27/2004 | 100 | 9.0800 | 908.00 | 2/5/2004 | 900 | 7.6800 | 6,912.00 | | | 6,004.00 |
| | 1/27/2004 | 1,000 | 9.0800 | 9,080.00 | 2/5/2004 | 500 | 7.6800 | 3,840.00 | | | (5,240.00) |
| | 1/27/2004 | 100 | 9.0800 | 908.00 | 2/5/2004 | 200 | 7.6800 | 1,536.00 | | | 628.00 |
| | | | | | 2/5/2004 | 500 | 7.6800 | 3,840.00 | | | 3,840.00 |
| | | | | | 2/12/2004 | 18,700 | 5.1700 | 96,679.00 | | | 96,679.00 |
| | | | | | 2/12/2004 | 1,000 | 5.1700 | 5,170.00 | | | 5,170.00 |
| | | | | | 2/12/2004 | 100 | 5.1600 | 516.00 | | | 516.00 |
| | | | | | 2/12/2004 | 500 | 5.1600 | 2,585.00 | | | 2,585.00 |
| | | | | | 2/12/2004 | 500 | 5.1800 | 2,590.00 | | | 2,590.00 |
| | 31,000 | | | | | 31,000 | | | 0 | 3.96 | 0.00 |
| | | | | | | | | | | | (101,209.00) |

**TOTAL FARHAT PLAINTIFF GROUP** | | | | | | | | | | | (731,006.25) |

(1) Estimated Value is the moving mean average of Sonus Networks, Inc. from the date of disclosure, March 27, 2004 through April 12, 2004.

# EXHIBIT E

**JOINT DECLARATION IN SUPPORT OF THE FARHAT PLAINTIFF GROUP'S
MOTION TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS
AND FOR APPROVAL OF LEAD PLAINTIFFS' SELECTION OF
LEAD COUNSEL AND LIAISON COUNSEL**

This joint declaration is made by and on behalf of Nakid M. Farhat, Kenneth W. McGaha, Patrick Fung, and John Haggins (collectively, the "Farhat Plaintiff Group"). This declaration is made in support of the Farhat Plaintiff Group's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel And Liaison Counsel (the "Farhat Plaintiff Group's Motion"). We have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

1.      As evidenced by each of our respective Certifications filed with the Farhat Plaintiff Group's Motion, each member of the Farhat Plaintiff Group purchased Sonus Networks, Inc. ("Sonus Networks") securities during the Class Period, and suffered substantial losses as a result.

2.      The Farhat Plaintiff Group understands that each of its members could have sought lead plaintiff status either individually or together with others, or could have taken no action and remained an absent class member. We endeavor to continue to provide fair and adequate representation and to continue to work together and with our selected counsel to obtain the largest recovery for the class consistent with good faith and sound judgment.

3.      We also understand that we have the right to select counsel as part of the lead plaintiff process. In connection therewith, we selected and made a considered judgment in selecting the law firms of Schiffrin & Barroway, LLP and Goodkind Labaton Rudoff & Sucharow, LLP, which are both experienced and qualified to represent us and the class in this action.

4.      We have conferred with our selected class counsel in connection with our joint

prosecution of the litigation and intend to continue to do so. We believe that as a group we have implemented procedures to provide for efficient prosecution of the action, including a regular schedule to discuss and evaluate the action as it progresses and receipt and review of all relevant filings with this Court. In addition, we have implemented a mechanism to resolve disputes in the unlikely event we are unable to a reach consensus on a given issue, with each member of the group receiving one vote with the majority ruling.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

April 8, 2004

_____
Nakid M. Farhat

April ___, 2004

_____
Kenneth W. McGaha

April ___, 2004

_____
Patrick Fang

April ___, 2004

_____
John Haggins

prosecution of the litigation and intend to continue to do so.  We believe that as a group we have

implemented procedures to provide for efficient prosecution of the action, including a regular

schedule to discuss and evaluate the action as it progresses and receipt and review of all relevant

filings with this Court.  In addition, we have implemented a mechanism to resolve disputes in the

unlikely event we are unable to a reach consensus on a given issue, with each member of

the group receiving one vote with the majority ruling.

We declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

April ___, 2004                                   _____
                                                                 Nakid M. Farhat

April 8, 2004                                     _____
                                                                 Kenneth W. McGaha

April ___, 2004                                   _____
                                                                 Patrick Fung

April ___, 2004                                   _____
                                                                 John Haggins

prosecution of the litigation and intend to continue to do so. We believe that as a group we have implemented procedures to provide for efficient prosecution of the action, including a regular schedule to discuss and evaluate the action as it progresses and receipt and review of all relevant filings with this Court. In addition, we have implemented a mechanism to resolve disputes in the unlikely event we are unable to a reach consensus on a given issue, with each member of the group receiving one vote with the majority ruling.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

April ___, 2004

_____
Nakid M. Farhat

April ___, 2004

_____
Kenneth W. McGaha

April _8_, 2004

_____
Patrick Fung

April ___, 2004

_____
John Haggins

prosecution of the litigation and intend to continue to do so.  We believe that as a group we have implemented procedures to provide for efficient prosecution of the action, including a regular schedule to discuss and evaluate the action as it progresses and receipt and review of all relevant filings with this Court.  In addition, we have implemented a mechanism to resolve disputes in the unlikely event we are unable to a reach consensus on a given issue, with each member of the group receiving one vote with the majority ruling.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Apr ___, 2004

_____
Nakid M. Farhat

Apr ___, 2004

_____
Kenneth W. McGaha

Apr ___, 2004

_____
Patrick Fung

Apr 10, 2004

_____
John Higgins

# EXHIBIT F



# FIRM BIOGRAPHY

Schiffrin & Barroway, LLP, located just outside of Philadelphia, has specialized in complex class action litigation for over sixteen years, representing stockholders and consumers in class action litigation in state and federal courts throughout the United States.  During the firm's successful history, Schiffrin & Barroway has recovered over one billion dollars for defrauded stockholders and aggrieved consumers.  The firm, which has developed a nationwide reputation for excellence, is led by its senior partners, Richard S. Schiffrin and Andrew L. Barroway, with assistance from partners, Marc A. Topaz, David Kessler, Krishna B. Narine, Katharine M. Ryan, Stuart L. Berman, and Gregory M. Castaldo and numerous experienced associates and staff.

The firm focuses primarily on the prosecution of securities fraud litigation, derivative actions and transactional litigation brought against public companies, executives, auditors and investment banking firms.  In addition, Schiffrin & Barroway represents consumers in drug and product litigation as well as employees in ERISA/401K litigation.

Schiffrin & Barroway has represented various private institutional investors and public funds, as well as hundreds of individual investors as Lead or Co-Lead Counsel in class action litigation in state and federal courts throughout the United States.  Currently, Schiffrin & Barroway is acting as Lead or Co-Lead Counsel in class action suits against such companies as Tyco, Computer Associates, and various others.  Additionally, Schiffrin & Barroway was recently selected by the State of New Jersey to represent the State's interests in the class action litigation against Tenet

Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

Phone: (610) 667-7706
Fax: (610) 667-7056
e-mail: info@sbclasslaw.com
Internet: www.sbclasslaw.com

Healthcare Corporation (*In re Tenet Healthcare Corp. Securities Litigation*, No. CV-02-8462-RSWL) and was approved as Co-Lead Counsel in the case. Schiffrin & Barroway is currently involved in several other high profile cases across the country. Of particular note, we are currently prosecuting the action *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (S.D.N.Y. Dec. 12, 2002)(SAS), as one of only six law firms comprising Plaintiffs' Counsel's Executive Committee. Our firm was selected from over sixty law firms which had brought such actions. This litigation, which is pending in the Southern District of New York, challenges the legality of the IPO allocation practices of virtually all of the major investment banking firms from 1998 through 2000 and encompasses over 300 coordinated actions. In addition, we are particularly proud of the results recently achieved as sole lead counsel before the Honorable Joel A. Pisano in *In re AremisSoft Corp. Sec. Litig.*, C.A. No. 01-CV-2486 (D.N.J. 2002). This case was extraordinarily complex as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company who are now fugitives. The settlement of the action against the Company allowed for the Company to be reorganized so it could continue operations while establishing a litigation trust to pursue claims against the Company's auditors, its counsel, as well as those individuals that looted the Company. The Settlement provides the class with a majority of the equity in the new company, Softbrands, as well as their pro rata share of all monies recovered by the litigation trust. The Court-appointed co-trustees of the litigation trust have retained Schiffrin & Barroway to continue prosecuting the actions on behalf of the litigation trust. In this capacity, we have filed an action in the Isle of Man successfully freezing more than $175 million of stolen funds and are in the process of attempting to recover the money. In addition, we are continuing to pursue the litigation trust's claims against the Company's outside auditors and attorneys. The *AremiSoft*

litigation is a perfect example of one area of the firm's expertise, which is to creatively structure settlements with financially troubled companies.

For clients with large investments, Schiffrin& Barroway will monitor their securities holdings, calculate their losses and alert them when actions relating to their holdings have been filed and/or settled. We also offer advice regarding joining an action, seeking to be a lead plaintiff, opting out of an action, bringing an individual action, and/or filing proofs of claim in order to share in a recovery as a class member.

Further information regarding the firm, the services which we provide, and cases which we are currently litigating can be found on our web-site at http://www.sbclasslaw.com.

### RICHARD S. SCHIFFRIN

Mr. Schiffrin, a founding partner of the firm, received his law degree from DePaul University College of Law in 1979, where he was a member of the DePaul Law Review. Mr. Schiffrin is licensed to practice law in Illinois and Pennsylvania, and has been admitted to practice before numerous United States District Courts. In his seven years of practice with the Office of the Public Defender of Cook County, Illinois, Mr. Schiffrin represented hundreds of clients in both bench and jury trials, as well as appeals. Mr. Schiffrin has also taught legal writing and appellate advocacy at John Marshall Law School and has served as a faculty member at numerous legal seminars including the Annual Institute on Securities Regulation, NERA:Finance, Law & Economics - Securities Litigation Seminar, the Tulane Corporate Law Institute, and the CityBar Center for CLE (NYC):Ethical Issues in the Practice of Securities Law. Mr. Schiffrin oversees all aspects of litigation on behalf of the firm. Mr. Schiffrin has been recognized for his expertise in numerous cases including most prominently:

- *In re AremisSoft Corp. Sec. Litig.*, C.A. No. 01-CV-2486 (D.N.J. 2002)

In settling this action, which involved the embezzlement of hundreds of millions of dollars by former officers of the Company who are now fugitives, Mr. Schiffrin assisted in reorganizing the Company to allow for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. Mr. Schiffrin, along with Schiffrin & Barroway partner Stuart Berman, crafted a settlement which calls for the class to receive the majority of the equity in the new company, as well as their pro rata share of any amounts recovered by the litigation trust. In addition, Court-appointed co-trustees of the litigation trust, Joseph P. LaSala, Esq. and Fred S. Zeidman, chose to retain Mr. Schiffrin and the firm to continue to prosecute the actions on behalf of the litigation trust. In this capacity, the firm filed an action in the Isle of Man and successfully froze more than $175 million of stolen funds and is in the process of attempting to recover the money on behalf of the litigation trust. In addition, Mr. Schiffrin and the firm continues to litigate the trust's claims against the Company's outside auditors and attorneys.

- *Henry v. Sears, et al, Case No. 98 C 4110 (N.D. Ill. 1999):*

Schiffrin & Barroway served as Lead Counsel on behalf of the largest class of credit card holders in history. At stake was the right of Sears and its newly formed affiliate, Sears National Bank ("SNB"), to retroactively increase the interest rates on eleven million credit card accounts with outstanding balances resulting from purchases made prior to the accounts being transferred to SNB. Schiffrin & Barroway alleged that such conduct violated the Truth-in-Lending Act ("TILA"), the National Banking Act and state consumer fraud statutes. After extensively litigating various aspects of liability, an additional nine months were then spent determining damages. The extraordinary complexity of the damage calculations required Mr. Schiffrin and experts from both parties to develop, test and utilize a novel computer model to ascertain total damages for the class and

-4-

individualized damages for each class member. Ultimately, Mr. Schiffrin and his partner, Mr.

Kessler, were able to negotiate a $156 million settlement, which represented approximately 66% of

total damages. In approving the settlement, District Court Judge Leinenwebber of the Northern

District of Illinois stated:

> . . . I am pleased to approve the settlement. I think it does the best that could be done
> under the circumstances on behalf of the class. . . . The litigation was complex in
> both liability and damages and required both professional skill and standing which
> class counsel demonstrated in abundance.

The entire settlement fund of $156 million was distributed without the filing of a single proof

of claim form by any class member.

- *Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial
District, 1999)*:

Schiffrin & Barroway served as Lead Counsel in a derivative action filed against the officers

and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a

private entity owned by several of the Company's top insiders. Numerous federal securities class

actions were pending against the corporation at this time. Through the derivative litigation, the

Company's top management was ousted, the composition of the Board of Directors was significantly

improved and important corporate governance provisions were put in place to prevent future abuse.

Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a

global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The

case was resolved in conjunction with the federal securities cases for the payment of approximately

$50 million by the Company's insurers and the issuance of over 46 million shares to the class

members.

- *Jordan v. State Farm Insurance Company, Case No. 97 CH 11 (Circ. Ct., McLean County, Ill.1998)*:

Schiffrin & Barroway brought a claim on behalf of multiple plaintiffs alleging that State Farm had engaged in fraudulent sales practices by "churning" policies and marketing and selling "vanishing premium" policies that never "vanished." After several years of discovery, motion practice and settlement negotiations, Mr. Schiffrin played a critical role in resolving the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders. Schiffrin & Barroway also has achieved substantial settlements in 20 additional cases alleging fraudulent sales practices by various insurance companies.

Mr. Schiffrin also has represented defrauded shareholders and companies in complex class and derivative actions including the following:

- *Huscher v. Curley, et. al., No. 00 Civ. 21379 (Mich. Cir. Ct., 2000) (In re Sotheby's Holdings, Inc. Derivative Litigation)*:

Schiffrin & Barroway served as Lead Counsel in a derivative action arising out of Sotheby's alleged antitrust price fixing conspiracy with auction house rival Christie's International PLC. A multi-million dollar settlement was negotiated by Mr. Schiffrin whereby Diana Brooks (Sotheby's President at the time of the alleged wrongdoing) agreed to relinquish all of her Sotheby's stock options and the Company's insurance carrier made a substantial monetary payment to the Company. In addition, significant changes in the Company's top management and Board of Directors were achieved in conjunction with the settlement of the litigation.

- *Dana v. Trans Lux Corp., et al., Del. Ch., C.A. No. 9755 (settlement approved Aug. 4, 1988), aff'd sub nom., Nottingham Partners v. Dana, 564 A.2d 1089 (Del. 1989)*:

Schiffrin & Barroway, as Co-Lead Counsel, challenged the board of directors' adoption of anti-takeover provisions in the company's by-laws and certificate of incorporation. The plaintiff

agreed to settle his claims in exchange for a nullification of certain certificate amendments, a change in the by-laws, and an expansion of the company's stock repurchase program. The Chancery Court noted that "a good part of the Dana lawsuit is being settled on a hundred percent basis .... [I]t wouldn't be inaccurate to say that the settlement would represent a complete victory for the Dana plaintiffs."

## ANDREW L. BARROWAY

Andrew L. Barroway, a partner of the firm, received his law degree from the University of Pennsylvania Law School, where he was a member of the ABA Negotiation team. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Barroway has been actively involved in all aspects of litigation on behalf of the firm, and co-manages the firm's securities department. Of his numerous successful representations of shareholders, several stand out as exceptional:

- *In re: Digital Lightwave, Inc. Securities Litigation, Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

Schiffrin & Barroway served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, Mr. Barroway negotiated a settlement of over $180 million in cash and stock, a recovery representing in excess of two hundred percent (200%) of class members' losses. Schiffrin & Barroway believes that this settlement represents the largest percentage recovery for shareholders in securities class action history.

- *In re PaineWebber Short-Term U.S. Government Fund Securities Litigation, No. 94-3820 (S.D.N.Y. 1994):*

Schiffrin & Barroway served as Co-Lead Counsel on behalf of plaintiffs alleging violations of the federal securities laws based upon material misrepresentations concerning the Fund's

-7-

investment objectives and the risks associated with the Fund.  Pursuant to the settlement, defendants made payments and provided fee waivers totaling more than $36 million, $33 million of which was in cash.  In addition, defendant PaineWebber repurchased ten mortgage-backed securities from the Fund for an aggregate price in excess of $50 million, thus removing the illiquid securities from the Fund.

Mr. Barroway, along with his partner, Mr. Kessler, has also recently negotiated substantial settlements of securities class actions in which Schiffrin & Barroway was Lead or Co-Lead Counsel against Pinnacle Holdings, Cell Pathways, Gateway, Mercator and NetSolve.  Mr. Barroway currently represents numerous public and private investment funds, money management firms and individuals in securities fraud litigation as Lead Counsel in actions against Accelerated Networks, ATI Technologies, CompUSA, Livent, NX Networks, Penn Treaty, Performance Technologies, Republic New York, Steven Madden, Vari-L, Kindred Healthcare, The Interpublic Group of Companies, Tenet Healthcare Corporation, and various others.

### MARC A. TOPAZ

Mr. Topaz, a partner of the firm, received his law degree from Temple University School of Law, where he was an editor of the Temple Law Review and a member of the Moot Court Honor Society.  He also received his Master of Law (L.L.M.) in taxation from the New York University School of Law where he served as an editor of the New York University Tax Law Review.  He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania.  Mr. Topaz manages the firm's derivative and transactional departments. In this regard, Mr. Topaz has been actively involved in litigating the following prominent cases:

- *In re MTC Electronic Shareholder Litigation, No. CV-93-0876 (E.D.N.Y. 1993):*

Schiffrin & Barroway served as co-counsel in a case involving securities fraud by MTC, its officers and directors, underwriters and accountants. The case presented novel issues of Chinese law and required the construction of a database of hundreds of thousands of documents utilized in numerous party and non-party depositions. A $72 million settlement was achieved on the eve of trial.

- *In re Oppenheimer Capital, L.P., Unitholders Litigation, Consolidated No. 16022NC (Del. Ch. Ct. 1997):*

Schiffrin & Barroway served as Co-Lead Counsel on behalf of plaintiffs alleging that a merger proposed by Pimco Advisors benefitted certain Pimco insiders by disproportionately allocating tax benefits achieved from the restructuring of a limited partnership and failing to provide adequate compensation to the Oppenheimer shareholders. Plaintiffs moved to enjoin the transaction and a settlement was reached whereby defendants agreed to pay a special dividend to Oppenheimer limited partners of approximately $16 million.

- *Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial District, 1999):* **(description above)**

## DAVID KESSLER

Mr. Kessler, a partner of the firm, graduated with distinction from the Emory School of Law. He is licensed to practice in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. He is also a Certified Public Accountant in Pennsylvania. Mr. Kessler co-manages the firm's nationally recognized securities department. In addition to his important role in *Henry v. Sears, et al, Case No. 98 C 4110 (N.D. Ill. 1999)*, Mr. Kessler has achieved the following outstanding results in federal securities cases:

- *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (S.D.N.Y. Dec. 12, 2002)(SAS):

Mr. Kessler, along with Mr. Schiffrin, is presently heading up the firm's litigation efforts in its prominent position as an executive committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, Schiffrin & Barroway was one of only six selected to serve on the executive committee. The coordinated actions, which have been filed against 308 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 308 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history.

- *In re Assisted Living Concepts, Inc. Securities Litigation, Lead Case No. 99-167-AA (D.Or. 1999)*:

Schiffrin & Barroway served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's start-up losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

- *In re Twinlab Corporation Securities Litigation, Master File No. 98-CV-7425 (E.D.N.Y. 1998):*

Schiffrin & Barroway served as Co-Lead Counsel and successfully litigated the action and was able to negotiate a settlement in the amount of $26 million plus interest which was recently approved by the Court.

- *In re Cumulus Media Inc. Sec. Litig., Lead Case No. 00-C-391 (E.D. Wis. 2000):*

Schiffrin & Barroway served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

- *In re Petco Animal Supplies, Inc. Securities Litigation, Master File No. 98 CV 1521-L (S.D. Cal. 1998):*

Schiffrin & Barroway served as Co-Lead Counsel and was able to obtain a recovery of $8.9 million for class members. Claims involved the alleged use of a growth-by-acquisition strategy that masked the Company's declining results.

- *In re Detection Systems, Inc. Securities Litigation, Master File No. 98-CV-6068 (CJS) (W.D.N.Y. 1998):*

Schiffrin & Barroway served as Co-Lead Counsel and was instrumental in obtaining a recovery of $6.3 million for class members against the Company, certain of its officers and directors, and certain underwriters of the Company's offerings. Claims were brought against these defendants as a result of material misrepresentations and omissions regarding the Company's faltering internal control systems.

-11-

- *In re Tel-Save Holdings, Inc., Master File No. 98-CV-3145 (E.D. Pa. 1998)*:

Schiffrin & Barroway served as Lead Counsel in this action. After three years of intense litigation, Schiffrin & Barroway was able to negotiate a settlement of $5.75 million in cash on behalf of class members.

Mr. Kessler, along with other members of the firm, is currently litigating, as Lead or Co-Lead counsel, securities actions brought against such companies as Tyco, Halliburton, PNC Bank, The Interpublic Group of Companies, Computer Associates, CVS, Livent, K-Mart, McLeod USA, New Power, The Interpublic Group of Companies, and various others.

### KRISHNA B. NARINE

Mr. Narine, who received his law degree from The Georgetown University Law Center, manages Schiffrin & Barroway's antitrust department. Previously, Mr. Narine was a partner at Meredith, Cohen, Greenfogel & Skirnick, P.C., a firm which specializes in complex antitrust litigation. While at Meredith Cohen, Mr. Narine was actively involved in complex antitrust litigation for over thirteen years, and personally participated in two of the largest antitrust cases in history:

- *In re Nasdaq Market-Makers Antitrust Litigation, MDL No. 1023 (S.D.N.Y.) (settlement of $1.125 billion);* and

- *In re Brand Name Prescription Drugs Antitrust Litigation, C.A. No. 94C897 and MDL No. 997 (N.D. Ill.) (settlement of $750 million).*

Mr. Narine also has played a prominent role in litigating the following antitrust cases: *In re Commercial Tissue Antitrust Litigation, MDL No. 1189 (N.D. Fla.); In re Carbon Dioxide Antitrust Litigation, MDL No. 940 (M.D. Fla.); In re Drill Bits Antitrust Litigation, C.A. No. H-91-627 (S.D. Tex.); Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc., C.A. No. 87-3717 (E.D. Pa.);*

*In re Vitamins Antitrust Litigation, MDL No. 1285 (D.D.C.); and In re Isostatic Graphite Antitrust Litigation, MDL No. 1857 (E.D. Pa.).*

### KATHARINE M. RYAN

Ms. Ryan, prior to joining Schiffrin & Barroway, was a member of the firm of Savett Frutkin Podell & Ryan, P.C. from its inception in October 1991 through January 2002. Prior to the formation of her firm, from 1984 to 1991, Ms. Ryan was an associate at Kohn, Savett, Klein & Graf, P.C., in Philadelphia. Ms. Ryan graduated cum laude from Villanova University School of Law in May, 1984. She is a member of the Philadelphia Bar Association.

Ms. Ryan has represented plaintiffs in numerous shareholder class action lawsuits, including *In re Apple Computer Securities Litigation*, Master File No. C-8420148(A)(RPA) (N.D. Ca.); *In re Computer Input Services, Inc. Securities Litigation*, Master File No. 83-1393 (E.D. Pa.); *First Jersey Securities Litigation*, C.A. No. 85-7059 (E.D. Pa.); *Gulf States Utilities, Co.*, C.A. No. B-624-CA (E.D. Pa.); *Nissim Husni v. Nutri/System, Inc.*, C.A. 86-0800 (E.D. Pa.); *Western Union Securities Litigation*, C.A. Nos. 74-3241, 78-201 (E.D. Pa.); *Aaron D. Stauber v. Caesars World, Inc.*, Consol. C.A. No. CA 001019 (Superior Court, Los Angeles, Ca.); *Natalie Trager, et al. v. Payless Cashways, Inc., et al.*, C.A. No. CV88-14667 (Circuit Court of Jackson County, Missouri at Kansas City); *Duquesne Light Company Securities Litigation*, No. 86-1756 (W.D. Pa.); *In re Days Inns Corp. Shareholders Litigation*, Consol. C.A. No. 9455 (Del. Chancery Ct.); *In re General Development Corp. Securities Litigation*, Consol. C.A. No. 90-0691-CIV-MARCUS (S.D. Fla., Miami Div.); *In re Network Equipment Technologies Securities Litigation*, Master File No. C-90-1138-DLJ (N.D. Cal.); *In re United Telecommunications, Inc. Securities Litigation*, Consol. C.A. No. 90-2251-0 (D. Kansas), *In re Scott Paper Company Securities Litigation*, Master File No. 90-6192 (E.D. Pa.); *In re Avon Products, Inc. Securities Litigation*, C.A. No. 89 Civ. 6216 (MEL)

(S.D.N.Y.); *In re Centocor Securities Litigation*, Master File No. 92-CV-1071 (E.D. Pa.); *In re U.S. Bioscience Securities Litigation*, Civil Action No. 92-0678 (E.D. Pa.); *In re Xytronyx Securities Litigation*, Master File No. 92-194-H (CM) (S.D. Cal.); *In re Dime Savings Bank of New York Securities Litigation*, Master File No. 89-2189 (JM), MDL Docket No. 846 (E.D.N.Y.); *In re Perfumania, Inc. Securities Litigation*, Case No. 92-1490-CIV-MARCUS (S.D. Fla., Miami Div.); *In re PNC Securities Litigation*, Civil Action No. 90-0592 (W.D. Pa.); *In re Bank of Boston Corp. Securities Litigation*, Master File No. 89-2269-H (D.MA.); *In re Intelligent Electronics, Inc. Securities Litigation*, Master File No. 92-1905 (E.D. Pa.); *In re Numerex Securities Litigation*, Civil Action No. 95-4378 (E.D. Pa.); *In re Synergen, Inc. Securities Litigation*, Civil Action No. 93-B-402 (D.Colo.); *In re Ceridian Corporation Securities Litigation*, Master File No. 7-2044 MJD/AJB (D. Minn.); *In re Corel Corporation Inc. Securities Litigation*, C.A. No. 00-CV-1257 (E.D. Pa..); *H. Carl McCall v. Richard L. Scott, et al.*, No. 3-97-0838 (M.D. Tenn., Nashville Div.); *In re Aetna Inc. Securities Litigation*, MDL No. 1219 (E.D. Pa.); and numerous others.

## STUART L. BERMAN

Mr. Berman, a partner of the firm, received his law degree from The National Law Center at George Washington University. He is licensed to practice law in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Berman has specialized in the area of securities litigation and serves in the firm's case development department, which involves client contact, and litigation strategy. In addition, Mr. Berman has specialized in managing the firm's lead plaintiff litigation and has been instrumental in enabling various of the firm's institutional and individual clients to serve as lead plaintiffs in important cases, such as *In re Tenet Healthcare Corp. Securities Litigation,* No. CV-02-8462-RSWL (C.D. Ca. 2002), *In re*

*Interpublic Securities Litigation*, No. 02 Civ. 6527 (S.D.N.Y. 2002), *In re New Power Holdings Securities Litigation*, C.A. No. 02 Civ. 1550 (S.D.N.Y. 2002), *In re AremisSoft Corp. Sec. Litig.*, C.A. No. 01-CV-2486 (D.N.J. 2002), *Moore v. Halliburton Company*, C.A. No. 02-CV-1152-N (N.D. Tex. 2002), and *In re CVS Corporation Securities Litigation*, No. 01-11464, (D. Mass. 2001). Mr. Berman also has been actively involved in litigating the following prominent cases:

- *In re AremisSoft Corp. Sec. Litig.*, C.A. No. 01-CV-2486 (D.N.J. 2002):

Mr. Berman, along with Mr. Schiffrin, serves as lead counsel in this action in which certain former officers of the Company are alleged to have stolen hundreds of millions of dollars. They negotiated a complex settlement with the Company, which provided for the successful reorganization of the Company and which provided the class with the majority of the equity in the new company. In addition, the settlement established a litigation trust in which all claims owned by the class as well those owned by the Company were assigned for purposes of recovering the substantial losses incurred by the shareholders. The firm and co-counsel are litigating in the Isle of Man and were successful in freezing $175 million of funds stolen by insiders. Schiffrin & Barroway also continues to litigate other claims against the Company's directors and officers, outside auditor and attorneys.

- *In re NetSolve Incorporated Securities Litig.*, C. A. No. A00-CA-591 SS (W.D. Tex. 2000):

Schiffrin & Barroway serves as Co-Lead Counsel in a case involving securities fraud by NetSolve and certain of its officers and directors. Claims were brought against these defendants as a result of material misrepresentations and omissions regarding the Company's customer service problems and declining sales to one of its largest customers. The firm successfully litigated this action which settled for $2.75 million, an amount approved by the Court for the benefit of class members.

-15-

- *In re Acrodyne Communications, Inc. Securities Litig.*, C. A. No. L-00-CV-2490 (D. Md. 2000):

Schiffrin & Barroway served as Lead Counsel in a case involving securities fraud by Acrodyne and certain of its officers and directors. Claims were brought against these defendants for material misrepresentations and omissions regarding the Company's inventory, and as a result, the Company's profits. In light of the Company's precarious financial position, the firm was able to craft a settlement of $750,000 in cash plus interest, and 1.6 million warrants to purchase 1.6 million shares of the Company's common stock. This settlement, approved by the Court, creatively established a structure by which the Company could avoid bankruptcy and, at the same time, provided the Class with potential future benefits.

### GREGORY M. CASTALDO

Mr. Castaldo, a member of the firm, received his law degree from Loyola Law School in 1997 where he received the American Jurisprudence award in legal writing. He received his undergraduate degree from the Wharton School of Business at the University of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey. Mr. Castaldo has been actively involved in litigating the following cases:

- *In re Unigraphics Solutions Inc. Shareholders Litigation*, Cons. C.A. No. 18916, Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $35 million for members of the class;

- *In re Prodigy Communications Corp. Shareholders Litigation*, Cons. C.A. No. 19113-NC, Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $36 million for members of the class; and

- *In re Sodexho Marriot Shareholders Litigation*, Cons. C.A. No. 18640-NC, Delaware

-16-

Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $166 million for members of the class.

**Schiffrin & Barroway also consists of the following senior associates and associates:**

**ROBERT B. WEISER**, a senior associate of the firm, manages the firms shareholder derivative litigation department. Mr. Weiser received his law degree from the Villanova University School of Law. While in law school, he served as a law clerk for the Honorable Clarence J. Newcomer, U.S.D.J. for the Eastern District of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

Schiffrin & Barroway is a national leader in the area of shareholder derivative litigation, having served as Lead or Co-Lead Counsel in more than 90 shareholder derivative actions throughout the nation. Mr. Weiser's more prominent cases include:

- *In Re Staples, Inc. Shareholder Litigation*, CV 18784-NC, (Del. Ch.), in which Schiffrin & Barroway, as Co-Lead Counsel for derivative plaintiffs, secured a financial benefit for Staples worth at least $12 million by winning an injunction which prevented Staples from holding a shareholder vote on an improperly disclosed recapitalization plan that would have unfairly benefitted corporate insiders at the expense of Staples; and

- *Barry v. Cotsakos*, CIV 49804 (San Mateo County Cal.)(the "E*Trade Derivative Litigation"), in which Schiffrin & Barroway, as Co-Lead Counsel for derivative plaintiffs, successfully challenged E*Trade's payment of excessive compensation and benefits to its Chief Executive Officer, and secured a settlement that returned approximately $25 million to E*Trade and instituted comprehensive reforms designed to correct and prevent the recurrence of the alleged misconduct.

**PATRICIA C. WEISER**, a senior associate of the firm, received her law degree from Widener University School of Law. While in law school, she served as a legal intern for the Honorable Clarence J. Newcomer, U.S.D.J. for the Eastern District of Pennsylvania. She is licensed to practice law in Pennsylvania

and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Ms. Weiser concentrates her practice in the area of Mergers & Acquisitions litigation and has recently litigated the following matters to a successful resolution:

- *In re Intimate Brands Inc. Shareholders Litigation,* Cons. C.A. No. 19382-NC, Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $81 million for members of the class;

- *In re Unigraphics Solutions Inc. Shareholders Litigation*, Cons. C.A. No. 18916, Delaware Chancery Court (description above); and

- *In re Storage USA, Inc. Shareholder Litigation*, No. CH-01-2281, Chancery Court, Shelby County, Tennessee, in which Class Counsel achieved an aggregate financial benefit of $10.5 million for members of the class.

**MICHAEL K. YARNOFF**, a senior associate of the firm, received his law degree from Widener University School of Law. He has been practicing law in Pennsylvania and New Jersey since 1991 and has been a member of the Delaware Bar since 1995. He is also admitted to practice before the United States District Court for the Eastern District of Pennsylvania.

Mr. Yarnoff works in the firm's securities litigation department and has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following: *In re Conseco Inc. Securities Litigation*, C.A. No. IP00-C-00585 (S.D. In. 2000) ($120 million cash settlement); *In re Twinlab Corporation Securities Litigation*, Master File No. 98-CV-7425 (E.D.N.Y. 1998) ($26 million cash settlement); *In re Cumulus Media Inc. Sec. Litig.,* Lead Case No. 00-C-391 (E.D. Wis. 2000) ($13 million cash settlement plus stock); *In re Cell Pathways, Inc. Securities Litigation II*, Master File No. 01-CV-1189 (E.D. Pa. 2001) ($2 million cash settlement plus stock). Currently, Mr Yarnoff is either lead or co-lead counsel in *In re CVS Corporation Securities Litigation*, C.A. No. 01-11464 (D. Mass. 2001); *In re Penn Treaty American Corporation Securities Litigation*, C.A. No. 01-CV-1896 (E.D. Pa. 2001); *In re NX*

-18-

*Networks Securities Litigation,* C.A. No. 00-CV-11850 (D. Mass. 2000); and *In re Riverstone Networks, Inc. Securities Litigation,* C.A. No. CV-02-3581 (N.D. Cal. 2002).

**TOBIAS L. MILLROOD**, a senior associate of the firm, received his law degree from the University of Tulsa College of Law. He is licensed to practice law in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit. Prior to joining Schiffrin & Barroway, Mr. Millrood practiced at Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley, P.C. in Philadelphia. While at Anapol, Mr. Millrood garnered several notable achievements, including a $22 million medical malpractice verdict in *Wallace v. Fraider*, Phila. CCP, March 2001, one of the highest in state history. He also wrote and argued cases resulting in significant changes to Pennsylvania law: *Cullen v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n*, 760 A.2d 1198 (Pa. Commw. 2000) (Pennsylvania workers' compensation carrier could not assert a subrogated claim for benefits that its insured's employee was precluded from recovering in settlement of a related medical malpractice claim.); and *Estate of Magette v. Goodman*, 2001 WL 218981 (Pa. Super. 2001) (Failure to retain evidence of EKG strip during orthopedic surgery that resulted in death of patient required new trial where court failed to give jury adverse inference instruction.).

Mr. Millrood manages the firm's mass tort department along with Mr. Schiffrin. He currently is active in mass tort litigation involving Fen-Phen, Baycol, Meridia, Thimerosal, Ephedra and Prempro. In Meridia, Mr. Millrood is Co-Chair of the Meridia Litigation Group of the American Trial Lawyers Association (ATLA) as well as the founding Chair of the ATLA Hormone Therapy (Prempro) Litigation Group. He also serves on the Executive Committee of *MDL 1481, In re Meridia Products Liability*, N.D. Ohio and he is co-chair of both the MDL Discovery and Science & Experts Committee. In Prempro, Mr. Millrood was the first to file a national class action. Mr. Millrood speaks frequently at various drug and mass tort seminars, including ATLA, Mealey's Conferences and Andrews Publications Conferences on the topics of Meridia, Prempro and the Ethics of Settling Mass Tort Cases. Mr. Millrood is a former member of the

-19-

Pennsylvania Trial Lawyers Board of Governors and currently sits on the Executive Committee of the Philadelphia Bar Association Young Lawyers' Division.

**JOSEPH H. MELTZER**, a senior associate of the firm, received his law degree with honors from Temple University School of Law. He is licensed to practice law in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit. Prior to joining Schiffrin & Barroway, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had prominent roles in prosecuting several major antitrust class actions to successful conclusions, including *In re Sorbates Direct Purchaser Antitrust Litigation*, C 98-4886 (N.D. Cal. 2001) (settlements exceeding $92 million) and also defended clients in antitrust and commercial litigation.

Mr. Meltzer concentrates his practice in the areas of antitrust, ERISA and consumer protection, and has helped obtain several multi-million dollar settlements on behalf of class members. Mr. Meltzer is Lead Counsel in several pending nationwide class actions brought on behalf of consumers, employees, and union health and welfare funds, including *In re Global Crossing ERISA Litigation*, 02 Civ. 7453 (S.D.N.Y. 2002); *In re Remeron Antitrust Litigation*, 02-CV-2007 (D.N.J. 2002) and *In re Wellbutrin SR/Zyban Antitrust Litigation*, 02-CV-4398 (E.D. Pa. 2002). Mr. Meltzer is a member of the American Bar Association and is actively involved in the ABA's Section Committees on (i) Employee Benefits and (ii) Antitrust Law.

**MARC I. WILLNER**, an associate of the firm, received his law degree from the George Washington University Law School in 1997. He received his undergraduate degree in Public Policy Studies and Philosophy from Duke University in 1994. Prior to joining Schiffrin & Barroway, he served as a Deputy Attorney General in the Criminal Law Division of the Pennsylvania Office of Attorney General. He is licensed to practice law in Pennsylvania and has been admitted to practice before the United States Court of Appeals for both the First Circuit and the Third Circuit.

Mr. Willner concentrates his practice in the area of securities litigation and has helped obtain several multi-million dollar settlements on behalf of class members, including *In re*

-20-

*AremisSoft Corp. Sec. Litig.*, C.A. No. 01-CV-2486 (D.N.J. 2002); *In re Interpublic Sec. Litig.*,

No. 02 Civ. 6527 (S.D.N.Y.) ($115 million settlement); *In re Warnaco Group Inc. Sec. Litig.*,

No. 00 Civ. 6266 (S.D.N.Y.) ($12.85 million settlement); *In re Pinnacle Holdings Corp. Sec.*

*Litig.*, No. 8:01-CV-624-T-27 (M.D. Fla.) ($11 million settlement); *Griffin v. Painewebber, Inc.*

*et.al.*, No. 99 Civ. 2292 (S.D.N.Y) and *In re Livent, Inc. Sec. Litig.*, No. 98 Civ. 5686 (S.D.N.Y)

(combined $6.45 million settlement with litigation still pending against two non-settling

defendant).

     Mr. Willner is Lead or Co-Lead counsel in several pending nationwide class action

securities cases, including *In re Corning Sec. Litig.*, No. 01-CV-6580 (W.D.N.Y.); *Spagnola v.*

*Kilrea et al.*,(HA-LO Industries, Inc.) No. 02 C 0270 (E.D. Ill.); *D.E. & J. Ltd. Partnership v.*

*Conaway et al.*, (Kmart Corporation) No. 02-70684 (E.D. Mich.); *In re Interpublic Sec. Litig.*,

No. 02 Civ. 6527 (S.D.N.Y.); and *Moore et al. v. Halliburton Co., et al.*, No. 3:02-CV-1152

(N.D. Tex.).

     **ERIC L. ZAGAR**, an associate of the firm, received his law degree from the University

of Michigan Law School (cum laude), where he was an Associate Editor of the Michigan Law

Review.  He has practiced law in Pennsylvania since 1995 and previously served as a law clerk to

Justice Sandra Schultz Newman of the Pennsylvania Supreme Court.  He is admitted to practice

in Pennsylvania.

     Mr. Zagar concentrates his practice in the area of shareholder derivative litigation.  Mr.

Zagar is Lead or Co-Lead counsel in several derivative actions pending in courts throughout the

nation, including *Dominguez v. Collins*, MID-L-7975-02 (Middlesex County, NJ) (Amerada

Hess Corp. Derivative Action); *In Re AMC Entertainment, Inc. Shareholder Derivative*

*Litigation*, 02-CV-221038 (Jackson County, MO); *David v. Wolfen*, 01-CC-03930 (Orange

County, CA) (Broadcom Corp. Derivative Action); *In Re Dynacq Int'l. Shareholder Derivative Litigation*, 2002-07135 (Harris County, TX); and *Campbell v. Rakib*, CV807650 (Santa Clara County, CA) (Terayon Communications Systems, Inc. Derivative Action).

**DARREN J. CHECK**, an associate of the firm, received his law degree from Temple University School of Law. He received his undergraduate degree in History with honors from Franklin & Marshall College. He is licensed to practice in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States District Court for the District of Colorado.

Mr. Check concentrates his practice in the area of securities litigation and has worked extensively with partner David Kessler on *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (S.D.N.Y. Dec. 12, 2002)(SAS) currently pending in the Southern District of New York. Mr. Check serves in the firm's case development department, which involves working with clients, litigation strategy and lead plaintiff issues. In addition, Mr. Check works closely with many of the domestic and foreign institutional investors which the firm represents.

**SEAN M. HANDLER**, an associate of the firm, received his law degree (cum laude) from Temple University School of Law. Mr. Handler received his undergraduate degree from Colby College with distinction in American Studies. He is licensed to practice law in Pennsylvania and has been admitted to practice before the Eastern District of Pennsylvania.

Prior to joining Schiffrin & Barroway, Mr. Handler practiced at Reed Smith, LLP in Philadelphia. Mr. Handler concentrates his practice in the area of securities litigation and serves in the firm's case development department, which involves working with clients, litigation

-22-

strategy and lead plaintiff issues.

**KAY SICKLES**, an associate of the firm, received her law degree from the University of Pennsylvania School of Law in 1994. She received her undergraduate degree from Colgate University, graduating with Honors from the History department. Prior to joining the firm, Ms. Sickles was an associate with Sandals & Langer, LLP, where she litigated complex class actions, arising out of violations of the ERISA and Antitrust statutes. She is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

Ms. Sickles concentrates her practice in the area of securities litigation and specializes in settlement matters.

**ANDREW L. ZIVITZ**, an associate of the firm, received his law degree from Duke University School of Law in 1995, and received a Bachelor of Arts degree with distinction from the University of Michigan, Ann Arbor in 1992. Prior to joining Schiffrin & Barroway, Mr. Zivitz practiced with the Philadelphia law firms of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and Drinker Biddle and Reath, LLP where he litigated complex commercial and environmental matters.

Mr. Zivitz is admitted to practice law in Pennsylvania and New Jersey and has been admitted to practice before the Courts of the Commonwealth of Pennsylvania and the State of New Jersey, the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

Mr. Zivitz concentrates his practice in the area of securities litigation and is Lead or Co-Lead Counsel in several pending nationwide class action securities cases, including *In re*

-23-

*Computer Associates,* No. 02-CV-1226 (E.D.N.Y.); *In re Aon Corp.,* No. 02 CV 5631 (N.D.Ill);

*In re Duane Reade, Inc.,* No. 1:02cv6478 (S.D.N.Y.); *In re McLeodUSA Inc.,* No. C02-0001

(N.D.Iowa); and *In re Great Atlantic and Pacific Tea Company, Inc.,* No. 02-cv-2674 (D.N.J.)

**EDWARD W. CIOLKO**, an associate of the firm, received his law degree from

Georgetown University Law Center, and an MBA from the Yale School of Management. Prior

to joining the firm, he served as an Attorney Advisor to Commissioner Sheila F. Anthony at the

Federal Trade Commission. He is licensed to practice law in the State of New Jersey and has

been admitted to practice before the United States District Court for the District of New Jersey.

Mr. Ciolko concentrates his practice in the areas of antitrust, ERISA, and consumer protection.

**SCOTT K. JOHNSON**, an associate of the firm, received his law degree from

University of California, Hastings College of the Law in 1996. He is a graduate of the University

of Washington, Seattle, where he received a B.A. in Philosophy (1991) and a Master's degree in

Public Affairs (1993). He is licensed to practice law in Pennsylvania and California and has been

admitted to practice before the United States Court of Appeal for the Ninth Circuit and the

United States District Courts of Central, Northern, Eastern California and the Eastern District of

Pennsylvania. Mr. Johnson serves in the firm's mass tort department and concentrates on

litigation arising from injuries caused by the drugs PremPro, Ephedra, and Fen-Phen.

**MARC D. WEINBERG**, an associate of the firm, received his law degree from Widener

University School of Law in 1992 and is a 1989 graduate of The Pennsylvania State University

where he received his B.S. in Business Logistics. He is licensed to practice law in Pennsylvania

and New Jersey and has been admitted to practice before the United States District Court for the

Eastern District of Pennsylvania and the United States District Court for the District of New

Jersey. Mr. Weinberg serves in the firm's case development department and focuses on client

-24-

contact and lead plaintiff issues.

**STEPHEN P. McFATE**, an associate of the firm, received his law degree (magna cum laude) from Temple University School of Law in 1997, where he served on the editorial board of the Temple Law Review. While in law school, he served as a legal intern for the Honorable Russell M. Nigro of the Pennsylvania Supreme Court. Prior to joining Schiffrin & Barroway, Mr. McFate practiced with Hoyle, Morris & Kerr LLP and Dechert LLP in Philadelphia, where he litigated complex commercial, class action, and mass tort matters. Mr. McFate is licensed to practice law in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area of securities litigation.

**RICHARD A. MANISKAS**, an associate of the firm, received his law degree from Widener University School of Law in 2000 and received his undergraduate degree from the University of Pittsburgh. He is licensed to practice law in Pennsylvania and the District of Columbia and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Maniskas works in the firm's case development department.

**CHRISTOPHER L. NELSON**, an associate of the firm, received his law degree from Duke University School of Law and his undergraduate degree in Business, Economics, and the Law from Washington University in St. Louis. Prior to joining Schiffrin & Barroway, Mr. Nelson practiced with the Philadelphia law firm of Berger & Montague, P.C., where he was a securities litigator.

Mr. Nelson is admitted to practice law in the Commonwealth of Pennsylvania, the United States Court of Appeals for the Fourth Circuit, and the United States District Court for the

-25-

Eastern District of Pennsylvania.

Mr. Nelson concentrates his practice in the area of securities litigation and is Lead or Co-Lead Counsel in several pending nationwide class action securities cases, including *In re ICN Pharmaceuticals Securities Litigation*, No. SACV 02-0701(C.D.Cal), and *In re El Paso Electric Company Securities Litigation*, No. 03-CA-0004 (W.D.Tex.).

**SANDRA G. SMITH**, an associate of the firm, received her law degree from Temple University School of Law, where she was Editor-In-Chief of The Temple Environmental Law and Technology Journal. Ms. Smith is also a graduate of St. Joseph's University, where she received her B.A. in History. Prior to joining Schiffrin & Barroway, Ms. Smith practiced as a securities litigator with the Philadelphia law firm of Berger & Montague, P.C. Ms. Smith is licensed to practice in Pennsylvania and is admitted to practice before the United States District Court of the Eastern District of Pennsylvania. Ms. Smith concentrates her practice in the area of Mergers and Acquisition litigation.

**IAN D. BERG**, an associate of the firm, received his law degree from Northwestern University School of Law and his B.A. from Northwestern University. Prior to joining Schiffrin & Barroway Mr. Berg practiced at Barack Ferrazzano Kirschbaum Perlman & Nagelberg LLC, in Chicago, IL. He is licensed to practice law in Illinois and Pennsylvania.

**STEPHEN E. CONNOLLY**, an associate of the firm, received his law degree from Villanova University School of Law, and is a graduate of The Pennsylvania State University. Prior to joining Schiffrin & Barroway, Mr. Connolly was an associate at a Philadelphia firm where he practiced in the areas of complex litigation, securities and antitrust litigation. Mr. Connolly is licensed to practice law in Pennsylvania, and concentrates his practice in the area of antitrust litigation.

-26-

**BENJAMIN J. SWEET**, an associate of the firm, received his law degree from the Dickinson School of Law in 2001, and his BA, *cum laude*, from the University Scholars Program of the Pennsylvania State University in 1997. While in law school, Mr. Sweet served as Articles Editor of the *Dickinson Law Review*, and was also awarded Best Oral Advocate in the ATLA Junior Mock Trial Competition. Prior to joining Schiffrin & Barroway, Mr. Sweet practiced in the Pittsburgh office of Reed Smith LLP, where he specialized in complex civil litigation. Mr. Sweet is licensed to practice law in the Commonwealth of Pennsylvania and before the U.S. District Court for the Western District of Pennsylvania. He concentrates his practice in the area of securities litigation.

**ROBIN WINCHESTER**, an associate of the firm, received her law degree from Villanova University School of Law and received her undergraduate degree in Finance from St. Joseph's University. Prior to joining Schiffrin & Barroway, Ms. Winchester served as a law clerk to the Honorable Robert F. Kelly in the United States District Court for the Eastern District of Pennsylvania. Ms. Winchester is licensed to practice law in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of shareholder derivative litigation.

**EDWARD W. CHANG**, an associate of the firm, received his law degree, with honors, from the George Washington University Law School. During law school Mr. Chang served as a staff member of the American Intellectual Property Law Association Quarterly Journal and published Bidding on Trespass: eBay v. Bidder'sEdge and the Abuse of Trespass Theory in Cyberspace Law, 29 AIPLA Q.J. 445 (2001). Mr. Chang received his undergraduate degree in International Relations, *cum laude*, from the University of Pennsylvania.

Prior to joining Schiffrin & Barroway, Mr. Chang served as a law clerk to the Honorable Ann O'Regan Keary of the Superior Court of the District of Columbia, and is licensed to practice

in New Jersey and Maryland. Mr. Chang concentrates his practice in the area of antitrust and ERISA litigation.

**GERALD D. WELLS, III**, an associate of the firm, received his law degree from Temple University School of Law, where he served on the editorial board of the Environment Law & Technology Journal and was President of the Student Bar Association. Prior to joining the firm, Mr. Wells was an associate at Mager White & Goldstein, LLP where he practiced in the areas of complex commercial litigation, antitrust and securities litigation. He is licensed to practice in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the District Court of New Jersey. Mr. Wells concentrates his practice in the areas of antitrust, ERISA, and consumer protection.

**KAREN E. REILLY**, an associate of the firm, received her law degree from Pace University School of Law, where she was a member of the Moot Court Board and National Moot Court Team. Ms. Reilly received her undergraduate degree from the State University of New York College at Purchase. She is licensed to practice law in Pennsylvania, New Jersey, New York, Connecticut and Rhode Island and has been admitted to practice before the Eastern District of Pennsylvania, District of New Jersey, Southern and Eastern Districts of New York, and the District of Connecticut.

Prior to joining Schiffrin & Barroway, Ms. Reilly practiced at Pelino & Lentz, P.C. in Philadelphia where she litigated a broad range of complex commercial cases. Ms. Reilly concentrates her practice in the area of securities litigation.

**KENDALL S. ZYLSTRA**, a senior associate at the firm, received his law degree from Temple University School of Law, where he graduated with the Temple Law Alumni/ae Moot Court Award. Mr. Zylstra is licensed to practice law in Pennsylvania and has been admitted to practice in the United States Court of Appeals for the Ninth Circuit, the United States District Court for the Eastern District of Pennsylvania, the District of Oregon, the Eastern District of

-28-

Washington, the Western District of Washington, and the New Jersey Superior Court.

Prior to joining Schiffrin & Barroway, Mr. Zylstra practiced law at Berger & Montague, P.C. where is concentrated on antitrust and complex consumer protection litigation. He was an Assistant District Attorny in Philadelphia from 1991 to 1996, primarily prosecuting sexual assault and domestic violence cases. Mr. Zylstra also represented two classes of victims of human radiation experimentation conceived and conducted by the federal government in conjunction with state and private contractors as part of the U.S. atomic weapons research program during the Cold War. He was principally responsible for all areas of litigation on behalf of prisoner experimentation subjects, helping obtain settlements for over $4.7 million combined, and significantly contributed to a reversal by the Ninth Circuit Court of Appeals of a summary judgment dismissal of one of those cases on statute of limitations grounds. *See Bibeau, et al. v. Pacific Northwest Research Foundation, et al.*, 188 F.3d 1105 (9th Cir. 1999).

Mr. Zylstra made significant contributions in winning substantial recoveries in the Phen Fen litigation. Mr. Zylstra continues to concentrate his practice in antitrust, consumer protection and complex civil litigation.



SCHIFFRIN & BARROWAY, LLP
Attorneys at Law

# EXHIBIT G

**RESUME OF**

**GOODKIND LABATON RUDOFF & SUCHAROW LLP**

Goodkind Labaton Rudoff & Sucharow LLP ("GLR&S") is a firm consisting of over 52 lawyers and 10 paralegals with offices in New York and Florida. Formed in 1963, the firm is now in its fortieth year of practice. Since its inception, GLR&S has been engaged in major complex litigation throughout the country. GLR&S has successfully prosecuted and is presently actively prosecuting representative actions (principally class, mass and derivative actions) in the securities, limited partnership, ERISA, medical device, product liability, consumer, and tort areas. GLR&S frequently serves as lead counsel or as a member of Plaintiffs' Executive Committee in major litigations. Such actions include those successfully brought against Prudential Securities Incorporated, PaineWebber Incorporated, New York Life Insurance Company, Spectrum Information, Dun & Bradstreet Corporation, General Motors Corporation, PepsiCo, Sambo's, NYC Housing Development Corporation, Equity Funding Corporation of America, Boeing Company, International Telephone & Telegraph Corporation, LTV Corporation, Financial Corporation of America, Petro-Lewis Corporation, Time Warner, Inc., Square D Corporation and Revlon Inc., among many others.

Numerous courts have had occasion to comment upon the expertise and experience of the firm. GLR&S was co-lead counsel for plaintiffs in *In re Revlon Pension Plan Litigation*, 91 Civ. 4996 (JES), an action before Judge Sprizzo in the United States District Court for the Southern District of New York. Following Edward Labaton's presentation in support of final approval of the settlement of the action, Judge Sprizzo, at page 6 of the transcript of July 8, 1994, complimented the work of Mr. Labaton and GLR&S, stating:

> "The recovery is all they could have gotten if they had been successful. I have probably never seen a better result for the class

than you have gotten here.  * * *  The case has been competently handled by both lawyers whom I know personally and I know their reputation in these cases.  I have had no unnecessary proliferation of expenses.  It has been a very well handled case from the beginning, with a minimum of judicial interference because the parties did not see fit to waste my time with such."

In his Findings and Conclusions on Award of Attorney's Fees and Expenses, entered May 18, 1994 (pp. 12-14) in *In re Prudential-Bache Energy Income Partnerships Securities Litigation*, MDL No. 888, an action in which Lawrence Sucharow of GLR&S served on the Executive Committee of Plaintiffs' counsel and which achieved a settlement of more than $90 million, Judge Marcel Livaudais, Jr. of the United States District Court for the Eastern District of Louisiana observed that

"Counsel were all experienced, possessed high professional reputations and were known for their abilities.  Their cooperative effort in efficiently bringing this litigation to a successful conclusion is the best indicator of their experience and ability …."

"The Executive Committee is comprised of law firms with national reputations in the prosecution of securities class action and derivative litigation.  The biographical summaries submitted by each member of the Executive Committee attest to the accumulated experience and record of success these firms have compiled.

* * *

Moreover … all counsel have prosecuted the case in an efficient, cooperative and diligent manner, bringing the litigation to a swift and successful conclusion for the benefit of all members of the proposed class."

In approving the $110 million partial settlement, in *In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005(MP) (S.D.N.Y.), where GLR&S served as the Chair of an eight-member Executive Committee, of which both Lawrence A. Sucharow and Joel H. Bernstein of GLR&S were members, Judge Milton Pollack, citing the "herculean" effort of plaintiffs' counsel, stated:

2

> But this case represents a unique recovery – a recovery
> that does honor to every one of the lawyers on your side of the
> case.

Transcript of Settlement Hearing, November 17, 1995, p. 138.

GLR&S was a lead attorney in an action against PaineWebber on behalf of clients

who had been induced to invest in ill-conceived limited partnerships.  In approving the

advantageous settlement obtained for the class in *In re PaineWebber Limited Partnerships*

*Litigation*, Master File 94 Civ. 8547 (SHS), Judge Sidney H. Stein, of the Southern District of

New York stated, at page 11 of his March 27, 1998 Opinion and Order:

> The Court, having had the opportunity to observe first hand
> the quality of Class Counsel's representation during this litigation,
> finds that Class Counsel's representation of the Class has been of
> high caliber in conferences, in oral arguments and in work product.
> In addition, few could blink at the substantial results achieved in
> this litigation for the Class, totaling an estimated $200 million, plus
> interest.

Judge John S. Martin, Jr. of the Southern District of New York has also

complimented GLR&S's superb work.  During the proceedings of November 7, 1997 in *Jolly v.*

*Pittore*, 92 Civ. 3593 (JSM), Judge Martin expressed the view, at page 22 of the transcript, that

not only was the fee being requested by GLR&S, the sole class counsel, "very reasonable and

appropriate," but that "class counsel has performed superbly in this case."

In the decision of Judge Lasker in *Rosengarten v. International Telephone &*

*Telegraph Corp.*, summarized at [1981 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,876

(S.D.N.Y. 1981), Judge Lasker says, with respect to the firm, "Counsel are attorneys of

experience and of good repute in the fields of stockholder actions ..." and "they served the

corporation and its stockholders with professional competence as well as admirable diligence,

imagination and tenacity".  GLR&S's work also received favorable comment from Judge Haight

in *Greene v. Emerson's Ltd.*, 86 F.R.D. 47, 62 (S.D.N.Y. 1981) (wherein the court had occasion

to characterize the firm as "effective, vigorous and experienced in the field ..."). In his order in 1987 approving the settlement of a class action brought against Gambro AB (*Abbey v. Gambro AB*, 85 Civ. 1717(EW) (S.D.N.Y. 1987) the "*Gambro* action"), the late Judge Edward Weinfeld of the Southern District of New York commented favorably on the high quality of the work performed by GLR&S.

Similarly, in approving a settlement, which was arrived at after seven weeks of trial before a jury and resulted in a recovery of $7 million on behalf of purchasers of stock of Sambo's Restaurants, Inc., Judge Whitman Knapp of the Southern District of New York characterized the work of GLR&S in that case as "spectacular." *Kreindler v. Sambo's Restaurants, Inc.*, 79 Civ. 4538(WK) (S.D.N.Y.). On the record of the public hearing on the proposed settlement in *Peter Stuyvesant, Ltd. v. Druz*, 89 Civ. 3611(MCG), held October 31, 1991, Judge Miriam Goldman Cedarbaum of the Southern District of New York took the occasion to compliment the work of both GLR&S and Edward Labaton, a partner of the firm, commenting "you have done a fine and effective job of representing the class here."

In *Park Lane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979), a class action, GLR&S succeeded in obtaining the landmark Supreme Court decision relating to the offensive use of the collateral estoppel. GLR&S obtained another landmark decision in the area of class actions in *Boeing Company v. Van Gemert*, 444 U.S. 472 (1980). GLR&S acted as lead counsel in the *General Motors Diesel Litigation*, 81 Civ. 1252(HB) (E.D.N.Y.), which was prosecuted on behalf of owners of certain diesel automobiles manufactured by General Motors Corporation. That action resulted in a settlement of more than $18 million, at the time, one of the largest settlements ever obtained in a consumer class action. As co-lead counsel in the class actions involving *Petro Lewis Corp.*, 84 Civ. 326 (D. Colo.), GLR&S succeeded in obtaining a

4

settlement valued by the court at $113.5 million. GLR&S also served as co-lead counsel in a class action brought on behalf of purchasers of the common stock of *PepsiCo, Inc.*, 82 Civ. 8403(ADS) (S.D.N.Y.). The class recovered $21.5 million as a result of the vigorous prosecution of that action. In *Weckstein v. Breitbart*, Index No. 19639/83, GLR&S tried an action in the Supreme Court of the State of New York, County of New York, on behalf of limited partners alleging gross breaches of fiduciary duty by the general partner. After the trial, the court rendered a verdict removing the general partner, appointing a receiver and awarding damages of more than $7.5 million. GLR&S chaired the Executive Committee of Plaintiffs' Counsel which prosecuted the *In re Todd Shipyards Securities Litigation*, Master File No. 88-2580(DRD) (D.N.J.), to a $12.6 million settlement on behalf of the class.

In four recently settled actions, GLR&S undertook a lead role in obtaining benefits for class members of $200 million (*In re PaineWebber Incorporated Limited Partnerships Litigation*, 94 Civ. 8547(SHS) (S.D.N.Y.) – member of six-lawyer executive committee); $110 million partial settlement (*In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005(MP) (S.D.N.Y.) – chairman of eight-lawyer executive committee); $91 million (*In re Prudential Bache Energy Income Partnerships Securities Litigation*, MDL-888(ML) (D. La.) – member six-lawyer executive committee); and $92 million (*Shea v. New York Life Insurance Company*, Civ. 96-0746 (S.D. Fla.) – Co-lead counsel).

GLR&S has discharged its responsibilities as lead and co-lead counsel in complex cases in an efficient, effective and cooperative manner. In *In re Energy Systems Equipment Leasing Securities Litigation*, MDL-637(LDW) (E.D.N.Y.), a multi-faceted, multi-district litigation in which GLR&S acted as co-lead counsel for the plaintiffs, Judge Wexler of the Eastern District of New York, complimented the firm for the efficient manner in which the

complex litigation proceeded and cited the cooperation and efficiency of plaintiffs' counsel as an example to be emulated by counsel in other actions.

GLR&S is presently prosecuting numerous complex civil actions in a leadership capacity on behalf of investors or victims. Class or mass actions in which GLR&S currently has an active leadership role include:  *In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005 (S.D.N.Y.); *Lewis v. Turner Broadcasting*, Consol. Civ. Action No. E-41500 (Sup. Ct. Fulton County, Ga.); *New York Tobacco Litig.*, CA No. 96-110952 (Sup. Ct., N.Y. County, N.Y.); *Gunter, et al. v. Ridgewood Energy Corporation, et al.*, Civil No. 95-438 (WHW) (D.N.J.).

Among the attorneys at GLR&S who are involved in the prosecution of this action are Jonathan M. Plasse and Christopher J. Keller.  A short description of the qualifications and accomplishments of each follows.

A short description of the qualifications and accomplishments of each of the attorneys at GLR&S who are involved in the prosecution of class actions follows.

***Jonathan M. Plasse*** graduated from Brooklyn Law School in 1976.  While at GLR&S he has concentrated his practice on the litigation of securities and other class actions. Mr. Plasse is a member of the Association of the Bar of the City of New York and has lectured on securities law and consumer class actions.  Mr. Plasse has successfully prosecuted numerous securities fraud, transaction related, and consumer class actions, including the following cases in which the firm served as lead or co-lead counsel:

- *In re National Health Laboratories Derivative Litig.* (derivative settlement of $20 million);

- *Kaplan v. General Motors Corp.*, 81 Civ. 1252 (HB) (E.D.N.Y.)

(consumer class action settled for $22.5 million);

- *Steiner v. Figgie International, Inc.*, 1:94 Civ. 0805 (J. Manos) (N.D.

Ohio, Eastern Div.) (securities class action settled for $7.5 million).

- *In re Home Shopping Network Shareholders Litig.*, C.A. No. 12868 (Del.

Ch.) (settlement of $13.9 million);

- *In re U.S. Alcohol Testing of America Sec. Litig.*, S.A. CV 92-123 (LHM)

(C.D. Ca.) (securities class settlement for $4.6 million);

- *In re Avon Products Inc. Sec. Litig.*, 89 Civ. 6216 (MEL) (S.D.N.Y.)

(securities claim settled for $6.4 million).

- *In re Gibson Greetings Inc. Sec. Litig.*, (No. C-1-94-445) (J. Beckwith)

(S.D. Ohio) (pending securities class action);

- *In re Computron Software Inc. Sec. Litig.*, Civ. Action No. 96-1911

(D.N.J.) (AJL) (pending securities class action).

***Christopher J. Keller*** received a B.A. degree from Adelphi University in 1993

and received his J.D. from St. John's University School of Law in 1997. He is admitted to the

New York bar and the Southern and Eastern Districts of New York. Mr. Keller joined the firm

as an associate in 2000. His practice includes the representation of clients in securities class

actions, with a focus on protecting investors in limited partnerships, and the full range of

consumer related suits.

Mr. Keller is an active member of the bar, with memberships in several

professional groups including the New York State Bar Association and the New York County

Lawyers' Association.