## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH CHIN, Individually And On Behalf Of All Others Similarly Situated, | : | Case No.:  1:04cv10294-DPW |
| | : | |
| | : | RELATED CASES: |
| Plaintiff, | : | 1:04-cv-10307-DPW |
| | : | 1:04-cv-10308-DPW |
| vs. | : | 1:04-cv-10310-DPW |
| | : | 1:04-cv-10329-DPW |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | : | 1:04-cv-10333-DPW |
| | : | 1:04-cv-10345-DPW |
| Defendants. | : | 1:04-cv-10346-DPW |
| | : | 1:04-cv-10359-DPW |
| | : | 1:04-cv-10362-DPW |
| | : | 1:04-cv-10363-DPW |
| | : | 1:04-cv-10364-DPW |
| | : | 1:04-cv-10382-DPW |
| | : | 1:04-cv-10383-DPW |
| | : | 1:04-cv-10384-DPW |
| | : | 1:04-cv-10454-DPW |
| | : | 1:04-cv-10576-DPW |
| | : | 1:04-cv-10597-DPW |
| | : | 1:04-cv-10612-DPW |
| | : | 1:04-cv-10623-DPW |
| | : | |
| | : | |
| | : | |
| RICHARD CURTIS, Individually And On Behalf Of All Others Similarly Situated, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:04cv10314-MLW |
| | : | |
| vs. | : | |
| | : | |
| SONUS NETWORKS, INC., HASSAN M. AHMED and STEPHEN J. NILL, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE JIANG GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

Tian Jiang, Joseph Rodulavic, and Gary Brost (collectively known as "the Jiang Group" or "Movants") respectfully submit this Memorandum of Law in support of their motion (1) to consolidate the actions presently pending in the District of Massachusetts; (2) to appoint them Lead Plaintiff in this action; (3) to approve their selection of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") as Lead Counsel and Moulton & Gans P.C. ("Moulton & Gans") as Liaison Counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are twenty-one related class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired securities of Sonus Networks, Inc. ("Sonus" or the "Company") during the period April 9, 2003 and February 11, 2004, inclusive (the "Class Period"). These actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. Defendants are Sonus, Hassan M. Ahmed, Sonus' President and Chief Executive Officer, and Stephen J. Nill, Sonus' Chief Financial Officer. Class members sustained heavy losses as a result of the alleged fraud.

Pursuant to the PSLRA, prior to selecting a Lead Plaintiff, the Court must decide whether to consolidate related actions. See 15 U.S.C. 78u-4(a)(3)(B)(ii). As soon as practicable after a decision on consolidation has been rendered, the Court is to appoint as the Lead Plaintiff the movant or group of movants with the largest financial interest in the litigation of those seeking such appointment and which otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See id.*

The Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). The Jiang Group should be appointed as Lead

Plaintiff because it: (1) timely filed a motion for appointment as lead plaintiff; (2) with an estimated loss of $102,634.66 in Sonus securities during the Class Period, the Jiang Group has the largest financial interest in this litigation of any plaintiff or Lead Plaintiff movant of which movants are aware; and (3) will adequately represent the interests of the Class. See 15 U.S.C. 78u-4(a)(3)(B)(iii).  The Jiang Group's selection of Milberg Weiss as Lead Counsel, and Moulton & Gans as Liaison Counsel should be approved because, pursuant to the PSLRA, the Jiang Group, as the presumptive Lead Plaintiff, selects counsel.  Milberg Weiss and Moulton & Gans have extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## STATEMENT OF FACTS [1]

The complaint charges that defendants violated Section 10(b) and 20(a) of the Securities Exchange Act of 1934, and rule 10b-5 promulgated thereunder.  During the Class Period, defendants touted the company's positive financial results, including revenue growth, however, unbeknownst to the class, Sonus' financial statements and earnings announcements were allegedly materially false and misleading when made because the company had been improperly recognizing revenues, thereby deceiving investors as to the company's true results of operations and worth.  On January 20, 2004, Sonus announced that it would delay releasing its results for the fourth quarter and full-year 2003 "pending the completion of its 2003 audit."  The Company did not elaborate on why the audit was not completed in time.  On February 11, 2004, the Company issued a press release, after the close of ordinary trading, announcing that the Company and its auditors had identified certain issues, practices and actions of certain

---

[1]    These facts are derived from the allegations in the complaint captioned Curtis v. Sonus Networks, Inc., et al. 04-CV-10314-MLW (D. Mass. filed on Feb. 13, 2004) ("the Curtis Complaint").

employees relating to both the timing of revenue recognized from certain customer transactions and to certain other financial statement accounts which might impact Sonus' reported fiscal 2003 financial results, and possibly prior period reported financial results as well.

## ARGUMENT

## POINT I.

## THE ACTIONS SHOULD BE
## CONSOLIDATED FOR ALL PURPOSES

The Actions assert class claims on behalf of the purchasers of Sonus securities for alleged violations of the securities laws during the Class Period. The Actions name common defendants and involve the same factual and largely overlapping legal issues. They are each brought by investors who purchased shares of Sonus during the Class Period pursuant to the materially false and misleading statements which artificially inflated the price of Sonus securities. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

## POINT II.

## THE JIANG GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment

as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action captioned

Chin v. Sonus Networks, Inc., et al., caused notice to be published over PR Newswire on

February 12, 2004.[2] See Gans Decl., Exhibit A.[3] Within 60 days after publication of the notice,

any person or group of persons who are members of the proposed class may apply to the Court to

be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the

action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court

shall consider any motion made by a class member and shall appoint as Lead Plaintiff the

member or members of the class that the Court determines to be most capable of adequately

representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the

"most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this Act is the person or
> group of persons that
>
> > (aa) has either filed the complaint or made a motion
> > in response to a notice...
> >
> > (bb) in the determination of the court, has the
> > largest financial interest in the relief sought by the
> > class; and otherwise satisfies the requirements of
> > Rule 23 of the
> >
> > (cc) Federal Rules of Civil Procedure.

---

[2]    The national news services have been recognized as suitable vehicles for meeting the
statutory requirement that notice be published "in a widely circulated national business-oriented
publication or wire services." Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass.
1996); Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866,
at *2 (N.D. Ill. Aug. 6, 1997). See Exhibit A of the Declaration of Nancy Gans In Support of the
Jiang Group's Motion for Consolidation, Appointment as Lead Plaintiff, And Approval of Lead
Plaintiff's Selection of Lead Counsel and Liaison Counsel submitted contemporaneously
herewith ("Gans Decl.") (attaching first published notice in this action).

[3]

15 U.S.C. 78u-4(a)(3)(B)(iii). <u>See generally</u> <u>Greebel</u>, 939 F. Supp. at 64.

**B.    The Jiang Group Satisfies The "Lead Plaintiff" Requirements Of The <u>Exchange Act</u>**

**1.    The Jiang Group Has Complied With The Exchange Act And Should <u>Be Appointed Lead Plaintiff</u>**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on April 12, 2004. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 12, 2004), the Jiang Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The Movants have duly signed and filed certifications stating that it has reviewed the allegations of the Curtis Action and are willing to serve as a representative party on behalf of the class. <u>See</u> Gans Decl., Exhibit B. In addition, the Movants have selected and retained competent counsel to represent them and the class. <u>See</u> Gans Decl., Exhibits D and E (attaching firm resumes of Milberg Weiss and Moulton & Gans). Accordingly, the Jiang Group has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and its selection of Milberg Weiss to serve as Lead Counsel and Moulton & Gans to serve as Liaison Counsel considered and approved by the Court.

**2.    The Jiang Group Has The Requisite Financial Interest In The Relief <u>Sought By The Class</u>**

During the Class Period, as evidenced by the certifications signed by or on behalf of each member of the Jiang Group (<u>see</u> Gans Decl., Exhibit B) and analysis of their transactions in Sonus securities (<u>see</u> Gans Decl., Exhibit C), the Jiang Group has suffered losses of $102,634.66. Upon information and belief, the Jiang Group's financial interest in this matter is the largest of any competing lead plaintiff movant. Therefore, the Jiang Group satisfies all of the PSLRA's

prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B). *See Schulman*, 2003 U.S. Dist. LEXIS 10348, at *12 (appointing movant group with the largest financial interest as lead plaintiff.).

### 3.    The Jiang Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two — typicality and adequacy -directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997). The Jiang Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require

that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. See Priest v. Zayre Corp., 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. Phillips v. Joint Legislative Comm. on Performance & Expenditure Review, 637 F.2d 1014, 1024 (5th Cir. 1981).

The Jiang Group satisfies this requirement because, just like all other class members, the Jiang Group members: (1) purchased or otherwise acquired Sonus securities during the Class Period; (2) purchased Sonus securities at prices artificially inflated as a result of the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby.  Thus, the Movant's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to represent the class to the existence of any conflicts between the interest of the Jiang Group and the members of the class.  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the proposed lead plaintiff and the class members and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Modell v.

Eliot Sav. Bank, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (lst Cir. 1985)).

Here, the Movant is an adequate representative of the class. As evidenced by the injury suffered by the Jiang Group, which acquired Sonus securities at prices artificially inflated by defendants' materially false and misleading statements, the interests of the Jiang Group are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Movant's interests and those of the other members of the class. Further, the Movant has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims and to further investigate the facts giving rise to this action. In addition, as shown below, the Movant's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Jiang Group prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## POINT III.

### THE JIANG GROUP'S CHOICE OF
### LEAD AND LIAISON COUNSEL SHOULD BE APPROVED

The Jiang Group has selected Milberg Weiss to serve as lead counsel, subject to Court approval. Milberg Weiss possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Milberg Weiss has been appointed as lead or co-lead counsel in landmark class actions, including In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and In re Enron Corporation Securities Litigation which is one of the largest securities class action lawsuit ever.

Moulton & Gans is also experienced in litigating securities class actions and has successfully represented plaintiffs in securities class actions numerous times before this Court and will move than adequately represent.  The interests of the Class as Liaison Counsel.  <u>See</u>, Gans Decl., Exs. E and F.

<u>CONCLUSION</u>

For the foregoing reasons, the Jiang Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).  The Jiang Group respectfully requests that this Court: (1) consolidate the Actions presently pending in this District; (2) appoint the Jiang Group as Lead Plaintiff pursuant to §21D(a)(3)(B); (3) approve its selection of Milberg Weiss as Lead Counsel and Moulton & Gans as Liaison Counsel.

DATED: April 12, 2004

Respectfully submitted,

**MOULTON & GANS P.C.**

By: /s/Nancy Freeman Gans
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, MA  02109
Telephone:  (617) 369-7979

***Proposed Liaison Counsel***

**MILBERG WEISS BERSHAD HYNES
   & LERACH LLP**
Steven G. Schulman
Richard H. Weiss
Peter E. Seidman
Sharon M. Lee
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

*Proposed Lead Counsel*