**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DEBORAH CHIN, Individually and on behalf of all others similarly situated, | ) | Case No. 1:04-cv-10294-DPW |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, STEPHEN NILL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

(Additional Captions Follow)

**BELLAND GROUP'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO CONSOLIDATE,**
**TO BE APPOINTED LEAD PLAINTIFF, AND FOR**
**<u>APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL</u>**

MICHELLE TREBITSCH, on behalf of
herself and all others similarly situated,

          Plaintiff,

          vs.

SONUS NETWORKS, INC., HASSAN M.
AHMED, and STEPHEN J. NILL,

          Defendants.

) Case No. 1:04-cv-10307-DPW
)
)
)
)
)
)
)
)
)
)
)

---

INFORMATION DYNAMICS, LLC, on
behalf of itself and all others similarly
situated,

          Plaintiff,

          vs.

SONUS NETWORKS, INC., PAUL. R.
JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M.
AHMED and STEPHEN J. NILL,

          Defendants.

) Case No. 1:04-cv-10308-DPW
)
)
)
)
)
)
)
)
)
)
)
)
)

---

PETER KALTMAN, on behalf of himself
and all others similarly situated,

          Plaintiff,

          vs.

SONUS NETWORKS, INC., RUBIN
GRUBER, HASSAN AHMED and
STEPHEN NILL,

          Defendants.

) Case No. 1:04-cv-10309-DPW
)
)
)
)
)
)
)
)
)
)
)

| | |
|---|---|
| SAMANTHA DEN, individually and on behalf of all others similarly situated, | ) Case No. 1:04-cv-10310-DPW<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| RONALD KASSOVER, on behalf of the Ronald Kassover IRA and all others similarly situated, | ) Case No. 1:04-cv-10329-DPW<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, STEPHEN J. NILL, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| STEVE L. BAKER, Individually and on behalf of all others similarly situated, | ) Case No. 1:04-cv-10333-DPW<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | | |
|---|---|---|
| MICHAEL KAFFEE, Individually and on behalf of all others similarly situated, | ) | Case No. 1:04-cv-10345-DPW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| HAIMING HU, Individually and on behalf of all others similarly situated, | ) | Case No. 1:04-cv-10346-DPW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| CHARLES STARBUCK, Individually and himself and all others similarly situated, | ) | Case No. 1:04-cv-10362-DPW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | |
|---|---|
| SANUEL HO, Individually and on behalf of all others similarly situated, | ) Case No. 1:04-cv-10363-DPW<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| JEFFREY C. RODRIGUES, Individually on behalf of all others similarly situated, | ) Case No. 1:04-cv-10364-DPW<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| ROBERT CONTE and MARK RESPLER, on behalf of himself and all other similarly situated, | ) Case No. 1:04-cv-10382-DPW<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

WHEATON ELECTRICAL SERVICES ) Case No. 1:04-cv-10383-DPW
RETIREMENT 401 K PROFIT SHARING )
PLAN, on behalf of itself and all others )
similarly situated, )
)
                Plaintiff, )
)
      vs. )
)
SONUS NETWORKS, INC., HASSAN )
AHMED and STEPHEN J. NILL, )
)
             Defendants. )
_____ )

BRIAN CLARK, Individually and on )Case No. 1:04-cv-10454-DPW
behalf of all others similarly situated, )
)
             Plaintiff, )
)
      vs. )
)
SONUS NETWORKS, INC., PAUL R. )
JONES, EDWARD N. HARRIS, J. )
MICHAEL O'HARA, HASSAN M. )
AHMED, and STEPHEN J. NILL, )
)
             Defendants. )
_____ )

SHEILA BROWNELL, Individually and on ) Case No. 1:04-CV-10597-DPW
behalf of all others similarly situated, )
)
             Plaintiff, )
)
      vs. )
)
SONUS NETWORKS, INC., HASSAN )
AHMED and STEPHEN NILL, )
)
             Defendants. )
_____ )

| | |
|---|---|
| SAVERIO PUGLIESE, on behalf of himself and all others similarly situated, | ) Case No. 1:04-cv-10612-DPW ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, STEPHEN J. NILL, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| DAVID V. NOCITO, on behalf of himself and all others similarly situated, | ) Case No. 1:04-cv-10623-DPW ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**INTRODUCTION**

In this securities class action brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of all persons or entities who purchase or otherwise acquired Sonus Networks, Inc. ("Sonus" or the "Company") securities (the "Class") during the period May 12, 2003 to March 26, 2004, inclusive (the "Class Period"), Plaintiffs Grace I. Belland, Leopoldo L. Mestre, Jacob I. Sherman, Scott L. Dunkley, Abdul S. Budhinani, and Sean P. McCarthy, collectively known as the "Belland Group," now move for consolidation of all related actions, and to be appointed Lead Plaintiff.

The Belland Group is the "most adequate plaintiff" within the meaning of the Exchange Act as detailed below. In addition to moving to be appointed Lead Plaintiff, the Belland Group has suffered damages of $123,874.35, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff Deborah Chin filed the initial complaint in this matter on February 12, 2004 in this Court. The complaint alleges that during the Class Period, defendants caused the share of Sonus to trade at artificially inflated levels through the issuance of false and misleading financial statements. On February 11, 2004, the Company issued a press release which stated: "Sonus Networks today provided additional information regarding the delay in reporting its fourth quarter and full fiscal year financial results for the year ended December 31, 2003. In connection with the year-end audit, Sonus Networks and its independent auditors have identified certain issues, practices and actions of certain employees relating to both the timing of revenue recognized from certain customer transactions and to certain other financial statement accounts, which may affect the Company's 2003 financial statements and possibly financial statements for prior periods." The stock dropped below $6 per share on this news. Subsequently, on March 29, 2004, Sonus announced that it would

delay the filing of its amended annual report for fiscal year 2003, which could result in a delisting of its stock from NASDAQ. In this announcement, Sonus stated that it expected to restate its financial results for fiscal year 2002 and is considering expanding its ongoing accounting review to include additional prior periods. As a result, Sonus stock fell an additional 14% from $4.56 on March 26, 2004 to close at $3.92 on March 29, 2004.

In accordance with Section 21D(a)(3)(A) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(A), Plaintiff Chin, on February 12, 2004, caused to be published in PRNEWSWIRE, a widely circulated national business-orientated newspaper, a notice advising class members of the pendency of the action, the claims asserted therein, the purported class period, and their right to move this Court to be appointed Lead Plaintiff. A copy of the notice is attached to the Declaration of Theodore M. Hess-Mahan, executed on April 12, 2004 (the "Hess-Mahan Declaration") as Exhibit 1.

## APPLICABLE PROVISIONS OF THE EXCHANGE ACT

15 U.S.C. § 78u-4(a)(1) applies to each private action brought under the federal securities laws as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(A)(i) requires that within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

1. of the pendency of the action, the claims asserted therein, and the purported class period; and
2. that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
15 U.S.C. § 78u-4(a)(3)(B) requires the Court consider any motion made by a purported

class member, in response to the notice, to serve as lead plaintiff by the later of 90 days after the date of publication of the notice or as soon as practicable after the Court decides any pending

2

motion to consolidate any actions asserting substantially the same claim or claims.

15 U.S.C. § 78u-4(a)(3)(B)(i) provides that the Court "shall appoint as lead plaintiff the members or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff')." To assist the Court in determining the most adequate plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii), sets forth the rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Finally, 15 U.S.C. § 78u-4(a)(3)(B)(v) provides that the most adequate plaintiff shall, subject to approval of the Court, select and retain counsel to represent the Class as Lead Counsel. *See Greebel v. FTP Software, Inc.* 939 F. Supp. 57, 62-64 (D. Mass. 1996) (Tauro, J.).

## ARGUMENT

### I. CONSOLIDATION IS APPROPRIATE.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving a common question of law or fact. District courts have broad discretion to consolidate actions and must consider the benefits of convenience and efficiency in doing so. "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. denied,* 498 U.S. 920 (1990). In securities actions where the complaints are based on common questions of law and fact,

3

consolidation is appropriate. *Nager v. Websecure, Inc.,* 1997 U.S.Dist. LEXIS 19601 (D. Mass.

Nov. 26, 1997) (O'Toole, J.).

The Belland Group asks this Court to consolidate all related actions with this action as well

as any other action now pending or hereafter filed in or transferred to this District as a class action

on behalf of purchasers of the securities of Sonus which arise out of the same facts as alleged in the

above-referenced actions.

The class actions currently before the Court are ideally suited for consolidation pursuant to

Rule 42, since they present virtually identical claims for relief based upon a single course of conduct

during the Class Period, as described above.  Thus, since the complaints present similar issues of

law and fact, consolidation of these actions promotes judicial economy by streamlining and

simplifying pre-trial and discovery motions and class certification issues, and by reducing the waste,

confusion, and delay that could result from multiple trials.

Under 15 U.S.C. § 78u-4(a)(3)(B)(ii), the Court must decide this motion to consolidate

before determining the Lead Plaintiff.

## II.  THE BELLAND GROUP SHOULD BE APPOINTED LEAD PLAINTIFF.

As detailed below, the Belland Group is the most adequate plaintiff within the meaning of

the Exchange Act.  The Belland Group has moved to be appointed Lead Plaintiff, has the largest

financial interest in the relief sought by the Class, and otherwise satisfies the requirements of the

Rule 23 of the Federal Rules of Civil Procedure.

A.    <u>**The Belland Group has moved to be appointed Lead Plaintiff.**</u>

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) sets forth the rebuttable presumption that the most

adequate plaintiff is the person or group of persons that has either filed a complaint or moved

pursuant to the notice to be appointed Lead Plaintiff.  *See Metro Serv., Inc. v. Wiggins*, 158 F.3d

162, 164 (2d Cir. 1998) (reiterating the presumption under the Private Securities Litigation Reform

Act (the "PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)); *In re Crayfish Co. Sec. Litig.*, No. 00 Civ.

6766, 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (same).

In this case, Plaintiffs Grace I. Belland, Leopoldo L. Mestre, Jacob I. Sherman, Scott L.

Dunkley, Abdul S. Budhinani, and Sean P. McCarthy have timely moved pursuant to the instant

motion to be appointed Lead Plaintiff.  Moreover, the Belland Group consists of a group of six

Plaintiffs, each of whom have a large stake in the litigation.  The Belland Group is capable of

functioning as a cohesive Lead Plaintiff group.

**(i) <u>The Belland Group has the largest financial interest.</u>**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) sets forth the rebuttable presumption that the most

adequate plaintiff is the person or group of persons that in the determination of the court has the

largest financial interest in the relief sought by the class.  *See In re Lernout & Hauspie Sec. Litig.*,

138 F. Supp. 2d 39 (D. Mass. 2002).  The majority of courts have allowed the aggregation of

plaintiffs' losses for the purpose of being appointed lead plaintiff.  *See, e.g.*, *In re American Bank*

*Note Holographics, Inc. Sec. Litig.*, 93 F. Supp. 2d 424, 436 (S.D.N.Y. 2000) ("The nomination of

a group of investors as co-lead plaintiffs is specifically contemplated by the PSLRA.").

During the Class Period, the Belland Group collectively acquired 124,400 shares of Sonus

securities and has suffered damages of $123,874.35.[1]  The certifications of the members of the

---

[1]    Section 21D(e) of the Exchange Act provides that a plaintiff's damages shall not
(continued...)

5

Belland Group setting forth their relevant trades in Sonus stock, among other matters, are attached

to the Hess-Mahan Declaration as Exhibit 2.

### (ii) The Belland Group otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) sets forth the rebuttable presumption that the most

adequate plaintiff is the person or group of persons that "otherwise satisfies the requirements of the

Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a

class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly

address the personal characteristics of the class representative. Consequently, in deciding a motion

for appointment of Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy

prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff

moves for class certification. *See Lernout,* 138 F. Supp. 2d 39; *Chill*, 181 F.R.D. 398, 404 (D. Minn.

1998). Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying

their appointment as Lead Plaintiff.

---

[1] (...continued)
exceed the price paid for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market. If a plaintiff sells the subject security prior to the expiration of the 90-day period that plaintiff's damages shall not exceed the difference between the purchase and the mean trading price of the security during the period beginning after dissemination of the corrective information and ending on the date on which the plaintiff sells the security. 15 U.S.C. § 78u-4(e). In the instant action, the 90-day period began on March 26, 2004. During this 17-day (March 26, 2004 through April 12, 2004), the mean trading price of Sonus common stock was $4.005. The Belland Group's losses were computed in accordance with the above provisions. *See* Hess-Mahan Declaration, Exhibit 3.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typical does not mean identical. *See Zemel Family Trust v. Philips Int'l Realty Corp.*, 205 F.R.D. 434, 436 (S.D.N.Y. 2002); *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981). Rather, typicality exists where the plaintiff and the class members have "the same or similar grievances." *Alpern v. UtiliCorp United*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury*, 554 F.2d 825, 830 (8th Cir. 1977)); *In re Crayfish Co. Sec. Litig.*, , No. 00 Civ. 6766, 2002 WL 1268013, at *5 (S.D.N.Y. June 6, 2002) (finding typicality where all plaintiffs of a group suffered losses resulting from the same alleged misconduct by defendants). Where, as here, all movants and class members assert federal securities claims arising out of Defendants' misrepresentations and omissions concerning Sonus's financial condition, the typicality requirement is met. *See generally*, *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 374 (S.D.N.Y. 2000) (finding typicality where class members and lead plaintiffs alleged the same wrongful course of conduct by defendants regarding its business and financial condition); *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 CIV. 6689 (SAS), 2002 WL 1059086, at *4 (S.D.N.Y. Mar. 28, 2002) (finding typicality where plaintiffs were subject to unique defenses); *Hoxworth v. Blinder Robinson*, 980 F.2d 912, 923 (3d Cir. 1992) (affirming, over typicality objection, certification of class of investors who had purchased or sold any one of 21 securities).

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) the class representatives' choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Paxton v. United Nat'l Bank*, 688 F.2d 552, 562-63 (8th Cir. 1982).

Not only does the Belland Group meet the procedural requirements, it is also a sophisticated

7

group of investors who have traded for many years and have a great understanding of the stock market. Moreover, the Belland Group relied upon the integrity of the market for Sonus stock, which was inflated by the false and misleading statements issued by Defendants, in purchasing Sonus securities.

The Belland Group consists of a group of three Plaintiffs who acquired Sonus securities after relying upon the integrity of the market for Sonus securities that was artificially inflated by material misrepresentations and omissions made by Defendants. The members of the Belland Group understand the responsibilities of the Lead Plaintiff and the duties of monitoring the litigation, cooperating in pursuing the litigation, and working together for the best interests of the Class throughout the litigation. *See In re Cephalon Sec. Litig.*, No. CIV.A.96-CV-0633, 1996 WL 515203, at *1 (E.D. Pa. Aug. 27, 1996) (appointment of several lead plaintiffs does not violate the PSLRA). As noted above, the satisfaction of this obligation is detailed in the certifications executed by members of the Belland Group.

**B.    SELECTION OF LEAD COUNSEL**

15 U.S.C. § 78u-4(a)(3)(B)(v) provides that the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class as Lead Counsel. *See In re Crayfish Co. Sec. Litig.*, 2002 WL 1268013, at *6 (considering protection of class' interest in approving lead plaintiff's selection of lead counsel); *Koppel v. 4987 Corp.*, Nos. 96 Civ. 7570(RLC), 97 Civ. 1754(RLC), 1999 WL 608783, at *9 (S.D.N.Y. Aug. 11, 1999) (approving lead plaintiff's selection of lead counsel after reviewing the law firm's expertise in securities litigation).

The Belland Group has selected the law firms of Murray, Frank & Sailer LLP and Weiss & Yourman as Co-Lead Counsel. As detailed in Exhibits 4 and 5 to the Hess-Mahan Declaration, Murray, Frank & Sailer LLP and Weiss & Yourman, LLP have extensive experience in class actions and securities matters such as these, having recovered hundreds of millions of dollars for class

8

members.  The Court should approve the Belland Group's selection of Co-Lead Counsel.

## CONCLUSION

The Belland Group has moved to be appointed Lead Plaintiff, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, the Belland Group should be appointed Lead Plaintiff, and its selection of Murray, Frank & Sailer LLP and Weiss & Yourman as Co-Lead Counsel approved by the Court.

Dated:    April 12, 2004

**SHAPIRO HABER & URMY LLP**


**/s/Theodore M. Hess-Mahan**
Thomas G. Shapiro BBO#454680
Theodore M Hess-Mahan BBO #557109
75 State Street
Boston MA  02109
Telephone:  (617) 439-3939
Facsimile: (617) 439-0134

*Local Counsel*

**MURRAY, FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone:  (212) 682-1818
Facsimile:   (212) 682-1892

**WEISS & YOURMAN**
Jack Zwick
551 Fifth Avenue, Suite 1600
New York, New York 10176
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

*Proposed Co-Lead Counsel for the Belland Group and the Class*

**LAW OFFICES OF**

9

**BRUCE G. MURPHY**

Bruce G. Murphy
265 Llwyds Lane
Vero Beach, Florida 32963
Telephone:  (772) 231-4202

*Attorneys for Plaintiff*

10