UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually and on behalf of all others similarly situated, | ) ) Civil Case 1:04-cv-10294 DPW ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN NILL, | ) ) ) ) |
| Defendants. | ) |
| MICHELLE TREBITSCH, on Behalf of Herself and All Others Similarly Situated, | ) ) Civil Case 1:04 cv 10307 DPW ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SONUS NETWORKS, INC., HASSAN M. AHMED and STEPHEN J. NILL, | ) ) ) ) |
| Defendants. | ) |

Additional Captions to Follow

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE WEXLER GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR <u>APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL</u>**

| | |
|---|---|
| INFORMATION DYNAMICS, LLC, on behalf of Itself and all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN AHMED and STEPHEN NILL, <br><br> Defendants. | ) <br> ) Civil Case 1:04-cv-10308 DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| PETER KALTMAN, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONUS NETWORKS, INC., RUBIN GRUBER, HASSAN M. AHMED and STEPHEN J. NILL, <br><br> Defendants. | ) <br> ) Civil Case 1:04 cv 10309 DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| SAMANTHA DEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONUS NETWORKS, INC., HASSAN M. AHMED and STEPHEN J. NILL, <br><br> Defendants. | ) <br> ) Civil Case 1:04 cv 10310 DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| RICHARD CURTIS, Individually and on behalf of all others Similarly Situated, </br></br>      Plaintiff, </br></br> v. </br></br>SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN NILL, </br></br>      Defendants. | Civil Case 1:04-cv-10314 DPW |
| RONALD KASSOVER, on Behalf of the RONALD KASSOVER IRA and All Others Similarly Situated, </br></br>      Plaintiff, </br></br> v. </br></br>SONUS NETWORKS, INC., HASSAN M. AHMED and STEPHEN J. NILL, </br></br>      Defendants. | Civil Case 1:04 cv 10329 DPW |
| STEVE L. BAKER, Individually and On Behalf of All Others Similarly Situated, </br></br>      Plaintiff, </br></br> v. </br></br>SONUS NET WORKS, INC., HASSAN AHMED and STEPHEN NILL, </br></br>      Defendants. | Civil Case 1:04 cv 10333 DPW |

| | |
|---|---|
| MICHAEL KAFFEE, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN NILL,<br><br>            Defendants. | Civil Case 1:04-cv-10345 DPW |
| HAIMING HU, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN NILL,<br><br>             Defendants. | Civil Case 1:04 cv 10346 DPW |
| DANIEL WILLIAMS, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>HASSAN M. AHMED, STEPHEN J. NILL EDWARD T. ANDERSON, PAUL J. FEERRI, PAUL J. SEVERINO and SONUS NETWORKS, INC.,<br><br>            Defendants. | Civil Case 1:04 cv 10359 DPW |

| | |
|---|---|
| CHARLES STARBUCK, Individually and on behalf of all others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN NILL, <br><br> Defendants. | Civil Case 1:04-cv-10362 DPW |
| SAMUEL HO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN. NILL, <br><br> Defendants. | Civil Case 1:04 cv 10363 DPW |
| JEFFREY C. RODRIGUES, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SONUS NET WORKS, INC., HASSAN M. AHMED and STEPHEN J. NILL, <br><br> Defendants. | Civil Case 1:04 cv 10364 DPW |

| | |
|---|---|
| ROBERT CONTE and MARK RESPLER, on Behalf of Themself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN NILL,<br><br>Defendants. | Civil Case 1:04-cv-10382 DPW |
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING PLAN, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED and STEPHEN J. NILL,<br><br>Defendants. | Civil Case 1:04 cv 10383 DPW |
| MICHELLE BURK, Derivatively on behalf of Sonus Networks, Inc., A Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HASSAN AHMED, EDWARD T. ANDERSON, PAUL J. FERRI, RUBIN GRUBER, PAUL SEVERINO, JOHN MICHAEL O'HARA, EDWARD N. HARRIS, STEPHEN NILL, PAUL R. JONES and SONUS NETWORKS, INC., *A DELAWARE CORPORATION,*<br><br>Defendants. | Civil Case 1:04 cv 10384 DPW |

| | |
|---|---|
| BRIAN CLARK, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED and STEPHEN J. NILL, )<br>)<br>Defendants. ) | Civil Case 1:04-cv-10454 DPW |
| MICHAEL PISNOY, Derivatively on Behalf of Sonus Networks, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HASSAN M. AHMED, RUBIN GRUBER, EDWARD T. ANDERSON, PAUL J. FERRI, ALBERT A. NOTINI, PAUL J. SEVERINO, PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA and STEPHEN J. NILL, )<br>)<br>Defendants. ) | Civil Case 1:04 cv 10576 DPW |
| SHEILA BROWNELL, Individually and On Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONUS NET WORKS, INC., HASSAN AHMED and STEPHEN NILL, )<br>)<br>Defendants. ) | Civil Case 1:04 cv 10597 DPW |

| | |
|---|---|
| SAVERIO PUGLIESE, on Behalf of Himself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED and STEPHEN J. NILL,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Case 1:04-cv-10612 DPW |
| DAVID V. NOCITO, on Behalf of Himself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED and STEPHEN J. NILL,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Case 1:04 cv 10623 DPW |

**PRELIMINARY STATEMENT**

Presently pending before this Court are twenty-two-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Sonus Networks, Inc. ("Sonus" or the "Company") shares between June 3, 2003 and February 11, 2004, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Members Marc Wexler, Scott Baugh, Sajid Patel, Carlos Rios and Thomas Munson (the "Wexler Group") hereby move this Court for an order to: (i) consolidate the Actions; (ii) appoint the Wexler Group as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve the Wexler Group's selection of the law firm of Cauley Geller Bowman & Rudman, LLP ("Cauley Geller") to serve as Lead Counsel and the law firm of Shapiro, Haber & Urmy ("Shapiro Haber") to serve as Liaison Counsel.

This motion is made on the grounds that the Wexler Group is the most adequate plaintiff, as defined by the PSLRA. The Wexler Group collectively suffered losses of $365,863.90 in connection with its purchases of shares of Sonus stock during the Class Period.[1] See Hess-Mahan Decl. Ex. B.[2] In addition, the Wexler Group, for the purposes of this motion, adequately satisfies

---

[1] The losses suffered by the Wexler Group are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D of the Exchange Act and based upon reference to information concerning the current market for the Company's securities. The Wexler Group's transactions in Sonus shares are set forth in the accompanying loss chart.

[2] References to the "Hess-Mahan Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Theodore M. Hess-Mahan dated April 12, 2004 and submitted

the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## FACTUAL BACKGROUND [3]

Sonus Networks, Inc. is a provider of voice infrastructure solutions for the new public network. The Company's products are a new generation of carrier-class switching equipment and software that enable voice services to be delivered over packet-based networks.

The complaint charges Sonus Networks, Inc., Hassan Ahmed and Stephen Nill with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. More specifically, the complaint alleges that, throughout the Class Period, defendants issued numerous statements to the market concerning the Company's financial results, which failed to disclose and/or misrepresented the following adverse facts, among others: (a) that defendants had improperly and untimely recognized revenue on certain of the Company's customer transactions; (b) that defendants violated Generally Accepted Accounting Principles and the Company's own internal policies regarding the timing of revenue recognition; and (c) as a result of the foregoing, the Company's revenues, net income and earnings per share published during the Class Period were materially false and misleading.

On February 11, 2004, after the close of regular trading, Sonus shocked the market when it announced that the Company had identified certain issues, practices and actions of certain

---

herewith.

[3]    These facts are drawn from the allegations in the complaint captioned <u>Deborah Chin v. Sonus Networks, Inc., et al.</u>, 1:04cv10294 (DPW) (the "<u>Chin</u> Action").

employees relating to both the timing of revenue recognized from certain customer transactions and to certain other financial statement accounts, which may affect the Company's 2003 financial statements and possibly financial statements for prior periods. Prior to disclosing these adverse facts, Sonus completed a $126.14 million public offering, and Sonus insiders sold approximately $2 million of their personally-held shares to the unsuspecting public.

The next morning, when the market opened for trading, shares of the Company's stock fell as low as $5.02 per share, a decline of $1.67 per share, or 24.9%, on extremely high trading volume.

## ARGUMENT

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Sonus shares for alleged violations of the Exchange Act during the relevant time period. The Actions name virtually the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Sonus shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Sonus common stock at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). See Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (3d Cir.) (1990). That test is met here and, accordingly, the Actions should be

consolidated.

## POINT II

### THE WEXLER GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

**A.     The Procedure Required By The PSLRA**

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the Chin action caused the first notice regarding the pendency of these actions to be published on PR Newswire, a national, business-oriented newswire service, on February 12, 2004. See Hess-Mahan Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
>> (aa) has either filed the complaint or made a motion in response to a notice...
>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B. The Wexler Group Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act

#### 1. The Wexler Group Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on April 12, 2004.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 12, 2004), the Wexler Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Wexler Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. See Hess-Mahan Decl. Ex. C.  In addition, the Wexler Group has selected and retained competent counsel to represent them and the class. See Hess-Mahan Decl. Exs. D-E.  Accordingly, the Wexler Group has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its

5

application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

### 2. The Wexler Group Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, see Hess-Mahan Decl. Ex. C., the Wexler Group purchased shares of Sonus stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, the Wexler Group collectively incurred a substantial $365,863.90 loss on its transactions in Sonus shares. The Wexler Group thus has a significant financial interest in this case. Therefore, the Wexler Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. The Wexler Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- -

directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. <u>Lax v. First Merchants Acceptance Corp.</u>, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997); <u>Fischler v. Amsouth Bancorporation,</u> No. 96-1567-Civ -T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).  The Wexler Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

     Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. <u>See</u> <u>Rossini v. Ogilvy & Mather, Inc.</u>, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. <u>See</u> <u>Priest v. Zayre Corp.,</u> 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. <u>Phillips v. Joint Legislative Comm. on Performance & Expenditure Review,</u> 637 F.2d 1014, 1024 (5th Cir. 1981).

The Wexler Group satisfies this requirement because, just like all other class members, it: (1) purchased Sonus shares during the Class Period; (2) purchased Sonus shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Wexler Group's claim is typical of those of other class members since its claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Wexler Group to represent the class to the existence of any conflicts between the interests of the Wexler Group and the members of the class.  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. <u>Modell v. Eliot Sav. Bank,</u> 139 F.R.D. 17, 23 (D. Mass. 1991) (citing <u>Andrews v. Bechtel Power Corp.,</u> 780 F.2d 124, 130 (lst Cir. 1985)).

Here, the Wexler Group is an adequate representative of the class.  As evidenced by the injuries suffered by the Wexler Group, who purchased Sonus shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interest of the Wexler Group is clearly aligned with the members of the class, and there is no evidence of any antagonism between the Wexler Group's interest and those of the other members of the class. Further, the members of the Wexler Group have taken significant steps which demonstrate that they will protect the interests of the class: they have retained competent and experienced counsel

8

to prosecute these claims. In addition, as shown below, the Wexler Group's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Wexler Group prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## POINT III

### THE COURT SHOULD APPROVE
### THE WEXLER GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Wexler Group has selected the law firm of Cauley Geller as Lead Counsel and the law firm of Shapiro Haber as Liaison Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. See Hess-Mahan Decl. Exs. D-E. Accordingly, the Court should approve the Wexler Group's selection of counsel.

**CONCLUSION**

For all the foregoing reasons, the Wexler Group respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint the Wexler Group as Lead Plaintiff in the Actions; (iii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED: April 12, 2004

                                Respectfully submitted,

                                **SHAPIRO, HABER & URMY**

                                **/s/Theodore M. Hess-Mahan**
                                Thomas G. Shapiro BBO #454680
                                Theodore M. Hess-Mahan BBO #557109
                                75 State Street
                                Boston, MA 02109
                                Telephone:     (617) 439-3939

                                **Proposed Liaison Counsel**

                                **CAULEY GELLER BOWMAN**
                                 **& RUDMAN, LLP**
                                Samuel H. Rudman
                                Mario Alba Jr.
                                David A. Rosenfeld
                                200 Broadhollow Road, Suite 406
                                Melville, NY 11747
                                Telephone:     (631) 367-7100
                                Facsimile:     (631) 367-1173

                                **Proposed Lead Counsel**