# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>Defendants. | Case No.: C-04-10294 -DPW<br><br><u>Class Action</u> |
| This Document Relates To:<br><br>ALL RELATED ACTIONS. | |

## MEMORANDUM IN SUPPORT MOTION OF BPI GLOBAL ASSET MANAGEMENT LLP TO BE APPOINTED AS LEAD PLAINTIFF AND FOR ITS COUNSEL TO BE APPOINTED AS LEAD COUNSEL

#105852

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BPI GLOBAL SHOULD BE APPOINTED LEAD PLAINTIFF . . . . . . . . . . . . . . . . . 2

    A.   Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Notice Was Properly Published Under The PSLRA . . . . . . . . . . . . . . . . . . . . . 3

    C.   BPI Global Has The Largest Financial Interest In This Litigation . . . . . . . . . . . 4

    D.   BPI Global Satisfies The Requirements Of Rule 23 . . . . . . . . . . . . . . . . . . . . . 6

        1.   The Claims Of BPI Global Are Typical Of The Claims Of
            The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2.   BPI Global Will Fairly And Adequately Represent The Interests Of
            The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III. BPI GLOBAL'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED . . . . . . 10

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

**Page**

## CASES

*Gluck v. Cellstar Corp.*
   976 F.Supp. 542 (N.D. Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Greebel v. FTP Software*
   939 F.Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Bank of Boston Corp. Sec. Litig.*
   762 F.Supp. 1525 (D. Mass. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Cendant Corp. Sec. Litig.*
   264 F.3d 201 (3d Cir. 2001), *cert. denied,* 122 S. Ct. 1300 (2002) . . . . . . . . . . . . . . . . 5

*In re Dalkon Shield Litig.*
   693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Lernout & Hauspie Sec. Litig.*
   138 F.Supp.2d 39 (D. Mass. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7

*In re McKesson HBOC, Inc. Sec. Litig.,*
   79 F.Supp.2d 1146 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Olsten Corp. Sec. Litig.*
   181 F.R.D. 218 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Rent-Way Secs. Litig.*
   2003 U.S. Dist. LEXIS 25091 (W.D. Pa. Dec. 22, 2003) . . . . . . . . . . . . . . . . . . . . . . 10

*In re Telxon Corp. Sec. Litig.*
   67 F.Supp.2d 803 (N.D. Ohio 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Priest v. Zayre Corp.*
   118 F.R.D. 552 (D. Mass. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Randle v. SpecTran*
   129 F.R.D. 386 (D. Mass. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES
### (Continued)

Page

*Ravens v. Iftikar*
    174 F.R.D. 651 (N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sakhrani v. Brightpoint, Inc.*
    78 F.Supp.2d 845 (S.D. Ind. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sherleigh Assoc. LLC v. Windmere-Durable Holdings, Inc.*
    184 F.R.D. 688 (S.D. Fla. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Simpson v. Speciality Retail Concepts, Inc.*
    149 F.R.D. 94 (M.D.N.C. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Switzenbaum v. Orbital Sciences Corp.*
    187 F.R.D. 246 (E.D. Va. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wenderhold v. Cylink Corp.*
    188 F.R.D. 577 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Yousefi v. Lockheed Martin Corp.*
    70 F.Supp.2d 1061 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


## STATUTES, RULES AND REGULATIONS

15 U.S.C.

    §78u-4(a)(3)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

    §78u-4(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    §78u-4(a)(3)(B)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    §78u-4(a)(3)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    §78u-4(a)(3)(B)(iii)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6

    §78u-4(a)(3)(B)(iii)(I)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF AUTHORITIES
### (Continued)

**Page**

§78u-4(a)(3)(B)(iii)(I)(cc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

§78u-4(a)(3)(B)(iii)(II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§78u4(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Federal Rules of Civil Procedure

Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7

Rule 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Rule 23(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rule 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

Securities Exchange Act of 1934

Section 21D . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Section 21D(a)(3)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Section 21D(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

Section 21D(a)(3)(B)(iii)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 21D(a)(3)(B)(iii)(I)(cc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

#105852

## I.    INTRODUCTION

Pursuant to 15 U.S.C. §78u-4(a)(3)(B), Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), BPI Global Asset Management LLP ("BPI Global"), an institutional investor with losses in excess of $5.3 million on its transactions in Sonus Network, Inc. ("Sonus" or "the Company") common stock, respectfully moves this Court for entry of an Order appointing it as Lead Plaintiff and its chosen counsel, Gold Bennett Cera & Sidener LLP, approved as Lead Counsel.[1]

This is a securities class action, alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, on behalf of all persons who purchased Sonus common stock during the period of May 12, 2003 through and including March 26, 2004 (the "Class Period"). The Complaint alleges that the defendants violated the federal securities laws by issuing materially false and misleading statements contained in press releases and filings with the Securities and Exchange Commission during the Class Period. The defendants are Sonus, its chief executive officer (CEO), Hassan Ahmed, and its chief financial officer (CFO), Stephen J. Nill. The Complaint alleges that defendants improperly recognized revenue and misrepresented the financial condition in the Company's publicly-issued financial statements. Defendants' misrepresentations caused the Company's stock to trade at artificially high prices during the Class Period.

During the Class Period, BPI Global suffered losses exceeding $5.3 million on its transactions in Sonus common stock. *See* Certificate of Plaintiff, attached as Exhibit A to the

---

[1] In connection with this motion, BPI Global reviewed the class action complaint (the "Complaint") captioned *David V. Nocito v. Sonus Networks, Inc.*, et al., Case No. C-04-10623-DPW. Several other actions have been filed, each alleging essentially the same wrongdoing by Sonus and certain of its officers and directors.

Declaration of Joseph M. Barton ("Barton Decl."), submitted herewith. BPI Global believes that

it has suffered the largest loss of any member of the Class seeking appointment as Lead Plaintiff.

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(iii),

affords a presumption that the person or group of persons with the largest financial interest in the

relief sought by the Class, and who otherwise preliminarily satisfies the requirements of

Fed.R.Civ.P. 23, is presumed to be the most adequate plaintiff and should therefore be appointed

as lead plaintiff. Here, BPI Global is believed to be the shareholder with the largest financial stake

in the relief sought by the Class and satisfies the applicable requirements of Fed.R.Civ.P. 23. For

the reasons set forth below, BPI Global respectfully requests that this Court grant its motion for

appointment as Lead Plaintiff and approve its selection of Lead Counsel.

## II.     BPI GLOBAL SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     Legal Standards

On December 22, 1995, Congress enacted the PSLRA, which added Section 21D to the

Securities Exchange Act of 1934 (the "Exchange Act"). Section 21D sets forth procedures for

providing notice to members of the proposed class regarding the selection of a Lead Plaintiff and

the retention of Lead Counsel. Specifically, Section 21D(a)(3)(A)(i) provides that within 20 days

after a fraud class action is filed under the Exchange Act:

> [T]he plaintiff or plaintiffs shall cause to be published, in a widely circulated
> national business-oriented publication or wire service, a notice advising members
> of the purported plaintiff class - (I) of the pendency of the action, the claims
> asserted therein, and the purported class period; and (II) that, not later than 60
> days after the date on which the notice is published, any member of the purported
> class may move the court to serve as Lead Plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

#105852                                                                                    2

Further, Section 21D(a)(3)(B)(iii)(I) of the Exchange Act directs the Court to consider any motions by class members to serve as Lead Plaintiff in response to the Notice: (i) within 90 days after the publication of the Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate actions "asserting substantially the same claim or claims." It also directs the Court to presume that the "most adequate plaintiff" to serve as Lead Plaintiff "is the person or group of persons that:"

     (aa)    has either filed the complaint or made a motion in response to a notice . . .;

     (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

     (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Lernout & Hauspie Sec. Litig.*, 138 F.Supp.2d 39, 42 (D. Mass. 2001).

## B.    Notice Was Properly Published Under The PSLRA

Under the PSLRA, the first plaintiff to commence a securities fraud class action must publish a notice within 20 days of filing the action informing potential class members of the pendency of the action and their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after the publication of the notice, any person who is a member of the proposed class may apply to the court to be appointed as Lead Plaintiff. *Id.*

Here, the first of numerous actions against Sonus was filed in this Court on February 12, 2004. On the same day, a notice announcing the pendency of the action was disseminated over the PR Newswire. Barton Decl., Exhibit B. This wire service is a widely circulated, national,

#105852

3

business-oriented wire service. *Id.* As required by the PSLRA, the notice advised class members

of their right to move the Court to serve as Lead Plaintiff within 60 days, *i.e.*, no later than

April 12, 2004. *Id.* BPI Global timely filed this motion for appointment as Lead Plaintiff in

response to the notice.

## C. **BPI Global Has The Largest Financial Interest In This Litigation**

The PSLRA provides that this Court:

[S]hall appoint as Lead Plaintiff the member or members of the purported plaintiff
class that the court determines to be most capable of adequately representing the

interests of class members (hereafter in this paragraph referred to as the "most
adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. §78u-4(a)(3)(B)(i). Moreover, the statute directs the Court to adopt a rebuttable

presumption that:

[T]he most adequate plaintiff in any private action arising under this title is the
person or group of persons that . . .

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the
relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof by a member of the purported class

that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the

interests of the class or is subject to unique defenses that render such plaintiff incapable of

adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Lernout & Hauspie*, 138

F.Supp.2d at 43; *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 262-68 (3d Cir. 2001), *cert. denied*, 122 S. Ct. 1300 (2002) ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff, instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair and adequate' job").

The Congressional goal in enacting these provisions was to encourage large investors to direct securities class actions, thereby supplanting the prior regime of "figurehead plaintiffs who exercise no meaningful supervision of litigation." *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997). Congress reasoned that the empowerment of institutional investors would result in the appointment of lead plaintiffs that "can best prosecute the claims" and are "best able to negotiate with and oversee counsel." *Sherleigh Assoc. LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 691 (S.D. Fla. 1999); *see also Gluck v. Cellstar Corp.*, 976 F.Supp. 542, 548 (N.D. Tex. 1997) ("[t]he legislative history of the [PSLRA] is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors"). Thus, courts have appointed a single institutional investor as lead plaintiff, recognizing that appointment of a random assemblage of unrelated individuals generally undermines the remedial purpose of the PSLRA. *See e.g., In re McKesson HBOC, Inc. Sec. Litig.*, 79 F.Supp.2d 1146, 1158 (N.D. Cal. 1999); *Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1067-71 (C.D. Cal. 1999); *In re Telxon Corp. Sec. Litig.*, 67 F.Supp.2d 803, 809-16 (N.D. Ohio 1999); *Sakhrani v. Brightpoint, Inc.*, 78 F.Supp.2d 845 (S.D. Ind. 1999); *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 583-87 (N.D. Cal. 1999); *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 248-51 (E.D. Va. 1999).

Applying these standards, BPI Global is well qualified to serve as the Lead Plaintiff in this action.[2] First, BPI Global would advance one of the PSLRA's primary goals of encouraging institutional investors with large financial stakes in the outcome of the litigation to assume control over securities class actions. To BPI Global's knowledge, it has the largest financial interest in the outcome of the litigation of those class members who have come forward. BPI Global suffered losses of over $5.3 million during the Class Period. Furthermore, it otherwise meets the requirements of Rule 23. Therefore, BPI Global is presumptively the most adequate plaintiff under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### D.    **BPI Global Satisfies The Requirements Of Rule 23**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that, in addition to possessing the "largest financial interest" in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage in the proceedings, a *prima facie* showing that the proposed Lead Plaintiff satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F.Supp. 57, 64 (D. Mass. 1996).

Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

---

[2] BPI Global has signed a Certificate of Plaintiff form stating that it has: (1) reviewed the Complaint and (2) is willing to serve as a representative on behalf of the Class. This Certificate of Plaintiff contains the requisite statements and satisfies subsection (aa) of Section 78u-4(a)(3)(B)(iii)(I) of the PSLRA. A copy of the Certification of Plaintiff is attached as Exhibit A to the Barton Decl.

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

Of the four prerequisites to class certification only two, typicality and adequacy, directly address the personal characteristics of the class representative. *See Lernout & Hauspie*, 138 F.Supp.2d at 46 (recognizing that plaintiffs seeking appointment as lead plaintiff need only make preliminary showing that they satisfy Rule 23 typicality and adequacy requirements). Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23, and defer its examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Gluck*, 976 F.Supp. at 546. As set forth below, BPI Global satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff.[3]

## 1. The Claims Of BPI Global Are Typical Of The Claims Of The Class

The typicality requirement of Fed.R.Civ.P. 23(a)(3) is satisfied when the prospective lead plaintiff's claims arise out of the same course of conduct and are based on the same legal theory of the other members of the class. *See Lernout & Hauspie*, 138 F.Supp. 2d at 46 (typicality satisfied when a "named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class") (quoting *In re Bank of Boston Corp. Sec. Litig.*, 762 F.Supp. 1525, 1532 (D. Mass. 1991)).

---

[3] Given that Sonus traded a substantial volume of shares on NASDAQ under the symbol "SONS" during the Class Period, there clearly is sufficient numerosity. *See* Rule 23(a)(1).

In order to meet the typicality requirement of Rule 23(a)(3):

> plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of absent members. . . . The question is simply whether a named plaintiff in presenting his case, will necessarily present the claims of the absent plaintiffs.

*Randle v. SpecTran*, 129 F.R.D. 386, 391 (D. Mass. 1988) (citing *Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988)).

BPI Global's claims are typical of, if not identical to, the claims of the other members of the Class. As detailed above, the complaint alleges that the defendants violated Sections 10(b) and 20(a) of the Exchange Act and related SEC regulations, by publicly disseminating false and misleading statements during the Class Period. In this action, the questions of law and fact common to the members of the Class and which affect individual Class members include:

- whether Sonus and the other defendants issued false and misleading statements during the Class Period;

- whether Sonus and the other defendants acted knowingly or with deliberate recklessness in issuing false and misleading financial statements;

- whether the market price of Sonus was artificially inflated during the Class Period because of defendants' alleged misconduct; and

- whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to BPI Global as to all members of the purported Class. BPI Global satisfies the typicality requirement because, like all other members of the proposed class: (i) it acquired Sonus common stock during the Class Period; (ii) the stock was acquired at

#105852                                                                         8

prices artificially inflated by defendants' false and misleading statements or by defendants' failure
to disclose material information; and (iii) it suffered damages thereby.  Since these claims are
based on the same legal theories, linked specifically to claims held by others like itself, BPI Global
satisfies the typicality requirement of Rule 23(a)(3).  *Simpson v. Speciality Retail Concepts, Inc.*,
149 F.R.D. 94, 98 (M.D.N.C. 1993); *In re Olsten Corp. Sec. Litig.*, 181 F.R.D. 218, 220
(E.D.N.Y. 1998) ("The Court bears a special responsibility to ensure that the interests of all
members of the consolidated securities fraud class action are well-represented").

### 2.    BPI Global Will Fairly And Adequately Represent The Interests Of The Class

Whether a party can fairly and adequately protect the interests of the class depends on: (i)
the qualifications of counsel for the representatives; (ii) an absence of antagonism between the
named plaintiff and absent class members; (iii) a sharing of interests between representative and
absent class members; and (d) the unlikelihood that the suit is collusive.  *In re Dalkon Shield
Litig.*, 693 F.2d 847, 855 (9th Cir. 1982).  The PSLRA directs this Court to limit its inquiry
regarding the adequacy of BPI Global to represent the class to the existence of any conflicts
between the interests of BPI Global and the members of the class, and then allow the Lead
Plaintiff or plaintiffs to retain Lead Counsel "subject to the approval of the court."  15 U.S.C.
§78u4(a)(3)(B)(v).

The interests of BPI Global are clearly aligned with the members of the class.  As detailed
above and in its complaint, BPI Global shares common questions of law and fact with the
members of the class.  Its claims are typical of the claims of other class members.  The adequacy
requirement is further satisfied because BPI Global has retained competent and experienced

counsel. The law firm of Gold Bennett Cera & Sidener LLP has more than three decades of experience prosecuting national securities class actions and obtaining significant recoveries for class members. This firm has significant experience in prosecuting large, complex securities litigation. The details regarding the firm's experience and results in such cases are in the firm's resume, which is attached as Exhibit C to the Barton Decl.

## III.    **BPI GLOBAL'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED**

The Exchange Act vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to approval by the Court. 15 U.S.C. §78u4(a)(3)(B)(v). Lead Counsel will have full and complete authority for the overall prosecution of this litigation on behalf of the Class. Lead Counsel will be responsible for all communications with the Court and defense counsel, the filing of all pleadings by plaintiffs in this action and the initiation of all discovery, and all settlement negotiations.

BPI Global's choice of Lead Counsel, Gold Bennett Cera & Sidener LLP, should be approved as Lead Counsel in this litigation. For more than 30 years, Gold Bennett Cera & Sidener LLP has played a leading role in some of the most significant cases in the country. These case have resulted in substantial recoveries in excess of $1 billion for the firm's clients, and have established some of the basic principles for handling complex litigation. Such cases include: *Pacific Lumber* ($140 million recovery); *Legato Systems* ($85 million recovery); *Nucorp Energy* ($54 million recovery) and *Hedged Investment Associates* ($50 million recovered).

Gold Bennett Cera & Sidener LLP has the requisite experience and resources to obtain an excellent result for the Class. Barton Decl., Exhibit C. Indeed, the court in *In re Rent-Way Secs. Litig.*, 2003 U.S. Dist. LEXIS 25091, at *59 (W.D. Pa. Dec. 22, 2003) recently praised the

Firm's work in obtaining a $25 million partial settlement in that case:

> Having thus initially expressed our confidence in [Gold Bennett Cera & Sidener's] abilities, the Court has not since been disappointed. On the contrary, [Gold Bennett Cera & Sidener] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

Barton Decl., Ex. D.

## IV.    CONCLUSION

For all the foregoing reasons, BPI Global respectfully requests that the Court appoint it as

Lead Plaintiff for the Class pursuant to §21D(a)(3)(B) of the PSLRA and further requests that the

Court approve its choice of Gold Bennett Cera & Sidener LLP as Lead Counsel.

DATED: April 9, 2004

Respectfully submitted,

GRAHAM & ALBANO, P.C.

By: _Patricia Szumowski / by permission_

Patricia Szumowski, BBO #653839
100 Russell Street
P.O. Box 377
Hadley, Massachusetts 01035
Telephone: (413) 586-5055
Facsimile: (413) 532-3387

GOLD BENNETT CERA & SIDENER LLP
Steven O. Sidener
Joseph M. Barton
595 Market Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 777-2230
Fax: (415) 777-5189

Attorneys for Proposed Lead Plaintiff BPI Global
Asset Management LLP

## CERTIFICATE OF SERVICE

I HERBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEYS OF
RECORD FOR EACH OTHER PARTY
BY MAIL (BY HAND) ON 4/9/2004
_Patricia Szumowski / by permission_

11