UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DEBORAH CHIN, Individually And On Behalf of
All Others Similarly Situated,

                Plaintiff,

vs.

PAUL R. JONES, EDWARD N. HARRIS, J.
MICHAEL O'HARA, HASSAN M. AHMED,
STEPHEN J. NILL, and SONUS NETWORKS,
INC.,

                Defendants.

Civil Action
No. 04-CV-10294-DPW

(additional captions to follow)

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT JEFFREY FOSS' MOTION FOR THE CONSOLIDATION OF ALL RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF HIS CHOICE OF LEAD COUNSEL

| | |
|---|---|
| MICHELLE TREBITSCH, Individually And On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                        Defendants. | Civil Action<br>No. 04-cv-10307-DPW |
| INFORMATION DYNAMICS, LLC, Individually And On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                        Defendants. | Civil Action<br>No. 04-cv-10308-DPW |
| PETER KALTMAN, Individually And On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                        Defendants. | Civil Action<br>No. 04-cv-10309-DPW |

| | |
|---|---|
| SAMANTHA DEN, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>Defendants. | Civil Action<br>No. 04-cv-10310-DPW |
| STEVE L. BAKER, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>Defendants. | Civil Action<br>No. 04-cv-10333-DPW |
| MICHAEL KAFFEE, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>Defendants. | Civil Action<br>No. 04-cv-10345-DPW |

| | |
|---|---|
| RONALD KASSOVER, Individually And On Behalf Of The Ronald Kassover IRA And All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                              Defendants. | Civil Action<br>No. 04-cv-10329-DPW |
| RICHARD CURTIS, Individually And On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                              Defendants. | Civil Action<br>No. 04-cv-10314-DPW |
| HAIMING HU, Individually And On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>                              Defendants. | Civil Action<br>No. 04-cv-10346-DPW |

| | |
|---|---|
| DANIEL WILLIAMS, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  -vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>      Defendants. | Civil Action<br>No.:04-cv-10359-DPW |
| CHARLES STARBUCK, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  -vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>      Defendants. | Civil Action.<br>No. 04-CV-10362-DPW |
| SANUEL HO, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  -vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>      Defendants. | Civil Action.<br>No 04-cv-10363-DPW |

| | |
|---|---|
| ROBERT CONTE and MARK RESPLER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>Defendants. | Civil Action.<br>No 04-cv-10382-DPW |
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K Profit Sharing Plan, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>-vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>Defendants. | Civil Action<br>No 04-cv-10383 |
| JEFFREY C. RODRIGUES, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>Defendants. | Civil Action<br>No 04-cv-10364-DPW |

| | |
|---|---|
| MICHELLE BURK, Derivatively on behalf of Sonus Networks, Inc., A Delaware Corporation,<br><br>Plaintiffs,<br><br>-vs.-<br><br>HASSAN AHMED, EDWARD T. ANDERSON, PAUL J. FERRI, RUBIN GRUBER, PAUL SEVERINO, JOHN MICHAEL O'HARA, EDWARD N. HARRIS, STEPHEN NILL, PAUL R. JONES, and SONUS NETWORKS, INC., A Delaware Corporation,<br><br>Defendants. | Civil Action<br>No 04-cv-10384-DPW |
| BRIAN CLARK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, STEPHEN J. NILL, and SONUS NETWORKS, INC.,<br><br>Defendant. | Civil Action<br>No 04-cv-10454-DPW |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

POINT I
THE ACTIONS SHOULD BE CONSOLIDATED ............................................................... 3

POINT II
FOSS SHOULD BE APPOINTED
LEAD PLAINTIFF FOR THE CONSOLIDATED ACTION ............................................... 5

    A.    THE PROCEDURES REQUIRED BY THE PSLRA ................................................ 5

    B.    FOSS SATISFIES THE LEAD PLAINTIFF PROVISIONS OF
           THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF .............. 6

        1.    Mr. Foss Has
           Complied With The PSLRA .................................................................. 6

        2.    Mr. Foss Has The Largest
           Financial Interest in the Relief Sought ................................................. 7

        3.    Movant Otherwise Satisfies Rule 23 ..................................................... 8

           (a)    The Claims Of The Proposed Lead
                  Plaintiff Are Typical Of The Claims Of The Class ..................... 9

           (b)    The Proposed Lead Plaintiff Will Fairly And
                  Adequately Represent The Interests Of The Class ..................... 10

POINT III
THIS COURT SHOULD APPROVE
MOVANT'S CHOICE OF LEAD COUNSEL .................................................................... 10

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

Guckenberger V. Boston Univ.,
   957 F. Supp. 325 (D. Mass. 1997) .................................................................................. 9

In Re Bank Of Boston Corp. Sec. Litig.
   762 F. SUPP. 1532 (D. MASS. 1991) ............................................................................. 9

In Re Lernout &Hauspie Sec. Litig.,
   138 F. Supp. 2d 39 (D. Mass 2002) ................................................................................ 9

In Re Lucent Tech., Inc. Sec. Litig.,
   2001 WL 406189 5 (D.N.J.) ........................................................................................... 4

Smithkline Beecham Corp. V. Geneva Pharm., Inc.,
    2001 Wl 1249694 5 (E.D.PA.) ....................................................................................... 4

## STATUTES

§21D ....................................................................................................................................... 5
§21D(A)(3)(A)(i) .................................................................................................................... 5
§21D(A)(3)(B) .................................................................................................................... 1, 5
§21d(A)(3)(B)(i) ..................................................................................................................... 3
§21D(A)(3)(B)(ii) ................................................................................................................... 3
§21d(A)(3)(B)(iii)(i) ............................................................................................................... 6
§21d(A)(3)(B)(V) ................................................................................................................. 10
15 U.S.C. § 78u-4(A)(3)(B) ................................................................................................ 1, 6
15 U.S.C. § 78u-4(A)(3)(B)(iii)(ii) ......................................................................................... 8
15 U.S.C. §78u-4(A)((3)(A) ................................................................................................... 6
15 U.S.C. §78u-4(A)(3)(A)(i)(ii) ............................................................................................ 5
15 U.S.C. §78u4(A)(3)(b)(ii) ............................................................................................. 3, 5
15 U.S.C. §78U4(A)(3)(b)(iii)(i) ............................................................................................ 6
15 U.S.C. §78U-4(A)(3)(B)(iii)(i)(bb) .................................................................................... 7
15 U.S.C. §78U-4(A)(3)(B)(iii)(i)(cc) .................................................................................... 8
15 U.S.C. §78U-4(E)(1) .......................................................................................................... 7
Fed.R.Civ.P. 42(A) ................................................................................................................. 4

## **PRELIMINARY STATEMENT**

Jeffrey Foss ("Foss" or the "Movant") respectfully moves this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order consolidating all of the above captioned actions, appointing him as the Lead Plaintiff in the consolidated action, and appointing his choice of Abbey Gardy, LLP ("Abbey Gardy") as Lead Counsel for the class.[1]

Mr. Foss suffered losses of approximately $28,057.00 from his purchase of Sonus Networks, Inc. ("Sonus Networks" or the "Company")[2] common stock during the period June 3, 2003 through February 11, 2004 (the "Class Period"). Foss believes that he has sustained the largest loss of any qualified investor seeking to be appointed lead plaintiff for the consolidated actions. Movant is familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions, understands his responsibilities to the class, and is willing and able to oversee the prosecution of this action.

Mr. Foss believes he has the largest financial interest in the relief sought by the class. Further, Mr. Foss will ensure that the litigation is conducted in the best interests of

---

[1] The federal securities laws specifically authorize class members, regardless of whether they have filed a complaint, to move for appointment of lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Mr. Foss did not file a complaint. Mr. Foss' certification setting forth his transactions in Sonus Networks common stock during the Class Period alleged in these related actions is attached as Exhibit B to the Declaration of Nancy Kaboolian in Support of Jeffrey Foss' Motion For The Consolidation Of All Related Cases, To Be Appointed Lead Plaintiff And For The Approval Of His Choice Of Lead Counsel ("Kaboolian Decl.") filed herewith.

[2] The losses suffered by Foss, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from Foss' executed certification required under Section 21D of the Exchange Act and based upon reference to information concerning the market for the Company's securities.

1

the members of the class and is not subject to any unique defenses that would render him incapable of adequately representing the class. Therefore, Mr. Foss respectfully requests that the Court consolidate all related actions, grant his motion to be appointed lead plaintiff, and approve his selection of lead counsel.

## FACTUAL BACKGROUND[3]

Presently pending in this District are at least 18 related securities class action lawsuits. Each of these 12 actions alleges claims for violations of Sections 10(b) and 20 of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, on behalf of persons or entities who purchased or otherwise acquired Sonus Networks securities during the Class Period. The complaint names as defendants Sonus Networks, Hassan Ahmed and Stephen Nill. The complaint alleges that, throughout the Class Period, defendants issued numerous statements to the market concerning the Company's financial results, which failed to disclose and/or misrepresented the following adverse facts, among others: (a) that defendants had improperly and untimely recognized revenue on certain of the Company's customer transactions; (b) that defendants violated Generally Accepted Accounting Principles and the Company's own internal policies regarding the timing of revenue recognition; and (c) as a result of the foregoing, the Company's revenues, net income and earnings per share published during the Class Period were materially false and misleading.

---

[3] The facts are derived from the complaint filed in <u>Deborah Chin, v. Paul R. Jones, Edward N. Harris, J. Michael O'hara, Hassan M. Ahmed, Stephen J. Nill, And Sonus Networks, Inc.</u>, Civil Action No. 04-Cv-10294-DPW

2

On February 11, 2004, after the close of regular trading, Sonus shocked the market when it announced that the Company had identified certain issues, practices and actions of certain employees relating to both the timing of revenue recognized from certain customer transactions and to certain other financial statement accounts, which may affect the Company's 2003 financial statements and possibly financial statements for prior periods. Prior to disclosing these adverse facts, Sonus completed a $126.14 million public offering, and Sonus insiders sold approximately $2 million of their personally-held shares to the unsuspecting public.

The next morning, when the market opened for trading, shares of the Company's stock fell as low as $5.02 per share, a decline of $1.67 per share, or 24.9%, on extremely high trading volume.

## POINT I

## THE ACTIONS SHOULD BE CONSOLIDATED

Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u4(a)(3)(B)(ii).

Accordingly, a two-step process is applied in determining lead plaintiff and lead counsel status when consolidation is an issue. First, the Court shall rule on the

consolidation issue. Second, after the cases have been consolidated, the Court rules on the lead plaintiff and lead counsel issues.

Movant therefore requests that the Court consolidate the related actions captioned above and then rule on the lead plaintiff and lead counsel issues in this matter. Under Fed.R.Civ.P. 42(a), a timely determination pertaining to consolidation is reasonable and will ultimately benefit the class members' interest in the prompt prosecution of their claims.

As noted above, there are at least 18 related class action lawsuits pending with this Court. Movant believes consolidation is appropriate because these 18 related cases involve common questions of law and fact and allege the same or similar claims under the federal securities laws on behalf of the same or similar plaintiff class. In addition, all actions will involve similar issues regarding class certification, and will undoubtedly involve identical discovery of the parties and of non-parties. There is also no reason to believe that defendants would not support consolidation of these actions, as well as any subsequently filed related actions. Accordingly, these actions should be consolidated for all purposes in the interests of judicial economy and overall efficiency. Smithkline Beecham Corp. v. Geneva Pharm., Inc., 2001 WL 1249694 *5 (E.D.Pa.) ("A court has broad discretion to consolidate actions involving common questions of law or fact . . . if it will facilitate the administration of justice" and, such is appropriate where "cases share significant common issues of fact and law"); In re Lucent Tech., Inc. Sec. Litig., 2001 WL 406189 *5 (D.N.J.) ("consolidation is appropriate where there are actions involving common questions of law or fact" and the "PSLRA, moreover, directs that cases should

be consolidated where there is 'more than one action on behalf of a class asserting substantially the same claim or claims.' 15 U.S.C. § 78u-4(a)(3)(B)(ii)").

## POINT II

## FOSS SHOULD BE APPOINTED LEAD PLAINTIFF

### A. THE PROCEDURES REQUIRED BY THE PSLRA

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business oriented publication or wire service, a notice informing class members of the action and their right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

5

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u4(a)(3)(B)(iii)(I).

### B.  FOSS SATISFIES THE LEAD PLAINTIFF PROVISIONS OF THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.   Foss Has Complied With The PSLRA

The first complaint filed against defendants (04-CV-10294-DPW) was filed on or about February 12, 2004. On February 12, 2004, a notice was published over PRNewswire that informed potential class members of the pendency of the action and their right to move to be appointed Lead Plaintiff and to designate their choice of Lead Counsel within 60 days. See Exhibit A to Kaboolian Decl.

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)((3)(A) and (B) expires on April 12, 2004. Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Mr. Foss herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Mr. Foss duly signed a certification stating that he has reviewed a complaint filed in the Actions, and is willing to serve as the representative party on behalf of the class. See Kaboolian Decl., Exh. B. The certification demonstrates that Mr. Foss has suffered losses in excess of $28,057.00 in connection with his purchases of Sonus Networks

6

common stock. Kaboolian Decl., Exh.C  In addition Mr. Foss has selected and retained experienced and competent counsel to represent him and the class. See Kaboolian Decl. Exhs. D.

### 2. Foss Has The Largest Financial Interest in the Relief Sought

The certification demonstrates that during the Class Period, Movant purchased 35,964 of shares of Sonus Networks stock at prices artificially inflated by defendants' false and misleading statements and has suffered losses of over $28,057.00.[4]  See Kaboolian Decl., Exhs. B & C. To the best of his knowledge, Movant has the largest financial interest in the relief sought by the class. Mr. Foss, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA. See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movant Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As detailed below, Mr. Foss satisfies the typicality and adequacy requirements of Rule 23(a).

---

[4] Pursuant to §21D(e)(1) of the 1934 Act, the damages for Plaintiff holding his shares through the end of the class period are calculated as "the difference between the purchase or sale price paid or received ... and the mean trading price of [Sonus Networks stock] during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). This mean trading price for the 90-day period following February 11, 2004, is estimated at $5.07.

### (a) The Claims Of The Proposed Lead Plaintiff Are Typical Of The Claims Of The Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and his claims are based on the same legal issues. In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991). It is not necessary to show identical claims. In re Lernout &Hauspie Sec. Litig., 138 F. Supp.. 2d 39 (D. Mass 2002), citing Guckenberger v. Boston Univ., 957 F. Supp. 306, 325 (D. Mass. 1997).

The questions of law and fact common to the class members here, which predominate over questions that may affect individual claims, include: (a) whether the federal securities laws were violated by defendants' acts; (b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts; (c) whether the defendants acted intentionally or recklessly; (d) whether the market price of Sonus Networks stock was artificially inflated due to the activities complained of; and (e) the extent of damages class members sustained and the appropriate measure of those damages. Mr. Foss' claims are typical of the claims of the members of the proposed class. Mr. Foss, as do all members of the class, alleges that certain of Sonus Networks' directors and high ranking officers violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about Sonus Networks during the Class Period. Further, Movant, as did all of the members of the proposed class, acquired Sonus Networks stock at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by Movant are based on the same legal

8

theory and arise from the same course of conduct that gives rise to the claims of the class members, and are based on the same legal theory. Lernout & Hauspie, 138 F. Supp.. 2d at 46.

### (b) The Proposed Lead Plaintiff Will Fairly And Adequately Represent The Interests Of The Class

The interests of Mr. Foss are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between his interests and those of the proposed class members. As detailed above, Mr. Foss shares substantially similar questions of law and fact with the members of the proposed class, his claims are typical of the members of the class, and he has taken significant steps to advance this litigation. In addition, he has amply demonstrated his adequacy to serve as class representative by signing a certification affirming his willingness to serve as, and assume the responsibilities of, class representative. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent him. For these reasons, Mr. Foss should be appointed Lead Plaintiff in the consolidated action.

### POINT III

### THIS COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. See §21D(a)(3)(B)(v). Mr. Foss has selected the law firm of Abbey Gardy, LLP ("Abbey Gardy") to serve as Lead Counsel. Abbey Gardy has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. See Kaboolian Decl., Exh. D.

## CONCLUSION

For the foregoing reasons, Mr. Foss respectfully requests that the Court: (i) consolidate the related Actions; (ii) appoint him as Lead Plaintiff in the consolidated action; and (iii) approve his choice of Abbey Gardy to serve as Lead Counsel.

DATED: April 12, 2004

**LAW OFFICE OF MICHAEL F. GERMANO**

By: *[signature]*

Michael F. Germano (BBO#567117)
63 Atlantic Avenue
Boston, MA 02110
(617) 367-5911

**ABBEY GARDY, LLP**
Mark C. Gardy (MG-0338)
Nancy Kaboolian (NK-6346)
212 East 39th Street
New York, New York 10016
Telephone: (212) 880-3700
Facsimile: (212) 779-2418

Proposed Lead Counsel

10