# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH CHIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10294 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) | |
| MICHELLE TREBITSCH, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10307 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

**DECLARATION OF DARREN J. CHECK IN SUPPORT OF MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF THE FARHAT PLAINTIFF GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFFS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

| | | |
|---|---|---|
| INFORMATION DYNAMICS LLC, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10308 (DPW) |
| SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) ) ) | |
| Defendants. | ) | |
| PETER KALTMAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10309 (DPW) |
| SONUS NETWORKS, INC., RUBIN GRUBER, HASSAN AHMED, and STEPHEN NILL, | ) ) ) ) | |
| Defendants. | ) | |
| SAMANTHA DEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10310 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

| | | |
|---|---|---|
| RICHARD CURTIS, individually and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:04-CV-10314 (MLW) |
| | ) | |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RONALD KASSOVER, on behalf of the Ronald Kassover IRA and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:04-CV-10329 (DPW) |
| v. | ) | |
| | ) | |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STEVE L. BAKER, individually and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:04-CV-10333 (DPW) |
| | ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

[Captions continued on next page]

| | | |
|---|---|---|
| MICHAEL KAFFEE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10345 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| HAIMING HU, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10346 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| CHARLES STARBUCK, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10362 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) ) | |

[Captions continued on next page]

| | | |
|---|---|---|
| SANUEL HO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10363 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEFFREY C. RODRIGUES, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10364 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ROBERT CONTE and MARK RESPLER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10382 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

WHEATON ELECTRICAL SERVICES )
RETIREMENT 401K PROFIT SHARING )
PLAN, on behalf of itself and all others )
similarly situated, )
                                       )
                        Plaintiff, )      Civil Action No.  1:04-CV-10383 (DPW)
                                         )
           v. )
                                         )
SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )
                                         )
                       Defendants. )

BRIAN CLARK, individually and on )
behalf of all others similarly situated, )
                                         )
                        Plaintiff, )
                                         )
           v. )      Civil Action No.  1:04-CV-10454 (DPW)
                                         )
SONUS NETWORKS, INC., PAUL R. )
JONES, EDWARD N. HARRIS, J. )
MICHAEL O'HARA, HASSAN M. )
AHMED, and STEPHEN J. NILL, )
                                         )
                       Defendants. )

SHEILA BROWNWELL, individually and )
on behalf of all others similarly situated, )
                                         )
                        Plaintiff, )
                                         )
           v. )      Civil Action No.  1:04-CV-10597 (DPW)
                                         )
SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )
                                         )
                       Defendants. )

[Captions continued on next page]

| | | |
|---|---|---|
| SAVERIO PUGLIESE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10612 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) | |
| Defendants. | ) | |
| DAVID V. NOCITO, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10623 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) | |
| Defendants. | ) | |
| JONATHAN A. ZALAUF, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-10714 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, Ph.D., and STEPHEN NILL, | ) ) ) | |
| Defendants. | ) | |

Darren J. Check, declares under penalty of perjury this 26th day of April, 2004:

1.    I am an attorney at the law firm of Schiffrin & Barroway, LLP. I submit this declaration in support of the memorandum of law in further support of motion of the Farhat Plaintiff Group to consolidate actions, to be appointed lead plaintiff and for approval of lead plaintiff's selection of lead counsel and liaison counsel, and in opposition to competing motions.

2.    Attached hereto as Exhibit A is a true and correct copy of the Order in *In re SI Corporation Securities Litigation,* Civil Action No. 1:00-CV-1156-BBM (N.D. Ga. Oct. 3, 2000).

3.    Attached hereto as Exhibit B is a true and correct copy of the Sonus Networks, Inc. trading history from *Bloomberg* for the period of May 12, 2003 through March 26, 2004, inclusive.

4.    Attached hereto as Exhibit C is a true and correct copy of the Order Regarding Plaintiffs' Respective Competing Motions For Appointment of Lead Plaintiffs and Lead Counsel in *Meyer v. Paradigm Medical Industries, et al.,* Case No. 2:03-CV-448 TC (D. Utah Feb. 27, 2004).

I hereby declare under penalty of perjury that the foregoing is true and correct.

DARREN J. CHECK

# EXHIBIT A

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 0 3 2000

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE S1 CORPORATION      CIVIL ACTION

SECURITIES LITIGATION     NO. 1:00-CV-1156-BBM

## O R D E R

This securities class action is currently before the court concerning the possible disqualification of the plaintiffs' counsel from the firm of Chitwood & Harley.  The firm has served as local counsel and co-counsel for two groups of competing movants for lead plaintiff in a class action arising under the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*  In separate motions to be appointed lead plaintiff, Chitwood & Harley represented both the Deljou Family in their motion as local counsel [Doc. No. 5-1], and Richard Allegood, Snodgrass Foundation, Raveesh Kumra, and James E. Rice, Jr. in their motion as co-counsel [Doc. No. 4-1].  In each motion, Chitwood & Harley made arguments why one group should be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(B), and why Chitwood & Harley should be selected as co-lead counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v).  In subsequent opposition briefs filed with this court [Doc. Nos. 9-1 & 10-1], Chitwood & Harley not only repeated affirmative arguments why one group should be appointed lead plaintiff, but also argued for each

separate group of movants as to why the other group of movants should not be appointed lead plaintiff.[1] Thus, on their face, the court noted that the motions filed by the firm appeared to be a blatant concurrent conflict of interest. Pursuant to this concern, the court ordered Chitwood & Harley to show cause why the firm should not be disqualified from representing either group of movants for lead plaintiff [Doc. No. 16-1]. The firm then filed a memorandum in response to the order to show cause [Doc. No. 18-1]. The court now issues this order disqualifying Chitwood & Harley from the present action.

Local Rule 83.1(C) of the Northern District of Georgia provides, "All lawyers practicing before this court shall be governed by and shall comply with . . . the Code of Professional Responsibility and Standards of Conduct contained in the Rules and Regulations of the State Bar of Georgia and with the decisions of this court interpreting those rules and standards." Thus, the court must examine both the applicable Georgia rules of professional conduct and decisions of the Northern District of Georgia which interpret the Georgia rules.

---

[1] For example, Chitwood & Harley states in the Allegood group's opposition brief: "Appointment of the [Allegood group], rather than the Deljou Family, will promote the best interest of the Class." At the same time Chitwood & Harley also states in the Deljou Family's brief: "The [members of the Allegood group] have submitted no admissible evidence that they are anything other than an unwieldy aggregation of individuals whose counsel have agreed to join forces. . . . The motion of the Aggregation Movants is wholly inconsistent with the purposes of the PLSRA."

2

The Georgia Code of Responsibility provides under DR 5-105(A)-(C):

> (A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).
> (B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).
> (C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

These rules are a verbatim adoption of identically numbered Directory of Rules of the American Bar Association's Model Code of Professional Responsibility. The ABA/BNA Lawyer's Manual on Professional Conduct addresses the issues covered by those sections.[2] By its plain language, the Georgia Bar Code, and, by

---

[2] The Lawyer's Manual states the following:

A lawyer may not represent one client whose interests are adverse to those of another current client of the lawyer's, even if the two representations are unrelated, unless the clients consent and the lawyer believes he or she is able to represent each client without adversely affecting the other. Courts and ethics panels generally take a broad view of this restriction, and a specific adverse effect probably will not have to be shown. All that need be present is that one lawyer or firm is representing two clients, even in unrelated matters with potentially conflicting interests. The rules with respect to concurrent representation of conflicting interests are rooted in a lawyer's duty of loyalty to the client. This is generally considered a somewhat greater obligation than the one the lawyer owes to a former client, which is to protect client confidences and secrets.

Clients may consent to simultaneous representation following full disclosure. Even where consent is given, however, it may be

3

adoption, this court, "require both a showing that adequate representation of both clients is probable, and also the informed consent of both clients."[3] Worldspan, 5 F. Supp. 2d 1356, 1357-58 (N.D. Ga. 1998); see also Glover v. Libman, 578 F. Supp. 748, 760 (N.D. Ga. 1983). "[W]here simultaneous, directly adverse, representation is involved . . . substantial consideration is due the non-consenting client's fears and concern about use of confidential information, thus emphasizing the wisdom of requiring both informed consent and a finding of no adverse effect." See Worldspan, 5 F. Supp. 2d at 1358 (citing Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1386 (2d Cir. 1976)). Thus, compliance with DR 5-105 requires counsel to obtain consent of the client before undertaking adverse representation, but even when the client consents, a directly adverse representation may require the court to disqualify counsel.

---

clear that one lawyer or law firm cannot represent both parties. When consent is not given or when dual representation is not possible under the rules, lawyers engage in concurrent conflicting representations at their own risk, for they may be required to withdraw from both clients' cases if they haven't taken care of the conflict before entering into both relationships. Once the dual representation has begun, courts are usually reluctant to simply let a firm pick and choose which client to keep and which to drop.

ABA/BNA LAWYER'S MANUAL ON PROFESSIONAL CONDUCT, PRACTICE GUIDE § 51:101 (emphasis added). Judge Moye relied on this passage in Worldspan, L.P. v. Sabre Group Holdings, Inc., 5 F. Supp. 2d 1356, 1357 (N.D. Ga. 1998).

[3] In interpreting the Directory Rules, the Northern District has also relied on the Restatement (Third) of the Law Governing Lawyers. See Worldspan, 5 F. Supp. 2d at 1360 ("The Court . . . must make sure that its interpretations are consistent with the mainstream of current legal thought and law . . . . The Restatement is particularly helpful by reason of its recognition of the evolving nature of the legal profession.").

4

Chitwood & Harley argues, however, that DR 5-105 does not apply to the present case because the appointment of a lead plaintiff in a securities class action is a unique litigation situation.  Specifically, Chitwood & Harley contends that the firm does not owe each competing lead plaintiff a duty of loyalty because the firm owes a duty of loyalty only to the class as a whole and not to individual plaintiffs.  Chitwood & Harley also argues that having one firm represent competing movants is a quick and efficient method of appointing lead plaintiffs.  Finally, Chitwood & Harley maintains that the firm adequately disclosed its dual representation with the parties and to the court in a letter dated July 7, 2000, (dated the same day as the competing motions).  Thus, even though motions for competing plaintiffs were filed by the same firm, Chitwood & Harley implies that the firm obtained client consent and that dual representation was a speedy and efficient way of appointing the most qualified lead plaintiff-- ultimately serving the best interests of the class.  Because of the unique characteristics of a securities class action, the court must examine DR 5-105 in the context of class actions and the PSLRA.

In analyzing DR 5-105 under the PSLRA, the court must make two determinations: (1) whether the two groups of movants are adverse clients of Chitwood & Harley in which dual representation would have a direct, adverse effect upon them; and (2) whether the letter dated July 7, 2000 constituted adequate consent by the plaintiffs to dual representation.  For each of these findings the court will

5

rely on the new <u>Restatement</u> to be "consistent with the mainstream of current legal thought." <u>Worldspan</u>, 5 F. Supp. 2d at 1360.

The first inquiry must be analyzed under conflict rules in the context of complex multiparty litigation. Generally, the relationship of client and lawyer arises when "a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and either: the lawyer manifests to the person consent to do so[] or . . . the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 14 (2000) [hereinafter "RESTATEMENT"]. In class actions, "the named class representatives are the clients of the lawyer for the class[;] . . . [y]et class members who are not named representatives also have some characteristics of clients." <u>Id.</u> § 14 cmt. f. "Lawyers in class actions [also] have duties to the class as well as to the class representatives. A class action lawyer may therefore be privileged or obliged to oppose the views of the class representatives after having consulted with them."[4]

_____

[4] In <u>Pettway v. American Cast Iron Pipe Co.</u>, 576 F.2d 1157 (5th Cir. 1978), the court noted the unusual relationship of attorney and class representatives. The court stated:

> Certainly it is inappropriate to import the traditional understanding of the attorney-client relationship into the class action context by simply substituting the named plaintiffs as the client. The interests of the named plaintiffs and those of other class members may diverge, and a core requirement for preventing abuse of the class action device is some means of ensuring that the interests and rights of each class member receive consideration by the court. Were the class attorney to treat the named plaintiff as the exclusive client, the interests of other class members might go unnoticed and unrepresented. Thus, when a potential conflict arises

6

_Id._ Thus, the lawyer "should act for the benefit of the class as its members would reasonably define that benefit." _Id._

Multiple representation is generally precluded "when the clients, although nominally on the same side of a lawsuit, in fact have such different interests that representation of one will have a material and adverse effect on the lawyer's representation of the other." RESTATEMENT § 128 cmt. d. However, not all possibly differing interests of co-clients in complex and multiparty litigation involve material interests creating conflict. The Restatement provides some guidance:

> Determination whether a conflict of material interests exists requires careful attention to the context and other circumstances of the representation and in general should be based on whether (1) issues common to the clients' interests predominate; (2) circumstances such as the size of each client's interest make separate representation impracticable; and (3) the extent of active judicial supervision of the representation. . . . In addition to general conflict-of-interest rules that may apply, a lawyer representing such multiple clients must also comply with statutory regulations if more stringent.

---

> between the named plaintiffs and the rest of the class, the class attorney must not allow decisions on behalf of the class to rest exclusively with the named plaintiffs. In such a situation, the attorney's duty to the class requires him to point out conflicts to the court so that the court may take appropriate steps to protect the interests of absentee class members.
>
> This does not mean, however, that the class attorney may ignore the wishes of the class representatives in making fundamental litigation decisions . . . . An attorney who prosecutes a class action with unfettered discretion becomes, in fact, the representative of the class. This is an unacceptable situation because of the possible conflicts of interest involved.

_Id._ at 1176-77 (citations omitted) (emphasis added).

7

Id. § 128 d(iii).  The court notes that there is no express provision in the PSLRA that voids or expressly alters general conflict-of-interest rules.  However, the court will address Chitwood & Harley's arguments that the PSLRA modifies such rules. In so doing, the court emphasizes that in many ways the PSLRA, and the motivations for originally enacting the statute, serve to create more stringent restrictions on attorneys.

In a class action under the PSLRA, one of the primary purposes of the Act was to "give[] the lead plaintiff the initial choice of counsel, and ensure[] that only in very unusual circumstances will the lead plaintiff have to accept counsel that it did not choose for itself."  In re Baan Co. Secs. Litig., 186 F.R.D. 214, 219 (D.D.C. 1999) (appendix reprinting the Securities and Exchange Commission's amicus curiae brief [hereinafter "SEC Brief"] which the court noted as helpful and "should be made available more widely"); see also 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  The Act mandated this practice because "class action securities litigation had become a 'lawyer-driven' enterprise, in which law firms sought to bring cases and then sought out plaintiffs in whose names they could sue."  Baan, 186 F.R.D. at 220 (SEC Brief).  However, the selection of lead counsel remains subject to the approval of the court and "the Act otherwise preserves the court's traditional discretion to evaluate counsel for the protection of the class." Id. at 229.  Thus, the PSLRA and courts' interpretations of the Act

8

voice conflicting goals of counsel representation.  On the one
hand, the Act seeks to wrest counsel's domination of the litigation
by giving the lead plaintiff control in selecting lead counsel.  On
the other hand, a court must also consider the overall interest of
the class by ensuring that the class receives the most capable
counsel.

Even before the lead plaintiff can select lead counsel,
however, the lead plaintiff must first be appointed.  See 15 U.S.C.
§ 78u-4(a)(3)(B).  In the process of appointing the lead plaintiff,
at least one court (in a case where Chitwood & Harley also served
as the plaintiffs' counsel) has found:

> [T]he lead plaintiff movants are not in fact competing
> with each other.  Each is seeking the same result--the
> greatest recovery for the class consistent with the
> merits of the claims raised, the defenses asserted and
> the burdens and risks of litigation.  The rebuttable
> presumption created by the PSLRA which favors the
> plaintiff with the largest financial interest was not
> intended to obviate the principle of providing the class
> with the most adequate representation and in general the
> Act must be viewed against established principles
> regarding Rule 23 class actions.

In re Oxford Health Plans, Inc. Secs. Litig., 182 F.R.D. 42, 49
(S.D.N.Y. 1998) (finding that the appointment of multiple lead
plaintiffs is permissible).  However, courts have also noted:
"'[W]e are not convinced that, in promulgating the remedies of the
Reform Act, Congress intended a substantial departure from the
ordinary application of the attorney client relationship.'" Burke
v. Ruttenberg, 102 F. Supp. 2d 1280, 1323 (N.D. Ala. 2000) (quoting
D'Hondt v. Digi Int'l, Inc., 1997 WL 405668 at *3 (D. Minn. 1997)).
Similar to the selection of lead counsel, the rules governing the

9

appointment of lead plaintiff also seek both to limit the influence of attorneys[5] by appointing a plaintiff with a large financial stake, yet also ensure that the best representative for the class as a whole is chosen.

Chitwood & Harley's main argument centers around the theory that the movants for lead plaintiff are not actually adverse and that the firm truly represents the class as a whole.  Chitwood & Harley's brief states: "While it is true that one movant may not 'win' the appointment as lead plaintiff, the system is designed so that whoever fills that role will accomplish the best for all concerned.  Thus, in this sense, all lead plaintiff movants have the same interest because each movant is also a class member."  However, Chitwood & Harley fails to mention that in each motion for lead plaintiff, counsel nominates his own firm for co-lead counsel or local counsel.  Curiously, in his argument why Chitwood & Harley should be selected co-lead counsel or local counsel for each prospective lead plaintiff, counsel argues that the court "should not disturb the lead plaintiff's choice of counsel unless necessary to 'protect the interest of the class.'"  Hence, Chitwood & Harley directs the court to the importance of the class as a whole in filing facially competing motions, but then avoids the class concept in arguing for the firm's co-lead or local representation of each prospective lead plaintiff.

---

[5] "Indeed, a key goal of the Act was to lessen the influence of counsel in the process of selecting lead plaintiff and lead counsel." Baan, 186 F.R.D. at 233 (SEC Brief).

More importantly, the SEC has advised courts to investigate whether "circumstances justify particular confidence in the lead plaintiff's independence and ability to choose counsel." Baan, 186 F.R.D. at 233 (SEC Brief). The Commission instructs: "Where . . . it appears that the prospective lead plaintiff has not played an active, effective role in choosing counsel or the relationship between the plaintiff and one or more of its chosen law firms is based on factors other than the merits of the firms, greater scrutiny is clearly warranted." Id. at 233-34. Moreover, "unless there has been active, effective client participation in the process, it is possible that the counsel arrangement may simply reflect bargaining among lawyers for their own stake in the case, and not serve the interests of the class."[6] Id. at 235 (emphasis added).    Certainly, in this case, the independence of the prospective lead plaintiffs is dubious when their own choice for co-lead or local counsel has already argued against their position. Thus, even if the court accepts Chitwood & Harley's contention that movants for lead plaintiff are not in fact adverse parties, Chitwood & Harley has still violated the purpose of the PSLRA by positioning the firm to be guaranteed selection as co-lead or local

---

[6] The SEC notes that attorney practices pre-dating the PLSRA might still motivate prospective lead counsels, stating: "'The centrality of lead counsel's role means that there is often a spirited contest to determine who will occupy this position. In a major case, the process can resemble a political convention: vote-trading occurs, compromises are struck, and promises of favorable work assignments are made in return for support.'" Baan, 186 F.R.D. at 235 n.35 (SEC Brief) [quoting John C. Coffee, Rescuing the Private Attorney General: Why the Model of the Lawyer as Bounty Hunter is not Working, 42 Md. L. Rev. 215, 250 (1983)].

counsel. Such conduct represents the very type of influence by attorneys that the/PSLRA was enacted to prevent.

Chitwood & Harley also contends that the PSLRA "invite[s] concurrent representation" and that a single firm which files facially competing motions is a fast and efficient way of appointing lead plaintiffs under the PSLRA. The PSLRA does impose significant time limitations on movants for lead plaintiff, see 15 U.S.C. § 78u-4(a)(3)(A)(ii) (stating that potential class members have sixty days from the date notice is first published to "move to serve as lead plaintiff of the purported class"), and the SEC has indicated that a "single law firm or cohesive team of firms representing a single client is likely to provide more effective representation."[7] Baan, 186 F.R.D. at 234 (SEC Brief). However, time constraints do not necessarily demand that a single firm file competing motions which nominate itself as co-lead or local counsel for both groups of movants. Moreover, in limiting representation to a "cohesive team" of firms, the SEC was concerned about "the ways in which the lead plaintiff chooses, and negotiates with, its own counsel." Id. Thus, these concerns relate to the prospective lead plaintiff's independent ability to select lead counsel--an ability which the court has already found to be questionable in the present case.

_____

[7] The SEC has also stated: "The Court might find it useful . . . to consider the relationship between each proposed counsel and the lead plaintiff and the circumstances under which that relationship was formed . . . . [T]he court might therefore consider limiting lead counsel to the firm or firms representing the lead plaintiff at the outset of the litigation." Baan, 186 F.R.D. at 234 (SEC Brief) (emphasis added).

Finally, although a conflict of interest may arise in multi-party litigation, in most instances consent of the parties will allow the joint representation to continue. "Joint representation is appropriate following effective client consent, together with compliance with applicable statutory or rule requirements, which may require court approval of the representation after disclosure of the conflict." RESTATEMENT § 122 cmt. g(iii). "In some situations, however, joint representation would be objectively inadequate despite a client's voluntary and informed consent." Id. § 122 cmt. g(iv). For example, "a conflict of interest among class members might render a lawyer's representation in a class action inadequate despite informed consent by the class representatives." Id. In situations where the requirement of informed consent has not been clearly established, the general standard to determine if consent is permissible states: "[I]f a reasonable and disinterested lawyer would conclude that one or more of the affected clients could not consent to the conflicted representation because the representation would likely fall short in either respect, the conflict is nonconsentable." Id.

If a court finds that consent is objectively adequate, the court must then determine if the form of the consent is unambiguous and valid. The Northern District of Georgia has previously held that "any document intended to grant standing consent for the lawyer to litigate against his own client must identify that possibility. if not in plain language, at least by irresistible inference including reference to specific parties, the

13

circumstances under which such adverse representation would be undertaken, and all relevant like information." Worldspan, 5 F. Supp. 2d at 1360.

Chitwood & Harley has presented an undocketed letter sent to the court the same day that the competing motions were filed to show that the parties consented to the dual representation. The letter states in part:

> Although Chitwood & Harley is one of the proposed Co-Lead Counsel for the Movants on the first motion, we have also filed the competing motion so that it will not be necessary for the competing out-of-state firm to associate other local counsel solely to place its motion on file. It is our view that cooperating in this manner serves the best interests of the Court, the movants, and the class.

Notwithstanding the letter to the court, there is no indication that Chitwood & Harley received informed consent from the parties. Chitwood & Harley does note that consent was received from "counsel for both Movants" before filing the motions. However, merely receiving consent from counsel suggests again that "the counsel arrangement . . . simply reflect[s] bargaining among lawyers for their own stake in the case, and [does] not serve the best interests of the class." Baan, 186 F.R.D. at 235 (SEC Brief). Thus, even assuming that Chitwood & Harley did receive consent from counsel of the opposing movants, the court finds that such "consent" still does not indicate that the prospective lead plaintiffs themselves consented to dual representation or had "active, effective client participation in the process." Id.

The court concludes that the conduct of Chitwood & Harley amounted to a concurrent conflict of interest, violating both DR 5-

14

105 and the purpose of the PSRLA. The court also finds that the letter sent to the court does not satisfy the requirements of unambiguous consent by the clients. In finding that Chitwood & Harley has violated an ethical rule, the court must now determine if disqualification is a proper remedy.

Although mere technical violations of DR 5-105 will not automatically require the remedy of disqualification, a court should disqualify an offending firm when a "real possibility of substantial and meaningful conflict" exists. See Worldspan, 5 F. Supp. 2d at 1362 (Order on Reconsideration). To determine if disqualification is the appropriate remedy, the court must answer two separate questions:

> "First, whether [the law firm] has violated DR 5-105: and, second, in the event that the first question is answered in the affirmative, whether this violation requires [the firm's] disqualification in this case. The importance of this second question cannot be [overstated], as disqualification of counsel in an action which has been pending for some time is but one of several alternatives and is a drastic measure which courts will not impose unless absolutely necessary."

Id. at 1361 (alterations in original) (quoting Gould, Inc. v. Mitsui Mining & Smelting Co., 738 F. Supp. 1121, 1124-25 (N.D. Ohio 1990)). In answering the second question, the court must take into account several factors. First, will a remedy other than disqualification risk further impairment of the litigation process. Id. at 1362. Second, was the issue of disqualification raised early enough in the litigation not to cause lost time or effort occasioned by a disqualification order. Id. at 1362-63. Third, will primary counsel be able to competently litigate the matter in

15

association with other local counsel. Id. at 1363. Fourth, is the conflict of interest patent, based on the clear language of the Directory Rule itself, and not simply an appearance of impropriety. Id.

The court finds that the answers to the four factors favor disqualification. Disqualification at this early stage of the litigation will not significantly impair the process nor will considerable time or effort be lost. Although the movants' lead counsel have had a successful history of employing Chitwood & Harley, each lead counsel will not be substantially impaired by hiring competent new co-counsel and local counsel. Finally, because the conflict constituted a concurrent conflict by filing facially competing motions which also contained a self-serving interest to be appointed co-lead or local counsel on either side, the court finds that the conduct rises well above the appearance of impropriety. As Judge Moye stated in Worldspan:

> The ordinary layman would be astonished to learn that a lawyer could receive substantial fees to represent a client and be able to litigate against that same client [in the same matter] at the same time. The existence of that possibility should certainly prevent any client from placing 100% trust and confidence in his lawyer. The court believes such a possibility would not be conducive to public trust in the legal profession.

Id. at 1363.

For the foregoing reasons, Chitwood & Harley is hereby disqualified from representing either the Deljou Family group or the group including Richard Allegood, Snodgrass Foundation, Raveesh Kumra, and James E. Rice, Jr.

16

SO ORDERED, this 3rd day of October, 2000.

BEVERLY B. MARTIN
United States District Judge

17

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing "MOVANT THE IXL PLAINTIFFS GROUP'S MEMORANDUM OF LAW IN OPPOSITION TO LEON SOKOLIC'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPOINTMENT OF LEAD COUNSEL" by U.S. Mail, with adequate postage, at the following addresses:

Todd David, Esq.
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Martin D. Chitwood, Esq.
Chitwood & Harley
1230 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30309

Jules Brody, Esq.
Stull, Stull & Brody
6 East 45th Street
Suite 500
New York, NY 10017

Fred Isquith, Esq.
Wolf Haldenstein Adler Freeman & Herz
270 Madison Avenue
10th Floor
New York, NY 10016

Paul J. Geller, Esq.
Cauley & Geller, LLP
One Boca Place
2255 Glades Road
Suite 421A
Boca Raton, FL 33431

Mark Topaz, Esq.
Schiffrin & Barroway
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

Steven G. Schulman, Esq.
Samuel H. Rudman, Esq.
Milberg Weiss Bershad Hynes & Lerach
One Pennsylvania Plaza
New York, NY 10119

Kenneth J. Vianale, Esq.
Milberg Weiss Bershad Hynes & Lerach
5355 Town Center Road
Suite 900
Boca Raton, FL 33486

Donald J. Enright, Esq.
Finkelstein Thompson & Loughran
1055 Thomas Jefferson Street, N.W.
Suite 601
Washington, D.C.  20007

Joseph Weiss, Esq.
Weiss & Yourman
551 Fifth Avenue
Suite 1600
New York, NY 10176

Law Offices of Marc S. Henzel
210 West Washington Square
Third Floor
Philadelphia, PA 19106

Law Offices of Leo Desmond
2161 Palm Beach Lakes Blvd.
Suite 204
West Palm Beach, FL 33409

Law Offices of Charles Piven
The World Trade Center - Baltimore
401 East Pratt Street
Suite 2525
Baltimore, MD 21202

This 27th day of November, 2000.

Corey D. Holzer.
Georgia Bar No. 364698
HOLZER & HOLZER
6135 Barfield Road
Suite 102
Atlanta, GA 30328
(404) 847-0085

U.S.D.C. Atlanta

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OCT 2 6 2000

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN RE S1 CORPORATION          CIVIL ACTION
SECURITIES LITIGATION         NO. 1:00-CV-1156-BBM

### O R D E R

This securities class action is currently before the court concerning the disqualification of the plaintiffs' counsel from the firm of Chitwood & Harley.  Chitwood & Harley has filed a motion for reconsideration and clarification [Doc. No. 28-1] in response to the order issued by this court on October 3, 2000 [Doc. No. 24-1] which disqualified the firm from the present case.  In its motion for reconsideration, the firm restates arguments originally noted in its response to the court's order to show cause on August 24, 2000 [Doc. No. 16-1].

The firm has also raised new arguments in response to the order issued on October 11, 2000.  These arguments include: Chitwood & Harley did not guarantee itself appointment of co-lead or local counsel by filing facially competing motions; the firm acted in only an administrative capacity as local counsel for an out-of-state firm by filing one of the motions at "the last minute"; the firm did not violate conflicts rules in the context of class actions under The Restatement of the Law Governing Lawyers § 128; and the firm cannot be held accountable for violating a "purpose" of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 et seq.

The court has considered these arguments, but denies Chitwood & Harley's motion for reconsideration. The critical and plainly obvious fact in this case is that Chitwood & Harley filed two motions for two different groups of clients on the same day which criticized each group of clients' arguments and advocated one group of clients over the other. For example, in one motion filed on July 24, 2000 by Chitwood & Harley on behalf of the Allegood group of movants, the brief states:

> The provisions of the PSLRA support appointing the members of the [Allegood group of movants] -- who clearly have the largest financial interest in the relief sought by the class -- as Lead Plaintiffs. As noted below, not only do the aggregate losses of the [Allegood group] outstrip the aggregate losses of the Deljou Family by a margin of more than 4 to 1, but the individual losses of $741,307 and $529,537 by Allegood and Kumra, respectively, of the [Allegood group] each independently exceeds the aggregate losses of the Deljou Family.

Allegood Group's Opposition Brief [Doc. No. 9-1], pp. 5-6. On the same day, July 24, 2000, the firm also filed an opposition brief against the Allegood group and in support of the Deljou Family, stating:

> In sharp contrast with the Deljou Family, the [members of the Allegood group] provide no basis that they are anything other than an ad hoc naming of four individuals by four law firms. Their claims are not typical of each other, let alone the class, and their theory of recovery reveals conflicts within their own group. Notwithstanding their conscientious effort to avoid characterizing themselves as a "group," the [members of the Allegood group] constitute four unrelated investors, none of whom had any relationship with each other prior to the commencement of this litigation, who seek to aggregate their losses in hope of being appointed Co-Lead Plaintiffs, and each of their four counsel as Co-Lead Counsel. They provide no explanation for their proposal to attenuate leadership. Although the [members of the Allegood group] claim to have cumulative losses in the amount of $2,056,932, they do not meet the

requirements for appointment as Co-Lead Plaintiffs under the PSLRA and, thus, their motion should be denied.

Deljou Family's Opposition Brief [Doc. No. 9-1], pp. 5-6.

This court considers it of no consequence that Chitwood & Harley filed one motion on behalf of another out-of-state firm and did not participate in the drafting of that motion. The firm voluntarily signed and certified each motion as a member of the State Bar of Georgia. The language and subject matter of each motion, in conjunction with Chitwood & Harley's signature at the end of each motion, alone constituted a violation of DR 5-105.

However, in denying the motion for reconsideration, and also in this court's original order disqualifying Chitwood & Harley, the court makes no finding of bad faith on the part of Chitwood and Harley. To the contrary, Chitwood & Harley has amply demonstrated to this court that when it engaged in the practice of filing pleadings on behalf of competing groups of possible lead plaintiffs, the firm believed it was engaging in a permissible practice, and indeed a practice that it viewed as having been sanctioned by other courts.

Nevertheless, Chitwood & Harley's motion for reconsideration and for clarification [Doc. No. 28-1] is hereby DENIED. The firm's request for oral argument [Doc. No. 27-1] is also DENIED.

SO ORDERED, this 26th day of October, 2000.

BEVERLY B. MARTIN
United States District Judge

3

# EXHIBIT B

```
26                                                              Equity HCPI
DELAY      Vol 1,692,740 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7903516
HISTORICAL  %  MOVES  for SONUS NETWORKS INC        (SONSE   US)
Range    5/12/03  to  3/26/04   Period D Daily      Page   1 /26  USD
Total change:   +20.95% (C Close  5/12/03 3.77   - C Close  3/26/04 4.56   )
```

|      | DATE    |       |      | CHANGE | % Change |      |      | CHANGE | % Change |
|------|---------|-------|------|--------|----------|------|------|--------|----------|
| FRI  | 3/26/04 | Close | 4.56 | +.10   | +2.24    | High | 4.66 | +.20   | +4.48    |
|      |         | Open  | 4.55 | +.09   | +2.02    | Low  | 4.47 | +.01   | +0.22    |
| THU  | 3/25/04 | Close | 4.46 | +.19   | +4.45    | High | 4.49 | +.22   | +5.15    |
|      |         | Open  | 4.23 | -.04   | -0.94    | Low  | 4.16 | -.11   | -2.58    |
| WED  | 3/24/04 | Close | 4.27 | -.43   | -9.15    | High | 4.82 | +.12   | +2.55    |
|      |         | Open  | 4.82 | +.12   | +2.55    | Low  | 4.24 | -.46   | -9.79    |
| TUE  | 3/23/04 | Close | 4.70 | -.41   | -8.02    | High | 5.23 | +.12   | +2.35    |
|      |         | Open  | 5.16 | +.05   | +0.98    | Low  | 3.71 | -1.40  | -27.40   |
| MON  | 3/22/04 | Close | 5.11 | -.22   | -4.13    | High | 5.26 | -.07   | -1.31    |
|      |         | Open  | 5.26 | -.07   | -1.31    | Low  | 5.08 | -.25   | -4.69    |
| FRI  | 3/19/04 | Close | 5.33 | -.11   | -2.02    | High | 5.52 | +.08   | +1.47    |
|      |         | Open  | 5.45 | +.01   | +0.18    | Low  | 5.33 | -.11   | -2.02    |
| THU  | 3/18/04 | Close | 5.44 | +.06   | +1.12    | High | 5.45 | +.07   | +1.30    |
|      |         | Open  | 5.40 | +.02   | +0.37    | Low  | 5.22 | -.16   | -2.97    |
| WED  | 3/17/04 | Close | 5.38 | +.13   | +2.48    | High | 5.42 | +.17   | +3.24    |
|      |         | Open  | 5.37 | +.12   | +2.29    | Low  | 5.28 | +.03   | +0.57    |
| TUE  | 3/16/04 | Close | 5.25 | -.13   | -2.42    | High | 5.56 | +.18   | +3.35    |
|      |         | Open  | 5.55 | +.17   | +3.16    | Low  | 5.13 | -.25   | -4.65    |

Australia 61 2 9777 8600        Brazil 5511 3048 4500        Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                          G730-210-1 26-Apr-04 10:40:34

```
SONSE US $ ↓ 4.81 +.13 Q  Q14.81/4.82  46x56              Equity HCPI
DELAY      Vol 1,692,740 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7903516
HISTORICAL  %  MOVES  for SONUS NETWORKS INC        (SONSE   US)
Range    5/12/03  to  3/26/04   Period D Daily         Page   2 /26  USD
Total change:  +20.95% (C Close  5/12/03 3.77    - C Close  3/26/04 4.56    )
```

| | DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|---|
| MON | 3/15/04 | Close | 5.38 | +.06 | +1.13 | High | 5.74 | +.42 | +7.89 |
| | | Open | 5.73 | +.41 | +7.71 | Low | 5.30 | -.02 | -0.38 |
| FRI | 3/12/04 | Close | 5.32 | +.15 | +2.90 | High | 5.49 | +.32 | +6.19 |
| | | Open | 5.49 | +.32 | +6.19 | Low | 5.16 | -.01 | -0.19 |
| THU | 3/11/04 | Close | 5.17 | +.01 | +0.19 | High | 5.42 | +.26 | +5.04 |
| | | Open | 5.05 | -.11 | -2.13 | Low | 5.00 | -.16 | -3.10 |
| WED | 3/10/04 | Close | 5.16 | -.19 | -3.55 | High | 5.51 | +.16 | +2.99 |
| | | Open | 5.51 | +.16 | +2.99 | Low | 5.08 | -.27 | -5.05 |
| TUE | 3/ 9/04 | Close | 5.35 | -.18 | -3.25 | High | 5.54 | +.01 | +0.18 |
| | | Open | 5.51 | -.02 | -0.36 | Low | 5.25 | -.28 | -5.06 |
| MON | 3/ 8/04 | Close | 5.53 | -.28 | -4.82 | High | 5.90 | +.09 | +1.55 |
| | | Open | 5.82 | +.01 | +0.17 | Low | 5.51 | -.30 | -5.16 |
| FRI | 3/ 5/04 | Close | 5.81 | -.09 | -1.53 | High | 5.99 | +.09 | +1.53 |
| | | Open | 5.78 | -.12 | -2.03 | Low | 5.76 | -.14 | -2.37 |
| THU | 3/ 4/04 | Close | 5.90 | +.06 | +1.03 | High | 5.95 | +.11 | +1.88 |
| | | Open | 5.86 | +.02 | +0.34 | Low | 5.76 | -.08 | -1.37 |
| WED | 3/ 3/04 | Close | 5.84 | -.16 | -2.67 | High | 6.03 | +.03 | +0.50 |
| | | Open | 5.98 | -.02 | -0.33 | Low | 5.79 | -.21 | -3.50 |

```
Australia 61 2 9777 8600      Brazil 5511 3048 4500     Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                            G730-210-1 26-Apr-04 10:40:34
```

**SONSE** US $ ┃ **4.81** +.13 Q  Q14.81/4.82  46x56                              **Equity HCPI**
**DELAY**     Vol 1,692,740 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7903516
**HISTORICAL  %  MOVES**  for SONUS NETWORKS INC          (SONSE    US)
Range    **5/12/03**   to   **3/26/04**   Period **D** Daily        Page   3 /26  USD
Total change:    +20.95% (**C** Close  5/12/03 3.77     – **C** Close  3/26/04 4.56     )

| | DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|---|
| TUE | 3/ 2/04 | Close | 6.00 | −.09 | −1.48 | High | 6.15 | +.06 | +0.99 |
| | | Open | 6.14 | +.05 | +0.82 | Low | 5.90 | −.19 | −3.12 |
| MON | 3/ 1/04 | Close | 6.09 | +.16 | +2.70 | High | 6.24 | +.31 | +5.23 |
| | | Open | 6.07 | +.14 | +2.36 | Low | 5.93 | −.– | |
| FRI | 2/27/04 | Close | 5.93 | +.36 | +6.46 | High | 6.00 | +.43 | +7.72 |
| | | Open | 5.65 | +.08 | +1.44 | Low | 5.60 | +.03 | +0.54 |
| THU | 2/26/04 | Close | 5.57 | +.121 | +2.22 | High | 5.64 | +.191 | +3.51 |
| | | Open | 5.43 | −.019 | −0.35 | Low | 5.33 | −.119 | −2.18 |
| WED | 2/25/04 | Close | 5.449 | +.079 | +1.47 | High | 5.57 | +.20 | +3.72 |
| | | Open | 5.50 | +.13 | +2.42 | Low | 5.36 | −.01 | −0.19 |
| TUE | 2/24/04 | Close | 5.37 | −.08 | −1.47 | High | 5.66 | +.21 | +3.85 |
| | | Open | 5.61 | +.16 | +2.94 | Low | 5.31 | −.14 | −2.57 |
| MON | 2/23/04 | Close | 5.45 | +.08 | +1.49 | High | 5.57 | +.20 | +3.72 |
| | | Open | 5.54 | +.17 | +3.17 | Low | 5.201 | −.169 | −3.15 |
| FRI | 2/20/04 | Close | 5.37 | −.31 | −5.46 | High | 5.68 | −− | |
| | | Open | 5.65 | −.03 | −0.53 | Low | 5.318 | −.362 | −6.37 |
| THU | 2/19/04 | Close | 5.68 | −.05 | −0.87 | High | 5.89 | +.16 | +2.79 |
| | | Open | 5.84 | +.11 | +1.92 | Low | 5.63 | −.10 | −1.75 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                                         G730-210-1 26-Apr-04 10:40:35

**SONSE** US $ ↓ **4.81** +.13 Q  Q14.81/4.82  46x56          **Equity HCPI**
**DELAY**      Vol 1,692,740 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7903516
**HISTORICAL  %  MOVES** for SONUS NETWORKS INC          (SONSE    US)
Range   5/12/03  to  3/26/04   Period D Daily        Page   4 /26  USD
Total change:  +20.95% (C Close  5/12/03 3.77   -  C Close  3/26/04 4.56   )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|------|------|------|--------|----------|------|------|--------|----------|
| WED | 2/18/04 | Close 5.73 | -.14 | -2.39 | High | 5.97 | +.10 | +1.70 |
| | | Open 5.92 | +.05 | +0.85 | Low | 5.67 | -.20 | -3.41 |
| TUE | 2/17/04 | Close 5.87 | +.05 | +0.86 | High | 6.27 | +.45 | +7.73 |
| | | Open 6.19 | +.37 | +6.36 | Low | 5.82 | -- | |
| MON | 2/16/04 | Close | | | High | | | |
| | | Open | | | Low | | | |
| FRI | 2/13/04 | Close 5.82 | +.43 | +7.98 | High | 6.04 | +.65 | +12.06 |
| | | Open 5.57 | +.18 | +3.34 | Low | 5.50 | +.11 | +2.04 |
| THU | 2/12/04 | Close 5.39 | -1.301 | -19.44 | High | 5.84 | -.851 | -12.72 |
| | | Open 5.16 | -1.531 | -22.88 | Low | 5.02 | -1.671 | -24.97 |
| WED | 2/11/04 | Close 6.691 | -.809 | -10.79 | High | 7.55 | +.05 | +0.67 |
| | | Open 7.54 | +.04 | +0.53 | Low | 6.30 | -1.20 | -16.00 |
| TUE | 2/10/04 | Close 7.50 | -.13 | -1.70 | High | 7.65 | +.02 | +0.26 |
| | | Open 7.63 | -- | | Low | 7.32 | -.31 | -4.06 |
| MON | 2/ 9/04 | Close 7.63 | -.18 | -2.30 | High | 7.90 | +.09 | +1.15 |
| | | Open 7.83 | +.02 | +0.26 | Low | 7.60 | -.21 | -2.69 |
| FRI | 2/ 6/04 | Close 7.81 | +.19 | +2.49 | High | 7.83 | +.21 | +2.76 |
| | | Open 7.65 | +.03 | +0.39 | Low | 7.52 | -.10 | -1.31 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                      G730-210-1 26-Apr-04 10:40:35

**SONSE** US $ ↓ 4.81 +.13 Q  Q14.81/4.82  46x56                    **Equity HCPI**
DELAY      Vol 1,692,740 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7903516
**HISTORICAL % MOVES** for SONUS NETWORKS INC          (SONSE    US)
Range    **5/12/03**  to  **3/26/04**    Period **D** Daily        Page   5 /25  USD
Total change:   +20.95% (**C** Close  5/12/03 3.77      - **C** Close  3/26/04 4.56    )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|------|------|------|--------|----------|------|------|--------|----------|
| THU | 2/ 5/04 | Close 7.62 | +.03 | +0.40 | High | 7.83 | +.24 | +3.16 |
|     |         | Open  7.77 | +.18 | +2.37 | Low  | 7.57 | -.02 | -0.26 |
| WED | 2/ 4/04 | Close 7.59 | -.61 | -7.44 | High | 8.11 | -.09 | -1.10 |
|     |         | Open  8.01 | -.19 | -2.32 | Low  | 7.51 | -.69 | -8.41 |
| TUE | 2/ 3/04 | Close 8.20 | -.15 | -1.80 | High | 8.44 | +.09 | +1.08 |
|     |         | Open  8.34 | -.01 | -0.12 | Low  | 8.10 | -.25 | -2.99 |
| MON | 2/ 2/04 | Close 8.35 | -.19 | -2.22 | High | 8.68 | +.14 | +1.64 |
|     |         | Open  8.53 | -.01 | -0.12 | Low  | 8.25 | -.29 | -3.40 |
| FRI | 1/30/04 | Close 8.54 | +.31 | +3.77 | High | 8.64 | +.41 | +4.98 |
|     |         | Open  8.50 | +.27 | +3.28 | Low  | 8.25 | +.02 | +0.24 |
| THU | 1/29/04 | Close 8.23 | -.34 | -3.97 | High | 8.85 | +.28 | +3.27 |
|     |         | Open  8.75 | +.18 | +2.10 | Low  | 7.92 | -.65 | -7.58 |
| WED | 1/28/04 | Close 8.57 | -.32 | -3.60 | High | 9.10 | +.21 | +2.36 |
|     |         | Open  9.10 | +.21 | +2.36 | Low  | 8.52 | -.37 | -4.16 |
| TUE | 1/27/04 | Close 8.89 | -.28 | -3.05 | High | 9.27 | +.10 | +1.09 |
|     |         | Open  8.98 | -.19 | -2.07 | Low  | 8.82 | -.35 | -3.82 |
| MON | 1/26/04 | Close 9.17 | +.14 | +1.55 | High | 9.42 | +.39 | +4.32 |
|     |         | Open  9.15 | +.12 | +1.33 | Low  | 8.93 | -.10 | -1.11 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                          G730-210-1 26-Apr-04 10:40:36

SONSE US $ I 4.81 +.13 Q Q14.81/4.82 46x56          Equity HCPI

DELAY      Vol 1,692,740 Op 4.88 P Hi 4.92 Q Lo 4.769 Q ValTrd 7903516

HISTORICAL % MOVES for SONUS NETWORKS INC          (SONSE  US)

Range  5/12/03 to 3/26/04  Period D Daily      Page   6 /26  USD

Total change: +20.95% (C Close 5/12/03 3.77  - C Close 3/26/04 4.56  )

| | DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|---|
| FRI | 1/23/04 | Close | 9.03 | +.50 | +5.86 | High | 9.04 | +.51 | +5.98 |
| | | Open | 8.68 | +.15 | +1.76 | Low | 8.57 | +.04 | +0.47 |
| THU | 1/22/04 | Close | 8.53 | -.40 | -4.48 | High | 8.90 | -.03 | -0.34 |
| | | Open | 8.89 | -.04 | -0.45 | Low | 8.52 | -.41 | -4.59 |
| WED | 1/21/04 | Close | 8.93 | -.98 | -9.89 | High | 8.98 | -.93 | -9.38 |
| | | Open | 8.50 | -1.41 | -14.23 | Low | 8.43 | -1.48 | -14.93 |
| TUE | 1/20/04 | Close | 9.91 | +.63 | +6.79 | High | 10.00 | +.72 | +7.76 |
| | | Open | 9.51 | +.23 | +2.48 | Low | 9.06 | -.22 | -2.37 |
| MON | 1/19/04 | Close | | | | High | | | |
| | | Open | | | | Low | | | |
| FRI | 1/16/04 | Close | 9.28 | +1.38 | +17.47 | High | 9.28 | +1.38 | +17.47 |
| | | Open | 8.24 | +.34 | +4.30 | Low | 8.20 | +.30 | +3.80 |
| THU | 1/15/04 | Close | 7.90 | -.17 | -2.11 | High | 8.12 | +.05 | +0.62 |
| | | Open | 7.95 | -.12 | -1.49 | Low | 7.85 | -.22 | -2.73 |
| WED | 1/14/04 | Close | 8.07 | -.04 | -0.49 | High | 8.23 | +.12 | +1.48 |
| | | Open | 8.19 | +.08 | +0.99 | Low | 7.98 | -.13 | -1.60 |
| TUE | 1/13/04 | Close | 8.11 | -.04 | -0.49 | High | 8.31 | +.16 | +1.96 |
| | | Open | 8.19 | +.04 | +0.49 | Low | 7.90 | -.25 | -3.07 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
G730-210-1 26-Apr-04 10:40:36

**SONSE** US $ ❙ 4 . 81 +.13 Q  Q14.81/4.82  46x56                    Equity **HCPI**
DELAY      Vol 1,692,740 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7903516
**HISTORICAL  %  MOVES** for SONUS NETWORKS INC          (SONSE    US)
Range    **5/12/03**  to  **3/26/04**    Period **D** Daily        Page    7 /26  USD
Total change:    +20.95% (**C** Close  5/12/03 3.77    — **C** Close  3/26/04 4.56    )

| | DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|---|
| MON | 1/12/04 | Close | 8.15 | +.25 | +3.16 | High | 8.23 | +.33 | +4.18 |
| | | Open | 7.99 | +.09 | +1.14 | Low | 7.98 | +.08 | +1.01 |
| FRI | 1/ 9/04 | Close | 7.90 | +.01 | +0.13 | High | 8.15 | +.26 | +3.30 |
| | | Open | 7.80 | −.09 | −1.14 | Low | 7.69 | −.20 | −2.53 |
| THU | 1/ 8/04 | Close | 7.89 | +.29 | +3.82 | High | 8.053 | +.453 | +5.96 |
| | | Open | 7.79 | +.19 | +2.50 | Low | 7.739 | +.139 | +1.83 |
| WED | 1/ 7/04 | Close | 7.60 | −.894 | −10.53 | High | 8.10 | −.394 | −4.64 |
| | | Open | 8.07 | −.424 | −4.99 | Low | 7.51 | −.984 | −11.58 |
| TUE | 1/ 6/04 | Close | 8.494 | +.534 | +6.71 | High | 8.54 | +.58 | +7.29 |
| | | Open | 7.98 | +.02 | +0.25 | Low | 7.95 | −.01 | −0.13 |
| MON | 1/ 5/04 | Close | 7.96 | +.14 | +1.79 | High | 7.98 | +.16 | +2.05 |
| | | Open | 7.93 | +.11 | +1.41 | Low | 7.70 | −.12 | −1.53 |
| FRI | 1/ 2/04 | Close | 7.82 | +.28 | +3.71 | High | 7.87 | +.33 | +4.38 |
| | | Open | 7.65 | +.11 | +1.46 | Low | 7.64 | +.10 | +1.33 |
| THU | 1/ 1/04 | Close | | | | High | | | |
| | | Open | | | | Low | | | |
| WED | 12/31/03 | Close | 7.54 | −.25 | −3.21 | High | 7.92 | +.13 | +1.67 |
| | | Open | 7.83 | +.04 | +0.51 | Low | 7.54 | −.25 | −3.21 |

Australia 61 2 9777 8600        Brazil 5511 3048 4500        Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                          G730-210-1 26-Apr-04 10:40:37

**SONSE** US $ ↑ **4.82** +.14 Q   Q14.81/4.82   46x56                    Equity **HCPI**
**DELAY**     Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
**HISTORICAL  %  MOVES** for SONUS NETWORKS INC        (SONSE    US)
Range  **5/12/03**  to  **3/26/04**   Period **D** Daily       Page    8 /26  USD
Total change:  +20.95% (**C** Close  5/12/03 3.77   - **C** Close  3/26/04 4.56    )

| DATE | | CHANGE | % Change | | | CHANGE | % Change |
|------|------|--------|----------|------|------|--------|----------|
| TUE 12/30/03 | Close 7.79 | +.04 | +0.52 | High | 7.97 | +.22 | +2.84 |
| | Open 7.75 | -- | | Low | 7.70 | -.05 | -0.65 |
| MON 12/29/03 | Close 7.75 | +.25 | +3.33 | High | 7.84 | +.34 | +4.53 |
| | Open 7.60 | +.10 | +1.33 | Low | 7.50 | -- | |
| FRI 12/26/03 | Close 7.50 | +.03 | +0.40 | High | 7.59 | +.12 | +1.61 |
| | Open 7.48 | +.01 | +0.13 | Low | 7.45 | -.02 | -0.27 |
| THU 12/25/03 | Close | | | High | | | |
| | Open | | | Low | | | |
| WED 12/24/03 | Close 7.47 | -.06 | -0.80 | High | 7.67 | +.14 | +1.86 |
| | Open 7.64 | +.11 | +1.46 | Low | 7.468 | -.062 | -0.82 |
| TUE 12/23/03 | Close 7.53 | -.04 | -0.53 | High | 7.69 | +.12 | +1.59 |
| | Open 7.585 | +.015 | +0.20 | Low | 7.47 | -.10 | -1.32 |
| MON 12/22/03 | Close 7.57 | -.18 | -2.32 | High | 7.78 | +.03 | +0.39 |
| | Open 7.73 | -.02 | -0.26 | Low | 7.51 | -.24 | -3.10 |
| FRI 12/19/03 | Close 7.75 | -.04 | -0.51 | High | 7.95 | +.16 | +2.05 |
| | Open 7.90 | +.11 | +1.41 | Low | 7.62 | -.17 | -2.18 |
| THU 12/18/03 | Close 7.79 | +.18 | +2.37 | High | 7.88 | +.27 | +3.55 |
| | Open 7.66 | +.05 | +0.66 | Low | 7.60 | -.01 | -0.13 |

Australia 61 2 9777 8600        Brazil 5511 3048 4500        Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
G730-210-1 26-Apr-04 10:40:37

SONSE US $ ↑ 4.82 +.14 Q  Q14.81/4.82  46x56                    Equity HCPI
DELAY       Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL  %  MOVES  for SONUS NETWORKS INC              (SONSE    US)
Range    5/12/03  to  3/26/04    Period D Daily         Page    9 /26  USD
Total change:  +20.95% (C Close  5/12/03 3.77   - C Close  3/26/04 4.56    )

| DATE | | CHANGE | % Change | | | CHANGE | % Change |
|------|------|--------|----------|------|------|--------|----------|
| WED 12/17/03 | Close 7.61 | −.03 | −0.39 | High | 7.85 | +.21 | +2.75 |
|              | Open  7.75 | +.11 | +1.44 | Low  | 7.53 | −.11 | −1.44 |
| TUE 12/16/03 | Close 7.64 | +.02 | +0.26 | High | 7.77 | +.15 | +1.97 |
|              | Open  7.53 | −.09 | −1.18 | Low  | 7.25 | −.37 | −4.86 |
| MON 12/15/03 | Close 7.62 | −.48 | −5.93 | High | 8.75 | +.65 | +8.02 |
|              | Open  8.74 | +.64 | +7.90 | Low  | 7.50 | −.60 | −7.41 |
| FRI 12/12/03 | Close 8.10 | −.05 | −0.61 | High | 8.54 | +.39 | +4.79 |
|              | Open  8.46 | +.31 | +3.80 | Low  | 8.00 | −.15 | −1.84 |
| THU 12/11/03 | Close 8.15 | +1.02 | +14.31 | High | 8.39 | +1.26 | +17.67 |
|              | Open  7.36 | +.23 | +3.23 | Low  | 7.35 | +.22 | +3.09 |
| WED 12/10/03 | Close 7.13 | −.76 | −9.63 | High | 7.93 | +.04 | +0.51 |
|              | Open  7.90 | +.01 | +0.13 | Low  | 7.06 | −.83 | −10.52 |
| TUE 12/ 9/03 | Close 7.89 | −.28 | −3.43 | High | 8.39 | +.22 | +2.69 |
|              | Open  8.25 | +.08 | +0.98 | Low  | 7.75 | −.42 | −5.14 |
| MON 12/ 8/03 | Close 8.17 | −.33 | −3.88 | High | 8.58 | +.08 | +0.94 |
|              | Open  8.48 | −.02 | −0.24 | Low  | 8.01 | −.49 | −5.76 |
| FRI 12/ 5/03 | Close 8.50 | −.10 | −1.16 | High | 8.62 | +.02 | +0.23 |
|              | Open  8.50 | −.10 | −1.16 | Low  | 8.41 | −.19 | −2.21 |

SONSE US $ ↑ 4.82 +.14 Q  Q14.81/4.82  111x15                    Equity HCPI
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL % MOVES for SONUS NETWORKS INC            (SONSE   US)
Range    5/12/03  to  3/26/04   Period D Daily       Page   10 /26  USD
Total change:  +20.95% (C Close  5/12/03 3.77   - C Close  3/26/04 4.56   )

| DATE | | CHANGE | % Change | | | CHANGE | % Change |
|------|---|--------|----------|---|---|--------|----------|
| THU 12/ 4/03 Close 8.60 | | -.22 | -2.49 | High | 8.94 | +.12 | +1.36 |
| Open 8.94 | | +.12 | +1.36 | Low | 8.40 | -.42 | -4.76 |
| WED 12/ 3/03 Close 8.82 | | -.319 | -3.49 | High | 9.32 | +.181 | +1.98 |
| Open 9.26 | | +.121 | +1.32 | Low | 8.78 | -.359 | -3.93 |
| TUE 12/ 2/03 Close 9.139 | | -.111 | -1.20 | High | 9.36 | +.11 | +1.19 |
| Open 9.21 | | -.04 | -0.43 | Low | 9.10 | -.15 | -1.62 |
| MON 12/ 1/03 Close 9.25 | | +.11 | +1.20 | High | 9.29 | +.15 | +1.64 |
| Open 9.12 | | -.02 | -0.22 | Low | 9.05 | -.09 | -0.98 |
| FRI 11/28/03 Close 9.14 | | +.10 | +1.11 | High | 9.15 | +.11 | +1.22 |
| Open 8.95 | | -.09 | -1.00 | Low | 8.90 | -.14 | -1.55 |
| THU 11/27/03 Close | | | | High | | | |
| Open | | | | Low | | | |
| WED 11/26/03 Close 9.04 | | +.19 | +2.15 | High | 9.06 | +.21 | +2.37 |
| Open 9.00 | | +.15 | +1.69 | Low | 8.76 | -.09 | -1.02 |
| TUE 11/25/03 Close 8.85 | | -.076 | -0.85 | High | 9.09 | +.164 | +1.84 |
| Open 9.00 | | +.074 | +0.83 | Low | 8.76 | -.166 | -1.86 |
| MON 11/24/03 Close 8.926 | | +.356 | +4.15 | High | 8.95 | +.38 | +4.43 |
| Open 8.67 | | +.10 | +1.17 | Low | 8.67 | +.10 | +1.17 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500          Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                          G730-210-1 26-Apr-04 10:40:38

SONSE US $ ↑ 4.82 +.14 Q  Q14.81/4.82  111x15          Equity **HCPI**
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
**HISTORICAL  %  MOVES**  for SONUS NETWORKS INC        (SONSE    US)
Range    5/12/03  to  3/26/04    Period D Daily      Page   11 /26  USD
Total change:   +20.95% (C Close  5/12/03 3.77    -  C Close  3/26/04 4.56    )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|------|------|------|--------|----------|------|------|--------|----------|
| FRI 11/21/03 | Close | 8.57 | +.02 | +0.23 | High | 8.74 | +.19 | +2.22 |
|  | Open | 8.67 | +.12 | +1.40 | Low | 8.53 | -.02 | -0.23 |
| THU 11/20/03 | Close | 8.55 | +.15 | +1.79 | High | 8.85 | +.45 | +5.36 |
|  | Open | 8.46 | +.06 | +0.71 | Low | 8.40 | -- | |
| WED 11/19/03 | Close | 8.40 | -.548 | -6.12 | High | 9.14 | +.192 | +2.15 |
|  | Open | 9.05 | +.102 | +1.14 | Low | 8.27 | -.678 | -7.58 |
| TUE 11/18/03 | Close | 8.948 | +.158 | +1.80 | High | 9.24 | +.45 | +5.12 |
|  | Open | 9.06 | +.27 | +3.07 | Low | 8.90 | +.11 | +1.25 |
| MON 11/17/03 | Close | 8.79 | -.314 | -3.45 | High | 9.041 | -.063 | -0.69 |
|  | Open | 8.82 | -.284 | -3.12 | Low | 8.74 | -.364 | -4.00 |
| FRI 11/14/03 | Close | 9.104 | -.266 | -2.84 | High | 9.80 | +.43 | +4.59 |
|  | Open | 9.45 | +.08 | +0.85 | Low | 9.03 | -.34 | -3.63 |
| THU 11/13/03 | Close | 9.37 | +.41 | +4.58 | High | 9.59 | +.63 | +7.03 |
|  | Open | 8.99 | +.03 | +0.33 | Low | 8.89 | -.07 | -0.78 |
| WED 11/12/03 | Close | 8.96 | +.531 | +6.30 | High | 8.98 | +.551 | +6.54 |
|  | Open | 8.50 | +.071 | +0.84 | Low | 8.50 | +.071 | +0.84 |
| TUE 11/11/03 | Close | 8.429 | -.091 | -1.07 | High | 8.58 | +.06 | +0.70 |
|  | Open | 8.46 | -.06 | -0.70 | Low | 8.22 | -.30 | -3.52 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                                                  G730-210-1 26-Apr-04 10:40:39

SONSE US $ ↑ 4.82 +.14 Q Q14.81/4.82 111x15          Equity HCPI
DELAY    Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL % MOVES for SONUS NETWORKS INC          (SONSE   US)
Range   5/12/03  to  3/26/04   Period D Daily       Page   12 /25   USD
Total change:   +20.95% (C Close  5/12/03 3.77    - C Close  3/26/04 4.56   )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|------|---|---|--------|----------|---|---|--------|----------|
| MON 11/10/03 | Close | 8.52 | −.53 | −5.86 | High | 9.06 | +.01 | +0.11 |
|  | Open | 9.03 | −.02 | −0.22 | Low | 8.49 | −.56 | −6.19 |
| FRI 11/ 7/03 | Close | 9.05 | +.06 | +0.67 | High | 9.20 | +.21 | +2.34 |
|  | Open | 9.05 | +.06 | +0.67 | Low | 8.91 | −.08 | −0.89 |
| THU 11/ 6/03 | Close | 8.99 | +.19 | +2.16 | High | 9.04 | +.24 | +2.73 |
|  | Open | 8.94 | +.14 | +1.59 | Low | 8.73 | −.07 | −0.80 |
| WED 11/ 5/03 | Close | 8.80 | +.04 | +0.46 | High | 8.91 | +.15 | +1.71 |
|  | Open | 8.75 | −.01 | −0.11 | Low | 8.67 | −.09 | −1.03 |
| TUE 11/ 4/03 | Close | 8.76 | +.10 | +1.15 | High | 8.85 | +.19 | +2.19 |
|  | Open | 8.68 | +.02 | +0.23 | Low | 8.55 | −.11 | −1.27 |
| MON 11/ 3/03 | Close | 8.66 | +.43 | +5.22 | High | 8.71 | +.48 | +5.83 |
|  | Open | 8.28 | +.05 | +0.61 | Low | 8.23 | −− |  |
| FRI 10/31/03 | Close | 8.23 | −.13 | −1.56 | High | 8.53 | +.17 | +2.03 |
|  | Open | 8.41 | +.05 | +0.60 | Low | 8.20 | −.16 | −1.91 |
| THU 10/30/03 | Close | 8.36 | −.24 | −2.79 | High | 8.78 | +.18 | +2.09 |
|  | Open | 8.77 | +.17 | +1.98 | Low | 8.31 | −.29 | −3.37 |
| WED 10/29/03 | Close | 8.60 | +.22 | +2.63 | High | 8.65 | +.27 | +3.22 |
|  | Open | 8.33 | −.05 | −0.60 | Low | 8.27 | −.11 | −1.31 |

SONSE US $ ↑ 4.82 +.14 Q  Q14.81/4.82  111x15                    Equity HCPI
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL  %  MOVES  for SONUS NETWORKS INC        (SONSE    US)
Range    5/12/03   to   3/26/04    Period D Daily      Page    13 /26  USD
Total change:   +20.95% (C Close   5/12/03  3.77     - C Close  3/26/04 4.56    )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|------|---|---|--------|----------|---|---|--------|----------|
| TUE 10/28/03 | Close | 8.38 | +.33 | +4.10 | High | 8.42 | +.37 | +4.60 |
|  | Open | 8.23 | +.18 | +2.24 | Low | 8.15 | +.10 | +1.24 |
| MON 10/27/03 | Close | 8.05 | +.398 | +5.20 | High | 8.061 | +.409 | +5.35 |
|  | Open | 7.72 | +.068 | +0.89 | Low | 7.71 | +.058 | +0.76 |
| FRI 10/24/03 | Close | 7.652 | −.188 | −2.40 | High | 7.83 | −.01 | −0.13 |
|  | Open | 7.82 | −.02 | −0.26 | Low | 7.56 | −.28 | −3.57 |
| THU 10/23/03 | Close | 7.84 | +.04 | +0.51 | High | 7.90 | +.10 | +1.28 |
|  | Open | 7.70 | −.10 | −1.28 | Low | 7.61 | −.19 | −2.44 |
| WED 10/22/03 | Close | 7.80 | −.23 | −2.86 | High | 8.002 | −.028 | −0.35 |
|  | Open | 7.90 | −.13 | −1.62 | Low | 7.77 | −.26 | −3.24 |
| TUE 10/21/03 | Close | 8.03 | +.03 | +0.37 | High | 8.18 | +.18 | +2.25 |
|  | Open | 8.10 | +.10 | +1.25 | Low | 8.00 | -- | |
| MON 10/20/03 | Close | 8.00 | −.26 | −3.15 | High | 8.41 | +.15 | +1.82 |
|  | Open | 8.35 | +.09 | +1.09 | Low | 7.97 | −.29 | −3.51 |
| FRI 10/17/03 | Close | 8.26 | −.39 | −4.51 | High | 8.68 | +.03 | +0.35 |
|  | Open | 8.67 | +.02 | +0.23 | Low | 8.23 | −.42 | −4.86 |
| THU 10/16/03 | Close | 8.65 | +.10 | +1.17 | High | 8.74 | +.19 | +2.22 |
|  | Open | 8.50 | −.05 | −0.58 | Low | 8.31 | −.24 | −2.81 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
G730-210-1 26-Apr-04 10:40:40

**SONSE** US $ ↑ **4.82** +.14 Q  Q14.81/4.82  111x15                    Equity **HCPI**
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
**HISTORICAL % MOVES** for SONUS NETWORKS INC        (SONSE    US)
Range  **5/12/03**  to  **3/26/04**   Period **D** Daily      Page   14 /26  USD
Total change:   +20.95% (**C** Close  5/12/03 3.77    - **C** Close  3/26/04 4.56    )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|
| WED 10/15/03 | Close | 8.55 | -.22 | -2.51 | High | 9.10 | +.33 | +3.76 |
| | Open | 9.00 | +.23 | +2.62 | Low | 8.50 | -.27 | -3.08 |
| TUE 10/14/03 | Close | 8.77 | -.05 | -0.57 | High | 8.84 | +.02 | +0.23 |
| | Open | 8.76 | -.06 | -0.68 | Low | 8.65 | -.17 | -1.93 |
| MON 10/13/03 | Close | 8.82 | +.16 | +1.85 | High | 8.90 | +.24 | +2.77 |
| | Open | 8.79 | +.13 | +1.50 | Low | 8.76 | +.10 | +1.15 |
| FRI 10/10/03 | Close | 8.66 | -.14 | -1.59 | High | 8.89 | +.09 | +1.02 |
| | Open | 8.62 | -.18 | -2.05 | Low | 8.55 | -.25 | -2.84 |
| THU 10/ 9/03 | Close | 8.80 | +.50 | +6.02 | High | 9.24 | +.94 | +11.33 |
| | Open | 9.17 | +.87 | +10.48 | Low | 8.72 | +.42 | +5.06 |
| WED 10/ 8/03 | Close | 8.30 | +.27 | +3.36 | High | 8.30 | +.27 | +3.36 |
| | Open | 8.17 | +.14 | +1.74 | Low | 7.93 | -.10 | -1.25 |
| TUE 10/ 7/03 | Close | 8.03 | +.08 | +1.01 | High | 8.076 | +.126 | +1.58 |
| | Open | 7.87 | -.08 | -1.01 | Low | 7.77 | -.18 | -2.26 |
| MON 10/ 6/03 | Close | 7.95 | +.45 | +6.00 | High | 7.99 | +.49 | +6.53 |
| | Open | 7.69 | +.19 | +2.53 | Low | 7.61 | +.11 | +1.47 |
| FRI 10/ 3/03 | Close | 7.50 | +.35 | +4.90 | High | 7.60 | +.45 | +6.29 |
| | Open | 7.38 | +.23 | +3.22 | Low | 7.27 | +.12 | +1.68 |

SONSE US $ ↑ 4.82 +.14 Q  Q14.81/4.82  111x15                    Equity HCPI
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL % MOVES for SONUS NETWORKS INC        (SONSE   US)
Range  5/12/03  to  3/26/04   Period D Daily       Page   15 /26  USD
Total change:  +20.95% (C Close  5/12/03 3.77      - C Close 3/26/04 4.56   )

| DATE | | | CHANGE | % Change | | CHANGE | % Change |
|------|---|---|--------|----------|---|--------|----------|
| THU 10/ 2/03 | Close | 7.15 | +.14 | +2.00 | High 7.27 | +.26 | +3.71 |
| | Open | 7.10 | +.09 | +1.28 | Low 6.96 | -.05 | -0.71 |
| WED 10/ 1/03 | Close | 7.01 | +.081 | +1.17 | High 7.17 | +.241 | +3.48 |
| | Open | 7.03 | +.101 | +1.46 | Low 6.82 | -.109 | -1.57 |
| TUE 9/30/03 | Close | 6.929 | -.281 | -3.90 | High 7.21 | -- | |
| | Open | 7.18 | -.03 | -0.42 | Low 6.75 | -.46 | -6.38 |
| MON 9/29/03 | Close | 7.21 | +.22 | +3.15 | High 7.35 | +.36 | +5.15 |
| | Open | 7.11 | +.12 | +1.72 | Low 6.95 | -.04 | -0.57 |
| FRI 9/26/03 | Close | 6.99 | -.39 | -5.28 | High 7.45 | +.07 | +0.95 |
| | Open | 7.37 | -.01 | -0.14 | Low 6.95 | -.43 | -5.83 |
| THU 9/25/03 | Close | 7.38 | -.04 | -0.54 | High 7.73 | +.31 | +4.18 |
| | Open | 7.53 | +.11 | +1.48 | Low 7.23 | -.19 | -2.56 |
| WED 9/24/03 | Close | 7.42 | -.93 | -11.14 | High 8.07 | -.28 | -3.35 |
| | Open | 7.99 | -.36 | -4.31 | Low 7.35 | -1.00 | -11.98 |
| TUE 9/23/03 | Close | 8.35 | +.08 | +0.97 | High 8.50 | +.23 | +2.78 |
| | Open | 8.39 | +.12 | +1.45 | Low 8.32 | +.05 | +0.60 |
| MON 9/22/03 | Close | 8.27 | -.27 | -3.16 | High 8.40 | -.14 | -1.64 |
| | Open | 8.13 | -.41 | -4.80 | Low 8.05 | -.49 | -5.74 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500       Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                        G730-210-1 26-Apr-04 10:40:41

SONSE US $ ↑ 4.82 +.14 Q  Q14.81/4.82  111x15                    Equity HCPI
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL % MOVES  for SONUS NETWORKS INC          (SONSE   US)
Range    5/12/03   to   3/26/04   Period D Daily      Page   16 /26  USD
Total change:   +20.95% (C Close  5/12/03 3.77    - C Close  3/26/04 4.56   )

| | DATE | | CHANGE | % Change | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|
| FRI | 9/19/03 | Close 8.54 | +.24 | +2.89 High | 8.57 | +.27 | +3.25 |
| | | Open 8.42 | +.12 | +1.45 Low | 8.30 | -- | |
| THU | 9/18/03 | Close 8.30 | +.31 | +3.88 High | 8.40 | +.41 | +5.13 |
| | | Open 8.01 | +.02 | +0.25 Low | 8.00 | +.01 | +0.13 |
| WED | 9/17/03 | Close 7.99 | +.07 | +0.88 High | 8.21 | +.29 | +3.66 |
| | | Open 7.91 | -.01 | -0.13 Low | 7.82 | -.10 | -1.26 |
| TUE | 9/16/03 | Close 7.92 | +.18 | +2.33 High | 7.97 | +.23 | +2.97 |
| | | Open 7.80 | +.06 | +0.78 Low | 7.80 | +.06 | +0.78 |
| MON | 9/15/03 | Close 7.74 | -.29 | -3.61 High | 7.95 | -.08 | -1.00 |
| | | Open 7.87 | -.16 | -1.99 Low | 7.69 | -.34 | -4.23 |
| FRI | 9/12/03 | Close 8.03 | +.03 | +0.37 High | 8.12 | +.12 | +1.50 |
| | | Open 7.91 | -.09 | -1.13 Low | 7.76 | -.24 | -3.00 |
| THU | 9/11/03 | Close 8.00 | +.24 | +3.09 High | 8.09 | +.33 | +4.25 |
| | | Open 7.78 | +.02 | +0.26 Low | 7.78 | +.02 | +0.26 |
| WED | 9/10/03 | Close 7.76 | -.03 | -0.39 High | 8.2071 | +.4971 | +6.38 |
| | | Open 8.25 | +.46 | +5.91 Low | 7.73 | -.06 | -0.77 |
| TUE | 9/ 9/03 | Close 7.79 | -.328 | -4.04 High | 8.15 | +.032 | +0.39 |
| | | Open 8.08 | -.038 | -0.47 Low | 7.72 | -.398 | -4.90 |

SONSE US $ ↑ 4.82 +.14 Q Q14.81/4.82 111x15                    Equity HCPI
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL  %  MOVES  for SONUS NETWORKS INC        (SONSE    US)
Range    5/12/03   to   3/26/04    Period D Daily        Page   17 /26  USD
Total change: +20.95% (C Close  5/12/03 3.77    - C Close  3/26/04 4.56    )

| | DATE | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|
| MON | 9/ 8/03 | Close 8.118 | +.068 | +0.84 | High | 8.30 | +.25 | +3.11 |
| | | Open 8.00 | -.05 | -0.62 | Low | 7.97 | -.08 | -0.99 |
| FRI | 9/ 5/03 | Close 8.05 | -.28 | -3.36 | High | 8.20 | -.13 | -1.56 |
| | | Open 7.91 | -.42 | -5.04 | Low | 7.70 | -.63 | -7.56 |
| THU | 9/ 4/03 | Close 8.33 | +.28 | +3.48 | High | 8.74 | +.69 | +8.57 |
| | | Open 8.09 | +.04 | +0.50 | Low | 8.09 | +.04 | +0.50 |
| WED | 9/ 3/03 | Close 8.05 | +.86 | +11.96 | High | 8.08 | +.89 | +12.38 |
| | | Open 7.25 | +.06 | +0.83 | Low | 7.23 | +.04 | +0.56 |
| TUE | 9/ 2/03 | Close 7.19 | +.10 | +1.41 | High | 7.22 | +.13 | +1.83 |
| | | Open 7.16 | +.07 | +0.99 | Low | 7.05 | -.04 | -0.56 |
| MON | 9/ 1/03 | Close | | | High | | | |
| | | Open | | | Low | | | |
| FRI | 8/29/03 | Close 7.09 | -.01 | -0.14 | High | 7.23 | +.13 | +1.83 |
| | | Open 7.12 | +.02 | +0.28 | Low | 7.08 | -.02 | -0.28 |
| THU | 8/28/03 | Close 7.10 | +.04 | +0.57 | High | 7.19 | +.13 | +1.84 |
| | | Open 7.19 | +.13 | +1.84 | Low | 7.05 | -.01 | -0.14 |
| WED | 8/27/03 | Close 7.06 | +.07 | +1.00 | High | 7.25 | +.26 | +3.72 |
| | | Open 7.06 | +.07 | +1.00 | Low | 7.00 | +.01 | +0.14 |

Australia 61 2 9777 8600       Brazil 5511 3048 4500       Europe 44 20 7330 7500       Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                G730-210-1 26-Apr-04 10:40:42

```
SONSE US $  ↑ 4.82 +.14 Q  Q14.81/4.82  111x15              Equity HCPI
DELAY        Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL  %  MOVES  for SONUS NETWORKS INC              (SONSE   US)
Range    5/12/03   to  3/26/04    Period D Daily        Page   18 /26  USD
Total change:  +20.95% (C Close   5/12/03 3.77   - C Close  3/26/04 4.56   )
```

| | DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|---|
| TUE | 8/26/03 | Close | 6.99 | +.20 | +2.95 | High | 7.06 | +.27 | +3.98 |
| | | Open | 6.79 | -- | | Low | 6.78 | -.01 | -0.15 |
| MON | 8/25/03 | Close | 6.79 | -.17 | -2.44 | High | 6.96 | -- | |
| | | Open | 6.93 | -.03 | -0.43 | Low | 6.75 | -.21 | -3.02 |
| FRI | 8/22/03 | Close | 6.96 | -.13 | -1.83 | High | 7.30 | +.21 | +2.96 |
| | | Open | 7.26 | +.17 | +2.40 | Low | 6.95 | -.14 | -1.97 |
| THU | 8/21/03 | Close | 7.09 | +.14 | +2.01 | High | 7.21 | +.26 | +3.74 |
| | | Open | 7.00 | +.05 | +0.72 | Low | 6.98 | +.03 | +0.43 |
| WED | 8/20/03 | Close | 6.95 | +.10 | +1.46 | High | 6.99 | +.14 | +2.04 |
| | | Open | 6.77 | -.08 | -1.17 | Low | 6.66 | -.19 | -2.77 |
| TUE | 8/19/03 | Close | 6.85 | +.31 | +4.74 | High | 6.99 | +.45 | +6.88 |
| | | Open | 6.56 | +.02 | +0.31 | Low | 6.56 | +.02 | +0.31 |
| MON | 8/18/03 | Close | 6.54 | +.079 | +1.22 | High | 6.59 | +.129 | +2.00 |
| | | Open | 6.53 | +.069 | +1.07 | Low | 6.42 | -.041 | -0.63 |
| FRI | 8/15/03 | Close | 6.461 | -.119 | -1.81 | High | 6.78 | +.20 | +3.04 |
| | | Open | 6.61 | +.03 | +0.46 | Low | 6.40 | -.18 | -2.74 |
| THU | 8/14/03 | Close | 6.58 | +.08 | +1.23 | High | 6.63 | +.13 | +2.00 |
| | | Open | 6.45 | -.05 | -0.77 | Low | 6.27 | -.23 | -3.54 |

```
Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                                    G730-210-1 26-Apr-04 10:40:42
```

**SONSE** US $ ↑ **4.82** +.14 Q  Q14.81/4.82  111x15                    Equity **HCPI**
DELAY        Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
**HISTORICAL % MOVES** for SONUS NETWORKS INC        (SONSE    US)
Range    **5/12/03** to  **3/26/04**  Period **D** Daily        Page   19 /26  USD
Total change:   +20.95% (**C** Close  5/12/03 3.77    - **C** Close  3/26/04 4.56    )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|------|------|------|--------|----------|------|------|--------|----------|
| WED | 8/13/03 | Close 6.50 | -.25 | -3.70 | High | 6.91 | +.16 | +2.37 |
|  |  | Open 6.90 | +.15 | +2.22 | Low | 6.47 | -.28 | -4.15 |
| TUE | 8/12/03 | Close 6.75 | +.77 | +12.88 | High | 6.78 | +.80 | +13.38 |
|  |  | Open 6.11 | +.13 | +2.17 | Low | 6.06 | +.08 | +1.34 |
| MON | 8/11/03 | Close 5.98 | +.19 | +3.28 | High | 6.00 | +.21 | +3.63 |
|  |  | Open 5.87 | +.08 | +1.38 | Low | 5.77 | -.02 | -0.35 |
| FRI | 8/ 8/03 | Close 5.79 | +.03 | +0.52 | High | 5.98 | +.22 | +3.82 |
|  |  | Open 5.85 | +.09 | +1.56 | Low | 5.77 | +.01 | +0.17 |
| THU | 8/ 7/03 | Close 5.76 | -.27 | -4.48 | High | 6.00 | -.03 | -0.50 |
|  |  | Open 5.94 | -.09 | -1.49 | Low | 5.70 | -.33 | -5.47 |
| WED | 8/ 6/03 | Close 6.03 | -.42 | -6.51 | High | 6.48 | +.03 | +0.47 |
|  |  | Open 6.42 | -.03 | -0.47 | Low | 5.95 | -.50 | -7.75 |
| TUE | 8/ 5/03 | Close 6.45 | -.23 | -3.44 | High | 6.73 | +.05 | +0.75 |
|  |  | Open 6.52 | -.16 | -2.40 | Low | 6.43 | -.25 | -3.74 |
| MON | 8/ 4/03 | Close 6.68 | +.08 | +1.21 | High | 6.75 | +.15 | +2.27 |
|  |  | Open 6.59 | -.01 | -0.15 | Low | 6.41 | -.19 | -2.88 |
| FRI | 8/ 1/03 | Close 6.60 | -.26 | -3.79 | High | 6.79 | -.07 | -1.02 |
|  |  | Open 6.751 | -.109 | -1.59 | Low | 6.58 | -.28 | -4.08 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
G730-210-1 26-Apr-04 10:40:43

SONSE US $ ↑ 4.82 +.14 Q Q↑4.81/4.82  111x15              Equity HCPI
DELAY      Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
HISTORICAL % MOVES for SONUS NETWORKS INC          (SONSE   US)
Range    5/12/03  to  3/26/04   Period D Daily          Page   20 /26  USD
Total change:  +20.95% (C Close  5/12/03 3.77    — C Close  3/26/04 4.56  )

| | DATE | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|
| THU | 7/31/03 | Close 6.86 | −.02 | −0.29 | High | 7.01 | +.13 | +1.89 |
| | | Open  7.00 | +.12 | +1.74 | Low | 6.81 | −.07 | −1.02 |
| WED | 7/30/03 | Close 6.88 | +.04 | +0.58 | High | 7.01 | +.17 | +2.49 |
| | | Open  6.82 | −.02 | −0.29 | Low | 6.80 | −.04 | −0.58 |
| TUE | 7/29/03 | Close 6.84 | −.22 | −3.12 | High | 6.99 | −.07 | −0.99 |
| | | Open  6.95 | −.11 | −1.56 | Low | 6.72 | −.34 | −4.82 |
| MON | 7/28/03 | Close 7.06 | −.17 | −2.35 | High | 7.29 | +.06 | +0.83 |
| | | Open  7.25 | +.02 | +0.28 | Low | 7.04 | −.19 | −2.63 |
| FRI | 7/25/03 | Close 7.23 | −− | | High | 7.342 | +.112 | +1.55 |
| | | Open  7.19 | −.04 | −0.55 | Low | 6.96 | −.27 | −3.73 |
| THU | 7/24/03 | Close 7.23 | +.09 | +1.26 | High | 7.35 | +.21 | +2.94 |
| | | Open  7.22 | +.08 | +1.12 | Low | 7.13 | −.01 | −0.14 |
| WED | 7/23/03 | Close 7.14 | −.02 | −0.28 | High | 7.25 | +.09 | +1.26 |
| | | Open  7.20 | +.04 | +0.56 | Low | 7.01 | −.15 | −2.09 |
| TUE | 7/22/03 | Close 7.16 | +.40 | +5.92 | High | 7.24 | +.48 | +7.10 |
| | | Open  6.85 | +.09 | +1.33 | Low | 6.811 | +.051 | +0.75 |
| MON | 7/21/03 | Close 6.76 | −.13 | −1.89 | High | 6.94 | +.05 | +0.73 |
| | | Open  6.86 | −.03 | −0.44 | Low | 6.65 | −.24 | −3.48 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                        G730-2I0-1 26-Apr-04 10:40:43

**SONSE** US $ ↑ 4.82 +.14 Q  Q↑4.81/4.82  111x15                    Equity **HCPI**
**DELAY**    Vol 1,693,240 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7905926
**HISTORICAL  %  MOVES**  for SONUS NETWORKS INC        (SONSE   US)
Range    **5/12/03**  to  **3/26/04**   Period **D** Daily        Page   21 /26  USD
Total change:  +20.95% (**C** Close  5/12/03 3.77    - **C** Close  3/26/04 4.56    )

|      | DATE    |       |      | CHANGE | % Change |      |      | CHANGE | % Change |
|------|---------|-------|------|--------|----------|------|------|--------|----------|
| FRI  | 7/18/03 | Close | 6.89 | +.55   | +8.68    | High | 6.97 | +.63   | +9.94    |
|      |         | Open  | 6.55 | +.21   | +3.31    | Low  | 6.30 | -.04   | -0.63    |
| THU  | 7/17/03 | Close | 6.34 | -.81   | -11.33   | High | 6.93 | -.22   | -3.08    |
|      |         | Open  | 6.89 | -.26   | -3.64    | Low  | 6.17 | -.98   | -13.71   |
| WED  | 7/16/03 | Close | 7.15 | -.01   | -0.14    | High | 7.26 | +.10   | +1.40    |
|      |         | Open  | 7.23 | +.07   | +0.98    | Low  | 7.00 | -.16   | -2.23    |
| TUE  | 7/15/03 | Close | 7.16 | -.21   | -2.85    | High | 7.48 | +.11   | +1.49    |
|      |         | Open  | 7.41 | +.04   | +0.54    | Low  | 6.95 | -.42   | -5.70    |
| MON  | 7/14/03 | Close | 7.37 | +.27   | +3.80    | High | 7.67 | +.57   | +8.03    |
|      |         | Open  | 7.37 | +.27   | +3.80    | Low  | 7.25 | +.15   | +2.11    |
| FRI  | 7/11/03 | Close | 7.10 | +1.38  | +24.13   | High | 7.21 | +1.49  | +26.05   |
|      |         | Open  | 7.03 | +1.31  | +22.90   | Low  | 6.60 | +.88   | +15.38   |
| THU  | 7/10/03 | Close | 5.72 | -.68   | -10.63   | High | 6.30 | -.10   | -1.56    |
|      |         | Open  | 6.27 | -.13   | -2.03    | Low  | 5.66 | -.74   | -11.56   |
| WED  | 7/ 9/03 | Close | 6.40 | +.14   | +2.24    | High | 6.45 | +.19   | +3.04    |
|      |         | Open  | 6.16 | -.10   | -1.60    | Low  | 6.15 | -.11   | -1.76    |
| TUE  | 7/ 8/03 | Close | 6.26 | +.29   | +4.86    | High | 6.26 | +.29   | +4.86    |
|      |         | Open  | 5.96 | -.01   | -0.17    | Low  | 5.86 | -.11   | -1.84    |

Australia 61 2 9777 8600       Brazil 5511 3048 4500       Europe 44 20 7330 7500       Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                        G730-210-1 26-Apr-04 10:40:44

SONSE US $ ↑ 4.82 +.14 Q Q↑4.81/4.82  111x15                    Equity HCPI
DELAY      Vol 1,693,465 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7907010
HISTORICAL  %  MOVES  for SONUS NETWORKS INC         (SONSE   US)
Range    5/12/03   to   3/26/04    Period D Daily        Page   22 /26  USD
Total change:   +20.95% (C Close  5/12/03 3.77    - C Close  3/26/04 4.56    )

| | DATE | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|
| MON | 7/ 7/03 | Close 5.97 | +.76 | +14.59 | High | 6.07 | +.86 | +16.51 |
| | | Open 5.42 | +.21 | +4.03 | Low | 5.37 | +.16 | +3.07 |
| FRI | 7/ 4/03 | Close | | | High | | | |
| | | Open | | | Low | | | |
| THU | 7/ 3/03 | Close 5.21 | -.04 | -0.76 | High | 5.29 | +.04 | +0.76 |
| | | Open 5.15 | -.10 | -1.90 | Low | 5.12 | -.13 | -2.48 |
| WED | 7/ 2/03 | Close 5.25 | +.28 | +5.63 | High | 5.302 | +.332 | +6.68 |
| | | Open 5.08 | +.11 | +2.21 | Low | 5.03 | +.06 | +1.21 |
| TUE | 7/ 1/03 | Close 4.97 | +.13 | +2.69 | High | 5.00 | +.16 | +3.31 |
| | | Open 4.95 | +.11 | +2.27 | Low | 4.85 | +.01 | +0.21 |
| MON | 6/30/03 | Close 4.84 | -.09 | -1.83 | High | 5.08 | +.15 | +3.04 |
| | | Open 5.02 | +.09 | +1.83 | Low | 4.57 | -.36 | -7.30 |
| FRI | 6/27/03 | Close 4.93 | -.06 | -1.20 | High | 5.20 | +.21 | +4.21 |
| | | Open 5.06 | +.07 | +1.40 | Low | 4.88 | -.11 | -2.20 |
| THU | 6/26/03 | Close 4.99 | +.17 | +3.53 | High | 5.05 | +.23 | +4.77 |
| | | Open 4.85 | +.03 | +0.62 | Low | 4.81 | -.01 | -0.21 |
| WED | 6/25/03 | Close 4.82 | +.07 | +1.47 | High | 5.00 | +.25 | +5.26 |
| | | Open 4.75 | -- | | Low | 4.735 | -.015 | -0.32 |

Australia 61 2 9777 8600        Brazil 5511 3048 4500        Europe 44 20 7330 7500        Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                    G730-210-1 26-Apr-04 10:40:44

**SONSE** US $ ↑ **4.82** +.14 Q  Q14.81/4.82  111x15          Equity **HCPI**
DELAY      Vol 1,693,465 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7907010
**HISTORICAL % MOVES** for SONUS NETWORKS INC        (SONSE    US)
Range   **5/12/03** to **3/26/04**   Period **D** Daily        Page   23 /26  USD
Total change:   +20.95% (**C** Close  5/12/03 3.77   - **C** Close  3/26/04 4.56  )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|
| TUE | 6/24/03 | Close 4.75 | +.14 | +3.04 | High | 4.80 | +.19 | +4.12 |
| | | Open 4.60 | -.01 | -0.22 | Low | 4.48 | -.13 | -2.82 |
| MON | 6/23/03 | Close 4.61 | -.25 | -5.14 | High | 4.93 | +.07 | +1.44 |
| | | Open 4.86 | -- | | Low | 4.56 | -.30 | -6.17 |
| FRI | 6/20/03 | Close 4.86 | +.02 | +0.41 | High | 4.99 | +.15 | +3.10 |
| | | Open 4.85 | +.01 | +0.21 | Low | 4.77 | -.07 | -1.45 |
| THU | 6/19/03 | Close 4.84 | +.05 | +1.04 | High | 4.98 | +.19 | +3.97 |
| | | Open 4.84 | +.05 | +1.04 | Low | 4.78 | -.01 | -0.21 |
| WED | 6/18/03 | Close 4.79 | +.26 | +5.74 | High | 4.95 | +.42 | +9.27 |
| | | Open 4.54 | +.01 | +0.22 | Low | 4.35 | -.18 | -3.97 |
| TUE | 6/17/03 | Close 4.53 | +.06 | +1.34 | High | 4.68 | +.21 | +4.70 |
| | | Open 4.49 | +.02 | +0.45 | Low | 4.33 | -.14 | -3.13 |
| MON | 6/16/03 | Close 4.47 | -.08 | -1.76 | High | 4.5609 | +.0109 | +0.24 |
| | | Open 4.53 | -.02 | -0.44 | Low | 4.33 | -.22 | -4.84 |
| FRI | 6/13/03 | Close 4.55 | -.11 | -2.36 | High | 4.70 | +.04 | +0.86 |
| | | Open 4.67 | +.01 | +0.21 | Low | 4.28 | -.38 | -8.15 |
| THU | 6/12/03 | Close 4.66 | +.03 | +0.65 | High | 4.785 | +.155 | +3.35 |
| | | Open 4.74 | +.11 | +2.38 | Low | 4.54 | -.09 | -1.94 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
G730-210-1 26-Apr-04 10:40:44

SONSE US $ ↑ 4.82 +.14 Q Q14.81/4.82 111x15                    Equity HCPI
DELAY      Vol 1,693,465 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7907010
HISTORICAL % MOVES for SONUS NETWORKS INC          (SONSE   US)
Range    5/12/03  to  3/26/04    Period D Daily          Page   24 /26  USD
Total change:   +20.95% (C Close  5/12/03 3.77    - C Close  3/26/04 4.56    )

| DATE | | CHANGE | % Change | | | CHANGE | % Change |
|------|------|--------|----------|------|------|--------|----------|
| WED | 6/11/03 Close 4.63 | −.22 | −4.54 | High | 4.83 | −.02 | −0.41 |
|     | Open  4.83 | −.02 | −0.41 | Low | 4.51 | −.34 | −7.01 |
| TUE | 6/10/03 Close 4.85 | +.47 | +10.73 | High | 4.88 | +.50 | +11.42 |
|     | Open  4.49 | +.11 | +2.51 | Low | 4.45 | +.07 | +1.60 |
| MON | 6/ 9/03 Close 4.38 | −.54 | −10.98 | High | 4.80 | −.12 | −2.44 |
|     | Open  4.40 | −.52 | −10.57 | Low | 4.20 | −.72 | −14.63 |
| FRI | 6/ 6/03 Close 4.92 | −.35 | −6.64 | High | 5.53 | +.26 | +4.93 |
|     | Open  5.50 | +.23 | +4.36 | Low | 4.788 | −.482 | −9.15 |
| THU | 6/ 5/03 Close 5.27 | −.22 | −4.01 | High | 5.40 | −.09 | −1.64 |
|     | Open  5.32 | −.17 | −3.10 | Low | 5.15 | −.34 | −6.19 |
| WED | 6/ 4/03 Close 5.49 | +.38 | +7.44 | High | 5.50 | +.39 | +7.63 |
|     | Open  5.10 | −.01 | −0.20 | Low | 5.09 | −.02 | −0.39 |
| TUE | 6/ 3/03 Close 5.11 | +.20 | +4.07 | High | 5.14 | +.23 | +4.68 |
|     | Open  4.87 | −.04 | −0.81 | Low | 4.80 | −.11 | −2.24 |
| MON | 6/ 2/03 Close 4.91 | +.28 | +6.05 | High | 5.002 | +.372 | +8.03 |
|     | Open  4.79 | +.16 | +3.46 | Low | 4.74 | +.11 | +2.38 |
| FRI | 5/30/03 Close 4.63 | +.15 | +3.35 | High | 4.749 | +.269 | +6.00 |
|     | Open  4.56 | +.08 | +1.79 | Low | 4.42 | −.06 | −1.34 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500      Europe 44 20 7330 7500      Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
G730-210-1 26-Apr-04 10:40:45

SONSE US $ ↑ 4.82 +.14 P  Q↑4.81/4.82  111x13                    Equity HCPI
DELAY      Vol 1,693,665 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7907974
HISTORICAL % MOVES  for SONUS NETWORKS INC              (SONSE   US)
Range    5/12/03  to  3/26/04   Period D Daily        Page   25 /26  USD
Total change:  +20.95% (C Close  5/12/03 3.77    - C Close  3/26/04 4.56    )

| DATE | | | CHANGE | % Change | | | CHANGE | % Change |
|------|---|---|--------|----------|---|---|--------|----------|
| THU | 5/29/03 | Close 4.48 | +.28 | +6.67 | High | 4.50 | +.30 | +7.14 |
| | | Open  4.22 | +.02 | +0.48 | Low | 4.17 | -.03 | -0.71 |
| WED | 5/28/03 | Close 4.20 | +.12 | +2.94 | High | 4.20 | +.12 | +2.94 |
| | | Open  4.12 | +.04 | +0.98 | Low | 4.09 | +.01 | +0.25 |
| TUE | 5/27/03 | Close 4.08 | +.04 | +0.99 | High | 4.15 | +.11 | +2.72 |
| | | Open  4.03 | -.01 | -0.25 | Low | 3.94 | -.10 | -2.48 |
| MON | 5/26/03 | Close | | | High | | | |
| | | Open | | | Low | | | |
| FRI | 5/23/03 | Close 4.04 | -.09 | -2.18 | High | 4.19 | +.06 | +1.45 |
| | | Open  4.16 | +.03 | +0.73 | Low | 4.00 | -.13 | -3.15 |
| THU | 5/22/03 | Close 4.13 | +.16 | +4.03 | High | 4.20 | +.23 | +5.79 |
| | | Open  3.95 | -.02 | -0.50 | Low | 3.95 | -.02 | -0.50 |
| WED | 5/21/03 | Close 3.97 | +.09 | +2.32 | High | 3.98 | +.10 | +2.58 |
| | | Open  3.94 | +.06 | +1.55 | Low | 3.87 | -.01 | -0.26 |
| TUE | 5/20/03 | Close 3.88 | +.12 | +3.19 | High | 4.03 | +.27 | +7.18 |
| | | Open  3.81 | +.05 | +1.33 | Low | 3.80 | +.04 | +1.06 |
| MON | 5/19/03 | Close 3.76 | -.04 | -1.05 | High | 3.95 | +.15 | +3.95 |
| | | Open  3.87 | +.07 | +1.84 | Low | 3.72 | -.08 | -2.11 |

Australia 61 2 9777 8600      Brazil 5511 3048 4500       Europe 44 20 7330 7500       Germany 49 69 920410
Hong Kong 852 2977 6000 Japan 81 3 3201 8900 Singapore 65 6212 1000 U.S. 1 212 318 2000 Copyright 2004 Bloomberg L.P.
                                                                              G730-210-1 26-Apr-04 10:40:45

**SONSE** US $ ↑ **4.82** +.14 P  Q14.81/4.82  111x13                    Equity **HCPI**
DELAY      Vol 1,693,665 Op 4.88 P  Hi 4.92 Q  Lo 4.769 Q  ValTrd 7907974
**HISTORICAL  %  MOVES**  for SONUS NETWORKS INC      (SONSE    US)
Range    **5/12/03**  to  **3/26/04**    Period **D** Daily      Page   26 /26  USD
Total change:  +20.95% ( **C** Close  5/12/03 3.77    - **C** Close  3/26/04 4.56    )

| | DATE | | CHANGE | % Change | | | CHANGE | % Change |
|---|---|---|---|---|---|---|---|---|
| FRI | 5/16/03 | Close 3.80 | -.13 | -3.31 | High | 4.04 | +.11 | +2.80 |
| | | Open 3.89 | -.04 | -1.02 | Low | 3.70 | -.23 | -5.85 |
| THU | 5/15/03 | Close 3.93 | -.24 | -5.76 | High | 4.30 | +.13 | +3.12 |
| | | Open 4.26 | +.09 | +2.16 | Low | 3.89 | -.28 | -6.71 |
| WED | 5/14/03 | Close 4.17 | +.29 | +7.47 | High | 4.22 | +.34 | +8.76 |
| | | Open 3.99 | +.11 | +2.84 | Low | 3.99 | +.11 | +2.84 |
| TUE | 5/13/03 | Close 3.88 | +.11 | +2.92 | High | 3.97 | +.20 | +5.31 |
| | | Open 3.83 | +.06 | +1.59 | Low | 3.80 | +.03 | +0.80 |
| MON | 5/12/03 | Close 3.77 | +.30 | +8.65 | High | 3.79 | +.32 | +9.22 |
| | | Open 3.48 | +.01 | +0.29 | Low | 3.47 | -- | |

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| RICHARD MEYER, Individually and On Behalf of All Others Similarly Situated, | : | Case No. 2:03-CV-448 TC |
| | : | |
| Plaintiff, | : | ORDER REGARDING PLAINTIFFS' RESPECTIVE COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL |
| vs. | : | |
| PARADIGM MEDICAL INDUSTRIES, THOMAS MOTTER, MARK MIEHLE, and JOHN HEMMER | | JUDGE TENA CAMPBELL |
| Defendants. | | MAGISTRATE JUDGE BROOKE C. WELLS |

This matter came before Magistrate Brooke Wells from a referral by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A). The Court heard argument on Plaintiffs' motions to consolidate cases and their respective motions for appointment of lead Plaintiff(s) and appointment of lead counsel on November 18, 2003. The Court granted the motions to consolidate cases 2:03cv513 and 2:03cv617 with this case 2:03-cv-448.

**EXHIBIT A**

44

Now before the Court are the remaining motions of five competing Plaintiff groups for appointment as lead Plaintiff(s) and for approval of lead counsel. These groups are the Butler Group, Imperial Group, Pacino Group, Rock Solid Group and finally a group consisting of both the Imperial and Butler Groups (Imperial-Butler Group).[1] Following the hearing, the parties filed additional memoranda with the Court. The Court having heard oral argument, having read the parties memoranda, and having considered pertinent case law enters the following Order.

## BACKGROUND

This is a securities fraud action brought on behalf of a class of Plaintiffs who acquired the common stock of Paradigm Medical Industries (Paradigm) during the class period. Plaintiffs allege violations of the securities laws and bring this action pursuant to the Securities Exchange Act of 1934 and under the Private Securities Litigation Reform Act of 1995

---

[1] The Court refers to all competing Plaintiffs as groups although the Imperial Group consists of one entity Imperial Trading Corporation. On the date of the hearing, the Butler Group and Imperial Group filed a "Joint Supplemental Submission" in which they argued that "if the Court determines that it is appropriate to appoint a group of proposed lead plaintiffs" the Court should choose the Imperial-Butler Group because they would be the most adequate plaintiff under the Private Securities Litigation Reform Act. Joint Supp. Submission p. 1. The Imperial-Butler Group therefore becomes the last group seeking certification as lead Plaintiff. If appointed, they in essence would become "co-lead plaintiffs." Id. at 2.

2

(PSLRA).  Allegedly Paradigm made false representations in
filings with the SEC and in public releases that artificially
inflated their stock price.  These false representations included
statements that a medical device developed by Paradigm received a
Common Procedure Terminology (CPT) code used by doctors for
billing and reimbursement.  According to Plaintiffs, however,
Paradigm never received a CPT code.


## DISCUSSION

I.    Lead Plaintiff

    In selecting the most adequate plaintiff the PSLRA states in
relevant part:


    the court shall adopt a presumption that the most
    adequate plaintiff . . . is the person or group of
    persons that-- (aa) has either filed the complaint or
    made a motion in response to a notice under
    subparagraph (a)(i); (bb) in the determination of the
    court, has the largest financial interest in the relief
    sought by the class; and (cc) otherwise satisfies the
    requirements of Rule 23 of the Federal Rules of Civil
    Procedure.


Id. § 78u-4(a)(3)(B)(iii)(I) (1997).  This presumption "may be
rebutted only upon proof . . . that the presumptively most
adequate plaintiff -- (aa) will not fairly and adequately protect
the interests of the class; or (bb) is subject to unique defenses

3

that render such plaintiff incapable of adequately representing the class." Id. § 78u-4(a)(3)(B)(iii)(II). Accordingly, "[a]ll else equal, the PSLRA requires that a court appoint as lead plaintiff the 'person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class.'" In re Advanced Tissue Sciences Sec. Litig., 184 F.R.D. 346, 350 (S.D. Cal. 1998) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) (alteration in original).

The Court notes at the outset that under the PSLRA the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action. See 15 U.S.C. § 78u-4(a)(3)(A)(i). This was done by Plaintiff Richard Meyer when notice was published on the Market Wire on May 14, 2003. Following publication, any person or group of persons who are members of the proposed class can within 60 days of publication "move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The Butler Group, Imperial Group, Pacino Group, Rock Solid Group and Imperial-Butler Group have all met this requirement by moving the Court for lead plaintiff status within the 60 day time frame.[2]

When there is more than one group of plaintiffs asserting

---

[2] Lidia Milian, Plaintiff in case 2:03cv617, failed to move the court for selection as lead Plaintiff by the required date. Accordingly, she cannot serve as lead Plaintiff in this action.

4

essentially the same claims under the PSLRA, as in the instant case, a court should first consolidate the actions. See 15 U.S.C. § 78u-4(a)(3)(A)(i). This was done previously by the Court at the hearing on November 18, 2003. Next, a court should "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C § 78u-4(a)(3)(B)(i). In its determination of lead plaintiff a court is to consider Rule 23(a). See In re Ribozyme Pharmaceuticals Sec. Litig., 192 F.R.D. 656, 658 (D. Colo. 2000).

Under Rule 23(a) a plaintiff may sue as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed R. Civ. P. 23(a). For the purposes of a motion for appointment of lead plaintiff under Rule 23, it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy. See In re Ribozyme, 192 F.R.D. at 658-59. After the selected lead plaintiff moves for class certification, then a court is to engage in a more thorough

analysis of the other requirements for class certification.  See id.

Typicality exists where the "injury and the conduct are sufficiently similar."  Adamson v. Bowne, 855 F.2d 668, 676 (10th Cir. 1988).  Furthermore, a difference in the factual situations of class members per se, does not defeat typicality under Rule 23(a)(3).  See id.  This is true as long as the claims of class representatives and other class members are based on the same legal or remedial theory.  See id.  All purported lead Plaintiff groups satisfy this requirement because, just like the other class members, they (1) purchased Paradigm stock during the relevant period; (2) at prices they allege were inflated due to Paradigm's misrepresentations; and (3) they all allegedly suffered damages.  See In re Ribozyme, 192 F.R.D. at 658.  The claims made by the competing groups are typical of those in the rest of the class.  Therefore, the Court finds that all the Plaintiff groups have met the requirement of Rule 23(a)(3).

Under Rule 23(a)(4) "the representative parties [must] fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "The PSLRA directs courts to limit [their] inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class."  In re Ribozyme, 192 F.R.D. at 659.  This standard under Rule 23(a)(4) is met by fulfilling two

6

requirements. First, there must be an absence of potential conflict between the named plaintiffs and other class members. See id. Second, the counsel chosen by the representative party must be "qualified, experienced and able to vigorously conduct the proposed litigation." Id. Based on the Court's reading of the memoranda and the case record, all Plaintiff groups are adequate representatives of the class. There is no evidence of a conflict between the groups and other class members and all groups have retained experienced counsel that will "vigorously conduct the litigation." Id. Therefore, the Court finds that all the Plaintiff groups have met the requirement of Rule 23(a)(4).

A.    Aggregation

The central issue in this case concerns whether "a group of persons may combine their losses to create 'the largest financial interest' for purposes of the PSLRA." In re Ribozyme, 192 F.R.D. at 659 (quoting In re Advanced Tissue, 184 F.R.D. at 350). "[T]he majority of courts confronted with this issue have permitted plaintiffs to aggregate their losses for purposes of the lead plaintiff determination." In re Advanced Tissue, 184 F.R.D. at 350. However, "[c]ourts have ruled that counsel may not aggregate large groups of class members in order to form a group with the largest financial interest." In re Ribozyme, 192 F.R.D. at 659; see e.g., Yousefi v. Lockheed Martin Crop., 70 F.

Supp. 2d 1061, 1068 (C.D. Cal. 1999) (finding that aggregating a class of members consisting of "three named plaintiffs and 134 unrelated class members" improper under PSLRA); *In re BAAN Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999) ("The Lead Plaintiff decision should be made under a rule of reason but in most cases there should be the initial target, with five or six the upper limit."). In most cases "when courts appoint multiple class members as lead plaintiffs, they typically appoint less than ten plaintiffs." *Id.*; see, e.g., *In re Advanced Tissue*, 184 F.R.D. at 353 (allowing the aggregation of six plaintiffs); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45-48 (S.D.N.Y. 1998) (appointing three plaintiffs as lead plaintiffs); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 409 (D. Minn. 1998) (aggregating six plaintiffs).

Based on the foregoing, the Court finds that it is appropriate for Plaintiffs to aggregate losses in this case. Such a finding appears consistent with the majority of courts and the most relevant 10th Circuit case law. See *Martin v. Atchison Casting Corp.*, 200 F.R.D. 453, 456 (D. Kan. 2001) (stating that "[a] majority of courts . . . have allowed the appointment of a group of plaintiffs as lead plaintiffs"); *In re Ribozyme*, 192 F.R.D. at 659 (stating that "a group of persons may combine their losses to create 'the largest financial interest' for purposes of the PSLRA") (citation omitted).

The Court further finds it proper to "consider legislative intent in deciding who to appoint as lead plaintiff." Martin, 200 F.R.D. at 456. Congress noted that one of the reasons for enacting the PSLRA was to help prevent lawyer controlled litigation. See Senate Report No 104-98, 104th Congress, reprinted in 1995 U.S.C.C.A.N. 679, 687-90. Congress believed that lawyers were often filing frivolous actions on behalf of nominally interested plaintiffs in hopes of obtaining a quick settlement. See id. To help prevent lawyers from doing this Congress sought to "empower investors so that they, not their lawyers, control securities litigation." Id. at 685. This was done by transferring "primary control of private securities litigation from lawyers [back] to investors." Id. A court, therefore, should be careful to not allow "[a]ggregation solely for the purpose of creating a group that would have the 'largest financial interest in the relief sought by the class' [as that] would seem to contravene the PSLRA's purpose of shifting control of the litigation from the lawyers to the investors." Wenderhold v. Cylink Corp., 188 F.R.D. 577, 586 (N.D. Cal. 1999).

In the instant case, the Imperial Group and Butler Group filed a Joint Supplemental Submission on November 18, 2003, the date of the Court's hearing. Rock Solid argues in its memorandum filed pursuant to the Court's directive that the Joint Supplemental Submission is untimely and contrary to local Rule 5-

9

1(b).[3]  Therefore, it should be rejected.  See Rock Solid's Memorandum Filed Pursuant to the Court's Directive p. 4.  The Court disagrees.  The Joint Supplemental Submission was accepted by the Court and Rock Solid was given an opportunity to respond. Contrary to Rock Solid's assertions there was no prejudice to any party because all parties were given an opportunity to fully respond to the new positions taken by Imperial and Butler in their Joint Supplemental Submission.  Accordingly, the Court rejects Rock Solid's arguments and considers the Joint Supplemental Submission in its decision.

The PSLRA directs that a "court shall adopt a presumption that the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Pacino Group has losses of $235,864. See Pacino Group's Mem. In Support p. 9-10.  This amount is less than the other competing groups.  Therefore, the Court finds that the Pacino Group should not be appointed lead Plaintiff.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In similar fashion, the Court also rejects the appointment of the Butler Group because they have $262,822 in alleged losses.

---

[3]  Utah local rule of practice 5-1(b) states that "[u]nless otherwise directed by the court, all documents pertaining to a court proceeding must be filed with the clerk a minimum of two (2) business days before the scheduled proceeding." Id. (emphasis omitted).

10

See Butler Group's Mem. In Support p. 8.  This amount is less than some of the other competing groups.  Accordingly, the Court finds that the Butler group should not be appointed lead Plaintiff.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In their Joint Supplemental Submission, Butler argues that Imperial "is the most adequate plaintiff [because] [w]ith estimated losses of over $360,000, Imperial appears to be the individual proposed lead plaintiff with by far the largest estimated losses." Joint Supp. Submission p. 1.  While the Court agrees that Imperial appears to be the single party with the largest losses, Imperial's losses alone are not more than Rock Solid's losses.  Therefore, based on the appropriateness of aggregation, see supra, the Court rejects Imperial as lead Plaintiff.

In their supplemental submission, Imperial and Butler further argue that they should be appointed co-lead plaintiffs if the "Court determines that it is appropriate to appoint a group of proposed lead plaintiffs." Joint Supp. Submission p. 1.  Combined, the newly formed Imperial-Butler group has "aggregate losses of over $584,000," which is more than Rock Solid's losses of $490,000.  Separately, however, Imperial and Butler have losses less than Rock Solid with the Imperial Group suffering $360,833 in losses and the Butler Group alleging $262,822 in

11

losses.[4]

Although the Imperial-Butler Group has the largest alleged losses, the Court finds that the formation of this group was an eleventh-hour attempt by unrelated parties to aggregate solely for the purpose of creating a group that would have the largest financial interest in the litigation. See Wenderhold, 188 F.R.D. at 586. Allowing the aggregation of this group "would . . . contravene the PSLRA's purpose of shifting control of the litigation from the lawyers to the investors," id., and is against the Congressional intent behind the enactment of the PSLRA. See Senate Report No 104-98, 104th Congress, reprinted in 1995 U.S.C.C.A.N. 679, 687-90.

Many courts have relied on the Congressional intent behind the PSLRA in rejecting groups created solely for the purpose of creating a group with the largest financial losses. For example, the court in In re Donnkenny, Inc. Sec. Litg., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) rejected a proposal to appoint as lead plaintiffs two unrelated institutional investors and four other individual class members. See id. at 157. The court held that aggregation would defeat the purposes of the PSLRA because it would "allow and encourage lawyers to direct the litigation."

---

[4] The figures used by the Court are taken from the respective parties memoranda. See Joint Supp. Submission p. 1; Rock Solid's Mem. In Support p. 7; Imperial's Mem. In Support p. 7; Butler Group's Mem. In Support p. 8.

12

_Id._ at 158.  Although the Donnkenny court appears to have
wholeheartedly rejected aggregation, _see id._, the court's reliance
on the intent behind the PSLRA as a basis for its decision is
consistent with other courts.  See _In re Razorfish Inc. Sec._
_Litig._, 143 F. Supp.2d 304, 308-09 (S.D.N.Y. 2001) (rejecting a
group of unrelated investors because appointing them would be
against the intent of the PSLRA); _In re Century Bus. Servs. Sec._
_Litig._, 202 F.R.D. 532, 541 (D. Ohio 2001) (rejecting the
appointment of a co-lead plaintiff structure that thwarted the
goals of the PSLRA); _In re Advanced Tissue_, 184 F.R.D. at 352
(finding that the approval of a large group of unrelated
investors "would subvert the legislative intent behind the
PSLRA"); _Ravens v. Iftikar_, 174 F.R.D. 651, 654 (N.D. Cal. 1997)
(explaining that the intent of Congress was "to eliminate
figurehead plaintiffs who exercise no meaningful supervision of
the litigation").

    In the instant case, one institutional investor, Imperial,
and four individual investors, the Butler Group, sought to form a
new group on the eve of the Court's hearing.  These parties are
not related and have shown no real indications of cooperation
such as conference calls or shared strategies about how to pursue
the litigation prior to their last minute decision to combine.
Appointing the Imperial-Butler Group as lead Plaintiffs after
their last minute formation would defeat the purposes of the

13

PSLRA. See Wenderhold, 188 F.R.D. at 586; see also In re Oxford Health Plans, Inc. Sec. Litg., 182 F.R.D. at 49 ("Because the PSLRA does not recommend or delimit a specific number of lead plaintiffs, the lead plaintiff decision must be made on a case-by-case basis, taking account of the unique circumstances of each case."). Allowing the appointment of the Imperial-Butler Group may also encourage other groups to combine on the eve of a court's decision simply for the purposes of becoming the group with the largest estimated losses. Such a situation should be avoided because Congress intended that the lead plaintiff should seek the lawyers, rather than having the lawyers seek a lead plaintiff, especially at the eleventh-hour. See H.R. Conf. Rep. No. 104-369, at 31-35 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 730-34.

In contrast, although the Rock Solid Group contains some unrelated parties, they have sought to work together and pursue the litigation as a team long before the hearing date. Such a course of action in demonstrating cooperation before the eleventh-hour appears much more consistent with the intent of the PSLRA. See id. Because the Rock Solid Group has the largest amount of losses, the Court finds that the Rock Solid Group should be given the presumption as the most adequate plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

14

B.    **Unique Defenses**

The presumption of the most adequate plaintiff can be rebutted by "proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

At the hearing, Imperial argued that Rock Solid was inadequate because Brito & Brito and Rock Solid Investments, both members of the Rock Solid Group, are "inactive" and therefore subject to unique defenses.  After a reading of the record, the Court finds this argument to be unsubstantiated.  None of the competing groups offer "proof" to rebut the presumption the Court gives under the PSLRA to the Rock Solid Group.  Therefore, the Court finds that the Rock Solid Group does not lose its presumption as lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

C.    **Selection of Lead Counsel**

Finally, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the group appointed as lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class.  See id.  The Rock Solid Group has selected Milberg Weiss and Rabin

15

Murray & Frank to serve as Lead Counsel and Anderson & Karrenberg to serve as Liaison Counsel. <u>See</u> Rock Solid's Mem. in Support p. 10. These firms have expertise in the prosecution of shareholder and securities class actions and are adequate to serve the interests of the class. The Court, however, is somewhat concerned by the possibility of double billings and the duplication of efforts by co-lead counsel. As other courts have recognized, the approval of co-lead counsel raises the specter of "duplicative services and a concomitant increase in attorneys' fees" charged to the plaintiff class." <u>In re Milestone Scientific Secs. Lit.</u>, 183 F.R.D. 404, 418 (D.N.J. 1998).

The PSLRA expressly limits the payment of attorneys' fees and expenses to no more than "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 78u-4(a)(6) (1997). Milberg Weiss, Rabin Murray & Frank, and Anderson & Karrenberg are hereby placed on notice that the Court will not approve any fees and expenses that reflect duplication, inefficiency, or costs incurred from failing to coordinate efforts in pursuit of this litigation. The firms are to closely coordinate their efforts and will be subject to further review by the Court if necessary to prevent any inappropriate billing of the Plaintiff class.

16

**CONCLUSION**

For the foregoing reasons:

The motion by the Rock Solid Group to be appointed lead Plaintiff is GRANTED. The motions of the Butler Group, Imperial Group, Pacino Group and Imperial-Butler Group are HEREBY DENIED. The motion by the Rock Solid Group for the appointment of counsel is GRANTED. The other group's respective motions for appointment of counsel are DENIED.

DATED this 27th day of February, 2004.

BY THE COURT:

BROOKE C. WELLS
United States Magistrate Judge

17