**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

\-------------------------------------------------------x

DEBORAH CHIN, Individually and     :
On behalf of All Others Similarly     :     **Case No. 04-CV-10294 DPW**
Situated,     :
    :
    Plaintiffs,     :
    :
v.     :
    :
SONUS NETWORKS, INC., PAUL R.     :
JONES, EDWARD N. HARRIS, J.     :
MICHAEL O'HARA, HASSAN M.     :
AHMED and STEPHEN J. NILL,     :
    :
    Defendants.     :

\-------------------------------------------------------x
\-------------------------------------------------------x

INFORMATION DYNAMICS, LLC,     :
Individually and On behalf of All Others     :
Similarly Situated,     :     **Case No. 04-CV-10308 DPW**
    :
    Plaintiffs,     :
    :
v.     :
    :
SONUS NETWORKS, INC., PAUL R.     :
JONES, EDWARD N. HARRIS, J.     :
MICHAEL O'HARA, HASSAN M.     :
AHMED and STEPHEN J. NILL,     :
    :
    Defendants.     :

\-------------------------------------------------------x

**MOVANT BRAD ROLLOW'S MEMORANDUM IN OPPOSITION**
**TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

```
----------------------------------------------------x
PETER KALTMAN,  Individually and On   :
behalf of All Others Similarly Situated,     :        Case No. 04-CV-10309 DPW
                                             :
           Plaintiffs,                       :
                                             :
                                             :
v.                                           :
                                             :
                                             :
SONUS NETWORKS, INC., PAUL R.                :
JONES, EDWARD N. HARRIS, J.                  :
MICHAEL O'HARA, HASSAN M.                    :
AHMED and STEPHEN J. NILL,                   :
                                             :
           Defendants.                       :
----------------------------------------------------x
----------------------------------------------------x
SAMANTHA DEN,  Individually and On    :
behalf of All Others Similarly Situated,     :        Case No. 04-CV-10310 DPW
                                             :
           Plaintiffs,                       :
                                             :
                                             :
v.                                           :
                                             :
                                             :
SONUS NETWORKS, INC., PAUL R.                :
JONES, EDWARD N. HARRIS, J.                  :
MICHAEL O'HARA, HASSAN M.                    :
AHMED and STEPHEN J. NILL,                   :
                                             :
           Defendants.                       :
----------------------------------------------------x
```

```
-------------------------------------------------------x
RONALD KASSOVER,  Individually and     :
On behalf of All Others Similarly Situated,  :     Case No. 04-CV-10329 DPW
                                       :
            Plaintiffs,                :
                                       :
                                       :
v.                                     :
                                       :
                                       :
SONUS NETWORKS, INC., PAUL R.          :
JONES, EDWARD N. HARRIS, J.            :
MICHAEL O'HARA, HASSAN M.              :
AHMED and STEPHEN J. NILL,             :
                                       :
            Defendants.                :
-------------------------------------------------------x
-------------------------------------------------------x
STEVE L. BAKER,  Individually and On   :
behalf of All Others Similarly Situated,  :     Case No. 04-CV-10333 DPW
                                       :
            Plaintiffs,                :
                                       :
                                       :
v.                                     :
                                       :
                                       :
SONUS NETWORKS, INC., PAUL R.          :
JONES, EDWARD N. HARRIS, J.            :
MICHAEL O'HARA, HASSAN M.              :
AHMED and STEPHEN J. NILL,             :
                                       :
            Defendants.                :
-------------------------------------------------------x
```

3

```
-------------------------------------------------------x
HAIMING HU,  Individually and On         :
behalf of All Others Similarly Situated, :      Case No. 04-CV-10346 DPW
                                         :
            Plaintiffs,                  :
                                         :
                                         :
v.                                       :
                                         :
                                         :
SONUS NETWORKS, INC., PAUL R.            :
JONES, EDWARD N. HARRIS, J.              :
MICHAEL O'HARA, HASSAN M.                :
AHMED and STEPHEN J. NILL,               :
                                         :
            Defendants.                  :
-------------------------------------------------------x
-------------------------------------------------------x
MICHAEL KAFFEE,  Individually and On     :
behalf of All Others Similarly Situated, :      Case No. 04-CV-10345 DPW
                                         :
            Plaintiffs,                  :
                                         :
                                         :
v.                                       :
                                         :
                                         :
SONUS NETWORKS, INC., PAUL R.            :
JONES, EDWARD N. HARRIS, J.              :
MICHAEL O'HARA, HASSAN M.                :
AHMED and STEPHEN J. NILL,               :
                                         :
            Defendants.                  :
-------------------------------------------------------x
```

```
-------------------------------------------------------x
SANUEL HO,  Individually and On              :
behalf of All Others Similarly Situated,     :      Case No. 04-CV-10363 DPW
                                             :
              Plaintiffs,                    :
                                             :
                                             :
v.                                           :
                                             :
                                             :
SONUS NETWORKS, INC., PAUL R.                :
JONES, EDWARD N. HARRIS, J.                  :
MICHAEL O'HARA, HASSAN M.                    :
AHMED and STEPHEN J. NILL,                   :
                                             :
              Defendants.                    :
-------------------------------------------------------x
-------------------------------------------------------x
MICHELLE TREBITSCH,  Individually and:
On behalf of All Others Similarly Situated,  :      Case No. 04-CV-10307 DPW
                                             :
              Plaintiffs,                    :
                                             :
                                             :
v.                                           :
                                             :
                                             :
SONUS NETWORKS, INC., PAUL R.                :
JONES, EDWARD N. HARRIS, J.                  :
MICHAEL O'HARA, HASSAN M.                    :
AHMED and STEPHEN J. NILL,                   :
                                             :
              Defendants.                    :
-------------------------------------------------------x
```

```
-------------------------------------------------------x
JEFFREY RODRIGUES,  Individually and    :
On behalf of All Others Similarly Situated,    :        Case No. 04-CV-10364 DPW
                                        :
            Plaintiffs,                 :
                                        :
                                        :
v.                                      :
                                        :
SONUS NETWORKS, INC., PAUL R.           :
JONES, EDWARD N. HARRIS, J.             :
MICHAEL O'HARA, HASSAN M.               :
AHMED and STEPHEN J. NILL,              :
                                        :
            Defendants.                 :
-------------------------------------------------------x
-------------------------------------------------------x
SHELIA BROWNELL,  Individually and      :
On behalf of All Others Similarly Situated,    :        Case No. 04-CV-10597 DPW
                                        :
            Plaintiffs,                 :
                                        :
                                        :
v.                                      :
                                        :
SONUS NETWORKS, INC., PAUL R.           :
JONES, EDWARD N. HARRIS, J.             :
MICHAEL O'HARA, HASSAN M.               :
AHMED and STEPHEN J. NILL,              :
                                        :
            Defendants.                 :
-------------------------------------------------------x
```

6

```
------------------------------------------------------x
CHARLIE STARBUCK, Individually and    :
On behalf of All Others Similarly Situated,    :    Case No. 04-CV-10362 DPW
                                      :
        Plaintiffs,                   :
                                      :
                                      :
v.                                    :
                                      :
                                      :
SONUS NETWORKS, INC., PAUL R.         :
JONES, EDWARD N. HARRIS, J.           :
MICHAEL O'HARA, HASSAN M.             :
AHMED and STEPHEN J. NILL,            :
                                      :
        Defendants.                   :
------------------------------------------------------x
------------------------------------------------------x
DANIEL WILLIAMS, Individually and On  :
behalf of All Others Similarly Situated,    :    Case No. 04-CV-10359 DPW
                                      :
        Plaintiffs,                   :
                                      :
                                      :
v.                                    :
                                      :
                                      :
SONUS NETWORKS, INC., PAUL R.         :
JONES, EDWARD N. HARRIS, J.           :
MICHAEL O'HARA, HASSAN M.             :
AHMED and STEPHEN J. NILL,            :
                                      :
        Defendants.                   :
------------------------------------------------------x
```

7

```
-------------------------------------------------------x
ROBERT CONTI, Individually and On         :
behalf of All Others Similarly Situated,  :        Case No. 04-CV-10382 DPW
                                          :
            Plaintiffs,                   :
                                          :
                                          :
v.                                        :
                                          :
                                          :
SONUS NETWORKS, INC., PAUL R.             :
JONES, EDWARD N. HARRIS, J.               :
MICHAEL O'HARA, HASSAN M.                 :
AHMED and STEPHEN J. NILL,                :
                                          :
            Defendants.                   :
-------------------------------------------------------x
-------------------------------------------------------x
WHEATON ELECTRICAL SERVICES              :
401(k) PLAN, Individually and On behalf  :
of All Others Similarly Situated,         :        Case No. 04-CV-10383 DPW
                                          :
            Plaintiffs,                   :
v.                                        :
                                          :
                                          :
SONUS NETWORKS, INC., PAUL R.             :
JONES, EDWARD N. HARRIS, J.               :
MICHAEL O'HARA, HASSAN M.                 :
AHMED and STEPHEN J. NILL,                :
                                          :
            Defendants.                   :
-------------------------------------------------------x
```

```
-------------------------------------------------------x
BRIAN CLARK,  Individually and On          :
behalf of All Others Similarly Situated,   :         Case No. 04-CV-10454 DPW
                                           :
              Plaintiffs,                  :
                                           :
                                           :
v.                                         :
                                           :
                                           :
SONUS NETWORKS, INC., PAUL R.              :
JONES, EDWARD N. HARRIS, J.                :
MICHAEL O'HARA, HASSAN M.                  :
AHMED and STEPHEN J. NILL,                 :
                                           :
              Defendants.                  :
-------------------------------------------------------x
-------------------------------------------------------x
SAVERIO PUGLIESSE,  Individually and       :
On behalf of All Others Similarly Situated, :        Case No. 04-CV-10612 DPW
                                           :
              Plaintiffs,                  :
                                           :
                                           :
v.                                         :
                                           :
                                           :
SONUS NETWORKS, INC., PAUL R.              :
JONES, EDWARD N. HARRIS, J.                :
MICHAEL O'HARA, HASSAN M.                  :
AHMED and STEPHEN J. NILL,                 :
                                           :
              Defendants.                  :
-------------------------------------------------------x
```

```
-------------------------------------------------------x
DAVID V. NOCITO,  Individually and On    :
behalf of All Others Similarly Situated,     :          Case No. 04-CV-10623 DPW
                                             :
              Plaintiffs,                     :
                                             :
v.                                           :
                                             :
SONUS NETWORKS, INC., PAUL R.                :
JONES, EDWARD N. HARRIS, J.                  :
MICHAEL O'HARA, HASSAN M.                    :
AHMED and STEPHEN J. NILL,                   :
                                             :
              Defendants.                     :
-------------------------------------------------------x
```

Movant Brad Rollow ("Rollow") respectfully submits this memorandum of law in

opposition to the motions for appointment as lead plaintiff filed in the above-captioned actions

under the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"), by (i) BPI Global Asset Management

LLP ("BPI"); (ii) Global Undervalued Securities Master Fund ("Global"); (iii) Scott Baugh,

Thomas Munson, Sajid Patel, Carlos Rios and Marc Wexler (collectively, the "Wexler Group");

(iv) Nakid M. Farhat, Kenneth McGaha, John Haggins, Patrick Fung (collectively, the "Farhat

Group"); (v) Grace Belland Living Trust, Leopold L. Mestre, Jacob Sherman, Scott Dunkley,

Abdil S. Budhiani, Sean P. McCarthy (collectively, the "Belland Group"); (vi) Tian Jiang, Joseph

Rodulavic, and Gary Brost (collectively, the "Jiang Group"); (vii) James M. Brower ("Brower");

(viii) Mohammad Akhtar ("Akhtar"); (ix) Jeffrey Foss ("Foss"); and (x) Chris E. Paterick

("Paterick"), and in further support of Rollow's own motion for appointment as lead plaintiff.

## I.    INTRODUCTION

The movants competing with Rollow for lead plaintiff all suffer from various defects which

make Rollow the most appropriate lead plaintiff under the PSLRA. Although the first filed action

alleged, and the notice required by the PSLRA set forth, a claim of securities fraud on behalf of all

purchasers of the common stock of Sonus Networks, Inc. ("Sonus") during the period June 3, 2003

through February 11, 2004 (the "Class Period"), various of the lead plaintiff motions assert different

class periods, including periods which include purchases up to more than six weeks after the

disclosure of Sonus' improper revenue recognition practices on February 11, 2004.[1] BPI, which

claims to have suffered the largest loss, is merely a manager of assets for clients for which it does

not appear to have authority to sue, and therefore does not have standing to move for lead plaintiff.

Global Undervalued Securities, with the purportedly next largest loss, is a hedge fund - a type of

investor which has been held not to be a "typical" plaintiff as required by Fed. R. Civ. P. 23 and,

therefore, by the PSLRA. The supposed "Groups" headed by investors Belland, Jiang and Wexler,

consist of unaffiliated investors with no pre-existing relationship and therefore improper as lead

plaintiffs - indeed, appointment of any of these groups will merely ensure that the litigation is

controlled by attorneys rather than investors, precisely the result which Congress sought to avoid.

Finally, the remaining movants have losses which are smaller than those of Rollow.

In contrast, Rollow does not suffer from any of the deficiencies that disqualify the other lead

plaintiff movants. Rollow has suffered substantial – and recoverable – damages of approximately

$209,000 due to Defendants' wrongdoing, and he has satisfied the requirements for appointment as

lead plaintiff. As Rollow is the "most adequate plaintiff" within the meaning of the PSLRA, the

---

[1] Rollow maintains that the first filed case alleged the proper class period because after defendants disclosed that Sonus had improperly recognized revenue on February 11, 2004, the shares were no longer artificially inflated. On the next trading day, February 12, 2004, the market price of Sonus shares dropped almost 25%.

Court should appoint him as lead plaintiff in this litigation and approve Rollow's selection of

Schatz & Nobel, P.C. and Ragsdale & Frese LLC as Co-Lead Counsel.

**II.    THE COURT SHOULD NOT CONSIDER TRANSACTIONS OUTSIDE THE ORIGINAL CLASS PERIOD.**

The first filed case properly issued a notice under the PSLRA advising all persons who

purchased Sonus publicly traded securities during the period between June 3, 2003 and February 11,

2004 that they could seek to be lead plaintiff for a class related to that class period (the "Notice").

Although Rollow complied with the Notice, other complaints and other movants have sought to

expand the class period.  However, not only is this procedurally inappropriate, but expanding the

class period improperly includes purchases after the fraud was disclosed or before there could be

any damages from any fraud.

Purchasers of Sonus' securities after disclosure of its improper revenue recognition practices

on February 11, 2004 should not be included as they cannot recover for the fraud – and are at best

subject to unique defenses.  See, e.g., In re Biogen Sec. Litig., 179 F.R.D. 25, 40 (D. Mass. 1997)

(rejecting as inadequate proposed class representatives who purchased stock after defendants'

disclosure of problem).

Similarly, purchasers before the initial class period starting date of June 3, 2003 should not

be considered because anyone who purchased before that date purchased at a **lower** price than the

price to which the stock dropped following the disclosure on February 11, 2004, thereby raising

issues/unique defenses of whether there was any loss, because actual loss is required to assert a

claim under the securities laws.  See, e.g., Pelletier v. Stuart-James Co., Inc., 863 F.2d 1550, 1557

(11th Cir. 1989) ("In securities fraud cases, ... damages are determined in accordance with the extent

to which a plaintiff is *actually damaged* as a result of the defendant's fraudulent conduct")

(emphasis added; citation omitted); Osofsky v. Zipf, 645 F.2d 107, 111 (2d Cir. 1981) ("[T]he

purpose of section 28(a) [15 U.S.C. § 78bb(a)] is to compensate civil plaintiffs for *economic loss*

suffered as a result of wrongs committed in violation of the 1934 Act") (emphasis added).

## III.    ROLLOW SHOULD BE APPOINTED AS LEAD PLAINTIFF

15 U.S.C. §78u-4(a)(3)(B)(iii) limits the Court's selection of the "most adequate plaintiff" to

the movant:

> (i)     with the largest "interest in the relief sought" 15 U.S.C. § 78u-
> 4(a)(3)(B)(iii)(I)(bb);
>
> (ii)    who satisfies Rule 23 of the Federal Rules of Civil Procedure (15 U.S.C.
> §78u-4(a)(3)(B)(iii)(I)(cc)); and,
>
> (iii)    is not "subject to unique defenses that render such plaintiff incapable of
> adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-
> (bb).

See, e.g., In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 435-37 & n.23 (E.D. Va. 2000).

The "largest interest in the relief sought" is measured by the amount of **recoverable** damages

suffered by the movant.  See, e.g., In re McKesson HBOC, Inc. Sec. Litig., 97 F. Supp. 2d 993, 996-

97 (N.D. Cal. 1999) (most important inquiry in determining the greatest financial interest is

"possible damages recovery . . . [o]ne's 'interest' in the litigation is rather directly tied to what one

might recover"); In re Critical Path, Inc. Sec. Litig., 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal.

2001) (same); In re Network Associates, Inc. Sec. Litig., 76 F. Supp. 2d 1017, 1030 (N.D. Cal.

1999) (same).

Moreover, under the PSLRA, a court is prohibited from appointing as lead plaintiff any

movant that is unable to satisfy Rule 23 or is subject to "unique defenses" which may distract the

proposed representative from the focus of representing the class – even if the defenses may likely be

overcome.  See In re Cable & Wireless, plc, Sec. Litig., 217 F.R.D. 372, 379 (E.D. Va. 2003);

Newby v. Enron Corp., 206 F.R.D. 427, 456 (S.D. Tex. 2002).

As discussed below, each of the movants other than Rollow is defective either because they

cannot satisfy the Rule 23 requirements of typicality and adequacy, they are subject to "unique

defenses," or they do not have the largest recoverable financial interest in the litigation.

### A.    BPI Should Not Be Appointed As Lead Plaintiff

BPI should not be appointed as lead plaintiff in this litigation because it does not have

standing to assert violations of §10(b) of the Securities Exchange Act of 1934.  It is well-settled that

"one asserting a claim for damages based on the violation of Rule 10b-5 must be either a purchaser

or seller of securities."  Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 749 (1975).  See In

re Turkcell Iletisim Hizmetler, A.S. Sec. Litig., 209 F.R.D. 353, 358 (S.D.N.Y. 2002) (refusing to

name investment advisor as lead plaintiff because it lacked standing).  In contravention of this

fundamental requirement, BPI has not presented any evidence showing that it purchased **any** Sonus

Network shares for its **own** account.  Instead, BPI (an investment advisor) presumably purchased

the shares for its clients' accounts.  Some courts have held that the fact that an investment advisor is

not the owner of the securities at issue precludes standing and therefore renders the investment

advisor incapable of adequately representing the interests of the class under the PSLRA or Rule 23.[2]

---

[2]  See, e.g., In re Turkcell, 209 F.R.D. at 358 (investment advisor could not adequately represent the class because "[t]he fact that [the investment advisor] was not the legal purchaser of Turkcell stock prevents them from suing on behalf of its investors"); In re Bank One Shareholders Class Action, 96 F.Supp.2d 780, 783-84 (N.D. Ill. 2000) (court held that investment manager was not "the most adequate plaintiff" under the PSLRA because, inter alia, it did not buy shares "for its own account").

Moreover, those courts which have allowed investment advisors to sue on behalf of their clients and the class have required that the investment advisor have specific legal authority to pursue the litigation as a lead plaintiff and recover for the purported losses suffered by clients. See, e.g., In re Turkcell, 209 F.R.D. at 358 (investment advisor not an adequate class representative where it did not own any stock of defendant company, and where it was not "the attorney-in-fact for the investors"); Smith v. Suprema Specialities, Inc., 206 F.Supp.2d 627, 634-635 (D.N.J. 2002) (investment advisor would not be appointed lead plaintiff where it failed to provide court with any evidence "that its members have given it authority to file lawsuits on its behalf"). Thus, in the absence of any proof that it ever itself owned any of the Sonus shares listed on its Certification, BPI lacks standing to assert § 10(b) claims for itself or the Class.

**B.**      **Global Should Not Be Appointed As Lead Plaintiff**

Global Undervalued Securities, a hedge fund, does not meet the typicality requirements of Rule 23 because it does not purchase shares for its own account, instead it acts on behalf of the investors who have purchased the fund. The fact that Global is not the owner of the securities at issue makes it incapable of representing the Class. In addition, hedge funds have been rejected as lead plaintiffs on typicality grounds because they generally engage in short sales, thereby raising many issues not generally applicable to the class. See, e.g., In re Bank One Shareholders Class Actions, 96 F.Supp.2d 780, 784 (N.D. Ill. 2000) (court refused to appoint hedge fund as lead plaintiff where it was not a buyer for its own account, but stood "in the place of whatever number of investors are participants in its managed fund"); In re Critical Path, 156 F.Supp.2d at 1109-110 ("It is a poor choice to appoint a class representative who engaged in a trading practice premised on the belief the stock would fall. ... Short sales raise the question of whether the seller was actually

relying on the market price, and the class is not served by its representative coming under such scrutiny"); In re MicroStrategy, 110 F.Supp.2d at 437 (hedge fund rejected as lead plaintiff because "it may have been subject to unique defenses based on its method of doing business") (footnote omitted).

### C.    None of the "Groups" Should Be Appointed as Lead Plaintiff

When Congress enacted the lead plaintiff provisions of the PSLRA, it sought to curtail perceived abuses resulting from the proliferation of "lawyer driven" class action litigation.  In attempting to effectuate Congress' intentions, courts have interpreted the PSLRA to prohibit the aggregation of losses of unaffiliated and unrelated class members in order to determine the movant with "the largest financial interest in the relief sought by the class" under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  See, e.g., Aronson v. McKesson HBOC, Inc., et al.  79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) (a "group" must have "a meaningful relationship preceding the litigation," and be "united by more than the mere happenstance of having bought the same securities"); In re Telxon Corp. Sec. Litig., 67 F. Supp.2d 803, 809-13 (N.D. Ohio 1999) (a group of persons cannot be "a mere assemblage of unrelated persons who share nothing in common other than the twin fortuities that (1) they suffered losses and (2) they entered into retainer agreements with the same attorney or attorneys."); In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 158 (S.D.N.Y.1997) ("To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation.'); In re Landry's Seafood Restaurant, Inc., Sec. Litig., 2000 U.S. Dist. LEXIS 7005 (S.D. Tex. March 30, 2000) (a group of person requires a "pre-litigation relationship based on more than their losing investment"); In re Waste Management, Inc. Sec. Litig., 128 F. Supp.2d 401, 413 (S.D. Tex. 2000) (group seeking

appointment as lead plaintiff must have a pre-litigation relationship); <u>Sakhrani v. Brightpoint, Inc.</u>, 78 F. Supp.2d 845, 853 (S.D. Ind. 1999) ("[S]electing as 'lead plaintiff' a large group of investors who have the largest aggregate losses but who have nothing in common with one another beyond their investment is not an appropriate interpretation of the term 'group' in the PSLRA").

In this case, the motions by the "Wexler Group," the "Belland Group," the "Jiang Group" and the "Farhat Group" are vivid examples of precisely the type of "lawyer driven" conduct that Congress intended to prohibit, and therefore their motions should be denied. While each of these Groups seek appointment of their "group" on the ground that the aggregate losses of the "group" constitute the "the largest financial interest in the relief sought by the class," **none** of the members of the Groups have **any pre-existing** relationship or affiliation with each other. As each of these competing "groups" consist solely of persons with no pre-existing relationship whatsoever, these "groups" are barred from appointment as a "lead plaintiff" under the PSLRA.

**D.    McGaha Should Not Be Appointed As Lead Plaintiff**

Of all of the individual members of the "Groups," none has a larger loss than Rollow. Indeed, only Kenneth Wayne McGaha (a member of the "Farhat Group") even claims to have a larger loss than Rollow, but McGaha does not have the largest recoverable financial interest.[3] Recovery under Section 10(b) of the Exchange Act requires pleading and proving "loss causation" - that the loss was a result of defendants' fraud and not other factors. <u>See</u>, <u>e.g.</u>, <u>Rothman v. Gregor</u>, 220 F.3d 81, 95 (2d Cir. 2000) ("To establish causation, a plaintiff must prove 'that the economic

---

[3] McGaha's purported losses include 7,600 Shares purchased after the defendants' disclosure on February 11, 2004. Excluding shares purchased after the disclosure, McGaha's claimed loss is approximately $215,457, which would still be slightly larger than Rollow's loss, but, as explained in the text, this loss includes amounts which are not recoverable from any fraud.

harm that it suffered *occurred as a result of* the alleged misrepresentations'") (emphasis in original; citation omitted); Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) ("To plead loss causation, the plaintiff must allege that it was the very facts about which the defendant lied which caused its injuries") (citation omitted); Gill v. Three Dimension Systems, Inc., 87 F.Supp.2d 1278, 1282 (M.D. Fla. 2000) (loss causation requires that a plaintiff "show that the defendants' misrepresentations touched upon the reasons for plaintiff's investments decline in value") (citation omitted). Courts have therefore held that until there has been some disclosure which has removed from the stock price the artificial inflation caused by the fraud, there can be no recoverable damages. See Semerenko v. Cendant Corp., 223 F.3d 165, 185 (3d Cir. 2000) (decline in the stock must be tied to the disclosure of fraud); Robbins v. Koger Properties, Inc., 116 F.3d 1441, 1448 (11th Cir. 1997) (price decline occurring before market learned of misrepresentations is not recoverable).

Moreover, as loss causation requirements limit damages to the amount of the drop in price upon disclosure of the fraud at the end of the class period, see, e.g., Semerenko, 223 F.3d at 185: Robbins, 116 F.3d at 1448, the largest financial interest will be held by the purchaser holding the most shares at that time. See Chan v. Orthologic Corp., No. CIV 96-1514 PHX RCV, 1996 WL 1082812, at *2 (D. Ariz. Dec. 19, 1996) (attached hereto as Exhibit 1) (court rejected as lead plaintiff applicant holding fewer shares at the end of class period). Rollow, who held 80,495 shares at the time of the defendants' disclosure, has a much larger recoverable interest than McGaha, who only held 42,063 shares at the end of the Class Period.

### E.    Brower Should Not Be Appointed As Lead Plaintiff

Brower's purported loss of $400,874 includes the purchase of 35,000 shares after

February 11, 2004 – the date that Sonus announced that it had discovered improper revenue recognition practices which could affect at least the 2003 financial statements.  As such Brower's actual class period losses (*i.e.*, June 3, 2003 through February 11, 2004) are only approximately $199,877 - less than the losses suffered by Rollow during the Class Period.

> **F.    The Remaining Movants Should Not Be Appointed As Lead Plaintiff**

The remaining movants, Paterick, Foss, and Akhtar, should not be appointed as lead plaintiffs because they have suffered losses which are substantially less than Rollow's loss. Akhtar's motion indicates a loss of approximately $45,440.  Similarly, Paterick's loss of $30,440 is much smaller in comparison.  Finally, Foss, who lost  $28,057 is also smaller than Rollow. Consequently, none of the remaining movants should be appointed as lead plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Rollow respectfully requests that this Court appoint him to serve as Lead Plaintiff and approve his selection of Schatz & Nobel, P.C. and Ragsdale & Frese LLC as Co-Lead Counsel.

Dated: April 26, 2004                     Respectfully submitted


                                          **SCHATZ & NOBEL, P.C.**

                                          By: /s/ Justin S. Kudler
                                               Justin S. Kudler (BBO #644824)
                                               One Corporate Center
                                               20 Church Street  Suite 1700
                                               Hartford, Connecticut 06103
                                               (860) 493-6292

                                               Counsel for Proposed Lead
                                               Plaintiff Brad Rollow

Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
**SCHATZ & NOBEL, P.C.**
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
(860) 493-6292

M. Clay Ragsdale, Esq.
**Ragsdale & Frese LLC**
Concord Center, Suite 820
2100 Third Avenue North
Birmingham, AL  35203
(205) 251-4775