**EXHIBIT D**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA



**FILED**

MAY 15 2001

ROBERT D. DENNIS, CLERK
U S DIST. COURT, WESTERN DIST. OF
BY _____ DEPUT

| | |
|---|---|
| GORDON GRADWELL, on behalf of himself and all others similarly situated )<br><br>Plaintiff, )<br>vs. )<br><br>(1) PRE-PAID, LEGAL SERVICES, INC., )<br>(2) RANDY HARP; and (3) HARLAND )<br>C. STONECIPHER, )<br><br>Defendants. )<br>------------------------------------------- )<br> )<br>ERNEST HACK, on behalf of himself )<br>and all other similarly situated )<br><br>Plaintiff, )<br>vs. )<br><br>(1) PRE-PAID, LEGAL SERVICES, INC., )<br>(2) RANDY HARP; (3) HARLAND C. )<br>STONECIPHER; (4) STEVE )<br>WILLIAMSON; and (5) KATHLEEN S. )<br>PINSON )<br><br>Defendants. )<br>------------------------------------------- )<br> ) | Case Number CIV-01-182-C<br><br>$\widehat{CIV-01-367-C}$<br><br>DOCKETED<br><br>Case Number CIV-01-195-C |

CONNIE RIEMER, on behalf of )
herself and all others similarly situated )
                                          )
                    Plaintiff,            )
vs.                                       )    Case Number CIV-01-196-C
                                          )
(1) PRE-PAID, LEGAL SERVICES, INC.; )
and (2) HARLAND C. STONECIPHER,      )
                                          )
                    Defendants.           )
                                          )
------------------------------------------ )
                                          )
DAVID STEINBERG, on behalf of        )
himself and all others similarly situated )
                                          )
                    Plaintiff,            )
vs.                                       )    Case Number CIV-01-215-C
                                          )
(1) PRE-PAID, LEGAL SERVICES, INC., )
(2) RANDY HARP; (3) HARLAND C.       )
STONECIPHER; (4) STEVE               )
WILLIAMSON; and (5) KATHLEEN         )
S. PINSON,                           )
                                          )
                    Defendants.           )
                                          )
------------------------------------------ )
                                          )
MARKET STREET SECURITIES, INC., )
on behalf of itself and all others similarly )
 situated                                 )
                                          )
                    Plaintiff,            )
vs.                                       )    Case Number CIV-01-216-C
                                          )
(1) PRE-PAID, LEGAL SERVICES, INC., )
and (2) HARLAND C. STONECIPHER,      )
                                          )
                    Defendants.           )
                                          )

2

---------------------------------------------  )
                                                )

LLOYD WERBROWSKY, on behalf of )
himself and all others similarly situated )
                                                )

                       Plaintiff, )
vs.                                      )    Case Number CIV-01-250-C
                                                )

(1) PRE-PAID, LEGAL SERVICES, INC., )
and (2) HARLAND C. STONECIPHER, )
                                                )

                     Defendants. )
                                                )

---------------------------------------------  )
                                                )

DAN E. HINKLEY, on behalf of )
himself and all others similarly situated )
                                                )

                       Plaintiff, )
vs.                                      )    Case Number CIV-01-261-C
                                                )

(1) PRE-PAID, LEGAL SERVICES, INC., )
(2) RANDY HARP; (3) HARLAND C. )
STONECIPHER; (4) STEVE )
WILLIAMSON; and (5) KATHLEEN S. )
PINSON )
                                                )

                     Defendants. )
                                                )

---------------------------------------------  )
                                                )

WILLIAM A. MORRIS, on behalf of                    )
himself and all others similarly situated          )
                                                    )
                            Plaintiff,              )
vs.                                                )    Case Number CIV-01-262-C
                                                    )
(1) PRE-PAID, LEGAL SERVICES, INC.,                )
(2) RANDY HARP; (3) HARLAND C.                     )
STONECIPHER; (4) STEVE                             )
WILLIAMSON; and (5) KATHLEEN S.                    )
PINSON                                             )
                                                    )
                            Defendants.            )
                                                    )
---------------------------------------------       )
                                                    )
LINDA A. NEUBAUER, on behalf of                    )
herself and all others similarly situated          )
                                                    )
                            Plaintiff,              )
vs.                                                )    Case Number CIV-01-287-C
                                                    )
(1) PRE-PAID, LEGAL SERVICES, INC.,                )
(2) RANDY HARP; (3) HARLAND C.                     )
STONECIPHER; (4) STEVE                             )
WILLIAMSON; and (5) KATHLEEN S.                    )
PINSON                                             )
                                                    )
                            Defendants.            )
                                                    )
---------------------------------------------       )

GREGG STURZ, on behalf of           )
himself and all others similarly situated    )
                                    )
              Plaintiff,            )
                                    )    Case Number CIV-01-289-C
vs.                                 )
                                    )
(1) PRE-PAID, LEGAL SERVICES, INC., )
(2) HARLAND C. STONECIPHER; and     )
(3) RANDY HARP,                     )
                                    )
              Defendants.           )
                                    )
--------------------------------------------  )
                                    )
GOLDPLATE INVESTMENT                )
PARTNERS, on behalf of itself and all    )
others similarly situated           )
                                    )
              Plaintiff,            )
                                    )    Case Number CIV-01-298-C
vs.                                 )
                                    )
(1) PRE-PAID, LEGAL SERVICES, INC., )
(2) HARLAND C. STONECIPHER; and     )
(3) RANDY HARP,                     )
                                    )
              Defendants.           )
                                    )
--------------------------------------------  )
                                    )
JON McNAMRA, on behalf of           )
himself and all others similarly situated    )
                                    )
              Plaintiff,            )
                                    )    Case Number CIV-01-332-C
vs.                                 )
                                    )
(1) PRE-PAID, LEGAL SERVICES, INC., )
(2) RANDY HARP; and (3) HARLAND     )
C. STONECIPHER,                     )
                                    )
              Defendants.           )
                                    )

```
--------------------------------------------  )
                                              )
MIKE MUNNINGS, on behalf of                   )
himself and all others similarly situated     )
                                              )
                      Plaintiff,              )
vs.                                           )   Case Number CIV-01-366-C
                                              )
(1) PRE-PAID, LEGAL SERVICES, INC.,           )
(2) HARLAND C. STONECIPHER;  and              )
(3) RANDY HARP                                )
                                              )
                      Defendants.             )
                                              )
--------------------------------------------  )
                                              )
JIM A. DARBY, on behalf of                    )
himself and all others similarly situated     )
                                              )
                      Plaintiff,              )
vs.                                           )   Case Number CIV-01-367-C
                                              )
(1) PRE-PAID, LEGAL SERVICES, INC.,           )
(2) HARLAND C. STONECIPHER; and               )
(3) RANDY HARP                                )
                                              )
                      Defendants.             )
                                              )
--------------------------------------------  )
                                              )
JAMES DOONEY, on behalf of                    )
himself and all others similarly situated     )
                                              )
                      Plaintiff,              )
vs.                                           )   Case Number CIV-01-389-C
                                              )
(1) PRE-PAID, LEGAL SERVICES, INC.,           )
(2) HARLAND C. STONECIPHER; and               )
(3) RANDY HARP                                )
                                              )
                      Defendants.             )
```

6

```
------------------------------------------    )
                                              )
                                              )
RANDY HANSEN, on behalf of                    )
himself and all others similarly situated     )
                                              )
                    Plaintiff,                )
vs.                                           )   Case Number CIV-01-390-C
                                              )
(1) PRE-PAID, LEGAL SERVICES, INC.,           )
(2) HARLAND C. STONECIPHER; and               )
(3) RANDY HARP                                )
                                              )
                    Defendants.               )
                                              )
------------------------------------------    )
                                              )
KIRK MALERBI, on behalf of                    )
himself and all others similarly situated     )
                                              )
                    Plaintiff,                )
vs.                                           )   Case Number CIV-01-391-C
                                              )
(1) PRE-PAID, LEGAL SERVICES, INC.,           )
(2) HARLAND C. STONECIPHER; and               )
(3) RANDY HARP                                )
                                              )
                    Defendants.               )
                                              )
------------------------------------------    )
                                              )
```



(1) VERNON BROWN and )
(2) BARBARA BROWN, on behalf of )
themselves and all others similarly situated )
)
                Plaintiffs, )
vs. )    Case Number CIV-01-480-C
)
(1) PRE-PAID, LEGAL SERVICES, INC., )
(2) HARLAND C. STONECIPHER; and )
(3) RANDY HARP )
)
            Defendants. )
)
---------------------------------------------- )
)
WILLIAM KIRK, on behalf of )
himself and all others similarly situated )
)
            Plaintiff, )
vs. )    Case Number CIV-01-493-C
)
(1) PRE-PAID, LEGAL SERVICES, INC., )
(2) HARLAND C. STONECIPHER; and )
(3) RANDY HARP )
)
            Defendants. )

## O R D E R

Before the Court are various motions related to consolidation of the above cases, appointment of lead plaintiff and selection of counsel. These matters are now at issue.

On May 4, the Plaintiffs seeking to be appointed Lead Plaintiffs filed a Joint Stipulation Among Plaintiffs resolving most of the issues raised. Based on this stipulation,

the Court's review of the materials filed in connection with the various applications to be

appointed lead Plaintiff and the applicable law, the Court finds as follows:

1.  As a result of the stipulation, the following motions requesting affirmative relief are STRICKEN as moot: the Motion of Bricoleur Capital Management, LLC to Consolidate Actions, to be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel & Liaison Counsel, [Docket # 17]; the Motion of Jon McNamara for Consolidation, Appointment as Lead Plaintiff under Section 21D(a)(3)(B) of the Securities Act of 1934, and for Approval of Lead Plaintiff's Selection of Lead Counsel, [Docket # 15]; Richard Landin's Motion for Appointment as Lead Plaintiff, Approval of Movant's Selection of Lead Counsel and Consolidation of Related Actions, [Docket # 19]; Plaintiffs McNamara and Landin's Joint Memorandum in Opposition to Bricoleur Capital Management, LLC's Motion for Appointment as Lead Plaintiff and in Support of Plaintiffs McNamara and Landin's Motion to Conduct Discovery Pursuant to Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv) of the Securities Exchange Act of 1934, [Docket # 25]; the Response Memorandum in further support of Motion of Bricoleur Capital Management, LLC's to Consolidate Actions, to be Appointed Lead Plaintiff, and for Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel, [Docket # 26]; the Motion for an Order Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv) of the Securities Exchange Act of 1934 Directing that Discovery be Taken from Bricoleur Capital Management, LLC Concerning its Adequacy to Serve as Lead Plaintiff, [Docket # 24]; and, the Reply Memorandum to Plaintiffs McNamara and Landin's Joint Memorandum in Opposition to Bricoleur Capital Management, LLC's Motion for Appointment as Lead Plaintiff, [Docket # 33].

2.  Defendant's Motion to Consolidate Related Actions and to Set Various Pre-Trial Deadlines, [Docket # 23] is GRANTED in part and DENIED in part;

3.  All above captioned actions are consolidated for all purposes. Any other case related to the same subject matter, that is subsequently filed in this Court or transferred to this Court shall be consolidated with this case. To the extent any such future party objects to consolidation, the objection must be filed within 10 days of the date notice of consolidation is provided to that party;

4.  No further pleadings shall be filed in other any case other than the master docket case. All future pleadings shall bear the caption set forth below and shall be filed the master docket case number CIV-01-182-C



| In re Pre-Paid Securities, Inc., Litigation | ) |
| | ) |
| | ) Master Docket |
| | ) CIV-01-182-C |
| | ) |
| | ) |

5. The clerk is directed to administratively close all above captioned cases other than the master docket case, CIV-01-182. These cases may be re-opened only by further order of the Court.

6. Based on the parties' submissions the Court finds Bricoleur Capital Management, LLC, Jon McNamara and Richard Landin, should be appointed as Lead Plaintiffs in this matter;[1]

    a.    Bricoleur Capital Management, LLC ("Bricoleur") has established that it has a significant financial interest in the subject litigation. As an institutional investor, Bricoleur evidences the type of plaintiff desired by Congress. See Sakhrani v. Brightpoint, Inc., 78 F.Supp.2d 845, 850 (S.D. In. 1999). Likewise, Bricoleur has demonstrated that its claims are typical of those asserted by the other Plaintiffs and no conflicts between Bricoleur's interest and the interest of the other Plaintiffs have been shown. Although Bricoleur has not filed a Complaint it is not required to do so in order to serve as lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

    b.    Jon McNamara and Richard Landin also satisfy the requirements to be appointed lead Plaintiff. Each has demonstrated a significant monetary interest in the litigation. As individuals, they bring a perspective to the litigation different from that of Bricoleur and in tune with many of the individual Plaintiffs. As individuals, McNamara and Landin have a personal interest in the outcome of the litigation. McNamara and Landin also satisfy the typicality and adequacy requirements of the statute. Their claims are typical of the individual Plaintiffs and no conflict has been demonstrated.

---

[1] 15 U.S.C. § 78u-4(a)(3)(B)(i) contemplates the Court may appoint more than one person or entity as Lead Plaintiff. "[S]hall appoint as lead plaintiff the member or members . . . ." Id. The Courts have also found appointment of more than one Lead Plaintiff proper. See Yousefi v. Lockheed Martin Corp., 70 F.Supp.2d 1061 (C.D. Cal 1999); In re Oxford Health Plans Inc. Securities Litigation, 182 F.R.D. 41 (S.D. New York 1998);

7.   Schiffrin & Barroway, LLP, Berger & Montague, P.C. and Wolf Haldenstein Adler Freeman & Herz LLP are approved as Co-Lead Counsel. The Court has reviewed the evidentiary materials submitted with the various applications and finds these law firms to evidence adequate experience, knowledge and expertise in this type of litigation. Moreover, the Court finds no indication these counsel are the driving force behind the litigation. Rather, it appears Lead Plaintiffs selected counsel who had the necessary expertise to properly represent themselves and the remainder of the Plaintiffs.[2]

8.   Co-Lead Counsel shall provide general supervision of the activities of Plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

   a.   To brief and argue motions;

   b.   To initiate and conduct discovery, including coordination of discovery with Defendants' counsel, the preparation of written interrogatories, requests for admissions and requests for production of documents

   c.   To direct and coordinate the examination of witnesses in depositions;

   d.   To act as spokesperson at pretrial conferences;

   e.   To call and chair meetings of Plaintiffs' counsel as necessary or appropriate;

   f.   To initiate and conduct any settlement negotiations with counsel for Defendants;

   g.   To provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

   h.   To consult with and employ experts;

---

[2] As with appointing multiple Lead Plaintiff's, courts have approved the selection of multiple Lead Counsel provided there is no increase in the overall costs or attorneys fees. See In re Donkenny Inc., Securities Litigation, 171 F.R.D. 156 (S.D. NY 1997).

    i.    To receive and review periodic time reports of all attorneys on behalf of Plaintiffs and to determine it the time is being spent appropriately and for benefit of Plaintiffs; and

    j.    To perform such other duties as may be expressly authorized by further order of the Court.

9.    The law firm of Dreiser Baritz & Federman is hereby approved as Liaison Counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

    a.    To advise lead counsel on local procedural matters as required by Local Rule 83.3;

    b.    To facilitate interactions both between the Court and the lawyers involved in the litigation as well as among the lawyers themselves;

    c.    Receive and distribute to all Plaintiffs' counsel orders from the Court;

    d.    Receive and distribute to all Plaintiffs' counsel documents served by Defendants.

10.    Lead Plaintiffs shall be responsible for propounding all discovery in this matter. No other Plaintiff shall serve discovery of any type on Defendants;

11.    Defendants may achieve service by serving Liaison Counsel. Defendants need not serve pleadings on any other Plaintiff or counsel;

12.    Defendants' counsel may rely on any agreements reached with Lead Counsel. All such agreements shall be binding on all plaintiffs in this case;

13.    The parties shall preserve all documents, data compilations (including electronically recorded or stored data) and tangible objects that are in a party's custody or control and that are relevant to the allegations asserted herein as required by 15 U.S.C. § 78u-4(b)(3)(C);

As no reason has been shown to warrant the lengthy deadlines suggested by the Plaintiffs, the Court sets the following deadlines:

14.  Lead Plaintiffs shall file an Amended Complaint within 20 days of the date of this Order. The Amended Complaint shall supersede all other Complaints filed in the above captioned actions;

15.  Defendants shall file a response to the Amended Complaint within 30 days after service;

16.  The case will be set for Status and Scheduling Conference as soon as possible after Defendants' Answer is filed;

17.  Lead Plaintiffs shall file a motion for class certification within 60 days of the filing of the Answer to the Amended Complaint, unless otherwise ordered at the Status and Scheduling Conference.

IT IS SO ORDERED this 15th day of May, 2001.

ROBIN J. CAUTHRON
UNITED STATES DISTRICT JUDGE

ENTERED ON JUDGMENT DOCKET ON   MAY 1 5 2001