## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH CHIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10294 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL, | ) ) ) ) | |
| Defendants. | ) | |
| MICHELLE TREBITSCH, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10307 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF
THE FARHAT PLAINTIFF GROUP TO CONSOLIDATE ACTIONS,
TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | | |
|---|---|---|
| INFORMATION DYNAMICS LLC, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:04-CV-10308 (DPW) |
| PETER KALTMAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SONUS NETWORKS, INC., RUBIN GRUBER, HASSAN AHMED, and STEPHEN NILL,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:04-CV-10309 (DPW) |
| SAMANTHA DEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:04-CV-10310 (DPW) |

[Captions continued on next page]

| | |
|---|---|
| RICHARD CURTIS, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>SONUS NETWORKS, INC., HASSAN M. )<br>AHMED, and STEPHEN J. NILL, )<br><br>Defendants. ) | Civil Action No.  1:04-CV-10314 (MLW) |
| RONALD KASSOVER, on behalf of the )<br>Ronald Kassover IRA and on behalf of all )<br>others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>SONUS NETWORKS, INC., HASSAN M. )<br>AHMED, and STEPHEN J. NILL, )<br><br>Defendants. ) | Civil Action No.  1:04-CV-10329 (DPW) |
| STEVE L. BAKER, individually and on )<br>behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>SONUS NETWORKS, INC., HASSAN )<br>AHMED, and STEPHEN NILL, )<br><br>Defendants. ) | Civil Action No.  1:04-CV-10333 (DPW) |

[Captions continued on next page]

MICHAEL KAFFEE, individually and on )
behalf of all others similarly situated, )
                                                )
                     Plaintiff, )
                                                  )
                  v. )         Civil Action No.  1:04-CV-10345 (DPW)
                                                  )
SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )
                                                )
                  Defendants. )

HAIMING HU, individually and on behalf )
of all others similarly situated, )
                                                )
                     Plaintiff, )
                                                  )
                  v. )         Civil Action No.  1:04-CV-10346 (DPW)
                                                  )
SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )
                                                )
                  Defendants. )

CHARLES STARBUCK, individually and )
on behalf of all others similarly situated, )
                                                )
                     Plaintiff, )
                                                  )
                  v. )         Civil Action No.  1:04-CV-10362 (DPW)
                                                  )
SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )
                                                )
                  Defendants. )

[Captions continued on next page]

SANUEL HO, individually and on behalf )
of all others similarly situated, )
                                      )
                     Plaintiff, )
                                      )
                v. )        Civil Action No.  1:04-CV-10363 (DPW)
                                      )
SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )
                                      )
                  Defendants. )

JEFFREY C. RODRIGUES, individually )
and on behalf of all others similarly )
situated, )
                                      )
                     Plaintiff, )
                                      )        Civil Action No.  1:04-CV-10364 (DPW)
                v. )
                                      )
SONUS NETWORKS, INC., HASSAN M. )
AHMED, and STEPHEN J. NILL, )
                                      )
                  Defendants. )

ROBERT CONTE and MARK RESPLER, )
individually and on behalf of all others )
similarly situated, )
                                      )
                     Plaintiff, )
                                      )        Civil Action No.  1:04-CV-10382 (DPW)
                v. )
                                      )
SONUS NETWORKS, INC., HASSAN )
AHMED, and STEPHEN NILL, )
                                      )
                  Defendants. )

[Captions continued on next page]

| | |
|---|---|
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING PLAN, on behalf of itself and all others similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>          Defendants. | Civil Action No.  1:04-CV-10383 (DPW) |
| BRIAN CLARK, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>      v.<br><br>SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>          Defendants. | Civil Action No.  1:04-CV-10454 (DPW) |
| SHEILA BROWNWELL, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>      v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>          Defendants. | Civil Action No.  1:04-CV-10597 (DPW) |

[Captions continued on next page]

| | | |
|---|---|---|
| SAVERIO PUGLIESE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10612 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) ) | |
| Defendants. | ) | |
| DAVID V. NOCITO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10623 (DPW) |
| SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL, | ) ) ) ) | |
| Defendants. | ) | |
| JONATHAN A. ZALAUF, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10714 (DPW) |
| SONUS NETWORKS, INC., HASSAN AHMED, Ph.D., and STEPHEN NILL, | ) ) ) ) | |
| Defendants. | ) | |

Sonus Networks, Inc. ("Sonus") investors Nakid M. Farhat, Kenneth W. McGaha, John

Haggins and Patrick Fung (collectively, the "Farhat Group") respectfully submit this reply

memorandum of law in further support of their motion to consolidate the above-related actions

("*Sonus II*"), appoint lead plaintiff and approve lead plaintiff's selection of lead counsel and

liaison counsel.

## I.    <u>PRELIMINARY STATEMENT</u>

Because BPI Global Asset Management, LLP ("BPI") and the Global Undervalued

Securities Master Fund ("Global Fund"), both of which claim larger financial losses than the

Farhat Group, do not satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23

("Rule 23"), the Court must reject them as lead plaintiff candidates and consider the lead plaintiff

application of the Farhat Group – the lead plaintiff movant with the next-largest financial

interest.  *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002) (once movant with largest financial

interest is deemed inadequate, court must then focus on movant with next-largest financial

interest).  Here, of all the movants seeking appointment as lead plaintiff, the Farhat Group is the

movant with the largest financial interest which **also satisfies the requirements of Rule 23**.

Accordingly, the Court should appoint the Farhat Group as lead plaintiff.

BPI, the movant which claims the largest financial interest in this action, has not provided

any evidence – through declaration or otherwise – which establishes that it has complete

decision-making authority over its clients' investments.  Absent such evidence, BPI cannot

establish that it is a "purchaser" of Sonus securities, and therefore it does not have standing to

pursue this litigation as lead plaintiff.  *See* § II.A, *infra.*  Moreover, because of the numerous

deficiencies with its certification and transactions, the information on which BPI asks this Court

to appoint it as lead plaintiff is unreliable, at best. *See* Farhat Group Memorandum of Law In Opposition To Competing Motions ("Farhat Opp.") at 6-7. Accordingly, there is insufficient evidence that BPI is the most adequate plaintiff and, as a result, this Court should deny BPI's application for lead plaintiff.

Global Fund, the movant which claims the second-largest financial interest in this action, cannot possibly demonstrate that it is the "most adequate plaintiff" in light of several material conflicts of interest stemming from its selected counsel ("Milberg Weiss") as well as its initial lead plaintiff application. For starters, at the time Global Fund filed its lead plaintiff application in this action, Milberg Weiss was already representing a class of Sonus shareholders, separate and apart from the putative class of Sonus shareholders it seeks to represent here.[1] In addition, and equally as troubling, is the fact that Global Fund's counsel also filed a second lead plaintiff motion on behalf of lead plaintiff movant the Jiang Group, which directly competes with the motion it filed on behalf of Global Fund. *See* Farhat Opp. at 8-10.

All ethical concerns aside,[2] such transgressions on the part of counsel exemplify the sort of lawyer-driven activity which the Private Securities Litigation Reform Act of 1995 ("PSLRA") was designed to eliminate. *In re Lernout & Hauspie Securities Litigation*, 138 F. Supp. 2d 39, 43 (D. Mass. 2001) ("One key aim [of the PSLRA] was to empower investors so that they - not their

---

[1]    Milberg Weiss currently serves as lead counsel in the action *In re Sonus Networks, Inc. Securities Litigation*, No. 02-CV-11315 (MLW) (D. Mass. 2002), referred to herein as "*Sonus I*."

[2]    At the very least, Milberg Weiss must submit competent evidence that each of its clients was fully informed of, and consented to, **all conflicts** (including the law firm's filing of two competing lead plaintiff motions). Absent proof of informed consent from its clients, these conflicts run afoul of governing ethical rules and should not be tolerated by this Court. ABA Model Rules of Professional Conduct 1.7(a); Mass. Rules of Professional Conduct 1.7(a).

lawyers - exercise primary control over private securities litigation.") (*quoting* S. Rep. No. 104-98, at 4, reprinted in 1995 U.S.C.C.A.N. 679, 683). Indeed, for Global Fund (and the Jiang Group) to permit its counsel to file two competing motions begs the question of how this Court can possibly deem Global Fund to be an adequate representative. Alternatively, if we are to assume that Global Fund did not authorize its counsel to file a second, competing motion, then this fact amplifies Global Fund's inability to properly monitor, manage and control its counsel – precisely the sort of lead plaintiff Congress wished to avoid by enacting the PSLRA. Regardless of which scenario more accurately describes what occurred, Global Fund is not an adequate representative plaintiff when both its selected counsel and lead plaintiff application are rife with conflict. *In re Cavanaugh*, 306 F.3d at 733 (choosing counsel with a conflict of interest indicates proposed lead plaintiff may be inadequate).

Presumably, Global Fund's counsel will attempt to argue that these conflicts have been rendered moot in light of the recent formal break-up of the Milberg Weiss law firm as well as the recent withdrawal of the Jiang Group's lead plaintiff motion. Such an argument would be misplaced, however. In fact, these recent developments, while convenient, do not come close to responding to questions regarding the various conflicts of interest, such as:

      *     What type of comfort did Global Fund (and the *Sonus I* shareholders) obtain from Milberg Weiss regarding the law firm's potential representation of two groups of Sonus shareholders?

      *     Whether and why Global Fund authorized Milberg Weiss to file two competing lead plaintiff motions?

      *     Whether informed consent to waive all conflicts was obtained from Global Fund, the Jiang Group and *Sonus I* shareholders?

      *     Whether Global Fund inquired about the role Milberg Weiss has (and will

continue to have) in the *Sonus I* case, and, if appropriate, whether ethical walls have been established?[3]

\*    What financial or other arrangements exist between the Lerach Firm and Milberg Weiss which relate to *Sonus I* and/or *Sonus II*?  *See* Bruce V. Bigelow, *Milberg Weiss firm completes split*, http://www.signonsandiego.com/news/business/20040504-9999-1b4lerach.html, May 4, 2004 ("Bigelow Article") ("[Mel] Weiss told Reuters the two firms have agreed on a structure in which lawyers already working on a given case will continue to work that case, even if there is overlap due to the split.").[4]

These material issues directly impact Global Fund's ability to adequately represent the class of *Sonus II* shareholders.  As a result, Global Fund does not satisfy Rule 23 and should be rejected as a lead plaintiff.

In contrast to BPI and Global Fund, the lone challenge to the Farhat Group's lead plaintiff application is that it is an improper group.  However, this argument directly belies both the lead plaintiff provisions of the PSLRA as well as persuasive precedent in this District.  *See* §II.B, *infra.*  Simply put, courts in this District (and elsewhere) routinely appoint groups of previously unrelated plaintiffs, especially when the plaintiffs have proffered evidence detailing their cohesiveness and respective backgrounds.  *See Id.*; s*ee also* Joint Declaration In Support Of The Farhat Plaintiff Group's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Joint

---

[3]    The mere fact that "new" counsel for Global Fund – Lerach, Coughlin, Stoia & Robbins (the "Lerach Firm") – is no longer affiliated with Milberg Weiss does not relieve it from the conflict based on its prior affiliation with Milberg Weiss.  *See e.g.*, Cardona *v. Chevrolet Motor Division of the General Motors Corporation*, 942 F. Supp. 968, 975-76 (D.N.J 1996) (firm could not moot conflict by merely severing relationship with "conflicted" lawyer).

[4]    Attached as Ex. A to Declaration of Darren J. Check in support of Reply Memorandum Of Law In Further Support of Motion of The Farhat Plaintiff Group to Consolidate Actions, To Be Appointed Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Check Decl. III").

Declaration") (attached as Exhibit E to Declaration of Darren J. Check in Support of Motion of

the Farhat Plaintiff Group to Consolidate Actions, To Be Appointed Lead Plaintiffs and for

Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Check Decl. I"))

and Farhat Group Memorandum of Law In Support of Motion at 9, n 6 (describing the

background of the group members).

     In sum, because BPI and Global Fund fail to satisfy Rule 23 (and therefore are not

entitled to any presumption favoring them as most adequate plaintiff), the Faraht Group – the

movant with the largest financial interest which does satisfy the requirements of Rule 23 – must

be appointed lead plaintiff.

## II.   <u>ARGUMENT</u>

     According to the PSLRA, the Court must designate the lead plaintiff movant with the

largest financial interest that otherwise satisfies Rule 23 as the presumptive lead plaintiff.  *In re*

*Lernout & Hauspie*, 138 F. Supp. 2d at 42.  Once so designated, other competing movants have

an opportunity to rebut that presumption by showing that the presumptive lead plaintiff: (a) will

not fairly and adequately protect the interests of the class; or (b) is subject to unique defenses that

render such plaintiff incapable of adequately representing the class.  *Id*.  If the presumption is

rebutted, the court must next turn its attention to the lead plaintiff movant with the next-largest

loss and the inquiry begins anew.  *In re Cavanaugh*, 306 F.3d.at 731.

     Because neither BPI nor Global can satisfy the requirements of Rule 23, even at this

preliminary stage, they cannot enjoy any lead plaintiff presumption which favors them.  Rather,

only the Farhat Group is entitled to the statutory presumption because it is the movant **with the**

**largest financial interest and which satisfies the requirements of Rule 23**.

A.     <u>**Movants Have Rebutted The Presumption In Favor Of BPI**</u>

In order to have standing (on behalf of its clients' losses) to pursue this action, an asset

manager like BPI must demonstrate that it has complete investment discretion. *In re Rent-Way*

*Securities Litigation,* 218 F.R.D. 101, 106 (W.D. Pa. 2003) (asset manager with complete

investment discretion is adequate class representative with standing to sue); *Marie Casden v.*

*HPL Technologies, Inc. et al.*, No. C-02-3510, 2003 U.S. Dist. LEXIS 19606, at *30-*31 (N.D.

Cal. Sept. 29, 2003) (holding that an investment advisor needs full investment discretion to have

standing as a lead plaintiff); *In re Northwestern Corporation Sec. Litig.*, 299 F. Supp. 2d 997,

1007 (D.S.D. 2003) (court appointed investment advisor with "total and complete discretion in

selecting investment securities for its clients" as lead plaintiff). Notwithstanding this very basic

requirement, BPI has offered no evidence whatsoever which details this investment authority on

behalf of its clients. Absent such authority, it remains unclear whether BPI actually made the

investment decisions in Sonus, and therefore it cannot establish that it (and not its clients)

purchased the relevant Sonus securities at issue. As a result, BPI has not demonstrated (as it is

required to do) that it has standing in this action to serve as lead plaintiff and this Court should

reject it as lead plaintiff.[5]

---

[5]     Additionally, BPI's certification and transactions are riddled with errors. For example, its reported transactions contain inaccurate trading information for 852,600 of the shares BPI purportedly purchased and 785,050 of the shares it purportedly sold during the class period. This fact alone renders it inadequate. *Nager v. Websecure,* No. 97-10662-GAO, 1997 U.S. Dist. LEXIS 19601, at *3, n.1 (D. Mass. 1997) (court rejected plaintiff with *one trade outside the daily trading range holding* "[t]he inaccuracy may be explainable, but its casts sufficient doubt on [movant's] adequacy as a representative plaintiff that [movant] should be excluded [as lead plaintiff]).

**B.**    **Movants Have Rebutted The Presumption In Favor Of Global Fund**

Global Fund cannot make the requisite showing of adequacy under Rule 23 because it suffers from a myriad of disabling conflicts. The rules of professional responsibility are clear that an attorney cannot engage in representation adverse to the interests of an existing client without that client's informed consent. ABA Model Rules of Professional Conduct 1.7(a); Mass. Rules of Professional Conduct 1.7(a). Here, at the time lead plaintiff applications were filed, Global Fund's counsel – Milberg Weiss – was representing the Sonus shareholder class in *Sonus I* (against many of the same defendants named in *Sonus II)* while seeking to represent a different Sonus shareholder class in *Sonus II*. Furthermore, in addition to representing Global Fund in its pursuit of being appointed as lead plaintiff, Milberg Weiss simultaneously was representing the Jiang Group.

These material conflicts of interest should disqualify Milberg Weiss (and now the Lerach Firm) from consideration as lead counsel in this action. Because Global Fund selected Milberg Weiss, it needs to show that it was informed of, discussed, and consented to Milberg Weiss representing these other interested parties at the time it filed its initial motion. Similar informed consent should be required of the *Sonus I* class as well as the Jiang Group of Milberg Weiss' overreaching representation.

Under the circumstances, Global Fund cannot demonstrate that it satisfies the requirements under Rule 23. First, by virtue of the fact that its selected counsel is materially conflicted, Global Fund will be hard-pressed to show that it properly considered the ramifications of selecting Milberg Weiss to represent it (and the *Sonus II* class) here. Both the *Sonus I* shareholder class and the *Sonus II* shareholder class would be at risk by their representation of

the same counsel. *Fiandaca v. Cunningham, Etc., et al.*, 827 F.2d 825, 831 (1ˢᵗ Cir. 1987) (circuit court reversed district court's denial of disqualification motion, where class counsel simultaneously represented two classes with competing interests). Second, the fact that Global Fund's counsel has filed two conflicting lead plaintiff applications speaks volumes to Global Fund's ability (or inability) to manage and direct its counsel. *See In re S1 Corp. Sec. Litig.* No. 1:00-CV-1156-BBM, slip op. at 11-12 (N.D. Ga. Oct. 3, 2000) (court disqualified law firm which served as local counsel for one movant and proposed co-lead counsel for competing movant in violation of ethical rules). Accordingly, Global Group fails to satisfy the requirements of Rule 23 and therefore should be rejected as lead plaintiff.[6] *In re Cavanaugh*, 306 F.3d at 733 (choosing counsel with a conflict of interest indicates proposed lead plaintiff may be inadequate).

Since the filing of initial motions and opposition memoranda, Milberg Weiss has effectively split with many of its west coast attorneys – including the attorneys of record for Global Fund. Also, as anticipated, the Jiang Group has withdrawn its lead plaintiff application.[7] These developments conveniently give the appearance that the highlighted conflicts of interest are now moot. This is not the case, however. Rather, efforts to nullify a conflict by simply severing the conflicted party has been rejected. *See e.g. Cardona*, 942 F. Supp. at 975-76 (firm could not moot conflict by merely severing relationship with tainted lawyer). Moreover, the Milberg Weiss split does not begin to shed light as to why Global Fund selected counsel which is

---

[6]    Attached as Ex. A to Declaration of Darren J. Check in support of Memorandum Of Law In Further Support of Motion of The Farhat Plaintiff Group to Consolidate Actions, To Be Appointed Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel And in Opposition to Competing Motions ("Check Decl. II").

[7]    This Court should be skeptical of the convenient and quick withdrawal of the Jiang Group, which was still represented by Global Fund's counsel at the time of its withdrawal.

conflicted, nor does it explain why its counsel filed two competing lead plaintiff applications.

Further, there is no information available as to what financial or other arrangements are in place

between the Lerach Firm and Milberg Weiss with respect to representing shareholders in *Sonus I*

and efforts to represent shareholders in *Sonus II*. *See* Bigelow Article.

The numerous conflicts associated with Global Fund's initial lead plaintiff application

and its selection of counsel demonstrate that Global Fund is not the most adequate plaintiff and

cannot be appointed as such.

**C.** **The Farhat Group Is The "Most Adequate Plaintiff " Under The PSLRA**

Once the Court has properly rejected BPI and Global Fund as viable lead plaintiff

candidates, it must then turn its attention to the movant with the next-largest financial interest. *In

re Cavanaugh,* 306 F.3d at 731. Here, there is no dispute that the Farhat Group is the movant

with the next-largest financial interest in this litigation.

In support of its initial lead plaintiff application, the members of the Farhat Group timely

submitted sworn certifications which detail their transactions in Sonus and express their

commitment to represent the putative class as lead plaintiff. Additionally, the Farhat Group has

included with its application relevant background of its members to enable the Court to evaluate

their qualifications.[8] In addition, the Farhat Group has submitted a sworn joint declaration which

---

[8]        *See* Farhat Group Mem. at 9, n.6 (The Farhat Group's members include a music
store owner, a retired police officer, a real estate property manager and a semi-retired
entrepreneur. While conducting their own research and managing their own investments over
many years, the Farhat Group's members are dedicated to the joint prosecution of this action.);
Joint Declaration. Curiously, competing movant James M. Brower ("Brower") ignores the
personal background of the Farhat Group's members and instead argues, incorrectly, that this
information is missing. Ironically, it is Brower who has failed to provide the Court with any
professional or personal information from which the Court can evaluate his qualifications.

details that they: (i) understand they could have sought lead plaintiff status individually, or

remained an absent class member; (ii) understand that they could have selected other counsel;

(iii) are aware of the expectations for a lead plaintiff; (iv) have implemented procedures to

provide for efficient prosecution of this action, including a regular schedule to discuss the case

and review filings; and (v) have a mechanism for dispute resolution. *See* Joint Declaration. Such

information goes well beyond what is contemplated by the PSLRA for a lead plaintiff applicant.

*See, e.g., Greebel v. FTP Software Inc.,* 939 F. Supp. 57, 61 (D. Mass. 1996) (court appointed

unrelated group finding no requirement to file even a certification with a lead plaintiff motion).

      Despite the Farhat Group's timely-filed lead plaintiff application, certifications, joint

declaration and memorandum in support, competing movants challenge whether a group of

previously unrelated plaintiffs can adequately serve as lead plaintiff. This challenge belies the

express provisions of the PSLRA, as well as a wealth of precedent in this district. Indeed, as a

small and cohesive group of four investors, the Farhat Group is precisely the type of plaintiff

group permitted under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(i) and (iii) (the lead plaintiff

may be the "member or members" of the class most capable of adequately representing the

interests of the class, including a "group of persons" that collectively has the greatest financial

interest in the outcome of the litigation). Notably, the PSLRA makes no mention of the necessity

of a pre-existing relationship. *See Id.*

      Recognizing as much, courts in this District and within this Circuit have consistently

appointed as lead plaintiff small groups of unrelated plaintiffs based on far less information than

the evidentiary showing made by the Farhat Group. *See, e.g., In re Lernout,* 138 F. Supp. 2d at

44 (appointing a group of three unrelated investors from three different countries as lead plaintiff

and approving their selected co-counsel as lead counsel finding "[t]he weight of caselaw suggests that the trial court has discretion to designate [] unrelated persons as a lead plaintiff group pursuant to 15 U.S.C. § 78u-4(a)(3)(B)"); *Miller v. Parametric Technology Corporation et. al.*, No. 03-10290, Order at 1 (D. Mass. May 20, 2003) (attached as Exhibit B to Check Dec. III) (appointing group of five unrelated investors as lead plaintiff and approving their selection of co-counsel as lead counsel); *Guerra v. Teradyne, Inc.*, No. 01-11789, Order at 4-5 (D. Mass. Sept. 9, 2002) (attached as Exhibit C to Check Dec. III) (appointing group of three unrelated plaintiffs); *Greebel,* 939 F. Supp. at 64 (appointing an unrelated group as lead plaintiffs); *Nager v. Websecure, Inc.,* 1997 U.S. Dist. LEXIS 19601, at *4 (appointing unrelated group as lead plaintiff); *In re Tyco Int'l, Ltd. Sec. Litig.,* MDL No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *39 (appointing unrelated group of investors as lead plaintiffs and approving their choice of co-counsel as lead counsel).  Thus, pursuant to the PLSRA and overwhelming legal precedent, the Farhat Group should be appointed lead plaintiff.

## III.  CONCLUSION

For the foregoing reasons, the Farhat Plaintiff Group respectfully requests that the Court: (a) consolidate for all purposes the Related Actions; (b) appoint the Farhat Plaintiff Group as lead plaintiff; (c) approve Schiffrin & Barroway, LLP and Goodkind Labaton Rudoff & Sucharow, LLP as lead counsel for the Class; and (d) approve Shapiro Haber & Urmy, LLP as liaison counsel for the Class.

Dated: May 10, 2004

-11-

Respectfully submitted,

**SHAPIRO HABER & URMY LLP**


**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan BBO#557109
Exchange Place
53 State Street
Boston, MA 02109
Telephone:    (617) 439-3939
Facsimile:    (617) 439-0134

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Sean M. Handler
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

**GOODKIND LABATON RUDOFF**
   **& SUCHAROW, LLP**
Jonathan M. Plasse
Christopher J. Keller
100 Park Avenue
New York, NY 10017
Telephone:    (212) 907-0700
Facsimile:    (212) 818-0477

**Proposed Lead Counsel**