UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. LITIGATION ) ) ) | Civil Action No. 1:04-CV-10294 (DPW) (Lead Case) |
| THIS DOCUMENT RELATES TO ALL CASES ) ) ) ) ) ) ) ) | **RESPONSE OF THE THE FARHAT PLAINTIFF GROUP TO THE SUPPLEMENTAL MEMORANDUM OF BPI GLOBAL ASSET MANAGEMENT, LLP IN SUPPORT OF MOTION TO BE APPOINTED LEAD PLAINTIFF** |

On June 28, 2004 this Court directed proposed lead plaintiff BPI Global Asset Management, LLP ("BPI Global") to provide supplemental information regarding its standing as a lead plaintiff in this action. On July 6, 2004 BPI Global filed its supplemental memorandum along with supporting affidavits by Michael J. Killeen and Charles R. Sweeney demonstrating that BPI Global had complete investment discretion with respect to its investments in Sonus Networks, Inc. and has therefore met the standard set out by the court in *In re Rent-Way Securities Litigation,* 218 F.R.D. 101, 106 (W.D. Pa. 2003) (asset manager with complete investment discretion is adequate class representative with standing to sue). Based on the evidence in record, the Farhat Plaintiff Group believes that BPI Global had complete investment discretion and therefore is an appropriate lead plaintiff. *See also Marie Casden v. HPL Technologies, Inc. et al.*, No. C-02-3510, 2003 U.S. Dist. LEXIS 19606, at *30-*31 (N.D. Cal. Sept. 29, 2003) (holding that an investment advisor needs full investment discretion to have standing as a lead plaintiff); *In re Northwestern Corporation Sec. Litig.*, 299 F. Supp. 2d 997, 1007 (D.S.D. 2003) (court appointed investment advisor with "total and complete discretion in

-1-

selecting investment securities for its clients" as lead plaintiff).  Because BPI Global is the movant with the greatest financial interest in this litigation and meets the requirements of Fed. R. Civ. P. 23 ("Rule 23"), BPI Global should be appointed as lead plaintiff.

However, if for any reason the Court finds that BPI Global is inadequate to serve as lead plaintiff, the Farhat Group asserts that it is the movant with the next greatest financial interest that also meets the requirements of Rule 23 and reserves its right to renew its arguments against the adequacy of the Global Undervalued Securities Master Fund ("Global Fund").

Dated: July 12, 2004

Respectfully submitted,

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan BBO #557109
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone:    (617) 439-3939
Facsimile:     (617) 439-0134

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Sean M. Handler
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:    (610) 667-7706
Facsimile:     (610) 667-7056

**GOODKIND LABATON RUDOFF**
   **& SUCHAROW, LLP**
Jonathan M. Plasse
Christopher J. Keller

100 Park Avenue
New York, NY 10017
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**Proposed Lead Counsel**