UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE SONUS NETWORKS, INC. ) <br> LITIGATION ) | Civil Action No. 04-10294-DPW |

**MEMORANDUM IN SUPPORT OF HASSAN AHMED'S
MOTION TO DISMISS PLAINTIFF'S AMENDED
<u>CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Defendant Hassan Ahmed joins in the arguments made in Sonus Networks, Inc.'s Memorandum of Law in Support of its Motion to Dismiss the Amended Consolidated Class Action Complaint. In this separate Memorandum, Mr. Ahmed elaborates on the plaintiff's failure to allege facts which, if proven, would generate the strong inference of scienter that is necessary to sustain a §10(b) claim against him. In addition, Mr. Ahmed explains that the plaintiff's claim against him alleging a violation of §11 of the Securities Act of 1933 should be dismissed because it does not comply with Fed. R. Civ. P. 9(b)'s particularity requirement.

**ARGUMENT**

**I.    PLAINTIFF'S COMPLAINT IS PARTICULARLY DEFICIENT IN ALLEGING FACTS GIVING RISE TO A STRONG INFERENCE OF MR. AHMED'S SCIENTER.**

Mr. Ahmed adopts Sonus' statement of facts and arguments. Sonus demonstrates that plaintiff's claims under Section 10(b) of the Securities and Exchange Act of 1934 and

Section 12(a)(2) of the Securities Act of 1933 should be dismissed. Mr. Ahmed adds the following observations which are specific to the claims against him.

This is an accounting fraud case. Plaintiff alleges a deliberate scheme to manipulate the accounting treatment of sales contracts so as to deceive analysts and investors into believing Sonus' revenue growth was steady over a substantial period of time. Complaint ¶¶ 5-6, 36-46. According to plaintiff, defendants accomplished their scheme by timing recognition of revenue under sales contracts, under complex accounting rules, so as to create the impression of linear revenue growth. *Id.* However, the Complaint is devoid of any particularized allegation that Mr. Ahmed knew of the alleged manipulation or knew that Sonus was in violation of any applicable accounting rule.

To the contrary, the Complaint alleges that Mr. Ahmed's background and experience was that of an engineer, not that of an accountant or financial executive. Plaintiff alleges that Mr. Ahmed had served as Sonus' President and currently serves as the Company's Chief Executive Officer and Chairman. Complaint ¶ 16. He previously was an Executive Vice President and General Manager of Ascend Communications, Chief Technology Officer and Vice President of Engineering for Cascade Communications Corp., and a founder and President of WaveAccess, Inc. *Id*. ¶ 96. There is no suggestion that Mr. Ahmed participated in the alleged misapplication of accounting rules to individual transactions or groups of transactions, and no allegation that, by reason of his training or experience, he was likely to detect accounting misconduct of the type alleged in the Complaint.

The Complaint is replete with allegations concerning Sonus' "senior accounting and finance staff," Complaint ¶¶ 40, 47, and sales staff. *Id*. ¶¶ 43, 44. While these allegations do not suffice to state a claim against any defendant, they are especially deficient as to Mr. Ahmed.

2

These allegations, and the Complaint in general, do not explain how or why an executive with an engineering background and no accounting experience knew, or was reckless in not knowing, of an alleged sophisticated manipulation of sales contracts and accounting rules.

Plaintiff's §10(b) claim against Mr. Ahmed is particularly weak. It should be dismissed.

**II.    PLAINTIFF'S §11 CLAIM AGAINST MR. AHMED MUST BE DISMISSED UNDER FED. R. CIV. P. 9(b).**

Section 11 of the Securities Act of 1933, 15 U.S.C. §77k, provides a private cause of action to investors based on untrue statements of material fact or material omissions in registration statements against, among others, those who signed the registration statement. The First Circuit, and the great majority of other circuits who have addressed the issue, have indicated that they would apply the pleading requirements of Fed. R. Civ. P. 9(b) to a §11 claim where "fraud might be said to lie at the core of the action." *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1223 (1st Cir. 1996).[1] These courts, and courts within this district, state that a Complaint should be examined to see whether it "sounds in fraud." *See, e.g.*, *In re Computervision Corp. Sec. Litig.*, 869 F. Supp. 56, 63 (D. Mass. 1994). As one court explained:

> A mere allegation, or "averment," of [fraud] could still serve to injure a defendant's reputation, regardless of whether such allegation is necessary to establish liability under a cause of action. As such, Rule 9(b)'s requirement that a claimant be able to factually support his claim should be imposed not only if fraud is an element of the cause of action in question, but also if the claim sounds in fraud and could thus operate to injure the defendant's reputation.

*Taam Assocs., Inc. v. Housecall Medical Resources, Inc.*, 1998 U.S. Dist. LEXIS 22372 at *40 (N.D. Ga. March 31, 1998). If the Complaint as a whole sounds in fraud, each of the claims as asserted in the Complaint, including claims for violation of Section 11 of the Securities Act of

---

[1] *See Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004); *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404-05 (9th Cir. 1996); *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 287-88 (3rd Cir. 1992). *But see In re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 314 (8th Cir. 1997).

3

1933, must be pled with the particularity required by Fed. R. Civ. P. 9(b). *See In re Stratosphere Corp. Sec. Litig.*, 1997 U.S. Dist. LEXIS 14621 at *20 (D. Nev. May 21, 1997) (recognizing that although §11 permits discovery for negligent, non-fraudulent conduct, plaintiff did not allege negligent, non-fraudulent conduct, and therefore subjecting plaintiff's §11 claim to the rigors of Rule 9(b)).

Here, plaintiff's Complaint sounds in fraud. It describes an alleged scheme by Sonus senior management to "create and maintain an illusion of linear revenue growth" to satisfy Wall Street analysts and investors (Complaint ¶ 5) and purposeful accounting irregularities designed to effectuate that scheme through "accounting trickery" used to "manipulate contracts." Complaint ¶¶ 36-37. A 24-page section of the Complaint is entitled "SONUS'S FRAUDULENT ACCOUNTING." Paragraph after paragraph of the Complaint alleges defendants' knowledge and/or recklessness (Complaint ¶¶ 6, 40, 43) and intentional misconduct in "managing" revenues. *Id.* ¶¶ 5, 40-46. Because it is unmistakable that the plaintiff alleges a scheme to defraud investors, plaintiff's §11 claim is subject to the pleading requirements of Rule 9(b).

In a transparent effort to sidestep the application of Rule 9(b) to a Section 11 claim alleged in a Complaint that sounds in fraud, the plaintiff alleges "for the purposes of this [Section 11] claim, Lead Plaintiff expressly disclaims and excludes any allegations that could be construed as alleging fraud or intentional or reckless misconduct, as this claim is based solely on a claim of strict liability (as to defendant Sonus) or negligence (as to defendants Ahmed and Nill) under the Securities Act." Complaint ¶ 193. This stratagem repeatedly has been held to be ineffective. "Boilerplate language . . . stating that the Section 11 claim . . . is based in negligence and 'does not sound in fraud' is insufficient to limit the claim to negligence where 'the wording and imputations of the complaint are classically associated with fraud.'" *In re Suprema*

4

*Specialties, Inc. Sec. Litig.*, 334 F. Supp. 2d 637, 651 (D.N.J. 2004). *Accord*, *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996); *Brody v. Homestore, Inc.*, 2003 U.S. Dist. LEXIS 17267 at *13 (C.D. Cal. August 11, 2003) (holding that such disclaimers should not be taken "at face value"); *In re Stratosphere Corp. Sec. Litig.*, 1997 U.S. Dist. LEXIS 14621 at *20-21 (D. Nev. May 20, 1997) ("Plaintiffs cannot avoid the more stringent requirements of Rule 9(b) by merely inserting boilerplate language into their Complaint stating that the claims are based on negligence, not fraud, or to plead both fraud and negligence by stating Defendants 'knew or should have known' of the alleged falsity."). *See also In re Metricom Sec. Litig.*, 2004 WL 966291 at *24 (N.D. Cal. 2004) (plaintiff cannot "scissor out a non-fraud claim from the center of that unified course of conduct in order to evade the Rule 9(b) requirement"); *In re American Bank Note Holographics, Inc. Sec. Litig.*, 93 F. Supp. 2d 424, 440 (S.D.N.Y. 2000) (rejecting "boilerplate disclaimer of fraud"); *In re Ultrafem Inc. Sec. Litig.*, 91 F. Supp. 2d 678, 691 (S.D.N.Y. 2000) (same).[2] Form should not be exalted over substance. The gravamen of the Complaint is fraud. The plaintiff's extensive allegations of fraud cannot be put aside by *ipsi dixit*.

Disregarding plaintiff's disclaimer and applying Rule 9(b), plaintiff's §11 claim fails. As described above and more fully in Sonus' Memorandum, the Complaint lacks particularized allegations of the circumstances of the fraud and of Mr. Ahmed's knowledge. Therefore, plaintiff's §11 claim should be dismissed. *See In re Suprema Specialties, Inc. Sec. Litig.*, 334 F. Supp. 2d 637, 652 (D.N.J. 2004) (dismissing §11 claim under Rule 9(b) because, among other reasons, complaint did not include particularized allegations of knowledge of falsity).

---

[2] *In re Number Nine Visual Technology Corp. Sec. Litig.*, 51 F. Supp. 2d 1 (D. Mass. 1999) (Young, J.) is not to the contrary. To be sure, the court there credited the disclaimer, speculating that its failure to do so would lead plaintiffs to split their §10 and §11 claims in different actions. In any event, the court found that even without the disclaimer, the Complaint did not sound in fraud. *Id.* at 13. Thus, the court was not faced with the situation presented here where there is a disclaimer *and* a Complaint sounding in fraud.

5

The Complaint is also deficient for its failure to plead any facts -- let alone particularized facts -- relating to Mr. Ahmed's alleged negligence.  Mere conclusory allegations that an individual was "negligent" without more, without any explanation as to how that individual was negligent, what duty he owed, the source of his duty, and how he breached that duty, should not suffice.  Here, the Complaint includes no such allegations.  Stated differently, if, as plaintiff suggests, the allegations of fraud are stripped away, there would be nothing left upon which to base a claim for negligence.  For this separate reason, the Court should dismiss plaintiff's §11 claim under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, in addition to the reasons set forth in Sonus' Memorandum, the Court should dismiss plaintiff's Complaint with prejudice in its entirety as against Mr. Ahmed.

>HASSAN M. AHMED,
>
>By his attorneys,
>
>/s/ Robert S. Frank, Jr.
>Robert S. Frank, Jr. (BBO #177240)
>John R. Baraniak, Jr. (BBO #552259)
>Paul E. Bonanno (BBO #646838)
>CHOATE, HALL & STEWART
>Exchange Place
>53 State Street
>Boston, Massachusetts 02109
>(617) 248-5000

Dated:  January 28, 2005
3792466_1.DOC