UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                   :

IN RE SONUS NETWORKS, INC.        :       Civil Action
LITIGATION                          :       No. 04-10294-DPW

                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT STEPHEN J. NILL'S MOTION TO DISMISS</u>**

Thomas J. Dougherty
Matthew J. Matule
Michael S. Hines
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Dated: January 28, 2005           Counsel for Defendant Stephen J. Nill

<u>**TABLE OF CONTENTS**</u>

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      BPI GLOBAL'S SECTION 10(b) CLAIM FAILS TO PLEAD
        ANY FACTS RAISING A STRONG INFERENCE OF SCIENTER AND,
        CONSEQUENTLY, OUGHT TO BE DISMISSED AS A MATTER OF LAW . . . . . . 3

II.     BPI GLOBAL'S SECTION 11 AND SECTION 12(a)(2) CLAIMS
        "SOUND IN FRAUD," YET FAIL TO PLEAD FRAUD WITH THE
        PARTICULARITY MANDATED IN THIS CIRCUIT (AND OTHERS) . . . . . . . . . . 3

        A.      Where -- As Here -- Securities Act Claims Sound In Fraud, They
                Must Meet The Heightened Pleading Requirements Of Fed. R. Civ. P. 9(b)  . . . . 3

                1.      The One-Sentence Retraction In
                        Paragraph 193 Does Not Overcome The
                        Purported Fraud That Ripples Throughout The Complaint . . . . . . . . . . . . 6

        B.      BPI Global's Securities Act Claims Do Not Overcome
                The Heightened Pleading Requirements Of Rule 9(b)  . . . . . . . . . . . . . . . . . . . . 8

                1.      As Applied To Claims Alleging Violations
                        Of The Securities Laws, Rule 9(b) Mandates That Facts
                        Showing *Knowledge* Of A Statement's Material Falsity Be Pled  . . . . . . . 8

                        a.      This Court Has Dismissed Section 11 And
                                Section 12 Claims That Similarly "Sound In
                                Fraud" Where -- As Here -- No Facts Are Pled
                                Showing *Knowledge* Of A Statement's Material Falsity  . . . . . . . . 9

                        b.      Courts In Other Jurisdictions Also Routinely
                                Apply Rule 9(b) To Dismiss Section 11 And
                                Section 12 Claims That "Sound In Fraud" . . . . . . . . . . . . . . . . . . 10

i

2.      BPI Global Does Not -- Because It Cannot --
        Plead Facts That Show Statements Concerning The
        September 2003 Offering Were *Knowingly False* When Made  . . . . . . . 11

        a.      BPI Global's Unsourced And Conclusory
                Allegations Fail To Plead The Facts Necessary
                To Overcome Its Burden On This Motion To Dismiss  . . . . . . . . 11

III.    BPI GLOBAL'S SECTION 12(a)(2) CLAIM OUGHT TO
        BE DISMISSED FOR THE INDEPENDENT REASON THAT
        MR. NILL WAS NOT A STATUTORY SELLER OF SONUS SECURITIES  . . . . . . . 14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

**CASES**                                                                                                     **PAGE(S)**

Arruda v. Sears, Roebuck & Co., 310 F.3d 13 (1st Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Cal. Public Employees' Ret. Sys. v. Chubb Corp.,
    Civ. A. No. 03-3755, 2004 WL 3015578 (3d Cir. Dec. 30, 2004) . . . . . . . . . . . . . *passim*

Colby v. Hologic, Inc., 817 F. Supp. 204 (D. Mass. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Gross v. Summa Four, 93 F.3d 987 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hayduk v. Lanna, 775 F.2d 441 (1st Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

In re Computervision Corp. Sec. Litig., 869 F. Supp. 56 (D. Mass. 1994),
    aff'd sub nom., Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996) . . *passim*

In re SeaChange Int'l, Inc., Civ. A. No. 02-12116-DPW,
    2004 WL 240317 (D. Mass. Feb. 6, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Segue Software, Inc. Sec. Litig., 106 F. Supp. 2d 161 (D. Mass. 2000) . . . . . . . . . . . . . . 1

In re Stac Elecs. Sec. Litig., 89 F.3d 1399 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Suprema Specialties, Inc. Sec. Litig.,
    334 F. Supp. 2d 637 (D.N.J. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

In re Ultrafem Inc. Sec. Litig., 91 F. Supp. 2d 678 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . 7

In re Number Nine Visual Tech. Corp. Sec. Litig., 51 F. Supp. 2d 1 (D. Mass 1999) . . . . . . . . 7

Lucia v. Prospect St. High Income Portfolio, Inc., 769 F. Supp. 410
    (D. Mass. 1991), aff'd, 36 F.3d 170 (1st Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Maldonado v. Dominguez, 137 F.3d 1 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Melder v. Morris, 27 F.3d 1097 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Orton v. Parametric Tech. Corp., 344 F. Supp. 2d 290 (D. Mass. 2004) . . . . . . . . . . . . . *passim*

Pinter v. Dahl, 486 U.S. 622 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

iii

Rombach v. Chang, 355 F.3d 164 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

Shaw v. Digital Equip. Corp., 82 F.3d 1194 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Suna v. Bailey Corp., 107 F.3d 64 (1st Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S. ex rel. Karvelas v. Melrose Wakefield Hosp., 360 F.3d 220
      (1st Cir.), cert. denied, 125 S. Ct. 59 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATUTES                                                                                            PAGE(S)

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. § 77(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 77(l)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. §§ 77a et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. §§ 78a et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## Preliminary Statement

Lead Plaintiff BPI Global Asset Management LLP's ("BPI Global") entire case against defendant Stephen J. Nill ("Mr. Nill") is grounded upon a prolix, yet largely inapposite and conclusory theory predicated upon fraud by hindsight.  Because certain of Sonus Networks, Inc.'s ("Sonus") prior financial statements issued between 2001 and the third quarter 2003 were restated in mid-2004, BPI Global purports that Sonus and its management, including Mr. Nill (a former Chief Financial Officer of Sonus), fraudulently and intentionally "manag[ed]" reported revenues to create the illusion of "linear revenue growth" during the March 2002 to March 2004 purported class period (Amended Consolidated Class Action Complaint ¶ 6 (the "Complaint") (Docket No. 103)).  Premised upon that conclusory overarching allegation, the Complaint purports to assert claims against Mr. Nill pursuant to Sections 10 and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78a et seq.) (the "Exchange Act") as well as Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, (15 U.S.C. §§ 77a et seq.) (the "Securities Act").[1]

Where, as here, Section 11 or Section 12(a)(2) claims are not based on alleged negligent conduct, but rather are intertwined with the Exchange Act allegations, those allegations "sound in fraud" and must satisfy the First Circuit's long-standing application of the heightened pleading requirements of Federal Rule Civil Procedure 9(b).  Rule 9(b), as rigorously applied in this Circuit, requires plaintiffs alleging securities fraud to plead, among other things, specific

---

[1]    For purposes of this motion, Mr. Nill assumes, but does not admit, that BPI Global's well pleaded allegations are true.  However, bald assertions, unsubstantiated conclusions and characterizations are not so credited.  See, e.g., U.S. ex rel. Karvelas v. Melrose Wakefield Hosp., 360 F.3d 220, 224 (1st Cir.), cert. denied, 125 S.Ct. 59 (2004) (affirming dismissal); Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002) (affirming dismissal); In re Segue Software, Inc. Sec. Litig., 106 F. Supp. 2d 161, 165 (D. Mass. 2000) (dismissing complaint).

<u>facts</u> that make it reasonable to believe that defendants <u>knew</u> a statement was materially false or misleading at the time it was purportedly made. Beyond mere conclusory allegations, BPI Global's Complaint fails to cite a single fact sufficient to raise even a hint that Mr. Nill "knew" of the generic conduct that BPI Global conclusorily claims rendered Sonus' financial statements false or misleading. Further, BPI Global's one-sentence attempt to disavow, for purposes of its Securities Act claims, its express assertions of fraud inadequately mitigates the Complaint's repeated allegations of "intentional" or "reckless[]" conduct, "scheme[s]" and "plan[s]" of wrongdoing and "materially false and misleading" statements. (<u>See</u>, <u>e.g.</u>, Compl. ¶¶ 22, 24, 42, & 92).[2]

Independent of the failure to plead fraud with particularity, the Section 12(a)(2) claim should be dismissed because Mr. Nill is not a statutory "seller" of Sonus securities. To the contrary, the Complaint makes plain that Mr. Nill -- as a matter of law -- cannot be deemed a "seller" in this case because he neither (i) transferred title of Sonus securities nor (ii) actively solicited BPI Global's purchase of Sonus securities. The September 2003 secondary offering of Sonus shares at issue in the Complaint was a so-called "firm commitment" underwriting whereby Goldman, Sachs & Co. itself first purchased all of the then-offered shares of Sonus securities and, thereafter, sold those shares to the public. Simply put, Mr. Nill -- nor, for that matter, Sonus -- did not transfer title of Sonus securities. Further, BPI Global does not -- because it cannot -- allege that Mr. Nill actively solicited <u>BPI Global's</u> purchase of Sonus securities, another mandatory requisite (but altogether absent predicate) for Section 12(a)(2) liability to attach.

---

[2]    The Exchange Act claims do not raise the requisite strong inference of scienter and, consequently, fail as a matter of law against Mr. Nill for the reasons stated in the Memorandum Of Law In Support Of Defendant Sonus' Motion To Dismiss The Amended Consolidated Class Action Complaint. Mr. Nill adopts and incorporates by this reference the arguments and authorities cited therein.

**Argument**

I.  **BPI GLOBAL'S SECTION 10(b) CLAIM FAILS TO PLEAD
    ANY FACTS RAISING A STRONG INFERENCE OF SCIENTER AND,
    CONSEQUENTLY, OUGHT TO BE DISMISSED AS A MATTER OF LAW**

To avoid repetition, Mr. Nill hereby joins in and incorporates as if set forth herein the arguments and authorities in the Memorandum Of Law In Support Of Defendant Sonus' Motion To Dismiss The Amended Consolidated Class Action Complaint (cited herein as "Sonus' Brief at __") concerning dismissal of the claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder (i.e., Count I).

II.  **BPI GLOBAL'S SECTION 11 AND SECTION 12(a)(2) CLAIMS
     "SOUND IN FRAUD," YET FAIL TO PLEAD FRAUD WITH THE
     PARTICULARITY MANDATED IN THIS CIRCUIT (AND OTHERS)**

A.  **Where -- As Here -- Securities Act Claims Sound In Fraud, They
    Must Meet The Heightened Pleading Requirements Of Fed. R. Civ. P. 9(b)**

Counts II and III of the Complaint purport to assert claims against Mr. Nill pursuant to Section 11 (15 U.S.C. § 77(k)) and Section 12(a)(2) (15 U.S.C. § 77(l)(2)) of the Securities Act.  (See Compl. ¶¶ 193-204 (Count I) and ¶¶ 205-214 (Count II)).  Those claims, however, are not founded upon any express allegations of negligence, but rather are based on the Complaint's numerous prior allegations of "knowing[ ]," "intentional" and/or "reckless" conduct and, consequently, sound in fraud because "fraud, not negligence, lies at the core of the complaint."  Lucia v. Prospect St. High Income Portfolio, Inc., 769 F. Supp. 410, 416 (D. Mass. 1991), aff'd, 36 F.3d 170 (1st Cir. 1994).  See also Rombach v. Chang, 355 F.3d 164, 172 (2d Cir. 2004) (rejecting plaintiffs' assertions that their complaint did not "sound in fraud" because "the wording and imputations of the complaint [were] classically associated with fraud . . .").

3

Just weeks ago, the Third Circuit revisited the "sounds in fraud" analysis and dismissed Securities Act claims on Rule 9(b) grounds. Cal. Public Employees' Ret. Sys. v. Chubb Corp., Civ. A. No. 03-3755, 2004 WL 3015578, at *24 (3d Cir. Dec. 30, 2004) (finding complaint sounds in fraud where allegations of fraud are the "linchpin of [p]laintiffs' action" and where the complaint "is completely devoid of any allegations that Defendants acted negligently"). The complaint in Chubb sounded in fraud because it exclusively relied on allegations that defendants: (1) filed a registration statement that was "false and misleading;" (2) manipulated accounting and "artificial[ly] inflat[ed]" the stock price; (3) "conceal[ed] key facts from its public disclosures" and "conceal[ed] the continued serious deterioration" in Chubb's standard commercial insurance business; and (4) offered forecasts that were "false when made." Id. The Third Circuit concluded that plaintiffs' incorporation of their fraud allegations into their Section 11 claim was fatal -- "bel[ying] [plaintiffs'] contention that their 1933 Act claims are strict liability claims." Id.

The Complaint in this case similarly relies exclusively on allegations of fraudulent conduct. Exhibit A attached hereto compiles the Complaint's numerous allegations of fraud that Mr. Nill (and the other Defendants) acted "intentionally" or "recklessly," engaged in "schemes" or "plans" to defraud investors and made "materially false and misleading" statements including, but not limited to, the "materially false and misleading" September 23, 2003 offering materials:

- Acted with Knowledge, Intent and/or Recklessness

    » "Sonus's improper accounting practices were ongoing, pervasive and occurred with the knowledge, acquiescence and direct participation of . . . Nill." (Compl. ¶ 5)

4

> » Mr. Nill "knowingly or with recklessness caused Sonus to materially misstate the Company's revenues . . ." (<u>Id.</u> ¶ 92)

- <u>Devised and Participated in a "Scheme" or "Plan" to Defraud Investors</u>

  > » "the financial irregularities which resulted in the material misstatements of Sonus's publicly-reported financial results . . . were due to an internal decision by Sonus's senior management to publicly portray Sonus's business as generating linear growth, when in truth the Company's business was characterized by highly irregular, non-linear revenues." (<u>Id.</u> ¶ 5)

  > » Mr. Nill "is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Sonus common stock by disseminating materially false and misleading statements and/or concealing material adverse facts" (<u>Id.</u> ¶ 24)

- <u>Made "False and Misleading Statements" in Public Disclosures</u>

  > » Sonus disseminated "materially false and misleading financial information . . ." (<u>Id.</u> ¶ 9)

  > » The April 21, 2003 and September 23, 2003 "Prospectus Supplements [were] materially false and misleading . . ." (<u>Id.</u> ¶¶ 69, 71)

As the foregoing unambiguous and repeated allegations make clear, BPI Global's entire case is based upon the assertion that Mr. Nill (and the other Defendants) engaged in a "scheme and course of business that operated as a fraud or deceit on purchasers of Sonus common stock . . . ." (Compl. ¶ 24). Where, as here, a Section 11 or Section 12(a)(2) claim is predicated upon allegations of fraudulent conduct -- that is, which "sound in fraud" -- plaintiffs must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), setting forth the circumstances of the alleged fraud with particularity. <u>See, e.g.</u>, <u>In re Computervision Corp. Sec. Litig.</u>, 869 F. Supp. 56, 63 (D. Mass. 1994) (dismissing claims asserted pursuant to Sections 11 and 12(2) predicated on allegations of fraud for failure to satisfy "the strict pleading standards of Rule 9(b)"), <u>aff'd</u> <u>sub</u> <u>nom</u>, <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 636 (1st Cir. 1996);

5

Prospect St., 769 F. Supp. at 416-17 (dismissing Sections 11 and 12(2) claims on 9(b) grounds for failure "to plead any facts or any reason for a reasonable belief that adverse circumstances existed at the time of the offering") (emphasis added).[3]  In particular, BPI Global must set forth "specific facts" supporting its assertion that Mr. Nill "knew a statement was materially false or misleading."  Orton v. Parametric Tech. Corp., 344 F. Supp. 2d 290, 299 (D. Mass. 2004) (granting motion to dismiss securities claims and reaffirming that the "First Circuit is especially strict in demanding adherence to Rule 9(b) in the securities context . . .") (quotation omitted).

> 1.    **The One-Sentence Retraction In
> Paragraph 193 Does Not Overcome The
> Purported Fraud That Ripples Throughout The Complaint**

BPI Global implicitly acknowledges the Complaint's reliance on allegations of fraud -- and indeed, expressly incorporates every one of those allegations -- but nevertheless tries to sidestep Rule 9(b) by purporting to disclaim fraud as to its Section 11 claim:[4]

> "Lead Plaintiff incorporates by reference and realleges Paragraphs
> 1 through 176 above as though fully set forth herein.  However, for
> purposes of this claim, Lead Plaintiff expressly disclaims and

---

[3]    Courts in other jurisdictions routinely apply Rule 9(b)'s heightened pleading requirements to claims asserted pursuant to Sections 11 and 12(a)(2) where -- as here -- those claims sound in fraud.  See Chubb, 2004 WL 301557, at *24-25 (affirming dismissal of Section 11 claim for failure to plead elements of fraud with particularity); Chang, 355 F.3d at 170-71 (affirming dismissal of Section 11 and Section 12(a)(2) claims asserted against individual officers and holding that the heightened pleading requirements of Rule 9(b) apply to those claims when they are based on allegations of fraudulent conduct); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1404-05 (9th Cir. 1996) (applying Rule 9(b) pleading requirements to Section 11 claim sounding in fraud); Melder v. Morris, 27 F.3d 1097, 1102 (5th Cir. 1994) (affirming dismissal of Sections 11 and 12 claims grounded in fraud for failure to sufficiently plead intent).

[4]    Notably, BPI Global does not include this same purported disclaimer regarding its Section 12(a)(2) claim, which also incorporates paragraphs 1-176 in their entirety (see Compl. ¶ 205).  Consequently, Rule 9(b) expressly applies to this claim and provides an independent basis to dismiss Count III.

<u>excludes any allegations that could be construed as alleging fraud or intentional or reckless misconduct</u>, as this claim is based solely on a claim of . . . negligence (as to defendants Ahmed and Nill) under the Securities Act." (Compl. ¶ 193) (emphasis added).

This single sentence is insufficient to overcome the fundamental theme of purported fraudulent conduct asserted in the Complaint.[5] Indeed, courts uniformly reject such one-sentence, boilerplate efforts to disavow claims of fraud where, as here, the complaint is based entirely on fraudulent (not negligent) conduct:

- A "one-sentence disavowment of fraud" such as: "[p]laintiffs expressly disclaim any allegations of fraud, knowledge, intent, or scienter," is "insufficient to divorce the [Section 11] claims from their fraudulent underpinnings." <u>Chubb</u>, 2004 WL 3015578, at *24 n.24.

- Cursory effort to disclaim fraud (<u>e.g.</u>, "[t]his claim is not based on and does not sound in fraud") insufficient where "the wording and imputations of the Complaint are classically associated with fraud." <u>In re Suprema Specialties, Inc. Sec. Litig.</u>, 334 F. Supp. 2d 637, 649 (D.N.J. 2004) (citation omitted).

- Plaintiffs who repeated and realleged all of the complaint's prior paragraphs "except to the extent that any allegations contained above which may be interpreted to sound in fraud, which allegations are <u>not</u> incorporated in the present claim," were nevertheless unable to disclaim fraud because "plaintiffs make little, if any, effort to differentiate their asserted negligence claims from the fraud claims which permeate the Complaint." <u>In re Ultrafem Inc. Sec. Litig.</u>, 91 F. Supp. 2d 678, 690-91 (S.D.N.Y. 2000).

---

[5]    Although BPI Global will likely attempt to rebut this argument by referencing <u>In re Number Nine Visual Tech. Corp. Sec. Litig.</u>, 51 F. Supp. 2d 1 (D. Mass. 1999), the precise disclaimer in that case and the reliance on allegations that "sounded" in negligence at best, <u>id.</u> at 12-13, bear no resemblance to the blanket reincorporation of the fraud allegations (and absence of any negligence-based assertions) which predominate the Complaint.

**B.**    **BPI Global's Securities Act Claims Do Not Overcome**
**The Heightened Pleading Requirements Of Rule 9(b)**

**1.**    **As Applied To Claims Alleging Violations**
**Of The Securities Laws, Rule 9(b) Mandates That Facts**
**Showing _Knowledge_ Of A Statement's Material Falsity Be Pled**

Fed. R. Civ. P. 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The First Circuit is "especially rigourous" when applying Rule 9(b) in securities fraud actions because strict application of Rule 9(b) "minimize[s] the chance that a plaintiff with a largely groundless claim will bring a suit . . ." Maldonado v. Dominguez, 137 F.3d 1, 9 (1st Cir. 1998). See also Orton, 344 F. Supp. 2d at 298-99 (citing Gross v. Summa Four, 93 F.3d 987, 991 (1st Cir. 1996)).

To survive a motion to dismiss in this Circuit (and others), a complaint must set forth "specific facts" that make it "reasonable to believe that the defendant knew a statement was materially false or misleading." Orton, 344 F. Supp. 2d at 299 (emphasis added). See also Suprema Specialties, 334 F. Supp. 2d at 648 (In Section 11 claim "sounding in fraud" plaintiff "must plead knowledge of falsity by the person who made a false representation"). "[G]eneral averments" of the defendant's knowledge of the material falsity "will not suffice." Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997) (affirming dismissal of fraud claims where appellants failed to plead facts supporting allegation that defendant "endorsed the contents of . . . reports, adopted them as its own, and placed its imprimatur on them.") Instead, "[t]he rule requires that the particular times, dates, places, or other details of the alleged fraudulent involvement of the actors be alleged." Orton, 344 F. Supp. 2d at 299 (emphasis added).

      a.      **This Court Has Dismissed Section 11 And Section 12 Claims That Similarly "Sound In Fraud" Where -- As Here -- No Facts Are Pled <u>Showing *Knowledge* Of A Statement's Material Falsity</u>**

Plaintiffs who allege Section 11 and Section 12(a)(2) claims "sounding in fraud" must plead <u>specific facts</u> that make it reasonable to believe that the defendant <u>knew a statement was materially false or misleading</u>, or face dismissal.  <u>Prospect St.</u>, 769 F. Supp. at 417.  In <u>Prospect St.</u>, plaintiffs alleged that defendant directors and underwriters created Prospect Street as a "captive market for Drexel's unmarketable junk bonds and then misled the public [by means of a fraudulent prospectus] in order to raise capital for this endeavor."  However, "the complaint, in 53 pages, <u>does not recite a single fact</u> that suggests that any of the defendants, with the exception of [Michael] Milken, <u>had any basis for knowing that their statements in the prospectus were misleading</u>."  <u>Id.</u> at 417-18.  Such facts are required by Rule 9(b) and, noting their absence, Judge Mazzone dismissed plaintiffs' Section 11 and Section 12(2) claims.  <u>Id.</u> at 419.

Similarly, in <u>Computervision</u>, plaintiffs claimed to suffer losses as a result of a false and misleading prospectus issued by Computervision.  869 F. Supp. at 59.  Shortly after plaintiffs purchased shares in Computervision, the company announced substantial losses and its stock dropped by 30%.  <u>Id.</u> at 59.  As in <u>Prospect St.</u>, plaintiffs' claims were held to "sound in fraud" yet were not supported with the high degree of particularity required by Rule 9(b).  <u>Id.</u> at 64.  The Complaint was "<u>devoid of any supporting facts</u> about any <u>conspiracy to defraud</u> investors [or] any <u>reckless disregard</u> for false or misleading statements in the registration materials . . ."  <u>Id.</u> at 64 (emphasis added).  In the absence of these required averments, the court could not reach the reasonable conclusion that the defendant corporation and officers knew its

9

prospectus was materially false or misleading, as required under 9(b).  Accordingly, Judge Young

dismissed the Section 11 and Section 12(2) (now, Section 12(a)(2)) claims.  Id. at 64.

**b.      Courts In Other Jurisdictions Also Routinely
Apply Rule 9(b) To Dismiss Section 11 And
<u>Section 12 Claims That "Sound In Fraud"</u>**

The Third Circuit's expression of the Rule 9(b) requirement as applied to Section

11 and Section 12(a)(2) claims "sounding in fraud" mirrors that of this Circuit.  When a Section

11 claim "sounds in fraud," a plaintiff must plead, among other things: "<u>knowledge</u> by the person

who made [a false representation] of its falsity; ignorance of its falsity by the person to whom it

was made; and the intention that it should be acted upon."  <u>Suprema Specialities</u>, 334 F. Supp. 2d

at 648 (citation omitted) (emphasis added).  A Section 12(a)(2) action "sound[ing] in fraud" also

requires pleading of, among other things, that "defendants <u>knew</u>, or on the exercise of reasonable

care, could have known of the untruth or the omission."  <u>Id.</u> at 648 (citation omitted) (emphasis

added).

Less than a month ago, the Third Circuit, in <u>Chubb</u>, affirmed dismissal of Section

11 claims "sounding in fraud."  2004 WL 3015578, at *26.  Plaintiffs filed the Section 11 claim

under the theory that they were defrauded in connection with the purchase of Chubb common

stock.  <u>Id.</u> at *1, *24.  Chubb and its officers purportedly manipulated the market for the stock

and caused false statements to be made in public filings.  <u>Id.</u> at *1.  The court found plaintiff's

pleadings deficient: "Neither the adequately pled 'true facts' nor Defendant's public statements

demonstrate alleged falsity of Defendant's class period disclosures."  <u>Id.</u> at *26.  Plaintiffs failed

to plead fraud with the particularity required by Rule 9(b) and the court affirmed dismissal.  <u>Id.</u>

10

In <u>Suprema Specialities</u>, the District of New Jersey dismissed Section 11 and Section 12(a)(2) claims for failure to comply with Rule 9(b).  334 F. Supp. 2d at 652-53.  The plaintiffs in <u>Suprema</u> alleged that several statements contained in a 2001 Registration Statement and Prospectus were fraudulent.  <u>Id.</u> at 649-50.  However, plaintiffs did not plead facts sufficient to show defendants' "<u>knowledge of the falsity</u>" of these statements, as required under Rule 9(b). <u>Id.</u> at  652-653.

### 2.    BPI Global Does Not -- Because It Cannot -- Plead Facts That Show Statements Concerning The <u>September 2003 Offering Were *Knowingly False* When Made</u>

BPI Global's Section 11 and Section 12(a)(2) claims both center on purportedly false and/or misleading statements contained in a September 23, 2003 Prospectus Supplement filed by Sonus.  (Compl. ¶¶ 193-214).  The Prospectus Supplement incorporated a variety of documents that BPI Global alleges were the false and misleading products of Sonus' fraudulent accounting.  (Compl. ¶¶ 33-48, 161).  BPI Global further asserts in its Section 12(a)(2) claim that "at all relevant times, these defendants <u>knew . . . of the misstatements</u> and omissions contained in the Prospectus Supplement [and the documents incorporated therein]."  (Compl. ¶  208) (emphasis added).

### a.    BPI Global's Unsourced And Conclusory Allegations Fail To Plead The Facts Necessary <u>To Overcome Its Burden On This Motion To Dismiss</u>

In order to overcome the Rule 9(b) pleading hurdles, BPI Global must set forth in its Complaint "<u>specific facts</u>" that make it "reasonable to believe that Mr. Nill <u>knew</u> statements in the September 23, 2003 Prospectus Supplement were materially false or misleading when made. <u>Orton</u>, 344 F. Supp. 2d at 299 (emphasis added).  But, BPI Global's allegations are devoid of

11

well-pled facts and, thus, "too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated."  Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985) (affirming dismissal of fraud claims due to absence of "specific supporting facts that would satisfy the Rule 9(b) pleadings requirements and thus give notice to appellees of the fraudulent claims against them . . .").

Even a cursory review of BPI Global's allegations of knowledge demonstrates a lack of factual support.  The Complaint repeatedly attempts to allege that Mr. Nill was "aware of," "had knowledge of" or "directly participat[ed]" in this alleged fraud, yet these allegations are completely devoid of any supporting details:

- "Sonus's improper accounting practices were ongoing, pervasive and occurred with the knowledge, acquiescence and direct participation of . . . Nill."  (Compl. ¶ 5) (emphasis added)

- Mr. Nill was "aware of, or recklessly disregarded, the misstatements contained [in public disclosures] and omissions therefrom, and [was] aware of their materially false and misleading nature."  (Id. ¶ 22) (emphasis added)

- Mr. Nill "knew of material problems in the Company's accounting system."  (Id. ¶ 89) (emphasis added)

- Mr. Nill "knowingly or with recklessness caused Sonus to materially misstate the Company's revenues . . ."  (Id. ¶ 92) (emphasis added)

- Despite Mr. Nill's "knowledge, or recklessness in not knowing, of the existence of the foregoing improper practices and accounting manipulations, defendants issued numerous financial statements and other statements concerning the nature and status of Sonus' operations.  These statements were false when made . . ."  (Id. ¶ 99) (emphasis added).

As detailed in Exhibit A hereto, the foregoing allegations are recycled over and over again throughout the Complaint.  But, in each and every instance, BPI Global fails to provide any specific factual support for its claims.  (See, e.g., Compl. ¶¶ 6, 20, 43 & 84).

12

"Without supporting facts regarding the circumstances surrounding the formation of the conspiracy to defraud plaintiffs or plaintiffs' basis for believing that a conspiracy existed for the purpose of defrauding them, the allegation becomes a conclusional accusation of the sort that is proscribed by Rule 9(b)." Hayduk, 775 F.2d at 444.

Even where BPI Global attempts to support its allegations of knowledge, it fails to do so with any degree of factual specificity. Rather than base its claim upon specific factual detail, BPI Global's "support" is nothing more than an insufficient hodgepodge of conclusory quotes attributed to unidentified (and unidentifiable) former sales employees:

- According to a "former senior sales executive," Sonus "was able to manage the timing of its reported revenues." (Compl. ¶ 40);

- "According to several former company employees, Sonus was able to, and did, manipulate the timing of its reported revenues by claiming that the software updates had been delivered at the time revenue therefrom was recorded." (Id. ¶ 41);

- "According to one former Sonus employee, 'Sonus was simply gerrymandering results as to the Qwest contract.'" (Id. ¶ 42);

- "According to a former sales employee, the fact that Sonus' senior management was "managing" quarterly revenues was well known and openly discussed[.] (Id. ¶ 46).

Such conclusory "facts" utterly fail to support BPI Global's allegations of knowledge. Prospect St., 769 F. Supp. at 417-18. First, these statements do not mention Mr. Nill's knowledge of, much less his role in, the purported fraud. The "former employees" offer no specific details about the machinations of the alleged fraud: When was it carried out? How did Sonus and Nill specifically "manage" revenue timing? Shipments of what software and hardware deliverables were allegedly manipulated? In sum, BPI Global has failed to make any showing that Mr. Nill had knowledge that statements contained in the September 23, 2003 Prospectus

13

Supplement -- or any other statements which purport to be attributed to him -- were false or misleading.  (See Sonus Brief at §§ I.C.2-3).

Finally, BPI Global fails to provide the former employees' names, titles, and any other details that would allow the Court to consider their depth of knowledge and reliability. There is simply no way for the Court to determine how much weight to accord these averments. In the absence of "specified sources or supporting facts," BPI Global's Complaint "must be regarded as speculative and fatally defective."  Colby v. Hologic, Inc., 817 F. Supp. 204, 212 (D. Mass. 1993) (dismissing securities claim pursuant to Rule 9(b) where plaintiff failed to adequately plead with particularity).[6]

### III.    BPI GLOBAL'S SECTION 12(a)(2) CLAIM OUGHT TO BE DISMISSED FOR THE INDEPENDENT REASON THAT MR. NILL WAS NOT A STATUTORY SELLER OF SONUS SECURITIES

Liability under Section 12 is limited to those persons who "offer[ ] or sell[ ]" a security to a purchaser.  Section 12(a)(2) provides, in relevant part, that:

> "any person who . . . offers or sells a security . . . by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact . . . shall be liable . . . to the person purchasing the security from him . . ."

Section 12(a)(2) (emphasis added).  BPI Global's Section 12(a)(2) claim fails for the independent reason that the Complaint does not adequately allege that Mr. Nill was a "seller" of Sonus

---

[6]    Dismissal of the Section 11 and Section 12(a)(2) claims also requires dismissal of the companion Section 15 claims against Mr. Nill.  See, e.g., In re SeaChange Int'l, Inc., Civ. A. No. 02-12116-DPW, 2004 WL 240317, at *16 (D. Mass. Feb. 6, 2004) (dismissing Section 15 claims because Section 11 and Section 12 claims were unactionable).

securities pursuant to Section 12 and the associated case law. Accordingly, that claim fails as a matter of law as to Mr. Nill.[7]

The United States Supreme Court has narrowly defined Section 12 "sellers" to include only those persons (i) who actually transfer title of securities or (ii) who "successfully solicit[s] [the] purchase" of securities. Pinter v. Dahl, 486 U.S. 622, 644-47 (1988). BPI Global does not -- because it cannot -- allege that Mr. Nill actually transferred title of Sonus securities. Rather, BPI Global attempts to proceed under the "solicitation" prong of the statutory seller analysis, alleging that Mr. Nill: (i) "caused to be drafted, approved, and revised the prospectus supplement" but for which BPI Global would "not have been issued Sonus shares" and (ii) "solicited institutional investors, fund managers and other investment professionals to acquire Sonus shares pursuant to the Prospectus Supplement." (Compl. ¶ 207). Those allegations, however, are insufficient as a matter of law to establish Mr. Nill's purported "seller" status pursuant to Section 12(a)(2). See Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996) (affirming dismissal of Section 12(a)(2) claim on the grounds that the individual defendants were not statutory sellers).

In Shaw, the First Circuit held that a Section 12(a)(2) claim should be dismissed where -- as here -- plaintiffs fail to allege facts sufficient to demonstrate that defendants "actively 'solicited' the plaintiffs' purchase of securities to further [defendants'] own financial motives, in the manner of a broker or vendor's agent." Id. at 1215 (emphasis added). The court further held that mere allegations of prospectus preparation and conclusory assertions of "solicitation" fall far

---

[7]    Mr. Nill incorporates as if set forth herein the reasons and authorities in the Memorandum Of Law In Support Of Defendant Sonus' Motion To Dismiss The Amended Consolidated Class Action Complaint concerning dismissal of the Section 12(a)(2) claim.

short of demonstrating the level of active solicitation necessary to invoke statutory "seller" status. Id. at 1216.

Under the Shaw framework, BPI Global's allegations fail to state a Section 12(a)(2) claim against Mr. Nill. Simply put -- and dispositive of the instant motion -- the Complaint does not contain even a single allegation that Mr. Nill actively solicited BPI Global's purchase of Sonus securities. Nor could it. Indeed, BPI Global's "bald and factually unsupported allegation that [Mr. Nill] 'solicited' [BPI Global's] securities purchases is not, standing alone, sufficient." Shaw, 82 F.3d at 1216. Moreover, BPI Global's allegation that Mr. Nill participated in the preparation of the prospectus also misses the mark. (Compl. ¶ 207). Involvement in the drafting of a prospectus does not "demonstrate[ ] the kind of relationship between defendant and plaintiff that could establish statutory seller status." Shaw, 82 F.3d at 1216 (emphasis in original). Accordingly, and as in Shaw, BPI Global's Section 12(a)(2) claim fails as a matter of law and should be dismissed.

## Conclusion

For all of the foregoing reasons, Defendant Stephen J. Nill's Motion to Dismiss should be granted in its entirety.

Dated: January 28, 2005                     Respectfully submitted,
      Boston, Massachusetts

                                      /s/ Matthew J. Matule
                                      Thomas J. Dougherty (BBO #132300)
                                      Matthew J. Matule (BBO #632075)
                                      Michael S. Hines (BBO #653943)
                                        SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM LLP
                                      One Beacon Street
                                        Boston, Massachusetts 02108
                                        (617) 573-4800

                                        Counsel for Defendant Stephen J. Nill