UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE SONUS NETWORKS, INC. LITIGATION | ) ) ) ) ) ) |

Civil Action No. 04-10294-DPW

### HASSAN AHMED'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED CONSOLIDATED COMPLAINT

Defendant Hassan Ahmed joins in the arguments made in defendant Sonus Networks, Inc.'s Reply Memorandum of Law in Support of Its Motion to Dismiss the Amended Consolidated Class Action Complaint. Mr. Ahmed also addresses in this separate reply memorandum two of the points raised in plaintiff's Opposition.

**I.  PLAINTIFF'S OPPOSITION HIGHLIGHTS THE COMPLAINT'S LACK OF PARTICULARIZED ALLEGATIONS OF MR. AHMED'S SCIENTER.**

In its Opposition, plaintiff takes great offense at Mr. Ahmed's observation that he is, as plaintiff alleges, an engineer, and not an accountant, and therefore it is *not* reasonable to infer that he would be familiar with the intricacies of the accounting rules alleged in the Complaint. *See* Opposition at 2. Plaintiff's indignation – feigned or real – is no substitute for particularized allegations of fact concerning Mr. Ahmed's knowledge of the alleged fraudulent scheme. There are none.

Plaintiff responds to Mr. Ahmed's and Sonus's argument that the Complaint contains only generalized, conclusory allegations of defendants' knowledge of wrongdoing by citing more of the same. With regard to Mr. Ahmed, plaintiff merely cites a single, general allegation of Mr.

Ahmed's knowledge -- paragraph 44. *See* Opposition at 11, 17, 21, 23. In that paragraph, plaintiff alleges that:

> According to a former Vice President of Sonus, defendant Ahmed was made aware of these improper practices in 2001, specifically with regard to the Qwest contract, but took no action to stop them.

Plaintiff's Opposition does not explain *how* Mr. Ahmed was "made aware" of these practices, or what "made aware" actually means. *What was Mr. Ahmed told about the Qwest contract?* Plaintiff's allegation raises more questions than it answers.

Even more significantly, the alleged source for this allegation, "a former Vice President of Sonus," is not "described in the Complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *In re Cabletron Sys., Inc.*, 311 F.3d 11, 29 (1st Cir. 2002). Was this "former Vice President" employed by Sonus in 2001 when Mr. Ahmed allegedly was made aware of the practices? Plaintiff does not say. He was "Vice President" of what? It is impossible to tell if this alleged former Vice President was in a position to know what, if anything, Mr. Ahmed was told about the Qwest contract or about any of the "improper practices." Plaintiff does not allege that this former Vice President even had personal knowledge of what Mr. Ahmed knew and when and how he learned it. Thus, plaintiff's exclusive reliance on this incomplete allegation is misplaced. *See In re Vertex Pharmaceuticals, Inc. Sec. Litig.*, 357 F. Supp. 2d 343, 353-54 (D. Mass. 2005)(dismissing Section 10(b) claim because, among other reasons, the PSLRA's particularity requirement was not satisfied by confidential witnesses' general and incomplete allegations).[1]

---

[1] The Opposition also highlights the Complaint's allegations concerning an alleged acceptance letter confirming delivery of $18 million worth of hardware and software to Qwest when no delivery had been made. Opposition at 18, 26. Plaintiff nowhere alleges, however, that Mr. Hassan was in any way involved with the letter. *See* Complaint ¶ 44.

Because there are no other particularized allegations of Mr. Ahmed's *scienter*, plaintiff's Complaint should be dismissed.

## II.     PLAINTIFF'S OWN CASES SUPPORT DISMISSAL OF ITS SECTION 11 CLAIM FOR FAILURE TO SATISFY RULE 9(b)'S PARTICULARITY REQUIREMENT.

Plaintiff does not contest that the law in this Circuit is that a Section 11 claim sounding in fraud must satisfy Fed. R. Civ. P. 9(b)'s particularity requirement.  *See* Opposition at 33. Instead, it argues at great length that its Section 11 claim is not grounded in fraud.  Plaintiff cites a host of cases standing for the basic proposition that a Section 11 claim that is rooted in negligence need not satisfy Rule 9(b).  The fundamental problem with plaintiff's Section 11 argument, however, is that its Section 11 claim *is* based on fraud and is unlike any of the Section 11 claims in the cases cited by plaintiff.

For example, in *Vess v. CIBA-GEIGY Corp. USA*, 317 F.3d 1097 (9th Cir. 2003), the court held that the plaintiffs' allegations did not "rely entirely on a unified course of conduct" and therefore were "not 'grounded in fraud,'" and Rule 9(b)'s particularity requirement therefore did not apply.  *Id*. at 1106.[2]  *See also In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 43463 at *9 (N. D. Cal. January 6, 2005)(same); *Degulis v. LXR Biotech., Inc.*, 928 F.Supp. 1301, 1310 (S.D.N.Y. 1996)(same).  The complaint in *In re Chambers Dev. Sec. Litig*., 848 F. Supp. 602 (W.D. Pa. 1994), including its Section 11 claims, was found to satisfy Rule 9(b).  *Id*. at 624.  The plaintiff in *Giarraputo v. Inumprovident Corp.*, 2000 WL 1701294 (D. Me. November 8, 2000) filed two separate complaints – one complaint for her Section 10(b) claim and an entirely separate complaint alleging her Section 11 claim.  *Id*. at *1, *10-*11.  The court there found no unified course of fraudulent conduct pled in the Section 11 complaint.  *Id.*

---

[2]  *Vess* and the other cases cited in this paragraph are relied on by plaintiff at pages 32-34 of the Opposition.

Here, plaintiff's Complaint *does* allege a unified course of fraudulent conduct. Indeed, it is impossible to read the Complaint any other way. It alleges that each defendant is liable "as a direct participant in a fraudulent scheme and course of business that operated as a fraud or deceit," Complaint ¶ 24, and that "Sonus's senior managers sought to create and maintain the illusion of" increasingly profitability. Complaint ¶ 37. The Complaint's headings include: "Defendant Ahmed Directly Participated in and Furthered the Fraudulent Accounting Practices." Complaint, page 35, and "The Fraud Begins to Unravel." Complaint, page 38. The Complaint is replete with references (albeit vague, conclusory, and wholly insufficient ones) to defendants' alleged knowledge of the wrongdoing and/or recklessness – the language of fraud. *See, e.g.,* Complaint ¶¶ 2, 5, 6, 23, 24, 36, 37, 38, 40, 44, 45, 46, 47, 84, 89, 92, 99, 174, and 176.

By contrast, in the Complaint's 119 pages and 215 paragraphs, there is only one obscure sentence fragment that speaks, in conclusory fashion, of defendants' failure "to make a reasonable investigation." *See* Complaint ¶ 198. A plaintiff may not ignore the clear import of its own allegations and withstand dismissal of its Section 11 claim simply by adding a half dozen words to a 119-page Complaint.

The Complaint is a textbook example of pleading a unified course of fraudulent conduct. This Court need not "sift through allegations of fraud in search of some lesser included claim of strict liability," *Lone Star Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)(cited by plaintiff at page 33 n.16 of its Opposition). If the Court were to follow the directive of another of the cases plaintiff relies on in its Opposition, *In re Nationsmart Corp. Sec. Litig.*, 130 F.3d 309, 315 (8th Cir. 1997), and "strip away" the allegations of fraud, then it would find absolutely nothing left.

Because plaintiff's Section 11 claim is not pled with the particularity required by Rule 9(b), it, too, should be dismissed.

## CONCLUSION

For the foregoing reasons, the reasons cited in Sonus's Reply Memorandum, and the reasons cited in Mr. Ahmed's and Sonus's principal beliefs in support of their motions to dismiss, plaintiff's Amended Consolidated Complaint must be dismissed, in its entirety and with prejudice, as against Mr. Ahmed.

HASSAN M. AHMED,

By his attorneys,

/s/ John R. Baraniak, Jr.
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Paul E. Bonanno (BBO #646838)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 248-5000

Dated: April 29, 2005
3910764_1.DOC

5