UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------ x
                                     :
IN RE SONUS NETWORKS, INC. LITIGATION :   Civil Action
                                     :   No. 04-10294-DPW
------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT STEPHEN J. NILL'S MOTION TO DISMISS**

**Preliminary Statement**

BPI Global's[1] Memorandum Of Law In Opposition To Defendants' Motions To Dismiss (cited as "Opp. at __") acknowledges that where Section 11 and Section 12(a)(2) claims are predicated upon allegations of fraudulent conduct -- that is, which "sound in fraud" -- courts apply Rule 9(b)'s pleading requirements to determine the sufficiency of those allegations. Of course, BPI Global contends that its Complaint does not "sound in fraud." (Opp. at 33.) Nevertheless, BPI Global does not -- because it cannot -- identify even a single example from the Complaint that alleges negligent conduct. Instead, it erroneously relies on its blanket disavowal of "allegations that could be construed as alleging fraud or intentional or reckless misconduct" (Compl. ¶ 193), even though the Complaint only contains allegations of fraud -- not negligence.

BPI Global also erroneously contends that its Section 11 and Section 12(a)(2) claims comply with the Rule 9(b) pleading standard and "leave little doubt as to defendants' knowledge . . . ." (Opp. at 18.) Pressed to identify any paragraphs among the 215 asserted in the 119 page Complaint, BPI Global stakes the sufficiency of its Securities Act claims (and, indeed,

---

[1] All defined terms used herein are the same as those in the Memorandum Of Law In Support of Defendant Stephen J. Nill's Motion To Dismiss (cited as "Nill Brief at __"), filed January 28, 2005.

its entire case) on the conjecture of paragraph 44. But here's the rub: those equivocal "and/or" allegations not only fail to meet the First Circuit's relevant test for crediting (at the pleading stage) so-called confidential, unnamed sources, but also fail to plead "knowledge" with the requisite specificity. Accordingly, plaintiff's Securities Act claims fail as a matter of law.[2]

### Argument

I. **BPI GLOBAL'S OWN CASE LAW RECOGNIZES THAT RULE 9(b) OUGHT TO APPLY TO SECTION 11 AND SECTION 12(a)(2) CLAIMS THAT "SOUND IN FRAUD"**

BPI Global's own argument and case law (Opp. at 33) reinforce what is settled law and wholly applicable here: Where Section 11 and Section 12(a)(2) claims "sound in fraud," a plaintiff must plead with heightened particularity:

- In Shaw v. Digital Equip. Corp., the First Circuit stated that "if a plaintiff were to establish violations of Sections 11 and 12(2) as well as the anti-fraud provisions of the Exchange Act through allegations in a single complaint of a unified course of fraudulent conduct, fraud might be said to 'lie[ ] at the core of the action.' . . . In such a case, the particularity requirements of Rule 9(b) would probably apply to Sections 11, 12(2) and Rule 10b-5 claims alike." 82 F.3d 1194, 1223 (1st Cir. 1996) (emphasis added) (citations omitted).[3]

- In Vess v. Ciba-Geigy Corp., USA, the Ninth Circuit ruled that "in some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that

---

[2] Mr. Nill adopts and incorporates the arguments and authorities in the Reply Memorandum Of Law In Further Support Of Defendant Sonus' Motion To Dismiss The Amended Consolidated Class Action Complaint concerning dismissal of the claims pursuant to Sections 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (i.e., Count I), and claims pursuant to Sections 12(a)(2) of the Securities Act (i.e., Count III).

[3] Indeed, the Lucia v. Prospect St. High Income Portfolio, Inc. plaintiffs dropped their Section 10(b) claims after the Securities Act claims -- also alleged in the same Complaint -- were held to the Rule 9(b) pleading standard. 36 F.3d 170, 173 (1st Cir. 1994).

event, the claim is said to be 'grounded in fraud' or to 'sound in fraud' and the pleading of that claim as a whole <u>must satisfy the particularity requirement</u>." 317 F.3d 1097, 1105 (9th Cir. 2003) (emphasis added) (<u>Vess</u> only considered whether certain claims under California law, not Section 11 or Section 12(a)(2), need be pled with particularity).[4]

- In <u>Giarraputo v. UNUMProvident</u>, the District of Maine held that "if a plaintiff were to attempt to establish violations of Sections 11 and 12(a)(2) . . . through allegations in a single complaint of a unified course of fraudulent conduct, fraud might be said to 'lie[ ] at the core of the action.' In such a case, the pleading requirements of Rule 9(b) could be applied to claims based on Sections 11 and 12(a)(2)." 2000 WL 1701294, at *9 (D. Me. Nov. 8, 2000).

- In <u>Kensington Capital Mgmt. v. Oakley</u>, the Central District of California ruled that "the pleading with particularity requirements of Rule 9(b) only apply to 1933 Act claims when these claims are grounded in fraud." 1999 WL 816964, at *2 (C.D. Cal. Jan. 14, 1999).

- In <u>Degulis v. LXR Biotechnology, Inc.</u>, the Southern District of New York stated that "Rule 9(b) requires particularity in 'all averments of fraud or mistake.' The rule has thus been held to apply to claims under Sections 11 and 12(2) only where they sound in fraud." 928 F. Supp. 1301, 1310 (S.D.N.Y. 1996).[5]

As the following chart makes plain, courts in those cases declined to impose Rule 9(b) pleading standards on Securities Act claims <u>not because</u> "the general rule is that 'the heightened pleading requirements of Fed. R. Civ. P. 9(b) and the PSLRA do not generally apply to Section 11 and Section 12(a)(2) claims,'" (Opp. at 32) (citation omitted) but because -- and <u>unlike</u> the Complaint at issue here --the complaints and claims at issue did not "sound in fraud":

---

[4] Among the Circuits to consider the issue, <u>only</u> the Eighth Circuit in <u>In re NationsMart Corp. Sec. Litig.</u>, 130 F.3d 309, 314 (8th Cir. 1997) failed to require the heightened pleading standard for Section 11 and Section 12(a)(2) claims that "sound in fraud."

[5] The Second Circuit reinforced this rule most recently in <u>Rombach v. Chang</u>, 355 F.3d 164, 170-71 (2d Cir. 2004), which renders inapposite the various other Southern District of New York cases BPI Global relies upon to the contrary.

| Case | Complaint Did Not "Sound In Fraud" Because: | Why Inapplicable To BPI Global's Complaint: |
|---|---|---|
| Giarraputo (Opp. at 32.) | Plaintiff "appropriately separated her disclosure claims from her fraud claims in separate complaints." Giarraputo, 2000 WL 1701294, at *9-10 (emphasis added). This careful pleading allowed the plaintiff to "avoid tainting her disclosure claims with allegations of fraudulent conduct." Id. | BPI Global commingles disclosure claims and fraud claims against Mr. Nill in its Complaint. (See, e.g., Compl. ¶¶ 5, 9, 24, 69, 71, 92; see also Nill Brief at 4-6.) |
| Kensington (Opp. at 33.) | Plaintiff pleaded only Section 11 and Section 12(a)(2) claims. Accordingly, "plaintiff's complaint does not contain allegations of fraud," and its claims "are not subject to the pleading with particularly requirement of Rule 9." Kensington, 1999 WL 816964, at *2. | BPI Global pleads Section 11, Section 12(a)(2) and Section 10(b) fraud claims. Moreover, the Section 11, Section 12(a)(2) and Section 10(b) claims are predicated upon identical allegations of fraudulent conduct. (Id.) |
| Degulis (Opp. at 33.) | Section 11 and Section 12(2) claims "leveled at moving defendant seem more clearly to sound in negligence." Degulis, 928 F. Supp. at 1310. | BPI Global's Section 11 and Section 12(a) claims are based only upon "assertions" of fraud or intentional or reckless misconduct. Significantly, there are no allegations of negligence. (Id.) |

## II. BPI GLOBAL'S CATCH-ALL "DISCLAIMER" IMPERMISSIBLY ATTEMPTS TO SHIFT TO THE COURT THE BURDEN OF PARSING THE COMPLAINT'S PERVASIVE ALLEGATIONS OF FRAUD

BPI Global argues that its attempt to disclaim fraud in paragraph 193 of the Complaint is "enough to prevent the claim from sounding in fraud."[6] (Opp. at 35-37.) Not surprisingly, BPI Global cites to Judge Young's decision in In re Number Nine Visual Tech. Corp. Sec. Litig., 51 F. Supp. 2d 1, 12-13 (D. Mass. 1999), as alleged support for that assertion. However, both the specific disclaimer and parsed allegations in the complaint in Number Nine are readily distinguished from the boilerplate disclaimer and unified course of fraudulent conduct alleged in the Complaint at issue here. In a word, Number Nine is simply inapposite.[7]

The disclaimer in Number Nine was comprehensive and highly specific: although the Section 11 claim realleged all of the paragraphs that preceded it, the plaintiff expressly excluded "(a) paragraphs 126-60; (b) any element of any paragraph that alleges that defendant's misconduct was done intentionally, knowingly or with reckless disregard for the truth; or (c) any element of a paragraph that otherwise sounds in fraud." (Consolidated Class Action Complaint ¶ 161, attached hereto as Exhibit A). BPI Global set apart paragraphs 126-60 -- those containing specific allegations of fraud -- and labeled them "Additional Facts And Circumstances That

---

[6] Of course, BPI Global concedes that it failed to make any "disclaimer" of fraud in connection with its Section 12(a)(2) claim. (Opp. at 35 n.18.) Consequently, those allegations must -- but do not -- satisfy Rule 9(b).

[7] BPI Global erroneously asserts that Mr. Nill was being "disingenuous" in arguing that "courts uniformly reject such one-sentence boilerplate efforts to disavow claims of fraud." (Opp. at 36.) However, BPI Global does not cite a single instance in which a "one-sentence boilerplate" disclaimer has passed muster. Moreover, BPI Global's reliance on In re Ultrafem Inc. Sec. Litig., 91 F. Supp. 2d 678, 690 (S.D.N.Y. 2000) is misplaced and effectively overruled by Rombach, 355 F.3d at 170-71 (holding that Rule 9(b) applies to Section 11 and Section 12(a)(2) claims that sound in fraud).

Demonstrate That The Number Nine Defendants Acted With Scienter As To The Exchange Act Claims."  By virtue of the specific disclaimer, susceptible to parsing allegations of fraud from those based on non-fraudulent conduct, the court was able to identify and exclude allegations of fraud and consider the sufficiency of the remaining allegations of negligence on a stand-alone basis.[8]

In stark contrast, BPI Global's "disclaimer" fails to even approach the tailored and specific disclaimer in Number Nine -- it generically excludes "any allegations that could be construed as alleging fraud or intentional or reckless misconduct."  (Compl. ¶ 193.)  Unlike Number Nine, BPI Global's Complaint fails to disclaim specific paragraphs or to plead allegations of negligence distinct from allegations of fraud.  Indeed, allegations of fraud are woven throughout every paragraph -- there is no discrete section wherein allegations of negligence can be found, segregated and independently evaluated by the Court.  (See, e.g., Compl. ¶¶ 5, 9, 24, 69, 71, 92; see also Nill Brief at 4-6.)  The Complaint fails to include any allegations of negligence -- a fact that is not disputed by BPI Global in its Opposition.[9]

BPI Global's pleading failure impermissibly shifts the task of identifying and excluding allegations of fraud to the Court.  This is not acceptable.  As BPI Global's own

---

[8]  Significantly, this segregation extends beyond the initial pleadings stage, and precludes plaintiff "when litigating the Securities Act claims . . . [from relying] on any evidence suggesting that the conduct of [defendants] was done knowingly, intentionally, or with reckless disregard for the truth, or was otherwise fraudulent."  Number Nine, 51 F. Supp. 2d at 13.

[9]  Even if the Court were to accept BPI Global's request that the allegations of fraud should be "stripped" from the Complaint, the Complaint still fails to state Securities Act claims because it is without any allegations of negligence.  Thus, if the Court excised all allegations of fraud from the Complaint, there would be nothing left to evaluate as to Mr. Nill.

6

authority notes, "a district court is not required to sift through allegations of fraud in search of some 'lesser included' claim of strict liability." Lone Star Ladies Inv. Club v. Schlotsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001). BPI Global effectively asks this Court to amend its deficient pleadings, but "it is not the responsibility of the District Court to serve as Plaintiffs' advocate." Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 162 (3d Cir. 2004).

### III.  PARAGRAPH 44 -- THE LONE ALLEGATIONS UPON WHICH DEFENDANTS' "KNOWLEDGE" IS BASED -- DOES NOT SATISFY RULE 9(b)

BPI Global contends that "the Complaint sufficiently alleges defendants' fraud in compliance with Rule 9(b)," yet can only suggest paragraph 44 when pressed to identify where such support exists in the Complaint. (Opp. at 32.) BPI Global's reliance on paragraph 44 of the Complaint hardly sustains its burden of identifying "specific facts" that make it "reasonable to believe that the defendant knew a statement was materially false or misleading." Orton v. Parametric Tech. Corp., 344 F. Supp. 2d 290, 299 (D. Mass. 2004) (emphasis added).

The "facts" alleged in paragraph 44 are attributed to a source described as "one former senior Sonus employee." (Compl. ¶ 44.) BPI Global's description of the source is insufficient to satisfy the First Circuit's rule regarding the identification and reliability of sources cited in a Complaint. See In re Cabletron Sys., 311 F.3d 11, 29 (1st Cir. 2002). As BPI acknowledges in its Opposition, sources must be "described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." (Id.) (emphasis added) (citation omitted). But, BPI Global does not provide the information it concedes must be provided in order for the Court to even consider what is attributed to an unnamed source. The "source" identified by BPI Global in paragraph 44 is not only nameless, but also lacks any identification of the source's title at Sonus,

7

department the source worked in or any description of how such individual would have access to the information attributed to him or her. (Compl. ¶ 44.) Indeed, BPI Global provides <u>no details</u> that would allow the Court to evaluate -- let alone credit -- the source's knowledge and reliability.

Even if the Court accepts BPI Global's "former senior Sonus employee" source in paragraph 44 as sufficient at the pleadings stage, the "facts" attributed to his or her recollection nevertheless are inadequate to overcome the Rule 9(b) pleading hurdle because the so-called "confidential source":

- is uncertain when the purported delivery confirmation was sent to Qwest: "either Q3 or Q4 2001." (Compl. ¶ 44.)

- does not indicate which supposed "hardware and software" deliverables were due to Qwest  (<u>Id.</u>)

- cannot identify whether the confirmation was "issued under Nill or [former Sonus Controller Peter] Hemme's signature." (<u>Id.</u>)

- provides <u>no details</u> regarding the purportedly similar confirmation letters sent to Global Crossing and XO Communications. (<u>Id.</u>)

## Conclusion

For all of the foregoing reasons, as well as those stated in the Nill Brief and the opening and reply briefs submitted by Sonus (which are incorporated herein by reference), Defendant Stephen J. Nill's Motion to Dismiss should be granted in its entirety.

| | |
|---|---|
| Dated: April 29, 2005<br>Boston, Massachusetts | Respectfully submitted,<br><br>/s/  Matthew J. Matule<br>Thomas J. Dougherty (BBO #132300)<br>Matthew J. Matule (BBO #632075)<br>Michael S. Hines (BBO #653943)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 573-4800<br><br>Counsel for Defendant Stephen J. Nill |