# EXHIBIT A

## Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---------------------|--------------|
| 36. | Sonus's finance and accounting staff, with the knowledge of impropriety, approval and acquiescence of Sonus's senior management, including defendant NII, engaged in a series of financial and accounting irregularities designed to make it appear as though the Company's revenue model was capable of delivering steady, reliable revenue growth. In truth, the Company's revenues were anything but steady or reliable because of "lumpy" ordering patterns and high customer concentration. | • **Not sourced**<br><br>• **Impropriety of conduct alleged only in conclusory terms (e.g., "irregularities," "lumpy")**<br><br>• **Method/source of defendant's alleged knowledge of impropriety not identified**<br><br>• **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2** |
| 37. | Notwithstanding the irregular nature of Sonus's revenues, Sonus's senior managers sought to create and maintain the illusion of revenue linearity by smoothing out the Company's reported quarterly revenues. They knew that in the absence of perceived revenue linearity, analysts and investors would not feel comfortable in making revenue and earnings projections for incorporation into their investment recommendations regarding Sonus's stock. | • **Not sourced**<br><br>• **Impropriety of conduct alleged only in conclusory terms (e.g., "smoothing out")**<br><br>• **Generic corporate motive insufficient for scienter (e.g., "revenue linearity")**<br><br>• **Lack of transactional particularity**<br><br>• **Defendant with alleged knowledge of impropriety not specified** |

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | It was also understood by defendants that the lack of "visibility" as to future revenues would cause Sonus's stock to trade at lower prices than it otherwise would have because the market would not attach a high price multiple to the stock if revenues were viewed as sporadic or unreliable. | • Not sourced<br><br>• Conclusory<br><br>• Lack of transactional particularity<br><br>• Defendant with alleged knowledge of impropriety not specified |
| | Accordingly, Sonus's senior accounting and finance managers, at the behest of Sonus's senior management, devised a plan by which to smooth out Sonus's reported revenues, quarter-over-quarter, for the purpose of making it appear as though the Company's reported revenues were following a predictable, sequential upward growth curve. | • Not sourced<br><br>• Impropriety of conduct alleged only in conclusory terms (e.g., "smooth out")<br><br>• Lack of transactional particularity<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of
# First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 38. | The goal of portraying the Company's revenue model as generating linear quarterly revenues was of overriding importance to Sonus's senior management.<br><br>According to a former Sonus officer who previously served as Vice President of Business Development and Sales, the corporate culture of Sonus was always to meet or exceed Wall Street earnings estimates by $.01 or $.02 each quarter no matter what the Company's actual performance reflected. Indeed, throughout most of the Class Period, the Company continually represented to Wall Street that it was enjoying sequential revenue growth. | • Not sourced<br><br>• Impropriety of conduct alleged only in conclusory terms<br><br>• Generic corporate motive insufficient for scienter<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Impropriety of conduct alleged only in conclusory terms<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Generic corporate motive insufficient for scienter (e.g., "meet or exceed Wall Street earnings estimates")<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2.<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

## Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | For example, on April 9, 2003, Sonus announced its Q1 2003 financial results by proclaiming that revenues had increased "27% sequentially." Similarly, on July 10, 2003, the Company issued a press release announcing its Q2 2003 financial results. The release quoted defendant Ahmed as saying: "We are pleased with the progress that we made . . . particularly with our 33% sequential revenue growth." On October 8, 2003, in its press release announcing its Q3 2003 financial results, Sonus again reiterated its drumbeat proclamation of sequential revenue growth by quoting defendant Ahmed as saying: "This was a strong quarter for Sonus Networks, our fourth consecutive quarter of revenue growth. . . ." These assertions were known to the individual Defendants to be materially false when made. | • Not sourced<br><br>• Conclusory<br><br>• Reasons for falsity not specified<br><br>• Lack of transactional particularity<br><br>• Method/source of defendants' alleged knowledge of impropriety not identified<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to any restatement |

Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 39. | The illusion of linearity was also important because Sonus's senior managers had intended to raise capital by issuing shares of Sonus's common stock in follow-on offerings pursuant to a prior shelf registration, and they knew that such offerings would not be successful if the Company's revenues were deemed to be irregular and unpredictable. Therefore, it was of paramount importance to the Company's senior managers that Sonus report linear quarterly revenues, notwithstanding their occasional boilerplate risk "warnings" about the possibility of unpredictable quarter-over-quarter results. | • Not sourced<br>• Impropriety of conduct alleged only in conclusory terms<br>• Generic corporate motive insufficient for scienter<br>• Lack of transactional particularity<br>• Defendant with alleged knowledge of impropriety not specified<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

**Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint**

| ¶ | Scienter Allegation | Deficiencies |
|---|---------------------|--------------|
| | These managers knew that analysts would, in large measure, base their investment opinions and recommendations regarding Sonus's stock on the apparent linearity of revenues and the amount of deferred revenues. | • Not sourced<br>• Impropriety of conduct alleged only in conclusory terms<br>• Lack of transactional particularity<br>• Generic corporate motive insufficient for scienter<br>• Defendant with alleged knowledge of impropriety not specified<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 40. | To accomplish their illegal plan, Sonus's senior accounting and finance staff, with the knowledge of impropriety and approval of the Company's senior management, including but not limited to defendant Nill, employed accounting trickery in order to manipulate contracts to "smooth out" Sonus's otherwise serrated revenue pattern. | • Not sourced<br><br>• Impropriety of conduct alleged only in conclusory terms (e.g., "accounting trickery")<br><br>• Lack of transactional particularity<br><br>• Method/source of defendant's alleged knowledge of impropriety not identified<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

**Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint**

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 41. | According to a former senior sales manager who had responsibility for approximately 35% of Sonus' revenues in 2003: "They (senior management) tried to take a business with non-linear revenues and non-linear orders and perceive it to the Street as linear — they were always pulling things into the next quarter to make things linear." | • Impropriety of conduct alleged only in conclusory terms (e.g., "pulling things into next quarter")<br>• Source inadequately described or not in a position to comment reliably<br>• Lack of transactional particularity<br>• Defendant with alleged knowledge of impropriety not specified<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |
| | By their nature, Sonus's contracts involved hardware and software items, the delivery of which directly impacted the timing of when Sonus could properly record revenues. Other features of the contracts that impacted the timing of revenue recognition included customer acceptance, the provision of maintenance services, and the delivery of software updates. | • Not sourced<br>• Conclusory<br>• Lack of transactional particularity |

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | Under Statement of Position ("SOP") 97-2, Sonus was required to report revenues from these contracts as they were bundled, with no segregation of the hardware and software components. | • Conclusory<br><br>• Lack of transactional particularity<br><br>• Defendants' knowledge of impropriety not alleged<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment |
| | In violation of GAAP, however, defendants improperly unbundled certain software delivery elements in order to manipulate the timing of revenue recognition, for the purpose of smoothing out Sonus's quarterly revenue curve. | • Not sourced<br><br>• Impropriety of conduct alleged only in conclusory terms (e.g., "improperly unbundled")<br><br>• Lack of transactional particularity<br><br>• Defendants' knowledge of impropriety not alleged<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment |

# Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 42. | For example, at the behest of senior management, certain elements of Sonus's contract with Qwest Communications International Inc. ("Qwest") – the Company's largest and most significant contract – were improperly unbundled from the contract and treated separately so that the Company could manipulate the timing of recognition of revenue. The elements that were improperly unbundled included software updates and releases that were to be provided to Qwest. By unbundling the contract in this fashion, and making the delivery of the updates and releases subject to separate "side agreements," the Company was able to sidestep GAAP and advance the recognition of revenue under the Qwest contract and, further, manipulate the recognition of future revenues by controlling delivery of the updates and releases which had been improperly pulled from the contract. | • Not sourced<br><br>• Impropriety of conduct alleged only in conclusory terms (e.g., "improperly unbundled," "sidestep GAAP," "improperly pulled")<br><br>• Lack of transactional particularity<br><br>• Defendant with alleged knowledge of impropriety not specified<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | That Sonus was manipulating the Qwest contract to "manage" its reported quarterly revenues was continually discussed among the sales and technical staff members employed in the Company's Denver-based Western regional sales office, according to a senior sales director who worked in that office. The Denver office was responsible for implementing and maintaining the Qwest contract. | • Impropriety of conduct alleged only in conclusory terms (e.g., "manage" its reported quarterly revenues")<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Generic corporate motive insufficient for scienter<br><br>• Defendant with alleged knowledge of impropriety not specified<br><br>• Defendant's alleged knowledge of impropriety not sourced<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

## Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | According to a former Account Director who reported directly to an officer-level sales executive during the relevant time period, Sonus unbundled the Qwest contract in order to stage-manage the recording of the revenues. | • Impropriety of conduct alleged only in conclusory terms (e.g., "stage-manage")<br>• Source inadequately described or not in a position to comment reliably<br>• Lack of transactional particularity<br>• Generic corporate motive insufficient for scienter<br>• Defendants' knowledge of impropriety not alleged<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | The unbundling of the contracts for the purpose of manipulating software deliverables and, ultimately, to "smooth" out reported revenues was known, and/or recklessly condoned, by the Individual Defendants | • Not sourced<br>• Impropriety of conduct alleged only in conclusory terms ("e.g.," "smooth out," "unbundling of contracts")<br>• Lack of transactional particularity<br>• Generic corporate motive insufficient for scienter<br>• Method/source of defendant's alleged knowledge of impropriety not identified<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

**Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint**

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 43. | The software element of Sonus's contracts necessarily included a large deferred revenue component. Under GAAP and the Company's own revenue recognition guidelines, deferred revenues could only be recognized upon the performance of future obligations, such as the delivery of software updates and releases required by the terms of the contracts. | • Not sourced<br><br>• Conclusory<br><br>• Lack of transactional particularity<br><br>• Defendants' knowledge of impropriety not alleged<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

- 14 -

USIDOCS 5279013v1

**Summary of Relevant Deficiencies in Scienter Allegations of**
**First Amended Consolidated Class Action Complaint**

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | According to the source identified in the preceding paragraph, Sonus was able to, and did, manipulate the timing of its reported revenues by claiming that the software updates had in fact been delivered at the time revenue therefrom was recorded. In truth, the Qwest updates were not delivered and, in many instances, were not even ready to be delivered. | • Conclusory<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Defendants' knowledge of impropriety not alleged<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

- 15 -

## Summary of Relevant Deficiencies in Scienter Allegations of
### First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 44. | Defendant Nill, working in concert with Sonus's former controller, Peter Hemme, improperly recognized tens of millions dollars in revenues under a contract with Sonus's then largest customer, Qwest. | • Not sourced<br>• Conclusory<br>• Lack of transactional particularity<br>• Method/source of defendant's alleged knowledge of impropriety not identified<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment**<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

USIDOCS 5279013v1

## Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | | |
| As part of this plan, these individuals improperly recorded revenues under the Qwest contract by manipulating the supposed delivery of software releases and updates. In truth, the updates were not in fact delivered, yet Sonus nevertheless recorded revenues as though they were, in violation of SOP 97-2. | | • Not sourced<br>• Conclusory<br>• Lack of transactional particularity<br>• Defendants' knowledge of impropriety not alleged<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

## Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | According to a former Sonus vice president who had responsibility for, *inter alia*, the Company's soft switches (a significant component of the Qwest contract), "Sonus was simply gerrymandering results as to the Qwest contract." | • Impropriety of conduct alleged only in conclusory terms (e.g., "gerrymandering results")<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Defendants' knowledge of impropriety not alleged<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 45. | According to several former senior sales and technical officers and staff, including a former Sonus Vice President in charge of business development, a former sales engineer who reported directly to Sonus's Director of Engineering, and a former Vice President with responsibility for various functions within the Company's Intelligent Internet Protocol division, the misstatement of the Company's revenues resulting from these improper accounting methods was material and ongoing. | • **Conclusory**<br><br>• **Source inadequately described or not in a position to comment reliably**<br><br>• **Lack of transactional particularity**<br><br>• **Defendants' knowledge of impropriety not alleged**<br><br>• **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2**<br><br>• **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment**<br><br>• **Allegation not tied to specific purportedly false public statement**<br><br>• **Allegation not tied to any restatement** |

USIDOCS 5279013v1

**Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint**

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | For example, defendant Nill, working in tandem with former Controller Hemme, arranged for Sonus to improperly recognize $27.5 million in Q2 2002 by recording revenues on software updates which had not been delivered to Qwest in that quarter. | • **Not sourced**<br>• **Conclusory**<br>• **Lack of transactional particularity**<br>• **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2**<br>• **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment**<br>• **Allegation not tied to specific purportedly false public statement**<br>• **Incorrect description of restatement (See MTD, fn. 3)** |

Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | | • Not sourced<br>• Conclusory<br>• Lack of transactional particularity<br>• Defendants' knowledge of impropriety not alleged<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Incorrect description of restatement (See MTD, fn. 3) |
| | Similarly, the Company improperly recorded $11 million in Q4 2003 under the Qwest contract, again where the software releases had not been delivered. This unlawful practice occurred with other accounts, including a contract with ATT. | |

Summary of Relevant Deficiencies in Scienter Allegations of
First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | This improper revenue recognition practice was known, approved and condoned by defendant Nill, who, together with former Controller Hemme, tightly controlled the revenue reporting function at Sonus, under the supervision of defendant Ahmed. According to a former accounting department employee who reported directly to Hemme, Hemme "was told to get a number" in order to make the quarter by senior Company managers, including defendant Nill. | • Impropriety of conduct alleged only in conclusory terms (e.g., "told to get a number")<br><br>• Lack of transactional particularity<br><br>• Generic corporate motive insufficient for scienter (e.g., "make the quarter")<br><br>• Method/source of defendant's alleged knowledge of impropriety not identified<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 46. | A former Sonus vice president who had responsibility for, *inter alia*, preparing and interacting with Hemme on financial statement preparation, described how, in either Q3 or Q4 2001, defendant Nill, along with former Controller Hemme, had requested that an acceptance letter be sent to Michael Perruse, a former senior vice president of Engineering at Qwest. The purpose of the acceptance letter was to purportedly confirm the delivery of approximately $18 million worth of hardware and software to Qwest, pursuant to its $100 million contract with Sonus. The letter was in fact issued, under either Nill or Hemme's signature, even though the product had not been delivered, and in fact was not even ready to be delivered. Instead, the product remained in the laboratory of Sonus's Telecom Technologies, Inc. subsidiary in Richardson, Texas, after the letter had been sent to Perruse. Perruse went along with the fraud because of certain reciprocal revenue arrangements which he had entered into with Sonus. | • Conclusory<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Method/source of defendant's alleged knowledge of impropriety (e.g., alleged "non-delivery) not identified<br><br>• Knowledge of alleged impropriety (e.g., "non-delivery") not attributed/imputable to a defendant<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

- 23 -

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---------------------|--------------|
| | Letters were sent to other customers as well, including Global Crossing and XO Communications, each for the purpose of "confirming" the delivery of product or the performance of contract milestones, even though no such delivery or performance had actually occurred. In many instances, Sonus did not even have product ready to deliver at the time the revenues were booked. | • Not sourced<br>• Conclusory<br>• Lack of transactional particularity<br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |
| | According to the aforementioned source, defendant Ahmed was made aware of these improper practices in 2001, specifically with regard to the Qwest contract, but took no action to stop them. | • Conclusory<br>• Source inadequately described or not in a position to comment reliably<br>• Lack of transactional particularity<br>• Method/source of defendant's alleged knowledge of impropriety not identified |

## Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | As a result, Sonus was able to improperly book millions of dollars in revenues, in violation of GAAP and, in particular, SOP 97-2. | • Not sourced<br>• Conclusory<br>• Lack of transactional particularity<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---------------------|--------------|
| 47. | The pressure by senior management to smooth out reported revenues was known within several areas of the Company, not just by accounting personnel. For example, many members of Sonus's sales staff knew about and openly discussed senior management's attempt to create a perception of revenue linearity through the manipulation of contract deliverables. The reason is because these sales personnel were constantly under pressure by senior management to pull such deliverables from the contracts and include them instead in special "side agreements" with customers. | • Not sourced<br><br>• Impropriety of conduct alleged only in conclusory terms (e.g., "manipulation of deliverables")<br><br>• Lack of transactional particularity<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | It was known and understood by Sonus's sales staff that their commission compensation would be withheld if they failed to exclude the deliverables from the contracts. This was an issue that created ill will among the Company's sales personnel. | • **Not sourced**<br><br>• **Impropriety of conduct alleged only in conclusory terms (e.g., "exclude the deliverables")**<br><br>• **Lack of transactional particularity**<br><br>• **Defendants' knowledge of impropriety not alleged**<br><br>• **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2**<br><br>• **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment**<br><br>• **Allegation not tied to specific purportedly false public statement**<br><br>• **Allegation not tied to any restatement** |

- 27 -

# Summary of Relevant Deficiencies in Scienter Allegations of
# First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| As one former senior sales account manager, who had responsibility for Sonus's Verizon contract, stated:<br><br>"The company was pushing-out or spreading revenues across quarters to get revenue as linear as possible. This was the case with Verizon. There was always some pressure not to include all of the future deliverables. For instance, with Verizon, the 'spreading' had to do with contract maintenance terms that included software updates.<br><br>Qwest was always an account that involved some future deliverable that was pushed out some future deliverable that was pushed out quarter after quarter to get revenue as linear as possible. I believe that there was informal communication involved outside of the contact. XO Communications, I believe was another such account. Accounts such as Epana and IDT were accounts where some salespeople complained that they were not going to get their commissions because the future deliverable if left in the contract would delay the contract from being recognized." | • Impropriety of conduct alleged only in conclusory terms (e.g., "pushing out or spreading revenues")<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Generic corporate motive insufficient for scienter (e.g., "get revenue as linear as possible")<br><br>• Defendants' knowledge of impropriety not alleged<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---------------------|--------------|
| 48. | Sonus's accounting shenanigans were widespread and commonly known throughout the Company. For example, according to a former accounting department employee who reported directly to Hemme, Hemme materially overstated Sonus's reported revenues on its contract with AT&T in Q4 of 2003. He did so by manipulating the delivery of various features under the contract. According to the aforementioned source. "Hemme was taking sales into revenue that were not there." | • Impropriety of conduct alleged only in conclusory terms (e.g., "accounting shenanigans")<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Amended Complaint alleges no false public statement concerning Q4 2003 revenues<br><br>• Q4 2003 revenues never restated |

USIDOCS 5279013v1

## Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | It was also well-known and discussed among the members of the Company's accounting department – including accounting staff members Fergus Ryan, McKenzie Lyons and Richard Sharpe – that this improper conduct had occurred with the AT&T contract, among others. | • **Not sourced** <br> • **Impropriety of conduct alleged only in conclusory terms (e.g., "improper conduct")** <br> • Lack of transactional particularity <br> • Knowledge of alleged impropriety not attributed/imputable to a defendant <br> • **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2** <br> • **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment** <br> • Allegation not tied to specific purportedly false public statement <br> • Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | This topic was frequently discussed internally among staffers within the Company, and was a subject of some concern on the part of certain accounting personnel, including Ryan and Lyons. According to the aforementioned source, the Company's revenue manipulations were part of an ongoing pattern and practice at the Company. | • Conclusory<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 49. | The accounting misconduct occurred at the behest and under the direction or Sonus's senior management. Throughout the Class Period, defendant Ahmed, Sonus's CEO, knew or at a minimum was reckless in disregarding that Sonus had improperly manipulated its revenues by booking sales on software releases under the Qwest contract that were in fact not delivered at the time the revenues had been recorded. | • Not sourced<br><br>• Conclusory<br><br>• Lack of transactional particularity<br><br>• Method/source of defendant's alleged knowledge of impropriety not identified<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | Ahmed approved of the plan to "smooth out" Sonus's reported revenues because he was the person within the Company who had primary responsibility for interfacing with Wall Street analysts, and he was intent on making analysts believe and report that the Company's revenues were, for the most part, linear between reporting periods. | • Not sourced<br>• Impropriety of conduct alleged only in conclusory terms (e.g., "smooth out")<br>• Lack of transactional particularity<br>• Generic corporate motive insufficient for scienter<br>• Method/source of defendant's alleged knowledge of impropriety not identified<br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br>• Allegation not tied to specific purportedly false public statement<br>• Allegation not tied to any restatement |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of
# First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 50. | According to several former employees, including a former Account Director who reported directly to the Vice President of Sales, a former regional Sales Director who reported directly to a regional Vice President of Sales, a former regional Sales Director, and a sales engineer who reported directly to the Company's Director of Engineering, the fact that Sonus's senior management was "managing" quarterly revenues was well known and openly discussed by Sonus's personnel, including the sales and technical personnel involved with servicing the Qwest contract. These individuals knew and discussed that senior management was under pressure to report continual quarterly growth to Wall Street, notwithstanding the significant downturn in spending by major telecom companies in 2001 and 2002 and the fact that certain customers would fall out of the market from time to time, which, in the absence of defendants' ability to orchestrate the "borrowing" of revenues between quarters, would have caused severe gyrations in reported revenues. | • **Impropriety of conduct alleged only in conclusory terms (e.g., "managing," "borrowing of revenues")**<br><br>• **Source inadequately described or not in a position to comment reliably**<br><br>• **Lack of transactional particularity**<br><br>• **Generic corporate motive insufficient for scienter**<br><br>• **Knowledge of alleged impropriety not attributed/imputable to a defendant**<br><br>• **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2**<br><br>• **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment**<br><br>• **Allegation not tied to specific purportedly false public statement**<br><br>• **Allegation not tied to any restatement** |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | The pressure on salespeople not to include certain deliverables as terms in the contracts was intense and across-the-board, with salespeople being threatened with having their commissions withheld if they failed to exclude such deliverables as contract maintenance from the contracts. According to a former senior sales manager with responsibility for a significant contract with one of Sonus's larger telecom customers, at least 10 to 15 different salespeople had complained at one time or another about the overt pressure that they received from Sonus's management to improperly pullout contract deliverables and make them subject to special, undisclosed side-agreements. | • **Impropriety of conduct alleged only in conclusory terms (e.g., "improperly pullout contract deliverables")**<br><br>• **Source inadequately described or not in a position to comment reliably**<br><br>• **Lack of transactional particularity**<br><br>• **Knowledge of alleged impropriety not attributed/imputable to a defendant**<br><br>• **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2**<br><br>• **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment**<br><br>• **Allegation not tied to specific purportedly false public statement**<br><br>• **Allegation not tied to any restatement** |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of
## First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | This source also quoted Hemme as repeatedly telling salespeople that "if you can get away from not including future deliverables in contracts – do it." | • Impropriety of conduct alleged only in conclusory terms (e.g., "if you can get away from not including future deliverables in contracts – do it")<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |

USIDOCS 5279013vi

# Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| 51. | To further accommodate defendants' illegal revenue reporting scheme during the Class Period, a former Account Director who reported directly to the Vice President of Sales described how Sonus began the practice of segregating out future "deliverables" from its major contracts, including the Qwest contract, for the purpose of "pushing" reported revenues. This practice violated GAAP and SOP 97-2. Under SOP 97-2, the Company could not properly recognize revenues under the contracts if there were any unmet future obligations, including the obligation to deliver software releases, which would then render the seller's obligations under the contract incomplete or indeterminable. | • **Impropriety of conduct alleged only in conclusory terms (e.g., "segregating out future deliverables")** <br><br> • **Lack of transactional particularity** <br><br> • **Knowledge of alleged impropriety not attributed/imputable to a defendant** <br><br> • **Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2** <br><br> • **Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment** <br><br> • **Allegation not tied to specific purportedly false public statement** <br><br> • **Allegation not tied to any restatement** |

USIDOCS 5279013v1

# Summary of Relevant Deficiencies in Scienter Allegations of First Amended Consolidated Class Action Complaint

| ¶ | Scienter Allegation | Deficiencies |
|---|---|---|
| | In order to make an end-run around SOP 97-2, Sonus's senior accounting and finance management, including defendant Nill, approved of a practice of pulling out Sonus's obligations to provide future deliverables (i.e., software updates and releases) from the contracts, and instead would agree to deliver them as part of special "side deals." In this way, defendants were able to spread revenues over several reporting quarters, instead of waiting until such time that the software updates had in fact been delivered. According to the aforementioned source, this improper practice occurred in connection in the Company's contracts with Qwest, XO Communications, Epana, IDT and Verizon, among others | • Impropriety of conduct alleged only in conclusory terms (e.g., "make an end run around SOP 97-2," "side deals")<br><br>• Source inadequately described or not in a position to comment reliably<br><br>• Lack of transactional particularity<br><br>• Knowledge of alleged impropriety not attributed/imputable to a defendant<br><br>• Failure to specify initial accounting treatment and how treatment violated GAAP or SOP 97-2<br><br>• Failure to allege contemporaneous facts showing that defendants made knowingly or recklessly unreasonable accounting judgment<br><br>• Allegation not tied to specific purportedly false public statement<br><br>• Allegation not tied to any restatement |