# EXHIBIT A-1

1   MR. CERA: No, Your Honor. I would like longer
2   than that. I would like to point out, Your Honor, this is
3   the first complaint that my client has filed in this matter.
4   We are dealing with the PSLRA, a very demanding statute as
5   Your Honor knows and as apparent from Your Honor's opinions.
6   Many of these opinions have talked about how it's very
7   demanding on a plaintiff to do this.
8       We have no discovery. Cabletron talked about
9   standards to be applied in evaluating the complaint are
10  different before and after discovery. We have had
11  absolutely no discovery. We have no cooperation from the
12  issuer, no cooperation from any of the defendants. There
13  are confidential agreements that they have with respect to
14  former employees that they tried to enforce. We are doing
15  our best, Your Honor, to investigate with the tools that we
16  have at our disposal. I would like a longer period.
17      THE COURT: Wouldn't be any better if I dismissed
18  the complain and gave you leave to file again.
19      MR. CERA: Well, Your Honor, it might be in the
20  sense that we would know what the Court found to be
21  deficient.
22      THE COURT: True. What you get is a preliminary
23  read from the Court on that, and then I have to tell you is
24  what I find most objectionable about this, that there is
25  this extraordinarily demand for time and resources and

```
 1   effort on the part of the Court to function more less like
 2   the fellow behind the elephant.
 3           MR. CERA:  Your Honor, I appreciate that, and I
 4   know it's demanding.  It's a difficult area of the law, and
 5   there are tons of cases to analyze and a lot of authority
 6   but, Your Honor, the Federal Supplement and the Federal
 7   Reporter are full of decisions by courts considering
 8   complaints, analyzing them, and then pointing out in what
 9   ways they are deficient and allowing leave to amendment.  In
10   fact, some of your prior opinions have done that, and I
11   appreciate that it is burdensome on the Court.
12           Your Honor, I would certainly like to know how the
13   Court feels our complaint is deficient.
14           THE COURT:  Is there any litigant anywhere who
15   wouldn't want a preview of what the Court is going to do in
16   ruling on a particular motion?
17           MR. CERA:  Of course, Your Honor.  Of course we
18   would like that.
19           THE COURT:  So now we are talking about trying to
20   find some way, fairly but expeditiously, to resolve this
21   with a minimal amount of demand resource of all parties.
22   What happens is that there are fully briefed motions like
23   this in which you see what it is that defendants say is
24   deficient.  And then you say, what we would like is a
25   preliminary view from the Judge.  And frankly, I am not
```

1  going to do it.
2      MR. CERA: I appreciate that. I know Your Honor
3  knows that no matter what we allege in the amended
4  complaint, if we got, you know, 500 pages of specific
5  allegations from confidential witnesses, they are going to
6  say the same thing, Your Honor, no matter what we allege.
7  And ultimately we are going to --
8      THE COURT: Then you get to say the same thing
9  twice; is that right?
10     MR. CERA: No, Your Honor, because we believe we
11 are going to be able to convince you with our allegations
12 and our arguments that the complaint is sufficient under --
13     THE COURT: And I will give you the opportunity to
14 do so.
15     MR. CERA: Very well.
16     THE COURT: But not the opportunity to do so once
17 and then do so again and do so again. You've got to come to
18 rest on this --
19     MR. CERA: Your Honor, as pointed out --
20     THE COURT: -- in light of the options that have
21 been raised, which are the ones that I am going to rule on.
22     MR. CERA: Your Honor, as I pointed out, this is
23 our first complaint in this litigation. We would like a
24 minimum of 60 days.
25     THE COURT: A minimum of 60 days?

```
 1            MR. CERA:  Your Honor, because since this
 2   complaint was tendered to the court in December 2004, we are
 3   continuing to investigate this case on behalf of our client
 4   and the class.  There are new efforts being made to find
 5   sources of information, to fill in whole, so the court may
 6   find exist to satisfy the pleaing standard, that is the
 7   defendants are going to say violated no matter what we
 8   allege, that takes time.  There is no cooperation.  There is
 9   no discovery.  There are confidentiality agreements.
10            THE COURT:  You told me that, and that frankly is
11   not very much different from any other case in this posture.
12            MR. CERA:  Well, Your Honor, I am aware of cases
13   in this posture that routinely get 60 days leave to amend.
14            THE COURT:  It's not a matter of 60 days to amend.
15   The situation is you are at the motion to dismiss stage.
16   That is what the PR -- it's a critical stage in this
17   litigation, and it is within entitlement to enforce
18   discovery.  Nothing new there.
19            MR. CERA:  Right.
20            THE COURT:  That has been the case all along.  So
21   you say 60 days is going to be better?
22            MR. CERA:  I am sorry, Your Honor.
23            THE COURT:  60 days is going to be better?
24            MR. CERA:  Your Honor, we will have --
25            THE COURT:  One that you have to rise and fall on;
```

1  you understand that?
2      MR. CERA:  I hear what Your Honor is saying, Your
3  Honor, and I think we will have greater detail in that
4  complaint to the extent that we can do it, of course we
5  will.  That is our job as lawyers, and we fully intend to do
6  it.  I was prepared to argue today, Your Honor, why this
7  complaint should satisfy the Cabletron standards.  I am
8  prepared to do that, but if Your Honor preliminary
9  indication is you don't want to go into that exercise
10 because of the burden, we will take the 60 days and improve
11 it.
12     THE COURT:  I tell you what my principal concern
13 was and is, I find it an affront, frankly, to read through a
14 lengthy brief, some 45 pages long, only to be told if for
15 any reason the Court finds the allegations insufficient, we
16 respectfully request leave to amend, not because we have
17 found something new, but simply because we want a chance to
18 engage in an interim process with the Court.  And that, it
19 seems to me, is a very substantial presumption upon
20 resources of the Court.  There are other cases.  I assure
21 you there are other cases on the docket, and they require
22 attention, too.
23     MR. CERA:  Of course.
24     THE COURT:  And the idea that we get to have rough
25 drafts of resolutions isn't particularly appealing to me.

1     MR. CERA:  I appreciate that, Your Honor, and I
2  understand the Court's feelings about that.  It certainly
3  wasn't meant in any way as an affront.  It was a -- we cited
4  Your Honor's own opinion.
5     THE COURT:  Prior to which I cited the Supreme
6  Court's instruction necessary in the absence of the undue
7  delay, bad faith, dilatory motive, repeated failure to cure
8  deficiencies, undue prejudice, those are the standards.  But
9  now I am going to permit that, so that we are all going to
10 be focused on what you think your best shot is.
11    MR. CERA:  Okay.  Your Honor, I accept that.  As I
12 say, I was prepared to defend this complaint, but we will
13 give you our best shot the next time.  If we can --
14    THE COURT:  One that you are prepared to live or
15 die with; is that right?
16    I am asking this question in this way because I
17 don't want to be faced again with someone saying -- well,
18 you can always improve a complaint, which is no doubt true,
19 and at some point, it has to come to an end.
20    MR. CERA:  Your Honor, I understand.  I have been
21 practicing in this area 25 years, and this is frankly an
22 extraordinary situation, I think, for plaintiff in this
23 position because, frankly, the normal experience, the common
24 experience if you will that have I had in security
25 litigation where it has become increasingly difficult to

```
 1  state a claim for relief under the PSLRA is that courts --
 2          THE COURT:  Not in the First Circuit.  The
 3  standards of appeals are frankly what the First Circuit have
 4  been talking about for some time.
 5          MR. CERA:  I understand that, but I understand
 6  your court -- Court basically telling us today that this
 7  complaint is insufficient.
 8          THE COURT:  I haven't told you any such thing.  I
 9  asked you whether or not you are ready to go with it,
10  understanding that there will not be leave to amend if you
11  rise and fall on this complaint, and I have dismissed it.
12          MR. CERA:  Your Honor, I am not going to forego
13  the opportunity to add to this complaint.
14          THE COURT:  All right.  So that's where we are.
15          MR. CERA:  Very well.
16          THE COURT:  And I want you to understand that you
17  give me a date, and that will be the date on which you rise
18  or fall.
19          MR. CERA:  We would like 60 days, Your Honor, from
20  today.
21          THE COURT:  All right.  Now, while we are at it,
22  so you got some idea of what is on my mind, why do you need
23  to have undisclosed witnesses?  Undisclosed -- first thing
24  that is going to happen in the discovery in any case is they
25  are going to ask who introduced this unnamed vice president,
```

1  so why don't you name them?
2          MR. CERA: Your Honor, the answer to that is
3  essentially honoring a request from the witness at this
4  point in time.
5          THE COURT: Okay. You honor it at the time of
6  discovery?
7          MR. CERA: I think not, Your Honor. There is
8  disclosure obligations.
9          THE COURT: Now we are talking about when it is
10 you are going to disclose, not when.
11         MR. CERA: Your Honor, I don't feel right, if you
12 will, in being told by a witness that we prefer at this time
13 to remain anonymous for reasons that I may not be aware of.
14         THE COURT: You've got to articulate them in some
15 fashion. I mean, you know, if I am doing a search warrant,
16 I have to have some justification for unnamed informants and
17 some basis to rely upon the statement of unnamed informants.
18 So you talked to people who don't want to have their names
19 used at this time. So they are waiting to see whether or
20 not I let the complaint be amended; is that it?
21         MR. CERA: Your Honor, I don't think they are
22 thinking of it in those terms. It's very common for
23 securities complaints to have unnamed confidential sources.
24         THE COURT: I see that, and I have seen the case
25 law on it and, frankly, it's become something of an

1  epidemic, and I want to step back from that and ask a
2  question that I have actually asked of a couple other cases
3  already, which is sooner or later these people's names are
4  going to be known, unless you are unsuccessful.
5       And so exactly what I suggested earlier, this is
6  something of a game of chicken. See whether or not you can
7  make it past the initial huddle, that's various kinds of
8  procedural requirements imposed with a minimal amount of
9  effort. So --
10      MR. CERA: No.
11      THE COURT: Short of it is you are not telling,
12 not identifying who these unnamed informants are because
13 they asked you not to without having some reason for doing
14 that.
15      MR. CERA: Your Honor, first of all, I want to
16 assure the Court we are not trying to escape here with
17 minimal amount of effort, and there is no connection between
18 that and not naming the source. We made a significant
19 effort under very difficult circumstances.
20      Your Honor, the law doesn't require it at this
21 point. The First Circuit law does not require disclosure of
22 the names as long as there is other information presented in
23 the complaint that corroborates or tends to corroborate the
24 veracity of the information.
25      THE COURT: I am not saying it's required. I am

```
 1  asking why you aren't doing it.
 2          MR. CERA: Your Honor, because it's fear of
 3  retribution of some of the witnesses by the company.
 4          THE COURT: Won't there be retribution when their
 5  names are discovered?
 6          MR. CERA: It may or may not be. It's unknown. I
 7  don't know what is going to happen in the future. No one
 8  knows what is going to happen to this company or to these
 9  people. It's all speculation. If the time comes that it's
10  required to make disclosures, the disclosures will be made.
11  But at this point in time, when we are talking about
12  investigating a complaint and gathering information, and you
13  are dealing with former employees or former officers who may
14  be on bad terms with the company and expressly request at
15  this point in time --
16          THE COURT: If they are former employees on bad
17  terms with the company, is that something that should be
18  disclosed in the complaint for purposes of evaluating the
19  credibility of statements that they have made and whether or
20  not it fits together?
21          MR. CERA: That is a good question, Your Honor,
22  but I don't think it needs to be disclosed, no, and I didn't
23  mean to suggest by the way in any way, shape, or form that
24  was the situation here.
25          THE COURT: Just something that came to mind as
```

1  you were discussing it.
2          MR. CERA: I understand. Your Honor, no, I don't
3  think it needs to be disclosed. There is all kinds of
4  permutation of factual scenarios that can arise in this
5  world.
6          THE COURT: I am fully aware of that. I raise the
7  question. You are required to do it, but it's certainly
8  something that will be taken into consideration in trying to
9  piece together the degree of which this complaint meets the
10 obligation to show a strong likelihood of or make strong
11 demonstration of --
12         MR. CERA: Fair in mind -- Your Honor, we will
13 keep that in mind.
14         THE COURT: I go back to the earlier question.
15 This is simply to provide cover for the people who -- there
16 is no other justification, no one made a justification for
17 it?
18         MR. CERA: Your Honor, I think at the end of the
19 day, that's the reason. That's -- I have given you the
20 reason. I don't know what it may be in these witnesses'
21 heads. They have requested confidentiality, and I am not a
22 mind reader. I am a lawyer, operating and trying to
23 investigate, and I have agreed to honor that request.
24         THE COURT: Okay. You have in mind a perspective
25 that I have, and it's this, that from assistant attorney

1  dime me with an unnamed informant, I would ask some
2  questions to determine whether or not there was probable
3  cause, and I am not sure why I shouldn't do that here.
4  　　　　　There is of course case law out there where
5  principally from the Second Circuit, dealing with this kind
6  of issue. It is, I think, a work in progress on these
7  issues, and so I raise it so that you are not surprised if
8  in evaluating a claim in which there is simply hung out some
9  description of a job and unnamed holder of that job, that
10 not much weight is attached to assertions.
11 　　　　　MR. CERA: Very well, Your Honor. We will keep
12 that in mind. I want to assure the Court, however, that
13 these are real people, and this is real information, and if
14 the difference is going to be just providing a name and
15 that's going to tip the balance --
16 　　　　　THE COURT: Let me tell you what I have done in
17 certain cases. When I have had some question about whether
18 or not there are real people with real positions, I have
19 required that the investigative basis for it be provided to
20 me in camera.
21 　　　　　MR. CERA: Uh-huh.
22 　　　　　THE COURT: So just telling you how carefully I
23 intend to read this and have here. There are important
24 principles involved in all of this, and the use, increasing
25 use of unnamed informants seems to me to be a trend not

```
 1  necessarily to be encouraged.
 2          MR. CERA:  Okay.  We will definitely keep that in
 3  mind, Your Honor, in formulating the next complaint.
 4          THE COURT:  Okay.  All right.  So 30 days for the
 5  derivative plaintiffs to file their complaint.  Their final
 6  complaint, which is July 1.  60 days for the securities
 7  plaintiffs to file their final complaint, which is
 8  August 5th.  The responses, responsive pleading for the
 9  derivative defendants, August 5th, and the opposition by
10  August -- I know I am getting on people's vacations.
11          MR. HALSTON:  I was wondering if we could have
12  until August 15th.  I know I have two weeks of vacation
13  there, and I asked Mr. Gold and I understand he does as
14  well.
15          THE COURT:  Okay.  So August 15 for response of
16  pleadings and then September 12 for opposition reply by
17  September 23rd, we undoubtedly set it up for hearing in the
18  early part of October, but I don't see a date yet for sure
19  on the case.  With respect to the -- sorry -- review of the
20  case.  With respect to the securities case, the complaint as
21  said on August 5th, responsive pleadings.  We will make it
22  September 12.  The opposition October 10 and reply
23  October 21.  Schedule them all on the --
24          MR. HALSTON:  October.
25          THE COURT:  October 21 and I won't schedule them
```

```
1    on the same day for a hearing, we will have separate dates
2    for.
3            So the motions to dismiss are denied as moved
4    having given leave to the plaintiffs to file amended
5    complaints.  Here to address any potential deficiencies that
6    they may have identified with the understanding that that
7    will be also a complaint in both cases, and that is the
8    ruling in both cases, all right.
9            Anything else we need to deal with?
10           MR. CERA:  No.
11           THE COURT:  All right.  We will be in recess.
12           THE CLERK:  All rise.
13    (Recessed at 4:30 p.m.)
14                         *****
15              COURT REPORTER'S CERTIFICATE
16       I, TERI CELESTE GIBSON, CSR, RPR, CRR, do hereby
      certify that the foregoing pages 1 through 39, are a true
17    and accurate transcription of my stenographic notes taken in
      the above-entitled proceedings, prepared to the best of my
18    knowledge, skill, and ability at the time and place
      aforementioned.
19
20    [signature]
21    _____
      TERI CELESTE GIBSON, CSR                  DATE:  7/30/05
22    This certificate only applies to transcripts produced,
      copied, and signed by Teri Celeste Gibson, Court Reporter.
23
24
25
```