UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------------------- x
                                                              :
IN RE SONUS NETWORKS, INC. LITIGATION       :       Civil Action
                                                              :       No. 04-10294-DPW
------------------------------------------------------------- x
```

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
# OF DEFENDANT STEPHEN J. NILL'S MOTION TO DISMISS

Thomas J. Dougherty
Matthew J. Matule
Michael S. Hines
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant Stephen J. Nill

Dated: October 24, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.    BPI GLOBAL'S OWN CASE LAW CONTINUES TO
RECOGNIZE THAT RULE 9(b) OUGHT TO APPLY TO
SECTION 11 AND SECTION 12(a)(2) CLAIMS THAT "SOUND IN FRAUD" ........... 3

II.   BPI GLOBAL'S CATCH-ALL "DISCLAIMERS"
CONTINUE TO IMPERMISSIBLY ATTEMPT TO
SHIFT TO THE COURT THE BURDEN OF PARSING
THE AMENDED COMPLAINT'S PERVASIVE ALLEGATIONS OF FRAUD ............ 5

III.  BPI GLOBAL CONTINUES TO RELY ON A SINGLE, INSUFFICIENT
PARAGRAPH IN PURPORTED SUPPORT OF MR. NILL'S "KNOWLEDGE" ........... 7

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**CASES**                                               **PAGE(S)**

Cal. Public Employees' Ret. Sys. v. Chubb Corp.,
   394 F.3d 126 (3d Cir. 2004)................................................................................7

In re Cabletron Sys., Inc., 311 F.3d 11 (1st Cir. 2002) ..............................................7

Degulis v. LXR Biotechnology,
   928 F. Supp. 1301 (S.D.N.Y. 1996)..................................................................4, 5

Giarraputo v. UNUMProvident, No. Civ. 99-301-PC,
   2000 WL 1701294 (D. Me. Nov. 8, 2000)........................................................4, 5

Kensington Capital Mgmt. v. Oakley, No. SACV97-808GLTEEX,
   1999 WL 816964 (C.D. Cal. Jan. 14, 1999)......................................................4, 5

Lone Star Ladies Inv. Club v. Schlotsky's, Inc.,
   238 F3d 363 (5th Cir. 2001)................................................................................6

Lucia v. Prospect St. High Income Portfolio, Inc.,
   6 F.3d 170 (1st Cir. 1994) ...................................................................................3

In re NationsMart Corp. Sec. Litig., 130 F.3d 309 (8th Cir. 1997)............................4

In re Number Nine Visual Tech. Corp. Sec. Litig.,
   51 F. Supp. 2d 1 (D. Mass. 1999)....................................................................5, 6

Orton v. Parametric Tech. Corp., 344 F. Supp. 2d 290 (D. Mass. 2004) ..................7

Rombach v. Chang, 355 F.3d 164 (2d Cir. 2004)......................................................4

Shaw v. Digital Equip. Corp., 82 F.3d 1194 (1st Cir. 1996) .....................................3

Vess v. Ciba-Geigy Corp., USA, 317 F.2d 1097 (9th Cir. 2003) ..............................4

**OTHER AUTHORITIES**                            **PAGE(S)**

Fed. R. Civ. P. 9(b)............................................................................................passim

## **PRELIMINARY STATEMENT**[1]

BPI Global's opposition[2] with respect to its purported Section 11 and Section 12(a)(2) claims is virtually identical to the opposition papers it filed -- and unequivocally retreated from at oral argument -- during the first round of briefing.[3] Indeed, BPI Global advances, nearly verbatim, the same unsupported arguments it did previously. As with the Original Opposition, BPI Global's own authorities actually support the proposition that where -- as here -- Section 11 and Section 12(a)(2) claims are predicated exclusively on allegations of fraudulent conduct, a plaintiff must satisfy Rule 9(b)'s heightened pleading requirements. BPI Global's second attempt to save its Section 11 and Section 12(a)(2) claims merely mimics its previous briefing and, as before, simply does not refute that well-settled law.

BPI Global's continued reliance on its one-sentence, boilerplate disavowal of fraud also misses the mark. BPI Global does not (and cannot) dispute that the Amended Complaint is comprised entirely of allegations of fraudulent conduct, and that those allegations are incorporated wholesale into the Section 11 and Section 12(a)(2) claims. Indeed, BPI Global even sought to supplement those allegations when it withdrew the original complaint and elected to file the Amended Complaint. BPI Global once again contends that its attempted disclaimer (which remains unchanged from the disclaimer in the original complaint (Docket No. 103, ¶ 193)) should insulate those claims from the allegations of fraud that permeate the Amended Complaint. (Opp. at 48-49.) BPI Global is doubly wrong -- again.

---

[1] Capitalized terms herein shall have the same meaning as in the Memorandum of Law In Support of Defendant Stephen J. Nill's Motion To Dismiss (Docket No. 134) (cited as "Nill Brief at __"), filed September 12, 2005.

[2] Lead Plaintiff's Memorandum Of Law In Opposition To Defendants' Motions To Dismiss The First Amended Consolidated Complaint (Docket No. 136) (the "Opposition") (cited as "Opp. at __.").

[3] See Lead Plaintiff's Memorandum Of Law In Opposition To Defendants' Motions To Dismiss (Docket No. 119) (the "Original Opposition") (cited as "Original Opp. at __.").

First, BPI Global's purported disclaimer is generic, and does not even make an effort to disclaim any specific allegations. That alone is sufficient to find the disavowal to be ineffective. Further, even if BPI Global's attempted disavowal of fraud were deemed adequate -- and it should not be -- BPI Global nevertheless concedes that the Amended Complaint simply does not contain any allegations of negligent conduct whatsoever. Accordingly, stripping the allegations of fraud from the Amended Complaint o, as BPI Global appears to impose upon the Court to do for it, leaves nothing in the Securities Act claims for the Court to evaluate.

BPI Global also erroneously contends that the Amended Complaint complies with the strict pleading standard of Rule 9(b), and "leaves little doubt" as to Mr. Nill's "knowledge" -- and, indeed, participation -- in the alleged conduct. (Opp. at 27.) But the purported support for that mistaken assertion is entirely lacking, and certainly not found in the only specific paragraph BPI Global points to (¶ 46) of the Amended Complaint. (Id.) But, Paragraph 46 is a conclusory assertion that wholly fails to plead Mr. Nill's purported "knowledge" with the requisite specificity. Accordingly, the Amended Complaint fails as a matter of law.[4]

## ARGUMENT

On April 29, 2005, Mr. Nill filed his Reply Memorandum Of Law supporting his first motion to dismiss, further demonstrating in detail the inadequacy of the complaint and addressing with specificity the numerous deficiencies in the arguments and authorities put forth in BPI Global's Original Opposition. (See Docket No. 123.) Notwithstanding the intervening 5+ months since that filing, BPI Global's Opposition continues to fail to address any of Mr. Nill's arguments and --

---

[4] Mr. Nill adopts and incorporates the arguments and authorities in the Reply Memorandum Of Law In Further Support of Defendant Sonus' Motion To Dismiss The First Amended Consolidated Class Action Complaint concerning dismissal of the claims pursuant to Sections 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (i.e., Count I). Mr. Nill also adopts and incorporates the arguments and authorities in the Reply Memorandum Of Law In Further Support of Defendant Ahmed's Motion To Dismiss The First Amended Consolidated Class Action Complaint claims pursuant to Section 12(a)(2) of the Securities Act (i.e., Count III).

remarkably -- is nearly word-for-word identical to the Original Opposition.  Compare Opp. at 44-54 with Original Opp. at 31-42.  Indeed, BPI Global cites to the very same case law, most of which actually support Mr. Nill's contentions, not BPI Global's.  BPI Global's "cut and paste" is so extensive that the Opposition apparently contains citations to the original complaint, not the operative Amended Complaint.[5]  Nevertheless, BPI Global's arguments are just as inadequate now as they were the first time.  Accordingly, the Amended Complaint should be dismissed with prejudice and without further leave to replead.

## I.     BPI GLOBAL'S OWN CASE LAW CONTINUES TO RECOGNIZE THAT RULE 9(b) OUGHT TO APPLY TO SECTION 11 AND SECTION 12(a)(2) CLAIMS THAT "SOUND IN FRAUD"

BPI Global cites the same patchwork of cases (and, indeed, the same partial, materially incomplete quotations from those cases) that it did the first time around.  (Opp. at 44-47.)  But, far from assisting BPI Global, those cases reinforce what is settled law and wholly applicable here -- where Section 11 and Section 12(a)(2) claims "sound in fraud," a plaintiff must plead with heightened particularity:

- In Shaw v. Digital Equip. Corp., the First Circuit stated that "if a plaintiff were to establish violations of Sections 11 and 12(2) as well as the anti-fraud provisions of the Exchange Act through allegations in a single complaint of a unified course of fraudulent conduct, fraud might be said to 'lie[] at the core of the action.' . . . In such a case, the particularity requirements of Rule 9(b) would probably apply to Sections 11, 12(2) and Rule 10b-5 claims alike."  82 F.3d 1194, 1223 (1st Cir. 1996) (emphasis added) (citations omitted).[6]

---

[5]     See, e.g., Opp. at 44 n.13 (citing to Compl. "¶¶ 25, 193-199").  It appears that the correct citation should be ¶¶ 25, 196-202.  This same failure to update permeates the Opposition.

[6]     Indeed, the Lucia v. Prospect St. High Income Portfolio, Inc. plaintiffs dropped their Section 10(b) claims after the Securities Act claims -- also alleged in the same complaint -- were held to the Rule 9(b) pleading standard.  36 F.3d 170, 173 (1st Cir. 1994).

- In <u>Vess v. Ciba-Geigy Corp., USA</u>, the Ninth Circuit ruled that "in some cases, the <u>plaintiff may allege a unified course of fraudulent conduct</u> and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud' and the pleading of that claim as a whole <u>must satisfy the particularity requirement</u>." 317 F.3d 1097, 1103-04 (9th Cir. 2003) (emphasis added) (<u>Vess</u> only considered whether certain claims under California law, not Section 11 or Section 12(a)(2), need be pled with particularity).[7]

- In <u>Giarraputo v. UNUMProvident</u>, the District of Maine held that "if a plaintiff were to attempt to establish violations of Sections 11 and 12(a)(2) . . . through allegations in a single complaint of a unified course of fraudulent conduct, fraud might be said to 'lie[ ] at the core of the action.' In such a case, the pleading requirements of Rule 9(b) could be applied to claims based on Sections 11 and 12(a)(2)." Civ. A. No. 99-301-PC, 2000 WL 1701294, at *9 (D. Me. Nov. 8, 2000).

- In <u>Kensington Capital Mgmt. v. Oakley</u>, the Central District of California ruled that "the pleading with particularity requirements of Rule 9(b) only apply to 1933 Act claims when these claims are grounded in fraud." Civ. A. No. SACV-97-GLTEEK, 1999 WL 816964, at *2 (C.D. Cal. Jan. 14, 1999).

- In <u>Degulis v. LXR Biotechnology, Inc.</u>, the Southern District of New York stated that "Rule 9(b) requires particularity in 'all averments of fraud or mistake.' The rule has thus been held to apply to claims under Section 11 and 12(2) only where they sound in fraud." 928 F. Supp. 1301, 1310 (S.D.N.Y. 1996).[8]

Moreover, plaintiffs in those cases were not required to satisfy the Rule 9(b) pleading standards as to their Securities Act claims <u>not because</u> "the general rule is that 'the heightened pleading requirements of Fed. R. Civ. P. 9(b) and the PSLRA do not generally apply to Section 11 and Section 12(a)(2) claims,'" (Opp. at 45) (citation omitted), but rather -- and <u>unlike</u> the Amended Complaint -- those complaints and the allegations made in support of the claims at issue did not "sound in fraud":

---

[7]     Among the five U.S. Circuits to consider the issue, <u>only</u> the Eighth Circuit in <u>In re NationsMart Corp. Sec. Litig.</u>, 130 F.3d 309, 314 (8th Cir. 1997) failed to require the heightened pleading standard for Section 11 and Section 12(a)(2) claims that "sound in fraud."

[8]     The Second Circuit reinforced this rule most recently in <u>Rombach v. Chang</u>, 355 F.3d 164, 170-71 (2d Cir. 2004), which renders inapposite the various other Southern District of New York cases BPI Global relies upon to the contrary.

4

| Case | Complaint Did Not "Sound In Fraud" Because: | Why Inapplicable To BPI Global's Complaint: |
|---|---|---|
| Giarraputo (Opp. at 45.) | Plaintiff "appropriately separated her disclosure claims from her fraud claims in separate complaints." Giarraputo, 2000 WL 1701294, at *10 (emphasis added). This careful pleading allowed the plaintiff to "avoid tainting her disclosure claims with allegations of fraudulent conduct." Id. | BPI Global commingles disclosure claims and fraud claims against Mr. Nill in its Amended Complaint. (See, e.g., Amend. Compl. ¶¶ 5, 9, 24, 73, 75, 95; see also Nill Brief at 4-6.) |
| Kensington (Opp. at 46.) | Plaintiff pleaded only Section 11 and Section 12(a)(2) claims. Accordingly, "[p]laintiff's [c]omplaint does not contain allegations of fraud," and its claims "are not subject to the pleading with particularly requirements of Rule 9." Kensington, 1999 WL 816964, at *2. | BPI Global pleads Section 11, Section 12(a)(2) and Section 10(b) fraud claims. Moreover, the Section 11, Section 12(a)(2) and Section 10(b) claims are predicated upon identical allegations of fraudulent conduct. (Id.) |
| Degulis (Opp. at 46.) | Section 11 and Section 12(2) claims "leveled at [m]oving [d]efendants seem more clearly to sound in negligence." Degulis, 928 F. Supp. at 1310 (emphasis added). | BPI Global's Section 11 and Section 12(a) claims are based only upon "assertions" of fraud or intentional misconduct. Significantly, there are no allegations of negligence. (Id.) |

## II. BPI GLOBAL'S CATCH-ALL "DISCLAIMERS" CONTINUE TO IMPERMISSIBLY ATTEMPT TO SHIFT TO THE COURT THE BURDEN OF PARSING THE AMENDED COMPLAINT'S PERVASIVE ALLEGATIONS OF FRAUD

BPI Global argues -- yet again -- that its attempt to disclaim fraud in paragraphs 196 and 208 of the Amended Complaint is "sufficient to prevent the claim from sounding in fraud." (Opp. at 48.) BPI Global's citation to Judge Young's decision in In re Number Nine Visual Tech. Corp. Sec. Litig., 51 F. Supp. 2d 1, 12-13 (D. Mass. 1999) as alleged support for that assertion is unavailing. Both the specific disclaimer and parsed allegations in the complaint in Number Nine are readily distinguished from the boilerplate disclaimer and unified course of fraudulent conduct alleged in the Amended Complaint at issue here. In a word, Number Nine is inapposite.

The disclaimer in Number Nine was comprehensive and highly specific: although the Section 11 claim realleged all of the paragraphs that preceded it, the plaintiff expressly excluded "(a)

5

paragraphs 126-60; (b) any element of any paragraph that alleges that defendant's misconduct was done intentionally, knowingly or with reckless disregard for the truth; or (c) any element of a paragraph that otherwise sounds in fraud." (Consolidated Class Action Complaint ¶ 161, attached hereto as Exhibit A). The Number Nine plaintiff made an effort to set apart paragraphs 126-60 -- those containing specific allegations of fraud -- and labeled them "Additional Facts And Circumstances That Demonstrate That The Number Nine Defendants Acted With Scienter As To The Exchange Act Claims." (Id.) By virtue of the specific disclaimer, susceptible to parsing allegations of fraud from those based on non-fraudulent conduct, Chief Judge Young was able to identify and exclude allegations of fraud and consider the sufficiency of the remaining allegations of negligence on a stand-alone basis.

In stark contrast, BPI Global's "disclaimers" fail to even approach the tailored and specific disclaimer in Number Nine (despite having had 60 days to remedy that deficiency); they generically exclude "any allegations that could be construed as alleging fraud or intentional or reckless misconduct." (Amend. Compl. ¶¶ 196, 208.) Unlike Number Nine, BPI Global continues to fail to disclaim specific paragraphs or to plead allegations of negligence distinct from allegations of fraud. Indeed, allegations of fraud are woven throughout every paragraph -- there is no discrete section wherein allegations of negligence can be found, segregated and independently evaluated by the Court. (See, e.g., Id. ¶¶ 5, 9, 24, 72, 74, 95; see also Nill Brief at 4-6.) The Amended Complaint fails to include any allegations of negligence -- a fact that remains undisputed by BPI Global in its Opposition.

BPI Global's pleading failure impermissibly attempts to shift the task of identifying and excluding allegations of fraud to the Court. This is not acceptable. As BPI Global's own authority notes, "a district court is not required to sift through allegations of fraud in search of some 'lesser included' claim of strict liability." Lone Star Ladies Inv. Club v. Schlotsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001). Even after the 60 days BPI Global requested and received to amend the complaint,

6

BPI Global again asks this Court to further amend its deficient pleadings, but "it is not the responsibility of the District Court to serve as Plaintiffs' advocate." Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 162 (3d Cir. 2004).

### III. BPI GLOBAL CONTINUES TO RELY ON A SINGLE, INSUFFICIENT PARAGRAPH IN PURPORTED SUPPORT OF MR. NILL'S "KNOWLEDGE"

Even after the 60-day period that it was afforded to file yet another amended complaint, BPI Global continues to rely on a single conclusory and, consequently insufficient, paragraph in purported support of Mr. Nill's alleged "knowledge." (Opp. at 27.) BPI Global's reliance on paragraph 46 of the Amended Complaint hardly sustains its burden of identifying "specific facts" that make it reasonable to believe that [Mr. Nill] "knew a statement was materially false or misleading." Orton v. Parametric Tech. Corp., 344 F. Supp. 2d 290, 299 (D. Mass. 2004) (emphasis added).

The "facts" alleged in paragraph 46 are attributed to a source described as "a former Sonus vice president who had responsibility for, inter alia, preparing and interacting with Hemme on financial statement preparation . . . ." (Amend. Compl. ¶ 46.) That description is insufficient to satisfy the First Circuit's rule regarding the identification and reliability of sources. See In re Cabletron Sys. Inc., 311 F.3d 11, 29 (1st Cir. 2002). Sources must be "described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." (Id.) (emphasis added) (citation omitted). But, BPI Global does not provide the information it concedes must be provided in order for the Court to even consider what is attributed to an unnamed source.

Rather, BPI Global appears content with its continued "game of chicken," even in light of this Court's repeated warnings that "not much weight is attached to assertions" from a source "in which there is simply hung out some description of a job and unnamed holder of that job." (Trans. at 34:6; 37:7-10, attached to Nill Brief as Ex. A.) BPI Global's generic description that the confidential source "had responsibility for . . . . preparing and interacting with Hemme on financial statement

7

preparation" is simply inadequate. (Amend. Compl. ¶ 46.) Did the source ever interact with Mr. Nill? If so, when and how? What specific aspect(s) of financial statement "preparation" was the "source" allegedly responsible for? What specifically did the "source" do and in what capacity did the "source" purportedly "interact[] with Hemme?" Indeed, BPI Global provides no details that would allow the Court to evaluate -- let alone credit -- the source's knowledge and reliability, and, given the specific colloquy at the prior motion hearing (Trans. at 32:21-38:3), their absence is both striking and dispositive.

      Even if the "source" were sufficiently described -- and it plainly is not -- the "facts" attributed to his or her recollection are inadequate to overcome the Rule 9(b) pleading hurdle. BPI Global's source remains unclear what "hardware and software" Sonus failed to deliver to Qwest, when the purported delivery confirmation was sent to Qwest ("either Q3 or Q4 2001") and whether the confirmation was "issued under Nill or Hemme's signature." (Amend. Compl. ¶ 46.) Moreover, the source provides <u>no details</u> -- but for the unsupported allegation of their existence -- about the supposed letters of confirmation issued by Sonus to Global Crossing and XO Communications. (<u>Id.</u>) Those speculative, non-specific allegations are simply insufficient.

      \*                  \*                  \*

      BPI Global's Amended Complaint does not survive its knowing challenge of pleadings "chicken" (Trans. at 34:6), and, having chosen to "live or die" (Trans. at 31:11-13) by its further amended pleading, this Court ought to rule it dead and over.

## CONCLUSION

      For all the foregoing reasons, as well as those stated in the Nill Brief (Docket No. 134) and the opening and reply briefs submitted by Sonus and Ahmed (which are incorporated by reference herein), Defendant Stephen J. Nill's Motion to Dismiss (Docket No. 133) should be granted in its entirety.

8

| | |
|---|---|
| Dated: October 24, 2005<br>Boston, Massachusetts | Respectfully submitted,<br><br>/s/ Matthew J. Matule<br>Thomas J. Dougherty (BBO #132300)<br>Matthew J. Matule (BBO #632075)<br>Michael S. Hines (BBO #653943)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 573-4800<br><br>Counsel for Defendant Stephen J. Nill |

## CERTIFICATE OF SERVICE

I, Michael S. Hines hereby certify that on October 24, 2005, I caused a true copy of the foregoing Reply Memorandum Of Law In Further Support Of Defendant Stephen J. Nill's Motion To Dismiss to be served electronically via the Court's Electronic Filing System upon all counsel of record.

| | |
|---|---|
| Dated: October 24, 2005 | /s/ Michael S. Hines<br>Michael S. Hines |

9