UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually and on behalf of all others Similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SONUS NETWORKS, INC., HASSAN AHMED, PH.D. AND STEPHEN NILL, <br><br> Defendants. | Civ. Action No. 04-10294 DPW |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

In support of its September 12, 2005 Motion to Dismiss the First Amended Consolidated Class Action Complaint, Defendant Sonus Networks, Inc. ("Sonus") respectfully brings to the Court's attention the recently-issued decision in *In re Hypercom Corp. Securities Litigation*, No. CV-05-0455-PHX-NVW, Slip Op., (D. Ariz. Jan. 24, 2006). (A copy of the decision is attached hereto as Exhibit A.)

In *Hypercom*, plaintiffs alleged that, inter alia, a financial restatement by the defendant company, GAAP violations, allegations from confidential witnesses in the accounting department, and the fact that the accounting error involved a "core" product demonstrated that the Defendants acted with deliberate recklessness for purposes of the plaintiffs' federal securities claims. (Ex. A, p. 6).

1

In concluding that "Plaintiffs have failed to plead particularized facts establishing a strong inference that Defendants acted with scienter, as required by the PSLRA" (*id*., p. 17), the Court stated:

- [T]he fact that a company made an accounting error in violation of GAAP, and subsequently issued a financial restatement and a culpability statement, does not alone satisfy the PSLRA's pleading requirement. . . . Merely alleging that a GAAP violation occurred does not establish the obviousness of the incorrect classification. (*Id*., 8-9).

- Plaintiffs fail to allege any facts explaining how CW-2 [confidential witness no. 2: an accountant in Hypercom's Accounting Department] would know about Defendant Smolak's [Executive Vice President and Chief Financial and Administrative Officer] involvement with the leases and their classification for accounting purposes. Plaintiffs do not allege any facts describing CW-2's job description, other than alleging that CW-2 is an accountant. Under *Daou* [*Systems, Inc. Sec. Litig*., 411 F.3d 1006, 1015 (9th Cir. 2005)], Plaintiffs have failed to allege sufficient facts demonstrating the reliability of CW-2's allegations. Thus, CW-2's allegations do not contribute to an inference of scienter. (Ex. A, pp. 10-11). (Same for CW-3 – CW-5 (all accounting personnel), *see id*., pp. 11-13).

- In fact, in *In re Read-Rite Corp. Secs. Litig.*, 335 F.3d 843, 848-49 (9th Cir. 2003) – the case on which Plaintiffs rely for this proposition [*i.e*., fraud is presumed where it concerns a company's "core" business] – the Ninth Circuit refused to impute knowledge to Defendants based on their positions in the company. Second, even if such a "presumption" existed, it is not clear that the presumption would extend so far as to impute knowledge of the accounting principles applicable to "core" products. (Ex. A, p. 15).

- To prevail on a Section 20(a) claim, "plaintiff must first allege a violation of § 10(b) or Rule 10b-5." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002). Unless Plaintiffs plead scienter with particularity, there cannot be any Section 20(a) liability. *Id*. (Ex. A, p. 17).

2

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | SONUS NETWORKS, INC. |
|  | By its attorneys, |
|  | /s/ James W. Prendergast |
|  | James W. Prendergast (BBO #553073) |
|  | Jeffrey B. Rudman (BBO #433380) |
|  | Daniel W. Halston (BBO #548692) |
|  | Peter A. Spaeth (BBO #545202) |
|  | Wilmer Cutler Pickering Hale and Dorr LLP |
|  | 60 State Street |
|  | Boston, Massachusetts 02109 |
| Dated: March 17, 2006 | (617) 526-6000 |

## CERTIFICATE OF SERVICE

I, James W. Prendergast, hereby certify that on March 17, 2006, I caused a true copy of the foregoing Notice of Supplemental Authority to be served electronically via the Court's Electronic Filing System upon all counsel of record.

Dated: March 17, 2006          /s/ James W. Prendergast
                               James W. Prendergast

US1DOCS 5568538v1