**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| DEBORAH CHIN, Individually and on | ) | |
| behalf of all others Similarly situated, | ) | Civ. Action No. 04-10294 DPW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SONUS NETWORKS, INC., HASSAN | ) | |
| AHMED, PH.D. AND STEPHEN NILL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS SONUS NETWORK, INC.'S AND HASSAN AHMED'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Defendants Sonus Networks, Inc. ("Sonus") and Hassan Ahmed (collectively, "Defendants") move for reconsideration of the Court's legal conclusion in its May 10, 2006 Memorandum and Order ("Order") that the scienter of an individual not alleged to have made any of the allegedly false public statements at issue can be imputed to the corporation. In the alternative, Defendants move for certification of the Order for interlocutory appeal because it involves the controlling legal question of the standard for imputation of scienter to a corporate defendant. As grounds for their motion, Defendants state that:

1.      The scienter of former Sonus controller Peter Hemme cannot be imputed to Sonus because he is not alleged to have made any of the allegedly false public statements at issue or exercised any control over Sonus' financial statements, and is not alleged to have been and was not an officer of Sonus.

- 1 -

2.      There is no authority indicating how the First Circuit would rule on the question whether the scienter of a non-officer not alleged to have made any of the allegedly false public statements at issue can be imputed to a corporate defendant.

3.      The Court's order involves a controlling question of law, there is a substantial ground for difference with this Court's opinion, and adoption of the standard urged by Defendants would materially advance the termination of this litigation by resulting in dismissal of the entire case.

In support of this motion, Defendants have filed the accompanying Memorandum of Law in Support of Motion for Reconsideration of Order Denying Motions to Dismiss, or, in the Alternative, to Certify Order for Interlocutory Appeal.

WHEREFORE, for the reasons set forth more fully in Defendants' memorandum of law, Defendants respectfully request that the Court reconsider its denial of Defendants' motions to dismiss, or, in the alternative, certify its Order for interlocutory appeal.

                                        Respectfully Submitted,

                                        /s/ James W. Prendergast
                                        James W. Prendergast (BBO #553073)
                                        Jeffrey B. Rudman (BBO #433380)
                                        Daniel W. Halston (BBO #548692)
                                        Peter A. Spaeth (BBO #545202)
                                        WILMER CUTLER PICKERING HALE AND DORR LLP
                                        60 State Street
                                        Boston, Massachusetts 02109
Dated:  May 19, 2006                    (617) 526-6000

                                        Counsel for Defendant Sonus Networks, Inc.

Respectfully Submitted,

/s/  John R. Baraniak, Jr.
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Paul E. Bonnano (BBO #646838)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Dated:  May 19, 2006                     (617) 248-5000

Counsel for Defendant Hassan M. Ahmed

## CERTIFICATE OF SERVICE

On May 19, 2006, I caused a copy of this Document to be served by electronic mail via the electronic filing system upon all counsel of record.

Dated: May 19, 2006                         /s/ James W. Prendergast
                                            James W. Prendergast

US1DOCS 5665338v1