UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually and on behalf of all others Similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. AND STEPHEN NILL,<br><br>Defendants. | Civ. Action No. 04-10294 DPW |

**DEFENDANTS SONUS NETWORK, INC.'S AND HASSAN AHMED'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

In its May 10, 2006 Memorandum and Order ("Order") on Defendants Sonus Networks, Inc's ("Sonus"), Hassan Ahmed's, and Stephen J. Nill's motions to dismiss this federal securities case, this Court analyzed and rejected numerous arguments by Plaintiff that it had alleged a strong inference of scienter against Sonus' Chief Financial Officer Stephen J. Nill ("Nill") and Chief Executive Officer Hassan M. Ahmed ("Ahmed"). The Court, however, found that the case endures against Sonus itself by imputation of the alleged scienter of Sonus' controller Peter Hemme ("Hemme"), even though he was not alleged to have made any of the allegedly false public statements at issue, and even though he was not alleged to have been (and was not) an officer of Sonus. In denying the motion with respect to Sonus, the Court – based on a prediction of First Circuit law that Sonus respectfully submits is unsupported – declined to apply authority accepted by at least two other Federal Courts of Appeals and multiple District Courts holding

that the scienter of an individual not alleged to have made any of the statements at issue cannot be imputed to the corporation. As set forth herein, Sonus and Ahmed (collectively, "Defendants") respectfully request this Court to reconsider its ruling on this issue,[1] or, in the alternative, to certify its Order for interlocutory appeal because it involves the controlling legal question of the standard for imputation of scienter to a corporate defendant.

I.   ARGUMENT

   A.   **The Court Should Reconsider its Legal Conclusion that Hemme's Scienter Can be Imputed to Sonus**

As the Court acknowledged in its Order, while "[t]he First Circuit has not expressly adopted this limiting rule", several courts, including at least two Federal Courts of Appeals, have held that the scienter of corporate employees is not automatically imputed to the corporation in a Section 10(b) case. Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 366 (5th Cir. 2004) (scienter inquiry turns on state of mind of officials who make or issue statements, or approve their making or issuance); In re Apple Computer, Inc. Sec. Litig., 243 F. Supp. 2d 1012, 1023 (N.D. Cal. 2002) ("A defendant corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter. . . ."); Kinsey v. Cendant Corp., No. 04-Civ.-0582, 2004 WL 2591946, at *13 (S.D.N.Y. Nov. 16, 2004) (same as Apple);[2] see also Nordstrom, Inc. v. Chubb & Son, Inc., 54 F.3d 1424,

---

[1] Because the defendants are moving for reconsideration of the Court's ruling on the motions to dismiss, they are not filing answers at this time, but instead are seeking leave for an extension by a motion filed herewith. See Franco v. Yale Univ., No. 3:00 CV 1927, 2002 WL 63803, at *4 (D. Conn. Jan. 9, 2002) (a court should extend the time for a defendant to answer a complaint when the defendant moves for reconsideration of a denial of a motion to dismiss because "if the reconsideration leads to the dismissal of the entire complaint, there is no need for an answer").

[2] See also, e.g., Higginbotham v. Baxter Int'l, Inc., No. 04 C 4909, 04 C 7096, 2005 WL 1272271, at *8 (N.D. Ill. May 25, 2005) (to find scienter on corporation's part, "requisite scienter must be held by the corporate employee responsible for issuing the alleged misrepresentation or at least that a senior officer or director of the corporation must have the pertinent scienter"); In re Tyson Foods, Inc. Sec. Litig., No. Civ. A. 01-425-SLR, 2004 WL 139269, at *12 (D. Del. June 17, 2004) ("For a corporation to have primary liability under § 10(b) and Rule 10b-5, scienter must be present with respect to at least one of the officers or agents who made a false or misleading statement."); In re: Invision Techs., Inc. Sec. Litig., No. C04-03181 MJJ, 2006 WL 538752, at *7 (N.D. Cal. February 22, 2006) (same as Apple).

1435 (9th Cir. 1995) (rejecting concept of "collective" corporate scienter, that is, scienter based on the cumulative knowledge of the corporation's agents).[3] As demonstrated previously, under these standards, Hemme's scienter cannot be imputed to Sonus: he is not alleged to have made any of the statements at issue; he is not alleged to have exercised any control over Sonus' financial statements, in contrast to Nill and Ahmed, see Compl. ¶ 19-22, 76-77; and he is not alleged to have been (and was not) an officer of Sonus. (MTD Mem. at 12-13; Reply Mem. in Support of Mot. to Dismiss at 14-15).

The Order rejected Sonus' argument based on language in In re Stone & Webster, Inc. Securities Litigation, 424 F.3d 24, 27 (1st Cir. 2005), and In re Cabletron Systems, Inc., 311 F.3d 11, 40 (1st Cir. 2002), which the Court viewed as suggesting that the First Circuit would apply a broader standard imputing to a corporate defendant the scienter of all the corporation's agents. (Order, at 60-61). Defendants respectfully disagree. To be sure, the First Circuit has not "expressly adopted" the "limiting rule" set forth in Southland and other cases. Id. Neither, however, has the Circuit applied or endorsed a different approach. Indeed, as shown below, neither Stone & Webster nor Cabletron considered the extent to which scienter is imputed because the issue was not presented.

In Stone & Webster, the issue was whether a Section 20(a) claim survived against a bankrupt corporation's two top officers (its CEO and CFO) when the primary claims against them had been dismissed. The court observed that the theory of Section 20(a) was that officers are liable as control persons of the corporation, and noted that the dismissal of the underlying claims against the CEO and CFO was not dispositive because a primary violation by the

---

[3]  "Collective scienter" is not directly at issue here; rather, the question is whether the scienter of a *single* non-officer who did not make any challenged statements can be imputed to the corporation. The Nordstrom case was, however, an important building block for the standard articulated in Apple, Southland, and other decisions that it is the intent of the speaker, or individuals responsible for a statement, that matters for corporate scienter.

corporation "*might*" also be based on the acts of other "agents."  424 F.3d at 27 (emphasis supplied).   But the court did not discuss as a matter of doctrine *which* agents' scienter could be imputed to the corporation or under what circumstances, nor did it analyze whether such a primary violation had in fact been established on the allegations of the complaint.

In Cabletron, the First Circuit found scienter against the company based on the allegations of scienter against the individual defendants, all of whom (unlike Hemme) were officers and directors, and all of whom (unlike Hemme) signed the financial statements at issue.  See 311 F.3d at 40-41.  Thus, the language on which this Court focused (see Order, at 60-61) – "The scienter alleged against the company's agents is enough to plead scienter for the company" – is not the articulation of a general principle about imputation, but simply a description of a particular factual context not applicable here.[4]

Thus, neither decision is a good barometer on how the First Circuit would rule on the question presented here:  whether the scienter of an individual who was not a corporate officer, and who was not alleged to have made any of the statements at issue, can be imputed to the corporation.

Defendants respectfully submit that, in the absence of authority suggesting the First Circuit would rule otherwise, this Court should reconsider its views and should adopt the

---

[4]    The Court also discussed In re Warner Communications Securities Litigation, 618 F. Supp. 735 (S.D.N.Y. 1985), aff'd, 798 F.2d 35 (2d Cir. 1986). (See Order at 61).  Warner held, in a routine decision, that corporate scienter could be established by a showing that "top management" failed to establish adequate internal controls that would have prevented the dissemination of misleading information to the market.  Id. at 752.  Warner did not discuss collective scienter and did not involve a question of imputing scienter of "agents" to the corporation.  The only reason it was mentioned in Nordstrom is that plaintiffs there apparently urged that it supported the theory of collective scienter, and the Nordstrom court disagreed.  Nordstrom, 54 F.3d at 1435.  Neither Southland nor Apple cite Warner.  Thus, Warner is not especially relevant to the line of authority relied on by Sonus.

In any event, Warner does not support a finding of scienter against Hemme.  Contrary to the Court's statement on page 61 of the Order, Hemme was *not* an officer of Sonus, see Compl. ¶¶ 19-20; MTD Mem. at 12-13, and certainly was not a member of "top management."  Thus, even assuming a lack of internal controls facilitated Hemme's alleged misconduct, see Order at 61-62, that might be probative of "*top management's*" scienter, not Hemme's. (See Order, at 32).  Furthermore, in discussing the "internal controls" allegations insofar as they pertained to Nill – who *was* a member of "top management" – the court properly found those allegations *insufficient* to draw a strong inference of scienter. (Order, at 50-51).

"limiting rule" set forth in Southland and other cases. The rule is a sound one. By definition, a corporation acts only through people. Thus, when a challenged statement is made by a specific individual on behalf of the corporation, it is difficult to see how scienter can be found unless the *speaker* knew it was false, or acted with reckless disregard for its truth. See Southland, 365 F.3d at 366; Apple, 243 F. Supp. 2d at 1023.[5] Similarly, a statement issued by the corporation itself can be attributed only to individuals whose roles with respect to the making of the statement are specifically alleged. In re Lockheed Martin Corp. Sec. Litig., 272 F. Supp. 2d 928, 936 (C.D. Cal. 2002) (PSLRA requires that plaintiff seeking to attribute an organization's statements to an individual defendant state, with particularity, facts indicating defendant's direct involvement in the preparation of the allegedly misleading statements). It follows, then, that the corporation has scienter only if one or more of those individuals has scienter. Cf. Southland, 365 F.3d at 366. A contrary rule – simply imputing knowledge on the basis of general principles of agency – would lead to liability for statements made in the utmost good faith. For example, under an agency test, a corporation that announces promising test results on a drug could be held liable for fraud where, unbeknownst to any official with responsibility for making or authorizing the announcement, a low-level researcher falsified data.

---

[5] The Southland court noted that "This is consistent with the general common law rule that where, as in fraud, an essentially subjective state of mind is an element of a cause of action also involving some sort of conduct, such as a misrepresentation, the required state of mind must actually exist in the individual making (or being a cause of the making of) the misrepresentation, and may not simply be imputed to that individual on general principles of agency." 365 F.3d at 366.

### B. In the Alternative, this Court Should Certify Its Order for Interlocutory Appeal

If the Court is not inclined to reconsider, then it should certify its Order for interlocutory appeal pursuant to 28 U.S.C. 1292(b)[6] because it involves the legal issue whether the scienter of a non-officer not alleged to have made any of the statements at issue can be imputed to a corporate defendant. If resolved in Defendants' favor, such an appeal would end the litigation and avoid protracted discovery, certification proceedings, and possibly trial.[7] In light of the persuasive decisions elsewhere, yet to be addressed by the First Circuit, that would not impute Hemme's knowledge to Sonus, there certainly is a "substantial ground for difference" with this Court's opinion. See McGillicuddy v. Clements, 746 F.2d 76, 77 n.1 (1st Cir. 1984) (requirement satisfied by "difficult and pivotal question[] of law not settled by controlling authority"). Because the issue involves the appropriate legal standard for imputing scienter to a corporation, and adoption of the standard urged by Defendants would result in dismissal of the entire case, there also plainly is a "controlling question of law." See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990) ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."). Finally, for the same reasons, an immediate appeal would "materially advance the ultimate termination of the litigation." See Camacho v. P.R. Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004) (finding

---

[6] Section 1292(b) provides that a district judge shall certify an order for interlocutory appeal when such order "involves a *controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may *materially advance the ultimate termination of the litigation*." 28 U.S.C. §1292(b) (emphasis added).

[7] A finding that Hemme's scienter could not be imputed to Sonus would also defeat Section 11 and control person liability claims. See In re Credit Suisse First Boston Corp. Sec. Litig., 431 F.3d 36, 53 (1st Cir. 2005) (failure to satisfy the PSLRA standard for pleading scienter also "provides a sufficient basis upon which to affirm the district court's dismissal of the plaintiffs' section 20(a) claims"); In re Peritus Software Servs., Inc. Sec. Litig., 52 F. Supp. 2d 211, 230 (D. Mass. 1999) ("In the absence of a primary violation, secondary 'controlling person' liability cannot exist."); Order, at 29-30 (concluding that the Section 11 claims turn on whether the plaintiffs pled a strong inference of scienter): id., at 57, 58 (dismissing Section 11 claims against Nill and Ahmed based on plaintiffs' failure to sufficiently plead scienter).

"ultimate termination" prong satisfied and accepting appeal where "the litigation would benefit from prompt resolution of the question").

## II.     CONCLUSION

For the foregoing reasons, defendants Sonus and Hassan Ahmed respectfully request that the Court reconsider its denial of Defendants' motions to dismiss, or, in the alternative, certify its Order for interlocutory appeal.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | /s/ James W. Prendergast |
|  | James W. Prendergast (BBO #553073) |
|  | Jeffrey B. Rudman (BBO #433380) |
|  | Daniel W. Halston (BBO #548692) |
|  | Peter A. Spaeth (BBO #545202) |
|  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|  | 60 State Street |
|  | Boston, Massachusetts 02109 |
| Dated:  May 19, 2006 | (617) 526-6000 |
|  | Counsel for Defendant Sonus Networks, Inc. |
|  | Respectfully Submitted, |
|  | /s/  John R. Baraniak, Jr. |
|  | Robert S. Frank, Jr. (BBO #177240) |
|  | John R. Baraniak, Jr. (BBO #552259) |
|  | Paul E. Bonnano (BBO #646838) |
|  | CHOATE, HALL & STEWART |
|  | Two International Place |
|  | Boston, Massachusetts 02110 |
| Dated:  May 19, 2006 | (617) 248-5000 |
|  | Counsel for Defendant Hassan M. Ahmed |

- 8 -

## CERTIFICATE OF SERVICE

      On May 19, 2006, I caused a copy of this Document to be served by electronic mail via the electronic filing system upon all counsel of record.

| | |
|---|---|
| Dated: May 19, 2006 | /s/ James W. Prendergast |
| | James W. Prendergast |