**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

DEBORAH CHIN, Individually and on
behalf of all others Similarly situated,

        Plaintiff,

v.

SONUS NETWORKS, INC., HASSAN
AHMED, PH.D. AND STEPHEN NILL,

        Defendants.
_____

Civ. Action No. 04-10294 DPW

## DEFENDANTS SONUS NETWORK, INC.'S, HASSAN AHMED'S, AND STEPHEN NILL'S MOTION FOR EXTENSION OF TIME TO ANSWER

Defendants Sonus Networks, Inc. ("Sonus"), Hassan Ahmed, and Stephen Nill (collectively, "Defendants") move for an extension of time within which to answer the First Amended Complaint, until 10 days following final disposition of their motion to reconsider this Court's Order denying their motions to dismiss or, in the alternative, to certify for interlocutory appeal. As grounds for the motion, Defendants state:

1. On May 10, 2006, this Court denied Defendants' motions to dismiss, on the basis of its finding that scienter had adequately been alleged against Sonus' former controller Peter Hemme ("Hemme"), and that Hemme's scienter could be imputed to Sonus. In turn, the Court found that because a primary violation had been alleged as to Sonus, control person claims had been pleaded as to Messrs. Ahmed and Nill.

2.   Defendants are filing herewith a motion requesting the Court to reconsider its Order or, in the alternative, to certify the controlling legal question of whether Hemme's scienter can be imputed to Sonus for interlocutory appeal pursuant to 28 U.S.C. 1292(b).

3.   The First Amended Complaint is 122 pages in length and consists of 218 numbered paragraphs.  Preparing an answer would be a substantial burden for Defendants, and given that no discovery schedule or trial date has been set, there is no compelling reason answers need be filed within 10 days of the Court's order on the motion to dismiss.  <u>See</u> Fed. R. Civ. P. 12(a)(4)(A).   Indeed, the need to answer would be avoided altogether should the Court grant the motion for reconsideration or should the First Circuit agree with Defendants that as a matter of law, Hemme's scienter cannot be imputed to Sonus.   <u>See</u> <u>Franco v. Yale Univ.</u>, No. 3:00 CV 1927, 2002 WL 63803, at *4 (D. Conn. Jan. 9, 2002) (a court should extend the time for a defendant to answer a complaint when the defendant moves for reconsideration of a denial of a motion to dismiss because "if the reconsideration leads to the dismissal of the entire complaint, there is no need for an answer").

4.   Counsel for Sonus has attempted in good faith to resolve this motion by conferring with Plaintiff's counsel.  On or about May 12, 2006, in a telephone conversation, Sonus' counsel requested agreement to a short two-week extension for Defendants to file answers, but Plaintiff's counsel refused, stating that he would agree only on condition that Defendants not file a motion seeking reconsideration or interlocutory review.

WHEREFORE, Defendants respectfully request that this Court grant them an extension of time within which to answer the First Amended Complaint until 10 days following final disposition of their motion to reconsider or, in the alternative, to certify for interlocutory appeal.

Respectfully Submitted,

/s/ James W. Prendergast
James W. Prendergast (BBO #553073)
Jeffrey B. Rudman (BBO #433380)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Dated:  May 19, 2006                 (617) 526-6000
Counsel for Defendant Sonus Networks, Inc.

Respectfully Submitted,

/s/  Matthew J. Matule
Thomas J. Dougherty (BBO #132300)
Matthew J. Matule (BBO #632075)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
Dated:  May 19, 2006                 (617) 573-4800
Counsel for Defendant Stephen J. Nill

Respectfully Submitted,

/s/  John R. Baraniak, Jr.
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Paul E. Bonnano (BBO #646838)
CHOATE, HALL & STEWART
Two International Place
Boston, Massachusetts 02110
Dated:  May 19, 2006                 (617) 248-5000
Counsel for Defendant Hassan M. Ahmed

## CERTIFICATE OF SERVICE

I, James W. Prendergast, hereby certify that on May 19, 2006, I caused a true copy of the foregoing Motion for Extension of Time to Answer to be served electronically via the Court's Electronic Filing System upon all counsel of record.


Dated:  May 19, 2006                    /s/ James W. Prendergast
                                        James W. Prendergast

4