UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. LITIGATION | ) Civil Action No. 04-10294-DPW<br>) (Lead Case)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | )<br>)<br>)<br>)<br>)<br>) |

**LEAD PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER
DENYING MOTIONS TO DISMISS OR, IN THE ALTERNATIVE,
<u>TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL</u>**

GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera
Steven O. Sidener
Pamela A. Markert
Kenneth A. Frost
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: ( 415) 777-2230
Facsimile: (415) 777-5189

Attorneys for Lead Plaintiff
BPI Global Asset Management LLP

#114155

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.     Hemme Was An Officer And Agent Of Sonus Whose Conduct Is
              Properly Attributed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       B.     First Circuit Law Cited In The Order Compels Denial Of
              Reconsideration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       C.     The Request For Certification Under 28 U.S.C. §1292(b) Should Be
              Denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Page**

## CASES

*FDIC v. O'Flahaven*
 857 F.Supp. 154 (D.N.H. April 8, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gencorp, Inc. v. Am. Int'l Underwriters*
 178 F.3d 804 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Herman & MacLean v. Huddleston*
 459 U.S. 375 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Higginbotham v. Baxter International, Inc.*
 2005 WL 1272271 (N.D. Ill. May 25, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hollinger International, Inc. v. Black*
 844 A.2d 1022 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Apple Computer, Inc., Securities Litigation*
 243 F.Supp.2d 1012 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Cabletron Systems, Inc.*
 311 F.3d 11 (1st Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 11, 12

*In re Cardinal Health, Inc. Sec. Litig.*
 Case No. 2:04-CV-00575-ALM-NMK (S.D.Ohio May 23, 2006) . . . . . . . . . . . . . . . . . 2

*In re Friedman's Inc., Securities Litigation*
 385 F.Supp.2d 1345 (N.D. Ga. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Heddendorf*
 263 F.2d 887 (1st Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Nui Securities Litigation*
 314 F.Supp.2d 388 (D.N.J. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Stone & Webster, Inc., Securities Litigation*
 424 F.3d 24 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 11, 12

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*In re Warner Communications Securities Litigation*
 618 F.Supp.735 (S.D.N.Y. 1985) *aff'd* 798 F.2d 35 (2nd Cir. 1986) . . . . . . . . . . . . . . . 6

*McGillicuddy v. Clements*
 746 F.2d 76 (1st Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Nollet v. Justices of the Trial Court of Mass.*
 83 F.Supp.2d 204 (D. Mass. 2000) *aff'd,* 248 F.3d 1127 (1st. Cir. 2000) . . . . . . . . . . . . 5

*Nordstrom Inc. v. Chubb & Son, Inc.*
 54 F.3d 1424 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Owner-Operator Indep. Drivers Ass'n v. Arctic Express, Inc.*
 288 F.Supp.2d 895 (S.D.Ohio 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Pastula v. Lane Const. Corp.*
 2006 WL 696254 (D.Me. Mar. 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Southland Securities Corporation v. INSpire Solutions, Inc.*
 365 F.3d 353 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-10

*U.S. v. Roberts*
 978 F.2d 17 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States Securities and Exchange Commission v. Tambone*
 417 F.Supp.2d 127 (D. Mass. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATUTES, RULES AND REGULATIONS

15 U.S.C. §77k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. §78j(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

## TABLE OF AUTHORITIES
### (Continued)

**Page**

Federal Rule of Evidence 201(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Securities Act of 1933

    Section 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

Securities Exchange Act of 1934

    Section 10(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 8

## OTHER AUTHORITIES

3 William Meade Fletcher, Fletcher Cyclopedia
    of the Law of Private Corporations § 790-91 (perm. ed., rev. vol. 2002) . . . . . . . . . . . . 4

*Barron's Dictionary of Finance and Investment Terms* (1992 Ed.) . . . . . . . . . . . . . . . . . . . . . 4

Black's Law Dictionary 1119 (8th ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## I.    INTRODUCTION

Defendants Sonus Networks, Inc. ("Sonus") and Hassan Ahmed, joined by Stephen Nill,

(collectively, "Defendants") move the Court to reconsider the portion of its May 10, 2006

Memorandum and Order ("Order") finding that former Controller Peter Hemme's misconduct, as

alleged in the First Amended Consolidated Complaint ("Complaint"), can properly be attributed

to Sonus.  Pursuant to this conclusion, the Court sustained the claims against Sonus arising under

Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and Section 11 of the

Securities Act of 1933, 15. U.S.C. §77.

The motion for reconsideration is not based on any new law, nor any new evidence.  This

alone is fatal.  Rather, the motion rests on erroneous contentions about the status of Hemme

within Sonus and the conduct he is alleged to have engaged in.  Contrary to Defendants'

arguments, Hemme was unquestionably an officer and an authorized agent of Sonus whose

conduct binds the company.  Further, the Complaint alleges that his wrongful conduct led to

publication of false and misleading financial information.  These facts demonstrate that the Order

was correct in denying Sonus's motion to dismiss.  Nonetheless, Defendants try in vain to

distinguish the controlling authority from the First Circuit relied on in the Order.  In turn, they

ask this Court to create contrary new law, based on a handful of decisions from two other

circuits.  They purportedly are concerned that the Order will open the floodgates for imputation

of *scienter* based on the conduct of low-level researchers who may falsify data.  This wild

hypothesis is unfounded and bears no resemblance to the facts alleged here.  Hemme was a

senior officer of Sonus.  His conduct is properly imputed.

#114155

1

## II.    STANDARD OF REVIEW

Reconsideration is not an avenue for the unsuccessful party to reargue losing points and authorities, revisit previously addressed issues, or advance new arguments or supporting facts otherwise available when the original motion was briefed. *See Pastula v. Lane Const. Corp.*, 2006 WL 696254, at *1 (D.Me. Mar. 17, 2006). Indeed, "[m]otions for reconsideration are generally granted only where the moving party demonstrates the existence of: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law. *See Owner-Operator Indep. Drivers Ass'n v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D.Ohio 2003) (citing *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)." *In re Cardinal Health, Inc. Sec. Litig.*, Case No. 2:04-CV-00575-ALM-NMK, at 7 (S.D.Ohio May 23, 2006). While the Court always retains the inherent power to reconsider an order in the interest of justice,[1] no such circumstance exists here.

The Court made no "clear error of law." Its ruling on the contested point comports with at least two First Circuit decisions. Second, the Defendants offer no newly-discovered or previously unavailable evidence. Finally, Defendants cite no intervening change in **controlling** case law.

At bottom, Defendants' attempt to justify reconsideration falls flat. They proffer only a self-serving *scienter* attribution analysis suggesting that two binding First Circuit cases should be ignored, while other out-of-circuit authority be accorded superior status. The Defendants' thrice-

---

[1]    *See U.S. v. Roberts*, 978 F.2d 17, 21-22 (1st Cir. 1992).

argued attribution analysis (in their motion to dismiss, reply brief and the instant motion), should again be rejected. As stated by one Court, "[r]econsideration is not a vehicle for rehashing the same argument." *FDIC v. O'Flahaven,* 857 F.Supp. 154, 167 (D.N.H. April 8, 1994).

## III.    ARGUMENT

### A.    Hemme Was An Officer And Agent Of Sonus Whose Conduct Is Properly Attributed

This Court found "a strong inference of scienter can be imputed to Sonus given the allegations against its controller Hemme" and thereby denied Sonus's motion to dismiss two of the claims against it.[2] Order at 58. This Court further found that "[a]t a minimum, more senior management than Hemme recklessly failed to have a structure that would insure the dissemination of correct information in an environment where Hemme allegedly encouraged accounting fraud." Order at 61-62. The Court's conclusion that this was sufficient to sustain claims against Sonus was legally sound.

//

//

//

---

[2]    At the hearing on Defendants' Motion to Dismiss on December 7, 2005, even counsel for Sonus acknowledged the validity of the Court's conclusion re imputation:

THE COURT: Let me take this in a somewhat different direction now that you are standing up because it is a question for the defendants. If I read this complaint as demonstrating wrongdoing on the part of Mr. Hemme here, isn't that enough to draw Sonus in?

MR. RUDMAN: Yes.

*See* Ex. A to the Declaration of Solomon B. Cera (the "Cera Decl."), filed herewith.

#114155                                                                                                3

Grasping for straws, Defendants advance an implausible theory, *i.e.*, that Hemme's conduct cannot be imputed to the corporation because Hemme is only identified in the Complaint as the "controller," and not specifically as an officer. This is insufficient to support reconsideration.

The reference to Hemme in the Complaint as "controller" instead of officer is legally irrelevant. The fundamental point is that Hemme was an authorized agent of Sonus.[3] The general rule is that knowledge of officers or agents is chargeable to a corporation. It is well established that "a corporation is charged with constructive knowledge, regardless of its actual knowledge, of all material facts of which its officer or agent receives notice or acquires knowledge while acting in the course of employment within the scope of his or her authority, even though the officer or agent does not in fact communicate the knowledge to the corporation." *Hollinger International, Inc. v. Black*, 844 A.2d 1022, 1062 (2004) (citing 3 William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 790-91, at 14-18 (perm. ed., rev. vol. 2002)). Sonus is a Delaware corporation and the foregoing Delaware agency principles therefore apply.

The allegations of Controller Hemme's conduct, knowledge and intent, which can be attributed to Sonus, are set forth in detail in the Complaint, and are referred to in the Order.

---

[3]    Interestingly, *Barron's Dictionary of Finance and Investment Terms* (1992 Ed.), provides the following definition of "Controller or Comptroller": "chief accountant of a company. In small companies the controller may also serve as treasurer. In a brokerage firm, the controller prepares financial reports, supervises internal audits, and is responsible for compliance with Securities and Exchange Commission regulations." Clearly, the position of controller is a significant one, no matter what the size or nature of the company.

Order at 58-59. *See* Complaint ¶¶7, 23, 25, 46.[4] Further, in paragraph 3 of the Complaint, Lead Plaintiff identifies ten (10) allegedly false and misleading filings Sonus made with the Securities and Exchange Commission ("SEC") during the Class Period. By way of example, one such filing, Sonus's 10-Q for the quarter ending March 31, 2003, contains a Loan Modification Agreement attached thereto as Exhibit 10.1.[5] Ex. A to Request for Judicial Notice. The agreement was between Sonus and Silicon Valley Bank for a working capital line of credit in the amount of $20 million. This agreement was signed by Peter S. Hemme as Vice President and Corporate Controller of Sonus Networks, Inc. *Id.* at 9. Obviously, an individual who can commit a company to a multimillion dollar credit line is a person whose conduct can bind the

//

//

//

//

---

[4]    In *In re Friedman's Inc., Securities Litigation,* 385 F.Supp.2d 1345, 1363 (N.D. Ga. 2005), plaintiff pleaded sufficient facts as to the *scienter* of the corporation's controller such that the Court held, "Defendant Mauro's position as Controller at both companies, when combined with his alleged knowledge of the Company's true financial condition and involvement in the alleged practices at issue here, are sufficient for the Section 10(b) claims against him to survive the motion to dismiss." It is clearly not unheard of for a controller to directly participate in a securities fraud.

[5]    The SEC filings referred to herein are consecutively paginated and submitted as a part of Lead Plaintiff's Request for Judicial Notice, filed herewith. Pursuant to Rule 201(b), Fed.R. Evid., Lead Plaintiff requests that this court take judicial notice of these documents, which were obtained from the SEC's website (http://www.sec.gov). The court may properly consider these filings. *See United States Securities and Exchange Commission v. Tambone,* 417 F.Supp.2d 127, 130 (D. Mass. 2006), citing *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D. Mass. 2000) *aff'd,* 248 F.3d 1127 (1st. Cir. 2000).

company.[6]  If this were not enough, Sonus has admitted by its May 2000 Amended and Restated

By-Laws that Vice Presidents such as Hemme are in fact officers of Sonus.[7]

Furthermore, the Court held Sonus in the case based on the additional allegation that

senior management recklessly failed to have a structure in place to ensure dissemination of

accurate information.  Order at 61-62.  This allegation is not necessarily limited to named

defendants Nill and Ahmed, but also includes other individuals.  The Court's citation to *In re*

*Warner Communications Securities Litigation,* 618 F.Supp.735 (S.D.N.Y. 1985) *aff'd* 798 F.2d

35 (2nd Cir. 1986) bolsters the finding of *scienter* as to Sonus based on the fact that other senior

management (including Hemme) were reckless regarding their obligation to ensure dissemination

of correct information.  Order at 61.

Significantly, neither *In re Cabletron Systems, Inc.*, 311 F.3d 11 (1st Cir. 2002) nor *In re*

*Stone & Webster, Inc., Securities Litigation,* 424 F.3d 24 (1st Cir. 2005) stand for the proposition

that to impose Section 10(b) liability on a corporation, its agents or officials must make, issue,

order, or approve a misleading statement, or furnish information or language for inclusion

therein, contrary to the attribution criteria set forth in the *Southland Securities Corporation v.*

*INSpire Solutions, Inc*., 365 F.3d 353 (5th Cir. 2004), relied on by Defendants.  As this Court

---

[6]    Hemme signed numerous other agreements on behalf of Sonus which form a part of SEC
filings issued during the Class Period.  *See* Ex. B to the Cera Decl., which is a chart identifying
the agreements Hemme signed to bind Sonus during the Class Period.

[7]    Article IV of Sonus's By-Laws contains provisions regarding its officers.  Paragraph 4.1
identifies the officers of the Company, which includes "one or more Vice Presidents."  *See*
Request for Judicial Notice at Ex. B at 20.  Paragraph 4.8 states, "The Vice-Presidents shall
perform such duties on behalf of the Company as may be respectively assigned to them from
time to time by the Board of Directors or by the President.  *Id.* at 21.  Hemme signed numerous
agreements on behalf of Sonus as Vice President and Controller.

stated in its Order, the First Circuit has not adopted this limiting rule. Order at 60. Therefore, Hemme is not required to have had any involvement in publicly disseminated statements for his *scienter* to be attributed to the corporation. However, even if the First Circuit had imposed this narrow restriction, which it did not, the allegations in the Complaint regarding Hemme's conduct, which were cited in the Order, satisfy the *Southland* criteria. For example, Hemme was involved in the preparation of Sonus's financial statements (¶46); Hemme schemed with a former senior vice president of a customer (Qwest) confirming the delivery of $18 million of goods that had not been and were not ready to be delivered, thereby falsely inflating Sonus's revenues (¶46); Hemme materially overstated Sonus's reported revenues on a contract with AT&T during the Class Period (¶23); and Hemme repeatedly told sales people that if they could get away from not including future deliverables in contracts, to "do it!" (¶25). All of Hemme's actions, from his directions to sales personnel, to fraudulent schemes with customers, to furnishing the fraudulent revenue numbers that were included in Sonus's publicly disseminated financial statements, meet the *Southland* criteria. His alleged involvement in falsifying publicly disseminated financial data included in Sonus's financial statements clearly allows for attribution of his *scienter* to the corporation even under the more restrictive, albeit inapplicable test.

Clearly, the facts alleged here are a far cry from Defendants' hypothetical respecting attribution of *scienter* to a corporation based on the acts of a rogue, low-level researcher. The Complaint sets forth Hemme's job responsibilities and duties within Sonus, his termination for breaching Sonus's Code of Business Conduct, and cites his role in preparing false financials disseminated during the Class Period. All of this sufficiently establishes Hemme's role within the organization as an officer and agent.

**B.    First Circuit Law Cited In The Order Compels Denial Of Reconsideration**

Applying First Circuit law, the Order is clearly correct as to attribution of Hemme's

conduct to Sonus. In *Cabletron*, the First Circuit examined the facts alleged in the complaint

before it and evaluated whether a securities fraud claim had been stated as to each defendant.

*Cabletron*, 311 F.3d at 40. In analyzing the allegations against the corporate defendant, the

Court determined "[t]he scienter alleged against the company's agents is enough to plead scienter

for the company." *Id.* In *Stone & Webster*, the First Circuit came to the same conclusion from a

different angle that mirrors the allegations herein at issue. Specifically, the Section 10(b) claim

against the named officers in *Stone & Webster* was dismissed, but the First Circuit noted that "the

frauds of Stone & Webster attributable to the acts of other agents might also serve as predicates

for the §20(a) liability." *Stone & Webster*, 424 F.3d at 27.

Not satisfied with the Court's consideration of contrary case law in the Fifth and Ninth

Circuits, Defendants argue these same cases again, hoping for a different result. This Court has

already analyzed in detail *Southland, In re Apple Computer, Inc., Securities Litigation,* 243

F.Supp.2d 1012 (N.D. Cal. 2002) and *Nordstrom Inc. v. Chubb & Son, Inc.,* 54 F.3d 1424 (9th

Cir. 1995),[8] and correctly found the First Circuit *Cabletron* and *Stone & Webster* decisions to be

relevant controlling authority which allow for a different result.

The cases cited by Defendants rejected the theory of "collective scienter" that permitted

attribution of *scienter* to a corporation based on the collective knowledge of a corporation's

officers and employees, and instead required that an individual(s) within a corporation who made

---

[8]    *Nordstrom* was decided on appeal from a summary judgment, based on a fully developed
factual record. *Nordstrom*, 54 F.3d at 1427.

a false statement possess the requisite state of mind in order to attribute liability to the corporation. Order at 61.

In evaluating the Complaint, this Court also chose not to apply a theory of "collective scienter," and determined that the facts alleged as to Hemme, Sonus's Controller and an officer, were sufficient to give rise to a strong inference of *scienter* as to Sonus. Order at 59. The Court did not impose constructive knowledge based on the composite knowledge of all of Sonus's agents. Rather, this Court looked at all of the conduct of each individual identified in the Complaint, regardless of whether the individual was a named defendant, and determined that Lead Plaintiff alleged sufficient facts to attribute the knowledge and intent of a key officer, Hemme, to deny Sonus's motion to dismiss. This was correct and in keeping with controlling First Circuit law.

Defendants nevertheless assert that there is a "controlling" question of law as to whether the *scienter* of a single individual can be attributed to a company if he or she is not an "officer." As set forth above, as a factual matter, Hemme unquestionably was an officer. However, even if one were to hypothetically assume Hemme was not an officer, the cases cited by Defendants do not support their position. The *Southland* decision certainly does not make the distinction offered by Defendants, as it noted that if an agent, "with the requisite actual state of mind, makes or causes to be made a misrepresentation, the principal's vicarious liability will be determined under general rules of agency." *Southland*, 365 F.3d at 367 n.9 (citation omitted). Here, the allegations are that Hemme caused the corporation to make false statements during the Class Period. Complaint ¶¶7, 23, 25, 46. More fundamentally, for purposes of attributing *scienter* to a corporation, the court in *Southland* referred to the corporation's agents as "official or officials."

*Southland*, 365 F.3d at 366. The word "official" means, "[o]ne authorized to act for a corporation or organization, [especially] in a subordinate capacity." Black's Law Dictionary 1119 (8th ed. 2004). Hemme was irrefutably an "official," in addition to being an officer and agent.[9]

In sum, the cited case law from outside the First Circuit does not provide a compelling basis to reconsider the Order.

### C.    The Request For Certification Under 28 U.S.C. §1292(b) Should Be Denied

The Court's decision denying Sonus's motion to dismiss based on Hemme's misconduct was correct and should not be reconsidered. Hemme participated in the preparation of publicly disseminated false statements and was an officer and agent of Sonus with authority to bind the company. Attribution of his acts to Sonus is legally appropriate. Defendants now try to convert this established legal principle into a "controlling question of law as to which there are substantial grounds for difference of opinion," supposedly justifying an interlocutory appeal.

An interlocutory appeal may be appropriate when there is "one or more difficult and pivotal questions of law **not settled by controlling authority**." *McGillicuddy v. Clements,* 746 F.2d 76, 77 n.1 (1st Cir. 1984) (emphasis added). The First Circuit emphasized that only in

---

[9]    Defendants' reliance on *Higginbotham v. Baxter International, Inc.,* 2005 WL 1272271 (N.D. Ill. May 25, 2005) also is not persuasive. There the Court held that plaintiffs had not adequately alleged that the individual officers named as defendants nor any other senior officer of the corporation had the requisite *scienter. Id.* at *8. However, the *Higginbotham* Court was careful to distinguish *In re Nui Securities Litigation*, 314 F.Supp.2d 388 (D.N.J. 2004), where *scienter* against a company was upheld because the knowledge of an unnamed "senior management official," Nui's assistant general counsel, could be attributed to the company. *Id.* at *9. Thus, the *Higginbotham* Court conceded that a corporate official with the requisite *scienter* need not be named as a defendant in the action for her conduct to be attributed to the corporate defendant.

extremely unusual situations would interlocutory appeals be permitted, and went so far as to "admit our error" in allowing the interlocutory appeal at issue in the case. *McGillicuddy*, 746 F.2d at 77 n.1. Here, two First Circuit opinions, *Cabletron*, 311 F.3d 11, and *Stone & Webster*, 424 F.3d 24, allow for imputation of an agent's (let alone an officer's) *scienter* to the corporation. These controlling cases preclude any conclusion that Defendants' strained analysis of out-of-circuit authority gives rise to a "substantial ground for difference of opinion" under 28 U.S.C. §1292(b).[10]

Importantly, interlocutory review would not "materially advance the ultimate termination of the litigation," a requirement for §1292(b) certification. Instead, an appeal at this time will substantially delay ultimate termination, as it would require the parties to navigate the appellate process with regard to an issue settled by controlling First Circuit authority. For this additional reason, certification for interlocutory appeal would not be appropriate.[11]

---

[10]    Defendants define the issue for interlocutory review as "whether the scienter of a non-officer not alleged to have made any of the statements at issue can be imputed to a corporate defendant." Def. Br. at 6. As shown, Hemme was an officer. In addition, the Court correctly found that the Complaint alleged his participation in the preparation of false statements which were disseminated to the investing public. Order at 58-59. Thus, there is no real issue for interlocutory review even under Defendants' formulation.

[11]    Even assuming *arguendo* that Defendants would prevail on their proposed appeal, it would not terminate the litigation, as they erroneously state. Sonus would still be potentially liable for violating Section 11 of the Securities Act of 1933, 15 U.S.C. §77k. No *scienter* is required for liability under that statute. It imposes strict liability on an issuer for even an innocent material misstatement or omission. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983). There are no attribution issues respecting liability under this statute. The case would proceed to judgment. The appeal would not advance the termination of the litigation. To the contrary, it would needlessly prolong it.

The type of exceptional circumstances normally required for interlocutory appeal do not exist here. No novel question is raised. *In re Heddendorf*, 263 F.2d 887, 888 (1st Cir. 1959). The First Circuit has now twice addressed attributing an agent's *scienter* to a corporation. *Cabletron ,* 311 F.3d at 40; *Stone & Webster,* 424 F.3d at 27. Moreover, this Court obviously spent a great deal of time considering and analyzing the issue before entering the Order.

Lastly, the Defendants' interest in an appeal is outweighed by the policy of discouraging "piecemeal appeals." *In re Heddendorf*, 263 F.2d at 889. Defendants now seek to burden both this Court and the First Circuit with their arguments. But there is a right to appeal at the conclusion of the litigation following entry of final judgment. The First Circuit's resources are better employed on a single appeal at the conclusion of the case, dealing with all possible issues.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration, or in the alternative, certification for interlocutory appeal, should be denied.

Dated: June 2, 2006                       GOLD BENNETT CERA & SIDENER LLP

                                          By */s/Solomon B. Cera*           
                                          595 Market Street, Suite 2300
                                          San Francisco, California 94105
                                          Telephone ( 415) 777-2230
                                          Facsimile: (415) 777-5189
                                          E-mail: scera@gbcslaw.com

                                          Attorneys for Lead Plaintiff
                                          BPI Global Asset Management LLP

#114155                                                                                12

## CERTIFICATE OF SERVICE

On June 2, 2006, I caused a copy of this Document to be served by electronic mail via the electronic filing system upon all counsel of record.

Dated: June 2, 2006                    */s/ Solomon B. Cera*
                                        Solomon B. Cera

#114155                                                                      13