# EXHIBIT A

```
 1                UNITED STATES DISTRICT COURT
 2                  DISTRICT OF MASSACHUSETTS
 3     * * * * * * * * * * * * * * *
                                    *
 4     IN RE:                       *
                                    *      CA-04-10294-DPW
 5                                  *
       SONUS NETWORKS, INC.         *      CA-04-10359-DPW
 6                                  *
                                    *
 7     * * * * * * * * * * * * * * *
 8           BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
 9              UNITED STATES DISTRICT COURT JUDGE
10                         HEARING
11                     DECEMBER 7, 2005
12     APPEARANCES:
13          JOHN C. MARTLAND, ESQ., Gilman and Pastor, LLP,
            Stonehill Corporate Center, 999 Broadway, Suite
14          500, Saugus, Massachusetts  01906, on behalf of
            Michelle Burk, plaintiff in derivative case
15
            TRAVIS E. DOWNS, III, ESQ., Lerach, Coughlin,
16          Stoia & Robbins, LLP, 401 B. Street, Suite 1700,
            San Diego, California  92101, on behalf of
17          Global Undervalued Securities Master Fund
18          MICHAEL K. MATTCHEN, ESQ., Dangel & Mattchen, LLP,
            10 Derne Street, Boston, Massachusetts  02114, on
19          behalf of Michael Pisnoy, plaintiff in derivative
            action
20
            WILLEM F. JONCKHEER, ESQ., Schubert & Reed, LLP,
21          Two Embarcadero Center, Suite 1650, San Francisco,
            California  94111, on behalf of Michelle Burk,
22          plaintiff in derivative case
23          SOLOMON B. CERA, ESQ., Gold, Bennett, Cera &
            Sidener, LLP, 595 Market Street, Suite 2300,
24          San Francisco, California  94105-2835, on
            behalf of Plaintiff Movant and BPI Global
25          Asset Management
```

Page 2

```
 1    APPEARANCES (Con'd.):
 2         WILLIAM B. FEDERMAN, ESQ., Federman & Sherwood,
           120 N. Robinson, Suite 2720, Oklahoma City,
 3         Oklahoma  73102, on behalf of Daniel Williams,
           plaintiff in derivative action
 4
           DARREN J. CHECK, ESQ., Schiffrin & Barroway, LLP,
 5         280 King of Prussia Road, Radnor, Pennsylvania
           19307, on behalf of Plaintiffs
 6
           MICHAEL T. MATRAIA, ESQ., Berman, DeValerio, Pease,
 7         Tabacco, Burt & Pucillo, One Liberty Square, 8th
           Floor, Boston, Massachusetts  02109, on behalf of
 8         James Brower, plaintiff in securities action
 9         NANCY GANS, ESQ., Moulton & Gans, PC, 33 Broad
           Street, Suite 1100, Boston, Massachusetts  02109,
10         on behalf of Richard Curtis, Ronald Kassover,
           Plaintiffs
11
           JEFFREY B. RUDMAN, ESQ, DANIEL W. HALSTON, AND
12         JAMES W. PRENDERGAST, ESQ., Wilmer Cutler
           Pickering Hale and Dorr, LLP, 60 State Street,
13         Boston, Massachusetts  02109, on behalf of Sonus
           Networks, Inc.
14
           JOHN R. BARANIAK, JR., P.C., Choate, Hall &
15         Stewart, 53 State Street, Boston, Massachusetts
           02109, on  behalf of Hassan Ahmed, Defendant
16
           JOHN D. HUGHES, ESQ., Edwards, Angell, Palmer &
17         Dodge, LLP, 101 Federal Street, Boston,
           Massachusetts  02110, on behalf of Defendants Ruben
18         Gruber, Paul R. Jones, Edward N. Harris and J.
           Michael O'Hara
19
           MICHAEL J. MATULE, ESQ., Skadden, Arps, Slate,
20         Meager & Flom, LLP, One Beacon Street, Boston,
           Massachusetts  02109-2194, on behalf of Stephen J.
21         Nill, Defendant
22
23
24
25
```

DECEMBER 7, 2005>

SONUS NETWORKS, INC.>

Page 3

1
2
3
4
5
6
7
8
9
10
11
12
                                Courtroom No.  22 - 7th Floor
13                              1 Courthouse Way
                                Boston, Massachusetts 02210
14                              2:30 P.M. - 5:45 P.M.
15
16
17
18
19              Pamela R. Owens - Official Court Reporter
                   John Joseph Moakley District Courthouse
20                      1 Courthouse Way - Suite 3200
                          Boston, Massachusetts  02210
21
22
23
24
25

DECEMBER 7, 2005>

```
                                                        Page 19
 1   always have been.  And in this circuit, if Your Honor
 2   please, yes, we were the first.  I think the --
 3           THE COURT:  Hence the name.
 4           MR. RUDMAN:  Upon my word.
 5           THE COURT:  Right.
 6           MR. RUDMAN:  I think if you go back to
 7   Serabian, sir, it has always been the case that
 8   fraud by hindsight will not support the inference of
 9   scienter and that's been true for a very long time and
10   nothing has changed.
11           THE COURT:  Let me take this in a somewhat
12   different direction now that you're standing up because
13   it's a question for the defendants.  If I read this
14   complaint as demonstrating wrongdoing on the part of Mr.
15   Hemme here, isn't that enough to draw Sonus in?
16           MR. RUDMAN:  Yes.
17           THE COURT:  He hasn't been pled for whatever
18   reason.  He hasn't been pled as a defendant here.
19           MR. RUDMAN:  If I may direct your attention to
20   the reply brief, there is no such thing in this circuit
21   or any other circuit as collective scienter.
22           THE COURT:  I'm not talking about collective
23   scienter.  I guess I'm saying let's assume, for whatever
24   reason -- the way the United States Attorney's Office,
25   for instance, prosecutes co-conspirators by offering
```

7 (Pages 16 to 19)

Page 132

1  demand and their substantial likelihood of liability is
2  that that control issue was briefed by the plaintiffs in
3  both Exhibits E and Exhibits F to the first Newman
4  affidavit, Your Honor. That issue was flagged. It was
5  briefed. They filed the 8K on the Restatement. They
6  filed the SEC investigation. Judge van Gestel grappled
7  with that very issue, Your Honor. This is not just some
8  technical issue. This is an issue that at some level is
9  bounded up in substantive law of Delaware and he
10 considered it. And all we have now, if going to leap
11 past collateral estoppel -- and quite frankly, Your
12 Honor, I think the merits of their argument add nothing.
13 Because what you have is you have some generalized risk
14 factors in 2001, 2002 that they claim somehow put a
15 director on notice. You have now a dismissed securities
16 fraud complaint, Steinberg, that really turned on
17 product carrier class representations with respect to
18 products of the company.
19       THE COURT: Well, but I'm not going to --
20       MR. HALSTON: We've reached that.
21       THE COURT: I'm not going to get to it.
22       MR. HALSTON: I don't think what they've
23 presented to you adds anything to what Judge van Gestel
24 had considered.
25       THE COURT: All right.

Page 133

1       MR. JONCKHEER: If I could be heard just
2  briefly, Your Honor?
3       THE COURT: Sure.
4       MR. JONCKHEER: Judge van Gestel did not have
5  anywhere close to the factual record that's before this
6  Court. The order upon which the defendants are relying
7  in this case clearly states that he did not rely on
8  anything other than what was in that complaint.
9       THE COURT: Well, I've been back and forth on
10 this. But I think my focus is going to be simply on
11 this question of whether or not demand futility, when
12 it's been decided by a Judge on dealing with a
13 representative of a group, is binding on the group.
14 That's what I'm going to be deciding. And I don't think
15 that I'm going to get into the specifics of this.
16 Everything that you brought could have been raised in
17 the case before Judge van Gestel.
18       MR. JONCKHEER: Well, there are facts that
19 were not known at that time.
20       THE COURT: No.
21       MR. JONCKHEER: Look --
22       THE COURT: But they were not unknown.
23       MR. JONCKHEER: That's right. They reflect
24 existing conditions. I concede that, Your Honor.
25 Because that's why they can be analyzed here. It's

Page 134

1  because they reflected these new facts that have come
2  out. And they're extraordinary, Your Honor.
3       THE COURT: I'm not sure they're
4  extraordinary. They are different. But the short of it
5  is I'm not going to get to that yet until I get to the
6  question of whether or not you can distinguish yourself.
7       MR. JONCKHEER: If I could just make one
8  additional point? And that is that I think the key word
9  here is representative. The state court plaintiff is
10 not a representative. It's an individual shareholder
11 seeking to stand in the company's shoes, not seeking to
12 stand in the shoes of the other shareholders. He
13 doesn't represent some group. No court has --
14       THE COURT: Now, that goes back to the first
15 -- at some point, there is a transformation of that
16 person for res judicata purposes. That's what you
17 agreed with me when I asked the --
18       MR. JONCKHEER: Yes.
19       THE COURT: -- first hypothetical. At some
20 point, he is a representative?
21       MR. JONCKHEER: Yes.
22       THE COURT: And the question is: Is he
23 annointed when he files the lawsuit and has a
24 determination with respect to demand futility?
25       MR. JONCKHEER: And I would represent that the

Page 135

1  answer is the latter. After he establishes demand
2  futility, that's what the policy of the law is. Once
3  that's established, he's in there, Your Honor. He's the
4  man. He's the representative enforcing the
5  corporation's claims, only at that point, not before
6  that.
7       THE COURT: All right. I understand the
8  issues. I'm sorry to have kept you all so late, but
9  it's because these are very interesting issues.
10      So, thank you very much. I'll take it under
11 advisement.
12      RECESSED AT 5:45 P.M.
13
14      C E R T I F I C A T E
15      I, PAMELA R. OWENS, Official Court Reporter,
16 U. S. District Court, do hereby certify that the
17 foregoing is a true and correct transcription of the
18 proceedings taken down by me in machine shorthand and
19 transcribed by same.

36 (Pages 132 to 135)

DECEMBER 7, 2005>