UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEBORAH CHIN, Individually and on behalf of all others similarly situated, ) ) ) | Civ. Action No. 04-10294 DPW |
| Plaintiff, ) ) | |
| v. ) ) | |
| SONUS NETWORKS, INC., HASSAN AHMED, PH.D. AND STEPHEN NILL, ) ) ) | |
| Defendants. ) | |

**DEFENDANTS SONUS NETWORK, INC.'S AND HASSAN AHMED'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Plaintiff's Opposition underscores that the issue before the Court really is one of policy – whose scienter should be imputed to the corporation when it makes an allegedly false statement? Defendants previously showed that the First Circuit has not directly addressed the issue, and even Plaintiff does not seriously contend otherwise   Accordingly, the Court now has two choices:  it can retain the rule endorsed in its Order that *any* individual's scienter is imputed so long as he is an agent of the corporation, or it can reconsider and adopt (or certify for interlocutory appeal) the rule set forth in <u>Southland</u> and other cases limiting imputation to the speaker and persons responsible for the statement's making.[1]  Defendants respectfully urge the Court to follow the latter course.

---

[1] See <u>Southland Sec. Corp. v. INSpire Ins. Solutions Inc.</u>, 365 F.3d 353, 366 (5th Cir. 2004); <u>see also</u> Defs.' Mem. in Support of Mot. for Reconsideration of Order Denying Mots. To Dismiss or, in the Alternative, to Certify Order for Interlocutory Appeal ("Defs.' Mem.") at 2-3 (collecting cases).

- 1 -

I.  **ARGUMENT**

A corporation by definition acts through individuals.  When a corporate statement is not attributed to any specific individual, as is the case with the financial statements at issue here, the teaching of the "group published information" doctrine is that the statements can be deemed to have been "made" by corporate officers involved in the day-to-day management of the corporation.  See In re Sunterra Corp. Sec. Litig., 199 F. Supp. 2d 1308, 1327 (M.D. Fla. 2002); see also In re Sunbeam Sec. Litig., 89 F. Supp. 2d 1326, 1340-41 (S.D. Fla. 1999) (same).  As a matter of logic, the group of persons whose state of mind counts in assessing whether the statements were "made" with the requisite scienter should be coextensive with the group of persons who "made" the statement, or at least are specifically alleged to have been responsible for its contents.  Otherwise, the untenable situation arises that (as is the case here) a corporation could be held liable even though *none* of the individuals through whom it is alleged to have acted possessed the requisite intent to defraud.  Allowing scienter to be imputed by virtue of mere agency is a dangerous step down the slippery slope toward the universally discredited notion of "collective scienter," where the corporation's state of mind is deemed to be the sum total of every individual acting on its behalf.  See, e.g., In re Apple Computer, Inc., 127 Fed. Appx. 296, 2005 WL 752242, at *6 (9th Cir. Apr. 4, 2005) ("We have squarely rejected the concept of collective scienter in attributing scienter to an officer and, through him, to the corporation"); Southland, 365 F.3d at 366 (refusing to consider collective knowledge of company's officers and employees when evaluating company's scienter).

Not surprisingly, Plaintiff makes no effort to argue that the "agency" standard represents the better rule of law.  Nor does it make any real effort to argue that this Court is constrained from adopting the Southland rule by the isolated phrases in Stone & Webster and Cabletron,

none of which directly addressed the imputation issue presented here (see Defs.' Mem. at 3-4). Instead, Plaintiff focuses on two points: (1) that Hemme really was an "officer" of Sonus because his title included the words "Vice President" – a fact not alleged in the Complaint; and (2) that even under a Southland-type rule, enough is alleged to impute Hemme's scienter to Sonus. Neither point has merit.

Hemme's precise title is a red herring, because the mere incantation of the words "Vice President" or even "officer" adds nothing to the analysis. Courts have rejected attempts to find that "Vice Presidents," solely by dint of their titles, are within the group of core officers to whom corporate statements can be attributed under the group published information doctrine. See Sunterra, 199 F. Supp. 2d at 1315, 1328 (two Vice Presidents and officers were outside group published information doctrine when there were no allegations that they had signed allegedly fraudulent filings, were in positions of control over content of the filings, or were involved in day-to-day management of company); In re Oak Tech. Sec. Litig., No. 96-20552, 1997 WL 448168, at *11 (N.D. Cal. Aug. 1, 1997) (Vice Presidents included in doctrine only if they are "involved in the day-to-day affairs of [the corporation] in general," and "in the preparation of its financial statements in particular").[2] Vice President or not, if the financial statements at issue cannot even be attributed to Hemme in the first instance – in other words, he cannot be deemed to have "made" them – then it defies reason that his state of mind should be included in the

---

[2]  In keeping with the same reluctance to give talismanic significance to titles alone, courts have refused to find "scienter by status," even where the individuals involved are the highest-ranking officers in a corporation. See In re Stone & Webster, Inc. Sec. Litig., 414 F.3d 187, 199 (1st Cir. 2005) (refusing to infer from title alone that CFO or CEO was aware of alleged fraud); In re Bio-Tech. Gen. Corp. Sec. Litig., 380 F. Supp. 2d 574, 578 n.3, 585 (D.N.J. 2005) (allegations premised solely on defendants' positions as CEO/Chairman of the Board, CFO/Vice President of Finance, and Treasurer/Senior Vice President of Finance failed to create strong inference of individuals' scienter).

assessment of whether those statements were "made" with scienter.[3]  Yet the Court's Order necessarily adopts this fundamental disconnect.

Plaintiff's argument that it prevails under Southland is equally off the mark.  First, this Court must already have concluded that Hemme's alleged scienter could not be imputed to Sonus if Southland were the standard; otherwise, the discussion of whether Stone & Webster and Cabletron constrained the Court from adopting the "limiting" rule (Order, at 59-62) would have been completely unnecessary.  Indeed, although Plaintiff searches for any tenuous thread in the Complaint tying Hemme to the making of the alleged misstatements, it concedes that its case for imputation rests on simple agency – "[t]he fundamental point" is that "Hemme was [allegedly] an authorized agent of Sonus." (Opp., at 4).

Second, the sketchy allegations against Hemme clearly do not satisfy Southland.  Specifically, Plaintiff claims that paragraphs 46, 48, and 50 of the Complaint meet the Southland criteria.[4]  (Opp., at 7).  As an initial matter, the Court concluded that the allegations in paragraph 46 suffered from a "fundamental flaw" because the confidential source was not described with sufficient particularity.  (Order, at 55).   Aside from this "fundamental flaw," each of these paragraphs merely alleges Hemme's purported misconduct in manipulating the timing and

---

[3]     Whether or not Hemme was a Vice President, Sonus in its SEC filings did not identify him as a Section 16 officer.  (See Def. Sonus' Mem. in Support of Mot. to Dismiss at 12-13, and affidavit attachments cited therein). Section 16 of the Securities Exchange Act requires "directors," "officers" and "principal stockholders" of a company to file statements of beneficial ownership of and follow other conditions on the purchase and sale of that company's securities.  See 15 U.S.C.A. § 78(p).  Even if Hemme were a "Vice President" or an "officer," his title alone would not determine whether he qualified as an officer under Section 16.  See C.R.A. Realty Corp. v. Crotty, 878 F.2d 562, 566-67 (2d Cir. 1989) (individual's functions and access to inside information, rather than his title as vice president, determined whether he was an officer under § 16(b)); Colby v. Klune, 178 F.2d 872, 875 (2d Cir. 1949) ("[T]he functions of a 'vice president' or 'comptroller' are not so well settled to be self-evident, and there is need for evidence concerning those functions. . . .  The question [under § 16(b)] is what this particular employee was called to do in this particular company. . . .") (cited approvingly in Wolf v. Weinstein, 372 U.S. 633, 652 n.19 (1963)).

[4]     Plaintiff erroneously cites paragraph 23 of the Complaint instead of paragraph 48, and paragraph 25 instead of paragraph 50.  (See Opp., at 7).

acceptance of deliverables under certain customer sales contracts that may have produced revenues reported in public filings. Hemme's involvement in and even alleged misconduct in relation to these various contracts, however, is not sufficient under <u>Southland</u> to impute his scienter to the corporation because these allegations do not show that Hemme was thereafter involved with making any of the allegedly false public statements at issue.[5] Indeed, the Complaint makes no such allegation with any particularity.[6] Any other conclusion would permit an attribution of scienter to the company based on the state of mind of any employee in any way involved with that company's sales contracts.

      Weakly, Plaintiff suggests that paragraph 46 meets the <u>Southland</u> standard because it also conclusorily states that Hemme "was involved in the preparation of Sonus's financial statements." (Opp., at 7). Plaintiff, however, included this statement in paragraph 46 only in the insufficiently detailed description of the confidential source, which states that the source "had responsibility for, *inter alia*, preparing and interacting with Hemme on financial statement preparation." This is Plaintiff's sole citation to anywhere in the Complaint alleging any sort of role on Hemme's part in Sonus's financial statements, and even then the specific allegedly misleading financial statements are not identified. Moreover, the paragraph contains no detail whatsoever about the level of Hemme's involvement in financial statement preparation or in making such statements public. To satisfy <u>Southland</u>, Plaintiff would have to particularize that Hemme had a significant level of involvement with the financial statements, and what that

---

[5]     For the same reason, the agreements mentioned in Plaintiff's request for judicial notice also fail to support an imputation of Hemme's scienter to Sonus. (<u>See</u> Opp., at 5-6 & n.6; Pl.'s Request for Judicial Notice). In fact, the request for judicial notice itself demonstrates that Plaintiff does not believe that the Complaint adequately alleges Hemme's involvement in the statements at issue here.

[6]     It is well understood that the PSLRA requires that Plaintiff plead a "strong inference" of scienter. It necessarily follows that if Sonus' purported scienter is to based on imputation of Hemme's state of mind, then the facts of that imputation must be pled with the same requisite particularity necessary to meet the PSLRA's "strong inference" standard.

involvement was.  See Southland, 365 F.3d at 366.  The single, vague allegation in paragraph 46, included only in the description of the confidential source, fails to satisfy this standard.[7]  Hemme's status as controller, without allegations linking him to the statements at issue, does not cure this fatal defect.  See Southland, 365 F.3d at 366; cf. Maldonado v. Dominguez, 137 F.3d 1, 9-10 (1st Cir. 1998) (insisting on specific factual allegations and refusing to draw inferences solely based on an individual's position).[8]

## II.  CONCLUSION

For the reasons set forth above and in Defendants' Memorandum in Support of Motion for Reconsideration or Certification for Interlocutory Appeal, defendants Sonus and Hassan Ahmed respectfully request that the Court reconsider its denial of Defendants' motions to dismiss, or, in the alternative, certify its Order for interlocutory appeal.

---

[7]     The suggestion (Opp., at 3 n.2) that Sonus conceded at oral argument that Hemme's scienter can be imputed to it is wrong.  The excerpted question and answer were in the context of what was otherwise a lengthy discussion of liability under Section 20(a), not primary liability or imputation.  And counsel for Sonus immediately referred to Sonus' brief where it had taken issue with imputing Hemme's scienter.  (See Transcript of December 7, 2005 Hearing, at 17-22, attached hereto as Exhibit A).

[8]     Although Plaintiff asserts that scienter on Sonus' part is "bolster[ed]" by the alleged recklessness of "senior management" in establishing sufficient internal controls to ensure the dissemination of correct information (Opp., at 6), the only senior managers that the Complaint identifies are Ahmed and Nill.  But as to them, the Order finds that "the Complaint does not allege any particularized facts to support a finding that the individual Defendants were reckless when they certified that they had examined the Company's internal controls and believed they were adequate." (Order, at 32).

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  |  |
|  | /s/ James W. Prendergast |
|  | James W. Prendergast (BBO #553073) |
|  | Jeffrey B. Rudman (BBO #433380) |
|  | Daniel W. Halston (BBO #548692) |
|  | Peter A. Spaeth (BBO #545202) |
|  | WILMER CUTLER PICKERING HALE AND DORR LLP |
|  | 60 State Street |
|  | Boston, Massachusetts 02109 |
| Dated:  June 8, 2006 | (617) 526-6000 |
|  |  |
|  | Counsel for Defendant Sonus Networks, Inc. |
|  |  |
|  | /s/  John R. Baraniak, Jr. |
|  | Robert S. Frank, Jr. (BBO #177240) |
|  | John R. Baraniak, Jr. (BBO #552259) |
|  | Paul E. Bonnano (BBO #646838) |
|  | CHOATE, HALL & STEWART |
|  | Two International Place |
|  | Boston, Massachusetts 02110 |
| Dated:  June 8, 2006 | (617) 248-5000 |
|  |  |
|  | Counsel for Defendant Hassan M. Ahmed |

## CERTIFICATE OF SERVICE

On June 8, 2006, I caused a copy of this Document to be served by electronic mail via the electronic filing system upon all counsel of record.

| | |
|---|---|
| Dated: June 8, 2006 | /s/ James W. Prendergast |
| | James W. Prendergast |

- 7 -