## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————
)
DEBORAH CHIN, Individually and on        )
behalf of all others similarly situated,        )          Civ. Action No. 04-10294 DPW
)
      Plaintiff,        )
)
v.        )
)
SONUS NETWORKS, INC., HASSAN        )
AHMED, PH.D. AND STEPHEN NILL,        )
)
      Defendants.        )
—————————————————————)

## SONUS NETWORKS, INC.'S ANSWER TO CONSOLIDATED
## AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Sonus Networks, Inc. ("Sonus" or

the "Company"), hereby responds to the First Amended Consolidated Class Action Complaint,

dated August 5, 2005 ("Complaint"). In responding to the Complaint, Sonus does not admit that

it bears the burden of proving any of the defenses set forth below, nor the relevance of any of

plaintiff's allegations. To the extent not explicitly admitted, all allegations of the Complaint are

denied.

## FIRST DEFENSE

Sonus denies each allegation except where specifically admitted, and in every respect

denies liability, denies that it engaged in any improper conduct and denies that plaintiff is

entitled to relief. Sonus is presently without knowledge or information sufficient to form a belief

as to the truth of the allegations concerning plaintiff's unidentified sources, including whether

the source(s) actually provided the information attributed to them.  Sonus responds to the specifically numbered allegations of the Complaint as follows:

The first unnumbered introductory paragraph in the Complaint is a summary of the purported basis for plaintiff's allegations to which no response is required.  To the extent that a response is required, Sonus denies each and every allegation contained therein.

In addition, no response is required to the unnumbered headings and titles in the Complaint, which consist of plaintiff's characterizations of this action.  To the extent that a response is required, Sonus denies each and every allegation contained therein.

1.      With respect to Paragraph 1, no response is required to the allegations of that paragraph, which sets forth plaintiff's characterization of that action and consists of legal conclusions.  To the extent that this paragraph purports to contain factual allegations requiring a response, Sonus admits that plaintiff asserts that this a federal class action asserting claims under the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act").  Sonus denies that any acts occurred to give rise to violation of these Acts or any other securities laws, and further denies that this action may be properly maintained as a class action.  Sonus otherwise denies each and every allegation in Paragraph 1.

2.      With respect to Paragraph 2, no response is required to the allegations concerning the Company's revenue, accounting and financial results during the putative Class Period, which are set forth in publicly filed financial statements that speak for themselves.  To the extent that a response is required, Sonus denies that plaintiff completely and accurately construes and characterizes those statements.  Sonus otherwise denies each and every allegation in Paragraph 2.

3.      With respect to Paragraph 3, Sonus admits that it filed the ten (10) Securities and Exchange Commission ("SEC") filings named therein, but denies that it filed a Prospectus

Supplement on April 21, 2003.  Sonus admits, however, that it filed this document on April 22, 2003.  Sonus further admits that the Company filed the other documents referenced in Paragraph 3 on the dates set forth in Paragraph 3.  No response is required to the extent that the allegations of Paragraph 3 purport to construe or characterize those documents, which speak for themselves.  Sonus denies that Paragraph 3 completely and accurately construes and characterizes those documents.  Sonus otherwise denies each and every allegation in Paragraph 3.

      4.      With respect to Paragraph 4, Sonus admits that on February 11, 2004 it issued a press release.  No response is required to the extent that the allegations of Paragraph 4 purport to construe or paraphrase the release, which speaks for itself.  Sonus denies that Paragraph 4 completely and accurately construes and paraphrases the release.  Sonus admits that its stock price on February 11, 2004 opened at $7.54 per share, and closed the following day at $5.39 share, and admits that the difference between those opening and closing share prices is approximately 28.5%.  Sonus further admits that its stock price on March 29, 2004 closed at $3.92 per share.  Sonus also admits that its stock price on January 20, 2004 closed at $9.91, and that $9.91 represents the highest closing stock price during the putative Class Period.  Sonus specifically denies that any person or entity purchased Sonus stock at artificially inflated prices during the putative Class Period, and denies that any person or entity was damaged.  Sonus admits that the Company filed a Form 10-K/A on July 28, 2004, and that it therein restated certain financial results for the years ending December 31, 2001 and December 31, 2002, and for the third quarter of 2003.  Sonus further admits that it filed a Form 10-Q, for the quarterly period ended March 31, 2004, on July 28, 2004, and that it therein restated certain financial results for the first quarter of 2003.  Sonus admits that it filed a Form 10-Q, for the quarterly period ended

June 30, 2004, on August 20, 2004 and that it therein restated certain financial results for the second quarter of 2003. Sonus also admits that it filed a Form 10-Q for the quarterly period ended September 30, 2004, on November 9, 2004, and that it therein restated certain financial results for the third quarter of 2003. Sonus otherwise denies each and every allegation in Paragraph 4.

5.    With respect to Paragraph 5, Sonus denies each and every allegation in Paragraph 5.

6.    With respect to Paragraph 6, Sonus denies each and every allegation in Paragraph 6.

7.    With respect to Paragraph 7, Sonus admits that it terminated the employment of former employee Peter Hemme, who served as Sonus' Controller. Sonus also admits that it has, from time to time, terminated the employment of other employees of the Company. Sonus specifically denies, however, that Sonus made any knowing misstatements at any time. Sonus further denies that any Sonus personnel were involved in "manipulating Sonus's reported revenues during the [putative] Class Period" or at any other time. Sonus admits that Stephen Nill ("Mr. Nill") left his position as CFO in April 2004. Sonus further admits that Mr. Nill subsequently left the Company. To the extent that plaintiff purports to construe and characterize Mr. Nill's departure, or the reasons therefore, Sonus denies the allegations of Paragraph 7. Sonus admits that it was delisted from the NASDAQ Market System on August 13, 2004. Sonus lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to non-party NASDAQ's internal business decisions or reasoning relating to such delisting, and on that basis denies them. Sonus otherwise denies each and every allegation in Paragraph 7.

8.    With respect to Paragraph 8, no response is required to the allegations of that paragraph, which consist of plaintiff's legal conclusions and characterizations of the Generally Accepted Accounting Principles ("GAAP") and Accounting Principles Board Opinion No. 20, *Accounting Changes*.  To the extent that Paragraph 8 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 8.

9.    With respect to Paragraph 9, Sonus admits that its stock price closed at $2.62 on March 28, 2002, the beginning of the putative Class Period, at $9.91 on January 20, 2004, and at $3.92 on March 29, 2004.  Sonus denies, however, that March 29, 2004 was within the putative Class Period.  Sonus specifically denies that any person or entity purchased Sonus stock at artificially inflated prices during the putative Class Period, and denies that any person or entity was damaged.  Sonus otherwise denies each and every allegation in Paragraph 9.

10.    With respect to Paragraph 10, no response is required to the allegations of that paragraph, which consist of legal conclusions and plaintiff's characterization of this action.  To the extent that Paragraph 10 purports to contain factual allegations requiring a response, Sonus admits that plaintiff purports to bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5, and Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§77k, 771(a)(2) and 77o.  Sonus further answers that plaintiff's purported Section 12(a)(2) against all defendants, and its purported Sections 10(b) and 11 claims against Messrs. Ahmed and Nill, claims have been dismissed pursuant to this Court's Order dated May 10, 2006.  Sonus otherwise denies each and every allegation in Paragraph 10.

11.     With respect to Paragraph 11, no response is required to the allegations of that paragraph, which consist of legal conclusions regarding this Court's jurisdiction.  To the extent that a response is required, Sonus denies each and every allegation in Paragraph 11.

12.     With respect to Paragraph 12, no response is required to the allegations of that paragraph, which consist of plaintiff's legal conclusions with respect to venue.  To the extent that Paragraph 12 purports to contain factual allegations requiring a response, Sonus denies the allegations in the second sentence of Paragraph 12.  Sonus admits that it maintains its corporate headquarters in Chelmsford, Massachusetts.  Sonus otherwise denies each and every allegation in Paragraph 12.

13.     With respect to Paragraph 13, no response is required to the allegations of this paragraph, which consist of legal conclusions.  To the extent that Paragraph 13 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 13.

14.     With respect to Paragraph 14, Sonus admits that the Court appointed BPI Global as Lead Plaintiff pursuant to Section 21D of the Exchange Act, 15 U.S.C. §78u-4, by an Order dated August 10, 2004.  Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the purchases of securities by BPI Global.  Sonus specifically denies that any person or entity acquired Sonus stock at artificially inflated prices or that any person or entity was damaged.  Sonus otherwise denies each and every allegation in Paragraph 14.

15.     With respect to Paragraph 15, Sonus admits that it is a Delaware corporation with its principal executive offices located at 250 Apollo Drive, Chelmsford, Massachusetts.  Sonus admits that it is a leading provider of packet voice infrastructure solutions for wireline and

wireless service providers. Sonus further admits that it offers a new generation of carrier-class switching equipment and software that enable telecommunications service providers to deliver voice services over packet-based networks. Sonus otherwise denies each and every allegation in Paragraph 15.

16. With respect to Paragraph 16, Sonus admits that Hassan M. Ahmed ("Mr. Ahmed") assumed the position of CEO of the Company in November 1998, and held such position throughout the putative Class Period. Sonus further admits that Mr. Ahmed became Chairman of the Board of Directors in April 2004. Sonus admits that Mr. Ahmed owned 8,845,498 shares of Sonus stock as of May 31, 2004. Sonus further admits the allegations contained in the third and fourth sentences of Paragraph 16. No response is required to the allegations of Paragraph 16 concerning plaintiff's characterizations of Mr. Ahmed's legal duties or alleged violations thereof, which consist of legal conclusions. Sonus otherwise denies each and every allegation in Paragraph 16.

17. With respect to Paragraph 17, Sonus admits that Mr. Nill served as its CFO, Vice President of Finance and Administration, and Treasurer during the putative Class Period. Sonus further admits that Mr. Nill served as Sonus' CFO from September 1999 until April 2004, and Treasurer from 2000 until April 2004. Sonus further admits that Mr. Nill later served as Vice President of Operations. Sonus further admits that Mr. Nill later left the Company. Sonus further admits the allegations contained in the third and fourth sentences of Paragraph 17. No response is required to the allegations of Paragraph 17 concerning plaintiff's characterizations of Mr. Nill's legal duties or alleged violations thereof, which consist of legal conclusions. To the extent that plaintiff purports to construe and characterize Mr. Nill's changes in position or

departure from the Company, Sonus denies the allegations of Paragraph 17. Sonus otherwise denies each and every allegation in Paragraph 17.

18.    With respect to Paragraph 18, no response is required to the allegations of Paragraph 18, which purport to describe and construe the allegations of the Complaint.

19.    With respect to Paragraph 19, Sonus admits that at certain times Mr. Ahmed and Mr. Nill, to the extent consistent with their roles, had access to certain internal corporate documents (including SEC filings and press releases), spoke to other corporate personnel, and had access to certain reports and other information provided to them in connection with the business of the Company. No response is required to the allegations of Paragraph 19 concerning plaintiff's characterizations of Sonus' legal duties or alleged violations thereof, which consist of legal conclusions. Sonus otherwise denies each and every allegation in Paragraph 19.

20.    With respect to Paragraph 20, no response is required to those allegations of that paragraph, which consist of plaintiff's legal conclusions as to whether the Individual Defendants in this action may be treated as a "group" for pleading purposes. To the extent that Paragraph 20 purports to contain factual allegations requiring a response, Sonus admits that Mr. Ahmed and Mr. Nill held the positions set forth in Paragraph 16 and 17, respectively, and incorporates by reference its responses to those paragraphs and to Paragraph 19. Sonus otherwise denies each and every allegation in Paragraph 20.

21.    With respect to Paragraph 21, no response is required to the allegations of that paragraph concerning plaintiff's characterizations of Sonus' legal duties or alleged violations thereof, which consist of legal conclusions. To the extent that this paragraph purports to contain factual allegations requiring a response, Sonus admits that during the putative Class Period,

Sonus' stock was traded on the NASDAQ, and governed by the provisions of the federal securities laws. Sonus otherwise denies each and every allegation in Paragraph 21.

22.     With respect to Paragraph 22, Sonus admits that during the putative Class Period Mr. Ahmed and Mr. Nill participated in the preparation of various public communications made by Sonus to the extent appropriate to their positions and had access to certain internal Company information. Sonus otherwise denies each and every allegation in Paragraph 22.

23.     With respect to Paragraph 23, Sonus denies each and every allegation in Paragraph 23.

24.     With respect to Paragraph 24, Sonus denies each and every allegation in Paragraph 24.

25.     With respect to Paragraph 25, no response is required to the allegations of that paragraph, which consist of legal conclusions and plaintiff's characterization of this action. To the extent that Paragraph 25 purports to contain factual allegations requiring a response, Sonus admits that plaintiff asserts that this is a putative class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a purported class, and that plaintiff further asserts that it brings this action on behalf of a purported subclass for purposes of its alleged claims under Sections 11 and 12(a)(2) of the Securities Act. Sonus further answers that plaintiff's purported Section 12(a)(2) claims against all defendants, and its purported Section 11 claims against Messrs. Ahmed and Nill, have been dismissed pursuant to this Court's order dated May 10, 2006. Sonus further admits that plaintiff asserts a putative "class period" from March 28, 2002 through March 26, 2004. Sonus denies that it engaged in any unlawful or improper conduct, denies that plaintiff or members of the purported class were damaged, and denies this action may

be properly maintained as a class action.  Sonus otherwise denies each and every allegation in

Paragraph 25.

26.    With respect to Paragraph 26, no response is required to the allegations in that

paragraph, which consist of legal conclusions and plaintiff's characterization of this action, and

which do not purport to require a response from Sonus.  To the extent that Paragraph 26 purports

to contain factual allegations requiring a response, Sonus admits that during the putative Class

Period, Sonus securities were traded on the NASDAQ market.  Sonus presently lacks knowledge

or information sufficient to form a belief as to the truth of allegations concerning the efficiency

of the NASDAQ market, and on that basis denies them.  Sonus admits that as of January 31,

2004 there were 245,730,722 shares of Sonus stock outstanding.  Sonus is without knowledge or

information sufficient to form a belief as to the truth of the allegations concerning which of the

non-party securities firms named in Paragraph 26 may have "followed" Sonus during the

putative Class Period and when; which such firms issued research reports and comments on

Sonus and when; what information any such firms might have utilized in preparing any such

reports; and whether any such reports impacted the market price of Sonus securities, and on that

basis denies them.  Sonus otherwise denies each and every allegation in Paragraph 26.

27.    With respect to Paragraph 27, no response is required to the allegations in this

paragraph, which consist of legal conclusions and plaintiff's characterization of this action, and

which do not purport to require a response from Sonus.  To the extent that Paragraph 27 purports

to contain factual allegations requiring a response, Sonus denies each and every allegation in

Paragraph 27.  Sonus specifically denies that it engaged in any unlawful, wrongful or improper

conduct, and denies that plaintiff or members of the purported class or subclass were damaged.

Sonus otherwise denies each and every allegation in Paragraph 27.

28.    With respect to Paragraph 28, no response is required to the allegations in that paragraph, which consist of legal conclusions and plaintiff's characterization of this action, and which do not purport to require a response from Sonus. To the extent that Paragraph 28 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 28.

29.    With respect to Paragraph 29 and each of its subparts (a) through (f), no response is required to the allegations in that paragraph and its subparts (a) through (f), which consist of legal conclusions and plaintiff's characterization of this action, and which do not purport to require a response from Sonus. To the extent that Paragraph 29 and its subparts purport to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 29 and each and every allegation in its subparts, (a) through (f).

30.    With respect to Paragraph 30, no response is required to the allegations in this paragraph, which consist of legal conclusions and plaintiff's characterization of this action, and which do not purport to require a response from Sonus. To the extent that Paragraph 30 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 30.

31.    With respect to Paragraph 31, no response is required to those allegations of Paragraph 31 regarding the efficiency and liquidity of the market for Sonus stock, or the price for Sonus stock, which consist of legal conclusions. To the extent that Paragraph 31 purports to contain factual allegations requiring a response, Sonus admits that during the putative Class Period, Sonus stock was listed and traded on the NASDAQ, that Sonus filed periodic reports with the SEC, and issued press releases to the public by various means. Sonus also admits that members of its senior management, to the extent consistent with their roles, met with and

provided information to various entities and individuals.  Sonus otherwise denies each and every allegation in Paragraph 31.

32.    With respect to Paragraph 32, no response is required to those allegations of Paragraph 32, which consist of legal conclusions and plaintiff's characterization of this action, and which do not purport to require a response from Sonus.  To the extent that Paragraph 32 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 32.

33.    With respect to Paragraph 33, Sonus admits the allegations set forth in the first three sentences of the paragraph.  Sonus further admits that its target customers include new and established communications service providers, long distance carriers, local exchange carriers, Internet service providers, cable operators, international telephone companies, and carriers that provide services to other carriers, but denies that such list is exhaustive of its customers or target customers.  Sonus admits that it filed a Form 10-K with the SEC for the year 2001.  No further response is required to the extent that the allegations of Paragraph 33 purport to construe and excerpt the Form 10-K, which speaks for itself.  Sonus denies that Paragraph 33 completely and accurately construes and excerpts the Form 10-K.  Sonus otherwise denies each and every allegation in Paragraph 33.

34.    With respect to Paragraph 34, Sonus admits that it produces telecommunications software and equipment.  Sonus further admits that it became a public company by conducting an initial public offering ("IPO") of its shares in May 2000.  Sonus denies that the IPO raised $115 million, but admits that the IPO generated $121,705,000 in net proceeds.  No response is required to the allegations in the second sentence of Paragraph 34 concerning plaintiff's

characterizations of Sonus' legal duties or alleged violations thereof, which consist of legal conclusions.  Sonus otherwise denies each and every allegation in Paragraph 34.

35.    With respect to Paragraph 35, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations that purport to construe or excerpt statements from Telephony Online that are not identified by time, issue or volume.  To the extent that such statements exist, they speak for themselves in their entirety.  Sonus otherwise denies each and every allegation in Paragraph 35.

36.    With respect to Paragraph 36, Sonus denies each and every allegation in Paragraph 36.

37.    With respect to Paragraph 37, Sonus denies each and every allegation in Paragraph 37.

38.    With respect to Paragraph 38, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the information purportedly obtained through any investigation by plaintiff's counsel or its representatives, and on that basis denies them.  Sonus admits that it issued press releases on April 9, July 10, and October 8, 2003, announcing its Q1, Q2 and Q3 2003 financial results, respectively.  No further response is required to the extent that the allegations of Paragraph 38 purport to construe and excerpt the releases, which speak for themselves.  Sonus denies that Paragraph 38 completely and accurately construes and excerpts the releases.  Sonus otherwise denies each and every allegation in Paragraph 38.

39.    With respect to Paragraph 39, Sonus denies each and every allegation in Paragraph 39.

40.     With respect to Paragraph 40, Sonus denies each and every allegation in Paragraph 40.

41.     With respect to Paragraph 41, no response is required to the allegations of Paragraph 41 which consist of plaintiff's legal conclusions and characterizations of GAAP, Statement of Position ("SOP") 97-2, any other accounting standards, and Sonus' legal duties or alleged violations thereof.  To the extent that Paragraph 41 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 41.

42.     With respect to Paragraph 42, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the information purportedly obtained through any investigation by plaintiff's counsel or its representatives, and on that basis denies them.  Sonus otherwise denies each and every allegation in Paragraph 42.

43.     With respect to Paragraph 43, no response is required to the allegations of that paragraph concerning plaintiff's legal conclusions and characterizations of GAAP and Sonus' revenue recognition policies, and Sonus' legal duties or alleged violations thereof.  Sonus further states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the information purportedly obtained through any investigation by plaintiff's counsel or its representatives, and on that basis denies them.  Sonus otherwise denies each and every allegation in Paragraph 43.

44.     With respect to Paragraph 44, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning information purportedly obtained through any investigation by plaintiff's counsel or its representatives, and on that basis denies them.  Sonus otherwise denies each and every allegation in Paragraph 44.

45.    With respect to Paragraph 45, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning information purportedly obtained through any investigation by plaintiff's counsel or its representatives, and on that basis denies them. Sonus otherwise denies each and every allegation in Paragraph 45.

46.    With respect to Paragraph 46, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning information purportedly obtained through any investigation by plaintiff's counsel or its representatives, and on that basis denies them. Sonus otherwise denies each and every allegation in Paragraph 46.

47.    With respect to Paragraph 47, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning information purportedly obtained through any investigation by plaintiff's counsel or its representatives, and on that basis denies them. Sonus further states that it lacks knowledge or information sufficient to form a belief as to the truth of unsourced allegations concerning "pressure by [unidentified members of] senior management" that was purportedly "known [by unidentified persons] within several [unidentified] areas of the Company" or what any unidentified "members of Sonus' sales staff" might have "kn[own] about and openly discussed," and on that basis denies them.  Sonus further states that it lacks knowledge or information sufficient to form a belief as to the truth of unsourced allegations concerning what any unidentified "sales staff" might have "known and understood," or whether there was "ill will among [unidentified members of] the Company's sales personnel," and on that basis denies them.  Sonus otherwise denies each and every allegation in Paragraph 47.

48.    With respect to Paragraph 48, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning the information purportedly obtained

through any investigation by plaintiff's counsel or its representatives, and on that basis denies

them. Sonus otherwise denies each and every allegation in Paragraph 48.

49.    With respect to Paragraph 49, Sonus denies each and every allegation in

Paragraph 49.

50.    With respect to Paragraph 50, Sonus lacks knowledge or information sufficient to

form a belief as to the truth of allegations concerning the information purportedly obtained

through any investigation by plaintiff's counsel or its representatives, and on that basis denies

them. Sonus otherwise denies each and every allegation in Paragraph 50.

51.    With respect to Paragraph 51, no response is required to the allegations of

Paragraph 51 concerning plaintiff's legal conclusions and characterizations of GAAP, revenue

recognition standards, and Sonus' legal duties or alleged violations thereof. Sonus further states

that it lacks knowledge or information sufficient to form a belief as to the truth of allegations

concerning the information purportedly obtained through any investigation by plaintiff's counsel

or its representatives, and on that basis denies them. Sonus otherwise denies each and every

allegation in Paragraph 51.

52.    With respect to Paragraph 52, Sonus admits that during the putative Class Period

it disclosed its financial results in various public filings and press releases. No further response

is required to the extent that the allegations of Paragraph 52 purport to construe, depict or excerpt

such documents, which speak for themselves. Sonus denies that Paragraph 52 completely and

accurately construes, depicts and excerpts any such documents. Sonus otherwise denies each

and every allegation in Paragraph 52.

53.    With respect to Paragraph 53, Sonus admits that it issued press releases on

February 11, March 29, June 29, July 19, and July 28, 2004. No further response is required to

the extent that the allegations of Paragraph 53 purport to construe and excerpt the releases, which speak for themselves.  Sonus denies that Paragraph 53 completely and accurately construes and excerpts the releases.  Sonus otherwise denies each and every allegation in Paragraph 53.

54.    With respect to Paragraph 54, Sonus admits that the Company filed a Form 10-K/A with the SEC on July 28, 2004, and that it therein restated certain financial results for the third quarter of 2003.   No further response is required to the extent that the allegations of Paragraph 54 purport to construe and excerpt the Form 10-K/A, which speaks for itself.  Sonus denies that Paragraph 54 completely and accurately construes and excerpts the  Form 10-K/A. Sonus otherwise denies each and every allegation in Paragraph 54.

55.    With respect to Paragraph 55, Sonus admits that the Company filed a Form 10-K/A with the SEC on July 28, 2004, and that it therein restated certain financial results for the third quarter of 2003.  Sonus further admits that it filed a Form 10-Q with the SEC for the quarterly period ended March 31, 2004.  No further response is required to the extent that the allegations of Paragraph 55 purport to construe and excerpt those documents, which speak for themselves.  Sonus denies that Paragraph 55 completely and accurately construes and excerpts those documents.  Sonus otherwise denies each and every allegation in Paragraph 55.

56.    With respect to Paragraph 56, Sonus admits that on August 20, 2004, the Company filed a Form 10-Q with the SEC for the period ended June 30, 2004.  No further response is required to the extent that the allegations of Paragraph 56 purport to construe and excerpt the Form 10-Q, which speaks for itself.  Sonus denies that Paragraph 56 completely and accurately construes and excerpts the Form 10-Q.  Sonus otherwise denies each and every allegation in Paragraph 56.

57.     With respect to Paragraph 57, Sonus admits that it has filed a Form 10-K/A with the SEC.  No further response is required to the extent that the allegations of Paragraph 57 purport to construe and excerpt from an unidentified Form 10-K/A, which speaks for itself. Sonus denies that Paragraph 57 completely and accurately construes and excerpts any Form 10-K/A it has filed.  Sonus otherwise denies each and every allegation in Paragraph 57.

58.     With respect to Paragraph 58, Sonus admits that the Company filed a Form 10-K/A with the SEC, and that it therein restated certain of its financial results.  No further response is required to the extent that the allegations of Paragraph 58 purport to construe and excerpt the restatement, which speaks for itself.

59.     With respect to Paragraph 59, Sonus admits that it filed a Form 10-K/A with the SEC, and that it therein restated certain of its financial results.  No further response is required to the extent that the allegations of Paragraph 59 purport to construe and excerpt the restatement, which speaks for itself.

60.     With respect to Paragraph 60, Sonus admits that it filed a Form 10-K/A with the SEC, and that it therein restated certain of its financial results.  No further response is required to the extent that the allegations of Paragraph 60 purport to construe and excerpt the restatement, which speaks for itself.

61.     With respect to Paragraph 61, Sonus admits that many of its transactions with customers involve receiving revenue for both the delivery of product as well as the provision of maintenance services.  Sonus further admits that it filed a Form 10-K/A with the SEC, and that it therein restated certain financial results.  No further response is required to the extent that the allegations of Paragraph 61 purport to construe and paraphrase the restatement, which speaks for itself.  Sonus denies that Paragraph 61 completely and accurately construes and excerpts any

Form 10-K/A filed by the Company. Sonus otherwise denies each and every allegation in Paragraph 61.

62.     With respect to Paragraph 62, Sonus admits that the Company filed a Form 10-K/A with the SEC, and that it therein restated certain of its financial results. No further response is required to the extent that the allegations of Paragraph 62 purport to construe and excerpt the restatement.

63.     With respect to Paragraph 63, Sonus admits that the Company filed a Form 10-K/A with the SEC, and that it therein restated certain of its financial results. No further response is required to the extent that the allegations of Paragraph 63 purport to construe and excerpt the restatement.

64.     With respect to Paragraph 64, no response is required to those allegations, which purport to describe and construe the allegations of the Complaint and plaintiff's "other" category therein. Sonus admits that it filed a Form 10-K/A with the SEC, and that it therein restated certain financial results. No further response is required to the extent that the allegations of Paragraph 64 purport to construe and paraphrase the restatement, which speaks for itself.

65.     With respect to Paragraph 65, Sonus admits that it has filed a Form 10-K/A with the SEC, and that it therein restated certain financial results. No further response is required to the extent that the allegations of Paragraph 65 purport to construe, depict and excerpt from the restatement, which speaks for itself.

66.     With respect to Paragraph 66, Sonus admits that it has filed a Form 10-K/A with the SEC, and that it therein restated certain financial results. No further response is required to the extent that the allegations of Paragraph 66 purport to construe and excerpt from the restatement, which speaks for itself. Sonus denies that Paragraph 66 completely and accurately

-19-

construes and excerpts the restatement.  Sonus otherwise denies each and every allegation in Paragraph 66.

67.    With respect to Paragraph 67, Sonus admits the allegations contained in Paragraph 67.

68.    With respect to Paragraph 68, Sonus admits the allegations contained in Paragraph 68.

69.    With respect to Paragraph 69, Sonus admits that it has filed a Form 10-K/A with the SEC, and that it therein restated certain financial results.  No further response is required to the extent that the allegations of Paragraph 69 purport to construe and excerpt from the restatement, which speaks for itself.

70.    With respect to Paragraph 70, Sonus admits that it filed a Form 10-K/A with the SEC, and that it therein restated certain financial results.  No further response is required to the extent that the allegations of Paragraph 70 purport to construe and excerpt the restatement, which speaks for itself.

71.    With respect to Paragraph 71, Sonus admits that it filed a Form 10-K/A with the SEC, and that it therein restated certain financial results.  No further response is required to the extent that the allegations of Paragraph 71 purport to construe and excerpt the restatement, which speaks for itself.

72.    With respect to Paragraph 72, Sonus denies that it filed with the SEC a Registration Statement and Prospectus on June 25, 2001, but admits that it filed this document with the SEC on June 21, 2001.  Sonus further denies that it filed with the SEC a Rule 424(b)(5) Prospectus Supplement thereto, relating to the offering of 20,000,000 shares of its common stock on April 21, 2003, but admits that it filed this document with the SEC on April 22, 2003.   No

further response is required to the extent that the allegations of Paragraph 72 purport to construe and excerpt those documents, which speak for themselves. Sonus denies that Paragraph 72 completely and accurately construes and excerpts those documents. Sonus otherwise denies each and every allegation in Paragraph 72.

73.    With respect to Paragraph 73, Sonus denies that it filed with the SEC a Rule 424(b)(5) Prospectus Supplement, on April 21, 2003, but admits that it filed this document with the SEC on April 22, 2003. No further response is required to the extent that the allegations of Paragraph 73 purport to construe and characterize the Prospectus Supplement or the documents listed in the first sentence of Paragraph 73, which speak for themselves. Sonus denies that Paragraph 73 completely and accurately construes and characterizes the Prospectus Supplement and the documents listed in the first sentence of Paragraph 73. Sonus otherwise denies each and every allegation in Paragraph 73.

74.    With respect to Paragraph 74, Sonus denies that it filed with the SEC a Registration Statement and Prospectus on June 25, 2001, but admits that it filed this document with the SEC on June 21, 2001. Sonus further admits that on September 23, 2003, it filed with the SEC a Rule 424(b)(5) Prospectus Supplement thereto, relating to the offering of 17,000,000 shares of its common stock. No further response is required to the extent that the allegations of Paragraph 74 purport to construe and excerpt those documents, which speaks for themselves. Sonus denies that Paragraph 74 completely and accurately construes and excerpts those documents. Sonus otherwise denies each and every allegation in Paragraph 74.

75.    With respect to Paragraph 75, Sonus admits that on September 23, 2003, it filed with the SEC a Rule 424(b)(5) Prospectus Supplement. No further response is required to the extent that the allegations of Paragraph 75 purport to construe and characterize the Prospectus

Supplement or the documents listed in the first sentence of Paragraph 75, which speak for themselves. Sonus denies that Paragraph 75 completely and accurately construes and characterizes the Prospectus Supplement and the documents listed in the first sentence of Paragraph 75. Sonus otherwise denies each and every allegation in Paragraph 75.

76.     With respect to Paragraph 76 and its subparts 1 though 9, Sonus admits that Mr. Ahmed signed the documents identified in Paragraph 76, subparts 1 through 4, subparts 6 through 7, and subpart 9, issued by Sonus during the putative Class Period. No further response is required to the extent that the allegations of Paragraph 76 and its subparts 1 though 9 purport to characterize and construe the documents, which speak for themselves. Sonus denies that Paragraph 76 and its subparts 1 though 9 accurately characterize and construe the documents. Sonus otherwise denies each and every allegation in Paragraph 76 and its subparts 1 through 9.

77.     With respect to Paragraph 77, and its subparts 1 though 10. Sonus admits that Mr. Nill signed the documents named in Paragraph 77, subparts numbered 1 through 5, subparts 7 through 8, and subpart 10, issued by Sonus during the putative Class Period. No further response is required to the extent that the allegations of Paragraph 77 and its subparts 1 though 10 purport to characterize and construe the documents. Sonus denies that Paragraph 77 and its subparts 1 though 10 accurately characterize and construe the documents.

78.     With respect to Paragraph 78, Sonus admits that on January 5, 2004, it issued a press release. No further response is required to the extent that the allegations of Paragraph 78 purport to construe and excerpt the release, which speaks for itself. Sonus denies that Paragraph 78 completely and accurately construes and excerpts the release. Sonus otherwise denies each and every allegation in Paragraph 78.

79.     With respect to Paragraph 79, Sonus admits that on January 29, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 79 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 79 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 79.

80.     With respect to Paragraph 80, Sonus admits that on February 11, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 80 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 80 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 80.

81.     With respect to Paragraph 81, Sonus admits that on March 15, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 81 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 81 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 81.

82.     With respect to Paragraph 82, Sonus admits that on March 29, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 82 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 82 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 82.

83.     With respect to Paragraph 83, Sonus admits that on March 30, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 83 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that

Paragraph 83 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 83.

84.    With respect to Paragraph 84, Sonus admits that it hired Bert Notini to serve as President and COO.  Sonus further admits that on April 6, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 84 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 84 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 84.

85.    With respect to Paragraph 85, Sonus admits that on May 24, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 85 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 85 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 85.

86.    With respect to Paragraph 86, Sonus admits that on July 19, 2004, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 86 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 86 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 86.

87.    With respect to Paragraph 87, Sonus denies each and every allegation in Paragraph 87.

88.    With respect to Paragraph 88, no response is required to the allegations of that paragraph, which consist of plaintiff's legal conclusions and characterizations of the Foreign

Corrupt Practices Act ("FCPA"). To the extent that a response is required, Sonus denies each and every allegation in Paragraph 88.

89.    With respect to Paragraph 89 and each of its subparts a through b-iv, no response is required to the allegations of that paragraph and its subparts a through b-iv, which consist of plaintiff's legal conclusions and characterizations of the FCPA. To the extent that a response is required, Sonus denies each and every allegation in Paragraph 89.

90.    With respect to Paragraph 90 and each of its subparts a through b, no response is required to the allegations of that paragraph and its subparts a through b, which consist of plaintiff's legal conclusions and characterizations of SEC Rule 13b-2. To the extent that a response is required, Sonus denies each and every allegation in Paragraph 90.

91.    With respect to Paragraph 91, no response is required to the allegations in that paragraph that consist of plaintiff's legal conclusions and characterizations of the FCPA, GAAP, and SEC Rules. To the extent that Paragraph 91 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 91.

92.    With respect to Paragraph 92, Sonus denies each and every allegation in Paragraph 92.

93.    With respect to Paragraph 93, no response is required to the allegations of that paragraph, which consist of plaintiff's legal conclusions and characterizations of SEC Regulation S-X. To the extent that a response is required, Sonus denies each and every allegation in Paragraph 93.

94.    With respect to Paragraph 94, no response is required to the allegations of that paragraph, which consist of plaintiff's legal conclusions and characterizations of Section 110.02

AICPA Professional Standards. To the extent that a response is required, Sonus denies each and every allegation in Paragraph 94.

95.    With respect to Paragraph 95, no response is required to the allegations of that paragraph that consist of plaintiff's legal conclusions and characterizations of Statement of Financial Accounting Standards No. 16 and Section 316 of the American Institute of Certified Public Accountant's Codification of Statements on Auditing Standards. To the extent that Paragraph 95 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 95.

96.    With respect to Paragraph 96 and each of its subparts a through h, no response is required to the allegations of that paragraph, and its subparts a through h, that consist of plaintiff's legal conclusions and characterizations GAAP. To the extent that Paragraph 96 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 96 and each of its subparts a through h.

97.    With respect to Paragraph 97, Sonus denies each and every allegation in Paragraph 97.

98.    With respect to Paragraph 98, no response is required to the allegations of that paragraph that consist of plaintiff's legal conclusions and characterizations of Statement of Position ("SOP") 97-2, and plaintiff's characterizations of Sonus' legal duties related thereto or alleged violations thereof. To the extent that Paragraph 98 purports to contain factual allegations requiring a response, Sonus admits that it sells telecommunications equipment and software. Sonus otherwise denies each and every allegation in Paragraph 98.

99.    With respect to Paragraph 99, no response is required to the allegations of that paragraph concerning the AICPA's guidelines to software recognition, which consist of legal

conclusions and characterizations of those guidelines. To the extent that Paragraph 99 purports to contain factual allegations requiring a response, Sonus admits that Mr. Ahmed was employed by Sonus since November 1988. Sonus further admits that, prior to that time, Mr. Ahmed was employed as Executive Vice President and General Manager of the "Core Switching Division" of Ascend Communications. Sonus further admits that prior to that position, Mr. Ahmed served as Chief Technology Officer and Vice President of Engineering for Cascade Communications Corp. Sonus also admits that, before that time, Mr. Ahmed was a founder and President of Wave Access, Inc., and held positions at Analog Devices and VLSI Systems at Motorola Codex. No response is required to those allegations in Paragraph 99 that purport to construe or excerpt unsourced, undated, unidentified documents relating to Mr. Ahmed's former employers, which speak for themselves. Sonus otherwise denies each and every allegation in Paragraph 99.

100.    With respect to Paragraph 100, Sonus admits that Mr. Nill served as the Company's CFO, its Vice President of Finance and Administration (since September 1999), and its Treasurer (since 2000). Sonus further admits that, before Mr. Nill's employment at Sonus, he served as Vice President of Finance and CFO of VideoServer, Inc., now Ezenia! Inc. Sonus further admits that, prior thereto, Mr. Nill was Corporate Controller and Chief Accounting Officer at Lotus Development Corporation. Sonus further admits that Mr. Nill previously was employed by Computervision, Inc., International Business Machines Corporation and Arthur Andersen LLP, and graduated with a B.A. in accounting from New Mexico State University and an M.B.A. from Harvard University. Sonus further admits that Mr. Nill was familiar with GAAP and SOP 97-2, but otherwise denies the remaining allegations contained in Paragraph 100.

101.    With respect to Paragraph 101, Sonus admits that it filed with the SEC a Form 10-K for the year ended 2001. No further response is required to the extent that the allegations of

Paragraph 101 purport to construe and excerpt the Form 10-K, which speaks for itself. Sonus denies that Paragraph 101 completely and accurately construes and excerpts the Form 10-K. Sonus otherwise denies each and every allegation in Paragraph 101.

102.    With respect to Paragraph 102, Sonus denies each and every allegation in Paragraph 102.

103.    With respect to Paragraph 103, Sonus admits that plaintiff asserts that the putative Class Period begins on March 28, 2002. Sonus further admits that, on March 28, 2002, it filed a Form 10-K with the SEC for the year ended December 31, 2001, and that the Form 10-K was approved and signed by, among others, Messrs. Ahmed and Nill. Sonus further states that the Form 10-K speaks for itself. Sonus otherwise denies each and every allegation in Paragraph 103.

104.    With respect to Paragraph 104, Sonus admits that it reported its 2001 financial results by filing a Form 10-K with the SEC for the fiscal year ended 2001. Sonus further admits that it filed a Form 10-K/A for the fiscal year ended 2003. No further response is required to the extent that the allegations of Paragraph 104 purport to construe and paraphrase those documents, which speak for themselves.

105.    With respect to Paragraph 105, Sonus admits that it reported its 2001 financial results by filing a Form 10-K with the SEC for the fiscal year ended 2001. Sonus further admits that it filed a Form 10-K/A for the fiscal year ended 2003. No further response is required to the extent that the allegations of Paragraph 105 purport to construe, excerpt and paraphrase those documents, which speak for themselves.

106.    With respect to Paragraph 106, Sonus admits that it reported its 2001 financial results by filing a Form 10-K with the SEC for the fiscal year ended 2001. Sonus further admits that it filed a Form 10-K/A for the fiscal year ended 2003. No further response is required to the

extent that the allegations of Paragraph 106 purport to construe and excerpt those documents, which speak for themselves.

107.     With respect to Paragraph 107, Sonus admits that it reported its 2001 financial results by filing a Form 10-K with the SEC for the fiscal year ended 2001.  No further response is required to the extent that the allegations of Paragraph 107 purport to construe and excerpt the Form 10-K, which speaks for itself.  Sonus denies that Paragraph 107 completely and accurately construes and excerpts the Form 10-K.  Sonus otherwise denies each and every allegation in Paragraph 107.

108.     With respect to Paragraph 108, Sonus admits that on April 9, 2002, it issued a press release announcing its financial results for the first quarter of 2002, which ended on March 31, 2002.  No further response is required to the extent that the allegations of Paragraph 108 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 108 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 108.

109.     With respect to Paragraph 109, Sonus admits that on May 10, 2002, it filed a Form 10-Q with the SEC for the quarterly period ended March 31, 2002.  Sonus further admits that Mr. Nill approved and signed the Form 10-Q.  No further response is required to the extent that the allegations of Paragraph 109 purport to construe and excerpt the Form 10-Q, which speaks for itself.

110.     With respect to Paragraph 110, Sonus admits that on July 28, 2004, it filed with the SEC a Form 10-K/A for the year 2003, and that it therein restated certain financial results for the first quarter of the fiscal year 2002.  No further response is required to the extent that the

allegations of Paragraph 110 purport to construe and paraphrase the Form 10-K/A, which speaks for itself.

111.    With respect to Paragraph 111, Sonus admits that it filed with the SEC a Form 10-Q for the first quarterly period of the fiscal year 2002. No further response is required to the extent that the allegations of Paragraph 111 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 111 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 111.

112.    With respect to Paragraph 112, Sonus admits that on July 11, 2002 it issued a press release announcing its financial results for the second quarter of 2002, which ended on June 20, 2002. No further response is required to the extent that the allegations of Paragraph 112 purport to construe and excerpt the release, which speaks for itself. Sonus denies that Paragraph 112 completely and accurately construes and excerpts the release. Sonus otherwise denies each and every allegation in Paragraph 112.

113.    With respect to Paragraph 113, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-Q for the second quarterly period of fiscal year 2002. Sonus further admits that it has restated certain of its financial results in documents publicly filed with the SEC. No further response is required to the extent that the allegations of Paragraph 113 purport to construe and paraphrase undated, unidentified financial statements or documents, which speak for themselves.

114.    With respect to Paragraph 114, Sonus admits that on August 14, 2002 it filed with the SEC a Form 10-Q for the second quarter of fiscal year 2002. Sonus further admits that the Form 10-Q was signed by Mr. Nill, and certified by Messrs. Nill and Ahmed. No further

response is required to the extent that the allegations of Paragraph 114 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 114 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 114.

115.    With respect to Paragraph 115, Sonus admits that it filed with the SEC a Form 10-Q for the second quarterly period of fiscal year 2002. No further response is required to the extent that the allegations of Paragraph 115 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 115 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 115.

116.    With respect to Paragraph 116, Sonus admits that on August 14, 2002, Messrs. Ahmed and Nill certified the Form 10-Q that Sonus filed with the SEC for the second quarterly period of fiscal year 2002. No further response is required to the extent that the allegations of Paragraph 116 purport to construe and excerpt the certification to the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 116 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 116.

117.    With respect to Paragraph 117, Sonus admits that on October 9, 2002, Sonus issued a press release announcing its financial results for the third quarter of 2002, which ended September 30, 2002. No further response is required to the extent that the allegations of Paragraph 117 purport to construe and excerpt the release, which speaks for itself. Sonus denies that Paragraph 117 completely and accurately construes and excerpts the release. Sonus otherwise denies each and every allegation in Paragraph 117.

118.    With respect to Paragraph 118, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-Q for the third quarterly period of fiscal year 2002. Sonus further admits that it has restated certain of its financial results in documents publicly filed with the SEC. No further response is required to the extent that the allegations of Paragraph 118 purport to construe and paraphrase undated, unidentified financial statements or documents, which speak for themselves.

119.    With respect to Paragraph 119, Sonus admits that on November 13, 2002, it filed a Form 10-Q with the SEC for the third quarter of 2002. Sonus further admits that the Form 10-Q was signed by Mr. Nill, and certified by Messrs. Nill and Ahmed. No further response is required to the extent that the allegations of Paragraph 119 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 119 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 119.

120.    With respect to Paragraph 120, Sonus admits that it filed a Form 10-Q with the SEC for the third quarter of 2002. No further response is required to the extent that the allegations of Paragraph 120 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 120 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 120.

121.    With respect to Paragraph 121, Sonus admits that it filed a Form 10-Q with the SEC for the third quarter of 2002. No further response is required to the extent that the allegations of Paragraph 121 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 121 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 121.

122.     With respect to Paragraph 122, Sonus admits that it filed a Form 10-Q with the SEC for the third quarter of 2002, which was certified by Mr. Ahmed on November 12, 2002. No further response is required to the extent that the allegations of Paragraph 122 purport to construe and excerpt the certification to the Form 10-Q and another undated, unidentified document, which speak for themselves.  Sonus denies that Paragraph 122 completely and accurately construes and excerpts those documents.  Sonus otherwise denies each and every allegation in Paragraph 122.

123.     With respect to Paragraph 123, Sonus admits that it filed with the SEC a Form 10-Q for the third quarter of 2002, which was certified by Mr. Nill on November 12, 2002.  No further response is required to the extent that the allegations of Paragraph 123 purport to construe and excerpt the Certification to the Form 10-Q and another undated, unidentified document, which speak for themselves.  Sonus denies that Paragraph 123 completely and accurately construes and excerpts those documents.  Sonus otherwise denies each and every allegation in Paragraph 123.

124.     With respect to Paragraph 124, Sonus admits that it filed with the SEC a Form 10-Q for the third quarter of 2002, which was certified by Mr. Ahmed on November 12, 2002.  No further response is required to the extent that the allegations of Paragraph 124 purport to construe and excerpt the Form 10-Q, which speaks for itself.  Sonus denies that Paragraph 124 completely and accurately construes and excerpts the Form 10-Q.  Sonus otherwise denies each and every allegation in Paragraph 124.

125.     With respect to Paragraph 125, Sonus admits that it filed with the SEC a Form 10-Q for the third quarter of 2002, which was certified by Mr. Nill on November 12, 2002.  No further response is required to the extent that the allegations of Paragraph 125 purport to construe

and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 125 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 125.

126. With respect to Paragraph 126, Sonus admits that on January 22, 2003, it issued a press release announcing its financial results for the fiscal year ended December 31, 2002. No further response is required to the extent that the allegations of Paragraph 126 purport to construe and excerpt the release, which speaks for itself. Sonus denies that Paragraph 126 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 126.

127. With respect to Paragraph 127, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-K for the fiscal year ended December 31, 2002. Sonus further admits that it has restated certain of its financial results in documents publicly filed with the SEC. No further response is required to the extent that the allegations of Paragraph 127 purport to construe and paraphrase those documents, which speak for themselves.

128. With respect to Paragraph 128, Sonus admits that it filed with the SEC a Form 10-K for the fiscal year 2002. Sonus further admits that it issued a press release on January 22, 2003. No further response is required to the extent that the allegations of Paragraph 128 purport to construe and paraphrase those documents, which speak for themselves.

129. With respect to Paragraph 129, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-K/A, in which Sonus restated certain of its financial results. No further response is required to the extent that the allegations of Paragraph 129 purport to construe and paraphrase the restatement, which speaks for itself.

130.    With respect to Paragraph 130, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-K for the fiscal year 2002, and a Form 10-K/A for the fiscal year 2003, in which it has restated certain of its financial results.  No further response is required to the extent that the allegations of Paragraph 130 purport to construe and paraphrase either the Form 10-K or the Form 10-K/A, which speak for themselves.

131.    With respect to Paragraph 131, Sonus admits that it has filed its financial results with the SEC in several public filings, including filed a Form 10-K/A for the fiscal year 2003.  No further response is required to the extent that the allegations of Paragraph 131 purport to construe and paraphrase the Form 10-K/A, which speaks for itself.  Sonus denies that Paragraph 131 completely and accurately construes and paraphrases any financial document that the Company has filed with the SEC.  Sonus otherwise denies each and every allegation in Paragraph 131.

132.    With respect to Paragraph 132, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-K/A for the fiscal year 2003, and that it therein restated certain financial results for the fiscal year 2002.  No further response is required to the extent that the allegations of Paragraph 132 purport to construe and paraphrase the Form 10-K/A, which speaks for itself.  Sonus denies that Paragraph 132 completely and accurately construes and paraphrases any financial document that the Company has filed with the SEC.  Sonus otherwise denies each and every allegation in Paragraph 132.

133.    With respect to Paragraph 133, Sonus admits that it filed with the SEC a Form 10-K for the fiscal year ended 2002.  No further response is required to the extent that the allegations of Paragraph 133 purport to construe and excerpt the Form 10-K, which speaks for

itself.  Sonus denies that Paragraph 133 completely and accurately construes and excerpts the Form 10-K.  Sonus otherwise denies each and every allegation in Paragraph 133.

134.    With respect to Paragraph 134, Sonus admits that it filed with the SEC a Form 10-K for the fiscal year ended 2002.  No further response is required to the extent that the allegations of Paragraph 134 purport to construe and excerpt the Form 10-K, which speaks for itself.  Sonus denies that Paragraph 134 completely and accurately construes and excerpts the Form 10-K.  Sonus otherwise denies each and every allegation in Paragraph 134.

135.    With respect to Paragraph 135, Sonus admits that it filed with the SEC a Form 10-K for the fiscal year ended 2002, which was certified by Mr. Ahmed on March 19, 2003.  No further response is required to the extent that the allegations of Paragraph 135 purport to construe and excerpt the certification, which speaks for itself.  Sonus denies that Paragraph 135 completely and accurately construes and excerpts the certification.  Sonus otherwise denies each and every allegation in Paragraph 135.

136.    With respect to Paragraph 136, Sonus admits that it filed with the SEC a Form 10-K for the fiscal year ended 2002, which was certified by Mr. Nill on March 19, 2003.  No further response is required to the extent that the allegations of Paragraph 136 purport to construe and excerpt the certification, which speaks for itself.  Sonus denies that Paragraph 136 completely and accurately construes and excerpts the certification.  Sonus otherwise denies each and every allegation in Paragraph 136.

137.    With respect to Paragraph 137, Sonus admits that it filed with the SEC a Form 10-K for the fiscal year ended 2002, which was certified by Mr. Ahmed on March 19, 2003.  No further response is required to the extent that the allegations of Paragraph 137 purport to construe and excerpt the certification, which speaks for itself.  Sonus denies that Paragraph 137

completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 137.

138.    With respect to Paragraph 138, Sonus admits that it filed with the SEC a Form 10-K for the fiscal year ended 2002, which was certified by Mr. Nill on March 19, 2003. No further response is required to the extent that the allegations of Paragraph 138 purport to construe and excerpt the certification, which speaks for itself. Sonus denies that Paragraph 138 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 138.

139.    With respect to Paragraph 139, Sonus admits that it filed a Form 10-K with the SEC for the fiscal year ended 2002 on March 19, 2003. Sonus further admits that Messrs. Ahmed and Nill, among others, signed and certified the Form 10-K. No further response is required to the extent that the allegations of Paragraph 139 purport to construe and characterize the Form 10-K, which speaks for itself. Sonus denies that Paragraph 139 completely and accurately construes and characterizes the Form 10-K. Sonus otherwise denies each and every allegation in Paragraph 139.

140.    With respect to Paragraph 140, Sonus admits that it filed with the SEC a Prospectus Supplement dated April 21, 2003. No further response is required to the extent that the allegations of Paragraph 140 purport to construe and characterize the Prospectus Supplement or the documents named in the first sentence of Paragraph 140, which speak for themselves. Sonus denies that Paragraph 140 completely and accurately construes and characterizes the Prospectus Supplement or the documents named in the first sentence of Paragraph 140. Sonus otherwise denies each and every allegation in Paragraph 140.

141.    With respect to Paragraph 141, Sonus admits that on April 9, 2003, Sonus issued a press release announcing its financial results for the first quarter of 2003, which ended on March 31, 2003.  No further response is required to the extent that the allegations of Paragraph 141 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 141 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 141.

142.    With respect to Paragraph 142, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-Q for the first quarterly period of fiscal year 2003.  Sonus further admits that it filed with the SEC a Form 10-Q for the first quarterly period of fiscal year 2004, and that it therein restated certain financial data from 2003.  No further response is required to the extent that the allegations of Paragraph 142 purport to construe and paraphrase the Forms 10-Q, which speak for themselves.

143.    With respect to Paragraph 143, Sonus admits that it filed with the SEC a Form 10-Q for the period ended March 31, 2003, and that it filed a Form 10-Q for the first quarterly period of 2004.  No further response is required to the extent that the allegations of Paragraph 143 purport to construe and paraphrase the Forms 10-Q, which speak for themselves.

144.    With respect to Paragraph 144, Sonus admits that it issued a press release on April 9, 2003, and that it filed a Form 10-K/A for 2003, which speak for themselves.  No further response is required to the extent that the allegations of Paragraph 144 purport to construe, excerpt and paraphrase those documents, which speak for themselves.  Sonus denies that Paragraph 144 completely and accurately construes and excerpts the documents.  Sonus otherwise denies each and every allegation in Paragraph 144.

145.    With respect to Paragraph 145, Sonus admits that on May 9, 2003, it filed with the SEC a Form 10-Q for the first quarterly period of fiscal year 2003.  Sonus further admits that it was signed by Mr. Nill, and approved and certified by Messrs. Ahmed and Nill.  No further response is required to the extent that the allegations of Paragraph 145 purport to construe and excerpt the Form 10-Q, which speaks for itself.  Sonus denies that Paragraph 145 completely and accurately construes and excerpts the Form 10-Q.  Sonus otherwise denies each and every allegation in Paragraph 145.

146.    With respect to Paragraph 146, Sonus lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Sonus made the undated, unidentified statement set forth in Paragraph 146, when it allegedly made the statement, or in what context, and on that basis denies them.  Sonus otherwise denies each and every allegation in Paragraph 146.

147.    With respect to Paragraph 147, Sonus admits that it filed with the SEC a Form 10-Q for the first quarterly period of 2003, and a Form 10-K/A for 2003.  No further response is required to the extent that the allegations of Paragraph 147 purport to construe and excerpt those documents, which speak for themselves.  Sonus denies that Paragraph 147 completely and accurately construes and excerpts the documents.  Sonus otherwise denies each and every allegation in Paragraph 147.

148.    With respect to Paragraph 148, Sonus admits that on May 9, 2003, Mr. Ahmed signed the Certification to the Company's Form 10-Q filed on that same date.  No further response is required to the extent that the allegations of Paragraph 148 purport to construe and excerpt the Certification, which speaks for itself.  Sonus denies that Paragraph 148 completely

and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 148.

149. With respect to Paragraph 149, Sonus admits that on May 9, 2003, Mr. Nill signed the Certification to the Company's Form 10-Q filed on that same date. No further response is required to the extent that the allegations of Paragraph 149 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 149 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 149.

150. With respect to Paragraph 150, Sonus admits that on May 9, 2003, Mr. Ahmed signed the Certification to the Company's Form 10-Q filed on that same date. No further response is required to the extent that the allegations of Paragraph 150 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 150 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 150.

151. With respect to Paragraph 151, Sonus admits that on May 9, 2003, Mr. Nill signed the Certification to the Company's Form 10-Q filed on that same date. No further response is required to the extent that the allegations of Paragraph 151 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 151 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 151.

152. With respect to Paragraph 152, Sonus admits that on July 10, 2003, Sonus issued a press release. No further response is required to the extent that the allegations of Paragraph 152 purport to construe and excerpt the release, which speaks for itself. Sonus denies

that Paragraph 152 completely and accurately construes and excerpts the release. Sonus otherwise denies each and every allegation in Paragraph 152.

153.     With respect to Paragraph 153, Sonus admits that on July 10, 2003, Sonus issued a press release. No further response is required to the extent that the allegations of Paragraph 153 purport to construe and paraphrase the release, which speaks for itself. Sonus denies that Paragraph 153 completely and accurately construes and paraphrases the release. Sonus otherwise denies each and every allegation in Paragraph 153.

154.     With respect to Paragraph 154, Sonus admits that on July 10, 2003, Sonus issued a press release. No further response is required to the extent that the allegations of Paragraph 154 purport to construe and paraphrase the release, which speaks for itself. Sonus denies that Paragraph 154 completely and accurately construes and excerpts the release. Sonus otherwise denies each and every allegation in Paragraph 154.

155.     With respect to Paragraph 155, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-Q for the second quarterly period of fiscal year 2003. Sonus further admits that it has restated certain of its financial results in documents publicly filed with the SEC. No further response is required to the extent that the allegations of Paragraph 155 purport to construe and paraphrase the Form 10-Q or the restatements, which speak for themselves.

156.     With respect to Paragraph 156, Sonus admits that it filed with the SEC a Form 10-Q for the second quarterly period of fiscal year 2003, and a Form 10-Q for the second quarterly period of fiscal year 2004. No further response is required to the extent that the allegations of Paragraph 155 purport to construe and paraphrase the Forms 10-Q, which speak for themselves.

Sonus denies that Paragraph 156 completely and accurately construes and paraphrases the Forms 10-Q. Sonus otherwise denies each and every allegation in Paragraph 156.

157.    With respect to Paragraph 157, Sonus admits that on August 14, 2003, it filed with the SEC a Form 10-Q for the second quarterly period of fiscal year 2003. Sonus further admits that it was signed by Mr. Nill, and was approved and certified by Messrs. Ahmed and Nill. No further response is required to the extent that the allegations of Paragraph 157 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 157 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 157.

158.    With respect to Paragraph 158, Sonus admits that it filed with the SEC a Form 10-Q for the second quarterly period of fiscal year 2003. No further response is required to the extent that the allegations of Paragraph 158 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 158 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 158.

159.    With respect to Paragraph 159, Sonus admits that it filed with the SEC a Form 10-Q for the second quarterly period of fiscal year 2003. No further response is required to the extent that the allegations of Paragraph 159 purport to construe and excerpt the Form 10-Q, which speaks for itself. Sonus denies that Paragraph 159 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 159.

160.    With respect to Paragraph 160, Sonus admits that on August 13, 2003, Mr. Ahmed signed the Certification to the Company's Form 10-Q filed on that same date. No

further response is required to the extent that the allegations of Paragraph 160 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 160 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 160.

161.    With respect to Paragraph 161, Sonus admits that on August 13, 2003, Mr. Nill signed the Certification to the Company's Form 10-Q filed on that same date. No further response is required to the extent that the allegations of Paragraph 161 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 161 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 161.

162.    With respect to Paragraph 162, Sonus admits that on August 13, 2003, Mr. Ahmed signed the Certification to the Company's Form 10-Q filed on that same date. No further response is required to the extent that the allegations of Paragraph 162 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 162 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 162.

163.    With respect to Paragraph 163, Sonus admits that on August 13, 2003, Mr. Nill signed the Certification to the Company's Form 10-Q filed on that same date. No further response is required to the extent that the allegations of Paragraph 163 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 163 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 163.

164.    With respect to Paragraph 164, Sonus admits that it filed with the SEC a Prospectus Supplement dated September 23, 2003.  No further response is required to the extent that the allegations of Paragraph 164 purport to construe and paraphrase either the Prospectus Supplement or the documents listed in the first sentence of Paragraph 164, which speak for themselves.  Sonus denies that Paragraph 164 completely and accurately construes and excerpts those documents.  Sonus otherwise denies each and every allegation in Paragraph 164.

165.    With respect to Paragraph 165, Sonus admits that on October 8, 2003, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 165 purport to construe and excerpt the release, which speaks for itself.  Sonus denies that Paragraph 165 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 165.

166.    With respect to Paragraph 166, Sonus admits that on October 8, 2003, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 166 purport to construe and paraphrase the release, which speaks for itself.  Sonus denies that Paragraph 166 completely and accurately construes and paraphrases the release.  Sonus otherwise denies each and every allegation in Paragraph 166.

167.    With respect to Paragraph 167, Sonus admits that it has filed its financial results with the SEC in several public filings, including a Form 10-Q for the third quarterly period of fiscal year 2003.  Sonus further admits that it has restated certain of its financial results in documents publicly filed with the SEC.  No further response is required to the extent that the allegations of Paragraph 167 purport to construe and paraphrase either the Form 10-Q for the third quarter of 2003 filed by the Company or the restatements, which speak for themselves.

168.    With respect to Paragraph 168, Sonus admits that it filed with the SEC a Form 10-Q for the third quarterly period of fiscal year 2003, and a Form 10-Q for the third quarterly period of fiscal year 2004.  No further response is required to the extent that the allegations of Paragraph 168 purport to construe and paraphrase the Forms 10-Q, which speak for themselves.

169.    With respect to Paragraph 169, Sonus admits that on October 8, 2003, it issued a press release.  No further response is required to the extent that the allegations of Paragraph 169 purport to construe and excerpt the release, which speaks for itself.   Sonus denies that Paragraph 169 completely and accurately construes and excerpts the release.  Sonus otherwise denies each and every allegation in Paragraph 169.

170.    With respect to Paragraph 170, Sonus admits that on November 10, 2003, it filed with the SEC a Form 10-Q for the third quarterly period of fiscal year 2003.  Sonus further admits that the Form 10-Q was signed by Mr. Nill, and Messrs. Ahmed and Nill signed the Certifications thereto.  No further response is required to the extent that the allegations of Paragraph 170 purport to construe and excerpt the Form 10-Q, which speaks for itself.  Sonus denies that Paragraph 170 completely and accurately construes and excerpts the Form 10-Q. Sonus otherwise denies each and every allegation in Paragraph 170.

171.    With respect to Paragraph 171, Sonus lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Sonus made the undated, unidentified statement set forth in Paragraph 171, when it allegedly made the statement, or in what context, and on that basis denies them.  Sonus otherwise denies each and every allegation in Paragraph 171.

172.    With respect to Paragraph 172, Sonus admits that it filed with the SEC a Form 10-Q for the third quarterly period of fiscal year 2003.  No further response is required to the extent

that the allegations of Paragraph 172 purport to construe and excerpt the Form 10-Q, which speaks for itself.  Sonus denies that Paragraph 172 completely and accurately construes and excerpts the Form 10-Q.  Sonus otherwise denies each and every allegation in Paragraph 172.

173.    With respect to Paragraph 173, Sonus admits that on November 10, 2003, Mr. Ahmed signed the Certification to the Company's Form 10-Q filed on that same date.  No further response is required to the extent that the allegations of Paragraph 173 purport to construe and excerpt the Certification, which speaks for itself.  Sonus denies that Paragraph 173 completely and accurately construes and excerpts the Certification.  Sonus otherwise denies each and every allegation in Paragraph 173.

174.    With respect to Paragraph 174, Sonus admits that on November 10, 2003, Mr. Nill signed the Certification to the Company's Form 10-Q filed on that same date.  No further response is required to the extent that the allegations of Paragraph 174 purport to construe and excerpt the Certification, which speaks for itself.  Sonus denies that Paragraph 174 completely and accurately construes and excerpts the Certification.  Sonus otherwise denies each and every allegation in Paragraph 174.

175.    With respect to Paragraph 175, Sonus admits that on November 10, 2003, Mr. Ahmed signed the Certification to the Company's Form 10-Q filed on that same date.  No further response is required to the extent that the allegations of Paragraph 175 purport to construe and excerpt the Certification, which speaks for itself.  Sonus denies that Paragraph 175 completely and accurately construes and excerpts the Certification.  Sonus otherwise denies each and every allegation in Paragraph 175.

176.    With respect to Paragraph 176, Sonus admits that on November 10, 2003, Mr. Nill signed the Certification to the Company's Form 10-Q filed on that same date.  No

further response is required to the extent that the allegations of Paragraph 176 purport to construe and excerpt the Certification, which speaks for itself. Sonus denies that Paragraph 176 completely and accurately construes and excerpts the Certification. Sonus otherwise denies each and every allegation in Paragraph 176.

177.    With respect to Paragraph 177, Sonus denies each and every allegation in Paragraph 177.

178.    With respect to Paragraph 178, no response is required to the allegations of that paragraph, which consist merely of conclusions of law. To the extent that a response is required, Sonus denies each and every allegation in Paragraph 178.

179.    With respect to Paragraph 179, no response is required to the allegations that consist merely of conclusions of law. To the extent that a response is required, Sonus denies each and every allegation in Paragraph 179.

180.    With respect to Paragraph 180, Sonus repeats and incorporates by reference each of its prior responses to Paragraphs 1-179, as though set forth herein in their entirety.

181.    With respect to Paragraph 181, no response is required to the allegations of that paragraph, which consist merely of conclusions of law. To the extent that Paragraph 181 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 181.

182.    With respect to Paragraph 182, no response is required to the allegations contained in Paragraph 182, which consist merely of conclusions of law. To the extent that Paragraph 182 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 182.

183.    With respect to Paragraph 183, no response is required to the allegations contained in Paragraph 183, which consist merely of conclusions of law.  To the extent that Paragraph 183 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 183.

184.    With respect to Paragraph 184, no response is required to the allegations contained in Paragraph 184, which consist merely of conclusions of law.  To the extent that Paragraph 184 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 184.

185.    With respect to Paragraph 185, no response is required to the allegations contained in Paragraph 185, which consist merely of conclusions of law.  To the extent that Paragraph 185 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 185.

186.    With respect to Paragraph 186, no response is required to the allegations contained in Paragraph 186, which consist merely of conclusions of law.  To the extent that Paragraph 186 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 186.

187.    With respect to Paragraph 187, no response is required to the allegations contained in Paragraph 187, which consist merely of conclusions of law.  To the extent that Paragraph 187 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 187.

188.    With respect to Paragraph 188, no response is required to the allegations contained in Paragraph 188, which consist merely of conclusions of law.  To the extent that Paragraph 188 purports to contain factual allegations requiring a response, Sonus specifically

denies that the price of its stock was artificially inflated. Sonus further denies that plaintiff or members of the purported class suffered damage or injury. Sonus otherwise denies each and every allegation in Paragraph 188.

189.    With respect to Paragraph 189, no response is required to the allegations contained in Paragraph 189, which consist merely of conclusions of law. To the extent that Paragraph 189 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 189.

190.    With respect to Paragraph 190, no response is required to the allegations contained in Paragraph 190, which consist merely of conclusions of law. To the extent that Paragraph 190 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 190.

191.    With respect to Paragraph 191, no response is required to the allegations contained in Paragraph 191, which consist merely of conclusions of law. To the extent that Paragraph 191 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 191.

192.    With respect to Paragraph 192, no response is required to the allegations contained in Paragraph 192 that consist merely of conclusions of law. To the extent that Paragraph 192 purports to contain allegations of fact requiring a response, Sonus admits that, during the putative Class Period, Mr. Ahmed and Mr. Nill held executive positions, and that, during the putative Class Period, Mr. Ahmed served as a director of the Company. Sonus incorporates by reference its responses to Paragraphs 16 and 17. Sonus admits that at certain times, to the extent consistent with their roles, Messrs. Ahmed and Nill had access to certain

internal corporate documents and other information provided to them in connection therewith. Sonus otherwise denies each and every allegation in Paragraph 192.

193.    With respect to Paragraph 193, no response is required to the allegations contained in Paragraph 193 that consist merely of conclusions of law.  To the extent that Paragraph 193 purports to contain allegations of fact requiring a response, Sonus admits that, during the putative Class Period, Mr. Ahmed and Mr. Nill held executive positions, and that, during the putative Class Period, Mr. Ahmed served as a director of the Company.  Sonus otherwise denies each and every allegation in Paragraph 193.

194.    With respect to Paragraph 194, no response is required to the allegations contained in Paragraph 194 that consist merely of conclusions of law.  To the extent that Paragraph 194 purports to contain allegations of fact requiring a response, Sonus admits that, during the putative Class Period, Mr. Ahmed served as President and CEO of the Company. Sonus otherwise denies each and every allegation in Paragraph 194.

195.    With respect to Paragraph 195, no response is required to the allegations contained in Paragraph 195, which consist merely of conclusions of law.  To the extent that Paragraph 195 purports to contain factual allegations requiring a response, Sonus denies each and every allegation in Paragraph 195.

196.    With respect to Paragraph 196, no response is required to the allegations contained in Paragraph 196 that consist merely of conclusions of law.  To the extent that Paragraph 196 purports to contain allegations of fact requiring a response, Sonus repeats and incorporates by reference each of its prior responses to Paragraphs 1-179, as though set forth herein in their entirety.  Sonus otherwise denies each and every allegation in Paragraph 196.

197.    With respect to Paragraph 197, no response is required to the allegations of that paragraph, which sets forth plaintiff's characterization of this action, consists of legal conclusions, and does not purport to require a response from Sonus.  To the extent that this paragraph purports to contain factual allegations requiring a response, Sonus admits that plaintiff asserts that it brings these alleged claims on behalf of itself and a putative subclass under Section 11 of the Securities Act, 15 U.S.C. §77k, against Sonus and Messrs. Ahmed and Nill, and under Section 15 of the Securities Act 15 U.S.C. §77o, against Messrs. Ahmed and Nill. However, Sonus further answers that plaintiff's purported Section 11 claims against Messrs. Ahmed and Nill have been dismissed, pursuant to this Court's Order dated May 10, 2006.  Sonus further admits that it issued a Prospectus Supplement dated September 23, 2003, pursuant to and as a part of a Registration Statement and Prospectus dated June 21, 2001, Registration No. 333-61940.  Sonus denies that any acts occurred to give rise to violation of these or any other securities laws, and further denies that this action may be properly maintained as a class action.  Sonus otherwise denies each and every allegation in Paragraph 197.

198.    With respect to Paragraph 198, Sonus admits that it issued a Prospectus Supplement on September 24, 2003, and the related Registration Statement.  Sonus otherwise denies each and every allegation in Paragraph 198.

199.    With respect to Paragraph 199, Sonus denies each and every allegation in Paragraph 199.

200.    With respect to Paragraph 200, no response is required to the allegations of Paragraph 200, which consist of plaintiff's legal conclusions and characterizations of the legal duties of Sonus and Messrs. Ahmed and Nill, or alleged violations thereof.  To the extent that a response is required, Sonus otherwise denies each and every allegation in Paragraph 200.

201.    With respect to Paragraph 201, Sonus denies each and every allegation in Paragraph 201.

202.    With respect to Paragraph 202, no response is required to the allegations contained in Paragraph 202, which consist merely of conclusions of law.  To the extent that Paragraph 202 purports to contain factual allegations requiring a response, Sonus denies that plaintiff or members of the purported class suffered damage or injury, and denies each and every allegation in Paragraph 202.

203.    With respect to Paragraph 203, no response is required to the allegations of Paragraph 203, which sets forth plaintiff's characterization of this action, consists of legal conclusions, and does not purport to require a response from Sonus.  To the extent that this paragraph purports to contain factual allegations requiring a response, Sonus admits that plaintiff asserts that it brings these alleged claims on behalf of itself and a putative subclass under Section 15 of the Securities Act, against Messrs. Ahmed and Nill.  Sonus denies that any acts occurred to give rise to violation of this or any other securities law, and further denies that this action may be properly maintained as a class action.  Sonus otherwise denies each and every allegation in Paragraph 203.

204.    With respect to Paragraph 204, no response is required to the allegations of Paragraph 204 concerning plaintiff's characterizations of Sonus' legal duties or alleged violations thereof, which consist of legal conclusions.  Sonus admits that at certain times Mr. Ahmed and Mr. Nill, to the extent consistent with their roles, had access to certain internal corporate documents, spoke to other corporate personnel, and had access to certain reports and other information provided to them in connection with the business of the Company.  Sonus otherwise denies each and every allegation in Paragraph 204.

205. With respect to Paragraph 205, Sonus denies each and every allegation in Paragraph 205.

206. With respect to Paragraph 206, no response is required to the allegations of Paragraph 206 concerning plaintiff's characterizations of Sonus' legal duties or alleged violations thereof, which consist of legal conclusions. To the extent that Paragraph 206 purports to contain factual allegations requiring a response, Sonus admits that Mr. Ahmed served as President and CEO of the Company during the putative Class Period. Sonus otherwise denies each and every allegation in Paragraph 206.

207. With respect to Paragraph 207, no response is required to the allegations of that paragraph, which sets forth plaintiff's characterization of that action, consists of legal conclusions, and does not purport to require a response from Sonus. To the extent that this paragraph purports to contain factual allegations requiring a response, Sonus admits that it issued a Prospectus Supplement in September 2003. Sonus otherwise denies each and every allegation in Paragraph 207.

208. With respect to Paragraph 208, Sonus repeats and incorporates by reference each of its prior responses to Paragraphs 1-179, as though set forth herein in their entirety.

209. With respect to Paragraph 209, Sonus answers that plaintiff's purported Section 12(a)(2) claims have been dismissed against all defendants in this action, pursuant to this Court's Order dated May 10, 2006.

210. With respect to Paragraph 210, Sonus admits that it has filed a Prospectus Supplement. Sonus otherwise denies each and every allegation in Paragraph 210.

211. With respect to Paragraph 211, no response is required to the allegations of Paragraph 211 concerning plaintiff's characterizations of Sonus' legal duties or alleged

violations thereof, which consist of legal conclusions.  To the extent that Paragraph 211 purports

to contain factual allegations requiring a response, Sonus lacks knowledge or information

sufficient to form a belief as to the truth of the allegations concerning whether sales of shares

would or "would not have been consummated" in the presence or absence of conditions alleged

in plaintiff's Complaint, and on that basis denies them.  Sonus otherwise denies each and every

allegation in Paragraph 211.

212.    With respect to Paragraph 212, Sonus lacks knowledge or information sufficient

to form a belief as to the truth of allegations concerning what facts or information were or were

not known to plaintiff at any given time, and on that basis denies them.  Sonus otherwise denies

each and every allegation in Paragraph 212.

213.    With respect to Paragraph 213, no response is required to the allegations of that

paragraph, which sets forth plaintiff's characterization of this action, consists of legal

conclusions, and does not purport to require a response from Sonus.  To the extent that this

paragraph purports to contain factual allegations requiring a response, Sonus admits that plaintiff

asserts that it brings these alleged claims on behalf of itself and a putative subclass under

Section 15 of the Securities Act, against Messrs. Ahmed and Nill.  Sonus denies that any acts

occurred to give rise to violation of this or any other securities law, and further denies that this

action may be properly maintained as a class action.  Sonus otherwise denies each and every

allegation in Paragraph 213.

214.    With respect to Paragraph 214, no response is required to the allegations

contained in Paragraph 214 that consist merely of conclusions of law.  To the extent that

Paragraph 214 purports to contain allegations of fact requiring a response, Sonus admits that,

during the putative Class Period, Mr. Ahmed and Mr. Nill held executive positions, and that,

during the putative Class Period, Mr. Ahmed served as a director of the Company. Sonus incorporates by reference its responses to Paragraphs 16 and 17. Sonus admits that at certain times, to the extent consistent with their roles, Messrs. Ahmed and Nill had access to certain internal corporate documents and other information provided to them in connection therewith. Sonus otherwise denies each and every allegation in Paragraph 214.

215.    With respect to Paragraph 215, Sonus denies each and every allegation in Paragraph 215.

216.    With respect to Paragraph 216, no response is required to the allegations of Paragraph 216 concerning plaintiff's characterizations of Sonus' legal duties or alleged violations thereof, which consist of legal conclusions. To the extent that Paragraph 216 purports to contain factual allegations requiring a response, Sonus admits that Mr. Ahmed served as President and CEO of the Company during the putative Class Period. Sonus otherwise denies each and every allegation in Paragraph 216.

217.    With respect to Paragraph 217, no response is required to the allegations of that paragraph, which sets forth plaintiff's characterization of that action, consists of legal conclusions, and does not purport to require a response from Sonus. To the extent that this paragraph purports to contain factual allegations requiring a response, Sonus admits that it issued a Prospectus Supplement in September 2003. Sonus otherwise denies each and every allegation in Paragraph 217.

218.    With respect to Paragraph 218, Sonus lacks knowledge or information sufficient to form a belief as to the truth of allegations concerning plaintiff's personal knowledge or the information purportedly obtained through any investigation by plaintiff's counsel or its

representatives, and on that basis denies them. Sonus otherwise denies each and every allegation in Paragraph 218.

To the extent that any response is required to Plaintiff's prayer for relief, Sonus denies each and every allegation contained therein.

## SECOND DEFENSE

The Complaint and each purported cause of action alleged therein fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff has failed to plead fraud or its predicate acts with sufficient particularity.

## FOURTH DEFENSE

Sonus did not act with scienter but instead exercised reasonable due diligence and acted in good faith and in conformity with all applicable standards and state and federal statutes, including but not limited to the Securities Exchange Act of 1934, as amended the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

## FIFTH DEFENSE

Plaintiff's claims are barred by the Private Securities Litigation Reform Act.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because any decline in the market price of the Sonus securities purchased by plaintiff were caused by factors other than Sonus' alleged conduct.

Sonus reserves the right to assert additional defenses as they become known through the course of discovery.

WHEREFORE, Sonus respectfully requests that this Court dismiss the Complaint and plaintiff's claims, enter judgment in favor of the Sonus and the Individual Defendants and against plaintiff, award Sonus the reasonable attorneys' fees, costs, and expenses it has incurred in the defense of this action, and grant defendants any additional relief that is fair and appropriate.

Respectfully Submitted,

/s/ James W. Prendergast
James W. Prendergast (BBO #553073)
Jeffrey B. Rudman (BBO #433380)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Dated:  June 29, 2006    (617) 526-6000

Counsel for Defendant Sonus Networks, Inc.

## CERTIFICATE OF SERVICE

On June 29, 2006, I caused a copy of this Document to be served by electronic mail via the electronic filing system upon all counsel of record.


Dated: June 29, 2006    /s/ James W. Prendergast
James W. Prendergast