## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| ) | |
| IN RE SONUS NETWORKS, INC. ) | |
| LITIGATION ) | **Civil Action No. 04-10294-DPW** |
| ) | |
| ) | |

## ANSWER OF HASSAN M. AHMED TO PLANTIFFS'
## FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Hassan M. Ahmed ("Mr. Ahmed"), pursuant to Fed. R. Civ. P. 8 and 12, answers the allegations of Plaintiffs' First Amended Consolidated Class Action Complaint ("Complaint") as follows:

### FIRST DEFENSE

1.      No answer is required to paragraph 1 of the Complaint because this paragraph merely purports to describe the nature of this action, the Defendants and the claims asserted.

2.      Mr. Ahmed denies the allegations of paragraph 2 of the Complaint, except admits that Sonus Networks, Inc. ("Sonus" or the "Company") restated certain financial results, which restated results are set forth in a written document which speaks for itself.

3.      Mr. Ahmed denies the allegations of paragraph 3 of the Complaint, except admits that the Company restated certain financial results, which restated results are set forth in a written document which speaks for itself.

4.      Mr. Ahmed denies the allegations of paragraph 4 of the Complaint, except admits Sonus restated certain of its financial results and that on or about February 11, 2004, Sonus made a public disclosure, which disclosure is a written document which speaks for itself.

5.      Mr. Ahmed denies the allegations of paragraph 5 of the Complaint.

6.    Mr. Ahmed denies the allegations of paragraph 6 of the Complaint.

7.    Mr. Ahmed denies the allegations of paragraph 7 of the Complaint, except admits that the Company terminated certain employees, including Peter Hemme, Sonus's Controller, that Steven Nill left the Company, and that Sonus was temporarily delisted from the NASDAQ Market System on or about August 13, 2004.

8.    Mr. Ahmed denies the allegations of paragraph 8 of the Complaint and states that generally accepted accounting principles ("GAAP") and the Accounting Principles Board Opinion No. 20 are written documents which speak for themselves.

9.    Mr. Ahmed denies the allegations of paragraph 9 of the Complaint.

10.    No answer to this paragraph is required because in this paragraph Plaintiffs merely purport to describe the claims brought in this action.

11.    This paragraph merely purports to state a legal conclusion to which no response is required.

12.    This paragraph merely purports to state a legal conclusion to which no response is required.

13.    Mr. Ahmed denies the allegations of paragraph 13 of the Complaint.

14.    Mr. Ahmed denies the allegations of the first sentence of paragraph 14 of the Complaint. Mr. Ahmed denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 14 of the Complaint and thereby denies the same. Mr. Ahmed admits the allegations of the third sentence of paragraph 14 of the Complaint.

15.    Mr. Ahmed admits the allegations of paragraph 15 of the Complaint.

16.     Mr. Ahmed denies the allegations of paragraph 16 of the Complaint, except admits that he is currently the CEO and Chairman of the Board of Directors of Sonus, that he assumed the position of CEO as of November 1998, that he became Chairman of the Board in April 2004. Further answering, Mr. Ahmed admits that he owned approximately 8,845,498 shares of Sonus stock as of May 31, 2004. Mr. Ahmed denies all of the remaining allegations of paragraph 16 of the Complaint.

17.     Mr. Ahmed denies the allegations of paragraph 17 of the Complaint, except admits that Defendant Steven J. Nill served as Sonus's CFO, Vice President of Finance and Administration, and Treasurer and later Vice President of Operations, before leaving the Company. Further answering, Mr. Ahmed admits that Mr. Nill was involved in the preparation, review and authorization of some of Sonus's public statements and signed various SEC filings. Mr. Ahmed denies the remaining allegations of paragraph 17 of the Complaint.

18.     No answer is required to this paragraph because Plaintiffs merely purport to define terms used in the Complaint.

19.     Mr. Ahmed denies the allegations of paragraph 19 of the Complaint, except states that the last sentence of paragraph 19 of the Complaint states a legal conclusion to which no response is required.

20.     Mr. Ahmed denies the allegations of paragraph 20 of the Complaint, except admits that he participated in the management of the Company and was privy to confidential and proprietary information.

21.     The allegations of the first sentence of paragraph 21 of the Complaint state a legal conclusion to which no response is required. Mr. Ahmed denies the allegations of the second sentence of paragraph 21 of the Complaint.

22.    Mr. Ahmed denies the allegations of paragraph 22 of the Complaint.

23.    Mr. Ahmed denies the allegations of paragraph 23 of the Complaint.

24.    Mr. Ahmed denies the allegations of paragraph 24 of the Complaint.

25.    In this paragraph, Plaintiffs merely purport to describe the action and therefore no response is required.

26.    Mr. Ahmed denies the allegations of paragraph 26 of the Complaint, except admits that Sonus's shares were traded on the NASDAQ market, that as of January 31, 2004, there were over 245,000,000 shares of Sonus stock outstanding, and that certain securities firms followed Sonus and issued reports. Mr. Ahmed denies the remaining allegations of paragraph 26 of the Complaint.

27.    Mr. Ahmed denies the allegations of paragraph 27 of the Complaint.

28.    Mr. Ahmed denies the allegations of paragraph 28 of the Complaint.

29.    Mr. Ahmed denies the allegations of paragraph 29 of the Complaint.

30.    Mr. Ahmed denies the allegations of paragraph 30 of the Complaint.

31.    Mr. Ahmed denies the allegations of paragraph 31 of the Complaint.

32.    Mr. Ahmed denies the allegations of paragraph 32 of the Complaint.

33.    Mr. Ahmed admits the allegations of paragraph 33 of the Complaint, except states that Sonus's 2001 Form 10-K is a written document which speaks for itself.

34.    Mr. Ahmed denies the allegations of paragraph 34 of the Complaint, except admits the allegations of the first sentence and that Sonus became a public company in May 2000 and states that the fourth sentence states a legal conclusion to which no response is required.

35.    Mr. Ahmed denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and thereby denies the same.

36.    Mr. Ahmed denies the allegations of paragraph 36 of the Complaint.

37.    Mr. Ahmed denies the allegations of paragraph 37 of the Complaint.

38.    Mr. Ahmed denies the allegations of paragraph 38 of the Complaint, except admits that Sonus issued press releases concerning the Company's quarterly results, and states that those press releases are written documents which speak for themselves.

39.    Mr. Ahmed denies the allegations of paragraph 39 of the Complaint.

40.    Mr. Ahmed denies the allegations of paragraph 40 of the Complaint.

41.    Mr. Ahmed denies the allegations of paragraph 41 of the Complaint, except states that Plaintiffs' legal conclusions and characterizations of GAAP require no answer.

42.    Mr. Ahmed denies the allegations of paragraph 42 of the Complaint.

43.    Mr. Ahmed denies the allegations of paragraph 43 of the Complaint, except states that Plaintiffs' legal conclusions and characterizations of both GAAP and the Company's own revenue recognition policies require no response.

44.    Mr. Ahmed denies the allegations of paragraph 44 of the Complaint.

45.    Mr. Ahmed denies the allegations of paragraph 45 of the Complaint.

46.    Mr. Ahmed denies the allegations of paragraph 46 of the Complaint.

47.    Mr. Ahmed denies the allegations of paragraph 47 of the Complaint.

48.    Mr. Ahmed denies the allegations of paragraph 48 of the Complaint.

49.    Mr. Ahmed denies the allegations of paragraph 49 of the Complaint.

50.    Mr. Ahmed denies the allegations of paragraph 50 of the Complaint.

51.    Mr. Ahmed denies the allegations of paragraph 51 of the Complaint.

52.     Mr. Ahmed denies the allegations of paragraph 52 of the Complaint, except states that the information depicted graphically in this paragraph derives from written documents which speak for themselves.

53.     Mr. Ahmed denies the allegations of paragraph 53 of the Complaint, except states that the various press releases described therein are written documents which speak for themselves.

54.     Mr. Ahmed denies the allegations of paragraph 54 of the Complaint, except states that the SEC filing described therein is a written document which speaks for itself.

55.     Mr. Ahmed denies the allegations of paragraph 55 of the Complaint, except states that the SEC filings described therein are written documents which speak for themselves.

56.     Mr. Ahmed denies the allegations of paragraph 56 of the Complaint, except states that the SEC filing described therein is a written document which speaks for itself.

57.     Mr. Ahmed denies the allegations of paragraph 57 of the Complaint, except states that the SEC filing described therein is a written document which speaks for itself.

58.     Mr. Ahmed denies the allegations of paragraph 58 of the Complaint, except states that the SEC filing described therein is a written document which speaks for itself.

59.     Mr. Ahmed denies the allegations of paragraph 59 of the Complaint, except states that the SEC filing described therein is a written document which speaks for itself.

60.     Mr. Ahmed denies the allegations of paragraph 60 of the Complaint.

61.     Mr. Ahmed admits the allegations of the first sentence of paragraph 61 of the Complaint.  Mr. Ahmed denies the remaining allegations of paragraph 61 of the Complaint, except states that the SEC filing described therein is a written document which speaks for itself.

62.    Mr. Ahmed denies the allegations of paragraph 62 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

63.    Mr. Ahmed denies the allegations of paragraph 63 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

64.    Mr. Ahmed denies the allegations of paragraph 64 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

65.    Mr. Ahmed denies the allegations of paragraph 65 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

66.    Mr. Ahmed denies the allegations of paragraph 66 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

67.    Mr. Ahmed admits the allegations of the first sentence of paragraph 67 of the Complaint.  Mr. Ahmed denies the remaining allegations of paragraph 67 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

68.    Mr. Ahmed admits the allegations of the first sentence of paragraph 68 of the Complaint.  Mr. Ahmed denies the remaining allegations of this paragraph.

69.     Mr. Ahmed denies the allegations of paragraph 69 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

70.     Mr. Ahmed denies the allegations of paragraph 70 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

71.     Mr. Ahmed denies the allegations of paragraph 71 of the Complaint, except admits that the Company filed a Form 10-K/A with the SEC restating certain of its financial results, which Form 10-K/A is a written document which speaks for itself.

72.     Mr. Ahmed admits the allegations of the first sentence of paragraph 72 of the Complaint, except states that Sonus filed its Registration Statement and Prospectus on June 21, 2001 – not June 25, 2001 as alleged – and filed its Prospectus Supplement on April 22, 2003 – not April 21, 2003 as alleged.  With respect to the allegation of the second sentence of paragraph 72, Mr. Ahmed states that the Prospectus Supplement is a written document which speaks for itself.  Mr. Ahmed denies the remaining allegations of paragraph 72.

73.     Mr. Ahmed denies the allegations of paragraph 73 of the Complaint.

74.     Mr. Ahmed denies the allegations of paragraph 74 of the Complaint, except admits on or about September 23, 2003, Sonus filed a Rule 424(b)(5) Prospectus Supplement to its June 21, 2001 Registration Statement and states that this SEC filing is a written document which speaks for itself.

75.     Mr. Ahmed denies the allegations of paragraph 75 of the Complaint.

76.     Mr. Ahmed denies the allegations of paragraph 76 of the Complaint, except admits that he signed certain certifications and Sonus's Form 10-K's referred to therein.

8

77. Mr. Ahmed denies the allegations of paragraph 77 of the Complaint, except admits that Mr. Nill signed certain certifications and Sonus's Form 10-K's referred to therein.

78. Mr. Ahmed denies the allegations of paragraph 78 of the Complaint, except admits that on or about January 5, 2004 Sonus issued a press release, which press release is a written document which speaks for itself.

79. Mr. Ahmed denies the allegations of paragraph 79 of the Complaint, except states that on or about January 20, 2004 Sonus issued a press release, which press release is a written document which speaks for itself.

80. Mr. Ahmed denies the allegations of paragraph 80 of the Complaint, except states that on or about February 11, 2004 Sonus issued a press release, which press release is a written document which speaks for itself.

81. Mr. Ahmed denies the allegations of paragraph 81 of the Complaint, except admits that on or about March 15, 2004 Sonus issued a press release, which press release is a written document which speaks for itself.

82. Mr. Ahmed denies the allegations of paragraph 82 of the Complaint, except admits that on or about March 29, 2004 Sonus issued a press release, which press release is a written document which speaks for itself.

83. Mr. Ahmed denies the allegations of paragraph 83 of the Complaint, except admits that on or about March 30, 2004, Sonus issued a press release, which press release is a written document which speaks for itself.

84. Mr. Ahmed denies the allegations of paragraph 84 of the Complaint, except admits that the Company hired Burt Notini to serve as President and COO of the Company and

that on or about April 6, 2004 Sonus issued a press release, which press release is a written document which speaks for itself.

85.    Mr. Ahmed denies the allegations of paragraph 85 of the Complaint, except admits that it received a letter from the NASDAQ staff and on or about May 24, 2004 Sonus issued a press release, which letter and press release are written documents which speak for themselves.

86.    Mr. Ahmed denies the allegations of paragraph 86 of the Complaint, except admits that on or about July 19, 2004, Sonus issued a press release, which press release is a written document which speaks for itself.

87.    Mr. Ahmed denies the allegations of paragraph 87 of the Complaint.

88.    The allegations of paragraph 88 of the Complaint state a legal conclusion to which no response is required.

89.    The allegations of paragraph 89 of the Complaint state a legal conclusion to which no response is required.

90.    The allegations of paragraph 90 of the Complaint state a legal conclusion to which no response is required.

91.    Mr. Ahmed denies the allegations of paragraph 91 of the Complaint, except states that the allegations in the first sentence of that paragraph state a legal conclusion to which no response is required.

92.    Mr. Ahmed denies the allegations of paragraph 92 of the Complaint.

93.    The allegations of paragraph 93 of the Complaint state legal conclusions to which no response is required.

94.    The allegations of paragraph 94 of the Complaint purport to summarize the AICPA Professional Standards, which standards are embodied in a written document which speaks for itself.

95.    Mr. Ahmed denies the allegations of paragraph 95 of the Complaint, except states that the financial accounting standards and codification of statements on auditing standards are written documents that speak for themselves.

96.    Mr. Ahmed denies the allegations of paragraph 96 of the Complaint.

97.    Mr. Ahmed denies the allegations of paragraph 97 of the Complaint.

98.    Mr. Ahmed denies the allegations of paragraph 98 of the Complaint, except admits the allegations of the first sentence of that paragraph and states the AICPA statement of positions are written documents which speak for themselves.

99.    Mr. Ahmed denies the allegations of paragraph 99 of the Complaint, except admits the allegations of the third, fourth, fifth, sixth, and seventh sentences of that paragraph.

100.    Mr. Ahmed denies the allegations of paragraph 100 of the Complaint, except admits that Mr. Nill worked as Sonus's CFO, Vice President of Finance and Administration and Treasurer. Mr. Ahmed denies knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph concerning Mr. Nill's background and/or knowledge and thereby denies the same.

101.    Mr. Ahmed denies the allegations of paragraph 101 of the Complaint, except states that the SEC filing referred to therein is a written document which speaks for itself.

102.    Mr. Ahmed denies the allegations of paragraph 102 of the Complaint.

103.    Mr. Ahmed denies the allegations of paragraph 103 of the Complaint, except admits that on or about March 28, 2002 Sonus filed its Form 10-K for the year ended December 31, 2001, which Form 10-K Mr. Ahmed signed.

104.    Mr. Ahmed denies the allegations of paragraph 104 of the Complaint, except states that the Company's 2003 Form 10-K/A is a written document which speaks for itself.

105.    Mr. Ahmed denies the allegations of paragraph 105 of the Complaint, except states that the SEC filings referred to therein are written documents which speak for themselves.

106.    Mr. Ahmed denies the allegations of paragraph 106 of the Complaint, except states that the SEC filings referred to therein are written documents which speak for themselves.

107.    Mr. Ahmed denies the allegations of paragraph 107 of the Complaint, except states that the SEC filing referred to therein is a written document which speaks for itself.

108.    Mr. Ahmed denies the allegations of paragraph 108 of the Complaint, except states that on or about April 9, 2002, Sonus issued a press release, which press release is a written document which speaks for itself.

109.    Mr. Ahmed denies the allegations of paragraph 109 of the Complaint, except states that the SEC filing referred to therein is a written document which speaks for itself.

110.    Mr. Ahmed denies the allegations of paragraph 110 of the Complaint, except states that the SEC filing referred to therein is a written document which speaks for itself.

111.    Mr. Ahmed denies the allegations of paragraph 111 of the Complaint, except states that the SEC filing referred to therein is a written document which speaks for itself.

112.    Mr. Ahmed denies the allegations of paragraph 112 of the Complaint, except states that on or about July 11, 2002 Sonus issued a press release, which press release is a written document which speaks for itself.

113.    Mr. Ahmed denies the allegations of paragraph 113 of the Complaint, except states that Sonus's restated financial results are contained in SEC filings, which SEC filings are written documents which speak for themselves.

114.    Mr. Ahmed denies the allegations of paragraph 114 of the Complaint, except states that the SEC filings referred to therein are written documents which speak for themselves and admits that he signed certain Sarbanes-Oxley certifications.

115.    Mr. Ahmed denies the allegations of paragraph 115 of the Complaint, except states that the SEC filing referred to therein is a written document which speaks for itself.

116.    Mr. Ahmed denies the allegations of paragraph 116 of the Complaint, except admits that he signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

117.    Mr. Ahmed denies the allegations of paragraph 117 of the Complaint, except admits that on or about October 9, 2002 Sonus issued a press release, which press release is a written document which speaks for itself.

118.    Mr. Ahmed denies the allegations of paragraph 118 of the Complaint, except admits that the Company's restated financial results are contained in SEC filings, which SEC filings are written documents which speak for themselves.

119.    Mr. Ahmed denies the allegations of paragraph 119 of the Complaint, except admits that Sonus filed the SEC filing referred to therein and that Mr. Ahmed signed certain Sarbanes-Oxley certifications.

120.    Mr. Ahmed denies the allegations of paragraph 120 of the Complaint.

121.    Mr. Ahmed denies the allegations of paragraph 121 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

122.    Mr. Ahmed denies the allegations of paragraph 122 of the Complaint.

123.    Mr. Ahmed denies the allegations of paragraph 123 of the Complaint.

124.    Mr. Ahmed denies the allegations of paragraph 124 of the Complaint, except admits that he signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

125.    Mr. Ahmed denies the allegations of paragraph 125 of the Complaint, except admits that Mr. Nill signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

126.    Mr. Ahmed denies the allegations of paragraph 126 of the Complaint, except admits that on or about January 22, 2003, Sonus issued a press release, which press release is a written document which speaks for itself.

127.    Mr. Ahmed denies the allegations of paragraph 127 of the Complaint, except admits that Sonus restated certain of its financial results, which restated financial results are contained in SEC filings, which SEC filings are written documents which speak for themselves.

128.    Mr. Ahmed denies the allegations of paragraph 128 of the Complaint, except admits that Sonus filed the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

129.    Mr. Ahmed denies the allegations of paragraph 129 of the Complaint, except admits that Sonus filed the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

130.   Mr. Ahmed denies the allegations of paragraph 130 of the Complaint, except admits that Sonus filed the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

131.   Mr. Ahmed denies the allegations of paragraph 131 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

132.   Mr. Ahmed denies the allegations of paragraph 132 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

133.   Mr. Ahmed denies the allegations of paragraph 133 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

134.   Mr. Ahmed denies the allegations of paragraph 134 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

135.   Mr. Ahmed denies the allegations of paragraph 135 of the Complaint.

136.   Mr. Ahmed denies the allegations of paragraph 136 of the Complaint.

137.   Mr. Ahmed denies the allegations of paragraph 137 of the Complaint.

138.   Mr. Ahmed denies the allegations of paragraph 138 of the Complaint.

139.   Mr. Ahmed denies the allegations of paragraph 139 of the Complaint, except admits that Sonus made the SEC filing referred to therein and that he and Mr. Nill, among others, signed that SEC filing.

140.    Mr. Ahmed denies the allegations of paragraph 140 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

141.    Mr. Ahmed denies the allegations of paragraph 141 of the Complaint, except admits that on or about April 9, 2003, Sonus issued a press release, which press release is a written document which speaks for itself.

142.    Mr. Ahmed denies the allegations of paragraph 142 of the Complaint, except admits that Sonus made the SEC filing referred to therein and restated its revenues, which SEC filing is a written document which speaks for itself.

143.    Mr. Ahmed denies the allegations of paragraph 143 of the Complaint, except admits that Sonus made the SEC filings referred to therein and restated its revenues, which SEC filings are written documents which speak for themselves.

144.    Mr. Ahmed denies the allegations of paragraph 144 of the Complaint.

145.    Mr. Ahmed denies the allegations of paragraph 145 of the Complaint, except admits that the Company made the SEC filing referred to therein and that he signed certain Sarbanes-Oxley certifications, which SEC filing and certifications are written documents which speak for themselves.

146.    Mr. Ahmed denies the allegations of paragraph 146 of the Complaint.

147.    Mr. Ahmed denies the allegations of paragraph 147 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

148.    Mr. Ahmed denies the allegations of paragraph 148 of the Complaint, except admits that he signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

149.    Mr. Ahmed denies the allegations of paragraph 149 of the Complaint, except admits that Mr. Nill signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

150.    Mr. Ahmed denies the allegations of paragraph 150 of the Complaint, except admits that he made certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

151.    Mr. Ahmed denies the allegations of paragraph 151 of the Complaint, except admits that Mr. Nill made certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

152.    Mr. Ahmed denies the allegations of paragraph 152 of the Complaint, except admits that on or about July 10, 2003 Sonus issued a press release, which press release is a written document which speaks for itself.

153.    Mr. Ahmed denies the allegations of paragraph 153 of the Complaint.

154.    Mr. Ahmed denies the allegations of paragraph 154 of the Complaint.

155.    Mr. Ahmed denies the allegations of paragraph 155 of the Complaint, except admits that Sonus has restated its financial results in certain SEC filings, which SEC filings are written documents which speak for themselves.

156.    Mr. Ahmed denies the allegations of paragraph 156 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

157.    Mr. Ahmed denies the allegations of paragraph 157 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which was signed by Mr. Nill, which SEC filing is a written document which speaks for itself.

158.    Mr. Ahmed denies the allegations of paragraph 158 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

159.    Mr. Ahmed denies the allegations of paragraph 159 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

160.    Mr. Ahmed denies the allegations of paragraph 160 of the Complaint, except admits that he signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

161.    Mr. Ahmed denies the allegations of paragraph 161 of the Complaint, except admits that Mr. Nill signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

162.    Mr. Ahmed denies the allegations of paragraph 162 of the Complaint, except admits that he made certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

163.    Mr. Ahmed denies the allegations of paragraph 163 of the Complaint, except admits that Mr. Nill made certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

164.    Mr. Ahmed denies the allegations of paragraph 164 of the Complaint, except admits that Sonus filed the SEC filing described therein, which SEC filing is a written document which speaks for itself.

165.    Mr. Ahmed denies the allegations of paragraph 165 of the Complaint, except admits that on or about October 8, 2003 Sonus issued a press release, which press release is a written document which speaks for itself.

166.    Mr. Ahmed denies the allegations of paragraph 166 of the Complaint, except states that the press release referred to therein is a written document which speaks for itself.

167.    Mr. Ahmed denies the allegations of paragraph 167 of the Complaint, except admits that the SEC filing referred to therein which restated Sonus's financial results is a written document which speaks for itself.

168.    Mr. Ahmed denies the allegations of paragraph 168 of the Complaint, except states that the SEC filings referred to therein are written documents which speak for themselves.

169.    Mr. Ahmed denies the allegations of paragraph 169 of the Complaint.

170.    Mr. Ahmed denies the allegations of paragraph 170 of the Complaint, except admits that Sonus made the SEC filing referred to therein and then Mr. Nill signed that SEC filing, which SEC filing is a written document which speaks for itself.  Further answering, Mr. Ahmed admits that he and Mr. Nill signed certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

171.    Mr. Ahmed denies the allegations of paragraph 171 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

172.    Mr. Ahmed denies the allegations of paragraph 172 of the Complaint, except admits that Sonus made the SEC filing referred to therein, which SEC filing is a written document which speaks for itself.

173.    Mr. Ahmed denies the allegations of paragraph 173 of the Complaint, except admits that he made certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

174.    Mr. Ahmed denies the allegations of paragraph 174 of the Complaint, except admits that Mr. Nill made certain Sarbanes-Oxley certifications, which certifications are written documents which speak for themselves.

175.    Mr. Ahmed denies the allegations of paragraph 175 of the Complaint, except admits that he made certain Sarbanes-Oxley certifications which certifications speak for themselves.

176.    Mr. Ahmed denies the allegations of paragraph 176 of the Complaint, except admits that Mr. Nill made certain Sarbanes-Oxley certifications, which certifications speak for themselves.

177.    Mr. Ahmed denies the allegations of paragraph 177 of the Complaint.

178.    The first sentence of paragraph 178 of the Complaint states a legal conclusion to which no response is required.  Mr. Ahmed denies the remaining allegations in paragraph 178 of the Complaint.

179.    Mr. Ahmed denies the allegations of paragraph 179 of the Complaint.

THE FIRST CLAIM

Alleged Violation of Sections 10(b) and 20(a) of the
Exchange Act and Rule 10(b)-5 Against All Defendants

180.   Mr. Ahmed repeats and realleges each and every answer made to the allegations above as they are fully set forth herein.

181.   Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.   To the extent this paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 181 of the Complaint.

182.   Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.   To the extent this paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 182 of the Complaint.

183.   This paragraph states a legal conclusion to which no response is required.

184.   Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.   To the extent this paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 184 of the Complaint.

185.   Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.   To the extent this

paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 185 of the Complaint.

186.    Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.  To the extent this paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 186 of the Complaint.

187.    Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.  To the extent this paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 187 of the Complaint.

188.    Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.  To the extent this paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 188 of the Complaint.

189.    Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' claims for violations of Section 10(b) and Rule 10(b)-5 have been dismissed against Mr. Ahmed and to that extent no response is required to the allegations of this Complaint.  To the extent this paragraph purports to make allegations against Mr. Ahmed for violations of Section 20(a) of the Exchange Act, Mr. Ahmed denies the allegations of paragraph 189 of the Complaint.

190.    Mr. Ahmed denies the allegations of paragraph 190 of the Complaint.

191.    Mr. Ahmed denies the allegations of paragraph 191 of the Complaint.

192.    The first sentence of paragraph 192 of the Complaint states a legal conclusion to which no response is required. Mr. Ahmed admits that he was involved in the decision making of the Company, and denies the remaining allegations of paragraph 192 of the Complaint.

193.    Mr. Ahmed denies the allegations of paragraph 193 of the Complaint.

194.    The first sentence of paragraph 194 of the Complaint states a legal conclusion to which no response is required. Mr. Ahmed denies the remaining allegations of paragraph 194 of the Complaint.

195.    Mr. Ahmed denies the allegations of paragraph 195 of the Complaint.

## SECOND CLAIM

### Alleged Violations of Section 11 and 15 of the Securities Act

196.    Mr. Ahmed incorporates by reference and realleges his answers to paragraphs 1 through 179 above as fully set forth herein.

197.    No response is required to this paragraph because it purports merely to be a description of Plaintiffs' claim.

198.    Mr. Ahmed admits that Sonus issued a Prospectus Supplement on September 24, 2003 and the related Registration Statement. Mr. Ahmed denies the remaining allegations of this paragraph.

199.    Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' Section 11 Claim has been dismissed as against Mr. Ahmed. To the extent the allegations of this paragraph relate to Plaintiffs' Section 15 claim, Mr. Ahmed denies those allegations.

200.    This paragraph states a legal conclusion to which no response is required.

201.    Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' Section 11 Claim has been dismissed as against Mr. Ahmed. To the extent the allegations of this paragraph relate to Plaintiffs' Section 15 claim, Mr. Ahmed denies those allegations.

202.    Pursuant to the Court's May 10, 2006 Memorandum and Order, Plaintiffs' Section 11 Claim has been dismissed as against Mr. Ahmed. To the extent the allegations of this paragraph relate to Plaintiffs' Section 15 claim, Mr. Ahmed denies those allegations.

203.    No response is required to the allegations of this paragraph because Plaintiffs' merely purport to describe their Section 15 claim therein.

204.    The first sentence of paragraph 204 states a legal conclusion to which no response is required. Mr. Ahmed admits that he was involved in the decision making at the Company but denies the remaining allegations of this paragraph.

205.    Mr. Ahmed denies the allegations of paragraph 205 of the Complaint.

206.    The first sentence of paragraph 206 states a legal conclusion to which no response is required. Mr. Ahmed denies the remaining allegations of this paragraph 206 of the Complaint.

207.    Mr. Ahmed denies the allegations of paragraph 207 of the Complaint.

### THIRD CLAIM

### Alleged Violation of Sections 12(a)(2) and 15 of the Securities Act

208.    Mr. Ahmed incorporates by reference and realleges his answers to paragraph 1 through 179 above as fully set forth herein.

209.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required. To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

210.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required. To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

211.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required. To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

212.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required. To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

213.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required. To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

214.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required. To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

215.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required. To the extent

these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

216.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required.  To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

217.    Pursuant to the Court's May 10, 2006 Memorandum and Order, this claim has been dismissed as against all Defendants and therefore no response is required.  To the extent these allegations relate to Plaintiffs' Section 15 claim based on an underlying Section 11 violation, Mr. Ahmed denies the allegations of this paragraph.

## BASIS OF ALLEGATIONS

218.    Mr. Ahmed is without all of the information sufficient to form a belief as to the truth of the allegations of paragraph 218 of the Complaint and thereby denies the same.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs have failed to plead fraud and/or scienter with the requisite particularity.

## FOURTH DEFENSE

Mr. Ahmed acted in good faith, exercised reasonable due diligence, reasonably relied on others, and acted in conformity with all applicable statutory and regulatory standards.

## FIFTH DEFENSE

Plaintiffs have failed to allege Mr. Ahmed's culpable participation in any primary violation.

26

## SIXTH DEFENSE

Plaintiffs have failed to allege a primary violation of Section 10(b) of the Exchange Act or Section 11 of the Securities Act by any defendant.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the Private Securities Litigation Reform Act.

## EIGHTH DEFENSE

Plaintiff claims are barred in whole or in part because any decline in the market price of Sonus stock was caused by factors other than Sonus's alleged conduct.

## NINTH DEFENSE

Plaintiffs' claims are barred because they did not reasonably or otherwise rely on any statement or omission nor are they entitled to rely on the presumption of reliance established by the fraud-on-the market doctrine.

## TENTH DEFENSE

Plaintiffs' claims are barred because they are not based on any material alleged misstatement or omission.

WHEREFORE, Mr. Ahmed respectfully requests that this Court:

(a)    Grant Mr. Ahmed judgment on all of Plaintiffs' claims and dismiss the Complaint in its entirety and with prejudice as against him;

27

(b)    Award Mr. Ahmed his costs and attorneys' fees; and

(c)    Award Mr. Ahmed such further relief as the Court deems just and proper.

HASSAN M. AHMED,

By his attorneys,

/s/ John R. Baraniak, Jr.
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Paul E. Bonanno (BBO #646838)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated:  June 29, 2006

28

4094315v1