UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------- x
                         :     Civil Action
IN RE SONUS NETWORKS, INC.  :     No. 04-10294-DPW
SECURITIES LITIGATION      :
                          :     **JURY TRIAL DEMANDED**
---------------------------------------------- x

**DEFENDANT STEPHEN J. NILL'S
ANSWER AND AFFIRMATIVE DEFENSES TO THE
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant Stephen J. Nill ("Mr. Nill"), by his undersigned counsel, answers the First Amended Consolidated Class Action Complaint (Docket No. 126) (the "Complaint") of Lead Plaintiff BPI Global Asset Management LLP ("BPI Global"). To the extent not explicitly admitted, Mr. Nill denies all allegations of the Complaint. Mr. Nill answers the Complaint upon knowledge as to himself and otherwise upon information and belief as follows:

Mr. Nill denies all headings listed in the Table of Contents of the Complaint.

The preamble of the Complaint constitutes BPI Global's legal conclusions and definitional conventions to which no answer is required. To the extent that the preamble of the Complaint may be deemed to contain factual allegations, they are denied.

1.      The allegations in paragraph 1 of the Complaint constitute BPI Global's legal conclusions and definitional conventions to which no answer is required. To the extent that paragraph 1 of the Complaint may be deemed to contain factual allegations, they are denied. Answering further, Mr. Nill denies that any acts or omissions occurred to give rise to violation of the Securities Exchange Act of 1934 (the "Exchange Act") or the Securities Act of 1933 (the "Securities Act"), and the Court's May 10, 2006 Order dismissed the Sections 10(b), 11 and

12(a)(2) claims as to Mr. Nill.  Mr. Nill further denies that this action may be properly maintained as a class action.

2.    The allegations in paragraph 2 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 2 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

3.    The allegations in paragraph 3 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 3 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus made the 10 SEC filings identified in paragraph 3 of the Complaint and, answering further, refers to those filings for a complete and accurate statement of their contents.

4.    The allegations in paragraph 4 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 4 of the Complaint concern purported conduct attributed

to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus' stock: (i) opened at a price of $7.54 per share on February 11, 2004, (ii) closed at a price of $5.39 per share on February 12, 2004, (iii) closed at a price of $3.92 per share on March 29, 2004 and (iv) traded above $9.90 on January 20, 2004.  Answering further, Mr. Nill refers to Sonus' yearly and quarterly filings referenced in paragraph 4 of the Complaint for a complete and accurate statement of their contents.

       5.     The allegations in paragraph 5 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 5 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

       6.     The allegations in paragraph 6 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 6 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

7.     The allegations in paragraph 7 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 7 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that (i) Peter Hemme ("Hemme") served as Sonus' Controller until his employment with Sonus was terminated, (ii) in April 2004 Mr. Nill transitioned from Sonus' Chief Financial Officer to Vice President of Business Operations, and resigned from Sonus in July 2004 and (iii) Sonus common stock was delisted from the NASDAQ National Market on August 13, 2004.

8.     The allegations in paragraph 8 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 8 of the Complaint may be deemed to contain factual allegations, they are denied.

9.     The allegations in paragraph 9 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 9 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus' stock price (i) closed at $2.62 per share on March 28, 2002, (ii) traded above $9.90 per share on January 20, 2004 and (iii) closed at a price of $3.92 per share on March 29, 2004.

4

Mr. Nill denies the heading between paragraphs 9 and 10 of the Complaint.

10.    The allegations in paragraph 10 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 10 of the Complaint may be deemed to contain factual allegations, they are denied.

11.    The allegations in paragraph 11 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 11 of the Complaint may be deemed to contain factual allegations, they are denied.

12.    The allegations in paragraph 12 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 12 of the Complaint may be deemed to contain factual allegations, they are denied, except Mr. Nill admits only that Sonus' corporate headquarters are located in Chelmsford, Massachusetts.

13.    The allegations in paragraph 13 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 13 of the Complaint may be deemed to contain factual allegations, they are denied.

Mr. Nill denies the heading between paragraphs 13 and 14 of the Complaint.

14.    Mr. Nill denies the allegations in the first sentence of paragraph 14 of the Complaint.  Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 14 of the Complaint.  Mr. Nill denies the allegations in the third sentence of paragraph 14 of the Complaint as incomplete, and refers to the Court's electronic Scheduling Order dated August 10, 2004 for a complete and accurate statement of its contents.

15.    Mr. Nill denies the allegations in paragraph 15 of the Complaint, except admits only that Sonus (i) is a Delaware corporation with its principal executive offices located at 250 Apollo Drive, Chelmsford, Massachusetts, (ii) is a leading provider of packet voice infrastructure solutions for wireline and wireless service providers and (iii) offers a new generation of carrier-class switching equipment and software that enable telecommunications service providers to deliver voice services over packet-based networks.

16.    Mr. Nill admits the allegations in the first sentence of paragraph 16 of the Complaint.  Mr. Nill denies the allegations in the second sentence of paragraph 16 of the Complaint, except admits only that Hassan Ahmed ("Mr. Ahmed") has served as Chief Executive Officer of Sonus since 1998.  Mr. Nill admits the allegations in sentences three and four of paragraph 16 of the Complaint.  The allegations in the fifth sentence of paragraph 16 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that the fifth sentence of paragraph 16 of the Complaint may be deemed to contain factual allegations, they are denied.  Mr. Nill denies the allegations in the sixth and seventh sentences of paragraph 16 of the Complaint, except admits only that Mr. Ahmed assisted in the preparation and review of certain of Sonus' public filings, and also signed certain of those filings pursuant to all laws and regulations requiring such signatures.  Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth and ninth sentences of paragraph 16 of the Complaint.  The allegations in the tenth sentence of paragraph 16 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that the tenth sentence of paragraph 16 of the Complaint may be deemed to contain factual allegations, they are denied.

17.      Mr. Nill denies the allegations in the first, second, third and fourth sentences of paragraph 17 of the Complaint, except admits only that he served as Sonus' Chief Financial Officer and Vice President of Finance and Administration from September 1999 to April 2004, he served as Sonus' Treasurer from March 2000 to April 2004, in April 2004 his title was changed to Vice President of Business Operations, and resigned from Sonus in July 2004. To the extent that BPI Global purports to construe or characterize Mr. Nill's changes in position or departure from Sonus, Mr. Nill denies the allegations in paragraph 17.  The allegations in the fifth, sixth and seventh sentences of paragraph 17 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that the fifth, sixth and seventh sentences of paragraph 17 of the Complaint may be deemed to contain factual allegations, they are denied.

18.      The allegations in paragraph 18 of the Complaint constitute BPI Global's definitional conventions to which no answer is required.  To the extent that paragraph 18 of the Complaint may be deemed to contain factual allegations, they are denied.

19.      The allegations in the first and second sentences of paragraph 19 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that the first and second sentences of paragraph 19 of the Complaint may be deemed to contain factual allegations, they are denied.  Mr. Nill denies the allegations in the third sentence of paragraph 19 of the Complaint, except admits only that he received copies of Sonus' press releases and periodic public SEC filings.  The allegations in the fourth sentence of paragraph 19 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that the fourth sentence of paragraph 19 of the Complaint may be deemed to contain factual allegations, they are denied.

20.    The allegations in paragraph 20 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 20 of the Complaint may be deemed to contain factual allegations, they are denied.

21.    The allegations in paragraph 21 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 21 of the Complaint may be deemed to contain factual allegations, they are denied.

22.    The allegations in paragraph 22 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 22 of the Complaint may be deemed to contain factual allegations, they are denied.

23.    The allegations in paragraph 23 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 23 of the Complaint may be deemed to contain factual allegations, they are denied.

24.    The allegations in paragraph 24 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 24 of the Complaint may be deemed to contain factual allegations, they are denied.

Mr. Nill denies the heading between paragraphs 24 and 25 of the Complaint.

25.    The allegations in paragraph 25 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 25 of the Complaint may be deemed to contain factual allegations, they are denied.

26.    The allegations in the first sentence of paragraph 26 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that the first sentence of paragraph 26 of the Complaint may be deemed to contain factual allegations, they are denied.  Mr. Nill denies the allegations in the second sentence of paragraph 26 of the

Complaint, except admits only that Sonus common stock is traded on the NASDAQ National Market. The allegations in the third and fourth sentences of paragraph 26 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that the third and fourth sentences of paragraph 26 of the Complaint may be deemed to contain factual allegations, they are denied. Mr. Nill admits the allegations in the fifth sentence of paragraph 26 of the Complaint. Mr. Nill denies the allegations in the fifth and sixth sentences of paragraph 26 of the Complaint as incomplete, and refer to analyst reports issued from time-to-time concerning Sonus' business for a complete and accurate statement of their contents.

27.     The allegations in paragraph 27 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 27 of the Complaint may be deemed to contain factual allegations, they are denied.

28.     The allegations in paragraph 28 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 28 of the Complaint may be deemed to contain factual allegations, they are denied.

29.     The allegations in paragraph 29 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 29 of the Complaint may be deemed to contain factual allegations, they are denied.

30.     The allegations in paragraph 30 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 30 of the Complaint may be deemed to contain factual allegations, they are denied.

31.     The allegations in paragraph 31 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. Answering further, the allegations in paragraph 31 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 31 of the Complaint may be deemed to contain factual allegations, they are denied

32.    The allegations in paragraph 32 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 32 of the Complaint may be deemed to contain factual allegations, they are denied.

Mr. Nill denies the headings between paragraphs 32 and 33 of the Complaint.

33.    Mr. Nill denies the allegations in paragraph 33 of the Complaint as incomplete, and refers to Sonus' public filings for a complete and accurate statement of Sonus' business.

34.    Mr. Nill denies the allegations in the first sentence of paragraph 34 of the Complaint as incomplete, and refers to Sonus' public filings for a complete and accurate statement of Sonus' business. Mr. Nill denies the allegations in the second and third sentences of paragraph 34 of the Complaint, except admits only that in May 2000 Sonus made an initial public offering of 5,000,000 shares of its common stock on the NASDAQ National Market, and the initial public offering price was $23.00 per share. Mr. Nill denies the allegations in the fourth sentence of paragraph 34 of the Complaint, except admits only that he was familiar with certain laws and regulations applicable to publicly traded companies.

35.    Mr. Nill denies the allegations in paragraph 35 of the Complaint as incomplete, and refers to the article on Telephony Online for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 35 and 36 of the Complaint.

10

36-52.  The allegations in paragraphs 36-52 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraphs 36-52 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the heading between paragraphs 52 and 53 of the Complaint.

53.  The allegations in paragraph 53 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 53 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus issued press releases dated February 11, 2004, March 29, 2004, June 29, 2004, July 19, 2004 and July 28, 2004 and, answering further, refers to those press releases for a complete and accurate statement of their contents.

54.  The allegations in paragraph 54 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 54 of the Complaint concern purported conduct attributed

to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on July 28, 2004, Sonus filed a Form 10-K/A and, answering further, refers to that public filing for a complete and accurate statement of its contents.

55.    The allegations in paragraph 55 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 55 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and a Form 10-Q for the quarterly period ended March 31, 2004 and, answering further, Mr. Nill refers to those public filings for a complete and accurate statement of their contents.

56.    The allegations in paragraph 56 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 56 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q dated August 20, 2004 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

57.    The allegations in paragraph 57 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 57 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 57 and 58 of the Complaint.

58.    The allegations in paragraph 58 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 58 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

59.    The allegations in paragraph 59 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To

the extent the allegations in paragraph 59 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents

60.    The allegations in paragraph 60 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 60 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the heading between paragraphs 60 and 61 of the Complaint.

61.    The allegations in paragraph 61 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 61 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 61 and 62 of the Complaint.

14

62.    The allegations in paragraph 62 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 62 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the heading between paragraphs 62 and 63 of the Complaint.

63.    The allegations in paragraph 63 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 63 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 63 and 64 of the Complaint.

64.    The allegations in paragraph 64 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 64 of the Complaint concern purported conduct attributed

to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 64 and 65 of the Complaint.

65.    The allegations in paragraph 65 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 65 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 65 and 66 of the Complaint.

66.    The allegations in paragraph 66 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 66 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that

Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 66 and 67 of the Complaint.

67.    The allegations in paragraph 67 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 67 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 67 and 68 of the Complaint.

68.    The allegations in paragraph 68 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 68 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 68 and 69 of the Complaint.

69.     The allegations in paragraph 69 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 69 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 69 and 70 of the Complaint.

70.     The allegations in paragraph 70 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 70 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 70 and 71 of the Complaint.

71.     The allegations in paragraph 71 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 71 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 71 and 72 of the Complaint.

72.     The allegations in paragraph 72 of the Complaint relate solely to the asserted primary violation of Section 11 of the Securities Act, which was dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 72 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that in April 2003, Sonus filed a Prospectus Supplement and, answering further, refers to that public filing for a complete and accurate statement of its contents.

73.     The allegations in paragraph 73 of the Complaint relate solely to the asserted primary violation of Section 11 of the Securities Act, which was dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 73 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that in April 2003, Sonus filed a Prospectus

Supplement and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 73 and 74 of the Complaint.

74.    The allegations in paragraph 74 of the Complaint relate solely to the asserted primary violation of Section 11 of the Securities Act, which was dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 74 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that in September 2003, Sonus filed a Prospectus Supplement and, answering further, refers to that public filing for a complete and accurate statement of its contents.

75.    The allegations in paragraph 75 of the Complaint relate solely to the asserted primary violation of Section 11 of the Securities Act, which was dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 75 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that in September 2003, Sonus filed a Prospectus Supplement and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 75 and 76 of the Complaint.

76.    The allegations in paragraph 76 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that the paragraph 76 of the Complaint may be deemed to contain factual allegations, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the heading between paragraphs 76 and 77 of the Complaint.

77.    The allegations in paragraph 77 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.

Mr. Nill denies the heading between paragraphs 77 and 78 of the Complaint.

78.    The allegations in paragraph 78 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 78 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on January 5, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

79.    The allegations in paragraph 79 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To

the extent the allegations in paragraph 79 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on January 20, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

80.     The allegations in paragraph 80 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 80 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on February 11, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

81.     The allegations in paragraph 81 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 81 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on March 15, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

82.    The allegations in paragraph 82 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 82 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on March 29, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

83.    The allegations in paragraph 83 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 83 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on March 30, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

84.    The allegations in paragraph 84 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 84 of the Complaint concern purported conduct attributed

to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on April 6, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

85.     The allegations in paragraph 85 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 85 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on May 24, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

86.     The allegations in paragraph 86 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 86 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on July 19, 2004, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 86 and 87 of the Complaint.

24

87-98.  The allegations in paragraphs 87-98 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraphs 87-98 of the Complaint may be deemed to contain factual allegations, those allegations relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraphs 87-98 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations. Answering further, Mr. Nill denies all headings between paragraphs 87-98 of the Complaint.

99.    The allegations in paragraph 99 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 99 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

100.    Mr. Nill denies the allegations in paragraph 100 of the Complaint, except admits only that he (i) held various titles during his employment with Sonus, including Chief Financial Officer, Vice President of Finance and Administration and Treasurer, (ii) resigned from Sonus, (iii) was employed by VideoServer, Inc. as Chief Financial Officer, (iv) was employed by Lotus Development Corporation as Corporate Controller and Chief Accounting Officer, (v) was employed by Computervision, Inc., International Business Machines and Arthur

Andersen LLP and (vi) earned a Bachelor of Arts degree from New Mexico State University and a Masters of Business Administration from Harvard University.

101.    The allegations in paragraph 101 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 101 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended 2001 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 101 and 102 of the Complaint.

102.    The allegations in paragraph 102 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 102 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the heading between paragraphs 102 and 103 of the Complaint.

103.    The allegations in paragraph 103 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 103 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on March 28, 2002, Sonus filed a Form 10-K for the year ended December 31, 2001 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

104.    The allegations in paragraph 104 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 104 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

105.    The allegations in paragraph 105 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 105 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except

admits only that Sonus filed a Form 10-K for the year ended 2001 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

106.    The allegations in paragraph 106 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 106 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended 2001 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

107.    The allegations in paragraph 107 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 107 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended 2001 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

Mr. Nill denies the heading between paragraphs 107 and 108 of the Complaint.

108.    The allegations in paragraph 108 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 108 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on April 9, 2002, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

109.    The allegations in paragraph 109 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 109 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on May 10, 2002, Sonus filed a Form 10-Q for the period ended March 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

110.    The allegations in paragraph 110 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 110 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the period ended March 31, 2002 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

111.    The allegations in paragraph 111 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 111 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the period ended March 31, 2002 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

Mr. Nill denies the heading between paragraphs 111 and 112 of the Complaint.

112.    The allegations in paragraph 112 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 112 of the Complaint concern purported conduct

30

attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on July 11, 2002, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

113.    The allegations in paragraph 113 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 113 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

114.    The allegations in paragraph 114 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 114 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the second quarter of 2002 and Form 10-K/A for the year ended 2003, and answering further, refers to those public filings for a complete and accurate statement of their contents.

115.     The allegations in paragraph 115 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 115 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the second quarter of 2002 and Form 10-K/A for the year ended 2003, and answering further, refers to those public filings for a complete and accurate statement of their contents.

116.     The allegations in paragraph 116 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 116 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the second quarter of 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 116 and 117 of the Complaint.

117.     The allegations in paragraph 117 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 117 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on October 9, 2002, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

118.    The allegations in paragraph 118 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 118 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

119.    The allegations in paragraph 119 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 119 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except

admits only that Sonus filed a Form 10-Q for the third quarter of 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

120.    The allegations in paragraph 120 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 120 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the third quarter of 2002 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

121.    The allegations in paragraph 121 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 121 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the third quarter of 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

122.    The allegations in paragraph 122 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 122 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the third quarter of 2002 and Form 10-K/A for the year ended 2003 and answering further, refers to those public filings for a complete and accurate statement of their contents.

123.    The allegations in paragraph 123 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 123 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the third quarter of 2002 and Form 10-K/A for the year ended 2003 and answering further, refers to those public filings for a complete and accurate statement of their contents.

124.    The allegations in paragraph 124 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 124 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the third quarter of 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

125.    The allegations in paragraph 125 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 125 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the third quarter of 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 125 and 126 of the Complaint.

126.    The allegations in paragraph 126 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 126 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except

admits only that on January 23, 2003, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

127.    The allegations in paragraph 127 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 127 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and Form 10-K/A for the year ended 2003 and answering further, refers to those public filings for a complete and accurate statement of their contents.

128.    The allegations in paragraph 128 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 128 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and Form 10-K/A for the year ended 2003 and answering further, refers to those public filings for a complete and accurate statement of their contents.

129.     The allegations in paragraph 129 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 129 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

130.     The allegations in paragraph 130 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 130 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

131.     The allegations in paragraph 131 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 131 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

132.    The allegations in paragraph 132 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 132 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

133.    The allegations in paragraph 133 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 133 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without

knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

134.    The allegations in paragraph 134 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 134 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

135.    The allegations in paragraph 135 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 135 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

136.    The allegations in paragraph 136 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 136 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

137.    The allegations in paragraph 137 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 137 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

138.    The allegations in paragraph 138 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 138 of the Complaint concern purported conduct

attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

139.    The allegations in paragraph 139 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 139 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K for the year ended December 31, 2002 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 139 and 140 of the Complaint.

140.    The allegations in paragraph 140 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 140 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that in April 2003, Sonus filed a Prospectus Supplement and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 140 and 141 of the Complaint.

141.    The allegations in paragraph 141 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 141 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on April 9, 2003, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

142.    The allegations in paragraph 142 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 142 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended March 31, 2003 and March 31, 2004 and, answering further, Mr. Nill refers to those public filings for a complete and accurate statement of their contents.

143.    The allegations in paragraph 143 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 143 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended March 31, 2003 and March 31, 2004 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

144.    The allegations in paragraph 144 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 144 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-K/A for the year ended 2003, and on April 9, 2003, Sonus issued a press release and, answering further, refers to those public filings for a complete and accurate statement of their contents.

145.    The allegations in paragraph 145 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 145 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without

knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended March 31, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents..

146.    The allegations in paragraph 146 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 146 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended March 31, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

147.    The allegations in paragraph 147 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 147 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended

March 31, 2003 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

148.    The allegations in paragraph 148 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 148 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended March 31, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

149.    The allegations in paragraph 149 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 149 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended March 31, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

150.    The allegations in paragraph 150 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 150 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended March 31, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

151.    The allegations in paragraph 151 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 151 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended March 31, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 151 and 152 of the Complaint.

152.    The allegations in paragraph 152 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 152 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on July 10, 2003, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

153.    The allegations in paragraph 153 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 153 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on July 10, 2003, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

154.    The allegations in paragraph 154 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 154 of the Complaint concern purported conduct

attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus issued a press release dated July 10, 2003, and filed Form 10-K/A for the year ended 2003 and, answering further, Mr. Nill refers to those public filings for a complete and accurate statement of their contents.

155.     The allegations in paragraph 155 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 155 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended June 30, 2003 and June 30, 2004, and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

156.     The allegations in paragraph 156 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 156 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended June 30, 2003 and June

30, 2004, and answering further, refers to those public filings for a complete and accurate statement of their contents.

157.    The allegations in paragraph 157 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 157 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended June 20, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

158.    The allegations in paragraph 158 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 158 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended June 30, 2003 and June 30, 2004, and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

159.    The allegations in paragraph 159 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 159 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended June 30, 2003 and June 30, 2004, and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

160.    The allegations in paragraph 160 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 160 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended June 30, 2003 and June 30, 2004, and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

161.    The allegations in paragraph 161 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

51

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 161 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended June 30, 2003 and June 30, 2004, and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

162.    The allegations in paragraph 162 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 162 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the second quarter of fiscal year 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

163.    The allegations in paragraph 163 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 163 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without

knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the second quarter of fiscal year 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 163 and 164 of the Complaint.

164.    The allegations in paragraph 164 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 164 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that in September 2003, Sonus filed a Prospectus Supplement and, answering further, refers to that public filing for a complete and accurate statement of its contents.

Mr. Nill denies the heading between paragraphs 164 and 165 of the Complaint.

165.    The allegations in paragraph 165 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 165 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except

admits only that on October 8, 2003, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

166.    The allegations in paragraph 166 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 166 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that on October 8, 2003, Sonus issued a press release and, answering further, refers to that press release for a complete and accurate statement of its contents.

167.    The allegations in paragraph 167 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 167 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended September 30, 2003 and September 30, 2004, and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

168.    The allegations in paragraph 168 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 168 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended September 30, 2003 and September 30, 2004 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

169.    The allegations in paragraph 169 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 169 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus issued a press release dated October 8, 2003, and filed a Form 10-Q for the quarterly period ended September 30, 2004 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

170.    The allegations in paragraph 170 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr.

Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 170 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended September 30, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

171.    The allegations in paragraph 171 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 171 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed Form 10-Qs for the quarterly periods ended September 30, 2003 and September 30, 2004, and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

172.    The allegations in paragraph 172 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006. Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court. To the extent the allegations in paragraph 172 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without

knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended September 30, 2003 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

173.    The allegations in paragraph 173 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 173 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended September 30, 2003 and Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

174.    The allegations in paragraph 174 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 174 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended September 20, 2003 and

Form 10-K/A for the year ended 2003 and, answering further, refers to those public filings for a complete and accurate statement of their contents.

175.    The allegations in paragraph 175 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 175 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended September 30, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

176.    The allegations in paragraph 176 of the Complaint relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 176 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations, except admits only that Sonus filed a Form 10-Q for the quarterly period ended September 30, 2003 and, answering further, refers to that public filing for a complete and accurate statement of its contents.

177.    The allegations in paragraph 177 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 177 of the Complaint may be deemed to contain factual allegations, those allegations relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.

Mr. Nill denies the heading between paragraphs 177 and 178 of the Complaint.

178.    The allegations in paragraph 178 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 178 of the Complaint may be deemed to contain factual allegations, those allegations relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.

179.    The allegations in paragraph 179 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 179 of the Complaint may be deemed to contain factual allegations, those allegations relate solely to the asserted primary violations of Section 10(b) of the Exchange Act and Section 11 of the Securities Act, both of which were dismissed as to Mr. Nill by order of this Court dated May 10, 2006.  Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court.  To the extent the allegations in paragraph 179 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the headings between paragraphs 179 and 180 of the Complaint.

180.    Mr. Nill repeats and realleges his answers to all preceding and subsequent paragraphs as if fully set forth herein.

181-191.        The allegations in paragraph 181-191 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraphs 181-191 of the Complaint may be deemed to contain factual allegations that address the asserted primary violation of Section 10(b) of the Exchange Act, Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court because that cause of action was dismissed by order of the Court dated May 10, 2006.  To the extent that paragraphs 181-191 of the Complaint may be deemed to contain factual allegations that address the asserted derivative violation of Section 20(a) of the Exchange Act, Mr. Nill denies those allegations.  To the extent the allegations in paragraphs 181-191 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

192.    The allegations in paragraph 192 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 192 of the Complaint may be deemed to contain factual allegations as to Mr. Nill, they are denied.  To the extent the allegations in paragraph 192 of the Complaint concern purported conduct attributed to individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

193.    The allegations in paragraph 193 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 193 of the Complaint may be deemed to contain factual allegations that address the asserted primary violation of Section 10(b) of the Exchange Act, Mr. Nill will not respond to such allegations

unless and until he is ordered to do so by the Court because that cause of action was dismissed by order of the Court dated May 10, 2006. To the extent that paragraph 193 of the Complaint may be deemed to contain factual allegations that address the asserted derivative violation of Section 20(a) of the Exchange Act, Mr. Nill denies those allegations. To the extent the allegations in paragraph 193 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

194.     The allegations in paragraph 194 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 194 of the Complaint may be deemed to contain factual allegations that address the asserted primary violation of Section 10(b) of the Exchange Act, Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court because that cause of action was dismissed by order of the Court dated May 10, 2006. To the extent that paragraph 194 of the Complaint may be deemed to contain factual allegations that address the asserted derivative violation of Section 20(a) of the Exchange Act, Mr. Nill denies those allegations. To the extent the allegations in paragraph 194 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

195.     The allegations in paragraph 195 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 195 of the Complaint may be deemed to contain factual allegations that address the asserted primary violation of Section 10(b) of the Exchange Act, Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court because that cause of action was dismissed

by order of the Court dated May 10, 2006. To the extent that paragraph 195 of the Complaint may be deemed to contain factual allegations that address the asserted derivative violation of Section 20(a) of the Exchange Act, Mr. Nill denies those allegations. To the extent the allegations in paragraph 195 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the headings between paragraphs 195 and 196 of the Complaint.

196.    The allegations in paragraph 196 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraph 196 of the Complaint may be deemed to contain factual allegations, Mr. Nill repeats and realleges his answers to all preceding and subsequent paragraphs as if fully set forth herein.

197-207.    The allegations in paragraphs 197-207 of the Complaint constitute BPI Global's legal conclusions to which no answer is required. To the extent that paragraphs 197-207 of the Complaint may be deemed to contain factual allegations that address the asserted primary violation of Section 11 of the Securities Act, Mr. Nill will not respond to such allegations unless and until he is ordered to do so by the Court because that cause of action was dismissed by order of the Court dated May 10, 2006. To the extent that paragraphs 197-207 of the Complaint may be deemed to contain factual allegations that address the asserted derivative violation of Section 15 of the Securities Act, Mr. Nill denies those allegations. To the extent the allegations in paragraphs 197-207 of the Complaint concern purported conduct attributed to entities or individuals other than Mr. Nill, Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

Mr. Nill denies the headings between paragraphs 207 and 208 of the Complaint.

208.    The allegations in paragraph 208 of the Complaint constitute BPI Global's legal conclusions to which no answer is required.  To the extent that paragraph 208 of the Complaint may be deemed to contain factual allegations, Mr. Nill repeats and realleges his answers to all preceding and subsequent paragraphs as if fully set forth herein.

209-217.  The allegations in paragraphs 209-217 of the Complaint relate solely to a cause of action that was dismissed as to all defendants by order of this Court dated May 10, 2006, and therefore no response is required.

Mr. Nill denies the heading between paragraphs 217 and 218 of the Complaint.

218.  Mr. Nill avers that he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 218 of the Complaint. Mr. Nill denies the allegations in the second sentence of paragraph 218 of the Complaint.

Mr. Nill denies the heading and the WHEREFORE paragraph following paragraph 218 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    This action is barred because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    This action is barred because the Complaint fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5 (1998).

## THIRD AFFIRMATIVE DEFENSE

3.     This action is barred because the Complaint does not adequately plead scienter as required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5 (1998).

## FOURTH AFFIRMATIVE DEFENSE

4.     This action is barred, in whole or in part, because neither BPI Global nor the putative class actually relied on any statement or omission, and they are not entitled to rely on the presumption of reliance established by the fraud-on-the-market doctrine.

## FIFTH AFFIRMATIVE DEFENSE

5.     This action is barred, in whole or in part, because at all relevant times the claimed misrepresentations and/or omissions allegedly made by any defendant, if any, were immaterial as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

6.     All or a portion of the damages allegedly suffered by BPI Global or the putative class represent depreciation in value of Sonus shares resulting from causes other than any untrue statement or misrepresentation and/or omission of a material fact by any defendant.

## SEVENTH AFFIRMATIVE DEFENSE

7.     This action is barred, in whole or in part, because at all relevant times the alleged public disclosures bespoke caution by warning of the risks related to investment in Sonus securities.

## EIGHTH AFFIRMATIVE DEFENSE

8.      This action is barred, in whole or in part, because BPI Global's claims are based in material part upon purported assertions made by unnamed sources and are scurrilous, frivolous and patently untrue, and should have been known to be so to BPI Global with a reasonable degree of investigation.

## NINTH AFFIRMATIVE DEFENSE

9.      This action is barred, in whole or in part, because the Complaint fails to state a claim pursuant to Section 10 of the Exchange Act and/or Section 11 of the Securities Act and, consequently, there is no control person liability pursuant to Section 20(a) of the Exchange Act and/or Section 15 of the Securities Act.

## TENTH AFFIRMATIVE DEFENSE

10.     This action is barred, in whole or in part, because Mr. Nill is not a control person within the meaning of Section 20(a) of the Exchange Act and/or Section 15 of the Securities Act.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     This action is barred because BPI Global has not alleged or shown that Mr. Nill was a culpable participant in any of the alleged misconduct.

## TWELFTH AFFIRMATIVE DEFENSE

12.     This action is barred because Mr. Nill at all times acted in good faith and did not directly or indirectly induce any of the alleged misconduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     This action is barred because Mr. Nill had no knowledge of or reasonable ground to believe in the existence of the alleged misconduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    This action is barred, in whole or in part, because at all relevant times neither BPI Global nor the purported class relied on any material misrepresentations or omissions, or on the market price or the integrity of the market as affected by any material misrepresentations or omissions, in the purchasing of Sonus securities.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    This action is barred, in whole or in part, because any reliance by BPI Global or the purported class on the statements, acts, or omissions alleged to have been made or taken was unreasonable.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    This action may not be maintained as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure have not been met.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    To the extent that the Complaint includes claims involving occurrences outside the scope of the statute of limitations, BPI Global's claims are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    This action is barred because neither BPI Global nor the purported class has suffered any damages due to any conduct by Mr. Nill.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    This action is barred because scienter of non-officers cannot be imputed to Sonus, and therefore no primary liability under Section 10(b) of the Exchange Act, Rule 10b-5 or Section 11 of the Securities Act has been pled.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Mr. Nill hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses.

WHEREFORE, Mr. Nill respectfully requests that this Court:

(a)    Grant Mr. Nill judgment on all of BPI Global's claims and dismiss the Complaint with prejudice;

(b)    Award Mr. Nill his costs and attorneys' fees for the defense of this action; and

(c)    Award Mr. Nill such other further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Nill hereby demands a trial by jury on all issues so triable.

Dated:  June 29, 2006                          Respectfully submitted,
        Boston, Massachusetts


                                               /s/ Matthew J. Matule
                                               Thomas J. Dougherty (BBO #132300)
                                               Matthew J. Matule (BBO #632075)
                                               Michael S. Hines (BBO #653943)
                                               SKADDEN, ARPS, SLATE,
                                                MEAGHER & FLOM LLP
                                               One Beacon Street
                                               Boston, Massachusetts 02108
                                               (617) 573-4800

                                               Counsel for Defendant Stephen J. Nill

## CERTIFICATE OF SERVICE

        I, Matthew J. Matule, hereby certify that a true copy of the foregoing document
filed through the ECF system will be electronically sent to the registered participants as
identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent to those
indicated as non-registered participants on the NEF on June 29, 2006.


Dated: June 29, 2006                           /s/ Matthew J. Matule
                                               Matthew J. Matule