UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
IN RE SONUS NETWORKS, INC.            )  Civil Action No. 04-10294-DPW
LITIGATION                            )
                                      )
_____)

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), the parties respectfully submit the following Joint Statement.

**I.   Rule 26(f) Conference.**

The following counsel for the parties have met and conferred (by telephone and email) pursuant to Fed. R. Civ. P. 26(f):

Solomon B. Cera, Pamela A. Markert and Kenneth A. Frost, III, for plaintiff;

James W. Prendergast and Peter A. Spaeth for Sonus Networks, Inc.;

John R. Baraniak, Jr. for Hassan M. Ahmed; and

Matthew J. Matule for Stephen J. Nill.

**II.  Initial Disclosures.**

The parties have agreed to make Initial Disclosures on July 21, 2006.

**III. Class Certification Discovery and Briefing.**

The parties have agreed on the following schedule for class certification discovery and briefing:

    A.    Plaintiff shall file its motion for class certification on July 31, 2006.

B. Class discovery shall be completed no later than October 2, 2006.

C. Defendants shall file their opposition to plaintiff's motion for class certification no later than November 1, 2006.

D. Plaintiff shall file its reply in support of its motion for class certification no later than December 6, 2006.

E. The parties may commence discovery related to class certification issues at any time after plaintiff files its motion for class certification. The parties agree, however, that defendants may propound a document request pertaining to class certification on July 13, 2006 ("Defendant's First Request"), and that plaintiff will respond and produce its documents in response thereto by August 14, 2006.

F. To the extent that any party, despite a diligent effort, is unable to produce all documents called for by the dates set forth in Section III(E) above or Section IV(A)(1) below, the parties will negotiate in good faith for an appropriate extension of time in which to make a full production; provided that, the responding party will produce as many responsive documents as possible by the originally scheduled date.

G. In the event motions to compel are brought pertaining to class discovery, the parties will meet and confer in good faith to reach a compromise to extend, if necessary, the filing deadlines for the opposition and reply briefs pertaining to plaintiff's class certification motion or, if necessary, file a motion for a reasonable extension.

IV.  **Discovery Plan – Fact Discovery.**

    A.  Document Discovery

        1.  On or before August 14, 2006, defendants shall produce all non-privileged or otherwise protected documents produced to the Securities Exchange Commission ("SEC") and transcripts of testimony given to the SEC in connection with the SEC's investigation of Sonus (the "Defendants' Initial Production"). Any documents withheld from Defendants' Initial Production or from plaintiff's production of documents in response to the Defendant's First Request shall be identified on privilege logs to be provided on or before August 28, 2006. The parties agree that plaintiff may file a motion to compel production of documents identified on the privilege log even though no formal document request as to such documents has been propounded.

        2.  After provision of Initial Disclosures on July 21, 2006, the parties may seek documents from any third party, with the exception of Sonus's present or former directors, officers, or employees not named as defendants. The parties agree to provide to each other party copies, at each party's expense, of any and all documents obtained from third parties pursuant to this section. Discovery of Sonus's present or former directors, officers, or employees not named as defendants shall be permitted in the time period set forth in Section IV(B) below.

    3.    After Defendants' Initial Production is made on or before August 14, 2006, the parties may serve upon each other document requests addressed to the merits of this action.

    4.    Defendants shall not, without good cause and subject to conditions mutually acceptable to all parties, seek to take during the fact discovery period the deposition of any plaintiff representative whose deposition was taken during the class discovery period.

B.    <u>Commencement and Duration of All Other Discovery</u>

Any other merits discovery shall commence upon the filing of the District Court's Order on plaintiff's motion for class certification and conclude nine (9) months thereafter.

C.    <u>Discovery Event Limitations</u>

The parties disagree on whether the presumptive discovery event limitations set forth in Local Rule 26.1(c) should apply.

    1.    <u>Plaintiff's Position</u>

Plaintiff believes that it will need to exceed the discovery event limitations set forth in Local Rule 26.1(c). Accordingly, in the absence of agreement with defendants, plaintiff reserves the right to file a motion for discovery exceeding the Local Rule limitations.

    2.    <u>Defendants' Position</u>

The defendants believe that it is premature to set any discovery event limitations other than as set forth in Local Rule 26.1(c).

V. **Discovery Plan – Expert Discovery.**

The parties have agreed on the following schedule for expert discovery:

A.  Plaintiff shall disclose and serve Fed. R. Civ. P. 26(a)(2) reports by experts it intends to call at trial no later than forty-five (45) days after the deadline for completion of fact discovery.

B.  Defendants shall disclose and serve Fed. R. Civ. P. 26(a)(2) reports by experts they intend to call at trial no later than forty-five (45) days after the production of plaintiff's expert reports.

C.  Plaintiff shall serve its expert rebuttal reports no later than thirty (30) days after the production of defendants' expert reports.

D.  All expert discovery shall be completed no later than thirty (30) days after the production of plaintiff's expert rebuttal reports.

VI. **Dispositive Motions.**

The parties agree that summary judgment or other dispositive motions and associated papers shall be filed no later than forty-five (45) days following the close of expert discovery. An opposition brief to any dispositive motion and associated papers shall be filed no later than thirty (30) days after the filing of the dispositive motion. Reply briefs and associated papers shall be filed no later than twenty (20) days after the filing of any opposition brief.

- 6 -

VII.   **Joinder of Parties/Amendment of Pleadings.**

The parties agree that all motions to amend pleadings and/or to join parties shall be filed no later than four (4) months after the commencement of merits discovery as set forth in Section IV(B) above. The parties reserve their rights to seek an additional period of fact discovery (and to extend all other applicable case deadlines) in the event that a motion to amend or to join is filed near the end of or after the fact discovery period, on the grounds that the current discovery deadline does not afford the parties sufficient time for discovery related to any new matters raised in the motion.

VIII.  **Alternative Dispute Resolution.**

Although the parties are not adverse to ADR or any other attempt to reach a non-litigated resolution of this matter, they feel that such an effort at this time would be premature, and, therefore, propose to file with the Court a request for reference to ADR before the close of merits discovery should they mutually agree that such a process would be worthwhile.

IX.    **Trial by Magistrate Judge**.

The parties have discussed the possibility of trial before a United States Magistrate Judge, but do not consent thereto at the present time.

X.     **Protective Order**

The parties are negotiating an appropriate form of confidentiality stipulation/protective order in this matter, and will file it as soon as possible. To avoid delay in producing documents pursuant to the agreements herein set forth, the parties agree that all documents

produced prior to entry of a protective order will temporarily be for "Attorney's Eyes Only."

## XI. Certifications

**The certifications pursuant to Local Rule 16.1(D)(3) of the parties are being filed separately with the Court.**

**Respectfully submitted,**

/s/ Solomon B. Cera
Solomon B. Cera
Gold Bennett Cera & Sidener LLP
Suite 2300
595 Market Street
San Francisco, CA 94105
*Attorneys for Lead Plaintiff BPI Global Asset Management LLP*

/s/ James W. Prendergast
Jeffrey B. Rudman (BBO #433380)
James W. Prendergast (BBO #553073)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
*Attorneys for Sonus Networks, Inc.*

/s/ John R. Baraniak, Jr.
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Choate Hall & Stewart
Exchange Place Building
Two International Place
Boston, MA 02110
Tel: (617) 248-5000
*Attorneys for Hassan M. Ahmed*

/s/ Matthew J. Matule
Thomas J. Dougherty (BBO #132300)
Matthew J. Matule (BBO #632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108
Tel: (617) 573-4800
*Attorneys for Stephen J. Nill*

Dated: July __, 2006

US1DOCS 5729683v1

CERTIFICATE OF SERVICE

I, KimLane E. Gantan, hereby declare under penalty of perjury as follows:

I am employed by Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, California, 94105-2835. I am over the age of eighteen years and am not a party to this action.

On July 6, 2006, a true and correct copy of the aforementioned **"JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)"** was delivered to all counsel of record by electronic service pursuant to the Court's Order Regarding Electronic Service.

Executed on July 6, 2006, at San Francisco, California.

_____
KimLane E. Gantan

109222