UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE SONUS NETWORKS, INC. ) <br> LITIGATION ) <br> ) | CIVIL ACTION <br> No. 04-10294  DPW |

### STIPULATED [PROPOSED] PROTECTIVE ORDER CONCERNING DISCLOSURE OF CONFIDENTIAL INFORMATION

Lead Plaintiff BPI Global Asset Management LLP and Defendants Sonus Networks, Inc., Hassan M. Ahmed, and Stephen J. Nill, by and through their undersigned counsel, hereby stipulate and agree as follows with respect to the disclosure of confidential information by the parties in this litigation:

1.   The parties hereto recognize and acknowledge that, in the course of this litigation, each may be required to disclose or provide to the other information that it regards as confidential and/or proprietary. Accordingly, the parties seek, pursuant to this Stipulated Protective Order Concerning Disclosure of Confidential Information (the "Protective Order"), to establish a procedure for handling and protecting from unauthorized disclosure such confidential information.

2.   Counsel for any party may designate as "Confidential" any document or information produced in discovery, answer to interrogatory or response to request to admit, or deposition testimony (or portion thereof) that is (1) subject to protection under Federal Rule of Civil Procedure 26(c)(7); or (2) subject to a legally protected right of privacy, including but not limited to any right of privacy created by, or recognized under the United States Constitution or any applicable federal statute or case law (hereafter "Confidential Discovery Material"). Such designation shall not constitute a presumption of the status of the document or information. Such designation shall be made at the time the document is produced or the testimony or discovery

response is given. If a document or discovery response is designated as confidential, it shall be stamped "Confidential." For purposes of this Protective Order, stamping or affixing the "Confidential" designation to the first page of a document shall be sufficient to render the entire document "Confidential Discovery Material" and subject to the terms of this order. All correspondence and other written materials which quote or refer to the substance of any Confidential Discovery Material shall also be treated as confidential in accordance with the provisions of this paragraph and each page of such document shall be marked in accordance with provisions of this paragraph. In connection with the taking of any deposition in this litigation, testimony may be so designated "Confidential Discovery Material" by any party by an appropriate statement at the time of the giving of such testimony. Such designations should be made on the record whenever possible, but a party may designate portions of depositions as "Confidential Discovery Material" after transcription; provided however, that written notice of such designation is given to all parties within ten (10) calendar days after receipt of the transcript of the proceedings. All transcripts shall be considered "Confidential Discovery Material" and subject to this Order for a period of ten (10) calendar days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever comes first. If a party inadvertently fails to designate a document or discovery response as confidential, it shall not constitute a waiver of such claim and shall be treated as confidential from the time when the counsel for the party advises counsel of record for the opposing party in writing of such designation, so long as such belated designation is made within thirty (30) days of the original disclosure.

      3.      Confidential Discovery Material of one party shall be used by the other party only for the purposes of this action (including appeals and retrials), and (except as set forth herein) shall not be disclosed to any person by the other party and shall not be used by the other party for

any other purposes whatsoever, including, but not limited to, business, governmental, media, commercial, personal, public or competitive purposes or any other administrative or judicial proceedings.

  4. Notwithstanding Paragraph 3, Confidential Discovery Material may be disclosed to the following persons:

    a. Counsel of record, other outside counsel, and corporate in-house counsel, as well as such clerical, paralegal and secretarial staff regularly employed by such counsel and necessary for the preparation or trial of this matter, including commercial copying businesses who are assigned to work with authorized counsel and who are actively engaged in assisting any such attorney in the prosecution or defense of the action;

    b. Any individual who authored or received the Confidential Discovery Material prior to its designation as confidential in this proceeding. The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document;

    c. Any named parties to this action;

    d. Any expert or consultant, including their employees or agents, retained by counsel in connection with this matter to the extent necessary for such expert or consultant to prepare an opinion; to prepare to testify; or to assist counsel in the prosecution or defense of the matter, provided, however, that such expert or consultant: (i) is advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; (ii) is given a copy of this order; and (iii) agrees in writing to be

          bound thereby by signing an undertaking in the form of Exhibit A hereto. The counsel of record who imparts such material to any such expert or consultant shall retain copies of these written agreements by the said expert or consultant;

e.    Any officers, directors or employees of a party to whom the knowledge of such material is necessary for the proper preparation and trial of this case provided, however, that such persons are: (i) advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; and (ii) given a copy of this order. The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document. The counsel of record who imparts such confidential information shall make a good faith effort to obtain a written agreement from the witness to be bound by the terms of this Protective Order, and shall orally convey the relevant terms of this Protective Order to the witness.

f.    Any person whom a named party intends, in good faith, to call as a witness in any deposition, hearing, or at trial in this action, or to that person's attorney, provided that such persons are: (i) advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; and (ii) given a copy of this order. The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document. The counsel of record who imparts such confidential information shall make a

       good faith effort to obtain a written agreement from the witness to be bound by the terms of this Protective Order, and shall orally convey the relevant terms of this Protective Order to the witness;

   g.   The Court, court personnel, and any other person who serves in a judicial or quasi-judicial function (such as a master or mediator), and the jury in this litigation;

   h.   Court reporters (including stenographers and video technicians); and

   i.   Any other person as to whom the parties agree in writing, provided, however, that such persons are: (i) advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; and (ii) given a copy of this order. The person to whom the information is disclosed shall not be given a copy of the document or information, nor be permitted to copy the document. The counsel of record who imparts such confidential information shall make a good faith effort to obtain a written agreement from the witness to be bound by the terms of this Protective Order, and shall orally convey the relevant terms of this Protective Order to the witness.

5.   A deponent may, during the deposition, be shown and be examined about Confidential Discovery Material if the material was designated as confidential by the party currently or previously employing the deponent, or the deponent already knows the confidential information, or the deponent (i) is advised in advance of the terms of this order and further advised that violation of its terms may be punishable by contempt; and (ii) is given a copy of this order. The counsel of record who imparts such confidential information shall make a good faith

effort to obtain a written agreement from the witness to be bound by the terms of this Protective Order, and shall orally convey the relevant terms of this Protective Order to the witness. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Discovery Material not provided by them or the entities they represent.

6. The parties shall confer with respect to the procedures for handling Confidential Discovery Material at trial in the course of their final pretrial preparations, and the Court may enter orders for the handling of such material at trial.

7. Confidential Discovery Material need not be filed with the Clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56 or other matters pending before the Court. Any Confidential Discovery Material filed with the Court that is subject to this Order shall be accompanied by a motion for impoundment in accordance with Local Rule 7.2. All papers filed in accordance with this paragraph shall state prominently on the first page "Confidential - FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

CONFIDENTIAL

This envelope contains materials that are subject to a Confidentiality Order entered by the Court in this action. These materials shall not be available for public inspection except by Order of the Court.

8. The provisions of this Order shall not terminate at the conclusion of this action. Within 45 days after final conclusion of all aspects of this litigation, all Confidential Discovery Material and all copies of same (other than exhibits of record), and all notes, compilations, photographs, memoranda, sketches, or other materials (other than attorney work product and attorney-client communications) which refer to or reflect Confidential Discovery Material shall be returned to the party, counsel or person who produced such documents or information, or be

destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel of the party who produced the documents or information not more than 60 days after final termination of this litigation.

9. Nothing in this Order shall prevent any party, counsel or other person from seeking modification of or from objecting to discovery that it believes to be otherwise improper.

10. The counsel of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of Confidential Discovery Material. Counsel for all parties shall maintain all undertakings of Exhibit A as identified in Paragraph 4.

11. Nothing in this Order is intended to shift or relieve the burden of establishing the need for confidentiality from the person asserting such need to any other party. A non-designating party shall not be obligated to challenge the propriety of a Confidential Discovery Material designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to that designation. If any party objects to the designation of any discovery materials as confidential the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the discovery materials shall continue to be deemed confidential under the terms of the Order. In any court proceeding regarding Confidential Discovery Material, the burden shall be on the party asserting the claim to demonstrate that any document or information is confidential.

12. If documents or information subject to a claim of attorney-client privilege or work product immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or an estoppel as to, any claim of privilege or work product immunity for such

documents or information. If a party has produced documents or information subject to a claim of privilege or immunity, upon written request made by the producing party, the documents or information for which a such a claim is made, including all copies, shall be returned within thirty (30) days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity. In the absence of a challenge, any document or material reflecting the contents of such documents or information shall be expunged. If a receiving party objects to the return of such documents or information within the thirty (30) day period described above, the receiving party must move the Court for an order allowing it to retain such documents or information. Pending the Court's ruling, a receiving party shall not make any use of such documents or information. All documents or information found by the Court to be privileged or protected from disclosure shall be destroyed and not used thereafter for any purpose. The foregoing provisions for destruction or expungement shall not apply to documents or information created by counsel in connection with any meet and confer or litigation arising out of this paragraph. Any such documents, however, shall not be used at trial, during any deposition, or in any filing with the Court.

13. Any document or information designated "Confidential" by any third party produced in response to a subpoena will be afforded the same protection afforded a "Confidential" production made by the parties to this action.

14. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial of the action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own confidential materials. Nothing herein shall be construed as an admission or a recognition that materials so designated are confidential,

but only that the parties agree to comply with the terms of this Order.

15. Notwithstanding the above Paragraphs, if any party (or counsel for any party) receives a subpoena or other compulsory process demanding Confidential Discovery Material of the other party, the party or counsel that has received the subpoena or process shall give notice to the other party and its counsel at least fourteen (14) days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the other party in writing or by telephone as soon as possible but in no event later than 72 hours prior to the return date. Absent court order to the contrary, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date.

16. Nothing in this Protective Order shall require disclosure of any material that counsel for plaintiff or defendants contend is protected from disclosure by the attorney-client privilege, work-product doctrine, immunity, or any other legally recognized privilege.

17. With respect to any documents, information, discovery responses and/or testimony that may have been provided or disclosed prior to the entry of this Protective Order, the parties agree that any such documents, information discovery responses, and/or testimony can subsequently be designated as Confidential Discovery Material in accordance with the terms of this Protective Order. Any change to the designation of a document (e.g., from Attorney's Eyes Only" to "Confidential," or no designation to "Confidential") is to be performed by the designating party, and the designating party shall bear all costs to reproduce the documents with the new designation.

18. The burden of proving that the materials are in fact trade secrets, proprietary secrets or otherwise entitled to confidential treatment as defined in paragraph 2 shall be the same

as if this Protective Order did not exist.

19. This Protective Order anticipates that at a deposition the party wishing to examine into areas designated Confidential Discovery Material will make a good faith effort to disclose to the other party, at that stage of the deposition, its intention to investigate into those areas so that ineligible persons who may be present at the deposition may be excused prior to any discussion of Confidential Discovery Material. The parties recognize that it may not always be feasible to determine whether an inquiry will involve such information.

20. Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing party consents to such disclosure in writing, or if the Court orders such disclosure. On notice, any party may apply to the Court for relief related to, or from, this Protective Order.

21. No party shall be responsible to a producing party for any reasonable use made of information produced and not identified as Confidential Discovery Material; **provided, however**, that if information is erroneously disclosed by a producing party without being designated as Confidential Discovery Material and the receiving party is thereafter notified in writing of the error, then the receiving party, after receiving such notice, shall treat such information as confidential.

22. If material designated as Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure and shall make a reasonable effort to retrieve the material designated as Confidential Discovery Material and to prevent further disclosure by each unauthorized person who received such material or information.

23. Nothing contained in this Protective Order shall be construed to prejudice any

parties' right to use in a court proceeding any Confidential Discovery Material, provided appropriate steps are taken to prevent the public disclosure of that material.

24. The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

25. The terms and conditions of this Protective Order shall survive and remain in full force and effect after the termination of this action.

/s/ Solomon B. Cera
Solomon B. Cera
Gold Bennett Cera & Sidener LLP
Suite 2300
595 Market Street
San Francisco, CA 94105
(415) 777-2230
*Attorneys for Lead Plaintiff BPI Global Asset Management LLP*

/s/ James W. Prendergast
Jeffrey B. Rudman (BBO #433380)
James W. Prendergast (BBO #553073)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
*Attorneys for Sonus Networks, Inc.*

/s/ John R. Baraniak, Jr.
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Choate Hall & Stewart
Two International Place
Boston, Massachusetts 02109
(617) 248-5000
*Attorneys for Hassan M. Ahmed*

/s/ Matthew J. Matule
Thomas J. Dougherty (BBO #132300)
Matthew J. Matule (BBO #632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
*Attorneys for Stephen J. Nill*

Dated: December 21, 2006

SO ORDERED BY THE COURT:

*[signature]*
DOUGLAS P. WOODLOCK, J.
Dated: *December 26*, 2006