# Exhibit D

```
 1                UNITED STATES DISTRICT COURT

 2                  DISTRICT OF MASSACHUSETTS

 3     * * * * * * * * * * * * * * *
                                   *
 4     IN RE:                      *
                                   *    CA-04-10294-DPW
 5                                 *
        SONUS NETWORKS, INC.       *    CA-04-10359-DPW
 6                                 *
                                   *
 7     * * * * * * * * * * * * * * *

 8          BEFORE THE HONORABLE DOUGLAS P. WOODLOCK

 9            UNITED STATES DISTRICT COURT JUDGE

10                         HEARING

11                      JUNE 28, 2004

12     APPEARANCES:

13          JUDEN JUSTICE REED, ESQ., Schubert & Reed, LLP,
            Two Embarcadero Center, Suite 1660, San Francisco,
14          California  94111, on behalf of Michelle Burk,
            plaintiff in derivative case
15
            JOHN C. MARTLAND, ESQ., Gilman and Pastor, LLP,
16          Stonehill Corporate Center, 999 Broadway, Suite
            500, Saugus, Massachusetts  01906, on behalf of
17          Michelle Burk, plaintiff in derivative case

18          TRAVIS E. DOWNS, III, ESQ., Lerach, Coughlin,
            Stoia & Robbins, LLP, 401 B. Street, Suite 1700,
19          San Diego, California  92101, on behalf of
            Global Undervalued Securities Master Fund
20
            MICHAEL K. MATTCHEN, ESQ., Dangel & Mattchen, LLP,
21          10 Derne Street, Boston, Massachusetts  02114, on
            behalf of Michael Pisnoy, plaintiff in derivative
22          action

23          PAUL T. WARNER, ESQ., Reich & Binstock, 4265
            San Felipe, Suite 1000, Houston, Texas  77027,
24          on behalf of Michael Pisnoy, plaintiff in
            derivative action
25
```

1    arguments were raised by other contenders and the court
2    addressed that.  And then we proceeded to litigate the
3    case.  And we got to the class certification stage and
4    the accounting defendant resurrected these issues again.
5    And we got into this issue very deeply with Judge
6    McLaughlin and he did a very thorough analysis of all
7    the facts.  And he concluded and made very clear that
8    the fundamental issue as to purchaser status is the
9    level of discretion.  Here, we had full and complete
10   discretion, Your Honor, and there should be no issue
11   about the purchaser status.
12           THE COURT:  Let me hear from the defendants.
13   Is there going to be an issue about this?
14           MR. RUDMAN:  I don't believe we're permitted,
15   under <u>Greeble</u> to put in our two cents at the time of
16   selection of lead counsel.
17           THE COURT:  You mean I can't hear you on this?
18           MR. RUDMAN:  I don't think we're allowed.
19   According to <u>Greeble</u>, I believe we are precluded
20   from participating in this process.
21           THE COURT:  Even if the Judge asks you?
22           MR. RUDMAN:  Well, I don't know the answer to
23   that, Your Honor, and I don't know enough about the
24   underlying facts and circumstance as to who traded when
25   and who has what damages in what quarter to give you an

1   answer now.  It could very much be an issue on class
2   certification.
3          THE COURT:  All right.  Now, with the
4   exception of that question of them submitting an adequate
5   affidavit that supports the position that they say they
6   have, is there anything else that would disqualify them?
7   They can bring -- I'm told, anyway -- a Section 11
8   claim that other counsel cannot.
9          MR. DOWNS:  And I understood what the Court
10  said about the certification requirement.  It is a
11  technical requirement, yet an important one.
12         THE COURT:  I agree.  It's very important and
13  it's quite disturbing that it wasn't done in an orderly
14  fashion.  That having been said, there's such a
15  disparity in the financial interest in this case, that
16  it makes no sense not to permit them at least the
17  opportunity to meet the challenge that you've directed
18  them to.
19         MR. DOWNS:  Your Honor, I guess I have two
20  observations, two comments.  One, I heard a lot about
21  counsel's involvement in the <u>Rent-Way</u> case; the
22  other, <u>BP Turkcell</u>, and the experience.  And the
23  Court asked Mr. Cera, "why did you do it here?"
24  Everyone knows that you have 60 days after the notice to
25  make the motion.  It's not like you're walking through