UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: Civil Action
IN RE SONUS NETWORKS, INC. : No. 04-10294-DPW
SECURITIES LITIGATION :
: **ORAL ARGUMENT REQUESTED**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT STEPHEN J. NILL'S OPPOSITION TO BPI GLOBAL ASSET MANAGEMENT LLP'S MOTION FOR CLASS CERTIFICATION

**Preliminary Statement**

Lead Plaintiff BPI Global Asset Management LLP ("BPI Global") seeks certification of a class consisting of purchasers of stock of Sonus Networks, Inc. ("Sonus"), and the appointment of the BPI Global entity as class representative (the "Certification Motion"). Defendant Stephen J. Nill ("Mr. Nill") hereby opposes the Certification Motion on the grounds that BPI Global is an atypical plaintiff and an inadequate class representative because (i) it lacks standing to pursue any claims on its own behalf and (ii) it is so disinterested that it has abdicated any control over this litigation to its counsel. Mr. Nill further opposes class certification due to BPI Global's utter failure to establish at any one of its three Rule 30(b)(6) depositions the existence of any proposed representative capable of offering particularized proof of any particular loss attributable to any specific fraud.[1]

---

[1]  On May 10, 2006, the Court entered an Order dismissing -- without leave to replead -- all claims against Mr. Nill premised upon primary violations of the Securities Act and the Exchange Act, including the Section 10(b) and Section 11 and 12(a)(2) claims.  This dismissal was based primarily upon BPI Global's failure to "plead with particularity facts supporting a strong inference of scienter as required by the PSLRA and Rule 9(b)."  Memorandum and Order dated May 10, 2006 at 57 (Docket No. 149).  Only the claims under Section 20(a) and Section 15, the so-called "control person" provisions of the securities laws, currently remain against Mr. Nill.

<u>First</u>, this Court should deny class certification because BPI Global has not satisfied its burden of demonstrating that it is typical of the class of plaintiffs it seeks to represent and would be an adequate class representative. Fed. R. Civ. P. 23(a)(3)-(4); <u>see</u> <u>In re Interneuron Pharm. Litig.</u>, 188 F.R.D. 3, 5 (D. Mass. 1999) ("Plaintiffs have the burden of proving that an adequate representative exists and that a class should be certified."); <u>In re Sonus Networks, Inc. Sec. Litig.</u>, C.A. No. 02-11315-MLW (D. Mass. Feb. 16, 2005) (order denying appointment of class representative candidate "because the court finds that he is not able to fairly and adequately protect the interests of the Class") (attached hereto as Exhibit A).

<u>Second</u>, this Court should deny class certification for the independently sufficient reason that BPI Global has failed to carry its burden of establishing the existence of both a "fraud as to which any person would be able to offer proof within the scope [thereof]" <u>and</u> "a particular person among the proposed class representative[] [who] can prove that she or he suffered a loss from that particularized fraud." <u>In re Interneuron</u>, 188 F.R.D. at 5-6 (rejecting motion for class certification because proposed representative plaintiffs failed to demonstrate the existence of a particular person who could offer proof as to a loss suffered from a specific fraud).

## ARGUMENT

### I. BPI GLOBAL CANNOT BE CERTIFIED AS A CLASS REPRESENTATIVE BECAUSE IT IS ATYPICAL AND INADEQUATE

For all of the reasons set forth in the Sonus Opposition filed January 5, 2007 ("Sonus Opp."), BPI Global's Certification Motion should be denied. BPI Global has not carried its burden of establishing that it is typical of the class of plaintiffs it seeks to represent, or that it would be an adequate class representative. Indeed, BPI Global lacks standing to pursue this action, (<u>see</u> Sonus Opp. at 5-14), and also exercises no appreciable control over this litigation, (<u>see</u> <u>id.</u> at 14-20), rendering BPI Global both <u>atypical</u> and <u>inadequate</u> and, consequently,

2

unsuitable for appointment as a class representative. Accordingly, Mr. Nill joins in the arguments as set forth in the Sonus Opposition and incorporates them by reference herein.

## II. BPI GLOBAL'S FED. R. CIV. P. 23 INADEQUACY IS FURTHER UNDERSCORED BY ITS REPRESENTATIVES' FAILURE TO OFFER ANY SUPPORT FOR ITS FRAUD ALLEGATIONS

In order to carry its burden of establishing that it is an adequate class representative, BPI Global also must demonstrate that it has a "viable claim" by establishing the existence of both a "fraud as to which any person would be able to offer proof within the scope [thereof]" and "a particular person among the proposed class representative[] [who] can prove that she or he suffered a loss from that particularized fraud." In re Interneuron, 188 F.R.D. at 5.

BPI Global cannot satisfy either of the two Interneuron pleading requirements. Indeed, each of the three Rule 30(b)(6) witnesses identified by BPI Global were unable to set forth any factual allegations that even begin to specify the existence of a fraud as to which any person would be able to offer proof or of an individual who can prove that she or he suffered a loss from such a fraud.

When asked whether he was aware of any facts supporting a claim of fraud, Charles Sweeney, BPI Global's former Chief Compliance Officer, hypothesized that "Well, there were restatements involved in financial statements. There had been disclosures that had been made as I understand it that were not accurate." Transcript of Nov. 21, 2006 Deposition of Charles Sweeney at 81:8-15 (attached hereto as Exhibit B). When asked whether either of those two items provide a factual basis for alleging fraud, Sweeney admitted "I don't think I'm in a position to answer the question. I am not sure what a factual basis is." Id. at 81:16-21. When given yet another opportunity to offer any facts supporting a fraud claim, Sweeney conceded "I

3

guess I would ask the question: <u>What facts are required to establish fraud that might assist me to answer that question</u>?" <u>Id.</u> at 82:8-17 (emphasis added).

John Myklusch, Chief Financial and Compliance Officer of Trilogy Global Advisors, LLC, the firm created when BPI Global merged with Trilogy Asset Management in May 2005, fared no better at deposition than Sweeney.  When Myklusch was asked whether he was aware of any facts supporting a claim of fraud, he only demurred "I know the broad strokes of the case, but I do not know the exact details behind the exact specific instances of frauds that are alleged."  Transcript of the November 3, 2006 deposition of John Francis Myklusch at 203:9-15 (attached hereto as Exhibit C).  Myklusch's admission in response to another question concerning his knowledge of any facts supportive of BPI Global's claim of fraud is stunning (but utterly destructive of its bid for representative status -- if not its entire case): "If your question is asking me whether I am aware of the specific allegations or any of the specific specifics of the case in that layer of detail, then the answer is no."  <u>Id.</u> at 205:2-8.

John Bichelmeyer, a former BPI Global portfolio manager, offered similarly inadequate responses at deposition.  Specifically, when asked what facts he was aware of indicating "any knowledge at Sonus" of false statements, Bichelmeyer only surmised "I guess it goes back to the fact that there was the lack of financial statements."  Transcript of the November 15, 2006 deposition of John P. Bichelmeyer at 130:12-23 (attached hereto as Exhibit D).  This testimony does not even come close to sustaining BPI Global's two-part burden of demonstrating the existence of both a "fraud as to which any person would be able to offer proof within the scope [thereof]" <u>and</u> "a particular person among the proposed class representative[] [who] can prove that she or he suffered a loss from that particularized fraud."  <u>In re Interneuron</u>, 188 F.R.D. at 5-6.

4

## CONCLUSION

For the foregoing reasons and those set forth in the Sonus Opposition, the Certification Motion should be denied.

Dated: January 5, 2007　　　　　　　　　　　　Respectfully submitted,
　　　　　Boston, Massachusetts

　　　　　　　　　　　　　　　　　　　　　　　 /s/  Matthew J. Matule
　　　　　　　　　　　　　　　　　　　　　　　Thomas J. Dougherty (BBO #132300)
　　　　　　　　　　　　　　　　　　　　　　　Matthew J. Matule (BBO #632075)
　　　　　　　　　　　　　　　　　　　　　　　Michael S. Hines (BBO #653943)
　　　　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　　 MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　　　　One Beacon Street
　　　　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　　　　　(617) 573-4800

　　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant Stephen J. Nill

## CERTIFICATE OF SERVICE

　　　　I, Matthew J. Matule, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 5, 2007.

Dated:  January 5, 2007　　　　　　　　　　　　 /s/  Matthew J. Matule
　　　　　　　　　　　　　　　　　　　　　　　Matthew J. Matule