# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
IN RE: SONUS NETWORKS, INC.     )
SECURITIES LITIGATION            )   C.A. No. 02-11315
PATENT LITIGATION                )
                                 )

ORDER

WOLF, D.J.                                        February 16, 2005

For the reasons described in detail in court on February 14, 2005, it is hereby ORDERED that:

1. Plaintiffs' Motion for Class Certification is ALLOWED and this case shall proceed as a class action Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Class is defined as: "A Class (the "Class") consisting of all persons and entities who purchased the common stock of Sonus Networks, Inc. ("Sonus") between December 11, 2000 and January 16, 2002, inclusive (the "Class Period"). Excluded from the Class are: Defendants, members of the immediate family of any Individual Defendant; the affiliates and subsidiaries of Sonus, the officers and directors of Sonus and its affiliates and subsidiaries; any entity in which any excluded person has a controlling interest; and the legal representatives, heirs, controlling persons, successors and assigns of any excluded person."

2. Lead Plaintiff Anthony Scibelli is appointed Class Representative. Lead Plaintiff Gary Lynn Roberts is not appointed Class Representative because the court finds that he is not able to

fairly and adequately protect the interests of the Class.

3. The court is not appointing Class Counsel at this time because questions exist as to whether proposed Class Counsel, Milberg Weiss Bershad Hynes & Lerach, LLP and Bernstein Liebhard & Lifshitz, LLP, will fairly and adequately protect the interests of the Class. To address these questions, proposed Class Counsel shall, by February 18, 2005, file:

a. An affidavit explaining how Lead Plaintiff Roberts' certification was prepared with the inaccurate attached Schedule A. Specifically, the affidavit shall state: who prepared the certification; who prepared the attached Schedule A; whether Schedule A was attached to the certification at the time it was sent to Roberts; and whether Roberts had Schedule A when he signed the certification.[1]

b. An affidavit stating whether Roberts waives any attorney-client privilege he has with regard to the letter that proposed Class Counsel states was sent to inform him of their involvement in other litigation against Sonus. If Roberts waives any attorney-client privilege regarding this letter, the letter shall be filed with the court.

c. An affidavit explaining the steps proposed Class Counsel took to inform Scibelli of their involvement in other litigation against Sonus. If there are written records of such communications,

---

[1] Depending on the facts, Roberts may have a Fifth Amendment right not to state whether he had Schedule A when he signed the certification.

and if Scibelli waives any attorney-client privilege he has with respect to such communications, they shall be filed with the court.

   d. A supplemental memorandum addressing the standards the court should employ in deciding whether to appoint or retain Milberg Weiss Bershad Hynes & Lerach, LLP and Bernstein Liebhard & Lifshitz, LLP as Class Counsel. The memorandum shall address, among other things, the implications of Rule 23(g) of the Federal Rules of Civil Procedure and The Private Securities Litigation Reform Act on the appointment or retention of Class Counsel in this case, and also identify any other legal authorities which may be relevant to the appointment or retention of Class Counsel.

   4. Defendants shall, by February 25, 2005, respond to these submissions.

   5. The parties shall, by March 2, 2005, file a proposed schedule for the remainder of this case, including for the notice to be given to the Class, which shall include a description of the conceivable conflicts of Class Counsel if Milberg Weiss Bershad Hynes & Lerach, LLP and Bernstein Liebhard & Lifshitz, LLP are appointed or retained as Class Counsel.

   6. A hearing shall be held on March 9, 2005, at 3:00 p.m.


                                    /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE