# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. AND STEPHEN NILL,<br><br>Defendants. | Civ. Action No. 04-10294 DPW |

### NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF BPI GLOBAL ASSET MANAGEMENT LLP

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, the defendants will take the deposition of BPI Global Asset Management LLP beginning at 10 a.m. on September 28, 2006, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts before a Notary Public or any other person authorized to administer oaths. The deposition will be recorded by stenographic means, and shall continue from day to day, Saturdays, Sundays and legal holidays excepted, until completed.

Pursuant to Rule 30(b)(6), the deponent is required to designate one or more knowledgeable persons to testify with respect to the matters identified on Schedule "A" attached hereto.

You are invited to attend and cross-examine.

Respectfully Submitted,

*James W. Prendergast* /MbC
James W. Prendergast (BBO #553073)
Jeffrey B. Rudman (BBO #433380)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
*Attorneys for Sonus Networks, Inc.*

*Matthew J. Matule* /MbC
Thomas J. Dougherty (BBO #132300)
Matthew J. Matule (BBO #632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108
Tel: (617) 573-4800
*Attorneys for Stephen J. Nill*

*John R. Baraniak* /MbC
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Choate Hall & Stewart
Two International Place
Boston, Massachusetts 02109
Tel: (617) 248-5000
*Attorneys for Hassan M. Ahmed*

Dated: September 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by e-mail and by first-class mail on September 13, 2006.

*/s/ James W. Prendergast*
James W. Prendergast

## SCHEDULE "A"

## TOPICS ON WHICH TESTIMONY WILL BE TAKEN

Incorporating the definitions set forth on Schedule "B" attached hereto, the following are the topics on which testimony will be taken:

1. The collection and substance of the documents produced by the Plaintiff in response to Defendants' First Request for the Production of Documents and Defendants' Supplemental Request for the Production of Documents.

2. The answers given by the Plaintiff in response to Defendants' First Set of Interrogatories.

3. Plaintiff's prior involvement with any legal or regulatory proceeding involving the federal securities laws, since January 1, 2002, including without limitation any proceeding involving state or federal corporate or securities laws in which Plaintiff or the class representative sought to be or was Lead Plaintiff.

4. Any and all transactions by the Plaintiff during the period beginning two years prior to the Class Period and ending six months after the Class Period in any security issued by Sonus.

5. All communications with, instructions given to, and/or advice received from any stockbroker, portfolio manager, analyst, or other financial advisor concerning the acquisition, holding, and/or sale of any security issued by Sonus during the period beginning two years prior to the Class Period and ending six months after the Class Period.

6. All information or communications on which the Plaintiff relied in deciding to or not to purchase, sell, or hold a security or investment in Sonus during the period beginning two years prior to the Class Period and ending six months after the Class Period.

7. All communications between the Plaintiff and Sonus during the period beginning two years prior to the Class Period and ending six months after the Class Period, as well as any documents referencing or related to such communications.

8. The Amended and Restated Investment Advisory Agreement, dated May 31, 1999, between BPIC and BPIG and all amendments thereof (collectively, the "Advisory Agreement").

9. BPIG's authority to purchase or sell securities under the Advisory Agreement.

10. Any and all "instructions" and "approval[s]" given by BPIC to BPIG in connection with BPIG's duties under paragraphs 6(a), (b), (e), and (f) of the Advisory Agreement.

11. The "Management Agreements" (and all amendments thereto), as referenced in paragraph B at page 2 of the Advisory Agreement, between BPIC and any of the BPI Funds.

12. The authority of BPIC under the Management Agreements to purchase or sell securities and its authority to retain and delegate to advisors the authority to purchase or sell securities.

13. The "directions of the Manager relating to the disposal of any of the Investment Assets of a Fund," as referenced in paragraph 8 at page 7 of the Advisory Agreement, to the extent any such "directions" relate to the BPI Funds.

14. All complaints, inquiries, investigations, or disciplinary actions against BPIG as an investment advisor.

15. All investment strategies (including but not limited to hedging or arbitrage) involving transaction(s) in Sonus securities.

16. All investment strategies for each portfolio of the BPI Funds.

17. All risks associated with securities in the "Information Technology" sector, as that term is used in the annual reports of the BPI Funds.

18. All communications to BPI Fund shareholders concerning Sonus.

19. All losses or gains from transactions in Sonus securities.

20. The lending of any Sonus stock under any "securities lending program" in which any BPI Fund may have participated, including without limitation any such programs with the Royal Trust Company of Canada.

21. All communications between the Plaintiff and any other present or former Sonus shareholder concerning any matter which is the subject of the Complaint.

## SCHEDULE "B"

## DEFINITIONS

## DEFINITIONS AND INSTRUCTIONS

1. The terms "communication," "document," "person," and "concerning" shall have the meanings set forth in Local Rule 26.5(C).

2. The term "transaction" shall mean a sale, purchase, acquisition, trade, transfer, exchange, or short sale of a security, including, without limitation, stocks, options, future contracts, puts, and calls.

3. The term "Sonus" shall mean the Defendant Sonus Networks, Inc. and any of its past and present subsidiaries, business segments, predecessors, officers, directors, employees, and any other person acting or purporting to act on Sonus's behalf.

4. The term "Plaintiff," "you," or "your" shall include the Lead Plaintiff BPI Global Asset Management LLP ("BPIG"), BPI Capital Management Corporation ("BPIC"), and any of the BPI Funds that held Sonus securities during the Class Period (the "BPI Funds"), and any of these entities' past and present officers, directors, employees, representatives, trustees, attorneys, mangers, and any other person acting or purporting to act on their behalf.

5. The term "Complaint" shall mean the August 5, 2005 First Amended Consolidated Class Action Complaint filed in the present lawsuit.

6. The term "Class Period" shall mean March 28, 2002 through March 26, 2004.

7. All use of language in these topics that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words that are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

8. Unless otherwise stated or apparent from the context of the stated topic, these topics pertain to the period beginning two months prior to the Class Period and ending two months after the Class Period.

USIDOCS 5834693v1