UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
IN RE SONUS NETWORKS, INC.          )   Civ. Action No. 04-10294 DPW
SECURITIES LITIGATION               )
                                    )
_____)


**DEFENDANTS' RENEWED MOTION FOR RECONSIDERATION
OF ORDER DENYING MOTION TO DISMISS IN LIGHT OF
U.S. SUPREME COURT DECISION IN *TELLABS, INC. V. MAKOR***

Defendants Sonus Networks, Inc., Hassan M. Ahmed and Stephen J. Nill (collectively, "Defendants") respectfully request that the Court reconsider its May 10, 2006 order denying Defendants' motions to dismiss, in light of the Supreme Court's June 21, 2007 decision in Tellabs, Inc. v. Makor Issues & Rights, Ltd., --S.Ct.--, 2007 WL 1773208, for the reasons set out below.[1]

1. In Tellabs, the Supreme Court held that in evaluating scienter,

> It does not suffice that a reasonable factfinder plausibly could infer from the complaint's allegations the requisite state of mind. Rather, to determine whether a complaint's scienter allegations can survive threshold inspection for sufficiency, a court governed by [the PSLRA] must engage in a comparative evaluation; it must consider, not only inferences urged by the plaintiff … but also competing inferences rationally drawn from the facts alleged. An inference of fraudulent intent may be plausible, yet less cogent, than other, nonculpable explanations for the defendant's conduct. To qualify as 'strong' within the intendment of [the PSLRA], we hold, an inference of scienter must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.

Id. at *4 (emphasis supplied).

---

[1] A motion for reconsideration is appropriate when there has been an intervening change in the controlling law. See Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

- 1 -

2.  This Court previously concluded that a "strong inference" of scienter could be drawn against Sonus "given the allegations against its controller [Peter] Hemme." In re Sonus Networks, Inc. Sec. Litig., No. Civ. A. 04-10294, 2006 WL 1308165, at *22 (D. Mass. May 10, 2006).[2] The Court reached this result through a two-part analysis. First, it concluded that while it was a "close call," "the Complaint as a whole sufficiently pleads a strong inference of fraudulent intent as to Hemme." Id. Second, the Court found that Sonus had scienter, based on Mr. Hemme's conduct, because of its own "recklessness": "At a minimum, more senior management than Hemme recklessly failed to have a structure that would insure the dissemination of correct information in an environment where Hemme allegedly encouraged accounting fraud." Id. at *23 (citing Nordstrom, Inc. v. Chubb & Son, Inc., 54 F.3d 1424, 1435 (9th Cir. 1995); In re Warner Commc'ns Sec. Litig., 618 F. Supp. 735, 752 (S.D.N.Y. 1985), aff'd, 798 F.2d 35 (2d Cir. 1986)).

3.  The second prong of the Court's analysis failed to consider "plausible opposing inferences," as required by Tellabs. In particular, the Court failed to consider that any failure of management to implement adequate internal controls could have been the result of mere negligence rather than culpable recklessness. Ironically, the Court had reached precisely that conclusion in finding (pursuant to an analysis that closely mirrored the one mandated by Tellabs) that the plaintiff's internal controls allegations were insufficient to raise a strong inference of scienter as to Mr. Nill:

> I find that the extent of the admitted "material weaknesses" in Sonus's internal controls and procedures strengthens the inference that Nill … acted recklessly when he certified the financial statements. But it is still insufficient to draw a strong inference of

---

[2] The Court rejected as insufficient the scienter allegations against Mr. Ahmed, Sonus' President and CEO, and Mr. Nill, its CFO and Treasurer. Sonus, 2006 WL 1308165, at *22.

>  scienter when the revenue misstatements <u>could</u> <u>have</u> <u>resulted</u> from <u>negligent</u> management oversight.

<u>Sonus</u>, 2006 WL 1308165, at *19 (emphasis supplied).  That finding – tantamount to a finding under <u>Tellabs</u> that the inference of negligence was more "cogent" and "compelling" than the inference of recklessness – undoubtedly was correct given the sparsity and conclusory nature of plaintiff's internal controls allegations.  <u>See</u> Sonus' October 24, 2005 Reply Memorandum at 13-14.[3]  However, when the Court considered whether Sonus had scienter based on Mr. Hemme's conduct, it apparently abandoned that finding and analysis, and instead concluded that senior management had been culpably reckless with regard to internal controls.  That failure to consider the more cogent competing inference of negligence is inconsistent with <u>Tellabs</u>, and requires reconsideration.

4.  Accordingly, this Court should dismiss the Complaint in light of <u>Tellabs</u> or, alternatively, set a schedule for further briefing.

## REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument may assist the Court in deciding the issues presented by this motion.  Defendants accordingly request a hearing pursuant to Local Rule 7.1(D).

---

[3] The plaintiff's allegations in this regard consist of a mere recitation of various statutes and rules governing internal controls (<u>see</u> First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, dated August 5, 2005 ("AC") ¶¶ 87-90) followed by the conclusory statement that Sonus failed to comply with them (AC ¶ 91) and that Defendants ignored unidentified "red flags" (AC ¶ 92).  Plaintiff fails to identify a single specific deficiency (much less the time at which it existed), or to set forth a single specific fact showing that any "senior management" knew of any deficiency, or to explain a causal link between any deficiency and any of the matters alleged to have been misrepresented.

Respectfully Submitted,

/s/ James W. Prendergast
Jeffrey B. Rudman (BBO #433380)
James W. Prendergast (BBO # 553073)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
*Attorneys for Sonus Networks, Inc.*

/s/ John R. Baraniak
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Choate Hall & Stewart
Two International Place
Boston, Massachusetts 02109
(617) 248-5000
*Attorneys for Hassan M. Ahmed*

/s/ Matthew J. Matule
Thomas J. Dougherty (BBO# 132300)
Matthew J. Matule (BBO# 632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194
(617) 573-4800

Dated: June 29, 2007         *Attorneys for Stephen J. Nill*

## DEFENDANTS' LOCAL RULE 7.1(A) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), counsel for defendants Sonus Networks, Inc. hereby certifies that by e-mail dated June 28, 2007, he sought to confer in good faith with opposing counsel regarding Defendants' Renewed Motion for Reconsideration of Order Denying Motion to Dismiss in Light of U.S. Supreme Court Decision in <u>Tellabs, Inc. v. Makor</u>.

/s/ James W. Prendergast
Jeffrey B. Rudman (BBO #433380)
James W. Prendergast (BBO #553073)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
*Attorneys for Sonus Networks, Inc*

## CERTIFICATE OF SERVICE

I, James W. Prendergast, hereby certify that on June 29, 2007, I caused a true copy of the foregoing document to be served electronically via the Court's Electronic Filing System upon all counsel of record.

Dated: June 29, 2007                    /s/ James W. Prendergast

US1DOCS 6257373v4