UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE SONUS NETWORKS, INC. SECURITIES LITIGATION | ) ) Civil Action No. 04-10294-DPW ) (Lead Case) ) |
| THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) ) |

# LEAD PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR RECONSIDERATION

GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera
Gwendolyn R. Giblin
Pamela A. Markert
Kenneth A. Frost
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189

Attorneys for Lead Plaintiff
BPI Global Asset Management LLP

#117415

I. **INTRODUCTION**

Castigating the Court for its lack of clairvoyance in failing to anticipate a new legal standard set forth in a June 21, 2007 Supreme Court decision, defendants argue the May 10, 2006 Order (the "Order") denying the motion to dismiss the claim against defendant Sonus Networks, Inc. under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), must be reconsidered in light of *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. ___, 127 S.Ct. 2499 (2007). Defendants have seriously misread and misapplied the *Tellabs* decision. In that case, the Supreme Court held, *inter alia*, that in evaluating a motion to dismiss a Section 10(b) claim covered by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(b) *et seq.*, a district court can properly weigh competing inferences in determining whether a plaintiff has adequately pled the required strong inference of scienter. *Id.* at 2510. If the weighing process leads to the conclusion that plaintiff's inferences are, at a minimum, just as plausible as the inferences defendants seek to draw, the motion to dismiss must be denied. *Id.* Defendants fail to inform the Court that this new standard **is a more lenient one** than the First Circuit standard which the Court applied in the Order. There, in noting First Circuit precedent requiring that a complaint assert facts supporting a strong inference of scienter, the Court said, "The First Circuit has described this statutory requirement 'as demanding a "highly likely" inference that the defendant acted with the required state of mind." Order at 21, citing *In re Stone & Webster, Inc. Securities Litig.*, 414 F.3d 187, 195 (1st Cir. 2005), *reh'g denied*, 424 F.3d 24 (2005). In *Tellabs*, the Supreme Court dispensed with this "highly likely" framework and required that plaintiffs' inferences be **at least as plausible** as defendants' inferences. *Tellabs*,

127 S.Ct. at 2510.[1] If plaintiffs' inferences were sufficient under the First Circuit's more stringent "highly likely" standard, they are *ipso facto* sufficient under the new, less draconian *Tellabs* standard. The upshot is that if there is to be any reconsideration based on *Tellabs*, it should be of the dismissal of the Section 10(b) claim against defendants Stephen J. Nill and Hassan M. Ahmed. In any event, defendants' renewed motion for reconsideration should be denied.[2]

## II.    THE *TELLABS* DECISION

*Tellabs* resolved a split among circuit courts as to the appropriate standard to be applied in evaluating whether a plaintiff in a Section 10(b) action has adequately alleged the strong inference of scienter required by the PSLRA. The split is reflected in a comparison of the least demanding (and now rejected) Seventh Circuit standard (found in *Makor Issues & Rights, Ltd. v. Tellabs*, 437 F.3d 588, 602 (7th Cir. 2006)), with the more stringent "highly likely" standard in the First Circuit. *See Credit Suisse*, 431 F.3d at 49, 51. *Tellabs*, 127 S.Ct. at 2506 n. 2. In adopting a middle ground position between these extremes, the Supreme Court laid out clear standards to be applied by district courts:

> We establish the following prescriptions. *First*, faced with a Rule

---

[1] *Tellabs* thereby also changed the prior law of the First Circuit as reflected in *In re Credit Suisse First Boston Corp.*, 431 F.3d 36, 48-49 (1st Cir. 2005), which held that a complaint does not pass the "strong inference" test where there are legitimate non-culpable explanations for the conduct that are equally convincing as the scienter allegations. Now, under *Tellabs*, equally convincing explanations require **denial** of a motion to dismiss. *Tellabs*, 127 S.Ct. at 2510.

[2] The sloppiness of defendants' motion is further illustrated by their request that the Court "reconsider its May 10, 2006 order denying Defendants' motions to dismiss" and that "this Court should dismiss the Complaint in light of Tellabs...." Defs. Brief at 1, 3 ¶4. *Tellabs* has no impact on the claim against Sonus based on Section 11 of the Securities Act of 1933, 15 U.S.C. §77k, which was upheld by the Court. Order at 65. That claim has no scienter requirement. Liability arises under Section 11 even for innocent misstatements. *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381 (1983).

12(b)(6) motion to dismiss a §10(b) action, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true....

*Second*, courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss .... The inquiry, as several Courts of Appeals have recognized, is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard . . .

*Third*, in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences.

\*   \*   \*

The inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the 'smoking gun' genre, or even the 'most plausible of competing inferences . . .. Yet the inference of scienter must be more than merely 'reasonable' or 'permissible' -- it must be cogent and compelling, thus strong in light of other explanations. A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and **at least as compelling as any opposing inference one could draw from the facts alleged.**

*Id.* at 2509-10 (italics in original) (emphases added) (citations omitted).

In other words, as long as the inference of scienter carries equal or greater weight than the inference of non-reckless conduct,³ a motion to dismiss a Section 10(b) claim premised on purportedly inadequate scienter allegations must be denied. The Court examined lead plaintiff's scienter allegations based on a "highly likely" standard, in accordance with applicable First Circuit law. Plainly, the "highly likely" standard, which lead plaintiff met, exceeds the new standard set by the Supreme Court, which only requires a plaintiff's scienter allegations to be

---

³/  Scienter can be shown by reckless, not necessarily intentional, conduct. Order at 30.

#117415

-3-

cogent and at least as compelling as defendants' inferences of simple negligence. *Tellabs*, 127 S.Ct. at 2510. Thus, there is nothing in *Tellabs* that supports reconsideration of Sonus's motion to dismiss the Section 10(b) claim.

### III.   THE ALLEGATIONS AGAINST SONUS ARE SUFFICIENT UNDER *TELLABS*

The decision upholding the sufficiency of the Section 10(b) claim against Sonus should not be reconsidered. The Court found that the Complaint's allegations supported a strong inference of scienter based on the allegations against its controller, Peter Hemme, which are properly imputed to Sonus. Order at 58. This was based on indicia suggesting intentionally fraudulent or reckless accounting practices as discussed with regard to defendant Nill, as well as Hemme's termination at the time of the announcement of the restatement in 2004 for breaching Sonus's Code of Business Conduct, as well as allegations against Hemme based on the information provided by certain confidential sources. *Id.* at 58-59. The Court held that, "While the allegations against Hemme present a close call, I conclude that the Complaint as a whole sufficiently pleads a strong inference of fraudulent intent as to Hemme." "Sufficiently" in this context necessarily meant "highly likely." Order at 59. The Court reached its conclusion applying First Circuit law requiring that the allegations present a "high likelihood" that reckless or intentional conduct was involved. Now, however, under *Tellabs*, there is no longer a need to show that the inference of scienter is "highly likely." What is now required is a conclusion that, when the allegations are accepted as true and taken collectively, the inference of scienter is cogent and at least as strong as any opposing inference. If the inference of scienter was "highly likely," as the Court determined it was with regard to Hemme, it certainly is at least as strong as defendants' competing inference of mere negligence. Whether an inference of recklessness is at least as likely as an inference of negligence is the key. In this regard, it is instructive to consider

#117415

-4-

the Court's conclusion that, "**At a minimum**, more senior management than Hemme recklessly failed to have a structure that would insure the dissemination of correct information in an environment where Hemme allegedly encouraged accounting fraud." Order at 61-62 (emphasis added). In other words, recklessness was the least culpable explanation of the misconduct alleged. Thus, applying the weighing test, which the defendants wrongly accuse the Court of neglecting, defendants' motion cannot succeed.

This unravels defendants' suggestion that the Court erred by conducting a comparative analysis of competing inferences with regard to the Nill allegations, but not with regard to Hemme's conduct. Defs. Brief ¶3. In order to arrive at a conclusion that someone's conduct is "highly likely" to be reflective of scienter, one necessarily has to engage in a comparative analysis. Applying First Circuit law, the Court necessarily held it highly likely that lead plaintiff's allegations suggest scienter. Order at 58. Defendants' misguided analysis of *Tellabs* certainly does not support reconsideration of the claims against Sonus. Rather, any further review of the Complaint in light of *Tellabs* is more appropriately directed to consideration of a *sua sponte* reinstatement of the claims against defendants Nill and Ahmed, against whom the Section 10(b) claims were dismissed based solely on an insufficient inference of scienter based on application of an exacting standard which has now been relaxed by the Supreme Court.[4]

---

[4] Since entry of the Order, lead plaintiff has been conducting document discovery from defendants and third parties, under the Joint Statement Pursuant to Local Rule 16.1D, approved by the Court on July 13, 2006. Lead plaintiff has uncovered substantial evidence in support of its claims against all defendants. It has also become clear that a huge volume of highly relevant documents has been withheld by defendants based on specious claims of privilege and work product arising out of work on the 2004 restatement. Lead plaintiff intends to move the Court in the near future for an order compelling production of these improperly withheld materials. Pursuant to the Joint Statement ¶IV.B., full merits discovery is to begin upon filing of the Court's decision resolving the pending motion for class certification.

## IV. **CONCLUSION**

For the foregoing reasons, the renewed motion for reconsideration should be denied.

Dated: July 18, 2007

GOLD BENNETT CERA & SIDENER LLP

By    /s/Solomon B. Cera
Solomon B. Cera

Attorneys for Lead Plaintiff
BPI Global Asset Management LLP

#117415

-6-

## CERTIFICATE OF SERVICE

I, KimLane E. Gantan, hereby certify that on July 18, 2007, I electronically filed the foregoing document: **"LEAD PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR RECONSIDERATION"** with the Clerk of the Court using the CM/ECF System which sent notification of such filing to all counsel of record.

*/s/ KimLane E. Gantan*
KimLane E. Gantan

#115237