UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                          )
IN RE SONUS NETWORKS, INC.                )    Civ. Action No. 04-10294 DPW
SECURITIES LITIGATION                     )
                                          )
```

## DEFENDANTS' REPLY IN SUPPORT OF RENEWED MOTION FOR RECONSIDERATION

Lead Plaintiff's Memorandum in Opposition to Defendants' Motion for Reconsideration ("Opp.") is premised on a fundamental mischaracterization of Defendants' argument. According to Lead Plaintiff, Defendants' motion is based on the claim "that the Court erred by conducting a comparative analysis of competing inferences with regard to the [Stephen] Nill allegations, but not with regard to [Peter] Hemme's conduct." (Opp at 5.) The Opposition completely misses the mark.

For purposes of this motion, Defendants do *not* challenge the Court's finding as to Mr. Hemme's scienter.[1] (See Defs.' Mem. in Support of Renewed Mot. for Reconsideration at 2-3.) Rather, Defendants focus on the Court's basis for concluding that *Sonus* possessed the requisite scienter – namely that Mr. Hemme's scienter could be imputed to Sonus because Plaintiff's internal controls allegations gave rise to the inference that Sonus' management had been "culpably reckless." (Id.) Defendants respectfully suggest that this finding is inconsistent with the "comparative evaluation" of competing inferences now required by Tellabs, in that the Court

---

[1] Because Mr. Hemme's scienter is not at issue, Lead Plaintiff's argument that the Court's finding as to Mr. Hemme remains valid under Tellabs, Inc. v. Makor Issues & Rights, Ltd., --U.S.--, 127 S.Ct 2499 (June 21, 2007), is beside the point. (See Opp. at 4-5.) In any case, Defendants disagree with Lead Plaintiff's suggestion that the Tellabs standard for finding scienter is "more lenient" than the prior First Circuit standard the Court applied. (See id. at 1.) Nothing in Tellabs suggests that the forceful "cogent and compelling" inference of scienter it requires in order to survive a motion to dismiss, 127 S.Ct at 2510, is less stringent than the "highly likely" inference previously applied in the First Circuit, see In re Stone & Webster, Inc. Sec. Litig., 414 F.3d 187, 195 (1st Cir. 2005).

should consider – as it did in rejecting the same allegations as a basis for Mr. Nill's scienter – the competing (and more "compelling") inference that the internal controls allegations showed at most only negligence on the part of management.  (See id.)  Lead Plaintiff has no answer to the argument Defendants actually make.

Lead Plaintiff's claim that the motion, if granted, would not affect the Court's prior ruling on the Section 11 claim is also wrong.  (See Opp. at 2 n. 2.)  This Court previously held that because the entire Complaint "sounded in fraud," the same analysis – including the scienter analysis – applied to both the Section 10(b) and the Section 11 claims.  See In re Sonus Networks, Inc. Sec. Litig., No. Civ. A. 04-10294, 2006 WL 1308165, at *7-*8 (D. Mass. May 10, 2006).

For these reasons and those set forth in Defendants' Renewed Motion for Reconsideration of Order Denying Motion to Dismiss in Light of U.S. Supreme Court Decision in Tellabs, Inc. v. Makor, Defendants respectfully submit that the Court should reconsider its prior ruling denying Defendants' motions to dismiss.

    Respectfully Submitted,

/s/ James W. Prendergast
Jeffrey B. Rudman (BBO #433380)
James W. Prendergast (BBO # 553073)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
*Attorneys for Sonus Networks, Inc.*

/s/ John R. Baraniak, Jr.
Robert S. Frank, Jr. (BBO #177240)
John R. Baraniak, Jr. (BBO #552259)
Choate Hall & Stewart
Two International Place
Boston, Massachusetts 02109
(617) 248-5000
*Attorneys for Hassan M. Ahmed*

/s/ Matthew J. Matule
Thomas J. Dougherty (BBO# 132300)
Matthew J. Matule (BBO# 632075)
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194
(617) 573-4800

Dated: July 23, 2007        *Attorneys for Stephen J. Nill*

## CERTIFICATE OF SERVICE

I, James W. Prendergast, hereby certify that on July 23, 2007, I caused a true copy of the foregoing document to be served electronically via the Court's Electronic Filing System upon all counsel of record.

Dated: July 23, 2007        /s/ James W. Prendergast
James W. Prendergast