UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. LITIGATION | ) Civil Action No. 04-10294-DPW<br>) (Lead Case)<br>)<br>)<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO: ALL CASES | )<br>)<br>)<br>)<br>) |

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION**
**FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera
Gwendolyn R. Giblin
Pamela A. Markert
Kenneth A. Frost
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: ( 415) 777-2230
Facsimile: (415) 777-5189

Attorneys for Lead Plaintiff
BPI Global Asset Management LLP

#117605

Lead Plaintiff submits the following as its Opposition to the Defendants' Motion for Leave to File Notice of Supplemental Authority (Docket No. 201):

The Seventh Circuit's decision in *Higginbotham v. Baxter, Int'l, Inc.*, __ F.3d __, 2007 WL 2142298 (7th Cir. July 27, 2007) is of no consequence in the instant matter. *Higginbotham* applies the Supreme Court's recent decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. __, 127 S.Ct. 2499 (June 21, 2007) to the particular facts presented in that case. However, contrary to the Defendants' suggestion, neither *Tellabs* nor *Higginbotham* bar allegations based on information received from unnamed sources.

In fact, the operative complaint in *Tellabs* cited **27 confidential sources**. 127 S.Ct. at 2506. The Supreme Court could have rejected the use of unnamed sources, but did not, and *Tellabs* is obviously the controlling law. As explained in Lead Plaintiff's Memorandum in Opposition to Defendants' Renewed Motion for Reconsideration (Docket No. 198), *Tellabs* established a more **lenient** standard than that applied by this Court in its May 10, 2006 Order denying Sonus's motion to dismiss. Accordingly, the *Higginbotham* analysis provides no support for reconsideration.

Significantly, the Seventh Circuit specifically stated in *Higginbotham* that its holding "does not mean that plaintiffs must reveal all of their sources" and that "[i]t is possible to imagine situations in which statements by anonymous sources may corroborate or disambiguate evidence from disclosed sources." *Higginbotham*, 2007 WL 2142298 at *2, 3. *Higginbotham* is also distinguishable on its facts. "Plaintiffs [did] not proffer concrete evidence that anyone at Baxter's headquarters in the United States knew of the shenanigans in Brazil until May 2004. . . . Baxter Brazil was a subsidiary rather than a division of Baxter International . . . we need evaluate

only arguments concerning managers at the firm's headquarters, none of whom participated in the scheme at the Brazilian subsidiary." *Id.* Here, the alleged misconduct occurred right at Sonus's headquarters, not at a remote subsidiary. The sources are persons who were at Sonus's headquarters during the relevant period.

For these reasons, *Higginbotham* does not support the Defendants' motion for leave to file supplemental authority, which should be denied.

Dated: August 15, 2007                    GOLD BENNETT CERA & SIDENER LLP

                                             By   /s/   Solomon B. Cera
                                                     Solomon B. Cera

                                          Attorneys for Lead Plaintiff
                                          BPI Global Asset Management LLP

<u>CERTIFICATE OF SERVICE</u>

I, KimLane E. Gantan, hereby certify that on August 15, 2007, I electronically filed the foregoing document: **"LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY"** with the Clerk of the Court using the CM/ECF System which sent notification of such filing to all counsel of record.

*/s/ KimLane E. Gantan*
KimLane E. Gantan

#115237