## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE SONUS NETWORKS, INC.
LITIGATION

)
)
)
)
)

Civil Action No. 04-10294-DPW

### TRANSMITTAL AFFIDAVIT OF SHERRY HARTEL HAUS IN SUPPORT OF DEFENDANT SONUS NETWORKS, INC.'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE DISCOVERY ON DISMISSED AND UNPLEADED CLAIMS AND ALLEGATIONS AND TO LIMIT DISCOVERY TO A REASONABLE TIME PERIOD

I, Sherry Hartel Haus, depose and state the following:

1.      I am an associate with the law firm of Wilmer Cutler Pickering Hale & Dorr LLP, 60 State Street, Boston, Massachusetts.  I am a member in good standing of the Bar of the Commonwealth of Massachusetts.  I am counsel for defendant Sonus Networks, Inc. ("Sonus") in the above-captioned matter.

2.      I submit this affidavit in support of Sonus' Motion for a Protective Order to Preclude Discovery on Dismissed and Unpleaded Claims and Allegations and to Limit Discovery to a Reasonable Time Period.

3.      I personally have been involved in the above-captioned litigation since 2005 and attest to the accuracy of the information set forth in Sonus' Memorandum in Support of its Motion for a Protective Order to Preclude Discovery on Dismissed and Unpleaded Claims and Allegations and to Limit Discovery to a Reasonable Time Period.

4.      In the above-captioned litigation, Sonus has produced over 87,000 pages of documents, including documents collected in hard-copy from Sonus and the non-privileged

- 1 -

documents that Sonus provided to the Securities Exchange Commission ("SEC") in connection with the Boston Regional Office's since-terminated enforcement investigation of Sonus.

5.    In Sonus' production to the SEC in connection with the Boston Regional Office's since-terminated enforcement investigation of Sonus, Sonus reviewed and produced electronic documents from, among other sources, its relevant finance and other personnel involved in the four alleged accounting issues that remain at issue in this matter.

6.    In connection with the above-captioned litigation, and in response to Lead Plaintiff's First Set of Document Requests, Sonus has also collected over 250 GB of electronic data from relevant Sonus employees.

7.    Lead Plaintiff's proposed search queries, when applied to the electronic documents that Sonus collected, identified over 1.3 million documents, or almost 203 GB of data, that would need to be reviewed by Sonus' counsel for relevance and privilege.  Sonus' proposed search queries, when applied to the electronic documents that Sonus collected, yielded approximately 236,000 documents, or just over 102 GB of data.

8.    From Sonus' counsel's experience, an attorney reviewing documents full-time for relevance and privilege can review approximately 450 documents in an eight-hour day.

9.    I have attached true and accurate copies of the following documents hereto:

    a.    Attached hereto as Exhibit A, Transcript of June 1, 2005 Hearing in the above-captioned matter;

    b.    Attached hereto as Exhibit B, Lead Plaintiff's First Set of Document Requests to All Defendants;

    c.    Attached hereto as Exhibit C, Sonus' Responses to Lead Plaintiff's First Set of Document Requests;

d.  Attached hereto as Exhibit D, letter from SEC to Mr. Jeffrey Rudman, counsel to Sonus, dated June 7, 2005;

e.  Attached hereto as Exhibit E, letter with attachment from Ms. Pamela Markert, counsel to Lead Plaintiff, to Ms. Sherry Haus, counsel to Sonus, dated May 11, 2007;

f.  Attached hereto as Exhibit F, letter with attachment from Ms. Haus, counsel to Sonus, to Ms. Markert, counsel to Lead Plaintiff, dated June 15, 2007, reflecting, among other information, data received from Sonus' electronic discovery vendor, including the number of documents in Sonus' electronic document collection identified by each of Lead Plaintiff's proposed search terms;

g.  Attached hereto as Exhibit G, Subpoena in a Civil Case, served upon Deloitte & Touche LLP by Lead Plaintiff, dated August 7, 2007;

h.  Attached hereto as Exhibit H, Sonus's Current Report on Form 8-K, filed with the SEC on August 16, 2005;

i.  Attached hereto as Exhibit I, letter from Ms. Annica Jin-Hendel, counsel to Deloitte & Touche LLP, to Ms. Markert, counsel to Lead Plaintiff, dated August 20, 2007; and

j.  Attached as Exhibit J, unpublished opinion in *In re Sepracor, Inc. Deriv. Litig.*, No. 06-4057 BLS1, slip op. (Mass. Super Ct. Jan. 26, 2007) (van Gestel, J.).

Subscribed and sworn to under the pains and penalties of perjury this 5th day of September,

2007.

/s/Sherry Hartel Haus
Sherry Hartel Haus

## CERTIFICATE OF SERVICE

I, Sherry Hartel Haus, hereby certify that on September 5, 2007, I caused a true copy of the foregoing document to be served electronically via the Court's Electronic Filing System upon all counsel of record.

/s/Sherry Hartel Haus
Sherry Hartel Haus

- 4 -