# Exhibit B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. LITIGATION | )  Civil Action No. 04-10294-DPW<br>)  (Lead Case)<br>)<br>)<br>) |
| ———————————— | ) |
| THIS DOCUMENT RELATES TO: ALL CASES | )<br>)<br>)<br>)<br>) |
| ———————————— | ) |

**LEAD PLAINTIFF'S FIRST SET OF
DOCUMENT REQUESTS TO ALL DEFENDANTS**

GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera
Steven O. Sidener
Pamela A. Markert
Kenneth A. Frost
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: ( 415) 777-2230
Facsimile: (415) 777-5189

Attorneys for Lead Plaintiff
BPI Global Asset Management LLP

#114843

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Lead Plaintiff BPI Global Asset Management LLP hereby requests that each defendant produce the documents specified herein at Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, California 94105 on or before thirty (30) days from the date of service of these requests.

## DEFINITIONS

1.      "ANDERSEN" means Arthur Andersen LLP and its predecessors, parents, subsidiaries, segments, departments, divisions, and affiliates, as well as any present or former officers, directors, employees, attorneys, accountants, consultants, investigators, or other agents, representatives, or persons acting on their behalf.

2.      "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.      "COMPLAINT" means the First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws filed on August 5, 2005.

4.      "DOCUMENT" is used in the broadest sense permitted under Rule 34(a), Fed.R.Civ.P., and includes information or data stored, maintained, or existing in any electronic format (*e.g.*, e-mail).  It includes, but is not limited to, any digitally or electronically stored data, such as that within any computer or personal digital assistant.  DOCUMENT includes the original and all non-identical copies of writings, whether handwritten, typed, printed, or otherwise produced.

5.      "DOJ" means the United States Department of Justice and all divisions thereof.

6.      "E&Y" refers to Ernst & Young LLP and all divisions thereof.

7.      "FBI" means the United States Federal Bureau of Investigation and all divisions thereof.

8.    "FINANCIAL STATEMENT" means any record of SONUS'S financial status including, but not limited to, any balance sheet, income statement, profit and loss statement, statement of cash flows, and workpapers of any accountant or auditor. FINANCIAL STATEMENT includes DOCUMENTS that are audited or unaudited, final, interim, *pro forma*, complete or incomplete, and consolidated or unconsolidated.

9.    "HALE AND DORR" means Hale and Dorr LLP and its successors, predecessors, parents, subsidiaries, segments, departments, divisions, and affiliates, as well as any present or former officers, directors, employees, attorneys, accountants, consultants, investigators, or other agents, representatives, or persons acting on their behalf.

10.    "HEMME" means former SONUS Controller Peter Hemme.

11.    "HURON" means Huron Consulting Group and its successors, predecessors, parents, subsidiaries, segments, departments, divisions, and affiliates, as well as any present or former officers, directors, employees, attorneys, accountants, consultants, investigators, or other agents, representatives, or persons acting on their behalf.

12.    "INDIVIDUAL DEFENDANTS" means defendants Hassan M. Ahmed and Stephen J. Nill, any trust or other entity controlled by either of them, as well as any agent acting on behalf of either of them.

13.    "NASD" means the National Association of Securities Dealers, Inc. and all divisions thereof, including NASD Regulation, Inc., NASD Dispute Resolution, Inc., and The Nasdaq Stock Market, Inc.

14.    "PERSON" is defined as any natural person or any business, legal, or governmental entity or association.

15.    "RELATING TO" means describing, discussing, analyzing, commenting upon, or

#114843                                          2

mentioning in whole or in part.

16.     "SEC" means the Securities and Exchange Commission and all divisions thereof.

17.     "SONUS" means Sonus Networks, Inc. and all of its predecessors, parents,

subsidiaries, segments, departments, divisions, affiliates, and Board of Directors (including any

Board committees), as well as HEMME, any present or former officers, directors, employees,

attorneys, accountants, consultants, investigators, or other agents, representatives, or persons

acting on their behalf.

18.     "YOU" and "YOUR" mean the person or entity to which this discovery is directed

including any predecessors, parents, subsidiaries, officers, directors, employees, attorneys,

accountants, consultants, investigators, agents, representatives, or other persons acting on their

behalf.

## INSTRUCTIONS

19.     If you withhold any DOCUMENT under claim of attorney-client privilege or

work product protection, provide a log identifying each such DOCUMENT, its date, the author

and recipients, the job titles or positions of the author and recipients, the subject matter, the basis

on which it being withheld, and the specific requests to which the DOCUMENT relates.  In

addition, state whether each such DOCUMENT has been given, described, or otherwise

disclosed to the SEC, FBI, DOJ, or any person or entity.

20.     If you assert privilege or work product protection with respect to part of a

responsive DOCUMENT, redact that portion (only) and indicate on the DOCUMENT where

material was redacted.  Identify the redactions on a log in the same manner as DOCUMENTS

that are withheld.

21.     If you withhold a DOCUMENT for any reason other than a claim of attorney-

#114843                                  3

client privilege or work product protection, provide a log identifying each such DOCUMENT, the basis for withholding it, its date, the author and recipients, the job titles or positions of the author and recipients, the subject matter, and the specific requests to which it relates.

22.    Produce the entire DOCUMENT if any part of the DOCUMENT is responsive. Produce each DOCUMENTS in their entirety, without deleting or excluding material regardless of whether YOU consider the entire DOCUMENT to be responsive.

23.    Pursuant to Rule 34(b), Fed.R.Civ.P., produce DOCUMENTS as they are kept in the usual course of business or organize and label them to correspond with the individual requests stated herein.  DOCUMENTS found associated with, attached to, or joined together by staple, clip, binder, binding, file folder, computer file or directory, or otherwise should be produced in the manner in which they were associated, attached, or joined.

24.    DOCUMENTS in an electronic format should be produced in both hard copy and on floppy or compact disks in one of the following formats: WordPerfect, Microsoft Word, or ASCII (DOS) Delimited text.  If the DOCUMENTS cannot be produced in one of these formats, provide the software necessary to view the DOCUMENTS or to utilize the data in the manner in which it was originally utilized.  Such DOCUMENTS must be accompanied by all metadata, including information regarding the dates they were created, modified, or distributed, as well as the identities of the author and recipients.

25.    If a responsive DOCUMENT no longer exists, specify the general type of DOCUMENT (*e.g.,* memorandum, letter, computer printout, etc.), the type of information it contained, the date on which it ceased to exist, the circumstances under which it ceased to exist, and the identities of all people who have or had knowledge of its contents.

26.    Produce all responsive DOCUMENTS in YOUR possession, custody, or control

#114843                                      4

including those contained within any personal computer, laptop computer, personal digital

assistant, Blackberry or Palm Pilot or that may be obtained upon your request (*e.g.,* transcripts of

SEC interviews or depositions).

27.    All use of language in these Requests that appears in the conjunctive form

specifically includes the disjunctive form, and vice versa.  All words that are used in their

singular form include the plural form, and vice versa.  The past tense shall be construed to

include the present tense, and vice versa.

28.    Pursuant to Rule 26(e), Fed.R.Civ.P., the obligation to produce responsive

DOCUMENTS is continuing.  If YOU discover responsive DOCUMENTS at any time after

responding to these requests, YOU must immediately produce them.

**RELEVANT TIME PERIOD**

The relevant time period for these requests is January 1, 2001 to the present.  These

requests seek DOCUMENTS created or generated during this period, as well as DOCUMENTS

created or generated outside this period but which contain information RELATING TO the

relevant time period.

**DOCUMENT REQUESTS**

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS describing or depicting SONUS'S organizational structure.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS identified in YOUR Initial Disclosures.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO any internal investigation regarding SONUS'S

accounting practices including, but not limited to, the investigation by the Audit Committee of

SONUS'S Board of Directors referenced in a SONUS press release dated February 11, 2004.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO any SONUS DOCUMENT destruction or retention policy.

REQUEST FOR PRODUCTION NO. 5:

All SONUS policy manuals including, but not limited to, those RELATING TO operating procedures, accounting procedures, and employee handbooks.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS RELATING TO SONUS's internal accounting policies, practices, and/or procedures.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS RELATING TO the content, drafting, and/or dissemination of SONUS press releases including, but not limited to, press releases RELATING TO quarterly or annual financial results, accounting practices, and the potential or actual restatement or revision of FINANCIAL STATEMENTS.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO the content, drafting, or dissemination of SONUS'S filings (including amended filings) with the SEC.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO the preparation of SONUS'S FINANCIAL STATEMENTS.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS RELATING TO the restatement or revision of any SONUS

FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS prepared by SONUS'S internal audit staff including, but not limited to, any memoranda or reports.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATING TO COMMUNICATIONS to or from any current or former SONUS employee regarding SONUS'S accounting practices.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATING TO internal targets or projections for SONUS'S earnings per share, revenues, and/or stock price.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATING TO the price of SONUS stock.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS RELATING TO the market for SONUS stock.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS RELATING TO the follow-on offering described in the Prospectus Supplement dated April 21, 2003 including, but not limited to, the decision to raise additional capital through the offering.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS RELATING TO the follow-on offering described in the Prospectus Supplement dated September 23, 2003 including, but not limited to, the decision to raise additional capital through the offering.

/ /

#114843                                    7

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS RELATING TO SONUS'S annual meeting of shareholders including, but not limited to, any audio or video recordings of such meetings.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS RELATING TO any written or verbal COMMUNICATIONS with shareholders including, but not limited to, transcripts of conference calls and scripts from presentations.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Lehman Brothers.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Advest.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Goldman Sachs.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Citigroup SmithBarney.

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with America's Growth Capital.

//

#114843                                          8

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Legg

Mason.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with

Raymond James.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with

Salomon Smith Barney.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Pacific

Crest.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with US

Bancorp Piper Jaffray.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with RBC

Capital Markets.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with

Thomas Weisel.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with

Wachovia Securities.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Weiss Ratings Inc.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with CIBC World Markets.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with J P Morgan.

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Credit Suisse and/or Credit Suisse First Boston.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with The Buckingham Research Group.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Moors & Cabot, Inc.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Arnhold and S. Bleichroeder, Inc.

//

#114843                                    10

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with

Hudson River Analytics.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with HC

Wainwright & Co., Inc.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with any

member of the investment community including, but not limited to, securities analysts, brokerage

firms, securities rating services, and investment banking entities.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS RELATING TO the attendance of either INDIVIDUAL

DEFENDANT at any technology, telephony, finance, or investor-related conference.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS RELATING TO HEMME's attendance at any technology, telephony,

finance, or investor-related conference.

REQUEST FOR PRODUCTION NO. 45:

All data obtained by SONUS from the computer hard drives of any current or former

SONUS employee.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS RELATING TO the scope of work E&Y performed for SONUS

including, but not limited to, engagement letters, bills, or payments made to E&Y and/or

COMMUNICATIONS from E&Y to SONUS regarding the substance of its work.

#114843                                        11

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS RELATING TO non-auditing engagements E&Y performed for SONUS including, but not limited to, engagement letters, bills, or payments made to E&Y and/or COMMUNICATIONS from E&Y to SONUS regarding the substance of its work.

REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by any partner or employee of E&Y.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS made available to E&Y for each audit, review, or compilation of any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS RELATING TO any meetings or COMMUNICATIONS with E&Y in connection with any audit, review, or compilation of any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS RELATING TO any potential or actual disagreement with E&Y RELATING TO any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS RELATING TO the scope of work HURON performed for SONUS including, but not limited to, engagement letters, bills, or payments made to HURON and/or COMMUNICATIONS from HURON to SONUS regarding the substance of its work.

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS RELATING TO non-auditing engagements HURON performed for SONUS including, but not limited to, engagement letters, bills, or payments made to HURON

#114843                                12

and/or COMMUNICATIONS from HURON to SONUS regarding the substance of its work.

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by any partner or employee of HURON.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS made available to HURON for each audit, review, or compilation of any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 56:

All DOCUMENTS RELATING TO any meetings or COMMUNICATIONS with HURON in connection with any audit, review, or compilation of any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 57:

All DOCUMENTS RELATING TO any potential or actual disagreement with HURON RELATING TO any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS RELATING TO the scope of work ANDERSEN performed for SONUS including, but not limited to, engagement letters, bills, or payments made to ANDERSEN and/or COMMUNICATIONS from ANDERSEN to SONUS regarding the substance of its work.

REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING TO non-auditing engagements ANDERSEN performed for SONUS including, but not limited to, engagement letters, bills, or payments made to ANDERSEN and/or COMMUNICATIONS from ANDERSEN to SONUS regarding the

#114843                                    13

substance of its work.

REQUEST FOR PRODUCTION NO. 60:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by any partner or employee of ANDERSEN.

REQUEST FOR PRODUCTION NO. 61:

All DOCUMENTS made available to ANDERSEN for each audit, review, or compilation of any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 62:

All DOCUMENTS RELATING TO any meetings or COMMUNICATIONS with ANDERSEN in connection with any audit, review, or compilation of any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS RELATING TO any potential or actual disagreement with ANDERSEN RELATING TO any FINANCIAL STATEMENT.

REQUEST FOR PRODUCTION NO. 64:

All DOCUMENTS RELATING TO the scope of work HALE AND DORR performed for SONUS including, but not limited to, engagement letters, bills, or payments made to HALE AND DORR and/or COMMUNICATIONS from HALE AND DORR to SONUS regarding the substance of its work.

REQUEST FOR PRODUCTION NO. 65:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by any partner or employee of HALE AND DORR.

//

#114843                                        14

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS RELATING TO any investigation (formal or informal) of SONUS by any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS RELATING TO any investigation (formal or informal) of either of the INDIVIDUAL DEFENDANTS by any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS RELATING TO any investigation (formal or informal) of HEMME by any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS RELATING TO any "Wells Letter" sent by the SEC or NASD, whether or not YOU are the subject of the letter.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS provided (voluntarily or involuntarily) to any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS provided (voluntarily or involuntarily) to the NASD.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS RELATING TO any subpoena issued by the SEC or DOJ.

//

#114843                                    15

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS RELATING TO interviews (formal or informal) or testimony provided by any PERSON to the SEC, FBI, DOJ, or NASD.

REQUEST FOR PRODUCTION NO. 74:

All DOCUMENTS RELATING TO COMMUNICATIONS with any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS RELATING TO COMMUNICATIONS with the NASD.

REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS RELATING TO SONUS'S internal accounting software including, but not limited to, a copy of the software, instruction manuals, error logs, and records of users logging into the system.

REQUEST FOR PRODUCTION NO. 77:

All DOCUMENTS RELATING to data stored in SONUS'S internal accounting system including, but not limited to, back-up tapes.

REQUEST FOR PRODUCTION NO. 78:

All reports generated by SONUS'S internal accounting system.

REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by the INDIVIDUAL DEFENDANTS or HEMME.

REQUEST FOR PRODUCTION NO. 80:

All DOCUMENTS RELATING TO the compensation of the INDIVIDUAL DEFENDANTS and HEMME including, but not limited to, cash compensation, stock, stock

options, and/or bonuses.

REQUEST FOR PRODUCTION NO. 81:

All DOCUMENTS in the personnel files of the INDIVIDUAL DEFENDANTS and

HEMME.

REQUEST FOR PRODUCTION NO. 82:

All DOCUMENTS RELATING TO the transfer, resignation, termination, removal from

office, change in job title, or demotion of HEMME.

REQUEST FOR PRODUCTION NO. 83:

All DOCUMENTS RELATING TO the hiring of Bert Notini as SONUS'S President and

Chief Operating Officer on or about April 6, 2004.

REQUEST FOR PRODUCTION NO. 84:

All DOCUMENTS RELATING TO Bert Notini's assumption of responsibility for

SONUS'S financial operations on or about April 6, 2004.

REQUEST FOR PRODUCTION NO. 85:

All DOCUMENTS RELATING TO the appointment of Hassan M. Ahmed as Chairman

of SONUS'S Board of Directors on or about April 6, 2004.

REQUEST FOR PRODUCTION NO. 86:

All DOCUMENTS RELATING TO Stephen J. Nill's transition to a new role as vice

president of business operations on or about April 6, 2004.

REQUEST FOR PRODUCTION NO. 87:

All DOCUMENTS RELATING TO the naming of Rubin Gruber as Chairman Emeritus

of Sonus on or about April 6, 2004.

//

#114843                                    17

REQUEST FOR PRODUCTION NO. 88:

All DOCUMENTS RELATING TO meetings of SONUS'S Board of Directors (and any committee thereof) including, but not limited to, minutes, agendas, audio or videotape recordings, notes taken during meetings, and materials sent to directors in advance of such meetings.

REQUEST FOR PRODUCTION NO. 89:

All DOCUMENTS RELATING TO SONUS's revenue recognition policies, practices, or procedures including, but not limited to, compliance or lack of compliance with such policies, practices, or procedures.

REQUEST FOR PRODUCTION NO. 90:

All DOCUMENTS RELATING TO SONUS's recognition of revenue in quarterly periods in which the revenue had not been earned including, but not limited to, premature or deferred recognition of revenue.

REQUEST FOR PRODUCTION NO. 91:

. All DOCUMENTS RELATING TO maintenance services offered to SONUS customers at no charge or at discounts.

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS RELATING TO the recognition of revenue where only part of a SONUS customer's product order had shipped.

REQUEST FOR PRODUCTION NO. 93:

All DOCUMENTS RELATING TO the recognition of revenue in a period other than when a SONUS customer accepted product and/or contingencies were settled.

//

#114843                                      18

REQUEST FOR PRODUCTION NO. 94:

All DOCUMENTS RELATING TO SONUS'S accounting for accrued expenses.

REQUEST FOR PRODUCTION NO. 95:

All DOCUMENTS RELATING TO SONUS'S accounting for restructuring expenses and benefits.

REQUEST FOR PRODUCTION NO. 96:

All DOCUMENTS RELATING TO SONUS'S valuation of intangibles in connection with its acquisition of telecom technologies, Inc. in 2001.

REQUEST FOR PRODUCTION NO. 97:

All DOCUMENTS RELATING TO SONUS'S valuation of intangibles in connection with its acquisition of Linguateq, Inc. in 2001.

REQUEST FOR PRODUCTION NO. 98:

All DOCUMENTS RELATING TO impairment assessments performed regarding telecom technologies, Inc. including, but not limited to, any new, updated, or revised assessments.

REQUEST FOR PRODUCTION NO. 99:

All DOCUMENTS RELATING TO impairment assessments performed regarding Linguateq, Inc. including, but not limited to, any new, updated, or revised assessments.

REQUEST FOR PRODUCTION NO. 100:

All DOCUMENTS RELATING TO the accounting for customer checks received in one quarter but not deposited until the following quarter.

REQUEST FOR PRODUCTION NO. 101:

All DOCUMENTS RELATING TO SONUS's accounting for deferred revenue.

#114843                                          19

REQUEST FOR PRODUCTION NO. 102:

All DOCUMENTS RELATING TO SONUS's accounting for deferred compensation.

REQUEST FOR PRODUCTION NO. 103:

All DOCUMENTS RELATING TO SONUS's accounting for stock-based compensation.

REQUEST FOR PRODUCTION NO. 104:

All DOCUMENTS RELATING TO the bundling or unbundling of software and hardware.

REQUEST FOR PRODUCTION NO. 105:

ALL DOCUMENTS RELATING TO the shipment of software updates including, but not limited to, those delivered prior to the scheduled delivery date.

REQUEST FOR PRODUCTION NO. 106:

All DOCUMENTS RELATING TO SONUS's accounting for inventory reserves.

REQUEST FOR PRODUCTION NO. 107:

All DOCUMENTS RELATING TO SONUS's purchase accounting.

REQUEST FOR PRODUCTION NO. 108:

All DOCUMENTS RELATING TO any supplemental or side agreement between SONUS and any SONUS customer existing beyond the primary contract, license agreement, or purchase agreement for a transaction.

REQUEST FOR PRODUCTION NO. 109:

All DOCUMENTS to which PricewaterhouseCoopers LLP had access in connection with the investigation into the accounting irregularities alleged in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 110:

All DOCUMENTS sent to, received from, or generated by PricewaterhouseCoopers LLP

in connection with the investigation into the accounting irregularities alleged in the

COMPLAINT.

REQUEST FOR PRODUCTION NO. 111:

All DOCUMENTS to which HALE AND DORR had access in connection with the

investigation into the accounting irregularities alleged in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 112:

All DOCUMENTS sent to, received from, or generated by HALE AND DORR in

connection with the investigation into the accounting irregularities alleged in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 113:

All DOCUMENTS to which HURON had access in connection with the investigation

into the accounting irregularities alleged in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 114:

All DOCUMENTS sent to, received from, or generated by HURON in connection with

the investigation into the accounting irregularities alleged in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 115:

All insurance policies and/or indemnification agreements that may provide coverage for

any liability, loss, or damage arising from any obligation in this litigation.

REQUEST FOR PRODUCTION NO. 116:

All DOCUMENTS RELATING TO transactions or potential transactions with Qwest

Communications International, Inc.

REQUEST FOR PRODUCTION NO. 117:

All DOCUMENTS RELATING TO transactions or potential transactions with XO

Communications.

#114843                                  21

REQUEST FOR PRODUCTION NO. 118:

All DOCUMENTS RELATING TO transactions or potential transactions with AT&T and AT&T Wireless.

REQUEST FOR PRODUCTION NO. 119:

All DOCUMENTS RELATING TO transactions or potential transactions with Deutsche Telekom.

REQUEST FOR PRODUCTION NO. 120:

All DOCUMENTS RELATING TO transactions or potential transactions with T-Systems.

REQUEST FOR PRODUCTION NO. 121:

All DOCUMENTS RELATING TO transactions or potential transactions with Verizon.

REQUEST FOR PRODUCTION NO. 122:

All DOCUMENTS RELATING TO transactions or potential transactions with Alestra.

REQUEST FOR PRODUCTION NO. 123:

All DOCUMENTS RELATING TO transactions or potential transactions with Booz Allen Hamilton.

REQUEST FOR PRODUCTION NO. 124:

All DOCUMENTS RELATING TO transactions or potential transactions with Unefon.

REQUEST FOR PRODUCTION NO. 125:

All DOCUMENTS RELATING TO transactions or potential transactions with America Online.

REQUEST FOR PRODUCTION NO. 126:

All DOCUMENTS RELATING TO transactions or potential transactions with Epana.

#114843                                    22

REQUEST FOR PRODUCTION NO. 127:

All DOCUMENTS RELATING TO transactions or potential transactions with Compta.

REQUEST FOR PRODUCTION NO. 128:

All DOCUMENTS RELATING TO transactions or potential transactions with IDT.

REQUEST FOR PRODUCTION NO. 129:

All DOCUMENTS RELATING TO transactions or potential transactions with Softbank.

REQUEST FOR PRODUCTION NO. 130:

All DOCUMENTS RELATING TO transactions or potential transactions with Nihiso
Electronics Corporation.

REQUEST FOR PRODUCTION NO. 131:

All DOCUMENTS RELATING TO transactions or potential transactions with Samsung.

REQUEST FOR PRODUCTION NO. 132:

All DOCUMENTS RELATING TO transactions or potential transactions with Global
Crossing.

REQUEST FOR PRODUCTION NO. 133:

All DOCUMENTS RELATING TO transactions or potential transactions with Fusion.

REQUEST FOR PRODUCTION NO. 134:

All DOCUMENTS RELATING TO transactions or potential transactions with In
Networks.

REQUEST FOR PRODUCTION NO. 135:

All DOCUMENTS RELATING TO transactions or potential transactions with Unipoint.

REQUEST FOR PRODUCTION NO. 136:

All DOCUMENTS RELATING TO transactions or potential transactions with Nuvox.

#114843                                                     23

REQUEST FOR PRODUCTION NO. 137:

All DOCUMENTS RELATING TO transactions or potential transactions with Callipso

(f/k/a/ CNM Networks).

REQUEST FOR PRODUCTION NO. 138:

All DOCUMENTS RELATING TO transactions or potential transactions with Point One.

REQUEST FOR PRODUCTION NO. 139:

All DOCUMENTS RELATING TO transactions or potential transactions with Alcatel.

REQUEST FOR PRODUCTION NO. 140:

All DOCUMENTS RELATING TO transactions or potential transactions with Quest.

REQUEST FOR PRODUCTION NO. 141:

All DOCUMENTS RELATING TO transactions or potential transactions with Alltel.

REQUEST FOR PRODUCTION NO. 142:

All DOCUMENTS RELATING TO transactions or potential transactions with Bell

South.

REQUEST FOR PRODUCTION NO. 143:

All DOCUMENTS RELATING TO transactions or potential transactions with

Sumitronics.

REQUEST FOR PRODUCTION NO. 144:

All DOCUMENTS RELATING TO transactions or potential transactions with Touch

America.

REQUEST FOR PRODUCTION NO. 145:

All DOCUMENTS RELATING TO transactions or potential transactions with Soma

Networks.

#114843                                    24

REQUEST FOR PRODUCTION NO. 146:

All DOCUMENTS RELATING TO transactions or potential transactions with Agilent Technologies.

REQUEST FOR PRODUCTION NO. 147:

All DOCUMENTS RELATING TO transactions or potential transactions with Winphoria.

REQUEST FOR PRODUCTION NO. 148:

All DOCUMENTS RELATING TO transactions with any customer which resulted in the incorrect recording of revenue.

REQUEST FOR PRODUCTION NO. 149:

All written statements and DOCUMENTS provided to YOU by any witness in this litigation.

REQUEST FOR PRODUCTION NO. 150:

All DOCUMENTS RELATING TO interviews (formal or informal) of any potential witness in this litigation including, but not limited to, any audio or video recordings of such interviews.

REQUEST FOR PRODUCTION NO. 151:

All DOCUMENTS RELATING TO any PERSON who was the source of any information in YOUR Answer to the COMPLAINT.

REQUEST FOR PRODUCTION NO. 152:

All DOCUMENTS RELATING TO the under-reporting or over-reporting of taxes by

//

//

#114843                              25

SONUS including, but not limited to, tax filings in which such under-reporting or over-reporting occurred.

Dated: August 29, 2006                    GOLD BENNETT CERA & SIDENER LLP

                                          By: *Pamela A. Markert*
                                              Pamela A. Markert

                                          Attorneys for Lead Plaintiff
                                          BPI Global Asset Management LLP

#114843                          26

## CERTIFICATE OF SERVICE

I, Pamela A. Markert, hereby certify that on August 29, 2

copy of the following documents by electronic mail:

$C.1$

LEAD PLAINTIFF'S FIRST SET OF DOCUMENT REQU.

## SERVICE LIST:

James W. Prendergast, Esq.
Sherry Haus, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
*Attorneys for Sonus Networks, Inc.*

John R. Baraniak, Jr., Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
*Attorneys for Hassan M. Ahmed*

Matthew J. Matule, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108
*Attorneys for Stephen J. Nill*

Pamela A. Markert

114693