# EXHIBIT C – Part 1 of 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE SONUS NETWORKS, INC. LITIGATION | ) ) ) | Civil Action No. 04-10294-DPW (Lead Case) |
| ——————————————— | ) ) | |
| THIS DOCUMENT RELATES TO: ALL CASES | ) ) ) ) | |
| ——————————————— | ) ) ) | |

**DEFENDANT SONUS NETWORKS, INC'S RESPONSE TO LEAD PLAINTIFF'S
FIRST SET OF DOCUMENT REQUESTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Sonus Networks, Inc. ("Sonus") responds to Lead Plaintiff BPI Global Asset Management LLP's First Set of Document Requests as follows.

## GENERAL OBJECTIONS

Each of Sonus's responses, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections, or a partial response to any individual Request does not waive any of Sonus's general objections.

1.      Sonus objects to each and every Request to the extent the scope of discovery sought by Lead Plaintiff exceeds the scope of the few claims in this case that were sustained by the Court in its May 10, 2006 ruling on Defendants' motions to dismiss. In particular, the Court, at page 32 of its ruling, held that Lead Plaintiff had not alleged with particularity any claim based on Sonus's internal controls. The Court also held, again at page 32, that Lead Plaintiff had not alleged with particularity any claim based on a variety of matters that were corrected in the Restatements, specifically "the improper allocation of expenses, the appraisal of two acquisitions made in 2001, or the mistakes relating to impairment charges, inventory reserves and certain checks." Further, the Court rejected, at page 38, the "revenue linearity" theory as having any bearing on the motives of Sonus's management. Finally, at page 43, the Court concluded that Lead Plaintiff had provided particulars about only "four specific intentional accounting manipulations that contradict Sonus's self-reported corrections." *See also* Order on Mot. to Dismiss ("Order") at 43. Those four alleged Accounting Issues are: (1) improper revenue recognition in connection with a Qwest contract in Q2 2002 (Compl. ¶ 45); (2) improper revenue recognition in connection with a Qwest contract in Q4 2003 (*id.*); (3) the purported issuance of an acceptance letter to Qwest, in either Q3 or Q4 2001, to confirm a delivery that allegedly had

- 2 -

not been made (*id.* ¶ 46); and (4) improper revenue recognition in connection with an AT&T

contract in Q4 2003 (*id.* ¶ 48).   *See* Order at 40 (citing Sonus's Reply Mem. in Support of Mot.

to Dismiss at 4-5); Order at 43.  Accordingly, to the extent Lead Plaintiff seeks discovery on any

matters already dismissed by the Court, the discovery sought is neither relevant to the claims or

defenses of the parties nor reasonably likely to lead to the discovery of admissible evidence, is

overly broad and unduly burdensome, and is in the nature of an improper "fishing expedition."

2.      Sonus objects to each and every Request to the extent it calls for the production of

documents subject to the attorney-client privilege, the work-product doctrine, or Fed. R. Civ. P.

26(b)(4)(B).  The inadvertent production by Sonus of any document containing information

protected from disclosure by the attorney-client privilege, work product doctrine, any joint

defense or common interest privilege, or any other applicable privilege or immunity, shall not

constitute a waiver by Sonus of any such protection.

3.      Sonus objects to each and every Request to the extent it seeks "all" documents

concerning a particular subject.  Sonus does not purport to have knowledge of "all" documents

and/or things that are the subject of each Request.

4.      Sonus objects to any Request to the extent the Request purports to impose a duty

on Sonus to undertake a search of documents beyond a diligent search of the files where

documents responsive to that Request would reasonably be expected to be found.   For any

Request that requires a search of e-mail or other electronic documents, Sonus will conduct

searches of the documents of relevant individuals identified in Sonus's Initial Disclosures.

5.      Sonus objects to each and every Request to the extent it seeks to impose burdens

or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil

Procedure, the Local Rules for the United States District Court for the District of Massachusetts, including any duty to supplement, or any other applicable rules and statutes.

6.    Sonus objects to each and every Request to the extent it fails to comply with Fed. R. Civ. P. 34(b) or employs an imprecise specification of the information sought.  Where imprecise terms are used, Sonus will produce only those documents that can reasonably be identified as responsive to the Request.

7.    Sonus objects to each and every Request to the extent it calls for the production of documents that are not within Sonus's possession, custody, or control.

8.    Sonus objects to each and every Request to the extent it seeks information or documents that are publicly available, already in Lead Plaintiff's possession, custody or control, or more readily discoverable from other sources that are more convenient, less burdensome, and/or less expensive.

9.    None of these responses is an admission relative to the existence of any documents, the relevance or admissibility of any documents, or the truth or accuracy of any statement or characterization contained in the Requests.  All objections as to irrelevance, authenticity or admissibility of any document are expressly reserved.

10.    Sonus objects to the 152 separate requests as unduly burdensome, overbroad, and duplicative.

11.    Sonus objects to producing more than one copy of any document in response to overlapping Requests.

12.    Sonus objects to the statement at the beginning of the Requests, which purports to require Sonus to produce documents on or before September 28, 2006, at the offices of Gold

- 4 -

Bennett Cera & Sidener LLP, as unreasonable and unduly burdensome.  Sonus agrees to produce responsive documents at a reasonable and mutually agreeable time and location.

13.     Unless otherwise stated, Sonus will not produce any documents or other materials encompassed by the foregoing objections.

14.     As discovery is ongoing, Sonus reserves the right to supplement, amend or otherwise revise these responses in accordance with Fed. R. Civ. P. 26(e).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Sonus objects to the definition of the term "DOCUMENT" to the extent it differs from the definition of "document" in Local Rule 26.5(c)(2).

2.     Sonus objects to the definition of the term "FINANCIAL STATEMENT" on the grounds that the phrase "any record of Sonus's financial status" is vague and overbroad, and the inclusion of the "workpapers of any accountant or auditor" in the definition is overbroad.  Sonus also objects on the ground that the definition purports to require the production of documents that are neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

3.     Sonus objects to the definition of the term "RELATING TO" to the extent it purports to impose obligations that are greater than or different from those imposed by Local Rule 26.5.

4.     Sonus objects to Instructions 19, 20 and 21 to the extent these instructions purport to impose obligations that are greater than or different from those imposed by Fed. R. Civ. P. 26(b)(5).

5.     Sonus objects to Instruction 24 to the extent it purports to require that Sonus produce documents in both hard copy and electronic format, in "Word Perfect, Microsoft Word,

or ASCII (DOS) Delimited Text" or produce "the software necessary to view the documents or to utilize the data in the manner in which it was originally utilized," and to the extent it purports to require that Sonus produce "all metadata." This instruction purports to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules, and is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Sonus objects to Instruction 25 to the extent it purports to impose obligations that are greater than or different from those imposed by Fed. R. Civ. P. 26 and 34, including any duty to identify and provide information about documents that no longer exist.

7.      Sonus objects to Instruction 26 to the extent it purports to require Sonus to obtain documents that are in the possession, custody, or control of, and thus more readily discoverable from, other sources.

8.      Sonus objects to Instruction 28 to the extent it purports to impose obligations that are greater than or different from those imposed by Fed. R. Civ. P. 26(e), including any duty to supplement production.

9.      Sonus objects to Lead Plaintiff's definition of "Relevant Time Period" on the grounds that it is overbroad and unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to its other general and specific objections, Sonus agrees to produce non-privileged, responsive documents created during the period January 1, 2001 through September 30, 2004.

## SPECIFIC RESPONSES

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS describing or depicting SONUS'S organizational structure.

RESPONSE TO REQUEST NO. 1

Sonus will produce documents sufficient to show its organizational structure during the

Class Period.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS identified in YOUR Initial Disclosures.

RESPONSE TO REQUEST NO. 2

Sonus objects to Request No. 2 to the extent it is duplicative of other Requests.  Subject

to and without waiving its objections, Sonus will produce documents responsive to this Request.

Sonus further states that certain non-privileged documents responsive to this Request may be

found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO any internal investigation regarding SONUS'S

accounting practices including, but not limited to, the investigation by the Audit Committee of

SONUS'S Board of Directors referenced in a SONUS press release dated February 11, 2004.

RESPONSE TO REQUEST NO. 3

Sonus objects to Request No. 3 on the grounds of attorney-client privilege, the work-

product doctrine, and Fed. R. Civ. P. 26(b)(4)(B) to the extent "internal investigation"

encompasses work performed at the direction of counsel in anticipation of litigation and/or by

non-testifying experts.  Sonus also objects on the ground that this Request fails to identify the

documents sought with sufficient particularity to enable Sonus to conduct a reasonable search,

and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects because this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody, or control from the internal investigation by Sonus's Audit Committee, as referenced in a February 11, 2004 Sonus press release, that relate to the four Accounting Issues still at issue in the case, as described in General Objection No. 1.  Sonus further states that certain non-privileged documents responsive to this Request may be found in the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO any SONUS DOCUMENT destruction or retention policy.

RESPONSE TO REQUEST NO. 4

Sonus objects to Request No. 4 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome.  Subject to and without waiving its objections, Sonus will produce any document destruction or retention policy in place since the start of the Class Period.

REQUEST FOR PRODUCTION NO. 5:

All SONUS policy manuals including, but not limited to, those RELATING TO operating procedures, accounting procedures, and employee handbooks.

RESPONSE TO REQUEST NO. 5

Sonus objects to Request No. 5 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such,

is vague, overly broad, and unduly burdensome.  Sonus further objects because this Request

seeks documents neither relevant to the claims or defenses of the parties nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its

objections, Sonus will produce any policy manuals relating to accounting procedures in force

during the Class Period.

REQUEST FOR PRODUCTION NO. 6:

    All DOCUMENTS RELATING TO SONUS's internal accounting policies, practices,

and/or procedures.

RESPONSE TO REQUEST NO. 6

    Sonus objects to Request No. 6 on the ground that it seeks documents neither relevant to

the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, for the reasons stated in General Objection No. 1.  Sonus further objects on

the ground that this Request fails to identify the documents sought with sufficient particularity to

enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly

burdensome.   Subject to and without waiving its objections, Sonus will produce any documents

constituting internal accounting policies.

REQUEST FOR PRODUCTION NO. 7:

    All DOCUMENTS RELATING TO the content, drafting, and/or dissemination of

SONUS press releases including, but not limited to, press releases RELATING TO quarterly or

annual financial results, accounting practices, and the potential or actual restatement or revision

of FINANCIAL STATEMENTS.

RESPONSE TO REQUEST NO. 7

    Sonus objects to Request No. 7 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such,

is vague, overly broad, and unduly burdensome. Sonus further objects because this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce press releases relating to quarterly or annual financial results, accounting practices, and the potential or actual restatement or revision of financial statements, non-privileged drafts thereof, and any non-privileged documents relating to the preparation of the responsive press releases.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO the content, drafting, or dissemination of SONUS'S filings (including amended filings) with the SEC.

RESPONSE TO REQUEST NO. 8

Sonus objects to Request No. 8 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Sonus also objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 7 and 10. Subject to and without waiving its objections, Sonus will produce its SEC filings, non-privileged drafts thereof, and non-privileged documents relating to the preparation of the responsive SEC filings. To the extent this Request encompasses additional documents relating to Sonus's Restatements, as listed in Paragraph 4 of the Complaint, Sonus further states that certain non-privileged documents responsive to this Request may be found in the documents already produced to Lead Plaintiff on August 14, 2006.

- 10 -

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO the preparation of SONUS'S FINANCIAL STATEMENTS.

RESPONSE TO REQUEST NO. 9

Sonus objects to Request No. 9 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues still at issue in the case, as described in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS RELATING TO the restatement or revision of any SONUS FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 10

Sonus objects to Request No. 10 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession,

- 11 -

custody or control relating to the accounting treatment of the four Accounting Issues described in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS prepared by SONUS'S internal audit staff including, but not limited to, any memoranda or reports.

RESPONSE TO REQUEST NO. 11

Sonus objects to Request No. 11 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues described in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATING TO COMMUNICATIONS to or from any current or former SONUS employee regarding SONUS'S accounting practices.

RESPONSE TO REQUEST NO. 12

Sonus objects to Request No. 12 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such,

- 12 -

is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues described in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATING TO internal targets or projections for SONUS'S earnings per share, revenues, and/or stock price.

RESPONSE TO REQUEST NO. 13

Sonus objects to Request No. 13 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATING TO the price of SONUS stock.

RESPONSE TO REQUEST NO. 14

Sonus objects to Request No. 14 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such,

is vague, overly broad, and unduly burdensome. Sonus also objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Sonus further states that its stock price is readily available from multiple public online sources.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS RELATING TO the market for SONUS stock.

RESPONSE TO REQUEST NO. 15

Sonus objects to Request No. 15 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus also objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS RELATING TO the follow-on offering described in the Prospectus Supplement dated April 21, 2003 including, but not limited to, the decision to raise additional capital through the offering.

RESPONSE TO REQUEST NO. 16

Sonus objects to Request No. 16 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any non-privileged documents that can be identified as specifically relating to the Prospectus Supplement dated April 21, 2003.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS RELATING TO the follow-on offering described in the Prospectus Supplement dated September 23, 2003 including, but not limited to, the decision to raise additional capital through the offering.

RESPONSE TO REQUEST NO. 17

Sonus objects to Request No. 17 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any non-privileged documents that can be identified as specifically relating to the Prospectus Supplement dated September 23, 2003.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS RELATING TO SONUS'S annual meeting of shareholders including, but not limited to, any audio or video recordings of such meetings.

RESPONSE TO REQUEST NO. 18

Sonus objects to Request No. 18 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that there are no allegations in the Complaint that any of the allegedly false statements, much less any statement relating to the four Accounting Issues still at issue in the case, were made at a shareholder meeting.

- 15 -

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS RELATING TO any written or verbal COMMUNICATIONS with shareholders including, but not limited to, transcripts of conference calls and scripts from presentations.

RESPONSE TO REQUEST NO. 19

Sonus objects to Request No. 19 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects because this Request seeks documents already in Lead Plaintiff's possession. Sonus also objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that there are no allegations in the Complaint that any of the allegedly false statements, much less any statement relating to the four Accounting Issues still at issue in the case, were made in communications with shareholders.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Lehman Brothers.

RESPONSE TO REQUEST NO. 20

Sonus objects to Request No. 20 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

- 16 -

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Advest.

RESPONSE TO REQUEST NO. 21

Sonus objects to Request No. 21 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Goldman Sachs.

RESPONSE TO REQUEST NO. 22

Sonus objects to Request No. 22 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.  Subject to and without waiving its objections, Sonus will produce responsive documents in its possession, custody, or control relating to communications with Goldman Sachs concerning the April 21, 2003 and September 23, 2003 offerings.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Citigroup SmithBarney.

RESPONSE TO REQUEST NO. 23

Sonus objects to Request No. 23 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with America's Growth Capital.

RESPONSE TO REQUEST NO. 24

Sonus objects to Request No. 24 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Legg Mason.

RESPONSE TO REQUEST NO. 25

Sonus objects to Request No. 25 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Raymond James.

RESPONSE TO REQUEST NO. 26

Sonus objects to Request No. 26 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Salomon Smith Barney.

RESPONSE TO REQUEST NO. 27

Sonus objects to Request No. 27 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Pacific Crest.

RESPONSE TO REQUEST NO. 28

Sonus objects to Request No. 28 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, especially given this Court's decision (described in General Objection

No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the

conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with US

Bancorp Piper Jaffray.

RESPONSE TO REQUEST NO. 29

Sonus objects to Request No. 29 on the ground that it seeks documents neither relevant to

the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, especially given this Court's decision (described in General Objection

No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the

conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with RBC

Capital Markets.

RESPONSE TO REQUEST NO. 30

Sonus objects to Request No. 30 on the ground that it seeks documents neither relevant to

the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, especially given this Court's decision (described in General Objection

No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the

conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with

Thomas Weisel.

- 20 -

RESPONSE TO REQUEST NO. 31

Sonus objects to Request No. 31 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Wachovia Securities.

RESPONSE TO REQUEST NO. 32

Sonus objects to Request No. 32 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Weiss Ratings Inc.

RESPONSE TO REQUEST NO. 33

Sonus objects to Request No. 33 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with CIBC World Markets.

RESPONSE TO REQUEST NO. 34

Sonus objects to Request No. 34 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with J P Morgan.

RESPONSE TO REQUEST NO. 35

Sonus objects to Request No. 35 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Credit Suisse and/or Credit Suisse First Boston.

RESPONSE TO REQUEST NO. 36

Sonus objects to Request No. 36 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

- 22 -

admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with The Buckingham Research Group.

RESPONSE TO REQUEST NO. 37

Sonus objects to Request No. 37 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Moors & Cabot, Inc.

RESPONSE TO REQUEST NO. 38

Sonus objects to Request No. 38 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Arnhold and S. Bleichroeder, Inc.

- 23 -

RESPONSE TO REQUEST NO. 39

Sonus objects to Request No. 39 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with Hudson River Analytics.

RESPONSE TO REQUEST NO. 40

Sonus objects to Request No. 40 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with HC Wainwright & Co., Inc.

RESPONSE TO REQUEST NO. 41

Sonus objects to Request No. 41 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint.

- 24 -

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS RELATING TO written or verbal COMMUNICATIONS with any member of the investment community including, but not limited to, securities analysts, brokerage firms, securities rating services, and investment banking entities.

RESPONSE TO REQUEST NO. 42

Sonus objects to Request No. 42 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to this Request on the grounds that it is duplicative of Requests Nos. 20 through 41, and seeks documents neither relevant to the claims or defense of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially given this Court's decision (described in General Objection No. 1) rejecting any desire to show analysts "revenue linearity" as a motive for any of the conduct alleged in the Complaint. Subject to and without waiving its objections, Sonus will produce responsive documents in its possession, custody, or control relating to communications with Goldman Sachs concerning the April 21, 2003 and September 23, 2003 offerings, as stated in Sonus's Response to Request No. 22.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS RELATING TO the attendance of either INDIVIDUAL DEFENDANT at any technology, telephony, finance, or investor-related conference.

RESPONSE TO REQUEST NO. 43:

Sonus objects to Request No. 43 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus also objects because the documents are more readily obtained from other sources. Sonus further objects on the ground that this Request

- 25 -

seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that there are no allegations in the Complaint that any of the allegedly false statements, much less any statement relating to the four Accounting Issues still at issue in the case, were made at a technology, telephony, or investor-related conference.

REQUEST FOR PRODUCTION NO. 44

All DOCUMENTS RELATING TO HEMME's attendance at any technology, telephony, finance, or investor-related conference.

RESPONSE TO REQUEST NO. 44:

Sonus objects to Request No. 44 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome.  Sonus also objects because the documents requested are more readily obtained from other sources.  Sonus further objects on the grounds that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that there are no allegations in the Complaint that any of the allegedly false statements, much less any statement relating to the four Accounting Issues still at issue in the case, were made at a technology, telephony, or investor-related conference.

REQUEST FOR PRODUCTION NO. 45:

All data obtained by SONUS from the computer hard drives of any current or former SONUS employee.

RESPONSE TO REQUEST NO. 45:

Sonus objects to Request No. 45 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such,

is vague, overly broad, and unduly burdensome. Even if this Request identified the documents

sought with sufficient particularity, it would be objectionable because it seeks documents neither

relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery

of admissible evidence.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS RELATING TO the scope of work E&Y performed for SONUS

including, but not limited to, engagement letters, bills, or payments made to E&Y and/or

COMMUNICATIONS from E&Y to SONUS regarding the substance of its work.

RESPONSE TO REQUEST NO. 46:

Sonus objects to Request No. 46 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such,

is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this

Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its

objections, Sonus will produce any responsive, non-privileged engagement letters, bills, and

communications with E&Y, in Sonus's possession, custody, or control, relating to the

Restatements or the four Accounting Issues described in General Objection No. 1.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS RELATING TO non-auditing engagements E&Y performed for

SONUS including, but not limited to, engagement letters, bills, or payments made to E&Y and/or

COMMUNICATIONS from E&Y to SONUS regarding the substance of its work.

RESPONSE TO REQUEST NO. 47:

Sonus objects to Request No. 47 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such,

is vague, overly broad, and unduly burdensome. Sonus further objects to this Request to the extent it is duplicative of Request No. 46. To the extent Request No. 47 calls for documents relating to any subject matter other than the Restatements, Sonus objects because the Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged engagement letters, bills, and communications with E&Y, in Sonus's possession, custody, or control, relating to the Restatements or the four Accounting Issues described in General Objection No. 1.

REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by any partner or employee of E&Y.

RESPONSE TO REQUEST NO. 48:

Sonus objects to Request No. 48 on the ground that it is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS made available to E&Y for each audit, review, or compilation of any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 49:

Sonus objects to Request No. 49, and specifically to the phrase "made available," on the ground that the Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Even if the Request identified the documents sought with sufficient particularity, it would be objectionable because it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that

- 28 -

the mere fact that a document was "made available" to E&Y does not mean that the document is relevant or could lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus states that it already has produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to this Request. To the extent this Request encompasses documents responsive to other Requests, subject to and without waiving its objections, Sonus will produce non-privileged documents that it has agreed to produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS RELATING TO any meetings or COMMUNICATIONS with E&Y in connection with any audit, review, or compilation of any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 50:

Sonus objects to Request No. 50 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus also objects to the extent this Request is duplicative of Request No. 49. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues described in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

- 29 -

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS RELATING TO any potential or actual disagreement with E&Y RELATING TO any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 51

Sonus objects to Request No. 51 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search in that it fails to define the term "potential disagreement," and, as such, is vague, overly broad, and unduly burdensome. Even if this Request identified the documents sought with sufficient particularity, it would be objectionable to the extent it is duplicative of Request No. 50, and because it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any non-privileged documents in its possession, custody or control that are responsive to Request No. 50 and relate to the accounting treatment of the four Accounting Issues described in General Objection No. 1.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS RELATING TO the scope of work HURON performed for SONUS including, but not limited to, engagement letters, bills, or payments made to HURON and/or COMMUNICATIONS from HURON to SONUS regarding the substance of its work.

RESPONSE TO REQUEST NO. 52:

Sonus objects on the grounds of attorney-client privilege, the work-product doctrine, and Fed. R. Civ. P. 26(b)(4)(B) to the extent Request No. 52 encompasses work performed at the direction of counsel in anticipation of litigation by a non-testifying expert, in particular, the assistance Huron provided to counsel in connection with the SEC's investigation of Sonus. Sonus further objects to Request No. 52 on the ground that it fails to identify the documents

- 30 -

sought with sufficient particularity to enable Sonus to conduct a reasonable search, and, as such, is vague, overly broad, and unduly burdensome. Sonus also objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged engagement letters, bills, and communications with Huron, in Sonus's possession, custody, or control, relating to the four Accounting Issues listed in General Objection No. 1, that are not privileged or otherwise protected from disclosure due to Huron's status as a non-testifying expert.

<u>REQUEST FOR PRODUCTION NO. 53:</u>

All DOCUMENTS RELATING TO non-auditing engagements HURON performed for SONUS including, but not limited to, engagement letters, bills, or payments made to HURON and/or COMMUNICATIONS from HURON to SONUS regarding the substance of its work.

<u>RESPONSE TO REQUEST NO. 53</u>:

Sonus objects on the grounds of attorney-client privilege, the work-product doctrine, and Fed. R. Civ. P. 26(b)(4)(B) to the extent Request No. 53 encompasses work performed at the direction of counsel in anticipation of litigation by a non-testifying expert, in particular, assistance Huron provided to counsel in connection with the SEC's investigation of Sonus. Sonus also objects on the ground that this Request is duplicative of Request No. 52. Sonus also objects to Request No. 53 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged engagement letters, bills, and

communications with Huron, in Sonus's possession, custody, or control, relating to the four

Accounting Issues listed in General Objection No. 1, that are not privileged or otherwise

protected from disclosure due to Huron's status as a non-testifying expert.

REQUEST FOR PRODUCTION NO. 54:

      All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by

any partner or employee of HURON.

RESPONSE TO REQUEST NO. 54:

      Sonus objects to Request No. 54 on the ground that it is neither relevant to the claims or

defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 55:

      All DOCUMENTS made available to HURON for each audit, review, or compilation of

any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 55:

      Sonus objects on the grounds of attorney-client privilege, the work-product doctrine, and

Fed. R. Civ. P. 26(b)(4)(B) to the extent Request No. 55 encompasses work performed at the

direction of counsel in anticipation of litigation by a non-testifying expert, in particular,

assistance Huron provided to counsel in connection with the SEC's investigation of Sonus.

Sonus also objects to Request No. 55, and specifically to the phrase "made available," on the

ground that the Request fails to identify the documents sought with sufficient particularity to

enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.  Even if the Request identified the documents sought with sufficient particularity, it

would be objectionable because it seeks information neither relevant to the claims or defenses of

the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that

the mere fact that a document was "made available" to Huron does not mean that the document

is relevant or could lead to the discovery of admissible evidence.   Subject to and without waiving its objections, Sonus states that it already has produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to this Request.   To the extent this Request encompasses documents responsive to other Requests, subject to and without waiving its objections, Sonus will produce non-privileged documents that it has agreed to produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 56:

All DOCUMENTS RELATING TO any meetings or COMMUNICATIONS with HURON in connection with any audit, review, or compilation of any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 56:

Sonus objects on the grounds of attorney-client privilege, the work-product doctrine, and Fed. R. Civ. P. 26(b)(4)(B) to the extent Request No. 56 encompasses work performed at the direction of counsel in anticipation of litigation by a non-testifying expert, in particular assistance Huron provided to counsel in connection with the SEC's investigation of Sonus. Sonus further objects to Request No. 56 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus also objects to the extent this Request is duplicative of Request No. 55, and objects on the ground that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control, relating to the accounting treatment of the four Accounting Issues listed in General Objection No. 1, that are not privileged or otherwise protected from disclosure due to Huron's status as a non-

testifying expert. Sonus further states that certain non-privileged documents responsive to this

Request may be found among the documents already produced to Lead Plaintiff on August 14,

2006.

REQUEST FOR PRODUCTION NO. 57:

All DOCUMENTS RELATING TO any potential or actual disagreement with HURON

RELATING TO any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 57:

Sonus objects to Request No. 57 on the grounds that it is overly broad and vague, in that

it fails to identify the documents sought with reasonable particularity, and to the extent it is

duplicative of Request No. 56. Even if this Request identified the documents sought with

sufficient particularity, it would be objectionable for the grounds stated in Sonus's Response to

Request No. 56. Subject to and without waiving its objections, Sonus will produce any non-

privileged documents in its possession, custody or control that are responsive to Request No. 56

and relate to the accounting treatment of the four Accounting Issues described in General

Objection No. 1.

REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS RELATING TO the scope of work ANDERSEN performed for

SONUS including, but not limited to, engagement letters, bills, or payments made to

ANDERSEN and/or COMMUNICATIONS from ANDERSEN to SONUS regarding the

substance of its work.

RESPONSE TO REQUEST NO. 58:

Sonus objects to Request No. 58 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such,

is vague, overly broad, and unduly burdensome. Sonus further objects on the ground that this

Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged engagement letters, bills, and communications with Andersen, in Sonus's possession, custody, or control, relating to the Restatements or the four Accounting Issues listed in General Objection No. 1.

REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING TO non-auditing engagements ANDERSEN performed for SONUS including, but not limited to, engagement letters, bills, or payments made to ANDERSEN and/or COMMUNICATIONS from ANDERSEN to SONUS regarding the substance of its work.

RESPONSE TO REQUEST NO. 59:

Sonus objects to Request No. 59 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus also to this Request to the extent that it is duplicative of Request No. 58, and on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged engagement letters, bills, and communications with Andersen, in Sonus's possession, custody, or control, relating to the Restatements or the four Accounting Issues listed in General Objection No. 1.

REQUEST FOR PRODUCTION NO. 60:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by any partner or employee of ANDERSEN.

RESPONSE TO REQUEST NO. 60

- 35 -

Sonus objects to Request No. 60 on the ground that it is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 61

All DOCUMENTS made available to ANDERSEN for each audit, review, or compilation of any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 61

Sonus objects to Request No. 61, and specifically to the phrase "made available," on the ground that the Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Even if the Request identified the documents sought with sufficient particularity, it would be objectionable because it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that the mere fact that a document was "made available" to Andersen does not mean that the document is relevant or could lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus states that it already has produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to this Request. To the extent this Request encompasses documents responsive to other Requests, subject to and without waiving its objections, Sonus will produce non-privileged documents that it has agreed to produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 62:

All DOCUMENTS RELATING TO any meetings or COMMUNICATIONS with ANDERSEN in connection with any audit, review, or compilation of any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 62:

- 36 -

Sonus objects to Request No. 62 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus also objects to the extent this Request is duplicative of Request No. 61. Sonus further objects on the grounds that this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues listed in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS RELATING TO any potential or actual disagreement with ANDERSEN RELATING TO any FINANCIAL STATEMENT.

RESPONSE TO REQUEST NO. 63:

Sonus objects to Request No. 63 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Even if this Request identified the documents sought with sufficient particularity, it would be objectionable to the extent it is duplicative of Request No. 62, and because it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any non-privileged documents in its possession, custody or control that are responsive to Request No. 62 and relate to the accounting treatment of the four Accounting Issues described in General Objection No. 1

- 37 -

REQUEST FOR PRODUCTION NO. 64:

All DOCUMENTS RELATING TO the scope of work HALE AND DORR performed for SONUS including, but not limited to, engagement letters, bills, or payments made to HALE AND DORR and/or COMMUNICATIONS from HALE AND DORR to SONUS regarding the substance of its work.

RESPONSE TO REQUEST NO. 64:

Sonus objects to Request No. 64 on the grounds that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents subject to the attorney-client privilege and/or work product doctrine.

REQUEST FOR PRODUCTION NO. 65:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by any partner or employee of HALE AND DORR.

RESPONSE TO REQUEST NO. 65:

Sonus objects to Request No. 65 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 66:

All DOCUMENTS RELATING TO any investigation (formal or informal) of SONUS by any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

RESPONSE TO REQUEST NO. 66:

Sonus objects to Request No. 66 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to

the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Sonus further states that – subject to documents withheld on grounds of privilege – it already has produced, on August 14, 2006, certain responsive documents in its possession, custody, or control. Subject to and without waiving its objections, Sonus will produce any other non-privileged, responsive documents in its possession, custody or control that relate to the Restatements.

RESPONSE TO REQUEST NO. 67:

All DOCUMENTS RELATING TO any investigation (formal or informal) of either of the INDIVIDUAL DEFENDANTS by any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

RESPONSE TO REQUEST NO. 67:

Sonus objects to Request No. 67 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Sonus also objects to this Request to the extent it is duplicative of Request No. 66. Sonus further states that – subject to documents withheld on grounds of privilege – it already has produced, on August 14, 2006, certain responsive documents in its possession, custody, or control. Subject to and without waiving its objections, Sonus will produce any other non-privileged, responsive documents in its possession, custody or control that relate to the Restatements.

REQUEST FOR PRODUCTION NO. 68:

All DOCUMENTS RELATING TO any investigation (formal or informal) of HEMME by any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

- 39 -

RESPONSE TO REQUEST NO. 68

Sonus objects to Request No. 68 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Subject to and without waiving its objections, Sonus states that there are no responsive documents.

REQUEST FOR PRODUCTION NO. 69

All DOCUMENTS RELATING TO any "Wells Letter" sent by the SEC or NASD, whether or not YOU are the subject of the letter.

RESPONSE TO REQUEST NO. 69:

Sonus objects to Request No. 69 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Subject to and without waiving its objections, Sonus states that it has no responsive documents in its possession, custody, or control.

REQUEST FOR PRODUCTION NO. 70:

All DOCUMENTS provided (voluntarily or involuntarily) to any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

RESPONSE TO REQUEST NO. 70

Sonus objects to Request No. 70 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Subject to and without waiving its objections, Sonus states that – subject to

documents withheld on grounds of privilege – it already has produced, on August 14, 2006, the

responsive documents in its possession, custody, or control that relate to the Restatements.

REQUEST FOR PRODUCTION NO. 71:

All DOCUMENTS provided (voluntarily or involuntarily) to the NASD.

RESPONSE TO REQUEST NO. 71:

Sonus objects to Request No. 71 on the ground that, to the extent it calls for documents

relating to any subject matter other than the Restatements, it seeks documents neither relevant to

the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the

admissible evidence.  Subject to and without waiving its objections, Sonus responds that it has

no responsive documents relating to the Restatements.

REQUEST FOR PRODUCTION NO. 72:

All DOCUMENTS RELATING TO any subpoena issued by the SEC or DOJ.

RESPONSE TO REQUEST NO. 72:

Sonus objects to Request No. 72 on the ground that, to the extent it calls for documents

relating to any subject matter other than the Restatements, it seeks documents neither relevant to

the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the

admissible evidence.  Sonus also objects to this Request to the extent it is duplicative of Request

Nos. 70 and 74.  Subject to and without waiving its objections, Sonus states that – subject to

documents withheld on grounds of privilege – it already has produced, on August 14, 2006,

certain non-privileged, responsive documents in its possession, custody, or control that relate to

the Restatements.  Subject to and without waiving its objections, Sonus will produce any other

non-privileged, responsive documents that relate to the Restatements.