# EXHIBIT C – Part 2 of 2

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS RELATING TO interviews (formal or informal) or testimony provided by any PERSON to the SEC, FBI, DOJ, or NASD.

RESPONSE TO REQUEST NO. 73:

Sonus objects to Request No. 73 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Subject to and without waiving its objections, Sonus responds that it has no responsive documents relating to the Restatements.

REQUEST FOR PRODUCTION NO. 74

All DOCUMENTS RELATING TO COMMUNICATIONS with any federal or state administrative or government agency including, but not limited to, the SEC, FBI, or DOJ.

RESPONSE TO REQUEST NO. 74

Sonus objects to Request No. 74 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the admissible evidence. Subject to and without waiving its objections, Sonus responds that it will produce any non-privileged, responsive documents in its possession, custody or control that relate to the SEC's investigation of Sonus in connection with the Restatements.

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS RELATING TO COMMUNICATIONS with the NASD.

RESPONSE TO REQUEST NO. 75:

Sonus objects to Request No. 75 on the ground that, to the extent it calls for documents relating to any subject matter other than the Restatements, it seeks documents neither relevant to

the claims or defenses of the parties nor reasonably calculated to lead to the discovery of the

admissible evidence. Subject to and without waiving its objections, Sonus responds that it has

no responsive documents relating to the Restatements.

REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS RELATING TO SONUS'S internal accounting software including,

but not limited to, a copy of the software, instruction manuals, error logs, and records of users

logging into the system.

RESPONSE TO REQUEST NO. 76:

Sonus objects to Request No. 76 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such,

is vague, overly broad, and unduly burdensome. Even if this Request identified the documents

sought with sufficient particularity, it would be objectionable because to the extent it calls for

anything other than the four Accounting Issues still at issue in this case, it seeks documents

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the

discovery of admissible evidence.

REQUEST NO. 77:

All DOCUMENTS RELATING to data stored in SONUS'S internal accounting system

including, but not limited to, back-up tapes.

RESPONSE TO REQUEST NO. 77:

Sonus objects to Request No. 77 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such,

is vague, overly broad, and unduly burdensome. Even if this Request identified the documents

sought with sufficient particularity, it would be objectionable because to the extent it calls for

anything other than the four Accounting Issues still at issue in this case, it seeks documents

- 43 -

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 78:

All reports generated by SONUS'S internal accounting system.

RESPONSE TO REQUEST NO. 78:

Sonus objects to Request No. 78 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Even if this Request identified the documents sought with sufficient particularity, it would be objectionable because to the extent it calls for anything other than the four Accounting Issues still at issue in this case, it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS RELATING TO transactions in, or ownership of, SONUS stock by the INDIVIDUAL DEFENDANTS or HEMME.

RESPONSE TO REQUEST NO. 79:

Sonus objects to Request No. 79 on the ground that this Requested documents are more readily discoverable from other sources, particularly those documents related to Mr. Hemme, who was not a Rule 16 officer.  Subject to and without waiving its objections, Sonus will produce any non-privileged, responsive documents in its possession, custody or control sufficient to show transactions in, or ownership of, Sonus stock by Messrs. Ahmed, Nill, and Hemme.

<u>REQUEST FOR PRODUCTION NO. 80:</u>

All DOCUMENTS RELATING TO the compensation of the INDIVIDUAL

DEFENDANTS and HEMME including, but not limited to, cash compensation, stock, stock

options, and/or bonuses.

<u>RESPONSE TO REQUEST NO. 80:</u>

Sonus objects to Request No. 80 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such,

is vague, overly broad, and unduly burdensome.  Subject to and without waiving its objections,

Sonus will produce responsive documents sufficient to show the compensation paid to Messrs.

Ahmed, Nill and Hemme, that are not privileged or otherwise protected.

<u>REQUEST FOR PRODUCTION NO. 81:</u>

All DOCUMENTS in the personnel files of the INDIVIDUAL DEFENDANTS and

HEMME.

<u>RESPONSE TO REQUEST NO. 81:</u>

Sonus objects to Request No. 81 on the ground that it is overly broad and seeks

documents neither relevant to the claims or defenses of the parties nor reasonably calculated to

lead to the discovery of admissible evidence.   Sonus further objects to this Request on the

ground that it seeks documents protected by the right to privacy afforded personnel files.  Subject

to and without waiving its objections, Sonus will produce non-privileged documents responsive

to Requests Nos. 80, 82, 85, and 86, as stated in the Responses to those Requests.

<u>REQUEST FOR PRODUCTION NO. 82:</u>

All DOCUMENTS RELATING TO the transfer, resignation, termination, removal from

office, change in job title, or demotion of HEMME.

RESPONSE TO REQUEST NO. 82:

Sonus will produce any responsive documents in its possession, custody, or control that are not privileged or otherwise protected.

REQUEST FOR PRODUCTION NO. 83:

All DOCUMENTS RELATING TO the hiring of Bert Notini as SONUS'S President and Chief Operating Officer on or about April 6, 2004.

RESPONSE TO REQUEST NO. 83:

Sonus objects to Request No. 83 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 83 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive documents in its possession, custody, or control that specifically reference the Restatements and are not privileged or otherwise protected.

REQUEST FOR PRODUCTION NO. 84:

All DOCUMENTS RELATING TO Bert Notini's assumption of responsibility for SONUS'S financial operations on or about April 6, 2004.

RESPONSE TO REQUEST NO. 84:

Sonus objects to Request No. 84 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 84 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

- 46 -

waiving its objections, Sonus will produce any responsive documents in its possession, custody, or control that specifically reference the Restatements and are not privileged or otherwise protected.

REQUEST FOR PRODUCTION NO. 85:

All DOCUMENTS RELATING TO the appointment of Hassan M. Ahmed as Chairman of SONUS'S Board of Directors on or about April 6, 2004.

RESPONSE TO REQUEST NO. 85:

Sonus objects to Request No. 85 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 85 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Sonus will produce any responsive documents in its possession, custody, or control that specifically reference the Restatements and are not privileged or otherwise protected.

REQUEST FOR PRODUCTION NO. 86:

All DOCUMENTS RELATING TO Stephen J. Nill's transition to a new role as vice president of business operations on or about April 6, 2004.

RESPONSE TO REQUEST NO. 86:

Sonus objects to Request No. 86 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 86 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving its objections, Sonus will produce any responsive documents in its possession, custody, or control that specifically reference the Restatements and are not privileged or otherwise protected.

REQUEST FOR PRODUCTION NO. 87:

All DOCUMENTS RELATING TO the naming of Rubin Gruber as Chairman Emeritus of Sonus on or about April 6, 2004.

RESPONSE TO REQUEST NO. 87:

Sonus objects to Request No. 87 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 87 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Sonus will produce any responsive documents in its possession, custody, or control that specifically reference the Restatements are not privileged or otherwise protected.

REQUEST FOR PRODUCTION NO. 88:

All DOCUMENTS RELATING TO meetings of SONUS'S Board of Directors (and any committee thereof) including, but not limited to, minutes, agendas, audio or videotape recordings, notes taken during meetings, and materials sent to directors in advance of such meetings.

RESPONSE TO REQUEST NO. 88:

Sonus objects to Request No. 88 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 88 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving its objections, Sonus will produce any non-privileged excerpts of Board and committee

meetings relating to Sonus's Restatements or the four Accounting Issues referenced in General

Objection No. 1, as well as any materials sent to Directors in advance of and for the purpose of

such meetings relating to Sonus's Restatements or the four Accounting Issues referenced in

General Objection No. 1.

REQUEST FOR PRODUCTION NO. 89:

     All DOCUMENTS RELATING TO SONUS's revenue recognition policies, practices, or

procedures including, but not limited to, compliance or lack of compliance with such policies,

practices, or procedures.

RESPONSE TO REQUEST NO. 89:

     Sonus objects to Request No. 89 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such,

is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 89 on the

ground that it seeks documents neither relevant to the claims or defenses of the parties nor

reasonably calculated to lead to the discovery of admissible evidence.  Sonus also objects to

Request No. 89 to the extent it is duplicative of Request Nos. 90, 92, and 93.  Subject to and

without waiving its objections, Sonus will produce any non-privileged documents setting forth

its revenue recognition policies, practices and procedures, as well as any non-privileged

documents in its possession, custody, or control relating to the accounting treatment of the four

Accounting Issues referenced in General Objection No. 1.  Sonus further states that certain

responsive documents may be found in the documents already produced to Lead Plaintiff on

August 14, 2006.

REQUEST FOR PRODUCTION NO. 90:

All DOCUMENTS RELATING TO SONUS's recognition of revenue in quarterly periods in which the revenue had not been earned including, but not limited to, premature or deferred recognition of revenue.

RESPONSE TO REQUEST NO. 90:

Sonus objects to Request No. 90 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 90 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues referenced in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 91:

All DOCUMENTS RELATING TO maintenance services offered to SONUS customers at no charge or at discounts.

RESPONSE TO REQUEST NO. 91:

Sonus objects to Request No. 91 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

- 50 -

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS RELATING TO the recognition of revenue where only part of a SONUS customer's product order had shipped.

RESPONSE TO REQUEST NO. 92:

Sonus objects to Request No. 92 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 92 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues referenced in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 93:

All DOCUMENTS RELATING TO the recognition of revenue in a period other than when a SONUS customer accepted product and/or contingencies were settled.

RESPONSE TO REQUEST NO. 93:

Sonus objects to Request No. 93 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 93 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its

possession, custody or control relating to the accounting treatment of the four Accounting Issues

referenced in General Objection No. 1.    Sonus further states that certain non-privileged

documents responsive to this Request may be found among the documents already produced to

Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 94:

All DOCUMENTS RELATING TO SONUS'S accounting for accrued expenses.

RESPONSE TO REQUEST NO. 94:

Sonus objects to Request No. 94 on the ground that it seeks information neither relevant

to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, especially in light of the Court's decision described in General Objection

No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 95:

All DOCUMENTS RELATING TO SONUS'S accounting for restructuring expenses and

benefits.

RESPONSE TO REQUEST NO. 95:

Sonus objects to Request No. 95 on the ground that it seeks information neither relevant

to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, especially in light of the Court's decision described in General Objection

No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 96:

All DOCUMENTS RELATING TO SONUS'S valuation of intangibles in connection

with its acquisition of telecom technologies, Inc. in 2001.

RESPONSE TO REQUEST NO. 96:

Sonus objects to Request No. 96 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 97:

All DOCUMENTS RELATING TO SONUS'S valuation of intangibles in connection with its acquisition of Linguateq, Inc. in 2001.

RESPONSE TO REQUEST NO. 97:

Sonus objects to Request No. 97 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 98:

All DOCUMENTS RELATING TO impairment assessments performed regarding telecom technologies, Inc. including, but not limited to, any new, updated, or revised assessments.

RESPONSE TO REQUEST NO. 98:

Sonus objects to Request No. 98 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 99:

All DOCUMENTS RELATING TO impairment assessments performed regarding Linguateq, Inc. including, but not limited to, any new, updated, or revised assessments.

RESPONSE TO REQUEST NO. 99:

Sonus objects to Request No. 99 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 100:

All DOCUMENTS RELATING TO the accounting for customer checks received in one quarter but not deposited until the following quarter.

RESPONSE TO REQUEST NO. 100:

Sonus objects to Request No. 100 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 101:

All DOCUMENTS RELATING TO SONUS's accounting for deferred revenue.

RESPONSE TO REQUEST NO. 101:

Sonus objects to Request No. 101 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus also objects on the ground that this Request seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the

- 54 -

case. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues referenced in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 102:

All DOCUMENTS RELATING TO SONUS's accounting for deferred compensation.

RESPONSE TO REQUEST NO. 102:

Sonus objects to Request No. 102 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 103:

All DOCUMENTS RELATING TO SONUS's accounting for stock-based compensation.

RESPONSE TO REQUEST NO. 103:

Sonus objects to Request No. 103 on the ground that it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 104:

All DOCUMENTS RELATING TO the bundling or unbundling of software and hardware.

RESPONSE TO REQUEST NO. 104:

Sonus objects to Request No. 104 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the grounds that this Request seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues referenced in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 105:

ALL DOCUMENTS RELATING TO the shipment of software updates including, but not limited to, those delivered prior to the scheduled delivery date.

RESPONSE TO REQUEST NO. 105:

Sonus objects to Request No. 105 on the ground that it fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects on the grounds that this Request seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of

the four Accounting Issues referenced in General Objection No. 1. Sonus further states that

certain non-privileged documents responsive to this Request may be found among the documents

already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 106:

All DOCUMENTS RELATING TO SONUS's accounting for inventory reserves.

RESPONSE TO REQUEST NO. 106:

Sonus objects to Request No. 106 on the ground that it seeks information neither relevant

to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, especially in light of the Court's decision described in General Objection

No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 107:

All DOCUMENTS RELATING TO SONUS's purchase accounting.

RESPONSE TO REQUEST NO. 107:

Sonus objects to Request No. 107 on the ground that it seeks information neither relevant

to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of

admissible evidence, especially in light of the Court's decision described in General Objection

No. 1 dismissing the issue described herein from the case.

REQUEST FOR PRODUCTION NO. 108:

All DOCUMENTS RELATING TO any supplemental or side agreement between

SONUS and any SONUS customer existing beyond the primary contract, license agreement, or

purchase agreement for a transaction.

RESPONSE TO REQUEST NO. 108:

Sonus objects to Request No. 108 on the ground that it fails to identify the documents

sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such,

is vague, overly broad, and unduly burdensome. Sonus further objects on the grounds that this Request seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 dismissing the issue described herein from the case. Subject to and without waiving its objections, Sonus will produce any responsive, non-privileged documents in its possession, custody or control relating to the accounting treatment of the four Accounting Issues referenced in General Objection No. 1. Sonus further states that certain non-privileged documents responsive to this Request may be found among the documents already produced to Lead Plaintiff on August 14, 2006.

REQUEST FOR PRODUCTION NO. 109:

All DOCUMENTS to which PricewaterhouseCoopers LLP had access in connection with the investigation into the accounting irregularities alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 109:

Sonus objects on the grounds of attorney-client privilege, the work-product doctrine, and Fed. R. Civ. P. 26(b)(4)(B) on the ground that Request No. 109 encompasses work performed at the direction of counsel in anticipation of litigation by a non-testifying expert, in particular assistance PricewaterhouseCoopers provided to counsel regarding the SEC's investigation of Sonus. Sonus also objects on the ground that the term "investigation" is vague, and interprets that term to mean the investigation overseen by Hale and Dorr (now Wilmer Cutler Pickering Hale and Dorr). Sonus further objects to Request No. 109, and specifically to the term "had access," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Even if the Request identified the documents sought with sufficient particularity, it would be objectionable because it seeks information neither relevant to the claims

- 58 -

or defenses of the parties nor reasonably calculated to lead to the discovery of admissible

evidence, given that the mere fact that PWC "had access" to a document does not mean that the

document is relevant or could lead to the discovery of admissible evidence. Subject to and

without waiving its objections, Sonus states that it already has produced to Lead Plaintiff, on

August 14, 2006, certain non-privileged documents responsive to this Request. To the extent

this Request encompasses documents responsive to other Requests, subject to and without

waiving its objections, Sonus will produce non-privileged documents that it has agreed to

produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 110:

All DOCUMENTS sent to, received from, or generated by PricewaterhouseCoopers LLP

in connection with the investigation into the accounting irregularities alleged in the

COMPLAINT.

RESPONSE TO REQUEST NO. 110:

Sonus objects on the grounds of attorney-client privilege, the work-product doctrine, and

Fed. R. Civ. P. 26(b)(4)(B) on the ground that Request No. 110 encompasses work performed at

the direction of counsel in anticipation of litigation by a non-testifying expert, in particular,

assistance PricewaterhouseCoopers provided to counsel in connection with the SEC's

investigation of Sonus. Sonus further objects on the ground that this Request is duplicative of

Request No. 109. Sonus also objects on the ground that the term "investigation" is vague, and

interprets that term to mean the investigation overseen by Hale and Dorr. Sonus also objects to

Request No. 110 on the ground that it fails to identify the documents sought with sufficient

particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad,

and unduly burdensome. Even if the Request identified the documents sought with sufficient

particularity, it would be objectionable because it seeks information neither relevant to the claims

- 59 -

or defenses of the parties nor reasonably calculated to lead to the discovery of admissible

evidence, given that the mere fact that PWC sent, received, or generated a document does not

mean that the document is relevant or could lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Sonus states that it already has produced to Lead

Plaintiff, on August 14, 2006, certain non-privileged documents responsive to this Request.   To

the extent this Request encompasses documents responsive to other Requests, subject to and

without waiving its objections, Sonus will produce non-privileged documents that it has agreed

to produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 111:

All DOCUMENTS to which HALE AND DORR had access in connection with the

investigation into the accounting irregularities alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 111:

Sonus objects to Request No. 111 on the ground that it calls for the production of

documents subject to the attorney-client privilege and/or work product doctrine.  Sonus further

objects to Request No. 111, and specifically to the term "had access," on the ground that this

Request fails to identify the documents sought with sufficient particularity to enable Sonus to

conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Even

if the Request identified the documents sought with sufficient particularity, it would be

objectionable because it seeks information neither relevant to the claims or defenses of the

parties nor reasonably calculated to lead to the discovery of admissible evidence, given that the

mere fact that Hale and Dorr "had access" to a document does not mean that the document is

relevant or could lead to the discovery of admissible evidence.  Subject to and without waiving

its objections, Sonus states that it already has produced to Lead Plaintiff, on August 14, 2006,

certain non-privileged documents responsive to this Request.   To the extent this Request

- 60 -

encompasses documents responsive to other Requests, subject to and without waiving its

objections, Sonus will produce non-privileged documents that it has agreed to produce in

response to those other Requests.

REQUEST FOR PRODUCTION NO. 112:

     All DOCUMENTS sent to, received from, or generated by HALE AND DORR in

connection with the investigation into the accounting irregularities alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 112:

     Sonus objects to Request No. 112 on the ground that it calls for the production of

documents subject to the attorney-client privilege and/or work product doctrine. Sonus further

objects to Request No. 112 on the ground that this Request fails to identify the documents sought

with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is

vague, overly broad, and unduly burdensome. Even if the Request identified the documents

sought with sufficient particularity, it would be objectionable because it seeks information

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the

discovery of admissible evidence, given that the mere fact that Hale and Dorr sent, received, or

generated a document does not mean that the document is relevant or could lead to the discovery

of admissible evidence. Subject to and without waiving its objections, Sonus states that it

already has produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents

responsive to this Request. To the extent this Request encompasses documents responsive to

other Requests, subject to and without waiving its objections, Sonus will produce non-privileged

documents that it has agreed to produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 113:

     All DOCUMENTS to which HURON had access in connection with the investigation

into the accounting irregularities alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 113:

Sonus objects to Request No. 113, and specifically to the term "had access," on the

ground that this Request fails to identify the documents sought with sufficient particularity to

enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.   Sonus also objects on the grounds of attorney-client privilege, the work-product

doctrine, and Fed. R. Civ. P. 26(b)(4)(B) on the ground that Request No. 113 encompasses work

performed at the direction of counsel in anticipation of litigation by a non-testifying expert, in

particular, assistance Huron provided to counsel in connection with the SEC's investigation of

Sonus.   Sonus further objects to Request No. 113 on the grounds that it is duplicative of Request

No. 55.   Even if the Request identified the documents sought with sufficient particularity, it

would be objectionable because it seeks information neither relevant to the claims or defenses of

the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that

the mere fact that Huron "had access" to a document does not mean that the document is relevant

or could lead to the discovery of admissible evidence.   Sonus also objects on the ground that the

term "investigation" is vague, and interprets that term to mean the investigation overseen by

Hale and Dorr.   Subject to and without waiving its objections, Sonus states that it already has

produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to

this Request.   To the extent this Request encompasses documents responsive to other Requests,

subject to and without waiving its objections, Sonus will produce non-privileged documents that

it has agreed to produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 114:

All DOCUMENTS sent to, received from, or generated by HURON in connection with

the investigation into the accounting irregularities alleged in the COMPLAINT.

RESPONSE TO REQUEST NO. 114:

- 62 -

Sonus objects to Request No. 114 on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus also objects on the grounds of attorney-client privilege, the work-product doctrine, and Fed. R. Civ. P. 26(b)(4)(B) on the ground that Request No. 114 encompasses work performed at the direction of counsel in anticipation of litigation by a non-testifying expert, in particular, assistance Huron provided to counsel in connection with the SEC's investigation of Sonus. Sonus further objects to Request No. 114 on the grounds that it is duplicative of Request Nos. 55 and 113. Even if the Request identified the documents sought with sufficient particularity, it would be objectionable because it seeks information neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, given that the mere fact that Huron sent, received, or generated a document does not mean that the document is relevant or could lead to the discovery of admissible evidence. Sonus also objects on the ground that the term "investigation" is vague, and interprets that term to mean the investigation overseen by Hale and Dorr. Subject to and without waiving its objections, Sonus states that it already has produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to this Request. To the extent this Request encompasses documents responsive to other Requests, subject to and without waiving its objections, Sonus will produce non-privileged documents that it has agreed to produce in response to those other Requests.

REQUEST FOR PRODUCTION NO. 115:

All insurance policies and/or indemnification agreements that may provide coverage for any liability, loss, or damage arising from any obligation in this litigation.

RESPONSE TO REQUEST NO. 115:

      Sonus has produced to Lead Plaintiff the non-privileged, responsive documents in its

possession, custody, or control.

REQUEST FOR PRODUCTION NO. 116:

      All DOCUMENTS RELATING TO transactions or potential transactions with Qwest

Communications International, Inc.

RESPONSE TO REQUEST NO. 116:

      Sonus objects to Request No. 116, and specifically to the term "potential transactions,"

on the ground that this Request fails to identify the documents sought with sufficient particularity

to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.   Sonus also objects because this Request seeks documents neither relevant to the

claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible

evidence.   Subject to and without waiving its objections, Sonus states that it already has

produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to

this Request, and will produce any additional responsive, non-privileged documents in its

possession custody or control.

REQUEST FOR PRODUCTION NO. 117:

      All DOCUMENTS RELATING TO transactions or potential transactions with XO

Communications.

RESPONSE TO REQUEST NO. 117:

      Sonus objects to Request No. 117, and specifically to the term "potential transactions,"

on the ground that this Request fails to identify the documents sought with sufficient particularity

to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.   Sonus further objects to Request No. 117 on the ground that it seeks documents

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 118:

All DOCUMENTS RELATING TO transactions or potential transactions with AT&T and AT&T Wireless.

RESPONSE TO REQUEST NO. 118:

Sonus objects to Request No. 118, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Subject to and without waiving its objections, Sonus states that it already has produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to this Request and will produce any additional responsive, non-privileged documents in its possession custody or control.

REQUEST FOR PRODUCTION NO. 119:

All DOCUMENTS RELATING TO transactions or potential transactions with Deutsche Telekom.

RESPONSE TO REQUEST NO. 119:

Sonus objects to Request No. 119, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 119 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the

discovery of admissible evidence, especially in light of the Court's decision described in General

Objection No. 1 sustaining the Complaint only as to four specific transactions with specific

customers.

REQUEST FOR PRODUCTION NO. 120:

All DOCUMENTS RELATING TO transactions or potential transactions with T-

Systems.

RESPONSE TO REQUEST NO. 120:

Sonus objects to Request No. 120, and specifically to the term "potential transactions,"

on the ground that this Request fails to identify the documents sought with sufficient particularity

to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.   Sonus further objects to Request No. 120 on the ground that it seeks documents

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the

discovery of admissible evidence, especially in light of the Court's decision described in General

Objection No. 1 sustaining the Complaint only as to four specific transactions with specific

customers.

REQUEST FOR PRODUCTION NO. 121:

All DOCUMENTS RELATING TO transactions or potential transactions with Verizon.

RESPONSE TO REQUEST NO. 121:

Sonus objects to Request No. 121, and specifically to the term "potential transactions,"

on the ground that this Request fails to identify the documents sought with sufficient particularity

to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.   Sonus further objects to Request No. 121 on the ground that it seeks documents

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the

discovery of admissible evidence, especially in light of the Court's decision described in General

Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 122:

All DOCUMENTS RELATING TO transactions or potential transactions with Alestra.

RESPONSE TO REQUEST NO. 122:

Sonus objects to Request No.122, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 122 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 123:

All DOCUMENTS RELATING TO transactions or potential transactions with Booz Allen Hamilton.

RESPONSE TO REQUEST NO. 123:

Sonus objects to Request No. 123, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 123 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General

Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 124:

All DOCUMENTS RELATING TO transactions or potential transactions with Unefon.

RESPONSE TO REQUEST NO. 124:

Sonus objects to Request No. 124, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Sonus further objects to Request No. 124 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 125:

All DOCUMENTS RELATING TO transactions or potential transactions with America Online.

RESPONSE TO REQUEST NO. 125:

Sonus objects to Request No. 125, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Sonus further objects to Request No. 125 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General

Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 126:

All DOCUMENTS RELATING TO transactions or potential transactions with Epana.

RESPONSE TO REQUEST NO. 126:

Sonus objects to Request No. 126, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Sonus further objects to Request No. 126 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 127:

All DOCUMENTS RELATING TO transactions or potential transactions with Compta.

RESPONSE TO REQUEST NO. 127:

Sonus objects to Request No. 127, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Sonus further objects to Request No. 127 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

- 69 -

REQUEST FOR PRODUCTION NO. 128:

All DOCUMENTS RELATING TO transactions or potential transactions with IDT.

RESPONSE TO REQUEST NO. 128:

Sonus objects to Request No. 128, and specifically to the term "potential transactions,"

on the ground that this Request fails to identify the documents sought with sufficient particularity

to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.   Sonus further objects to Request No. 128 on the ground that it seeks documents

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the

discovery of admissible evidence, especially in light of the Court's decision described in General

Objection No. 1 sustaining the Complaint only as to four specific transactions with specific

customers.

REQUEST FOR PRODUCTION NO. 129:

All DOCUMENTS RELATING TO transactions or potential transactions with Softbank.

RESPONSE TO REQUEST NO. 129:

Sonus objects to Request No. 129, and specifically to the term "potential transactions,"

on the ground that this Request fails to identify the documents sought with sufficient particularity

to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly

burdensome.   Sonus further objects to Request No. 129 on the ground that it seeks documents

neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the

discovery of admissible evidence, especially in light of the Court's decision described in General

Objection No. 1 sustaining the Complaint only as to four specific transactions with specific

customers.

REQUEST FOR PRODUCTION NO. 130:

All DOCUMENTS RELATING TO transactions or potential transactions with Nihiso Electronics Corporation.

RESPONSE TO REQUEST NO. 130:

Sonus objects to Request No. 130, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 130 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 131:

All DOCUMENTS RELATING TO transactions or potential transactions with Samsung.

RESPONSE TO REQUEST NO. 131:

Sonus objects to Request No. 131, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 131 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 132:

All DOCUMENTS RELATING TO transactions or potential transactions with Global Crossing.

RESPONSE TO REQUEST NO. 132:

Sonus objects to Request No. 132, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Sonus further objects to Request No. 132 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 133

All DOCUMENTS RELATING TO transactions or potential transactions with Fusion.

RESPONSE TO REQUEST NO. 133:

Sonus objects to Request No. 133, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Sonus further objects to Request No. 133 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 134:

All DOCUMENTS RELATING TO transactions or potential transactions with In Networks.

RESPONSE TO REQUEST NO. 134:

Sonus objects to Request No. 134, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 134 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 135:

All DOCUMENTS RELATING TO transactions or potential transactions with Unipoint.

RESPONSE TO REQUEST NO. 135:

Sonus objects to Request No. 135, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 135 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 136:

All DOCUMENTS RELATING TO transactions or potential transactions with Nuvox.

RESPONSE TO REQUEST NO. 136:

Sonus objects to Request No. 136, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 136 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 137:

All DOCUMENTS RELATING TO transactions or potential transactions with Callipso (f/k/a/ CNM Networks).

RESPONSE TO REQUEST NO. 137:

Sonus objects to Request No. 137, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 137 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 138:

All DOCUMENTS RELATING TO transactions or potential transactions with Point One.

RESPONSE TO REQUEST NO. 138:

Sonus objects to Request No. 138, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 138 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 139:

All DOCUMENTS RELATING TO transactions or potential transactions with Alcatel.

RESPONSE TO REQUEST NO. 139:

Sonus objects to Request No. 139, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 139 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 140:

All DOCUMENTS RELATING TO transactions or potential transactions with Quest.

RESPONSE TO REQUEST NO. 140:

Sonus objects to Request No. 140, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 140 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers. Sonus also objects to this Request to the extent it is duplicative of Request No. 116.

REQUEST FOR PRODUCTION NO. 141:

All DOCUMENTS RELATING TO transactions or potential transactions with Alltel.

RESPONSE TO REQUEST NO. 141:

Sonus objects to Request No. 141, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 141 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 142:

All DOCUMENTS RELATING TO transactions or potential transactions with Bell South.

RESPONSE TO REQUEST NO. 142:

Sonus objects to Request No. 142, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 142 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 143:

All DOCUMENTS RELATING TO transactions or potential transactions with Sumitronics.

RESPONSE TO REQUEST NO. 143:

Sonus objects to Request No. 143, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.  Sonus further objects to Request No. 143 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

- 77 -

REQUEST FOR PRODUCTION NO. 144:

All DOCUMENTS RELATING TO transactions or potential transactions with Touch America.

RESPONSE TO REQUEST NO. 144:

Sonus objects to Request No. 144, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 144 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 145:

All DOCUMENTS RELATING TO transactions or potential transactions with Soma Networks.

RESPONSE TO REQUEST NO. 145:

Sonus objects to Request No. 144, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 145 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 146:

All DOCUMENTS RELATING TO transactions or potential transactions with Agilent Technologies.

RESPONSE TO REQUEST NO. 146:

Sonus objects to Request No. 146, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 146 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 147:

All DOCUMENTS RELATING TO transactions or potential transactions with Winphoria.

RESPONSE TO REQUEST NO. 147:

Sonus objects to Request No. 147, and specifically to the term "potential transactions," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Sonus further objects to Request No. 147 on the ground that it seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers.

REQUEST FOR PRODUCTION NO. 148:

All DOCUMENTS RELATING TO transactions with any customer which resulted in the incorrect recording of revenue.

RESPONSE TO REQUEST NO. 148:

Sonus objects to Request No. 148, and specifically to the phrase "incorrect recording of revenue," on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome. Even if this Request did identify the documents sought with sufficient particularity, it would be objectionable because it is duplicative of numerous other Requests, and seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence, especially in light of the Court's decision described in General Objection No. 1 sustaining the Complaint only as to four specific transactions with specific customers. Sonus further states that it already has produced to Lead Plaintiff, on August 14, 2006, certain non-privileged documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 149:

All written statements and DOCUMENTS provided to YOU by any witness in this litigation.

RESPONSE TO REQUEST NO. 149:

Sonus objects to Request No. 149 on the ground that it calls for the production of documents subject to the attorney-client privilege and/or work product doctrine.

REQUEST FOR PRODUCTION NO. 150:

All DOCUMENTS RELATING TO interviews (formal or informal) of any potential witness in this litigation including, but not limited to, any audio or video recordings of such interviews.

RESPONSE TO REQUEST NO. 150:

Sonus objects to Request No. 150 on the ground that it calls for the production of documents subject to the attorney-client privilege and/or work product doctrine.

REQUEST FOR PRODUCTION NO. 151:

All DOCUMENTS RELATING TO any PERSON who was the source of any information in YOUR Answer to the COMPLAINT.

RESPONSE TO REQUEST NO. 151:

Sonus objects to Request No. 151 on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.    Sonus further objects to Request No. 151 on the ground that it calls for the production of documents subject to the attorney-client privilege and/or work product doctrine.

REQUEST FOR PRODUCTION NO. 152:

All DOCUMENTS RELATING TO the under-reporting or over-reporting of taxes by SONUS including, but not limited to, tax filings in which such under-reporting or over-reporting occurred.

RESPONSE TO REQUEST NO. 152:

Sonus objects to Request No. 152 on the ground that this Request fails to identify the documents sought with sufficient particularity to enable Sonus to conduct a reasonable search and, as such, is vague, overly broad, and unduly burdensome.   Sonus further objects because this Request seeks documents neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.  Sonus also objects to the extent this Request calls for attorney-client privileged or otherwise protected documents.

Respectfully Submitted,

*Melissa B. Coffey*

James W. Prendergast (BBO #553073)
Jeffrey B. Rudman (BBO #433380)
Daniel W. Halston (BBO #548692)
Peter A. Spaeth (BBO #545202)
Sherry Hartel Haus (BBO #663777)
Melissa B. Coffey (BBO #660750)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Date: September 28, 2006          *Attorneys for Sonus Networks, Inc.*

## CERTIFICATE OF SERVICE

I, Melissa B. Coffey, hereby certify that I served a true and correct copy of the foregoing on this 28th day of September, 2006, by the following methods:

Solomon B. Cera                          By Electronic and First-Class Mail
Gold Bennett Cera & Sidener LLP
Suite 2300
595 Market Street
San Francisco, CA 94105
*Attorneys for Lead Plaintiff BPI Global*
*Asset Management LLP*


Thomas J. Dougherty                      By Electronic and First-Class Mail
Matthew J. Matule
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108
*Attorneys for Stephen J. Nill*


Robert S. Frank, Jr.                     By Electronic and First-Class Mail
John R. Baraniak, Jr. (BBO #552259)
Choate Hall & Stewart
Two International Place
Boston, Massachusetts 02109
Tel: (617) 248-5000
*Attorneys for Hassan M. Ahmed*



*Melissa B. Coffey*
Melissa B. Coffey

- 83 -