# Exhibit G

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **MASSACHUSETTS**

IN RE SONUS NETWORKS, INC. LITIGATION

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-10294-DPW

TO: Deloitte & Touche LLP
c/o William Basic
200 Berkeley Street
Boston, MA 02116-1616

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Schedule 'A'.

| PLACE  Shapiro Haber & Urmy LLP, 53 State Street, Boston, MA 02109  Telephone: (617) 439-3939 | DATE AND TIME  8/31/2007 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Pamela A. Markert, Attorney for Lead Plaintiff | 8/7/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gold Bennett Cera & Sidener LLP
595 Market Street, Suite 2300, San Francisco, CA 94105, Tel. (415) 777-2230

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS

1. The terms "YOU" and "YOUR" shall mean Deloitte & Touche LLP and includes all of its predecessors, parents, or subsidiaries, as well as any officers, directors, employees, attorneys, accountants, consultants, investigators, or other agents, representatives, or persons acting on behalf of any of the foregoing.

2. The term "SONUS" shall mean Sonus Networks, Inc. and all of its predecessors, parents, or subsidiaries, as well as any present or former officers, directors, committees of the board of directors, employees, attorneys, accountants (including, but not limited to, PriceWaterhouseCoopers LLP, Ernst & Young LLP, and Arthur Andersen LLP), consultants (including, but not limited to, Huron Consulting Group), investigators, or other agents, representatives, or persons acting on behalf of any of the foregoing.

3. The term "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a topic or request all information or responses that might otherwise be considered outside of its scope.

4. The term "ANY AND ALL" shall be construed as all and each.

5. The term "DOCUMENT(S)" shall be construed in the broadest sense as that term is interpreted under Federal Rules of Civil Procedure 34(a) and 45. It includes, but is not limited to, any electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "FINANCIAL STATEMENTS" means, but is not limited to, the following (whether audited or unaudited, and whether final, interim, *pro forma*, complete or

#117365                                    1

partial): consolidated and non-consolidated balance sheets; income statements, statements of earnings, additional paid-in capital, retained earnings or cash flows (or source and application of funds); cash-flow projections; notes to each such statements; and any other statements and notes that pertain to SONUS's past or present financial condition, including accountants' work papers.

7. The term "GAAP" means Generally Accepted Accounting Principles as applied under United States accounting standards.

8. The term "PERSON" or "PERSONS" means any natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

9. The terms "POLICY(IES)," "PRACTICE(S)" or "PROCEDURE(S)" means any rule, practice or course of conduct, whether formal or informal, written or handwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly, by YOU in conducting business, or which was required by YOU to be recognized or followed by any or all PERSONS.

10. The term "RELATING TO" shall mean describing, evidencing, constituting, reflecting, showing, comprising, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning in whole or in part.

## INSTRUCTIONS

1. If YOU withhold any DOCUMENT or redact any portion of a DOCUMENT, provide a log identifying each such DOCUMENT, the grounds on which it is being withheld or redacted, the date of the DOCUMENT, the name and title of the author and/or sender of the DOCUMENT and name and title of all actual and/or intended recipients, the subject matter, and the specific request(s) to which it relates.

#117365                                       2

2. Produce the entire DOCUMENT if any part of a DOCUMENT is responsive.

3. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, produce DOCUMENTS as they are usually kept, or organize and label them to correspond with the individual requests stated herein. All DOCUMENTS that are stored in electronic or computer format shall be produced in electronic format. YOU should confer with counsel for Lead Plaintiff as to the appropriate format before producing electronic DOCUMENTS. All such DOCUMENTS shall be accompanied by a copy of all metadata concerning such DOCUMENTS, including all information concerning the dates the DOCUMENTS were created, modified, distributed, and the authors and recipients of the DOCUMENTS.

4. If any responsive DOCUMENT no longer exists, specify the general type of each DOCUMENT (*e.g.*, memo, letter, computer printout, etc.), the types of information contained therein, the date on which it ceased to exist, the circumstances under which it ceased to exist, and the identities of all people who have or had knowledge of its contents.

5. Produce all responsive DOCUMENTS in YOUR possession, custody, or control even though such DOCUMENTS may not be located at YOUR place of business and regardless of whether such documents or materials are possessed directly by YOU or YOUR directors, officers, agents, employees, representatives, attorneys, subsidiaries, managing agents or affiliates.

6. Each DOCUMENT that YOU cannot legibly copy should be produced for inspection in its original form.

7. DOCUMENTS found associated with one another or joined by staple, clip, binder, file folder, or otherwise should be produced in the manner in which they are associated or joined.

#117365                                3

8.  You are to produce each DOCUMENT requested herein in its entirety, without deletion or exclusion regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

9.  If in responding to these requests YOU claim any ambiguity in interpreting a Request, Definition, or Instruction applicable thereto, such claim shall not be utilized by YOU as a basis for refusing to produce responsive DOCUMENTS.

## RELEVANT TIME PERIOD

Unless otherwise specified, the relevant time period covered by these requests is January 1, 2001 to the present. These requests seek all responsive DOCUMENTS created or generated during this period, as well as all responsive DOCUMENTS dated, prepared, created, generated or received, in whole or in part, outside this period but which contain information RELATING TO this period.

## DOCUMENTS REQUESTED

REQUEST NO. 1:

ANY AND ALL DOCUMENTS RELATING TO the ten (10) material weaknesses in SONUS's internal control over financial reporting identified in "ITEM 9A. CONTROLS AND PROCEDURES" and the accompanying "Management Report on Internal Control Over Financial Reporting" in SONUS's Annual Report on Form 10-K for the year ended December 31, 2004.

REQUEST NO. 2:

ANY AND ALL DOCUMENTS RELATING TO remediation efforts of the ten (10) material weaknesses in SONUS's internal over financial reporting identified in "ITEM 9A.

#117365                                    4

CONTROLS AND PROCEDURES" and the accompanying "Management Report on Internal Control Over Financial Reporting" in SONUS's Annual Report on Form 10-K for the year ended December 31, 2004.

REQUEST NO. 3:

ANY AND ALL DOCUMENTS RELATING TO changes made that materially affected SONUS's internal control over financial reporting AND overall control over financial planning as discussed in "ITEM 9A. CONTROLS AND PROCEDURES" and the accompanying "Management Report on Internal Control Over Financial Reporting" in SONUS's Annual Report on Form 10-K for the year ended December 31, 2005.

REQUEST NO. 4:

ANY AND ALL DOCUMENTS RELATING TO SONUS's plan to implement procedures and controls to remediate the material weaknesses to its (1) Inadequate entity-level controls, (2) Inadequate business processes and information systems, AND (3) Inadequate revenue recognition procedures and controls as discussed in "ITEM 4 CONTROLS AND PROCEDURES" in SONUS's Quarterly Report on Form 10-Q for the quarter ended March 31, 2006.

REQUEST NO. 5:

ANY AND ALL DOCUMENTS YOU received from SONUS OR sent to SONUS RELATING TO GAAP, financial accounting standards, internal accounting controls AND any other accounting POLICIES, PRACTICES AND PROCEDURES.

REQUEST NO. 6:

ANY AND ALL DOCUMENTS YOU received RELATING TO SONUS's restatement

#117365                                5

of historical financial statements for fiscal year ended December 31, 2001 AND fiscal year ended December 31, 2002 AND the first three quarters of fiscal year 2003.

REQUEST NO. 7:

ANY AND ALL DOCUMENTS RELATING TO Stephen Nill AND/OR Peter Hemme.

REQUEST NO. 8:

ANY AND ALL SONUS FINANCIAL STATEMENTS YOU received RELATING TO the time period January 1, 2001 through December 31, 2004.

REQUEST NO. 9:

ANY AND ALL accounting workpapers and records received by YOU in your capacity as successor auditor to SONUS RELATING TO SONUS's fiscal year ended December 31, 2001 AND fiscal year ended December 31, 2002 AND the first three quarters of fiscal year 2003.

#117365                                    6