# Exhibit I

# Deloitte.

Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754
USA

Tel: +1 212 492 4000
Fax: +1 212 492 4201
www.deloitte.com

August 20, 2007

<u>By Facsimile and Mail</u>

Pamela Markert, Esq.
Gold Bennett Cera & Sidener LLP
595 Market Street, Suite 2300
San Francisco, CA 94105

      Re: <u>In Re Sonus Networks, Inc. Litigation</u>
          <u>Subpoena addressed to Deloitte & Touche LLP</u>

Dear Ms. Markert:

I write regarding the subpoena addressed to Deloitte & Touche LLP ("D&T") in the above referenced matter. While I am prepared to discuss the scope of the subpoena and other concerns with you, in the interim, however, D&T is objecting pursuant to Rule 45 of the Federal Rules of Civil Procedure in order to preserve its rights pending such discussions.

D&T's objections are as follows:

1.    D&T objects to the subpoena in its entirety as being overbroad, unduly burdensome and oppressive, including, without limitation, to the extent that it seeks to compel the production of voluminous documents generated during an extended and open-ended period of time ("January 1, 2001 to the present") (p. 4), and "all responsive DOCUMENTS dated, prepared, created, generated or received, in whole or in part, outside this period but which contain information RELATING TO this period") (p. 4).

      Further, although one might interpret the subpoena as calling for the production of not only existing documents, but also documents that D&T might obtain or prepare on a going-forward basis in providing services for Sonus Networks, Inc. ("Sonus"), or any other of their respective related entities, if any, D&T will proceed on the basis that documents hereafter obtained or ones prepared subsequent to the date of receipt of the subpoena in connection with ongoing or future services, if any, for Sonus or other of their respective related entities, or for other clients, are not responsive. D&T will proceed on the basis that plaintiffs are instead seeking documents in existence at the time D&T received the subpoena. Nor does D&T believe that any

Member of
Deloitte Touche Tohmatsu

documents obtained or prepared subsequent to the date of receipt of the subpoena could be relevant to any issues in the lawsuit.

2. Upon information and belief, by virtue of its overbroad nature, the subpoena calls for the production of documents that are neither relevant to the subject matter involved in the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence. D&T therefore objects to the subpoena to the extent it calls for the production of such irrelevant documents.

3. Upon information and belief, many of the documents are available from the parties, and D&T, a non-party, should not be put to the time and expense of producing such documents where the parties could obtain the information from each other or from their own files.

4. D&T objects to the subpoena to the extent that it seeks production of documents that are confidential and/or competitively sensitive information to D&T, and/or proprietary information, internal information, trade secret or other confidential, research, development or commercial information of D&T. Such latter information has been developed at great expense to D&T. No confidentiality stipulation provides adequate protection for production of proprietary materials. As noted above, such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

5. D&T objects to the subpoena to the extent that it purports to require the production of documents that are protected by the accountant-client privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule or duty of confidentiality that precludes or limits production or disclosure of information therein.

6. D&T objects to the Definitions to the extent that they are overly broad and purport to encompass more than just the entities or persons themselves. As such, the purported definitions are so ambiguous and vague that it would make any search for documents effectively impossible. For instance, references to unspecific, undefined or unnamed "predecessors, parents, or subsidiaries, as well as any present or former officers, directors, committees of the board of directors, employees, attorneys, accountants (including, but not limited to PriceWaterhouseCoopers LLP, Ernst & Young LLP, and Arthur Anderson LLP), consultants (including, but not limited to, Huron Consulting Group), investigators, or other agents, representatives, or persons acting on behalf of any of the foregoing (as set forth in Definition 2) place an undue and impossible burden on upon D&T to know the unspecified, undefined or unnamed persons or entities referred to. This is beyond what is required of D&T under the Federal Rules of Civil Procedure.

7. D&T objects to the subpoena to the extent that it purports to require the preservation, review and production of documents and data from legacy data sources, including data sources maintained for disaster-recovery related purposes only, obsolete data, data preserved for matters unrelated to this Request and other non-active data, including data on historic back-up tapes, hard drives and other media in the possession of the Deloitte US Firms which are no longer in use. Generally, such data is not reasonably accessible and likely is duplicative of data available from other active and readily accessible sources. Because of the lack of relevance of such legacy data and the cost associated with searching, preserving and accessing the legacy data sources, the Deloitte US Firms, non-parties to this matter, will not preserve and search legacy data sources in response to this Request.

8. D&T objects to Definition No. [1] to the extent that by use of a broad-brush definition of D&T, it is overly broad and purports to encompass more than just the partnership entity D&T. References to unspecified, undefined or unnamed "*predecessor, parents, or subsidiaries, as well as any officers, directors, employees, attorneys, accountants, consultants, investigators, or other agents, representatives, or persons acting on behalf of any of the foregoing*" place not only an undue burden, but also an impossible burden, upon D&T to know the unspecified, undefined or unnamed persons referred to. Assuming that the objections raised herein are resolved, no documents will be produced except by the partnership entity D&T

9. The subpoena requests confidential information of D&T's client, other third-parties, and/or D&T. Therefore, D&T objects to the subpoena absent entry of a confidentiality order protecting the confidentiality of the documents. No documents will be produced absent such a confidentiality order.

In making the above objections, D&T is not suggesting or implying in any way that it has documents responsive to a particular Request.

Given the above objections, no documents will be produced at this time. However, D&T would like to resolve these objections amicably, and to that end, I am willing to discuss the subpoena with you. It would be helpful if you would provide me with a copy of the pleadings, a copy of any confidentiality order in place in the matter, and a service list of counsel. If you would like to discuss the subpoena, please do not hesitate to contact me at (212) 492-3857.

Very truly yours,

Annica H. Jin-Hendel
Counsel