# Exhibit J

NOTIFY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 06-4057 BLS1

IN RE: SEPRACOR, INC.
DERIVATIVE LITIGATION

MEMORANDUM AND ORDER
ON MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Defendants' Motion for a Protective Order Staying Discovery Pending Resolution of Motion to Dismiss, Paper #17. Such motions are frequent pending the resolution of a motion that may result in the dismissal of the entire case. See, e.g., Hudson v. Comm'r of Correction, 46 Mass. App. Ct. 538, 549 (1999); Flynn v. Church of Scientology of California, Inc., 19 Mass. App. Ct. 59, 61 (1984).

> The purposes for which the discovery rules exist "are to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify, and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial. In this way it was sought to put an end to the 'sporting theory of justice,' by which the result depends on the fortuitous availability of evidence or the skill and strategy of counsel."

GTE Products Corp. v. Stewart, 414 Mass. 721, 725 (1993).

At the same time, the Rules of Civil Procedure, including the discovery rules, at to "be construed to secure the just, speedy and inexpensive determination of every action." (Emphasis added.) Mass. R. Civ. P. Rule 1. This Court can take judicial notice of the substantial expense of civil litigation, particularly insofar as pre-trial discovery is concerned.

Here, the Lead Plaintiff suggests no burden or expense to the defendants. It points out that Sepracor has already collected and reviewed nearly all the relevant documents in connection

with an internal investigation and an SEC investigation. Thus, because the Lead Plaintiff is "amenable," at this time at least, "to deferring production of the as-yet uncollected documents until Lead Plaintiff has had an opportunity to review the documents that have already been collected," it argues that all that Sepracor would have to do is make copies of documents already gathered.

This Court suggests that the discovery process is not quite so simple or costless as Lead Plaintiff posits. It is only documents, not otherwise privileged or subject to a work product protection, that are relevant to the subject matter involved in the pending action, or that include information that will be reasonably calculated to lead to the discovery of admissible evidence, that must be produced. Mass. R. Civ. P. Rule 26(b)(1). Compliance with these provisions requires more than just copying things gathered for an internal investigation or sent to a Federal regulatory agency. Some one, or some team of people, must examine all of the documents already gathered to determine whether they are otherwise producible. This is costly and time consuming.

This Court has already received the motion to dismiss Superior Court Rule 9A package and has scheduled oral argument thereon for February 21, 2007. Awaiting the short time to hear and determine whether this matter should be permitted to survive will cause no undue harm to the Lead Plaintiff and its followers or their discovery process. The case is only 3+ months old,

2

## ORDER

For the foregoing reasons, the Defendants' Motion for a Protective Order Staying Discovery Pending Resolution of Motion to Dismiss, Paper #17, is <u>ALLOWED</u>.

*[signature]*
Allan van Gestel
Justice of the Superior Court

DATED: January 26, 2007

3