UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. SECURITIES LITIGATION | ) Civil Action No. 04-10294-DPW<br>) (Lead Case)<br>)<br>) |
| THIS DOCUMENT RELATES TO: ALL CASES | )<br>)<br>)<br>)<br>) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

#118420

This Stipulation and Agreement of Settlement dated as of December 21, 2007 (the "Stipulation") is submitted pursuant to Federal Rule of Civil Procedure 23. Subject to the approval of the United States District Court for the District of Massachusetts (the "Court"), this Stipulation is entered into among BPI Global Asset Management LLP, Lead Plaintiff in the Class Action (as hereinafter defined), the Class (as hereinafter defined), and defendants Sonus Networks, Inc. ("Sonus"), Hassan M. Ahmed, and Stephen J. Nill (collectively, the "Settling Defendants"). The Stipulation is intended to fully, finally, and forever discharge and settle the Settled Claims (as hereinafter defined).

WHEREAS:

A.    The following actions (collectively the "Class Action") have been consolidated under the caption *In re Sonus Networks, Inc. Securities Litigation*, and are pending against the Settling Defendants:

1.    *Chin v. Sonus Networks, Inc. et al.*, 04-10294-DPW, filed February 12, 2004;

2.    *Trebitsch v. Sonus Networks, Inc. et al.*, 04-10307-DPW, filed February 13, 2004;

3.    *Information Dynamics, LLC v. Sonus Networks, Inc. et al.*, 04-10308-DPW, filed February 13, 2004;

4.    *Kaltman v. Sonus Networks, Inc. et al.*, 04-10309-DPW, filed February 13, 2004;

5.    *Den v. Sonus Networks Inc. et al.*, 04-10310-DPW, filed February 13, 2004;

6.    *Curtis v. Sonus Networks, Inc. et al.*, 04-10314-DPW, filed February 13, 2004;

7.    *Kassover v. Sonus Networks, Inc. et al.*, 04-10329-DPW, filed February 17, 2004;

8.    *Baker v. Sonus Networks, Inc. et al.*, 04-10333-DPW, filed February 18, 2004;

9.    *Kaffee v. Sonus Networks, Inc. et al.*, 04-10345-DPW, filed February 20, 2004;

10.   *Hu v. Sonus Networks, Inc. et al.*, 04-10346-DPW, filed February 20, 2004;

11.   *Starbuck v. Sonus Networks, Inc. et al.*, 04-10362-DPW, filed February 23, 2004;

#118420

1

12.    *Ho v. Sonus Networks, Inc. et al.*, 04-10363-DPW, filed February 23, 2004;

13.    *Rodrigues v. Sonus Networks, Inc. et al.*, 04-10364-DPW, filed February 23, 2004;

14.    *Conte et al. v. Sonus Networks, Inc. et al.*, 04-10382-DPW, filed February 26, 2004;

15.    *Wheaton Electrical Services Retirement 401K Profit Sharing Plan v. Sonus Networks, Inc. et al.*, 04-10383-DPW, filed February 26, 2004;

16.    *Clark v. Sonus Networks, Inc. et al.*, 04-10454-DPW, filed March 3, 2004;

17.    *Brownell v. Sonus Networks, Inc. et al.*, 04-10597-DPW, filed March 31, 2004;

18.    *Pugliese v. Sonus Networks, Inc. et al.*, 04-10612-DPW, filed March 30, 2004;

19.    *Nocito v. Sonus Networks, Inc. et al.*, 04-10623-DPW, filed March 31, 2004; and

20.    *Zulauff v. Sonus Networks, Inc. et al.*, 04-10714-DPW, filed April 9, 2004;

B.    By order dated August 10, 2004, the Court appointed BPI Global Asset Management LLP as Lead Plaintiff. On that same date, the Court approved the law firm of Gold Bennett Cera and Sidener LLP as Lead Plaintiff's Counsel;

C.    The First Amended Consolidated Class Action Complaint For Violation Of The Federal Securities Laws (the "Complaint"), filed in the Class Action on August 5, 2005, generally alleges, among other things, that the Settling Defendants caused to be issued false and misleading statements regarding Sonus's financial condition during the period from March 28, 2002 through March 26, 2004, inclusive (the "Class Period"), in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b), t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5 and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§77k, l(a)(2), o;

D.    The Complaint further alleges that Plaintiffs (as hereinafter defined) purchased Sonus's common stock during the Class Period at prices artificially inflated as a result of the Settling Defendants' dissemination of false and misleading statements regarding Sonus;

E.    On May 10, 2006, the Court entered an Order dismissing with prejudice the Section 12(a)(2) claims against the Settling Defendants and the Section 10(b) and 11 claims against Messrs. Ahmed and Nill, and allowing the Section 10(b) and 11 claims to proceed against Sonus, and the statutory "control person" claims under Sections 15 and 20(a) to proceed against Messrs. Ahmed and Nill;

F.    The Settling Defendants and Released Persons (as hereinafter defined) vigorously deny any wrongdoing or liability whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Settling Defendant or Released Person with respect to any claim or allegation, or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defense that the Settling Defendants or Released Persons have or could have asserted;

G.    The Settling Defendants and Released Persons (as hereinafter defined) believe that the Class Action is without merit, but the Settling Defendants and Released Persons recognize the risks, expense and length of continued proceedings necessary to defend the Class Action through trial and any appeals, and the Settling Defendants' and Released Persons' desire to avoid continued litigation; therefore the Settling Defendants and Released Persons believe that it is desirable that the Class Action and any other current or future potential actions that relate in any way to the allegations raised by the Plaintiffs be settled upon the terms and conditions set forth herein, in order to avoid the further expense and burden of protracted litigation;

H.      The parties to this Stipulation recognize that the litigation has been filed by Plaintiffs and defended by the Settling Defendants in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of this Stipulation are fair, adequate and reasonable. This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Class Action;

I.      Plaintiff's Counsel (as hereinafter defined) has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Class Action, as well as the defenses thereto. Plaintiff's Counsel has examined all filings by Sonus with the U.S. Securities and Exchange Commission before, during and after the Class Period, the Settling Defendants' Rule 26 Initial Disclosures, as well as documents produced in the litigation by the Settling Defendants and third parties. Plaintiff's Counsel has also researched the applicable law and investigated the assets available to satisfy any potential judgment, including the scope of insurance coverage which is available to satisfy the claims asserted in the Class Action;

J.      Lead Plaintiff, by its counsel, has participated in a voluntary mediation with Settling Defendants, by their counsel, with the assistance of David Geronemus, Esq. of JAMS, and has through counsel conducted discussions and arm's length negotiations with counsel for the Settling Defendants, with respect to a compromise and settlement of the Class Action in order to settle the issues in dispute and achieve the best relief possible consistent with the interests of the Class (as hereinafter defined);

K.      Lead Plaintiff and Settling Defendants and Released Persons realize that the continued litigation of the claims would entail substantial effort and expense and Lead Plaintiff

and Settling Defendants and Released Persons believe that the claims in the Class Action are best settled as set forth herein;

L.    Based upon its investigation and discovery as set forth above, Plaintiff's Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and has agreed to settle the claims raised in the Class Action, as against the Settling Defendants and Released Persons, pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiff and the members of the Class will receive from settlement of the Class Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement (as hereinafter defined) to be consummated as provided by the terms of this Stipulation.

**NOW THEREFORE**, without any admission or concession on the part of Plaintiffs of any lack of merit of the Class Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit of the defenses by the Settling Defendants or Released Persons, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as hereinafter defined) against the Settling Defendants and Released Persons shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the following meanings:

(a)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(b)    "Claims Administrator" means the firm of Gilardi & Co. LLC which shall administer the Settlement.

(c)    "Class" or "Class Members" means all Persons (as hereinafter defined) encompassed by the Court's September 25, 2007 Order certifying a class and subclass pursuant to Federal Rule of Civil Procedure 23(b)(3), which includes all Persons who purchased Sonus common stock during the period from March 28, 2002 through March 26, 2004, inclusive and who suffered damages thereby.  Excluded from the Class are: Settling Defendants in the Class Action; members of the immediate families (parents, spouses, siblings and children) of each of the individual Defendants; any person, firm, trust, corporation, or entity in which any Settling Defendant has a controlling interest; the officers, directors, parents, subsidiaries and affiliates of Sonus; and the legal representatives, heirs, successors in interest or assigns of any such excluded party.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice (as hereinafter defined).

(d)    "Class Period" means the period of time from March 28, 2002 through March 26, 2004, inclusive.

(e)    "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 22 below.

(f)    "Escrow Account" means the Escrow Account referred to in paragraph 4 below, created pursuant to the Escrow Agency Agreement among counsel for Sonus and Plaintiffs and the Escrow Agent (as hereinafter defined), dated November 14, 2007.

(g)    "Escrow Agent" means Gilardi & Co. LLC.

(h)    "Final Judgment and Order of Dismissal with Prejudice" means the proposed order to be entered approving the Settlement, substantially in the form attached hereto as Exhibit B, pursuant to paragraph 20 of this Stipulation.

(i)    "Notice" means the Notice of Pendency of Class Action, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund, which is to be sent to members of the Class, substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(j)    "Person" or "Persons" shall mean any individual or entity, including any corporation (and any division or subsidiary thereof), partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association or government or any political subdivision or agency thereof, or other type of legal entity, and their heirs, agents, executors, administrators, predecessors, successors or assigns, and their personal representatives, all in their capacities as such.

(k)    "Plaintiffs" means, collectively, Lead Plaintiff and the members of the Class who do not request exclusion.

(l)    "Plaintiff's Counsel" means Lead Plaintiff's counsel, Gold Bennett Cera & Sidener LLP.

(m)    "Preliminary Order In Connection With Settlement Proceedings" means the proposed order preliminarily approving the Settlement and directing notice thereof to the

Class, substantially in the form attached hereto as Exhibit A, pursuant to paragraph 19 of this Stipulation.

(n)     "Publication Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing, for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(o)     "Released Persons" means each and all of the Settling Defendants and their past, present or future subsidiaries, parents, affiliates, successors and predecessors, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, employees, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, and re-insurers, consultants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or affiliated with any of the Settling Defendants, and the legal representatives, heirs, predecessors, successors in interest or assigns of the Settling Defendants and/or any members of the immediate family of any Settling Defendant, including, without limitation, National Union Fire Insurance Co. of Pittsburgh, PA ("National Union"), and its past or present subsidiaries, parents, affiliates, successors and predecessors, reinsurers, officers, directors, agents, employees, attorneys, legal representatives, successors in interest or assigns.

(p)     "Settled Claims" means any and all direct, individual, or class claims (including, without limitation, any Unknown Claims, as hereinafter defined), debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief, monetary, injunctive, or otherwise), whether based on federal, state, local, foreign, international, statutory or common law or any other law, rule or

regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown, pleaded or unpleaded, suspected or unsuspected claims, (i) that have been asserted in this Action by the Lead Plaintiff, Class Members or any of them against any of the Released Persons, or (ii) that could have been, were, or could in the future be, asserted in any forum by the Lead Plaintiff, Class Members or any of them against any of the Released Persons in connection with, based upon, related to, or arising out of in any way the claims, allegations, acts, transactions, facts, events, matters or occurrences, disclosures, representations or omissions involved, described, set forth, or referred to in the Class Action and/or the Complaint; (iii) based upon, related to, or arising out of in any way the subject matters, claims, allegations, acts, transactions, facts, events, matters or occurrences, disclosures, representations or omissions involved, described, set forth, or referred to in the Class Action and/or the Complaint, or (iv) that arise out of (v) or relate in any way to the defense or settlement of this Action (except for claims to enforce this Settlement).

(q)    "Settlement" means the settlement contemplated by this Stipulation.

(r)    "Settling Defendants" means Sonus Networks, Inc., Hassan M. Ahmed, and Stephen J. Nill.

(s)    "Settling Defendants' Claims" means any and all claims of the Settling Defendants and Released Persons relating to the institution or prosecution of the Class Action against any of the Lead Plaintiff, Plaintiffs, Class Members, or their attorneys.

(t)    "Settling Defendants' Counsel" means the law firms of Wilmer Cutler Pickering Hale and Dorr LLP; Choate, Hall & Stewart LLP; and Skadden, Arps, Slate, Meagher & Flom LLP.

(u)     "Taxes" means (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any (A) with respect to the income or gains earned by or in respect of the Gross Settlement Fund (as hereinafter defined), including, without limitation, any taxes that may be imposed upon Settling Defendants or their counsel with respect to any income or gains earned by or in respect of the Gross Settlement Fund for any period while it is held by the Escrow Agent during which the Gross Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state income tax purposes within the meaning of Treasury Regulation §1.468B-1; or (B) by way of withholding as required by applicable law on any distribution by the Escrow Agent or the Claims Administrator of any portion of the Gross Settlement Fund to Authorized Claimants and other Persons entitled hereto pursuant to this Stipulation; and (ii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Gross Settlement Fund (including without limitation, expenses of tax attorneys and accountants).  For the purposes of subparagraph (i)(A) hereof, taxes imposed on Settling Defendants shall include amounts equivalent to taxes that would be payable by Settling Defendants but for the existence of relief from taxes by virtue of loss carryforwards or other tax attributes, determined by Settling Defendants, acting reasonably, and accepted by the Escrow Agent, acting reasonably.

(v)     "Unknown Claims" means any and all Settled Claims which the Class, the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Settling Defendants' Claims which any Settling Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settling Defendants' Claims, the parties stipulate and

agree that upon the Effective Date, the Lead Plaintiff and Settling Defendants shall expressly

waive, and each Class Member and each of the Released Persons shall be deemed to have, and

by operation of the Final Judgment and Order of Dismissal with Prejudice shall have, expressly

waived, any and all provisions, rights and benefits conferred by any law of any state or territory

of the United States, or principle of common law, which is similar, comparable, or equivalent to

Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release, which if known by him must have materially affected
> his settlement with the debtor.

## SCOPE AND EFFECT OF SETTLEMENT

2.    The obligations incurred pursuant to this Stipulation shall be in full and final

disposition of the Class Action as against the Settling Defendants and Released Persons, and any

and all Settled Claims as against the Settling Defendants and Released Persons, and any and all

Settling Defendants' Claims.

3.    (a)    Upon the Effective Date of this Settlement, Lead Plaintiff and the Class on

behalf of themselves, and their respective predecessors, successors, affiliates, heirs, agents,

attorneys, executors, administrators, successors and assigns, and any persons they represent,

shall, by operation of the Final Judgment and Order of Dismissal with Prejudice, with respect to

each and every Settled Claim, release and be deemed to release and forever discharge, and shall

forever be enjoined from prosecuting, any Settled Claims against any of the Released Persons.

By entering into this Stipulation, Lead Plaintiff represents and warrants that it has not designated,

hypothecated, transferred, or otherwise granted any interest in the Settled Claims, or any of them,

to any other Person.

#118420                                                                                      11

(b)    Upon the Effective Date of this Settlement, each of the Settling Defendants and Released Persons, shall, by operation of the Final Judgment and Order of Dismissal with Prejudice, release and be deemed to release and forever discharge each and every of the Settling Defendants' Claims, and shall forever be enjoined from prosecuting the Settling Defendants' Claims.

## THE SETTLEMENT CONSIDERATION

4.    Sonus will pay or cause to be paid Forty Million Dollars ($40,000,000) in cash (the "Settlement Fund") into an interest-bearing escrow account at Bank of America NT&SA for the benefit of the Class (the "Escrow Account"). All amounts placed in the Escrow Account, together with interest accrued on or gains earned by such amounts shall be the "Gross Settlement Fund." Lead Plaintiff hereby acknowledges receipt of Twenty-Five Million Dollars ($25,000,000) on November 19, 2007. The remainder of the Settlement Fund shall be deposited into the foregoing account within ten (10) business days of the Court's entry of the Preliminary Order In Connection With Settlement Proceedings substantially in the form attached hereto as Exhibit A.

5.    (a)    The Gross Settlement Fund, net of any Taxes (as defined above) on the income thereof, shall be used to pay (i) the Notice and administration costs referred to in paragraph 7 hereof, and (ii) the attorneys' fee and expense award referred to in paragraph 8 hereof. The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund," which shall be distributed to Authorized Claimants as provided in paragraphs 9-11 hereof. All funds held in the Gross Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to Sonus, or its insurers if paid by such insurers, pursuant to this

Stipulation and/or further Order of the Court. The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund from the earliest date possible within the meaning of Treasury Regulation §1.468B-1, and agree to any relation-back election required to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. The parties further agree that Gilardi & Co. LLC, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. Settling Defendants' Counsel agree to provide promptly to the administrator the statement described in Treasury Regulation §1.468B-3(e).

       (b)     All (i) taxes on the income of the Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes," as defined above) shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid from the Gross Settlement Fund without prior order of the Court. The Gross Settlement Fund or the Escrow Agent shall, to the extent required by law, be obligated to withhold from any distributions to Authorized Claimants and other Persons entitled thereto pursuant to this Stipulation any funds necessary to pay Taxes including the establishment of adequate reserves for Taxes as well as any amount that may be required to be withheld under Treasury Reg. 1.468B-(1)(2) or otherwise under applicable law in respect of such distributions. Further, the Gross Settlement Fund shall indemnify and hold harmless the Settling Defendants and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

(c)     None of the Settling Defendants, the Released Persons or their respective counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of Plaintiff's Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Gross Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Gross Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund or the filing of any returns.

(d)     Authorized Claimants shall provide any and all such information that the Claims Administrator may reasonably require and is required by applicable law in respect of Taxes and filings and reporting for Taxes, before any distributions are made to Authorized Claimants as contemplated hereby, and the Claims Administrator may, without liability to the Authorized Claimants, delay such distributions unless and until such information is provided in the form required by the Claims Administrator.

## ADMINISTRATION

6.     The Claims Administrator shall administer the Settlement under Plaintiff's Counsel's supervision and subject to the jurisdiction of the Court. Except as stated in paragraph 13 hereof, Settling Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration. Settling Defendants' Counsel shall cooperate in the administration of the Settlement to the extent

reasonably necessary to effectuate its terms, including providing all necessary information from Sonus's stock transfer records concerning the identity of Class Members and their transactions.

       7.     Plaintiff's Counsel may expend from the Gross Settlement Fund, without further approval from the Settling Defendants or the Court, up to the sum of $100,000 to pay the reasonable costs and expenses associated with the administration of the Settlement, including without limitation, the costs of identifying members of the Class and effecting mailed Notice and Publication Notice. Such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. If the Settlement is not consummated, a refund will be made only of non-expended amounts in the Gross Settlement Fund.

## ATTORNEYS' FEES AND EXPENSES

       8.     Plaintiff's Counsel will apply to the Court for an award of attorneys' fees of 25% of the Settlement Fund, plus reimbursement of expenses, together with accrued interest on any such awards. Such amounts as are awarded by the Court shall be payable from the Gross Settlement Fund to Plaintiff's Counsel following the Effective Date, as set forth in paragraph 22 below, and the resolution of any appeal based solely on the award of attorneys' fees, costs or expenses. Settling Defendants will take no position on Plaintiff's Counsel's fee and expense applications. Settling Defendants shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Plaintiff's Counsel beyond those awarded by the Court to Plaintiff's Counsel, which shall be payable solely from the Gross Settlement Fund.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

9.      The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves).

10.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and the approval of any particular plan of allocation is not a condition of this Stipulation.

11.     Each Authorized Claimant shall be allocated a *pro rata* share of the cash portion of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  This is not a claims-made settlement.  The Settling Defendants shall not be entitled to get back any of the settlement consideration once the Settlement becomes final.  The Defendants shall have no involvement in reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

12.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Class Action and the releases provided for therein, and will be barred from bringing any action against the Released Persons concerning the Settled Claims.

#118420

16

13.     Plaintiff's Counsel shall be responsible for supervising the administration of the Settlement and allocation of the Net Settlement Fund by the Claims Administrator.  Except for their obligations to pay the Settlement Fund and to cooperate in the production of information with respect to the identification of Class Members from the Sonus shareholder transfer records, Settling Defendants shall have no liability, obligation or responsibility for the administration of the Settlement or allocation of the Net Settlement Fund.  Plaintiff's Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim submitted, in the interests of achieving substantial justice.

14.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as Plaintiff's Counsel, in its discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Settled Claims.  A Proof of Claim shall be deemed to have been submitted when postmarked, if received with a

#118420

17

postmark indicated on the envelope and if mailed by first-class mail, postage prepaid, and addressed in accordance with the instructions thereon, provided such Proof of Claim is actually received prior to the Effective Date of the Settlement. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

      (c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiff's Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

      (d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proof of Claims submitted. The Claims Administrator, under supervision of Plaintiff's Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reason(s) for such rejection, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

      (e)     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review of such rejection by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiff's Counsel shall thereafter present the request for review to the Court.

15.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim.

16.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court, and who do not validly request exclusion from the Settlement in accordance with the requirements set forth in the Notice, shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment and Order of Dismissal with Prejudice to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Settled Claims.

17.     All proceedings with respect to the administration, processing and determination of claims described by paragraph 14 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

18.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all Proofs of Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals from such matters have been resolved or the time for such appeals has expired; and (iv) all costs of administration have been paid.

#118420

19

## TERMS OF PRELIMINARY ORDER

19.    Promptly after this Stipulation has been fully executed, Plaintiff's Counsel shall apply to the Court for entry of the Preliminary Order In Connection With Settlement Proceedings (the "Preliminary Order"), substantially in the form attached hereto as Exhibit A.

## TERMS OF FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

20.    The parties shall jointly request that the Court enter a Final Judgment and Order of Dismissal with Prejudice in the form attached hereto as Exhibit B, and this Stipulation shall not become effective until such time as an order substantially in such form (with only such changes as may be agreed to by Lead Plaintiff and the Settling Defendants) is entered and becomes final, as provided in paragraph 22 hereof.  The parties hereto agree that they will seek entry of the Final Judgment and Order of Dismissal with Prejudice as soon as practicable.

## SUPPLEMENTAL AGREEMENT

21.    Simultaneously herewith, Plaintiff's Counsel and Settling Defendants' Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be terminated by Settling Defendants if potential Class Members who purchased in excess of a certain number of shares of Sonus common stock traded during the Class Period validly exclude themselves from the Class.  The Supplemental Agreement shall not be filed prior to the deadline for submitting requests for exclusion unless a dispute arises as to its terms.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraph 24 shall apply.  Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Settling Defendants to exercise their option to

withdraw from the Stipulation pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

22.     The Effective Date of the Settlement shall be the date when all of the following shall have occurred:

(a)     entry of the Preliminary Order;

(b)     final approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Federal Rule of Civil Procedure 23; and

(c)     entry by the Court of a Final Judgment and Order of Dismissal with Prejudice, in all material respects in the form set forth in Exhibit B attached hereto (with only such changes in form as may be accepted by Lead Plaintiff and Settling Defendants), and the expiration of any time for appeal or review of such Final Judgment and Order of Dismissal with Prejudice, or, if any appeal is filed and not dismissed, after such Final Judgment and Order of Dismissal with Prejudice is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of *certiorari*, or, in the event that the Court enters a Final Judgment and Order of Dismissal with Prejudice in a form other than that provided for in paragraph 20 ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final.  However, if the only basis for appeal is the Plan of Allocation or attorneys' fees, costs or expenses, then the Effective Date shall be the expiration of any time for appeal or review of the Final Judgment and Order of Dismissal with Prejudice.

23.     Settling Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so

("Termination Notice") to counsel for all other parties hereto within thirty (30) days of: (a) the Court's declining to enter the Preliminary Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it, other than the amount of attorneys' fees to be awarded to Plaintiff's Counsel as set forth in paragraph 8 above; (c) the Court's refusal to enter the Final Judgment and Order of Dismissal with Prejudice in any material respect, other than the amount of attorneys' fees to be awarded to Plaintiff's Counsel as set forth in paragraph 8 above; or (d) the date upon which the Final Judgment and Order of Dismissal with Prejudice is modified or reversed in any material respect, other than the amount of attorneys' fees to be awarded to Plaintiff's Counsel as set forth in paragraph 8 above. In the event any Termination Notice is validly given, this Stipulation shall be withdrawn and terminated and deemed null and void, and the provisions of paragraph 24 of this Stipulation shall apply.

24.     Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Class Action as of October 26, 2007 and the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Fund previously paid or caused to be paid by Settling Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed $100,000 without the prior approval of Settling Defendants or the Court), shall be returned to Sonus or National Union, if paid by National Union, by wire transfer within five (5) business days of the event causing termination or non-compliance with the conditions to effectiveness of the Settlement.

## NO ADMISSION OF WRONGDOING

25.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against the Settling Defendants or Released Persons or against the Plaintiffs as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Settling Defendants or Released Persons or by any of the Plaintiffs with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Class Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Class Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants or Released Persons;

(b)     shall not be offered or received against the Settling Defendants or Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or document which was written, signed, approved or made by any Settling Defendant or Released Person, or against the Plaintiffs as evidence of any infirmity in the claims of the Plaintiffs;

(c)     shall not be offered or received against the Settling Defendants or Released Persons or against the Plaintiffs as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation or any Released Person, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this

Stipulation is approved by the Court, Settling Defendants and Released Persons may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against the Settling Defendants and Released Persons or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

## MISCELLANEOUS PROVISIONS

26.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

27.     If there is a conflict between this Stipulation and any exhibit to this Stipulation, the language of this Stipulation shall be controlling.

28.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Settling Defendants or Released Persons with respect to the Settled Claims. Accordingly, Plaintiffs and the Settling Defendants agree that the litigation was brought by Plaintiffs and defended by the Settling Defendants and Released Persons in good faith and with a reasonable basis. The parties have no claims of any violation of Federal Rule of Civil Procedure 11 relating to the prosecution, defense, or settlement of the Class Action by any of the Plaintiffs or Settling Defendants and Released Persons or their counsel. The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and

reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and pursuant to a mediation conducted by a professional mediator.

29.    In accordance with paragraph 8 of the Stipulated Protective Order Concerning Disclosure of Confidential Information, filed December 26, 2006, within forty-five (45) days after final conclusion of the Class Action and any appeals therefrom, all documents, material or other information designated as "confidential" supplied by any party and all copies thereof shall, at the election of the party that produced such materials, be returned to counsel for that party or such materials shall be destroyed, with written certification of such destruction to be provided to the party that produced such materials, within sixty (60) days after final conclusion of the Class Action and any appeals therefrom; *provided*, however, that the parties and their counsel may retain copies of pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential Information.

30.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

31.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

32.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulation.

33.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

34.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto concerning the Settlement of the Class Action, and no

representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

35.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

36.    This Stipulation shall be binding upon, and inure to the benefit of, the parties hereto, the Released Persons, and their successors and assigns of the parties hereto.

37.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the Commonwealth of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

38.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

39.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

40.    Plaintiff's Counsel and Settling Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Order In Connection With Settlement

Proceedings, the Stipulation and Agreement of Settlement, the Final Judgment and Order of

Dismissal with Prejudice, and to agree promptly upon and execute all such other documentation

as may be reasonably required to obtain final approval by the Court of the Settlement.


GOLD BENNETT CERA & SIDENER LLP

By: _____
    Solomon B. Cera
    595 Market Street, Suite 2300
    San Francisco, California 94105-2835
    Telephone: (415) 777-2230
    Facsimile: (415) 777-5189

Attorneys for Lead Plaintiff
BPI Global Asset Management LLP


WILMER CUTLER PICKERING HALE
  AND DORR LLP

By: _____
    James W. Prendergast
    60 State Street
    Boston, Massachusetts 02109
    Telephone: (617) 526-6000
    Facsimile: (617) 526-5000

Attorneys for Defendant
Sonus Networks, Inc.


CHOATE, HALL & STEWART LLP

By: _____
    John R. Baraniak, Jr.
    Two International Place
    Boston, Massachusetts 02110
    Telephone: (617) 248-2114
    Facsimile: (617) 248-4000

Attorneys for Defendant
Hassan M. Ahmed


SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: _____
    Matthew J. Matule
    One Beacon Street
    Boston, Massachusetts 02108
    Telephone: (617) 573-4800
    Facsimile: (617) 573-4822

Attorneys for Defendant
Stephen J. Nill


#118420