Original

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. SECURITIES LITIGATION | ) Civil Action No. 04-10294-DPW<br>) (Lead Case) |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## [REVISED] PRELIMINARY ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS

#118545

WHEREAS, on or about December 21, 2007, the parties to this action (the "Class Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review by this Court under Federal Rule of Civil Procedure 23, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Class Action, as against the Settling Defendants (as defined in the Stipulation), on the merits and with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1. This Court previously appointed the plaintiff BPI Global Asset Management LLP as Lead Plaintiff on August 10, 2004, and certified this action as a class action pursuant to a Memorandum and Order dated September 25, 2007.

2. The Court hereby preliminarily approves the proposed settlement of the Class Action.

3. A hearing pursuant to Federal Rule of Civil Procedure Rule 23(e) (the "Settlement Fairness Hearing"), is hereby scheduled to be held before the Court on March 31, 2008, at 2:30 p.m. for the following purposes:

    (a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (b) to determine whether the Final Judgment and Order of Dismissal with Prejudice as provided under the Stipulation should be entered, dismissing the Complaint filed herein as against the Settling Defendants, on the merits and with prejudice, and to determine

#118545                                                                                                          1

whether the release by the Class in favor of the Settling Defendants, as set forth in the Stipulation, should be provided;

      (c)    to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

      (d)    to consider Plaintiff's Counsels' application for an award of attorneys' fees and expenses; and

      (e)    to rule upon such other matters as the Court may deem appropriate.

4.    The Court, in its discretion, may approve the Settlement with or without modification and with or without further notice of any kind. The Court, in its discretion, may also enter its Final Judgment and Order of Dismissal with Prejudice approving the Stipulation and dismissing the Complaint on the merits and with prejudice as against the Settling Defendants and Released Persons, regardless of whether it has approved the proposed Plan of Allocation or awarded attorneys' fees and expenses.

5.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), and the Proof of Claim form attached hereto as Exhibits 1 and 2 respectively.

6.    The Court approves the selection of Gilardi & Co. LLC as Claims Administrator.

7.    Plaintiff's Counsel shall cause the Notice and the Proof of Claim, substantially in the forms attached hereto, to be mailed, by first class mail, postage prepaid, on or before January 30, 2008, to all Class Members who can be identified with reasonable effort by Plaintiff's Counsel. The Settling Defendants shall cooperate in making Sonus Networks, Inc.'s ("Sonus") books, records and information reasonably available to Plaintiff's Counsel or its agent, to the

extent necessary, for the purpose of identifying and giving notice to the Class. Plaintiff's Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Sonus common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, as defined in the Stipulation, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proof of Claim to beneficial owners. Plaintiff's Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8.   The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content attached hereto as Exhibit 3, and directs that Plaintiff's Counsel shall cause the Publication Notice to be published in the national edition of *The Wall Street Journal* within ten (10) days of the mailing of the Notice. Plaintiff's Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

9.   The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(1)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitutes the best notice

practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, as defined in the Stipulation, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box mailing address indicated in the Notice, postmarked no later than April 30, 2008. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the Effective Date of the Settlement. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiff's Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of

Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

    (c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims against all Settling Defendants and Released Persons as provided in the Stipulation.

11.    Class Members shall be bound by all determinations and judgments in the Class Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than March 14, 2008 to the address specified in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *In re Sonus Networks, Inc. Securities Litigation*, and must be signed by such person. A request for exclusion must identify all purchases and sales of Sonus common stock during the Class Period, including the number of shares and price of the common stock purchased during the Class Period, the number of shares and price of common stock sold during the Class Period or thereafter, and the date of each such purchase or sale. The request for exclusion shall not be effective unless it provides the required information and is timely submitted, or the exclusion is otherwise accepted by the Court.

12.    Class Members requesting exclusion shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such

comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, and copies of all such papers are served, on or before March 14, 2008, upon each of the following: Solomon B. Cera, Esq., Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, California 94105-2835 (on behalf of Lead Plaintiff); James W. Prendergast, Esq., of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109 (on behalf of Sonus Networks, Inc.); John R. Baraniak, Jr., Esq., of Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (on behalf of Hassan M. Ahmed); and Matthew J. Matule, Esq., of Skadden, Arps, Slate, Meagher & Flom LLP, One Beacon Street, Boston, Massachusetts 02108 (on behalf of Stephen J. Nill). Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

14.    Pending final determination of whether the Settlement should be approved, Plaintiff's Counsel may expend from the Gross Settlement Fund, without further approval from the Settling Defendants or the Court, up to the sum of $100,000 to pay the reasonable costs and

expenses associated with the administration of the Settlement, including without limitation, the costs of identifying members of the Class and effecting mailed Notice and Publication Notice. Such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice.

15. Pending final determination of whether the Settlement should be approved, the Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence or prosecute any action, in any forum, which asserts Settled Claims against any Settling Defendant.

16. If: (a) the Settlement is terminated by Lead Plaintiff or Settling Defendants pursuant to paragraph 23 of the Stipulation or Settling Defendants elect to terminate the Stipulation pursuant to paragraph 21 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiff's Counsel and counsel for the Settling Defendants; or (c) the Court rejects, in any respect, the Final Judgment and Order of Dismissal with Prejudice in substantially the form and content attached to the Stipulation as Exhibit B and Plaintiff's Counsel and counsel for the Settling Defendants do not consent to the entry of another form of order in lieu thereof, or (d) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiff's Counsel and counsel for the Settling Defendants; or (e) the Court approves the Stipulation, including any amendment thereto approved by Plaintiff's Counsel and counsel for the Settling Defendants, but such approval is reversed on appeal and such reversal becomes final; or (f) the settlement is terminated or this Order does not become effective for any reason and the

provisions of paragraph 24 of the Stipulation are applicable, then, in any such event, the Stipulation, including any amendment(s) thereof and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his or its respective position as it existed in the litigation as of October 26, 2007.

17. Lead Plaintiff shall file all papers in support of final approval of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and expenses on or before March 24, 2008.

18. The Court retains exclusive jurisdiction over the Class Action to consider all further matters arising out of or connected with the Settlement.

Dated:_____, 2008    _____
　　　　　　　　　　　　　　　　　Douglas P. Woodlock
　　　　　　　　　　　　　　　　　United States District Judge

#118545　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　8