Exhibit 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE SONUS NETWORKS, INC.<br>SECURITIES LITIGATION | )<br>)<br>)<br>)<br>) | Civil Action No. 04-10294-DPW<br>(Lead Case) |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | )<br>)<br>)<br>)<br>) |  |

## NOTICE OF PENDENCY OF CLASS ACTION
## AND HEARING ON PROPOSED SETTLEMENT
## AND ATTORNEYS' FEE PETITION AND
## RIGHT TO SHARE IN SETTLEMENT FUND

TO:    ALL PERSONS WHO PURCHASED SONUS NETWORKS, INC. COMMON STOCK
DURING THE PERIOD FROM MARCH 28, 2002 THROUGH MARCH 26, 2004,
INCLUSIVE.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS
WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION. IF YOU ARE A CLASS
MEMBER, YOU ULTIMATELY MAY BE ENTITLED TO RECEIVE BENEFITS
PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.

CLAIMS DEADLINE: CLAIMANTS MUST SUBMIT PROOFS OF CLAIM, ON THE FORM
ACCOMPANYING THIS NOTICE, POSTMARKED ON OR BEFORE APRIL 30, 2008.

EXCLUSION DEADLINE: REQUESTS FOR EXCLUSION MUST BE SUBMITTED
POSTMARKED ON OR BEFORE MARCH 14, 2008.

SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE INSTRUCTIONS ON
PAGE _____ HEREIN.

#118551                                                                                                          1

**I.**

## SUMMARY OF SETTLEMENT AND RELATED MATTERS

1.     This Notice of Pendency of Class Action and Hearing on Proposed Settlement (the "Notice") is given pursuant to Federal Rule of Civil Procedure 23 and an Order of the United State District Court for the District of Massachusetts (the "Court") dated _____, 2008.  The purpose of this Notice is to inform you that this class action (the "Class Action") relating to Sonus Networks, Inc. ("Sonus") is pending and that there is a proposed settlement in the aggregate principal amount of $40,000,000 which will affect your rights (the "Settlement").  Final approval of the proposed Settlement will be considered at a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement.  This Notice describes your rights under the Settlement and what steps you may take in relation to the Class Action.  Capitalized terms used in this Notice have the meanings given to them in the "Definitions" section below, unless otherwise defined.  The Settlement discussed herein relates to claims against the following defendants: Sonus; Hassan M. Ahmed ("Ahmed"), the Chief Executive Officer of Sonus; and Stephen J. Nill ("Nill"), a former Chief Financial Officer of Sonus.  This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in the Class Action, or the fairness or adequacy of the proposed Settlement.

**II.**

## STATEMENT OF PLAINTIFFS' RECOVERY

2.     The Settlement, if finally approved, will result in the creation of a cash settlement fund in the aggregate principal amount of $40,000,000 which, subject to deduction for costs of notice and administration, and for attorneys' fees, costs and expenses as approved by the Court,

2

will be available for distribution to Class Members. Attorneys' fees equal to 25% of the

settlement fund and expenses not to exceed $600,000 are being requested. Your recovery from

these funds will depend on a number of variables, including the number and timing of Sonus

shares you purchased, and the number of claims submitted. It is estimated that if all eligible

Sonus securities purchasers covered by this Settlement filed claims to share therein, then the

average recovery per damaged share of common stock under the Settlement is estimated to be

$0.16 per share (before the deduction of any Court-awarded attorneys' fees and expenses).[1]

## III.

## STATEMENT OF POTENTIAL OUTCOME OF CASE

3. The Lead Plaintiff and the Settling Defendants disagree as to both liability and

damages and do not agree on the average amount of damages per share that would be

recoverable if Lead Plaintiff were to have prevailed on the claims alleged against the Settling

Defendants at a trial. In addition to the numerous risks of litigation and liability issues on which

the parties disagree, the damage-related issues on which the parties disagree include: (a) whether

the alleged material misstatements or omissions were made intentionally, recklessly, negligently,

or innocently; (b) the appropriate economic model for determining the amount by which Sonus's

securities were allegedly artificially inflated (if at all) during the Class Period; (c) the amount by

which Sonus's securities were allegedly artificially inflated (if at all) during the Class Period; (d)

the effect of various market forces influencing the trading price of Sonus's securities at various

times during the Class Period; (e) the extent to which external factors such as general market and

industry conditions influenced the trading price of Sonus's securities at various times during the

Class Period; (f) the extent to which the various statements that Lead Plaintiff alleged were

---

[1]    A damaged share may have been traded more than once during the relevant time period and

materially false or misleading influenced (if at all) the trading price of Sonus's securities at various times during the Class Period; (g) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Sonus's securities at various times during the Class Period; and (h) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws. Under the relevant securities laws, a claimant's recoverable damages are limited to the losses attributable to the alleged fraud or material misrepresentations or omissions. Losses resulting from factors other than the alleged fraud or material misrepresentations or omissions are not compensable under the federal securities laws.

4.     Lead Counsel believes that there was a substantial risk that Lead Plaintiff and the Class might not have been able to recover any greater amounts from the Settling Defendants to satisfy the claims asserted in the Class Action, considering the defenses asserted, or that could be asserted, to the claims. Absent the Settlement, Lead Plaintiff could have recovered nothing or substantially less than the settlement amount herein described.

5.     The Settling Defendants deny that they are liable to the Lead Plaintiff or the Class and deny that Lead Plaintiff or the Class has suffered any damages, but desire to terminate the litigation in order to avoid the costs and uncertainty of litigation.

## IV.

### STATEMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES SOUGHT

6.     Lead Counsel intends to apply for fees of 25% of the total amount recovered pursuant to the Settlement described herein, or an average of $0.04 per damaged share. Lead Counsel has expended considerable time and effort in the prosecution of this litigation on a

the indicated average recovery is for the total of all purchasers of that share.

contingent fee basis, and has advanced the expenses of the litigation, in the expectation that if it were successful in obtaining a recovery for the Class, then it would be compensated for its efforts from such recoveries. In this type of litigation, it is customary for counsel to be awarded as their attorneys' fees a percentage of the common fund their efforts have created. Lead Counsel is also seeking reimbursement of expenses not to exceed $600,000 incurred in this litigation from its inception in April 2004 through December 21, 2007.

### V.

### **REASONS FOR THE SETTLEMENT**

7.      The principal reason for the Settlement is the immediate substantial cash benefit to be provided to Class Members. This benefit must be compared to the risk that no recovery might be achieved from the Settling Defendants if litigation continued, the significant delay in any recovery that could have arisen from continued litigation and the possibility that some or all of the Settling Defendants might ultimately be found not liable to Lead Plaintiff or the Class.

### VI.

### **BACKGROUND OF THE LITIGATION**

8.      Sonus at all relevant times was a publicly traded company headquartered in Massachusetts, that developed and marketed voice infrastructure solutions for wireline and wireless service providers, and whose stock was traded on NASDAQ.

9.      Beginning in February 2004, class action complaints alleging violations of the federal securities laws were filed in the Court against Sonus and certain of its current and former officers and directors. The class actions were consolidated pursuant to an Order of the Court entered on June 28, 2004. By Order dated August 10, 2004, the Court appointed BPI Global Asset Management LLP ("BPI Global") as the Lead Plaintiff pursuant to the Private Securities

Litigation Reform Act of 1995. The Court further appointed the law firm of Gold Bennett Cera & Sidener LLP as Lead Counsel.

10.    On August 5, 2005, Lead Plaintiff filed a First Amended Consolidated Class Action Complaint For Violations Of The Federal Securities Laws (the "Complaint"). The Complaint generally alleges that Settling Defendants disseminated a series of materially false and misleading statements during the Class Period which caused Sonus securities to trade at artificially inflated prices, thereby causing damage to purchasers of Sonus securities upon the announcement by Sonus on March 26, 2004 that certain previously issued financial statements could not be relied upon.

11.    The Settling Defendants deny all averments of wrongdoing or liability in the Class Action and all other accusations of wrongdoing or violations of law, and have asserted numerous defenses to the claims alleged. The Settlement is not and shall not be construed or be deemed to be evidence or an admission or a concession on the part of the Settling Defendants of any fault or liability or damages whatsoever, and they do not concede any infirmity in the defenses which they have asserted or could have asserted in the Class Action.

12.    The Court, by a sixty-six (66) page Memorandum and Order dated May 10, 2006, granted in part and denied in part motions to dismiss filed by the Settling Defendants. Specifically, the Court dismissed the claims against all defendants arising under Section 12(a)(2) of the Securities Act of 1933 and further dismissed the claims against defendants Ahmed and Nill arising under Section 10(b) of the Securities Exchange Act of 1934 and Section 11 of the Securities Act of 1933. The Court allowed the Section 10(b) and Section 11 claims to proceed against Sonus, and allowed statutory "control person" claims to proceed against defendants Ahmed and Nill.

#118551                                                                                              6

13.    The Court, by a twenty-six (26) page Memorandum and Order dated September

25, 2007, granted Lead Plaintiff's motion to certify a plaintiff class. Specifically, the Court

certified BPI Global, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure,

as the representative of a class consisting of all persons and entities who purchased the common

stock of Sonus Networks, Inc. during the period from March 28, 2002 through March 26, 2004.

The Court also certified BPI Global as the representative of a subclass consisting of all persons

and entities who purchased Sonus shares pursuant to a Prospectus Supplement dated September

23, 2003. In the same Memorandum and Order, the Court denied Settling Defendants' motion

for reconsideration of the Court's May 10, 2006 Memorandum and Order resolving Settling

Defendants' motions to dismiss based on new Supreme Court authority.

## VII.

## BACKGROUND TO THE SETTLEMENT

14.    Lead Counsel has conducted an investigation relating to the claims and the

underlying events and transactions alleged in the Complaint. Lead Counsel has examined all

relevant filings by Sonus with the U.S. Securities and Exchange Commission before, during and

after the Class Period. Further, Lead Counsel was able to obtain access to Sonus's business

records during the relevant period, as well as to the records of certain third parties, including

those of Sonus's independent public accountant at the relevant times. Lead Counsel has

analyzed the evidence adduced during this factual investigation and has researched the applicable

law with respect to the claims of Lead Plaintiff and the Class against the Settling Defendants,

and the potential defenses thereto. Prior to entering into the Settlement described herein, Lead

Counsel conducted an extensive investigation of Lead Plaintiff's claims, including the analysis

of hundreds of thousands of documents and e-mails produced by Sonus and third parties. Based

#118551                                                                                                    7

on the evidence and the risks of continued litigation, Lead Counsel believes that the Settlement represents a significant and highly beneficial recovery for Class Members.

15.    Lead Plaintiff, through Lead Counsel, has conducted discussions and arm's length negotiations with counsel for the Settling Defendants regarding a compromise and settlement of the Class Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class Members. The parties were assisted in these efforts by a professional mediator who conducted a settlement mediation which led to the proposed Settlement.

16.    Lead Plaintiff and the Settling Defendants realize that the continued litigation of the claims would entail substantial effort and expense and believe that the claims in the Class Action as against the Settling Defendants are best settled as set forth herein.

17.    No determination has been made by the Court as to the liability of any Settling Defendant or the amount, if any, of damages suffered by the Class, nor the proper measure of any such damages. The Settlement provides an immediate and substantial cash benefit for Class Members and avoids the risk that liability or damages might not have been proven against the Settling Defendants at trial, or that if liability and damages were proven against them, that any ensuing judgment might have been reversed on appeal or might otherwise not have been collectible.

18.    NO DETERMINATION HAS BEEN MADE ON THE MERITS OF LEAD PLAINTIFF'S CLAIMS AGAINST THE SETTLING DEFENDANTS, OR THE DEFENSES THERETO. ALTHOUGH THE COURT HAS MADE CERTAIN RULINGS ON LEAD PLAINTIFF'S CLAIMS, AS DESCRIBED IN PARAGRAPHS 12 AND 13 ABOVE, THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING

#118551                                                                            8

OF VIOLATION OF THE LAW OR THAT RECOVERY COULD BE HAD IN ANY
AMOUNT IF THE ACTION WERE NOT SETTLED.

## VIII.

## DEFINITIONS

19.     "Ahmed" means defendant Hassan M. Ahmed.

20.     "Authorized Claimant" means any Class Member whose Claim for recovery is
allowed pursuant to the terms of the Stipulation of Settlement and the Plan of Allocation of
Settlement Proceeds.

21.     "Claim" means the submission to be made by or on behalf of Class Members, on
the Proof of Claim and Release form, which is enclosed herewith.

22.     "Class" means a class consisting of all Persons (as defined herein) (including
Lead Plaintiff) who purchased or otherwise acquired Sonus common stock from March 28, 2002
through March 26, 2004 (the "Class Period") and who were allegedly damaged thereby, and
includes a "Subclass" consisting of all Persons who acquired shares of registered common stock
pursuant to a registered offering made through a Prospectus Supplement dated September 23,
2003, and who were allegedly damaged thereby. Excluded from the Class are: (i) all defendants
in the Class Action; (ii) all members of the immediate families (parents, spouses, siblings and
children) of such defendants, (iii) any entity affiliated with any defendant in the Class Action or
with any member of the immediate family of such defendant, including without limitation any
entity in which any such defendant or any member of the immediate family of such defendant
has a controlling interest, (iv) the officers, directors, parents, subsidiaries and affiliates of Sonus,
and (v) the legal representatives, heirs, successors in interest and assigns of any of the foregoing.

23.     "Class Members" means all Persons who are members of the Class.

24.     "Effective Date" means the date when an Order entered by the Court approving
the Settlement shall become final and not subject to appeal or to review by writ of certiorari.

25.     "Excluded Class Members" means those Class Members who validly request
exclusion from the Settlement in accordance with the requirements for requesting exclusion set
forth in this Notice.

26.     "Lead Counsel" means Gold Bennett Cera & Sidener LLP.

27.     "Lead Plaintiff" means BPI Global Asset Management LLP.

28.     "Net Settlement Fund" means the Settlement Fund less any costs, expenses,
reserves, taxes, or attorneys fees and expenses paid therefrom (as authorized by the Stipulation or
by orders of the Court).

29.     "Nill" means defendant Stephen J. Nill.

30.     "Person" means an individual or entity, including any corporation (and any
division or subsidiary thereof), partnership, limited partnership, association, joint stock company,
estate, legal representative, trust, unincorporated association, or government or any political
subdivision or agency thereof, or other type of legal entity and their heirs, agents, executors,
administrators, predecessors, successors or assigns, and their personal representatives, all in their
capacities as such.

31.     "Plan of Allocation of Settlement Proceeds" means the plan, proposed by Lead
Plaintiff and described in Section XI hereof, for the allocation and distribution of the Settlement
Fund to Authorized Claimants.

32.     "Released Persons" means each and all of the Settling Defendants and their past,
present or future subsidiaries, parents, affiliates, successors and predecessors, assigns, acquirers,
divisions, representatives, heirs, officers, directors, shareholders, agents, employees, attorneys,

#118551                                                                                          10

auditors, accountants, underwriters, advisers, insurers, co-insurers, and re-insurers, consultants, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest or which is related to or affiliated with any of the Settling Defendants, and the legal representatives, heirs, predecessors, successors in interest or assigns of the Settling Defendants and/or any members of the immediate family of any Settling Defendant, including, without limitation, National Union Fire Insurance Co. of Pittsburgh, PA ("National Union"), and its past or present subsidiaries, parents, affiliates, successors and predecessors, reinsurers, officers, directors, agents, employees, attorneys, legal representatives, successors in interest or assigns.

33.    "Settled Claims" means any and all direct, individual, or class claims (including Unknown Claims, as defined in the Stipulation), debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief, monetary, injunctive, or otherwise), whether based on federal, state, local, foreign, international, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown, pleaded or unpleaded, suspected or unsuspected claims, (i) that have been asserted in this Action by the Lead Plaintiff, Class Members or any of them against any of the Released Persons, or (ii) that could have been, were, or could in the future be, asserted in any forum by the Lead Plaintiff, Class Members or any of them against any of the Released Persons in connection with, based upon, related to or arising out of in any way the claims, allegations, acts, transactions, facts, events, matters or occurrences, disclosures, representations or omissions,

#118551                                                                                11

involved, described, set forth, or referred to in the Class Action and/or the Complaint; (iii) arising out of, based upon, or related in any way to the subject matters, claims, allegations, acts, transactions, facts, events, matters or occurrences, disclosures, representations or omissions involved, described, set forth, or referred to in the Class Action and/or the Complaint, or (iv) that arise out of (v) or relate in any way to the defense or settlement of this Action (except for claims to enforce this Settlement).

34. "Settlement" refers to the agreement to settle the claims in the Class Action as set forth in the Stipulation.

35. "Settlement Fund" means all funds deposited by or on behalf of Settling Defendants into the escrow account established for this Settlement.

36. "Settling Defendants" means, collectively, Sonus Networks, Inc., Hassan M. Ahmed, and Stephen J. Nill.

37. "Stipulation" means the Stipulation and Agreement of Settlement entered into by the parties, dated December 21, 2007.

## IX.

## TERMS OF THE PROPOSED SETTLEMENT

38. In full and complete resolution of the Settled Claims, and subject to the terms and conditions of the Settlement, which is on file with the Court and available for inspection, Sonus and/or its insurers will pay into escrow $40,000,000, which will accrue interest for the benefit of the Class pending distribution. $25,000,000 of this amount was deposited on November 19, 2007 and the remaining $15,000,000 is to be deposited within ten (10) business days of the Court's preliminary approval of the Settlement.

39.     If the Settlement is approved by the Court, the Settled Claims will be dismissed

on the merits and with prejudice as to all Class Members and all Class Members shall be forever

barred from prosecuting the Class Action or any other action in any forum raising any Settled

Claims against the Settling Defendants.

40.     The Settlement will become effective upon the Effective Date (as defined in the

Stipulation), subject to the terms of the parties' Settlement.

## X.

### NOTICE OF SETTLEMENT FAIRNESS HEARING

41.     NOTICE IS HEREBY GIVEN, pursuant to Federal Rule of Civil Procedure 23

and an Order of the Court dated _____, 2008, that a hearing will be held before the

Honorable Douglas P. Woodlock, in the United States District Court for the District of

Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Courtroom No. 1,

Boston, Massachusetts 02210, at 2:30 p.m., on March 31, 2008 (the "Settlement Fairness

Hearing") to determine whether the Settlement should be approved as fair, reasonable and

adequate, to consider the proposed Plan of Allocation of Settlement Proceeds, and to consider the

application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses.

## XI.

### PLAN OF ALLOCATION OF SETTLEMENT
### PROCEEDS AMONG CLASS MEMBERS

42.     The Net Settlement Fund shall be distributed to members of the Class who file

acceptable Proofs of Claim ("Authorized Claimants") in accordance with Section XIII hereof.

43.     Each Authorized Claimant shall receive, on a pro rata basis, that share of the

Settlement Fund that the Authorized Claimant's "Recognized Loss" bears to the total

Recognized Losses of all Authorized Claimants. An Authorized Claimant's "Recognized Loss"

shall be calculated as follows:

a.    I. **Sonus Shares Purchased in the September 23, 2003 Secondary Offering**

The claim for shares purchased in connection with the September
Secondary Offering, *i.e.*, shares that were issued pursuant to the
Prospectus Supplement dated September 23, 2003, will be
calculated as follows.

For shares of Sonus common stock *purchased in the September
23, 2003 secondary offering*, and:

a) sold prior to January 21, 2004, the claim per share is equal to $0;
b) sold on January 21, 2004 through March 26, 2004, the claim per
share is equal to 1.5 times the difference between: i) the public
offer price of $7.75 per share, less ii) the sales price per share;
c) retained at the end of March 26, 2004, the claim per share is
equal to $5.75 per share (1.5 times the public offer price of $7.75
per share less the 3/29/2004 closing price of $3.92 per share.

**II. All other Sonus Shares Purchased from March 28, 2002
through March 26, 2004 excluding shares purchased in the
September 23, 2003 Secondary Offering**

The claim for all other shares purchased from March 28, 2002
through March 26, 2004 (excluding shares purchased in the
September 23, 2003 Secondary Offering), is calculated based on
the amount of artificial inflation in the stock price, limited by the
difference between the purchase price per share less the sales price
per share.

Artificial inflation is the difference between the purchase or sales
price of Sonus common stock during the Class Period and its true
value. Sonus true value line, *i.e.*, price at which Sonus stock would
have traded absent the alleged fraud, is calculated based on Sonus
actual returns for non fraud-related event days, and Sonus
predicted return for fraud-related event days. Based on plaintiffs'
event analysis, the artificial inflation during the Class Period was:

3/28/2002-7/10/2003 - inflation 27% of purchase price
7/11/2003-10/8/2003 - inflation 41% of purchase price
10/9/2003-1/20/2004 - inflation 43% of purchase price
1/21/2004-2/10/2004 - inflation 38% of purchase price
2/11/2004 - inflation 31% of purchase price

2/12/2004-3/26/2004 - inflation 16% of purchase price

A.     For shares of Sonus common stock *purchased from March 28, 2002 through July 10, 2003*, and:

a) sold prior to February 12, 2004, the claim per share is equal to $0;
b) sold from February 12, 2004 through March 26, 2004, the claim per share is equal to the difference between: i) 27 percent of the purchase price per share, less ii) 16 percent of the sales price per share;
c) retained at the end of March 26, 2004, the claim per share is equal to the lesser of: i) 27 percent of the purchase price per share, or ii) the purchase price per share less $3.92 per share (3/29/2004 closing price).

B.     For shares of Sonus common stock *purchased from July 11, 2003 through October 8, 2003*, and:

a) sold prior to January 21, 2004, the claim per share is equal to $0;
b) sold on January 21, 2004 through February 10, 2004, the claim per share is equal to the difference between: i) 41 percent of the purchase price per share, less ii) 38 percent of the sales price per share;
c) sold on February 11, 2004, the claim per share is equal to the difference between: i) 41 percent of the purchase price per share, less ii) 31 percent of the sales price per share;
d) sold on February 12, 2004 through March 26, 2004, the claim per share is equal to the difference between: i) 41 percent of the purchase price per share, less ii) 16 percent of the sales price per share;
e) retained at the end of March 26, 2004, the claim per share is equal to the lesser of: i) 41 percent of the purchase price per share, or ii) the purchase price per share less $3.92 per share (3/29/2004 closing price).

C.     For shares of Sonus common stock *purchased from October 9, 2003 through January 20, 2004*, and:

a) sold prior to January 21, 2004, the claim per share is equal to $0;
b) sold on January 21, 2004 through February 10, 2004, the claim per share is equal to the difference between: i) 43 percent of the purchase price per share, less ii) 38 percent of the sales price per share;

c) sold on February 11, 2004, the claim per share is equal to the difference between: i) 43 percent of the purchase price per share, less ii) 31 percent of the sales price per share;

d) sold on February 12, 2004 through March 26, 2004, the claim per share is equal to the difference between: i) 43 percent of the purchase price per share, less ii) 16 percent of the sales price per share;

e) retained at the end of March 26, 2004, the claim per share is equal to the lesser of: i) 43 percent of the purchase price per share, or ii) the purchase price per share less $3.92 per share (3/29/2004 closing price).

D.    For shares of Sonus common stock *purchased from January 21, 2004 through February 10, 2004*, and:

a) sold prior to February 11, 2004, the claim per share is equal to $0;

b) sold on February 11, 2004, the claim per share is equal to the difference between: i) 38 percent of the purchase price per share, less ii) 31 percent of the sales price per share;

c) sold on February 12, 2004 through March 26, 2004, the claim per share is equal to the difference between: i) 38 percent of the purchase price per share, less ii) 16 percent of the sales price per share;

d) retained at the end of March 26, 2004, the claim per share is equal to the lesser of: i) 38 percent of the purchase price per share, or ii) the purchase price per share less $3.92 per share (3/29/2004 closing price).

E.    For shares of Sonus common stock *purchased on February 11, 2004*, and:

a) sold prior to February 12, 2004, the claim per share is equal to $0;

b) sold on February 12, 2004 through March 26, 2004, the claim per share is equal to the difference between: i) 31 percent of the purchase price per share, less ii) 16 percent of the sales price per share;

c) retained at the end of March 26, 2004, the claim per share is equal to the lesser of: i) 31 percent of the purchase price per share, or ii) the purchase price per share less $3.92 per share (3/29/2004 closing price).

F.    For shares of Sonus common stock *purchased from February 12, 2004 through March 26, 2004*, and:

> a) sold prior to March 27, 2004, the claim per share is equal to $0;
> b) retained at the end of March 26, 2004, the claim per share is
> equal to the lesser of: i) 16 percent of the purchase price per share,
> or ii) the purchase price per share less $3.92 per share (3/29/2004
> closing price).

44.    In connection with the determination of Recognized Loss the following rules shall

apply: The date of purchase or sale is the "contract' or "trade" date, as distinguished from the

"settlement" date. For purposes of computing purchase and sale prices, commissions and fees

shall not be included. Transactions in Sonus common stock shall be matched against the same

type of Sonus common stock on a "first-in, first-out" ("FIFO") basis within the Class Period, by

matching the first Sonus common stock purchased during the Class Period against the first Sonus

common stock sold during the Class Period. The Plan of Allocation may be further altered or

amended by order of the Court for good cause shown. "Short" sales shall not be recognized for

any amount of loss on the cover or purchase transaction and no Recognized Loss will be

computed for any such covering purchase transaction. In no event shall any Class Member be

entitled to greater than their statutory damages.

45.    Checks will be distributed to Authorized Claimants after all claims have been

processed and after the Court has finally approved the Settlement.

## XII.

## THE RIGHTS OF CLASS MEMBERS

46.    The Court has previously certified a Class and Subclass in this litigation by Order

dated September 25, 2007. If you purchased Sonus securities during the period from March 28,

2002 through March 26, 2004, inclusive, then you are a Class Member. Class Members have the

following options pursuant to Federal Rule of Civil Procedure 23(c)(2):

(a)    If you wish to remain a member of the Class, you do not have to do anything at this time. Class Members will be represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file an appearance on your behalf on or before March 14, 2008, and must serve copies of such appearance on the attorneys listed in paragraph 54 below.

(b)    If you do not wish to remain a member of the Class, you may exclude yourself from the Class by following the instructions in paragraph 52 below. Persons who exclude themselves from the Class will NOT be entitled to receive any share of the Settlement proceeds and will not be bound by the Settlement.

(c)    If you object to the Settlement or any of its terms, or to Lead Counsel's application for fees or expenses, or the proposed Plan of Allocation of Settlement Proceeds, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in paragraph 54 below.

47.    IF YOU ARE A CLASS MEMBER AND YOU DO NOT PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING RELEASES, AND THE FINAL JUDGMENT OF THE COURT DISMISSING THIS ACTION AGAINST THE SETTLING DEFENDANTS AND WILL BE ENTITLED TO SUBMIT A CLAIM. IF YOU EXCLUDE YOURSELF, YOU WILL NOT BE BOUND BY THE JUDGMENT BUT YOU WILL NOT BE ENTITLED TO ANY SHARE OF THE NET SETTLEMENT FUND.

#118551

18

## XIII.

## FILING AND PROCESSING OF PROOFS OF CLAIM AND RELEASES

48.     IN ORDER TO BE ELIGIBLE TO RECEIVE ANY DISTRIBUTION FROM

THE NET SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN THE ATTACHED

PROOF OF CLAIM AND RELEASE FORM AND SEND IT BY PREPAID FIRST CLASS

MAIL POSTMARKED ON OR BEFORE APRIL 30, 2008, ADDRESSED AS FOLLOWS:

> *In re Sonus Networks, Inc. Securities Litigation*
> c/o Gilardi & Co. LLC
> Claims Administrator
> Post Office Box 8040
> San Rafael, CA 94912-8040

49.     IF YOU DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE

FORM, YOU WILL NOT BE ENTITLED TO ANY SHARE OF THE NET SETTLEMENT

FUND.

50.     All Proofs of Claim and Releases must be submitted by the date specified in this

Notice unless such period is extended by Order of the Court.

51.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

with respect to his, her or its claim.

## XIV.

## EXCLUSION FROM THE SETTLEMENT

52.     Each Member of the Class shall be bound by all determinations and judgments in

the Class Action concerning the Settlement, whether favorable or unfavorable, unless such

Person shall mail, by first class mail, a written request for exclusion from the Class, postmarked

no later than March 14, 2008, addressed to *In re Sonus Networks, Inc. Securities Litigation*

*Exclusions*, c/o Gilardi & Co. LLC, Claims Administrator, Post Office Box 8040, San Rafael,

CA 94912-8040. No Person may be excluded from the Class after that date. In order to be valid, each such request for exclusion must set forth the name, address, and telephone number of the Person requesting exclusion, must state that such Person "requests exclusion from the Class in *In re Sonus Networks, Inc. Securities Litigation*," and must be signed by such Person. Persons requesting exclusion must also provide: (1) for each purchase of Sonus stock during the Class Period, the date of the purchase, the purchase price, and the number of shares purchased; and (2) for every sale of Sonus stock during the Class Period, the date of the sale, the sale price, and the number of shares sold. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

## XV.

## RIGHTS IN CONNECTION WITH SETTLEMENT FAIRNESS HEARING

53.    At the Settlement Fairness Hearing, the Court will determine whether to finally approve the Settlement and dismiss the Class Action and the claims of the Class Members as against the Settling Defendants. If the Settlement is approved, additional hearings may be held to determine whether the proposed Plan of Allocation of Settlement Proceeds and the application of Lead Counsel for attorneys' fees and expenses shall be approved. These hearings may be adjourned from time to time by the Court without further written notice to Class Members.

54.    At the Settlement Fairness Hearing, any Class Member who has not properly submitted a Request for Exclusion from the Class may appear in person or by counsel and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation of Settlement Proceeds, or the application for attorneys' fees and reimbursement of expenses; provided, however, that in no

event shall any person be heard in opposition thereto and in no event shall any paper or brief submitted by any such person be accepted or considered by the Court, unless, on or before March 14, 2008, such person (a) files with the Clerk of the Court notice of such person's intention to appear, showing proof of such person's membership in the Class, and providing a statement that indicates the basis for such opposition, along with any documentation in support of such objection, and (b) simultaneously serves copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such person files with the Court, in person or by mail upon each of the following: Solomon B. Cera, Esq., Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105-2835 (on behalf of Lead Plaintiff); James W. Prendergast, Esq., of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109 (on behalf of Sonus Networks, Inc.); John R. Baraniak, Jr., Esq., of Choate, Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (on behalf of Hassan M. Ahmed); and Matthew J. Matule, Esq., of Skadden, Arps, Slate, Meagher & Flom LLP, One Beacon Street, Boston, Massachusetts 02108 (on behalf of Stephen J. Nill).

## XVI.

### FURTHER INFORMATION

55.     For a more detailed statement of the matters involved in the Class Action, refer to the pleadings, to the Stipulation of Settlement, to all orders entered by the Court and to the other papers filed in the Class Action, which may be inspected at the Office of the Clerk of the Court, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, during regular business hours.

56.     Further information regarding the Settlement referred to in this Notice may also
be obtained by contacting Lead Plaintiff's Counsel: Solomon B. Cera, Esq., Gold Bennett Cera
& Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105, (415) 777-2230.

## XVII.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

57.     If you purchased securities of Sonus Networks, Inc. during the period from March
28, 2002 through March 26, 2004, inclusive for the beneficial interest of a person or organization
other than yourself, the Court has directed that, within seven days of your receipt of this Notice,
you either (a) provide to the Claims Administrator the name and last known address of each
person or organization for whom or which you purchased or acquired such Sonus securities
during such time period or (b) request additional copies of this Notice, which will be provided to
you free of charge, and within seven days mail the Notice directly to the beneficial owners of
Sonus securities. If you choose to follow alternative procedure (b), the Court has directed that,
upon such mailing, you send a statement to the Claims Administrator confirming that the mailing
was made as directed. You are entitled to reimbursement from the Settlement Fund of your
reasonable expenses actually incurred in connection with the foregoing, including reimbursement
of postage expense and the cost of ascertaining the names and addresses of beneficial owners.
Those expenses will be paid upon request and submission of appropriate supporting
documentation. All communications concerning the foregoing should be addressed to the
Claims Administrator:

> *In re Sonus Networks, Inc. Securities Litigation*
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040
> (800) 447-7657
> www.gilardi.com

DO NOT CONTACT THE COURT.

Dated:_____, 2008    By Order of the Court
                                    Clerk of the Court