UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SONUS NETWORKS, INC. SECURITIES LITIGATION | ) Civil Action No. 04-10294-DPW<br>) (Lead Case)<br>)<br>) |
| THIS DOCUMENT RELATES TO: ALL CASES | )<br>)<br>)<br>)<br>) |

### [REVISED PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, multiple consolidated class actions are pending in this Court against Defendants as captioned above; and are collectively referred to herein as the "Class Action";

WHEREAS, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), by Order dated September 25, 2007, this Court certified the above-captioned action to proceed as a class action, with Gold Bennett Cera & Sidener LLP as Lead Counsel; and

WHEREAS by Stipulation and Agreement of Settlement dated as of December 21, 2007 (the "Stipulation"), Lead Plaintiff and Defendants Sonus Networks, Inc., Hassan M. Ahmed, and Stephen J. Nill entered into a proposed settlement of the Class Action; and

WHEREAS by the Preliminarily Order in Connection with Settlement Proceedings, dated January 18, 2008 (the "Preliminary Approval Order"), this Court preliminarily approved the Settlement and directed that notice thereof be given to Class Members in advance of a final settlement approval hearing; and

WHEREAS, such notice of the final settlement approval hearing was mailed to all reasonably identifiable persons or entities in the Class and that a Summary Notice of the final settlement approval hearing was published in *The Wall Street Journal* pursuant to the specifications of the Court;

WHEREAS on March 31, 2008, this Court held a final hearing to consider whether to approve the Settlement under Federal Rule of Civil Procedure 23(e), after due and adequate notice of said hearing was given to Class Members as well as to all parties in the Class Action; and

WHEREAS the Court has considered the Stipulation, the information provided to the Court before and at the final settlement hearing, all papers filed and proceedings had herein and all oral and written comments received regarding the Settlement, and has reviewed and considered the entire record in the Class Action, and otherwise being fully informed in the premises and good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.  This Judgment incorporates by reference the definitions in the Stipulation other than "Settled Claims," which is defined below, and all other terms used herein shall have the same meanings as set forth in the Stipulation.

2.  The Court has jurisdiction over the subject matter of the Class Action, and personal jurisdiction over the Lead Plaintiff, all Class Members, and each of the Settling Defendants.

3.  Notice of the pendency of this action as a class action and of the proposed settlement was given to all Class Members who could be identified with reasonable effort. The

form and method of notifying the Class Members of the pendency of this action as a class action and of the Settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. 78u-4(1)(7), and due process, and constitutes the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

4. Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Class, and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

5. The First Amended Class Action Complaint and all other complaints comprising the Class Action are hereby dismissed with prejudice and without costs as against the Settling Defendants.

6. Members of the Class and their respective predecessors, affiliates, heirs, agents, executors, administrators, attorneys, successors and assigns and any persons they represent, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any of the Settled Claims against the Settling Defendants. "Settled Claims" means any and all direct, individual, or class claims (including, without limitation, any Unknown Claims), debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief, monetary, injunctive, or otherwise), whether based on federal, state, local, foreign, international, statutory or common law or any other law, rule or regulation, whether

fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown, pleaded or unpleaded, suspected or unsuspected claims, (i) that arise from the purchase or other acquisition of Sonus stock during the Class Period and have been asserted in this Action by the Lead Plaintiff, Class Members or any of them against any of the Released Persons, or (ii) that arise from the purchase or other acquisition of Sonus stock during the Class Period and could have been, were, or could in the future be, asserted in any forum by the Lead Plaintiff, Class Members or any of them against any of the Released Persons in connection with, based upon, related to, or arising out of in any way the claims, allegations, acts, transactions, facts, events, matters or occurrences, disclosures, representations or omissions involved, described, set forth, or referred to in the Class Action and/or the Complaint; (iii) that arise from the purchase or other acquisition of Sonus stock during the Class Period and are based upon, related to, or arising out of in any way the subject matters, claims, allegations, acts, transactions, facts, events, matters or occurrences, disclosures, representations or omissions involved, described, set forth, or referred to in the Class Action and/or the Complaint, or (iv) that arise out of (v) or relate in any way to the defense or settlement of this Action (except for claims to enforce this Settlement). On behalf of Lead Plaintiff and each Class Member (other than those listed on Exhibit 1 hereto who have validly excluded themselves from this Class Action), the Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Settling Defendants on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

7.  The Settling Defendants, and each of their successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or

in any other capacity, any and all claims relating to the institution or prosecution of the Class Action (the "Settled Defendants' Claims") against any of the Lead Plaintiff, Class Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

8. Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Settling Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Settling Defendants with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted in the Class Action or in any litigation or other proceeding, or the deficiency of any defense that has been or could have been asserted in the Class Action or in any litigation or other proceeding, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or document written, signed, approved or made by them or against the Lead Plaintiff and the Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the Class Members;

(c) offered or received against the Settling Defendants or against the Lead Plaintiff and the Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other

reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Settling Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Settling Defendants or the Lead Plaintiff and the Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class Members that any of their claims are without merit or that damages recoverable pursuant to the Complaint would not have exceeded the amount paid by the Settling Defendants in settlement.

9. The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiff's Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

10. Plaintiff's Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund (plus interest at the same rate as earned by the Settlement Fund from the date of deposit). Plaintiff's Counsel is hereby awarded $383,790.94 in reimbursement of expenses, to be paid from the Settlement Fund (plus interest thereon at the same rate as earned by the Settlement Fund from the date of deposit). The Court finds that Plaintiff's Counsel's request for attorneys' fees and reimbursement of expenses is reasonable, and that the request is supported by the relevant factors, which have been considered by the Court.

11. The Court finds that Lead Plaintiff and the Settling Defendants and their respective counsel have complied with each requirement of Federal Rule of Civil Procedure 11 as to all proceedings herein.

12. If the Settlement does not become final in accordance with the terms of the Stipulation, then this Final Judgment and Order of Dismissal with Prejudice and all orders entered in connection therewith shall be rendered null and void and shall be vacated. However, any appeal of the Plan of Allocation or the attorneys' fees or costs and expenses shall not prevent the Settlement from becoming effective.

13. This judgment constitutes the final discharge of all obligations of Settling Defendants to the Class arising out of the Class Action. The terms of Settlement and this Final Judgment and Order of Dismissal with Prejudice shall be forever binding on the Lead Plaintiff and members of the Class and shall have res judicata and other preclusive effect in all pending and future claims, litigation or other proceedings maintained by or on behalf of the Lead Plaintiff or any Class Member to the extent those claims, litigation or other proceedings involve or arise from, directly or indirectly, any of the Settled Claims.

14. Exclusive jurisdiction is hereby retained over the parties to the Class Action and the Class Members (whether or not such Class Member submits a claim, becomes an Authorized Claimant or receives a distribution from the Settlement Fund) for all matters relating to this Class Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     Plaintiff's Counsel is authorized to direct the distribution of the Net Settlement Fund as soon as reasonably practicable following the occurrence of the Effective Date and the resolution of any appeal based solely on the Plan of Allocation or attorneys' fees, costs or expenses.

**IT IS SO ORDERED.**

Dated:_____, 2008         _____
                                        Douglas P. Woodlock
                                        United States District Judge

# Exhibit 1 to Final Judgment

## *In re Sonus Networks, Inc., Securities Litigation*

Class Members Requesting Exclusion

William H. Lynn

Mr. and Mrs. Jon Kayyem

Cindy A. Poirer

David B. Rees

Rocky Lynn Valentine

#118837